# No. 26-11527

# United States Court of Appeals
*for the*
# Eleventh Circuit

GOOD SAMARITAN MEDICAL CENTER, INC., ET AL.,

*Plaintiffs-Appellees,*

v.

THE LEAPFROG GROUP,

*Defendant-Appellant.*

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA,
NO. 25-CV-80526-MIDDLEBROOKS

## Defendant-Appellant The Leapfrog Group's Appendix, Volume 3

JASON D. STERNBERG
DAVID A. NABORS
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
2601 Bayshore Drive, Suite 1550
Miami, Florida 33133
(305) 402-4880
jasonsternberg@quinnemanuel.com
davidnabors@quinnemanuel.com

DEREK L. SHAFFER
*Counsel of Record*
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
555 SW 13th Street NW
Washington, D.C. 20004
(202) 538-8000
derekshaffer@quinnemanuel.com

*Counsel for The Leapfrog Group*

September 17, 2026

## INDEX OF APPENDIX


| | Docket/ Tab No. | Page No. |
|---|---|---|
| Exhibit A to Affidavit of Sydney Scott ISO The Community Hospitals Verified Mtn for Atty Fees & Costs | 226-1 | A0002141 |
| Leapfrog's Reply in Support of its Motion for Reconsideration | 228 | A0002779 |
| The Community Hospitals' Response in Opposition to Leapfrog's Expedited Rule 7.1(d) Motion | 231 | A0002796 |
| Exhibit A to The Community Hospitals' Response in Opposition to Leapfrog's Expedited Rule 7.1(d) Motion | 231-1 | A0002813 |
| Leapfrog's Reply in Further Support of Expedited Motion | 232 | A0002832 |
| Leapfrog's Response in Opposition to Plaintiff's Motion for Attorneys' Fees and Costs | 233 | A0002850 |
| Declaration of Expert Report of Paul R. Regensdorf | 233-1 | A0002878 |
| Declaration of Kimberly Blair | 233-2 | A0002926 |
| Order on Motion for Reconsideration | 234 | A0002931 |
| Order on Plaintiffs' Motion for Attorneys' Fees | 235 | A0002936 |

Dated: September 17, 2026

Respectfully submitted,

*/s/ Derek L. Shaffer*

JASON D. STERNBERG
DAVID A. NABORS
QUINN EMANUEL URQUHART & SULLIVAN, LLP
2601 Bayshore Drive, Suite 1550
Miami, Florida 33133
(305) 402-4880
jasonsternberg@quinnemanuel.com
davidnabors@quinnemanuel.com

DEREK L. SHAFFER
*Counsel of Record*
QUINN EMANUEL URQUHART & SULLIVAN, LLP
555 SW 13th Street NW
Washington, D.C. 20004
(202) 538-8000
derekshaffer@quinnemanuel.com

*Counsel for The Leapfrog Group*

## CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2026, the foregoing was filed electronically with the Clerk of the Court using the Court's CM/ECF system. Service will be effectuated to all parties and counsel of record in this matter who are registered with the Court's CM/ECF system.

Dated: September 17, 2026

*/s/ Derek L. Shaffer*
Derek L. Shaffer

# EXHIBIT A

**GIBSON, DUNN & CRUTCHER LLP**
**200 Park Avenue**
**New York, New York 10166-0193**

**Federal Taxpayer ID** [redacted]

**August 26, 2025**

**Invoice No. 2025035248**

Ms. Nancy Troncalli
Legal Department Cost Control
Tenet HealthSystem
13737 Noel Road
Suite 100
Dallas, TX 75240

**For Services Rendered and Costs/Charges Advanced Through December 31, 2024**

| | | Services Rendered | Costs/ Charges | Totals |
|---|---|---|---|---|
| 64230-01116 | Leapfrog Dispute | $ [redacted] | $ [redacted] | $ [redacted] |
| | **Totals** | $ [redacted] | $ [redacted] | $ [redacted] |
| | [redacted] | | | [redacted] |
| | **Current Balance Due** | | | $ [redacted] |

**Remit By Wire To:**
Wells Fargo Bank
333 South Grand Avenue
Los Angeles, CA 90071-1515
Name of account: Gibson, Dunn & Crutcher LLP
Account No: [redacted]
ABA No: 121000248
Attn: Treasury Department
*Please include the client number and the proper attorney to notify in the wire instructions.*

**Remit By Mail To:**
Gibson, Dunn & Crutcher LLP
PO Box 840723
Los Angeles, CA 90084-0723

Please enclose the remittance copy of this invoice with your payment in the enclosed Reply Envelope to ensure proper credit.

Please note that payments received after the invoice date are not reflected.
For assistance with your account, please contact us at 213-229-7333 or cbilling@gibsondunn.com.

**Invoice Date: August 26, 2025** **Invoice No. 2025035248**

**Due and Payable Upon Receipt**

**GIBSON, DUNN & CRUTCHER LLP**
**200 Park Avenue**
**New York, New York 10166-0193**

**Federal Taxpayer ID [redacted]**

**August 26, 2025**

**Invoice No. 2025035248**

**<u>REMITTANCE COPY</u>**

**To ensure proper crediting, please send this copy in the enclosed envelope.**

Ms. Nancy Troncalli
Legal Department Cost Control
Tenet HealthSystem
13737 Noel Road
Suite 100
Dallas, TX 75240

**For Services Rendered and Costs/Charges Advanced Through December 31, 2024**

| | | Services Rendered | Costs/ Charges | Totals |
|---|---|---|---|---|
| 64230-01116 | Leapfrog Dispute | $ [redacted] | $ [redacted] | $ [redacted] |
| | **Totals** | $ [redacted] | $ [redacted] | $ [redacted] |
| | [redacted] | | | [redacted] |
| | **Current Balance Due** | | | $ [redacted] |

**<u>Remit By Wire To:</u>**
Wells Fargo Bank
333 South Grand Avenue
Los Angeles, CA 90071-1515
Name of account: Gibson, Dunn & Crutcher LLP
Account No: [redacted]
ABA No: 121000248
Attn: Treasury Department
*Please include the client number and the proper attorney to notify in the wire instructions.*

**<u>Remit By Mail To:</u>**
Gibson, Dunn & Crutcher LLP
PO Box 840723
Los Angeles, CA 90084-0723

Please enclose the remittance copy of this invoice with your payment in the enclosed Reply Envelope to ensure proper credit.

Please note that payments received after the invoice date are not reflected.
For assistance with your account, please contact us at 213-229-7333 or cbilling@gibsondunn.com.

**Invoice Date: August 26, 2025** **Invoice No. 2025035248**

**Due and Payable Upon Receipt**

Ms. Nancy Troncalli
Legal Department Cost Control
Tenet HealthSystem
13737 Noel Road
Suite 100
Dallas, TX 75240

LEAPFROG DISPUTE
64230-01116

---

For Legal Services Rendered Through December 31, 2024 $ [redacted]

| NAME | HOURS | RATE |
|---|---|---|
| ORIN SNYDER | [redacted] | $1,920.0 |
| MARY BETH MALONEY | | 1,805.0 |
| BETTY X. YANG | | 1,515.0 |
| EMILY A. CARDONE | | 1,150.0 |
| ERIN E. KURINSKY | | 375.00 |

[redacted] [redacted]

**Total Services** $ [redacted]

**BALANCE DUE** $ [redacted]

**Invoice Date: August 26, 2025** **Invoice No. 2025035248**

**Due and Payable Upon Receipt**

LEAPFROG DISPUTE
64230-01116

Detail Services:

| Date / Hours | Timekeeper | Description |
|---|---|---|
| 12/17/24 [redacted] | Yang, Betty X | [redacted] |
| 12/18/24 1.20 | Maloney, Mary Beth | CONFER WITH CLIENT RE MATTER AND DEVELOPS STRATEGY TO RESPOND TO SAME. |
| [redacted] | Yang, Betty X | [redacted] |
| 12/19/24 [redacted] | Yang, Betty X | [redacted] |
| 1.60 | Cardone, Emily A | LEGAL RESEARCH RE LEAPFROG AND DRAFT CEASE AND DESIST LETTER. |
| 12/20/24 [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Kurinsky, Erin E | [redacted] |
| 12/22/24 [redacted] | Yang, Betty X | [redacted] |

| | | |
|---|---|---|
| 12/23/24 | | |
| [redacted] | Snyder, Orin | [redacted] |
| 0.40 | Maloney, Mary Beth | REVISE DRAFT LETTER AND CONFER WITH TEAM RE SAME. |
| [redacted] | Yang, Betty X | [redacted] |
| 12/24/24 | | |
| 0.40 | Maloney, Mary Beth | CONFER WITH TEAM AND REVISE LETTER. |
| [redacted] | Yang, Betty X | [redacted] |
| 12/30/24 | | |
| 2.30 | Cardone, Emily A | LEGAL RESEARCH RE CAUSES OF ACTION. |
| 12/31/24 | | |
| 2.20 | Cardone, Emily A | LEGAL RESEARCH RE CAUSES OF ACTION AND JURISDICTION. |

**GIBSON, DUNN & CRUTCHER LLP**
**200 Park Avenue**
**New York, New York 10166-0193**

**Federal Taxpayer ID** [redacted]

**March 28, 2025**

**Invoice No. 2025035249**

Ms. Nancy Troncalli
Legal Department Cost Control
Tenet HealthSystem
13737 Noel Road
Suite 100
Dallas, TX 75240

**For Services Rendered and Costs/Charges Advanced Through January 31, 2025**

| | | Services Rendered | Costs/ Charges | Totals |
|---|---|---|---|---|
| 64230-01116 | Leapfrog Dispute | $ [redacted] | $ [redacted] | $ [redacted] |
| | **Totals** | $ [redacted] | $ [redacted] | $ [redacted] |
| | **Current Balance Due** | | | $ [redacted] |

**Remit By Wire To:**
Wells Fargo Bank
333 South Grand Avenue
Los Angeles, CA 90071-1515
Name of account: Gibson, Dunn & Crutcher LLP
Account No: [redacted]
ABA No: 121000248
Attn: Treasury Department
*Please include the client number and the proper attorney to notify in the wire instructions.*

**Remit By Mail To:**
Gibson, Dunn & Crutcher LLP
PO Box 840723
Los Angeles, CA 90084-0723

Please enclose the remittance copy of this invoice with your payment in the enclosed Reply Envelope to ensure proper credit.

Please note that payments received after the invoice date are not reflected.
For assistance with your account, please contact us at 213-229-7333 or cbilling@gibsondunn.com.

**Invoice Date: March 28, 2025** **Invoice No. 2025035249**

**Due and Payable Upon Receipt**

**GIBSON, DUNN & CRUTCHER LLP**
**200 Park Avenue**
**New York, New York 10166-0193**

**Federal Taxpayer ID** [redacted]

**March 28, 2025**

**Invoice No. 2025035249**

**REMITTANCE COPY**

**To ensure proper crediting, please send this copy in the enclosed envelope.**

Ms. Nancy Troncalli
Legal Department Cost Control
Tenet HealthSystem
13737 Noel Road
Suite 100
Dallas, TX 75240

**For Services Rendered and Costs/Charges Advanced Through January 31, 2025**

| | | Services Rendered | Costs/ Charges | Totals |
|---|---|---|---|---|
| 64230-01116 | Leapfrog Dispute | $ [redacted] | $ [redacted] | $ [redacted] |
| | **Totals** | $ [redacted] | $ [redacted] | $ [redacted] |
| | **Current Balance Due** | | | $ [redacted] |

**Remit By Wire To:**
Wells Fargo Bank
333 South Grand Avenue
Los Angeles, CA 90071-1515
Name of account: Gibson, Dunn & Crutcher LLP
Account No: [redacted]
ABA No: 121000248
Attn: Treasury Department
*Please include the client number and the proper attorney to notify in the wire instructions.*

**Remit By Mail To:**
Gibson, Dunn & Crutcher LLP
PO Box 840723
Los Angeles, CA 90084-0723

Please enclose the remittance copy of this invoice with your payment in the enclosed Reply Envelope to ensure proper credit.

Please note that payments received after the invoice date are not reflected.
For assistance with your account, please contact us at 213-229-7333 or cbilling@gibsondunn.com.

**Invoice Date: March 28, 2025** **Invoice No. 2025035249**

**Due and Payable Upon Receipt**

Ms. Nancy Troncalli
Legal Department Cost Control
Tenet HealthSystem
13737 Noel Road
Suite 100
Dallas, TX 75240

LEAPFROG DISPUTE
64230-01116

---

For Legal Services Rendered Through January 31, 2025 $ [redacted]

| NAME | HOURS | RATE |
|---|---|---|
| ORIN SNYDER | [redacted] | $2,075.0 |
| MARY BETH MALONEY | | 1,950.0 |
| BETTY X. YANG | | 1,635.0 |
| EMILY A. CARDONE | | 1,240.0 |
| VERONICA H. ALTABEF | | 1,240.0 |
| CARLA H. JONES | | 405.00 |
| ERIN E. KURINSKY | | 405.00 |

| COSTS/CHARGES | TOTAL |
|---|---|
| ON-LINE RESEARCH (WESTLAW) | 7,983.99 |

**Total Costs/Charges** [redacted]

**Total Services, Costs/Charges** [redacted]

**BALANCE DUE** $ [redacted]

**Invoice Date: March 28, 2025** **Invoice No. 2025035249**

**Due and Payable Upon Receipt**

LEAPFROG DISPUTE
64230-01116

Detail Services:

| | | |
|---|---|---|
| 01/03/25<br>0.30 | Maloney, Mary Beth | FINALIZE LETTER RE LEAPFROG. |
| [redacted] | Cardone, Emily A | [redacted] |
| 01/08/25<br>[redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| 01/09/25<br>[redacted] | Yang, Betty X | [redacted] |

| | | |
|---|---|---|
| 01/10/25 [redacted] | Maloney, Mary Beth | [redacted] |
| [redacted] | Yang, Betty X | [redacted] |
| 01/12/25 [redacted] | Yang, Betty X | [redacted] |
| 01/13/25 0.80 | Maloney, Mary Beth | REVIEW LETTER FROM LEAPFROG, CONFER WITH TEAM RE STRATEGY IN RESPONSE TO SAME, REVISE CLIENT UPDATE. |
| [redacted] | Yang, Betty X | [redacted] |
| 0.40 | Cardone, Emily A | REVIEW AND ANALYZE RESPONSE TO CEASE AND DESIST LETTER AND DRAFT SUMMARY. |
| [redacted] | Jones, Carla H | [redacted] |
| 01/14/25 [redacted] | Snyder, Orin | [redacted] |

| | | |
|---|---|---|
| | Yang, Betty X | |
| | Cardone, Emily A | |
| | Cardone, Emily A | |
| 01/15/25<br>1.00 | Maloney, Mary Beth | CALLS WITH CLIENTS REGARDING STRATEGY AND STATUS OF MATTER AND CONFER INTERNALLY RE SAME. |
| | Yang, Betty X | |
| 1.50 | Cardone, Emily A | LEGAL RESEARCH RE CAUSES OF ACTION AGAINST LEAPFROG. |
| 01/16/25 | Yang, Betty X | |
| 2.20 | Cardone, Emily A | LEGAL RESEARCH RE LEAPFROG SURVEY, RESPONSES, FEES, AND RELATED SERVICES. |
| 1.80 | Cardone, Emily A | REVIEW AND ANALYZE NEGATIVE LEAPFROG PRESS TO IDENTIFY ISSUES WITH LEAPFROG METHODOLOGY. |
| | Altabef, Veronica H | |

| | | |
|---|---|---|
| 01/20/25<br>[redacted] | Yang, Betty X | [redacted] |
| 01/21/25<br>[redacted] | Yang, Betty X | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Altabef, Veronica H | [redacted] |
| 01/22/25<br>[redacted] | Maloney, Mary Beth | [redacted] |
| [redacted] | Yang, Betty X | [redacted] |
| 1.30 | Cardone, Emily A | LEGAL RESEARCH RE POTENTIAL CAUSES OF ACTION AND HOSPITAL SAFETY GRADES. |
| [redacted] | Altabef, Veronica H | [redacted] |
| 01/23/25<br>[redacted] | Maloney, Mary Beth | [redacted] |

| | | |
|---|---|---|
| [redacted] | Yang, Betty X | [redacted] |
| 0.80 | Cardone, Emily A | MEET WITH B. YANG AND V. ALTABEF RE POTENTIAL CAUSES OF ACTION. |
| 4.40 | Cardone, Emily A | REVIEW AND ANALYZE INVESTIGATIVE REPORT, CITED ARTICLES, AND LEAPFROG INFORMATION AND DRAFT RESPONSE TO LEAPFROG LETTER. |
| [redacted] | Altabef, Veronica H | [redacted] |
| 01/24/25 | | |
| [redacted] | Yang, Betty X | [redacted] |
| 1.40 | Cardone, Emily A | REVIEW AND REVISE CAUSES OF ACTION CHART. |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Altabef, Veronica H | [redacted] |
| 01/25/25 | | |
| 0.70 | Maloney, Mary Beth | DISCUSSION OF POSSIBLE FIRST AMENDMENT CLAIMS AND DEFENSES WITH TEAM. |

| | | |
|---|---|---|
| 01/26/25 [redacted] | Yang, Betty X | [redacted] |
| | Yang, Betty X | |
| 01/27/25 [redacted] | Maloney, Mary Beth | [redacted] |
| [redacted] | Yang, Betty X | [redacted] |
| [redacted] | Yang, Betty X | [redacted] |
| [redacted] | Yang, Betty X | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| 1.30 | Cardone, Emily A | LEGAL RESEARCH RE JURISDICTION AND UNDISCLOSED FACTS FOR COMPLAINT. |
| [redacted] | Cardone, Emily A | [redacted] |

| | | |
|---|---|---|
| [redacted] | Altabef, Veronica H | [redacted] |
| 01/28/25 [redacted] | Maloney, Mary Beth | [redacted] |
| [redacted] | Yang, Betty X | [redacted] |
| 0.60 | Cardone, Emily A | REVIEW AND REVISE LITIGATION HOLD. |
| 1.40 | Cardone, Emily A | LEGAL RESEARCH RE DEFAMATION CLAIMS AND SURVIVING MOTION TO DISMISS. |
| 01/29/25 [redacted] | Yang, Betty X | [redacted] |
| 01/30/25 2.70 | Cardone, Emily A | LEGAL RESEARCH RE NEGATIVE PRESS AND SCORING METHODOLOGY AND REVISE RESPONSE TO LEAPFROG LETTER. |
| [redacted] | Kurinsky, Erin E | [redacted] |

LEAPFROG DISPUTE
64230-01116

---

Detail Costs/Charges:

Online research

| | | |
|---|---|---|
| 01/08/25 | 3,497.08 | JORGENS,EMILY 01/08/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 01/16/25 | 240.00 | ALTABEF,VERONICA 01/16/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 01/17/25 | 120.00 | ALTABEF,VERONICA 01/17/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 01/22/25 | 2,808.13 | ALTABEF,VERONICA 01/22/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 01/24/25 | 480.00 | ALTABEF,VERONICA 01/24/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 01/24/25 | 310.78 | JORGENS,EMILY 01/24/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 01/27/25 | 528.00 | ALTABEF,VERONICA 01/27/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |

**GIBSON, DUNN & CRUTCHER LLP**
**200 Park Avenue**
**New York, New York 10166-0193**

**Federal Taxpayer ID** [redacted]

**March 28, 2025**

**Invoice No. 2025035246**

**REMITTANCE COPY**

**To ensure proper crediting, please send this copy in the enclosed envelope.**

Ms. Nancy Troncalli
Legal Department Cost Control
Tenet HealthSystem
13737 Noel Road
Suite 100
Dallas, TX 75240

**For Services Rendered and Costs/Charges Advanced Through February 28, 2025**

| | | Services Rendered | Costs/ Charges | Totals |
|---|---|---|---|---|
| 64230-01116 | Leapfrog Dispute | $ [redacted] | $ [redacted] | $ [redacted] |
| | **Totals** | $ [redacted] | $ [redacted] | $ [redacted] |
| | **Current Balance Due** | | | $ [redacted] |

**Remit By Wire To:**
Wells Fargo Bank
333 South Grand Avenue
Los Angeles, CA 90071-1515
Name of account: Gibson, Dunn & Crutcher LLP
Account No: [redacted]
ABA No: 121000248
Attn: Treasury Department
*Please include the client number and the proper attorney to notify in the wire instructions.*

**Remit By Mail To:**
Gibson, Dunn & Crutcher LLP
PO Box 840723
Los Angeles, CA 90084-0723

Please enclose the remittance copy of this invoice with your payment in the enclosed Reply Envelope to ensure proper credit.

Please note that payments received after the invoice date are not reflected.
For assistance with your account, please contact us at 213-229-7333 or cbilling@gibsondunn.com.

**Invoice Date: March 28, 2025** **Invoice No. 2025035246**

**Due and Payable Upon Receipt**

Ms. Nancy Troncalli
Legal Department Cost Control
Tenet HealthSystem
13737 Noel Road
Suite 100
Dallas, TX 75240

LEAPFROG DISPUTE
64230-01116

---

For Legal Services Rendered Through February 28, 2025 $ [redacted]

| NAME | HOURS | RATE |
|---|---|---|
| ORIN SNYDER | [redacted] | $2,075.0 |
| MARY BETH MALONEY | | 1,950.0 |
| BETTY X. YANG | | 1,635.0 |
| EMILY A. CARDONE | | 1,240.0 |
| VERONICA H. ALTABEF | | 1,240.0 |
| ERIN E. KURINSKY | | 405.00 |

| COSTS/CHARGES | TOTAL |
|---|---|
| DOCUMENT RETRIEVAL SERVICE | $ 1,776.03 |
| ON-LINE RESEARCH (WESTLAW) | 9,425.71 |

**Total Costs/Charges** [redacted]

**Total Services, Costs/Charges** [redacted]

**BALANCE DUE** $ [redacted]

**Invoice Date: March 28, 2025** **Invoice No. 2025035246**

**Due and Payable Upon Receipt**

LEAPFROG DISPUTE
64230-01116

Detail Services:

| | | |
|---|---|---|
| 02/03/25<br>[redacted] | Yang, Betty X | [redacted] |
| [redacted] | Yang, Betty X | [redacted] |
| 02/04/25<br>0.60 | Maloney, Mary Beth | REVISE CLIENT UPDATE ON STATUS (.1); CONFER WITH TEAM RE STRATEGY QUESTIONS FOR CLAIMS IN COMPLAINT (.5). |
| [redacted] | Maloney, Mary Beth | [redacted] |
| [redacted] | Yang, Betty X | [redacted] |
| [redacted] | Yang, Betty X | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Altabef, Veronica H | [redacted] |
| 02/05/25<br>[redacted] | Altabef, Veronica H | [redacted] |

| | | |
|---|---|---|
| [redacted] | Kurinsky, Erin E | [redacted] |
| 02/06/25<br>[redacted] | Snyder, Orin | [redacted] |
| [redacted] | Maloney, Mary Beth | [redacted] |
| [redacted] | Yang, Betty X | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| 1.70 | Cardone, Emily A | LEGAL RESEARCH RE DEFAMATION AND RATING AGENCIES. |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Altabef, Veronica H | [redacted] |
| 02/07/25<br>[redacted] | Yang, Betty X | [redacted] |
| 02/08/25<br>[redacted] | Yang, Betty X | [redacted] |
| 02/10/25<br>[redacted] | Yang, Betty X | [redacted] |

| | | |
|---|---|---|
| 0.50 | Cardone, Emily A | MEET WITH B. YANG AND V. ALTABEF RE DEFAMATION, PERSONAL JURISDICTION, AND CHOICE OF LAW. |
| 1.60 | Cardone, Emily A | LEGAL RESEARCH RE DEFAMATION, CHOICE OF LAW, AND PERSONAL JURISDICTION. |
| [redacted] | Altabef, Veronica H | [redacted] |
| 02/11/25 [redacted] | Maloney, Mary Beth | [redacted] |
| [redacted] | Yang, Betty X | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| 02/12/25 [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Altabef, Veronica H | [redacted] |
| 02/13/25 [redacted] | Altabef, Veronica H | [redacted] |

| | | |
|---|---|---|
| 02/14/25<br>[redacted] | Maloney, Mary Beth | [redacted] |
| [redacted] | Yang, Betty X | [redacted] |
| 02/15/25<br>[redacted] | Maloney, Mary Beth | [redacted] |
| 02/17/25<br>[redacted] | Maloney, Mary Beth | [redacted] |
| [redacted] | Yang, Betty X | [redacted] |
| 0.50 | Cardone, Emily A | REVIEW AND ANALYZE LEGAL RESEARCH RE FILING COMPLAINT IN FLORIDA STATE COURT AND FLORIDA FEDERAL COURT. |
| [redacted] | Altabef, Veronica H | [redacted] |
| 02/18/25<br>[redacted] | Maloney, Mary Beth | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Altabef, Veronica H | [redacted] |

| | | |
|---|---|---|
| 02/19/25<br>[redacted] | Snyder, Orin | [redacted] |
| 1.40 | Cardone, Emily A | DRAFT AND REVISE COMPLAINT. |
| [redacted] | Altabef, Veronica H | [redacted] |
| 02/21/25<br>[redacted] | Maloney, Mary Beth | [redacted] |
| [redacted] | Yang, Betty X | [redacted] |
| 1.50 | Cardone, Emily A | DRAFT AND REVISE COMPLAINT. |
| 02/24/25<br>0.50 | Cardone, Emily A | REVIEW AND REVISE REPLY LETTER TO LEAPFROG. |
| [redacted] | Cardone, Emily A | [redacted] |
| 2.60 | Cardone, Emily A | DRAFT, REVIEW, AND REVISE COMPLAINT. |
| [redacted] | Altabef, Veronica H | [redacted] |
| 02/25/25<br>[redacted] | Maloney, Mary Beth | [redacted] |
| 02/26/25<br>[redacted] | Maloney, Mary Beth | [redacted] |

| | | |
|---|---|---|
| 02/27/25<br>[redacted] | Maloney, Mary Beth | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.50 | Cardone, Emily A | REVIEW AND REVISE LEAPFROG COMPLAINT. |
| 02/28/25<br>[redacted] | Cardone, Emily A | [redacted] |
| 0.30 | Cardone, Emily A | REVIEW AND REVISE COMPLAINT. |
| 0.60 | Cardone, Emily A | REVIEW AND ANALYZE L. CRAIN EDITS TO COMPLAINT AND CONDUCT RESEARCH RE SAME. |

LEAPFROG DISPUTE
64230-01116

---

Detail Costs/Charges:

<u>Litigation support vendors</u>

| | | |
|---|---|---|
| 02/17/25 | 5.40 | PACER USAGE FEBRUARY 2025. |
| 02/27/25 | 1,770.63 | VENDOR: WEST PUBLISHING CORPORATION DBA THOMSON INVOICE#: 6165619335 DATE: 2/27/2025 ACCT.# 1000807767 / PO# 1792324/DOCUMENT RETRIEVAL SERVICE/WESTLAW COURT EXPRESS COURT: COOK COUNTY CIRCUIT COURT, IL, CASE: 2017CH14420 SAINT ANTHONY HOSPITAL V. LEAPFROG (ERIN KURINSKY/E.CARDONE) |

<u>Online research</u>

| | | |
|---|---|---|
| 02/10/25 | 2,170.11 | ALTABEF,VERONICA 02/10/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 02/10/25 | 1,210.11 | JORGENS,EMILY 02/10/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 02/11/25 | 185.06 | JORGENS,EMILY 02/11/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 02/12/25 | 240.00 | ALTABEF,VERONICA 02/12/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 02/17/25 | 662.26 | ALTABEF,VERONICA 02/17/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 02/24/25 | 545.06 | ALTABEF,VERONICA 02/24/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 02/24/25 | 4,293.11 | JORGENS,EMILY 02/24/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 02/28/25 | 120.00 | ALTABEF,VERONICA 02/28/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |

**GIBSON, DUNN & CRUTCHER LLP**
**200 Park Avenue**
**New York, New York 10166-0193**

**Federal Taxpayer ID** [redacted]

**April 10, 2025**

**Invoice No. 2025040628**

Ms. Nancy Troncalli
Legal Department Cost Control
Tenet HealthSystem
13737 Noel Road
Suite 100
Dallas, TX 75240

**For Services Rendered and Costs/Charges Advanced Through March 31, 2025**

| | | Services Rendered | Costs/ Charges | Totals |
|---|---|---|---|---|
| 64230-01116 | Leapfrog Dispute 2025-00455 | $ [redacted] | $ [redacted] | $ [redacted] |
| | **Totals** | $ [redacted] | $ [redacted] | $ [redacted] |

**TOTAL OUTSTANDING BALANCE DUE** $ [redacted]

**Remit By Wire To:**
Wells Fargo Bank
333 South Grand Avenue
Los Angeles, CA 90071-1515
Name of account: Gibson, Dunn & Crutcher LLP
Account No: [redacted]
ABA No: 121000248
Attn: Treasury Department
*Please include the invoice number in the wire instructions.*

**Remit By Mail To:**
Gibson, Dunn & Crutcher LLP
PO Box 840723
Los Angeles, CA 90084-0723

*Please enclose the remittance copy of this invoice with your payment in the enclosed Reply Envelope to ensure proper credit.*

Please note that payments received after the invoice date are not reflected.
For assistance with your account, please contact us at 213-229-7333 or cbilling@gibsondunn.com.

**Invoice Date: April 10, 2025** **Invoice No. 2025040628**

**Due and Payable Upon Receipt**

**GIBSON, DUNN & CRUTCHER LLP**
**200 Park Avenue**
**New York, New York 10166-0193**

**Federal Taxpayer ID** [redacted]

**April 10, 2025**

**Invoice No. 2025040628**

**REMITTANCE COPY**

**To ensure proper crediting, please send this copy in the enclosed envelope.**

Ms. Nancy Troncalli
Legal Department Cost Control
Tenet HealthSystem
13737 Noel Road
Suite 100
Dallas, TX 75240

**For Services Rendered and Costs/Charges Advanced Through March 31, 2025**

| | | Services Rendered | Costs/ Charges | Totals |
|---|---|---|---|---|
| 64230-01116 | Leapfrog Dispute<br>2025-00455 | $ [redacted] | $ [redacted] | $ [redacted] |
| | **Totals** | $ [redacted] | $ [redacted] | $ [redacted] |

**TOTAL OUTSTANDING BALANCE DUE** $ [redacted]

**Remit By Wire To:**
Wells Fargo Bank
333 South Grand Avenue
Los Angeles, CA 90071-1515
Name of account: Gibson, Dunn & Crutcher LLP
Account No: [redacted]
ABA No: 121000248
Attn: Treasury Department
*Please include the invoice number in the wire instructions.*

**Remit By Mail To:**
Gibson, Dunn & Crutcher LLP
PO Box 840723
Los Angeles, CA 90084-0723

*Please enclose the remittance copy of this invoice with your payment in the enclosed Reply Envelope to ensure proper credit.*

Please note that payments received after the invoice date are not reflected.
For assistance with your account, please contact us at 213-229-7333 or cbilling@gibsondunn.com.

**Invoice Date: April 10, 2025** **Invoice No. 2025040628**

**Due and Payable Upon Receipt**

Ms. Nancy Troncalli
Legal Department Cost Control
Tenet HealthSystem
13737 Noel Road
Suite 100
Dallas, TX 75240

LEAPFROG DISPUTE
64230-01116

---

For Services Rendered Through March 31, 2025

| NAME | HOURS | RATE | TOTAL |
|---|---|---|---|
| MARY BETH MALONEY | [redacted] | $1,950.00 | $ [redacted] |
| BETTY X. YANG | | 1,635.00 | |
| LEE R. CRAIN | | 1,815.00 | |
| SCOTT K. HVIDT | | 1,635.00 | |
| EMILY A. CARDONE | | 1,240.00 | |
| VERONICA H. ALTABEF | | 1,240.00 | |
| JUSTIN M. FISHMAN | | 950.00 | |
| ZACHARY R. CARSTENS | | 1,240.00 | |
| ERIN E. KURINSKY | | 405.00 | |

**Total Services** $ [redacted]

| COSTS/CHARGES | TOTAL |
|---|---|
| DOCUMENT RETRIEVAL SERVICE | $ 3.00 |
| ON-LINE RESEARCH (WESTLAW) | 2,873.80 |
| OUTSIDE SERVICES/CONSULTANTS | [redacted] |
| SPECIALIZED RESEARCH | 41.98 |

**Total Costs/Charges** [redacted]

**Total Services, Costs/Charges** [redacted]

**BALANCE DUE** $ [redacted]

**Invoice Date: April 10, 2025** **Invoice No. 2025040628**

**Due and Payable Upon Receipt**

LEAPFROG DISPUTE
64230-01116

Detail Services:

| Date | Hours | Timekeeper | Description |
|---|---|---|---|
| 03/03/25 | [redacted] | Maloney, Mary Beth | [redacted] |
| 03/06/25 | [redacted] | Maloney, Mary Beth | [redacted] |
| | [redacted] | Yang, Betty X | [redacted] |
| | [redacted] | Cardone, Emily A | [redacted] |
| 03/07/25 | [redacted] | Maloney, Mary Beth | [redacted] |
| | [redacted] | Yang, Betty X | [redacted] |
| 03/10/25 | 1.20 | Hvidt, Scott K | Review and analyze draft complaint and materials. |
| | [redacted] | Altabef, Veronica H | [redacted] |
| 03/11/25 | [redacted] | Maloney, Mary Beth | [redacted] |
| | [redacted] | Yang, Betty X | [redacted] |
| | 4.00 | Hvidt, Scott K | Draft, review and revise strategy timeline (1.2); draft analysis regarding letter dispute (.6); review and analyze materials for strategy development (.9); Work with M. Maloney and B. Yang regarding strategy (.8); work with team regarding strategy (.5). |
| | [redacted] | Cardone, Emily A | [redacted] |

| | | | |
|---|---|---|---|
| | [redacted] | Altabef, Veronica H | [redacted] |
| 03/12/25 | [redacted] | Hvidt, Scott K | [redacted] |
| | [redacted] | Cardone, Emily A | [redacted] |
| | [redacted] | Altabef, Veronica H | [redacted] |
| | [redacted] | Fishman, Justin M | [redacted] |
| 03/13/25 | 0.70 | Maloney, Mary Beth | Confer with team re work plan and complaint draft. |
| | [redacted] | Yang, Betty X | [redacted] |
| | [redacted] | Hvidt, Scott K | [redacted] |
| | [redacted] | Cardone, Emily A | [redacted] |
| | [redacted] | Altabef, Veronica H | [redacted] |

| | | | |
|---|---|---|---|
| 03/14/25 | | | |
| [redacted] | | Maloney, Mary Beth | [redacted] |
| | 8.20 | Hvidt, Scott K | Draft, review and revise complaint; draft (4.8); review and revise work plan (2.6); draft correspondence regarding complaint strategy (.8). |
| | [redacted] | Altabef, Veronica H | [redacted] |
| | [redacted] | Carstens, Zachary R | [redacted] |
| | [redacted] | Kurinsky, Erin E | [redacted] |
| 03/15/25 | | | |
| | 2.20 | Hvidt, Scott K | Draft, review and revise complaint against Leapfrog. |
| | 6.10 | Cardone, Emily A | Legal research re Tenet hospital statistics for draft complaint (3.3); review and revise draft complaint with S. Hvidt edits (2.8). |
| | [redacted] | Altabef, Veronica H | [redacted] |
| | [redacted] | Carstens, Zachary R | [redacted] |
| 03/16/25 | | | |
| | 2.10 | Hvidt, Scott K | Draft, review and revise complaint. |
| 03/17/25 | | | |
| | [redacted] | Maloney, Mary Beth | [redacted] |
| | [redacted] | Yang, Betty X | [redacted] |
| | [redacted] | Hvidt, Scott K | [redacted] |
| | [redacted] | Carstens, Zachary R | [redacted] |

| | | | |
|---|---|---|---|
| 03/18/25 | [redacted] | Maloney, Mary Beth | [redacted] |
| | [redacted] | Hvidt, Scott K | [redacted] |
| | [redacted] | Altabef, Veronica H | [redacted] |
| 03/19/25 | [redacted] | Hvidt, Scott K | [redacted] |
| | [redacted] | Cardone, Emily A | [redacted] |
| | [redacted] | Altabef, Veronica H | [redacted] |
| 03/20/25 | [redacted] | Maloney, Mary Beth | [redacted] |
| | [redacted] | Yang, Betty X | [redacted] |
| | [redacted] | Hvidt, Scott K | [redacted] |
| | [redacted] | Cardone, Emily A | [redacted] |
| | [redacted] | Altabef, Veronica H | [redacted] |
| | [redacted] | Carstens, Zachary R | [redacted] |
| 03/21/25 | 0.70 | Maloney, Mary Beth | Confer with team re strategy and complaint. |

| Date | Hours | Name | Description |
|---|---|---|---|
| | [redacted] | Hvidt, Scott K | [redacted] |
| | [redacted] | Cardone, Emily A | [redacted] |
| 03/22/25 | [redacted] | Hvidt, Scott K | [redacted] |
| 03/23/25 | [redacted] | Carstens, Zachary R | [redacted] |
| 03/24/25 | [redacted] | Hvidt, Scott K | [redacted] |
| | [redacted] | Cardone, Emily A | [redacted] |
| 03/25/25 | 1.90 | Maloney, Mary Beth | Confer with team re revisions to complaint (1.5); revise discovery memo (.4). |
| | [redacted] | Crain, Lee R | [redacted] |
| | [redacted] | Hvidt, Scott K | [redacted] |
| | [redacted] | Cardone, Emily A | [redacted]. |
| | [redacted] | Carstens, Zachary R | [redacted] |
| 03/26/25 | 1.00 | Maloney, Mary Beth | Revise complaint. |
| | [redacted] | Yang, Betty X | [redacted] |
| | 2.50 | Crain, Lee R | Review and revise Complaint. |

| Date | Hours | Timekeeper | Description |
|---|---|---|---|
| | 4.70 | Hvidt, Scott K | Draft, review and revise complaint (2.4); draft, review and revise temporary restraining order (.8); draft correspondence regarding strategy and tasks (.8); review and analyze Leapfrog materials for pleadings and strategy (0.7). |
| | [redacted] | Carstens, Zachary R | [redacted] |
| 03/27/25 | 2.20 | Maloney, Mary Beth | Meeting with team re strategy and follow up with client (.7); revise complaint and provide comments to team for further revisions (1.5). |
| | [redacted] | Yang, Betty X | [redacted] |
| | 1.00 | Crain, Lee R | Revise Complaint and attention to strategy. |
| | [redacted] | Hvidt, Scott K | [redacted] |
| | [redacted] | Carstens, Zachary R | [redacted] |
| 03/28/25 | 2.50 | Maloney, Mary Beth | Revise draft complaint and confer with team re same. |
| | [redacted] | Yang, Betty X | [redacted] |
| | [redacted] | Hvidt, Scott K | [redacted] |
| | [redacted] | Cardone, Emily A | [redacted] |
| 03/29/25 | [redacted] | Hvidt, Scott K | [redacted] |

| Date | Hours | Name | Description |
|---|---|---|---|
| | [redacted] | Cardone, Emily A | [redacted] |
| 03/30/25 | [redacted] | Maloney, Mary Beth | [redacted] |
| 03/31/25 | [redacted] | Hvidt, Scott K | [redacted] |
| | 2.30 | Cardone, Emily A | Review and analyze temporary restraining order (0.7); draft and revise attorney declaration for temporary restraining order (0.6); review and analyze preliminary injunction research (0.5); develop strategy with S. Hvidt, V. Altabef, and Z. Carstens re preliminary injunction and complaint (0.5). |
| | [redacted] | Altabef, Veronica H | [redacted] |

LEAPFROG DISPUTE
64230-01116

---

Detail Costs/Charges:

Document Retrieval Service

| | | |
|---|---|---|
| 03/12/25 | 3.00 | PACER Usage March 2025. |

On-Line Research (Westlaw)

| | | |
|---|---|---|
| 03/11/25 | 360.00 | ALTABEF,VERONICA 03/11/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 03/12/25 | 720.00 | ALTABEF,VERONICA 03/12/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 03/17/25 | 785.06 | CARSTENS,ZACHARY 03/17/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 03/31/25 | 360.00 | ALTABEF,VERONICA 03/31/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 03/31/25 | 648.74 | HVIDT,SCOTT K 03/31/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |

Outside Services/Consultants

| | | |
|---|---|---|
| 03/14/25 | [redacted] | [redacted] |

Specialized Research

| | | |
|---|---|---|
| 03/12/25 | 6.00 | Fishman, Justin Marc 03/12/2025 PACER |
| 03/14/25 | 35.98 | Carstens, Zachary R. 03/14/2025 Practical Law US |

**GIBSON, DUNN & CRUTCHER LLP**
**200 Park Avenue**
**New York, New York 10166-0193**

**Federal Taxpayer ID** [redacted]

**July 8, 2025**

**Invoice No. 2025071368**

Ms. Nancy Troncalli
Legal Department Cost Control
Tenet HealthSystem
13737 Noel Road
Suite 100
Dallas, TX 75240

**For Services Rendered and Costs/Charges Advanced Through April 30, 2025**

| | | Services Rendered | Costs/ Charges | Totals |
|---|---|---|---|---|
| 64230-01116 | Leapfrog Dispute | $ [redacted] | $ [redacted] | $ [redacted] |
| | **Totals** | $ [redacted] | $ [redacted] | $ [redacted] |
| | [redacted] | | | [redacted] |
| | **Current Balance Due** | | | $ [redacted] |

**Remit By Wire To:**
Wells Fargo Bank
333 South Grand Avenue
Los Angeles, CA 90071-1515
Name of account: Gibson, Dunn & Crutcher LLP
Account No: [redacted]
ABA No: 121000248
Attn: Treasury Department
*Please include the client number and the proper attorney to notify in the wire instructions.*

**Remit By Mail To:**
Gibson, Dunn & Crutcher LLP
PO Box 840723
Los Angeles, CA 90084-0723

Please enclose the remittance copy of this invoice with your payment in the enclosed Reply Envelope to ensure proper credit.

Please note that payments received after the invoice date are not reflected.
For assistance with your account, please contact us at 213-229-7333 or cbilling@gibsondunn.com.



**Due and Payable Upon Receipt**

**GIBSON, DUNN & CRUTCHER LLP**
**200 Park Avenue**
**New York, New York 10166-0193**

**Federal Taxpayer ID** [redacted]

**July 8, 2025**

**Invoice No. 2025071368**

**<u>REMITTANCE COPY</u>**

**To ensure proper crediting, please send this copy in the enclosed envelope.**

Ms. Nancy Troncalli
Legal Department Cost Control
Tenet HealthSystem
13737 Noel Road
Suite 100
Dallas, TX 75240

**For Services Rendered and Costs/Charges Advanced Through April 30, 2025**

| | | Services Rendered | Costs/ Charges | Totals |
|---|---|---|---|---|
| 64230-01116 | Leapfrog Dispute | $ [redacted] | $ [redacted] | $ [redacted] |
| | **Totals** | $ [redacted] | $ [redacted] | $ [redacted] |
| | [redacted] | | | [redacted] |
| | **Current Balance Due** | | | $ [redacted] |

**<u>Remit By Wire To:</u>**
Wells Fargo Bank
333 South Grand Avenue
Los Angeles, CA 90071-1515
Name of account: Gibson, Dunn & Crutcher LLP
Account No: [redacted]
ABA No: 121000248
Attn: Treasury Department
*Please include the client number and the proper attorney to notify in the wire instructions.*

**<u>Remit By Mail To:</u>**
Gibson, Dunn & Crutcher LLP
PO Box 840723
Los Angeles, CA 90084-0723

Please enclose the remittance copy of this invoice with your payment in the enclosed Reply Envelope to ensure proper credit.

Please note that payments received after the invoice date are not reflected.
For assistance with your account, please contact us at 213-229-7333 or cbilling@gibsondunn.com.

**Invoice Date: July 8, 2025** **Invoice No. 2025071368**

**Due and Payable Upon Receipt**

Ms. Nancy Troncalli
Legal Department Cost Control
Tenet HealthSystem
13737 Noel Road
Suite 100
Dallas, TX 75240

LEAPFROG DISPUTE
64230-01116

---

For Legal Services Rendered Through April 30, 2025 $ [redacted]

| NAME | HOURS | RATE |
|---|---|---|
| MARY BETH MALONEY | [redacted] | $1,950.0 |
| BETTY X. YANG | | 1,635.0 |
| LEE R. CRAIN | | 1,815.0 |
| SCOTT K. HVIDT | | 1,635.0 |
| EMILY A. CARDONE | | 1,240.0 |
| KEVIN J. REILLY | | 1,355.0 |
| VERONICA H. ALTABEF | | 1,240.0 |
| IASON G. TOGIAS | | 1,060.0 |
| ELIZABETH A. DABANKA | | 1,060.0 |
| JEANINE M. BROYLES | | 665.00 |
| ZACHARY R. CARSTENS | | 1,240.0 |
| ROBERT KING | | 405.00 |
| DAVID T. LAM | | 540.00 |

[redacted] [redacted]

**Total Services** $ [redacted]

| COSTS/CHARGES | TOTAL |
|---|---|
| DOCUMENT RETRIEVAL SERVICE | $ 17.70 |
| IN HOUSE DUPLICATION | [redacted] |
| ON-LINE RESEARCH (LEXIS) | 1,706.15 |
| ON-LINE RESEARCH (WESTLAW) | 33,484.40 |
| OUTSIDE SERVICES/CONSULTANTS | [redacted] |
| SPECIALIZED RESEARCH | 350.74 |
| TRAVEL - TAXI & OTHER MODES/MILES | [redacted] |

**Total Costs/Charges** [redacted]

**Total Services, Costs/Charges** [redacted]

**BALANCE DUE** $ [redacted]

**Invoice Date: July 8, 2025** **Invoice No. 2025071368**

**Due and Payable Upon Receipt**

LEAPFROG DISPUTE
64230-01116

Detail Services:

04/01/25

| | | |
|---|---|---|
| [redacted] | Crain, Lee R | [redacted] |
| [redacted] | Hvidt, Scott K | [redacted] |
| 8.10 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE MOTION FOR PRELIMINARY INJUNCTION (4.2); DRAFT MATERIALS SUPPORTING MOTION FOR PRELIMINARY INJUNCTION (1.7); DRAFT CORRESPONDENCE TO EXECUTE ON WORK PLAN STRATEGY (.8); DRAFT, REVIEW AND REVISE COMPLAINT (1.4). |
| 1.70 | Cardone, Emily A | DRAFT AND REVISE ATTORNEY DECLARATION FOR TEMPORARY RESTRAINING ORDER AND REVIEW AND REVISE APPLICATION FOR TEMPORARY RESTRAINING ORDER. |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.60 | Cardone, Emily A | REVIEW AND REVISE HOSPITAL DECLARATION FOR TEMPORARY RESTRAINING ORDER APPLICATION. |
| [redacted] | Cardone, Emily A | [redacted] |

| | | |
|---|---|---|
| [redacted] | Altabef, Veronica H | [redacted] |
| | Carstens, Zachary R | |
| | Carstens, Zachary R | |
| | Carstens, Zachary R | |
| 04/02/25 [redacted] | Maloney, Mary Beth | [redacted] |
| [redacted] | Yang, Betty X | [redacted] |
| [redacted] | Crain, Lee R | [redacted] |
| [redacted] | Hvidt, Scott K | [redacted] |

| | | |
|---|---|---|
| 2.60 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE MOTION FOR PRELIMINARY INJUNCTION AND SUPPORTING MATERIAL (1.9); DRAFT CORRESPONDENCE TO CLIENT REGARDING OTHER TASKS (.7). |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.40 | Cardone, Emily A | REVIEW AND ANALYZE IRREPARABLE HARM RESEARCH FOR TEMPORARY RESTRAINING ORDER. |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.50 | Cardone, Emily A | REVIEW AND ANALYZE EXTERNAL CRITICISM OF LEAPFROG FOR COMPLAINT. |
| 0.60 | Cardone, Emily A | REVIEW AND REVISE HOSPITAL DECLARATION FOR TEMPORARY RESTRAINING ORDER. |
| 0.30 | Cardone, Emily A | REVIEW AND ANALYZE COALITION MEMORANDUM FOR TEMPORARY RESTRAINING ORDER. |
| 1.60 | Cardone, Emily A | REVIEW AND REVISE DRAFT COMPLAINT. |
| [redacted] | Altabef, Veronica H | [redacted] |

| | | |
|---|---|---|
| [redacted] | Carstens, Zachary R | [redacted] |
| 04/03/25 [redacted] | Maloney, Mary Beth | [redacted] |
| [redacted] | Hvidt, Scott K | [redacted] |
| [redacted] | Hvidt, Scott K | [redacted] |
| [redacted] | Hvidt, Scott K | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| 3.80 | Cardone, Emily A | DRAFT AND REVISE ATTORNEY DECLARATION IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND COMPILE MOTION FOR TEMPORARY RESTRAINING ORDER EXHIBITS. |
| 1.60 | Cardone, Emily A | REVIEW AND REVISE MOTION FOR TEMPORARY RESTRAINING ORDER. |
| [redacted] | Cardone, Emily A | [redacted] |

| | | |
|---|---|---|
| [redacted] | Altabef, Veronica H | [redacted] |
| [redacted] | Carstens, Zachary R | [redacted] |
| 04/04/25 [redacted] | Maloney, Mary Beth | [redacted] |
| [redacted] | Yang, Betty X | [redacted] |
| [redacted] | Crain, Lee R | [redacted] |
| 2.90 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE TEMPORARY RESTRAINING ORDER (1.8); DRAFT CORRESPONDENCE REGARDING TEMPORARY RESTRAINING ORDER TASKS AND STRATEGY (.6); REVIEW AND ANALYZE MATERIALS FOR TEMPORARY RESTRAINING ORDER (.5). |
| [redacted] | Hvidt, Scott K | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |

| | | |
|---|---|---|
| 1.30 | Cardone, Emily A | REVIEW AND REVISE TEMPORARY RESTRAINING ORDER. |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Altabef, Veronica H | [redacted] |
| [redacted] | Carstens, Zachary R | [redacted] |
| 04/06/25<br>0.60 | Hvidt, Scott K | REVIEW AND ANALYZE EXPERT MATERIALS AND CASE DOCUMENTS FOR STRATEGY. |
| [redacted] | Cardone, Emily A | [redacted] |
| 04/07/25<br>[redacted] | Maloney, Mary Beth | [redacted] |
| [redacted] | Yang, Betty X | [redacted] |

| | | | |
|---|---|---|---|
| | 1.40 | Crain, Lee R | INTERVIEW EXPERT; CONFER WITH EXPERT TEAM RE DRAFT DECLARATION; PREPARE RECOMMENDATION RE THE SAME. |
| | [redacted] | Hvidt, Scott K | [redacted] |
| | 0.50 | Hvidt, Scott K | WORK WITH EXPERT TEAM REGARDING DECLARATION. |
| | [redacted] | Hvidt, Scott K | [redacted] |
| | [redacted] | Cardone, Emily A | [redacted] |
| | [redacted] | Cardone, Emily A | [redacted] |
| | [redacted] | Cardone, Emily A | [redacted] |
| | [redacted] | Altabef, Veronica H | [redacted] |
| 04/08/25 | [redacted] | Yang, Betty X | [redacted] |
| | [redacted] | Crain, Lee R | [redacted] |
| | [redacted] | Hvidt, Scott K | [redacted] |

| | | |
|---|---|---|
| 2.80 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE COMPLAINT (.8); DRAFT, REVIEW AND REVISE MOTION FOR PRELIMINARY INJUNCTION (1.7); DRAFT CORRESPONDENCE REGARDING STRATEGY (.3). |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.60 | Cardone, Emily A | REVIEW AND ANALYZE LEAPFROG RESPONSE LETTERS AND REVISE COMPLAINT. |
| 0.60 | Cardone, Emily A | REVIEW AND REVISE MOTION FOR TEMPORARY RESTRAINING ORDER. |
| [redacted] | Carstens, Zachary R | [redacted] |
| [redacted] | Carstens, Zachary R | [redacted] |
| 04/09/25 [redacted] | Yang, Betty X | [redacted] |
| 4.50 | Crain, Lee R | REVISE TRO BRIEF. |

| | | |
|---|---|---|
| 7.70 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE MOTION FOR PRELIMINARY INJUNCTION (3.8); DRAFT TALKING POINTS FOR CLIENT (1.1); DRAFT WEEKLY CLIENT AGENDA (1.2); DRAFT LETTER TO LEAPFROG (1.2); DRAFT CORRESPONDENCE REGARDING STRATEGY AND TASKS (.4). |
| 0.80 | Hvidt, Scott K | REVIEW AND ANALYZE MOTION FOR PRELIMINARY INJUNCTION RESEARCH. |
| 1.30 | Cardone, Emily A | REVIEW AND ANALYZE ST. ANTHONY AND NCH BRIEFING RE DEFAMATION CLAIM. |
| [redacted] | Cardone, Emily A | [redacted] |
| 1.10 | Cardone, Emily A | LEGAL RESEARCH RE IRREPARABLE HARM AND TEMPORARY RESTRAINING ORDERS. |
| 0.70 | Cardone, Emily A | DRAFT LETTER FROM HOSPITALS TO LEAPFROG RE SPRING 2025 GRADES. |
| [redacted] | Altabef, Veronica H | [redacted] |
| [redacted] | Carstens, Zachary R | [redacted] |
| 04/10/25 [redacted] | Yang, Betty X | [redacted] |
| [redacted] | Hvidt, Scott K | [redacted] |

| | | |
|---|---|---|
| 2.90 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE EXPERT DECLARATION (1.2); DRAFT, REVIEW AND REVISE MOTION (1.1); DRAFT, REVIEW AND REVISE CLIENT AGENDA (.6). |
| 0.50 | Hvidt, Scott K | REVIEW AND ANALYZE RESEARCH SUPPORT FOR MOTION. |
| 1.20 | Cardone, Emily A | REVIEW AND REVISE S. NICHOLSON EXPERT DECLARATION IN SUPPORT OF TEMPORARY RESTRAINING ORDER. |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.70 | Cardone, Emily A | LEGAL RESEARCH RE RATING SYSTEM FACTUALLY ANALOGOUS CASES FOR TEMPORARY RESTRAINING ORDER. |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Altabef, Veronica H | [redacted] |
| 04/11/25 | | |
| [redacted] | Maloney, Mary Beth | [redacted] |
| [redacted] | Yang, Betty X | [redacted] |
| [redacted] | Crain, Lee R | [redacted] |

| | | |
|---|---|---|
| [redacted] | Hvidt, Scott K | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Altabef, Veronica H | [redacted] |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| 04/12/25 [redacted] | Dabanka, Elizabeth A | [redacted] |
| 04/13/25 [redacted] | Dabanka, Elizabeth A | [redacted] |
| 04/14/25 [redacted] | Crain, Lee R | [redacted] |
| [redacted] | Hvidt, Scott K | [redacted] |
| 0.50 | Hvidt, Scott K | CONFERENCE WITH EXPERT TEAM REGARDING DECLARATION. |

| | | |
|---|---|---|
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| [redacted] | Carstens, Zachary R | [redacted] |
| 04/15/25 | | |
| [redacted] | Crain, Lee R | [redacted] |
| [redacted] | Hvidt, Scott K | [redacted] |
| [redacted] | Hvidt, Scott K | [redacted] |
| 0.50 | Cardone, Emily A | REVIEW AND ANALYZE NCH HEALTHCARE BRIEFING FOR COMPLAINT. |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.40 | Cardone, Emily A | REVIEW AND REVISE HOSPITAL DECLARATION IN SUPPORT OF TEMPORARY RESTRAINING ORDER. |

| | | |
|---|---|---|
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| 1.00 | Cardone, Emily A | REVIEW AND REVISE S. NICHOLSON EXPERT DECLARATION. |
| [redacted] | Altabef, Veronica H | [redacted] |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| [redacted] | Carstens, Zachary R | [redacted] |
| [redacted] | Carstens, Zachary R | [redacted] |
| [redacted] | King, Robert | [redacted] |
| [redacted] | Lam, David T | [redacted] |

| | | |
|---|---|---|
| 04/16/25 | | |
| 2.00 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE MOTION FOR PRELIMINARY INJUNCTION AND SUPPORTING MATERIALS (1.4); DRAFT LETTER TO LEAPFROG (.3); DRAFT CORRESPONDENCE REGARDING STRATEGY (.3). |
| 0.60 | Cardone, Emily A | REVIEW AND REVISE LETTER TO LEAPFROG RE SPRING 2025 GRADES. |
| [redacted] | Altabef, Veronica H | [redacted] |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| [redacted] | King, Robert | [redacted] |
| 04/17/25 | | |
| [redacted] | Maloney, Mary Beth | [redacted] |
| [redacted] | Yang, Betty X | [redacted] |
| [redacted] | Crain, Lee R | [redacted] |
| 0.60 | Crain, Lee R | DRAFT AND REVISE LETTER. |
| 3.40 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE COMPLAINT AND MOTION AND SUPPORTING MATERIAL. |

| | | |
|---|---|---|
| [redacted] | Hvidt, Scott K | [redacted] |
| [redacted] | Hvidt, Scott K | [redacted] |
| [redacted] | Hvidt, Scott K | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.30 | Cardone, Emily A | REVIEW AND REVISE LETTER TO LEAPFROG RE SPRING 2025 GRADES. |
| 0.70 | Cardone, Emily A | REVIEW AND REVISE COMPLAINT AND TEMPORARY RESTRAINING ORDER WITH Z. CARSTENS EDITS. |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.80 | Cardone, Emily A | REVIEW AND REVISE SUPPORTING MATERIALS FOR TEMPORARY RESTRAINING ORDER AND COMPLAINT. |
| [redacted] | Altabef, Veronica H | [redacted] |

| | | |
|---|---|---|
| [redacted] | Carstens, Zachary R | [redacted] |
| 04/18/25<br>0.40 | Crain, Lee R | CONFER WITH OPPOSING COUNSEL AND FOLLOW UP RE THE SAME. |
| [redacted] | Hvidt, Scott K | [redacted] |
| 1.30 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE PLEADINGS AND MOTION FOR PRELIMINARY INJUNCTION MATERIALS. |
| 0.60 | Cardone, Emily A | REVIEW AND ANALYZE MOTION FOR JUDGMENT ON PLEADINGS AND MOTION TO DISMISS FROM RELATED CASES. |
| 1.70 | Cardone, Emily A | REVIEW AND REVISE PROPOSED ORDERS, CIVIL COVER SHEET, AND FORM MOTION. |
| 0.80 | Cardone, Emily A | REVIEW AND REVISE EXPERT DECLARATION RE ST. MARY'S AND ADDITIONAL DATA ARGUMENT. |
| 1.30 | Cardone, Emily A | REVIEW AND REVISE MOTION FOR TEMPORARY RESTRAINING ORDER RE ST. MARY'S AND ADDITIONAL DATA ARGUMENT. |
| 1.40 | Cardone, Emily A | REVIEW AND REVISE COMPLAINT RE ST. MARY'S AND ADDITIONAL DATA ARGUMENT. |
| [redacted] | Altabef, Veronica H | [redacted] |
| [redacted] | Dabanka, Elizabeth A | [redacted] |

| | | |
|---|---|---|
| [redacted] | Carstens, Zachary R | [redacted] |
| 04/19/25 | | |
| [redacted] | Hvidt, Scott K | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Altabef, Veronica H | [redacted] |
| 04/21/25 | | |
| [redacted] | Maloney, Mary Beth | [redacted] |
| 1.40 | Crain, Lee R | REVIEW AND REVISE EXPERT DECLARATIONS. |
| 2.20 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE EXPERT DECLARATION (.9); DRAFT, REVIEW AND REVISE HOSPITAL DECLARATIONS (.5); DRAFT, REVIEW AND REVISE TALKING POINTS FOR CEO CALL (.4); DRAFT CORRESPONDENCE REGARDING STRATEGY AND TASKS (.4) |
| [redacted] | Cardone, Emily A | [redacted] |
| 1.40 | Cardone, Emily A | LEGAL RESEARCH RE DECLARATORY JUDGMENT CAUSE OF ACTION. |
| 0.80 | Cardone, Emily A | REVIEW AND REVISE S. NICHOLSON DECLARATION. |

| | | |
|---|---|---|
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Altabef, Veronica H | [redacted] |
| 04/22/25 [redacted] | Maloney, Mary Beth | [redacted] |
| [redacted] | Yang, Betty X | [redacted] |
| [redacted] | Crain, Lee R | [redacted] |
| [redacted] | Hvidt, Scott K | [redacted] |
| [redacted] | Hvidt, Scott K | [redacted] |
| [redacted] | Hvidt, Scott K | [redacted] |
| 1.60 | Cardone, Emily A | REVIEW AND REVISE MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTIVE RELIEF. |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |

| | | |
|---|---|---|
| 0.50 | Cardone, Emily A | REVIEW AND ANALYZE NOTES FROM CALL WITH HOSPITALS AND REVIEW AND REVISE HOSPITAL DECLARATIONS. |
| 0.40 | Cardone, Emily A | REVIEW AND REVISE S. NICHOLSON DECLARATION. |
| [redacted] | Altabef, Veronica H | [redacted] |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| [redacted] | Broyles, Jeanine M | [redacted] |
| 04/23/25 | | |
| 6.40 | Maloney, Mary Beth | CALL WITH CEOS TO PREPARE DECLARATIONS; MEET AND CONFER WITH OPPOSING COUNSEL; COORDINATE PRESS ISSUES WITH TEAM; REVISE DECLARATIONS; REVISE COMPLAINT. |
| 3.80 | Crain, Lee R | CONFER WITH TEAM RE STATUS AND STRATEGY; REVIEW BRIEFING; REVIEW FLINGS. |
| 8.20 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE HOSPITAL DECLARATIONS (5.2); DRAFT CORRESPONDENCE REGARDING STRATEGY AND TASKS (2.2); EXECUTE VARIOUS STRATEGY TASKS (.8). |
| [redacted] | Hvidt, Scott K | [redacted] |

| | | |
|---|---|---|
| 2.80 | Hvidt, Scott K | WORK WITH CLIENT ON FACT DEVELOPMENT AND DECLARATIONS. |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| 2.40 | Cardone, Emily A | REVIEW AND REVISE HOSPITAL DECLARATIONS BASED ON DISCUSSIONS WITH CEOS. |
| 1.30 | Cardone, Emily A | REVIEW AND REVISE MOTION FOR TEMPORARY RESTRAINING ORDER AND EXHIBITS. |
| 2.40 | Reilly, Kevin J | REVISE COMPLAINT (1.8); REVISE MOTION FOR TEMPORARY RESTRAINING ORDER (0.6). |
| [redacted] | Reilly, Kevin J | [redacted] |
| [redacted] | Altabef, Veronica H | [redacted] |
| [redacted] | Dabanka, Elizabeth A | [redacted] |

| | | |
|---|---|---|
| [redacted] | Broyles, Jeanine M | [redacted] |
| [redacted] | Lam, David T | [redacted] |
| 04/24/25 [redacted] | Maloney, Mary Beth | [redacted] |
| [redacted] | Crain, Lee R | [redacted] |
| 0.80 | Hvidt, Scott K | COMMUNICATE WITH CLIENT REPRESENTATIVES REGARDING STRATEGY. |
| [redacted] | Hvidt, Scott K | [redacted] |
| 8.70 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE LITIGATION MATERIALS (5.2); DRAFT CORRESPONDENCE REGARDING STRATEGY AND TASKS (1.2); DRAFT WEEKLY UPDATE (1.4); REVIEW AND ANALYZE MATERIALS (.9) |
| [redacted] | Cardone, Emily A | [redacted] |

| | | |
|---|---|---|
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| 2.50 | Cardone, Emily A | REVIEW AND REVISE HOSPITAL DECLARATIONS WITH L. CRAIN EDITS. |
| 0.60 | Cardone, Emily A | REVIEW AND REVISE SUMMONS AND ANCILLARY DOCUMENTS. |
| 3.40 | Cardone, Emily A | REVIEW AND REVISE COMPLAINT. |
| 0.80 | Cardone, Emily A | REVIEW AND REVISE PRELIMINARY INJUNCTION. |
| 0.30 | Cardone, Emily A | COORDINATE WITH LOCAL COUNSEL RE TIMING OF PRELIMINARY INJUNCTION. |
| 0.30 | Cardone, Emily A | REVIEW AND ANALYZE RESPONSE LETTER. |
| [redacted] | Cardone, Emily A | [redacted] |
| 1.80 | Reilly, Kevin J | REVISE COMPLAINT (1.8) |
| 3.40 | Reilly, Kevin J | CONDUCT LEGAL RESEARCH REGARDING FDUTPA AND IRREPARABLE HARM. |
| [redacted] | Altabef, Veronica H | [redacted] |

| | | |
|---|---|---|
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| 04/25/25 [redacted] | Maloney, Mary Beth | [redacted] |
| [redacted] | Crain, Lee R | [redacted] |
| [redacted] | Crain, Lee R | [redacted] |
| 6.40 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE DECLARATIONS (2.4); DRAFT, REVIEW AND REVISE COMPLAINT (1.2); DRAFT CORRESPONDENCE REGARDING STRATEGY AND TASKS (.7); DRAFT, REVIEW AND REVISE LITIGATION MATERIALS (2.1). |
| [redacted] | Hvidt, Scott K | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |

| | | |
|---|---|---|
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| 3.60 | Cardone, Emily A | REVIEW AND REVISE COMPLAINT WITH L. CRAIN AND S. HVIDT EDITS. |
| 3.30 | Reilly, Kevin J | REVISE PRELIMINARY INJUNCTION BRIEF. |
| 4.80 | Reilly, Kevin J | CONDUCT LEGAL RESEARCH REGARDING FDUTPA AND DECLARATORY JUDGMENT RIGHTS. |
| [redacted] | Altabef, Veronica H | [redacted] |
| [redacted] | Togias, Iason G | [redacted] |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| 04/26/25 [redacted] | Maloney, Mary Beth | [redacted] |

| | | |
|---|---|---|
| [redacted] | Crain, Lee R | [redacted] |
| 2.50 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE COMPLAINT (1.2); DRAFT, REVIEW AND REVISE DECLARATIONS (.4); DRAFT, REVIEW AND REVISE TASK LIST (.4); DRAFT CORRESPONDENCE REGARDING STRATEGY AND TASKS (.5). |
| 5.20 | Cardone, Emily A | REVIEW AND REVISE COMPLAINT AND HOSPITAL DECLARATIONS WITH L. CRAIN AND S. HVIDT EDITS. |
| 0.20 | Reilly, Kevin J | REVIEW REVISED COMPLAINT. |
| [redacted] | Togias, Iason G | [redacted] |
| 04/27/25 | | |
| [redacted] | Maloney, Mary Beth | [redacted] |
| [redacted] | Crain, Lee R | [redacted] |
| [redacted] | Hvidt, Scott K | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| 2.20 | Cardone, Emily A | REVIEW AND REVISE COMPLAINT WITH L. CRAIN EDITS. |
| 1.30 | Cardone, Emily A | REVIEW AND ANALYZE EDITS TO MOTION FOR PRELIMINARY INJUNCTION. |
| 5.60 | Reilly, Kevin J | REVISE DRAFT COMPLAINT. |

| | | |
|---|---|---|
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| 04/28/25 [redacted] | Maloney, Mary Beth | [redacted] |
| [redacted] | Crain, Lee R | [redacted] |
| [redacted] | Hvidt, Scott K | [redacted] |
| 1.70 | Cardone, Emily A | REVIEW AND REVISE COMPLAINT. |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.30 | Cardone, Emily A | REVIEW AND ANALYZE EMBARGOED GRADES. |
| [redacted] | Cardone, Emily A | [redacted] |

| | | |
|---|---|---|
| [redacted] | Reilly, Kevin J | [redacted] |
| 2.10 | Reilly, Kevin J | REVISE COMPLAINT. |
| [redacted] | Altabef, Veronica H | [redacted] |
| [redacted] | Togias, Iason G | [redacted] |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| 04/29/25 | | |
| [redacted] | Maloney, Mary Beth | [redacted] |
| 6.50 | Crain, Lee R | REVISE COMPLAINT AND OTHER FILINGS TO PREPARE FOR COMMENCING LITIGATION; CONFER WITH CLIENT RE THE SAME. |
| [redacted] | Hvidt, Scott K | [redacted] |
| [redacted] | Hvidt, Scott K | [redacted] |

| | | |
|---|---|---|
| [redacted] | Hvidt, Scott K | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| 7.10 | Cardone, Emily A | REVIEW AND REVISE COMPLAINT TO FINALIZE FOR FILING. |
| 0.80 | Cardone, Emily A | REVIEW, REVISE, AND FINALIZE ANCILLARY DOCUMENTS. |
| 1.10 | Cardone, Emily A | REVIEW AND REVISE HOSPITAL DECLARATIONS WITH S. HVIDT EDITS. |
| 0.30 | Cardone, Emily A | COORDINATE WITH M. MALONEY RE JURISDICTIONAL RESEARCH. |
| [redacted] | Reilly, Kevin J | [redacted] |
| [redacted] | Reilly, Kevin J | [redacted] |
| 0.40 | Reilly, Kevin J | REVIEW DRAFT COMPLAINT. |
| [redacted] | Altabef, Veronica H | [redacted] |
| 7.20 | Togias, Iason G | REVISE COMPLAINT (4.5); COMPOSE CORPORATE DISCLOSURE STATEMENTS (2.7). |

| | | |
|---|---|---|
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| [redacted] | Broyles, Jeanine M | [redacted] |
| 04/30/25 [redacted] | Maloney, Mary Beth | [redacted] |
| 1.90 | Crain, Lee R | FINALIZE COMPLAINT AND COORDINATE FILING. |
| [redacted] | Hvidt, Scott K | [redacted] |
| [redacted] | Hvidt, Scott K | [redacted] |
| 7.50 | Cardone, Emily A | REVIEW, REVISE, AND FINALIZE COMPLAINT, CIVIL COVER SHEET, SUMMONS, AND CORPORATE DISCLOSURES. |
| [redacted] | Cardone, Emily A | [redacted] |

| | | |
|---|---|---|
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| 1.10 | Reilly, Kevin J | DRAFT EXPERT RECOMMENDATIONS. |
| [redacted] | Altabef, Veronica H | [redacted] |
| 2.10 | Togias, Iason G | REVIEW AND REVISE COMPLAINT. |
| [redacted] | Dabanka, Elizabeth A | [redacted] |

LEAPFROG DISPUTE
64230-01116

---

Detail Costs/Charges:

| | | |
|---|---|---|
| <u>Litigation support vendors</u> | | |
| 04/30/25 | 3.00 | VENDOR: SECRETARY OF STATE OF TEXAS INVOICE#: 165989573-0425 DATE: 4/30/2025 ACCT.# 165989573/DOCUMENT RETRIEVAL SERVICE/SECRETARY OF STATE OF TEXAS USAGE - APRIL 2025. (V. ALTABEF) |
| 04/30/25 | 14.70 | PACER USAGE APRIL 2025. |
| <u>Copying</u> | | |
| 04/17/25 | | |
| 04/24/25 | | |
| <u>Online research</u> | | |
| 04/01/25 | 249.18 | ALTABEF, VERONICA H. 04/01/25 64230-01116 LEXIS RESEARCH |
| 04/23/25 | 238.50 | PAYNE, AUDREY 04/23/25 64230-01116 LEXIS RESEARCH |
| 04/24/25 | 238.50 | PAYNE, AUDREY 04/24/25 64230-01116 LEXIS RESEARCH |
| 04/25/25 | 238.50 | PAYNE, AUDREY 04/25/25 64230-01116 LEXIS RESEARCH |
| 04/26/25 | 245.39 | PAYNE, AUDREY 04/26/25 64230-01116 LEXIS RESEARCH |
| 04/27/25 | 248.04 | PAYNE, AUDREY 04/27/25 64230-01116 LEXIS RESEARCH |
| 04/28/25 | 248.04 | PAYNE, AUDREY 04/28/25 64230-01116 LEXIS RESEARCH |
| <u>Online research</u> | | |
| 04/01/25 | 600.00 | ALTABEF,VERONICA 04/01/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |

| | | |
|---|---|---|
| 04/01/25 | 240.00 | CARSTENS,ZACHARY 04/01/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 04/02/25 | 1,800.00 | ALTABEF,VERONICA 04/02/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 04/02/25 | 610.11 | CARSTENS,ZACHARY 04/02/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 04/03/25 | 240.00 | JORGENS,EMILY 04/03/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 04/04/25 | 240.00 | CARSTENS,ZACHARY 04/04/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 04/04/25 | 703.68 | JORGENS,EMILY 04/04/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 04/08/25 | 120.00 | CARSTENS,ZACHARY 04/08/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 04/09/25 | 120.00 | CARSTENS,ZACHARY 04/09/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 04/09/25 | 823.68 | HVIDT,SCOTT K 04/09/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 04/10/25 | 960.00 | ALTABEF,VERONICA 04/10/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 04/10/25 | 182.26 | CARSTENS,ZACHARY 04/10/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 04/13/25 | 240.00 | DABANKA,ELIZABETH 04/13/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 04/14/25 | 360.00 | DABANKA,ELIZABETH 04/14/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 04/23/25 | 240.00 | PAYNE,AUDREY 04/23/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 04/24/25 | 4,296.14 | PAYNE,AUDREY 04/24/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |

| | | |
|---|---|---|
| 04/24/25 | 360.00 | DABANKA,ELIZABETH 04/24/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 04/24/25 | 1,838.50 | ALTABEF,VERONICA 04/24/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 04/24/25 | 6,617.72 | JORGENS,EMILY 04/24/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 04/25/25 | 1,080.00 | HAWKINS,SALAH 04/25/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 04/25/25 | 720.00 | ALTABEF,VERONICA 04/25/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 04/25/25 | 240.00 | JORGENS,EMILY 04/25/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 04/26/25 | 2,712.05 | PAYNE,AUDREY 04/26/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 04/26/25 | 3,949.42 | JORGENS,EMILY 04/26/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 04/27/25 | 664.02 | PAYNE,AUDREY 04/27/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 04/27/25 | 240.00 | HAWKINS,SALAH 04/27/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 04/28/25 | 1,295.79 | PAYNE,AUDREY 04/28/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 04/28/25 | 480.00 | HAWKINS,SALAH 04/28/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 04/29/25 | 1,151.03 | JORGENS,EMILY 04/29/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 04/30/25 | 240.00 | HVIDT,SCOTT K 04/30/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 04/30/25 | 120.00 | JORGENS,EMILY 04/30/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |

Other professionals

| | | |
|---|---|---|
| 04/18/25 | [redacted] | [redacted] |
| <u>Online research</u> | | |
| 04/02/25 | 52.42 | CARSTENS, ZACHARY R. 04/02/2025 PRACTICAL LAW US |
| 04/09/25 | 7.75 | CARSTENS, ZACHARY R. 04/09/2025 BLOOMBERG LAW |
| 04/23/25 | 215.62 | DABANKA, ELIZABETH A. 04/23/2025 PRACTICAL LAW US |
| 04/24/25 | 11.90 | ALTABEF, VERONICA H. 04/24/2025 PRACTICAL LAW US |
| 04/24/25 | 50.15 | PAYNE, AUDREY COSETTE 04/24/2025 PRACTICAL LAW US |
| 04/25/25 | 9.70 | REILLY, KEVIN J. 04/25/2025 PACER |
| 04/27/25 | 3.20 | REILLY, KEVIN J. 04/27/2025 PACER |
| <u>Out-of-town travel</u> | | |
| 04/29/25 | [redacted] | [redacted] |

**GIBSON, DUNN & CRUTCHER LLP**
**200 Park Avenue**
**New York, New York 10166-0193**

**Federal Taxpayer ID** [redacted]

**July 8, 2025**

**Invoice No. 2025071019**

Ms. Nancy Troncalli
Legal Department Cost Control
Tenet HealthSystem
13737 Noel Road
Suite 100
Dallas, TX 75240

**For Services Rendered and Costs/Charges Advanced Through May 31, 2025**

| | | Services Rendered | Costs/ Charges | Totals |
|---|---|---|---|---|
| 64230-01116 | Leapfrog Dispute | $ [redacted] | $ [redacted] | $ [redacted] |
| | **Totals** | $ [redacted] | $ [redacted] | $ [redacted] |
| | [redacted] | | | [redacted] |
| | **Current Balance Due** | | | $ [redacted] |

**Remit By Wire To:**
Wells Fargo Bank
333 South Grand Avenue
Los Angeles, CA 90071-1515
Name of account: Gibson, Dunn & Crutcher LLP
Account No: [redacted]
ABA No: 121000248
Attn: Treasury Department
*Please include the client number and the proper attorney to notify in the wire instructions.*

**Remit By Mail To:**
Gibson, Dunn & Crutcher LLP
PO Box 840723
Los Angeles, CA 90084-0723

Please enclose the remittance copy of this invoice with your payment in the enclosed Reply Envelope to ensure proper credit.

Please note that payments received after the invoice date are not reflected.
For assistance with your account, please contact us at 213-229-7333 or cbilling@gibsondunn.com.

**Invoice Date: July 8, 2025** **Invoice No. 2025071019**

**Due and Payable Upon Receipt**

**GIBSON, DUNN & CRUTCHER LLP**
**200 Park Avenue**
**New York, New York 10166-0193**

**Federal Taxpayer ID [redacted]**

**July 8, 2025**

**Invoice No. 2025071019**

**REMITTANCE COPY**

**To ensure proper crediting, please send this copy in the enclosed envelope.**

Ms. Nancy Troncalli
Legal Department Cost Control
Tenet HealthSystem
13737 Noel Road
Suite 100
Dallas, TX 75240

**For Services Rendered and Costs/Charges Advanced Through May 31, 2025**

| | | Services Rendered | Costs/ Charges | Totals |
|---|---|---|---|---|
| 64230-01116 | Leapfrog Dispute | $ [redacted] | $ [redacted] | $ [redacted] |
| | **Totals** | $ [redacted] | $ [redacted] | $ [redacted] |
| | [redacted] | | | [redacted] |
| | **Current Balance Due** | | | $ [redacted] |

**Remit By Wire To:**
Wells Fargo Bank
333 South Grand Avenue
Los Angeles, CA 90071-1515
Name of account: Gibson, Dunn & Crutcher LLP
Account No: [redacted]
ABA No: 121000248
Attn: Treasury Department
*Please include the client number and the proper attorney to notify in the wire instructions.*

**Remit By Mail To:**
Gibson, Dunn & Crutcher LLP
PO Box 840723
Los Angeles, CA 90084-0723

Please enclose the remittance copy of this invoice with your payment in the enclosed Reply Envelope to ensure proper credit.

Please note that payments received after the invoice date are not reflected.
For assistance with your account, please contact us at 213-229-7333 or cbilling@gibsondunn.com.

**Invoice Date: July 8, 2025** **Invoice No. 2025071019**

**Due and Payable Upon Receipt**

Ms. Nancy Troncalli
Legal Department Cost Control
Tenet HealthSystem
13737 Noel Road
Suite 100
Dallas, TX 75240

LEAPFROG DISPUTE
64230-01116

---

For Legal Services Rendered Through May 31, 2025 $ [redacted]

| NAME | HOURS | RATE |
|---|---|---|
| STEPHEN W. FACKLER | [redacted] | $1,955.0 |
| MARY BETH MALONEY | | 1,950.0 |
| BETTY X. YANG | | 1,635.0 |
| LEE R. CRAIN | | 1,815.0 |
| SCOTT K. HVIDT | | 1,635.0 |
| BRIAN A. RICHMAN | | 1,355.0 |
| EMILY A. CARDONE | | 1,240.0 |
| KEVIN J. REILLY | | 1,355.0 |
| VERONICA H. ALTABEF | | 1,240.0 |
| IASON G. TOGIAS | | 1,060.0 |
| ELIZABETH A. DABANKA | | 1,060.0 |
| CASSIDY Q. LEWIS | | 950.00 |
| GODARD SOLOMON | | 1,060.0 |
| DAVID T. LAM | | 540.00 |
| SPENCER E. SCOTT | | 405.00 |
| LAUREN E. WOMACK | | 540.00 |

[redacted] [redacted]

**Total Services** $ [redacted]

| COSTS/CHARGES | TOTAL |
|---|---|
| DOCUMENT RETRIEVAL SERVICE | $ 24.50 |
| IN HOUSE DUPLICATION | [redacted] |
| INVESTIGATION FEES | |
| ON-LINE RESEARCH (WESTLAW) | 16,862.65 |
| SPECIALIZED RESEARCH | 607.42 |

**Total Costs/Charges** [redacted]

**Total Services, Costs/Charges** [redacted]

**BALANCE DUE** $ [redacted]

**Invoice Date: July 8, 2025** **Invoice No. 2025071019**

**Due and Payable Upon Receipt**

LEAPFROG DISPUTE
64230-01116

Detail Services:

05/01/25

| | | |
|---|---|---|
| [redacted] | Maloney, Mary Beth | [redacted] |
| 0.40 | Crain, Lee R | CONFER RE PI STRATEGY. |
| 6.40 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE LITIGATION MATERIALS (2.3); DRAFT CORRESPONDENCE REGARDING STRATEGY AND TASKS (.7); DRAFT, REVIEW AND REVISE TALKING POINTS (2.8); EXECUTE VARIOUS STRATEGY TASKS (.6). |
| [redacted] | Hvidt, Scott K | [redacted] |
| 1.00 | Hvidt, Scott K | REVIEW AND ANALYZE RESEARCH AND CASE MATERIALS FOR STRATEGIC PURPOSES. |
| 1.50 | Cardone, Emily A | REVIEW AND REVISE MOTION FOR PRELIMINARY INJUNCTION. |
| [redacted] | Cardone, Emily A | [redacted] |
| 2.30 | Cardone, Emily A | REVISE PRELIMINARY INJUNCTION MOTION AND MOTION FOR SPEEDY HEARING WITH S. HVIDT EDITS. |
| 0.50 | Cardone, Emily A | DEVELOP STRATEGY WITH M. MALONEY, L. CRAIN, S. HVIDT, K. REILLY, V. ALTABEF, I. TOGIAS, AND E. DABANKA RE PRELIMINARY INJUNCTION. |

| | | |
|---|---|---|
| [redacted] | Cardone, Emily A | [redacted] |
| 0.60 | Cardone, Emily A | REVIEW AND ANALYZE CORNERSTONE ANSWERS TO SPRING 2025 RESEARCH QUESTIONS. |
| 0.50 | Cardone, Emily A | REVIEW AND ANALYZE RESEARCH ON JUDGE MIDDLEBROOKS CASES. |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.30 | Cardone, Emily A | COORDINATE WITH LOCAL COUNSEL RE WAIVER OF SERVICE AND RESPONSE DEADLINES. |
| [redacted] | Cardone, Emily A | [redacted] |
| 5.10 | Reilly, Kevin J | REVISE PRELIMINARY INJUNCTION. |
| [redacted] | Reilly, Kevin J | [redacted] |
| [redacted] | Reilly, Kevin J | [redacted] |
| 0.30 | Reilly, Kevin J | CONFER WITH OUTSIDE COUNSEL REGARDING CASE STRATEGY. |
| [redacted] | Altabef, Veronica H | [redacted] |
| 6.50 | Togias, Iason G | CONDUCT RESEARCH AND COMPOSE MEMORANDUM ON DECISIONS BY D. MIDDLEBROOKS (6.0); CONFER WITH TEAM RE PRELIMINARY INJUNCTION STRATEGY (0.5). |

| | | |
|---|---|---|
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| 05/02/25 | | |
| [redacted] | Maloney, Mary Beth | [redacted] |
| 1.50 | Crain, Lee R | CONFER WITH CLIENT (.5); CONFER WITH M. MALONEY (.5); REVIEW FILINGS (.5). |
| [redacted] | Hvidt, Scott K | [redacted] |
| 0.80 | Hvidt, Scott K | WORK WITH TEAM REGARDING STRATEGY AND TASKS. |
| 7.30 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE MOTION FOR PRELIMINARY INJUNCTION (5.8); DRAFT CORRESPONDENCE REGARDING STRATEGY AND TASKS (.8); EXECUTE VARIOUS LITIGATION STRATEGY TASKS (.7). |
| 4.60 | Cardone, Emily A | REVIEW AND REVISE MOTION FOR PRELIMINARY INJUNCTION. |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.30 | Cardone, Emily A | DEVELOP STRATEGY WITH LOCAL COUNSEL RE PRELIMINARY INJUNCTION MOTION. |

| | | |
|---|---|---|
| 0.50 | Reilly, Kevin J | CONFER WITH CLIENT GROUP AND P. KELLER REGARDING CONSUMER CHOICE EXPERTISE. |
| 2.90 | Reilly, Kevin J | REVISE PRELIMINARY INJUNCTION BRIEF. |
| [redacted] | Altabef, Veronica H | [redacted] |
| 0.20 | Togias, Iason G | CORRESPOND WITH S. HVIDT RE RESEARCH FOR PRELIMINARY INJUNCTION BRIEF. |
| 05/03/25 | | |
| 0.40 | Hvidt, Scott K | DRAFT CORRESPONDENCE REGARDING LITIGATION STRATEGY. |
| 2.20 | Cardone, Emily A | REVIEW AND REVISE MOTION FOR PRELIMINARY INJUNCTION. |
| 05/04/25 | | |
| 1.00 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE PRELIMINARY INJUNCTION MOTION (.7); EXECUTE VARIOUS LITIGATION STRATEGY TASKS (.3). |
| 0.10 | Togias, Iason G | REVIEW INTERNAL CORRESPONDENCE RE PRELIMINARY INJUNCTION. |
| 05/05/25 | | |
| [redacted] | Maloney, Mary Beth | [redacted] |
| 0.80 | Crain, Lee R | REVISE MOTION. |
| 0.70 | Hvidt, Scott K | WORK WITH TEAM REGARDING LITIGATION STRATEGY AND TASKS. |

| | | |
|---|---|---|
| 1.60 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE VARIOUS LITIGATION MATERIALS (1.2); EXECUTE VARIOUS STRATEGY TASKS (.4). |
| 1.20 | Hvidt, Scott K | DRAFT CORRESPONDENCE TO CLIENT REGARDING HOSPITAL DECLARATIONS. |
| 0.30 | Cardone, Emily A | REVIEW AND REVISE KELLER ENGAGEMENT AGREEMENT. |
| 0.50 | Cardone, Emily A | REVIEW AND REVISE HOSPITAL DECLARATIONS TO REMOVE CONFIDENTIAL INFORMATION. |
| 0.80 | Cardone, Emily A | REVIEW AND ANALYZE MIDDLEBROOKS CASES FOR PRELIMINARY INJUNCTION. |
| 0.50 | Cardone, Emily A | COORDINATE WITH CORNERSTONE RE REVISIONS TO NICHOLSON DECLARATION. |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.60 | Cardone, Emily A | DRAFT RESPONSE TO LEAPFROG RE PRELIMINARY INJUNCTION. |
| 0.60 | Reilly, Kevin J | COORDINATE EXPERT DECLARATIONS. |
| [redacted] | Altabef, Veronica H | [redacted] |
| 4.70 | Togias, Iason G | CONDUCT RESEARCH AND COMPOSE MEMORANDUM ON JUDGE MIDDLEBROOKS' FDUTPA DECISIONS. |
| 05/06/25<br>5.00 | Maloney, Mary Beth | FURTHER EDITS TO BRIEF—REVISE FURTHER |

| | | |
|---|---|---|
| 2.70 | Crain, Lee R | CONFER WITH LOCAL COUNSEL RE STATUS AND STRATEGY (.5); INTERVIEW EXPERTS (1); REVISE BRIEF (1.2). |
| 0.90 | Hvidt, Scott K | WORK WITH TEAM REGARDING STRATEGY AND TASKS. |
| 1.20 | Hvidt, Scott K | WORK WITH EXPERT TEAMS REGARDING DECLARATION STRATEGY (.7); WORK WITH LOCAL COUNSEL REGARDING STRATEGY (.5) |
| 2.50 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE DECLARATIONS (1.9); EXECUTE VARIOUS STRATEGY TASKS (.6). |
| 0.50 | Hvidt, Scott K | DRAFT CORRESPONDENCE TO CLIENT REPRESENTATIVES REGARDING REQUESTS. |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.70 | Cardone, Emily A | REVIEW AND REVISE EMAIL TO LEAPFROG RE PRELIMINARY INJUNCTION AND DISCOVERY SCHEDULE WITH S. HVIDT AND L. CRAIN EDITS. |
| 0.60 | Cardone, Emily A | REVIEW AND REVISE TALKING POINTS RE PRELIMINARY INJUNCTION. |
| 0.60 | Cardone, Emily A | REVIEW AND REVISE UPDATED S. NICHOLSON DECLARATION. |
| [redacted] | Cardone, Emily A | [redacted] |

| | | |
|---|---|---|
| 0.80 | Reilly, Kevin J | ATTEND TEAM CALL (0.5); CONFER WITH L. CRAIN REGARDING PRELIMINARY INJUNCTION STRATEGY (0.3). |
| 1.20 | Reilly, Kevin J | PREPARE FOR AND ATTEND CALL WITH DR. CHAN (0.6); PREPARE FOR AND ATTEND CALL WITH CORNERSTONE REGARDING DR. KELLER'S DECLARATION (0.6). |
| 0.80 | Reilly, Kevin J | COORDINATE EXPERT CALL CALENDARS (0.2); DRAFT TALKING POINTS IN ADVANCE OF EXPERT CALLS (0.6). |
| 0.50 | Reilly, Kevin J | PREPARE CALL SUMMARIES WITH EXPERTS. |
| [redacted] | Altabef, Veronica H | [redacted] |
| 1.10 | Togias, Iason G | CONDUCT RESEARCH ON IRREPARABLE HARM (0.5); CONFER WITH TEAM RE PRELIMINARY INJUNCTION STRATEGY (0.6). |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| 05/07/25<br>4.00 | Maloney, Mary Beth | FURTHER EDITS TO BRIEF—REVISE FURTHER |
| 3.10 | Crain, Lee R | REVIEW DECLARATIONS (1.5); REVIEW BRIEF (1.6). |
| 0.30 | Hvidt, Scott K | CONFERENCE WITH CLIENT REGARDING ADMISSIONS METRICS. |

| | | |
|---|---|---|
| 4.60 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE DECLARATIONS (3.4); EXECUTE VARIOUS STRATEGY TASKS (.7); DRAFT CORRESPONDENCE REGARDING STRATEGY AND TASKS (.5). |
| [redacted] | Richman, Brian A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.30 | Cardone, Emily A | COORDINATE WITH LOCAL COUNSEL RE MIDDLEBROOKS CASES. |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.80 | Cardone, Emily A | REVIEW AND REVISE EXHIBITS FOR HOSPITAL DECLARATIONS. |
| 2.80 | Cardone, Emily A | REVIEW AND REVISE HOSPITAL CEO DECLARATIONS. |
| 6.90 | Reilly, Kevin J | REVISE PRELIMINARY INJUNCTION BRIEF. |
| 3.60 | Togias, Iason G | CONDUCT RESEARCH AND COMPOSE MEMORANDUM ON REPRESENTED-PARTY RULE. |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| 05/08/25 | | |
| 0.30 | Maloney, Mary Beth | ATTEND TO EXPERT REPORTS FOR PI; REVISE UPDATE TO CLIENT RE STRATEGY; ATTEND TO CMS UPDATES; CONFER WITH CLIENT RE CHANGES TO WEBSITE. |
| 1.60 | Crain, Lee R | REVIEW DECLARATIONS (1.1); INTERVIEW EXPERT (.5). |

| | | |
|---|---|---|
| 2.40 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE MOTION FOR PRELIMINARY INJUNCTION MATERIALS. |
| 0.50 | Hvidt, Scott K | WORK WITH EXPERT AND CLIENT REGARDING NICHOLSON REPORT. |
| [redacted] | Hvidt, Scott K | [redacted] |
| 0.60 | Hvidt, Scott K | EXECUTE VARIOUS PRELIMINARY INJUNCTION STRATEGY TASKS. |
| [redacted] | Richman, Brian A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.40 | Cardone, Emily A | REVIEW AND REVISE HOSPITAL DECLARATIONS WITH L. CRAIN EDITS. |
| 0.30 | Cardone, Emily A | DEVELOP STRATEGY WITH S. HVIDT AND V. ALTABEF RE ADDITIONAL RESEARCH FOR PRELIMINARY INJUNCTION. |
| 1.40 | Cardone, Emily A | REVIEW AND ANALYZE PLAINTIFF BRIEFS FOR ADDITIONAL CASES FOR PRELIMINARY INJUNCTION. |
| [redacted] | Cardone, Emily A | [redacted] |
| 1.30 | Reilly, Kevin J | REVIEW LEGAL RESEARCH IN SUPPORT OF PRELIMINARY INJUNCTION (0.5); REVIEW FACT AND EXPERT DECLARATIONS (0.8) |
| 1.80 | Reilly, Kevin J | REVISE EXPERT DECLARATIONS (0.3); REVISE PRELIMINARY INJUNCTION (1.5) |
| 0.50 | Reilly, Kevin J | ATTEND EXPERT CALL WITH DR. NICHOLSON. |

| | | |
|---|---|---|
| 0.50 | Reilly, Kevin J | CONFER WITH B. RICHMAN REGARDING PRELIMINARY INJUNCTION BRIEF STRATEGY. |
| [redacted] | Altabef, Veronica H | [redacted] |
| 0.30 | Togias, Iason G | CORRESPOND WITH TEAM RE RESEARCH FOR PRELIMINARY INJUNCTION BRIEF. |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| 05/09/25 [redacted] | Maloney, Mary Beth | [redacted] |
| 0.90 | Crain, Lee R | CONFER WITH CLIENT RE STATUS AND STRATEGY. |
| 2.70 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE PRELIMINARY INJUNCTION MATERIALS (2.1); EXECUTE VARIOUS LITIGATION STRATEGY TASKS (.6). |
| 0.50 | Hvidt, Scott K | WORK WITH TEAM REGARDING STRATEGY AND TASKS. |
| [redacted] | Richman, Brian A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |

| | | |
|---|---|---|
| 0.50 | Cardone, Emily A | REVIEW AND ANALYZE P. KELLER DECLARATION FOR PRELIMINARY INJUNCTION MOTION. |
| 0.60 | Cardone, Emily A | REVIEW AND ANALYZE REVISED S. NICHOLSON DECLARATION. |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.50 | Reilly, Kevin J | CONFER WITH ASSOCIATE TEAM REGARDING RESEARCH WORK STREAMS. |
| 2.40 | Reilly, Kevin J | REVISE KELLER DECLARATION (1.1); REVISE PRELIMINARY INJUNCTION (1.3). |
| [redacted] | Altabef, Veronica H | [redacted] |
| 1.40 | Togias, Iason G | CONDUCT RESEARCH RE IMPLIED FALSEHOODS UNDER FIRST AMENDMENT. |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| 05/10/25 | | |
| 1.00 | Maloney, Mary Beth | REVIEW RESEARCH ON POSSIBLE COOPERATING WITNESS REACH-OUTS AND CONFER WITH CLIENT RE SAME .5; ADDRESS CLINICAL EXPERT RETENTION ISSUES .5. |
| 0.60 | Hvidt, Scott K | WORK WITH TEAM REGARDING PRELIMINARY INJUNCTION STRATEGY AND TASKS. |
| 0.40 | Hvidt, Scott K | REVIEW AND ANALYZE INVESTIGATION ANALYSIS. |

| | | | |
|---|---|---|---|
| 05/11/25 | [redacted] | Hvidt, Scott K | [redacted] |
| 05/12/25 | [redacted] | Maloney, Mary Beth | [redacted] |
| | 6.50 | Crain, Lee R | REVISE MOTION FOR A PRELIMINARY INJUNCTION BRIEF. |
| | [redacted] | Hvidt, Scott K | [redacted] |
| | 0.80 | Hvidt, Scott K | WORK WITH TEAM REGARDING STRATEGY AND TASKS. |
| | 1.50 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE MOTION FOR PRELIMINARY INJUNCTION MATERIALS (.9); EXECUTE VARIOUS STRATEGY TASKS (.6). |
| | [redacted] | Richman, Brian A | [redacted] |
| | [redacted] | Cardone, Emily A | [redacted] |
| | [redacted] | Cardone, Emily A | [redacted] |
| | [redacted] | Cardone, Emily A | [redacted] |

| | | |
|---|---|---|
| [redacted] | Cardone, Emily A | [redacted] |
| 0.60 | Cardone, Emily A | REVIEW AND REVISE DECLARATIONS WITH CLINICIAN TESTIMONY. |
| 0.30 | Cardone, Emily A | REVIEW AND REVISE RESPONSE TO LEAPFROG. |
| 5.60 | Reilly, Kevin J | REVISE PRELIMINARY INJUNCTION (4.8); REVISE DECLARATION OF PROFESSOR KELLER (0.8). |
| 0.10 | Togias, Iason G | REVIEW INTERNAL CORRESPONDENCE RE HOSPITAL GRADES. |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| 05/13/25 [redacted] | Maloney, Mary Beth | [redacted] |
| 4.00 | Crain, Lee R | REVIEW PRELIMINARY INJUNCTION FILINGS. |
| 2.90 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE PRELIMINARY INJUNCTION MATERIALS (2.2); EXECUTE VARIOUS STRATEGY TASKS (.7). |
| 0.80 | Hvidt, Scott K | WORK WITH TEAM REGARDING STRATEGY AND TASKS. |
| 1.50 | Cardone, Emily A | REVIEW AND REVISE MOTION FOR PRELIMINARY INJUNCTION WITH M. MALONEY AND L. CRAIN EDITS. |

| | | |
|---|---|---|
| 0.40 | Cardone, Emily A | DEVELOP STRATEGY WITH L. CRAIN, S. HVIDT, AND V. ALTABEF RE MOTION FOR PRELIMINARY INJUNCTION. |
| 1.20 | Cardone, Emily A | DRAFT AND REVISE COVER MOTION AND PROPOSED ORDERS FOR MOTION FOR PRELIMINARY INJUNCTION. |
| 1.60 | Cardone, Emily A | REVIEW AND REVISE HOSPITAL DECLARATIONS AND RELATED EXHIBITS. |
| 5.40 | Reilly, Kevin J | REVISE DRAFT DECLARATION FOR CLINICIAN EXPERT (2.4); REVISE PRELIMINARY INJUNCTION BRIEF (2.1); REVIEW ATTORNEY DECLARATION EXHIBITS (0.9) |
| 0.40 | Reilly, Kevin J | INTERVIEW CLINICIAN EXPERT DR. PATERSON. |
| 0.50 | Reilly, Kevin J | CONFER WITH TEAM REGARDING CASE STRATEGY. |
| [redacted] | Altabef, Veronica H | [redacted] |
| 0.50 | Togias, Iason G | CONFER WITH TEAM RE PRELIMINARY INJUNCTION BRIEF. |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| 05/14/25 | | |
| 6.50 | Maloney, Mary Beth | REVISIONS TO PI FILING AND CONFER WITH TEAM RE SAME—NARROW RELIEF—REVISE INTRODUCTION, REVIEW ALL FILINGS, ATTEND TO CLINICIAN EXPERT ISSUES. |
| 3.20 | Crain, Lee R | REVISE PI FILINGS. |

| | | |
|---|---|---|
| 3.00 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE PRELIMINARY INJUNCTION MATERIALS (2.4); EXECUTE VARIOUS LITIGATION STRATEGY TASKS (.6). |
| 0.40 | Hvidt, Scott K | WORK WITH TEAM REGARDING STRATEGY AND TASKS. |
| 0.70 | Cardone, Emily A | REVIEW AND REVISE COVER MOTION AND PROPOSED ORDERS. |
| 0.40 | Cardone, Emily A | REVIEW AND ANALYZE CEASE AND DESIST. |
| 1.30 | Cardone, Emily A | REVIEW AND REVISE PRELIMINARY INJUNCTION WITH M. MALONEY AND L. CRAIN EDITS. |
| 1.40 | Cardone, Emily A | REVIEW AND REVISE L. CRAIN DECLARATION AND EXHIBITS FOR PRELIMINARY INJUNCTION. |
| 1.70 | Cardone, Emily A | REVIEW AND ANALYZE CASES FOR PRELIMINARY INJUNCTION MOTION. |
| 1.40 | Cardone, Emily A | REVIEW, REVISE, AND FINALIZE HOSPITAL DECLARATIONS IN SUPPORT OF PRELIMINARY INJUNCTION MOTION. |
| 0.40 | Reilly, Kevin J | CONFER WITH E. CARDONE REGARDING STRATEGY. |
| 4.00 | Reilly, Kevin J | REVISE PRELIMINARY INJUNCTION BRIEF (1.3); REVISE ATTORNEY DECLARATION (2.7). |
| | Altabef, Veronica H | |
| 3.60 | Togias, Iason G | REVIEW AND REVISE PRELIMINARY INJUNCTION BRIEF. |

| | | |
|---|---|---|
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| 05/15/25 | | |
| [redacted] | Fackler, Stephen W | [redacted] |
| [redacted] | Maloney, Mary Beth | [redacted] |
| 7.50 | Crain, Lee R | REVISE FILINGS FOR PRELIMINARY INJUNCTION. |
| 7.30 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE MOTION FOR PRELIMINARY INJUNCTION AND RELATED MATERIALS. |
| 1.60 | Hvidt, Scott K | WORK WITH TEAM REGARDING STRATEGY AND TASKS. |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.70 | Cardone, Emily A | DRAFT AND REVISE WEEKLY UPDATE AND TASK LIST. |
| 0.50 | Cardone, Emily A | DEVELOP STRATEGY WITH LOCAL COUNSEL RE PRELIMINARY INJUNCTION. |
| 1.70 | Cardone, Emily A | REVIEW, REVISE, AND FINALIZE HOSPITAL DECLARATIONS. |
| 1.10 | Cardone, Emily A | REVIEW AND REVISE S. NICHOLSON DECLARATION. |
| 0.40 | Cardone, Emily A | REVIEW AND ANALYZE MOTION FOR STATUS CONFERENCE. |

| | | |
|---|---|---|
| 8.60 | Cardone, Emily A | REVIEW, REVISE, AND FINALIZE MOTION FOR PRELIMINARY INJUNCTION, L. CRAIN DECLARATION, EXHIBITS, AND PROPOSED ORDER. |
| 0.40 | Reilly, Kevin J | COORDINATE WITH ASSOCIATES REGARDING FINALIZING BRIEF. |
| 6.30 | Reilly, Kevin J | REVISE DECLARATION (2.1); REVISE PRELIMINARY INJUNCTION BRIEF (4.2) |
| [redacted] | Altabef, Veronica H | [redacted] |
| 0.10 | Togias, Iason G | REVIEW CORRESPONDENCE RE PRELIMINARY INJUNCTION BRIEF. |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| [redacted] | Lewis, Cassidy Q | [redacted] |
| [redacted] | Solomon, Godard | [redacted] |
| [redacted] | Solomon, Godard | [redacted] |
| [redacted] | Scott, Spencer E | [redacted] |

05/16/25

| | | |
|---|---|---|
| [redacted] | Fackler, Stephen W | [redacted] |
| [redacted] | Maloney, Mary Beth | [redacted] |
| 7.50 | Crain, Lee R | REVIEW, REVISE, AND FINALIZE PRELIMINARY INJUNCTION FILINGS (7.25); CONFER WITH CLIENT RE THE SAME (.25). |
| 2.50 | Cardone, Emily A | REVIEW, REVISE, AND FINALIZE PRELIMINARY INJUNCTION MOTION AND DECLARATIONS. |
| 10.20 | Reilly, Kevin J | FINALIZE PRELIMINARY INJUNCTION BRIEF AND ANCILLARY FILINGS. |
| 0.10 | Reilly, Kevin J | COMMUNICATE WITH ASSOCIATE TEAM REGARDING RESEARCH. |
| [redacted] | Togias, Iason G | [redacted] |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| [redacted] | Lewis, Cassidy Q | [redacted] |
| [redacted] | Solomon, Godard | [redacted] |

| | | |
|---|---|---|
| [redacted] | Solomon, Godard | [redacted] |
| [redacted] | Solomon, Godard | [redacted] |
| [redacted] | Lam, David T | [redacted] |
| 05/18/25<br>1.60 | Cardone, Emily A | REVIEW AND ANALYZE MOTION FOR PRELIMINARY INJUNCTION AND EXHIBITS. |
| [redacted] | Cardone, Emily A | [redacted] |
| 05/19/25<br>[redacted] | Maloney, Mary Beth | [redacted] |
| [redacted] | Crain, Lee R | [redacted] |
| 1.60 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE REQUESTS FOR PRODUCTION. |
| 2.00 | Hvidt, Scott K | EXECUTE VARIOUS LITIGATION STRATEGY TASKS (.5); DRAFT ASSIGNMENTS FOR CEASE AND DESIST LETTER (.7); DRAFT, REVIEW AND REVISE RESPONSE TO CEASE AND DESIST LETTER (.8). |
| [redacted] | Cardone, Emily A | [redacted] |

| | | |
|---|---|---|
| [redacted] | Cardone, Emily A | [redacted] |
| 0.80 | Cardone, Emily A | REVIEW, ANALYZE, AND REVISE CITATIONS TO COMPLAINT AND PRELIMINARY INJUNCTION FOR RESPONSE TO CEASE AND DESIST LETTER. |
| 0.80 | Cardone, Emily A | REVIEW AND ANALYZE QUALIFIED LITIGATION PRIVILEGE FOR RESPONSE TO CEASE AND DESIST LETTER AND CONDUCT ADDITIONAL RESEARCH. |
| 0.40 | Reilly, Kevin J | REVIEW PRIVILEGE RESEARCH. |
| [redacted] | Altabef, Veronica H | [redacted] |
| 0.10 | Togias, Iason G | CORRESPOND WITH TEAM RE RESEARCH ON LITIGATION PRIVILEGE. |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| 05/20/25 [redacted] | Maloney, Mary Beth | [redacted] |
| [redacted] | Yang, Betty X | [redacted] |
| 1.60 | Crain, Lee R | ATTENTION TO STATUS AND STRATEGY RE CASE DEVELOPMENTS. |

| | | |
|---|---|---|
| 0.90 | Hvidt, Scott K | PARTICIPATE IN TEAM MEETING REGARDING STRATEGY AND TASKS (.5); WORK WITH TEAM MEMBERS REGARDING STRATEGY (.4). |
| 2.50 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE RESPONSE TO CEASE AND DESIST LETTER (1.8); EXECUTE VARIOUS STRATEGY TASKS (.7). |
| 1.10 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE REQUESTS FOR PRODUCTION. |
| 0.60 | Cardone, Emily A | DEVELOP STRATEGY WITH INTERNAL TEAM RE RESPONSE TO CEASE AND DESIST, REQUESTS FOR PRODUCTION, AND COALITION. |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.50 | Cardone, Emily A | REVIEW AND ANALYZE LITIGATION PRIVILEGE RESEARCH AND RELATED CASES FOR CEASE AND DESIST LETTER RESPONSE. |
| 1.40 | Cardone, Emily A | DRAFT AND REVISE REQUESTS FOR PRODUCTION TO LEAPFROG. |
| 0.40 | Cardone, Emily A | REVIEW AND REVISE RESPONSE TO CEASE AND DESIST LETTER. |
| 7.30 | Reilly, Kevin J | DRAFT OPPOSITION TO CEASE AND DESIST. |
| 2.00 | Reilly, Kevin J | RESEARCH FIRST AMENDMENT LAW. |

| | | |
|---|---|---|
| | Altabef, Veronica H | |
| 3.20 | Togias, Iason G | CONFER WITH TEAM RE RESPONSE TO CEASE AND DESIST LETTER (0.5); CONDUCT RESEARCH AND COMPOSE MEMORANDUM RE LITIGATION PRIVILEGE (2.7). |
| | Dabanka, Elizabeth A | |
| 05/21/25 | | |
| 1.60 | Maloney, Mary Beth | CONFER WITH CLIENT AND TEAM RE RECOMMENDATION FOR PI AND SCHEDULE (1.3); REVISE CEASE AND DESIST LETTER (.3). |
| | Yang, Betty X | |
| 2.00 | Crain, Lee R | ATTENTION TO STATUS AND STRATEGY (.5); REVISE CEASE AND DESIST LETTER (1.5). |
| 0.80 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE DISCOVERY REQUESTS. |
| 2.60 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE LETTER TO OPPOSING COUNSEL (1.2); DRAFT, REVIEW AND REVISE CASE SCHEDULE (.6); DRAFT, REVIEW AND REVISE CORRESPONDENCE REGARDING STRATEGY AND TASKS (.8). |

| | | |
|---|---|---|
| [redacted] | Hvidt, Scott K | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.50 | Cardone, Emily A | DRAFT AND REVISE PROPOSED CASE SCHEDULE. |
| 0.40 | Cardone, Emily A | REVIEW AND ANALYZE CORNERSTONE ADDITIONS TO REQUESTS FOR PRODUCTION. |
| 0.40 | Cardone, Emily A | LEGAL RESEARCH RE JUDGE MATTHEWMAN FOR STATUS CONFERENCE. |
| 0.70 | Cardone, Emily A | LEGAL RESEARCH RE APPLICABILITY OF ANTI-SLAPP STATUTE IN FEDERAL COURT. |
| 0.50 | Cardone, Emily A | REVIEW AND REVISE REQUESTS FOR PRODUCTION. |
| 0.40 | Reilly, Kevin J | REVISE CEASE AND DESIST LETTER. |
| [redacted] | Altabef, Veronica H | [redacted] |
| 0.10 | Togias, Iason G | CORRESPOND WITH TEAM RE RESEARCH ON MAGISTRATE JUDGE. |
| 05/22/25 | | |
| [redacted] | Maloney, Mary Beth | [redacted] |
| [redacted] | Yang, Betty X | [redacted] |



**Due and Payable Upon Receipt**

| | | |
|---|---|---|
| 2.00 | Crain, Lee R | REVIEW AND REVISE CEASE AND DESIST LETTER (.5); REVISE CASE SCHEDULE (.5); COORDINATE MEET AND CONFER WITH OPPOSING COUNSEL (.3); ATTENTION TO STATUS AND STRATEGY (.7). |
| [redacted] | Hvidt, Scott K | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.30 | Cardone, Emily A | REVIEW AND REVISE PROPOSED CASE SCHEDULE WITH L. CRAIN EDITS. |
| 0.40 | Cardone, Emily A | REVIEW AND ANALYZE LOCAL COUNSEL SCHEDULING ORDERS AND RECENT JUDGE MATTHEWMAN DECISION. |
| 0.30 | Cardone, Emily A | REVIEW AND ANALYZE E. DABANKA RESEARCH RE JUDGE MATTHEWMAN FIRST AMENDMENT DECISIONS. |
| [redacted] | Cardone, Emily A | [redacted] |
| 1.30 | Reilly, Kevin J | CONDUCT RESEARCH REGARDING FIRST AMENDMENT. |
| [redacted] | Altabef, Veronica H | [redacted] |
| 1.40 | Togias, Iason G | CONDUCT RESEARCH AND CORRESPOND WITH TEAM RE LITIGATION PRIVILEGE. |

| | | |
|---|---|---|
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| [redacted] | Scott, Spencer E | [redacted] |
| 05/23/25 [redacted] | Maloney, Mary Beth | [redacted] |
| 1.90 | Crain, Lee R | CONFER WITH CLIENT (.5); MEET AND CONFER WITH OPPOSING COUNSEL AND PREPARE FOR THE SAME (1); ATTENTION TO STATUS AND STRATEGY (.2). |
| 0.50 | Hvidt, Scott K | EXECUTE VARIOUS LITIGATION STRATEGY TASKS. |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.30 | Cardone, Emily A | DEBRIEF LEAPFROG CALL WITH L. CRAIN AND S. HVIDT. |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.30 | Togias, Iason G | CORRESPOND WITH TEAM RE RESEARCH ON FLORIDA ANTI-SLAPP LAW. |

| | | |
|---|---|---|
| 05/25/25 | | |
| 0.30 | Cardone, Emily A | REVIEW AND ANALYZE I. TOGIAS RESEARCH RE JUDGE MATTHEWMAN AND FDUTPA CLAIMS. |
| 2.10 | Togias, Iason G | CONDUCT RESEARCH AND COMPOSE MEMORANDUM ON JUDGE MATTHEWMAN. |
| 05/27/25 | | |
| [redacted] | Maloney, Mary Beth | [redacted] |
| [redacted] | Yang, Betty X | [redacted] |
| [redacted] | Crain, Lee R | [redacted] |

| | | |
|---|---|---|
| 1.30 | Hvidt, Scott K | DRAFT CORRESPONDENCE REGARDING SCHEDULING STRATEGY (.9); REVIEW AND ANALYZE STRATEGY AND UPDATES (.4). |
| 0.60 | Cardone, Emily A | REVIEW AND REVISE TALKING POINTS FOR CONFERENCE. |
| 0.50 | Cardone, Emily A | REVIEW AND REVISE PROPOSED SCHEDULING ORDER AND EMAIL TO OPPOSING COUNSEL. |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.50 | Cardone, Emily A | REVIEW, REVISE, AND FINALIZE RESPONSE TO CEASE AND DESIST LETTER. |
| 0.50 | Cardone, Emily A | DRAFT AND REVISE NOTICE TO WITHDRAW PRELIMINARY INJUNCTION. |
| 3.60 | Reilly, Kevin J | DRAFT TALKING POINT OUTLINE. |
| 2.80 | Togias, Iason G | CONFER WITH K. REILLY AND A. CARTER RE FLORIDA ANTI-SLAPP RESEARCH (0.3); REVIEW AND REVISE RESPONSE TO CEASE-AND-DESIST LETTER (2.5). |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| 05/28/25 | | |
| [redacted] | Maloney, Mary Beth | [redacted] |

| | | |
|---|---|---|
| 2.50 | Maloney, Mary Beth | PREPARE FOR AND ARGUE AT CASE MANAGEMENT CONFERENCE AND UPDATE CLIENT RE SAME 2.5 |
| [redacted] | Yang, Betty X | [redacted] |
| 3.00 | Crain, Lee R | PREPARE FOR AND ATTEND CONFERENCE AND FOLLOW UP RE THE SAME (1.5); FINALIZE CEASE AND DESIST LETTER AND SEND TO OPPOSING COUNSEL (.5); ATTENTION TO STATUS AND STRATEGY (1). |
| 1.30 | Hvidt, Scott K | DRAFT CORRESPONDENCE TO TEAM REGARDING STRATEGY AND TASKS (.7); EXECUTE VARIOUS LITIGATION STRATEGY TASKS (.6). |
| 0.50 | Hvidt, Scott K | REVIEW AND ANALYZE STATUS CONFERENCE NOTES AND TALKING POINTS. |
| 0.70 | Cardone, Emily A | DRAFT AND REVISE UPDATE RE CASE SCHEDULE. |
| 0.40 | Cardone, Emily A | REVIEW AND FINALIZE RESPONSE TO CEASE AND DESIST LETTER. |
| [redacted] | Cardone, Emily A | [redacted] |
| 1.10 | Cardone, Emily A | DRAFT UPDATE RE CONFERENCE AND CHART COMPARING PROPOSED SCHEDULE AND SCHEDULING ORDER. |

| | | |
|---|---|---|
| 0.40 | Cardone, Emily A | DEVELOP STRATEGY WITH S. HVIDT AND K. REILLY RE NEXT STEPS. |
| 1.00 | Reilly, Kevin J | REVISE TALKING POINTS FOR CASE MANAGEMENT CONFERENCE. |
| 0.50 | Reilly, Kevin J | CONFER WITH L. CRAIN REGARDING CASE STRATEGY. |
| 1.90 | Togias, Iason G | REVISE RESPONSE TO CEASE-AND-DESIST LETTER. |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| 05/29/25 | | |
| [redacted] | Maloney, Mary Beth | [redacted] |
| [redacted] | Yang, Betty X | [redacted] |
| 0.70 | Crain, Lee R | ATTEND TO CASE MANAGEMENT, INCLUDING CLIENT UPDATE AND STAFFING ANALYSIS FOR NEXT PHASE OF CASE. |

| | | |
|---|---|---|
| 1.80 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE DOCUMENT REQUESTS. |
| [redacted] | Hvidt, Scott K | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| 1.90 | Togias, Iason G | CONDUCT RESEARCH AND COMPOSE MEMORANDUM RE OBTAINING BENCH TRIAL. |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| 05/30/25 [redacted] | Maloney, Mary Beth | [redacted] |
| [redacted] | Yang, Betty X | [redacted] |

| | | |
|---|---|---|
| 2.10 | Crain, Lee R | CONFER RE STATUS AND STRATEGY WITH TEAM (1); CONFER WITH CLIENT AND PREPARE FOR THE SAME (.5); REVIEW RESEARCH RE JURY TRIAL DEMAND (.5). |
| 1.20 | Hvidt, Scott K | PARTICIPATE IN TEAM STRATEGY MEETING (.7); DRAFT CORRESPONDENCE WITH TEAM REGARDING STRATEGY AND TASKS (.5). |
| [redacted] | Hvidt, Scott K | [redacted] |
| 1.10 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE DISCOVERY REQUESTS. |
| 0.50 | Hvidt, Scott K | REVIEW AND ANALYZE MATERIALS FOR THE DISCOVERY PLAN. |
| 0.70 | Cardone, Emily A | REVIEW AND REVISE REQUESTS FOR PRODUCTION. |
| 0.80 | Reilly, Kevin J | COORDINATE STRATEGY REGARDING OPPOSITION TO MOTION TO DISMISS. |
| 0.30 | Reilly, Kevin J | COMMUNICATE WITH L. CRAIN REGARDING CASE STRATEGY. |
| 0.30 | Togias, Iason G | CORRESPOND WITH TEAM RE RESEARCH FOR OPPOSITION TO MOTION TO DISMISS. |
| [redacted] | Womack, Lauren E | [redacted] |
| 05/31/25 | | |
| 1.50 | Cardone, Emily A | DRAFT AND REVISE DISCOVERY PLAN. |

LEAPFROG DISPUTE
64230-01116

---

Detail Costs/Charges:

| | | |
|---|---|---|
| Litigation support vendors | | |
| 05/28/25 | 13.60 | PACER USAGE MAY 2025. |
| 05/28/25 | 10.90 | PACER USAGE MAY 2025. |
| Copying | | |
| 05/07/25 | | |
| 05/14/25 | | |
| 05/19/25 | | |
| 05/28/25 | | |
| Private Investigators | | |
| 05/20/25 | | |
| Online research | | |
| 05/01/25 | 2,142.02 | TOGIAS,IASON 05/01/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 05/01/25 | 240.00 | HVIDT,SCOTT K 05/01/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 05/04/25 | 240.00 | JORGENS,EMILY 05/04/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 05/05/25 | 1,440.00 | TOGIAS,IASON 05/05/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 05/06/25 | 480.00 | TOGIAS,IASON 05/06/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |

| | | |
|---|---|---|
| 05/07/25 | 3,738.02 | TOGIAS,IASON 05/07/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 05/07/25 | 317.61 | RICHMAN,BRIAN 05/07/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 05/08/25 | 1,047.36 | ALTABEF,VERONICA 05/08/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 05/08/25 | 317.61 | RICHMAN,BRIAN 05/08/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 05/09/25 | 240.00 | TOGIAS,IASON 05/09/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 05/14/25 | 600.00 | DABANKA,ELIZABETH 05/14/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 05/14/25 | 360.00 | TOGIAS,IASON 05/14/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 05/15/25 | 960.00 | DABANKA,ELIZABETH 05/15/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 05/19/25 | 240.00 | DABANKA,ELIZABETH 05/19/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 05/20/25 | 480.00 | TOGIAS,IASON 05/20/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 05/22/25 | 1,320.00 | DABANKA,ELIZABETH 05/22/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 05/22/25 | 120.00 | TOGIAS,IASON 05/22/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 05/25/25 | 549.01 | TOGIAS,IASON 05/25/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 05/27/25 | 240.00 | DABANKA,ELIZABETH 05/27/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 05/28/25 | 240.00 | TOGIAS,IASON 05/28/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |

| | | |
|---|---|---|
| 05/29/25 | 1,551.02 | TOGIAS,IASON 05/29/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |

Online research

| | | |
|---|---|---|
| 05/02/25 | 1.30 | CARDONE, EMILY A. 05/02/2025 PACER |
| 05/08/25 | 7.20 | ALTABEF, VERONICA H. 05/08/2025 PACER |
| 05/08/25 | 200.00 | ALTABEF, VERONICA H. 05/08/2025 TRELLIS |
| 05/18/25 | 1.00 | CARDONE, EMILY A. 05/18/2025 PACER |
| 05/22/25 | 191.25 | SCOTT, SPENCER E. 05/22/2025 CHEETAH / VITALLAW |
| 05/22/25 | 199.87 | DABANKA, ELIZABETH A. 05/22/2025 HEINONLINE |
| 05/27/25 | 2.00 | REILLY, KEVIN J. 05/27/2025 PACER |
| 05/28/25 | 1.40 | REILLY, KEVIN J. 05/28/2025 PACER |
| 05/28/25 | 3.40 | CARDONE, EMILY A. 05/28/2025 PACER |

**GIBSON, DUNN & CRUTCHER LLP**
**200 Park Avenue**
**New York, New York 10166-0193**

**Federal Taxpayer ID** [redacted]

**July 8, 2025**

**Invoice No. 2025071022**

Ms. Nancy Troncalli
Legal Department Cost Control
Tenet HealthSystem
13737 Noel Road
Suite 100
Dallas, TX 75240

**For Services Rendered and Costs/Charges Advanced Through June 30, 2025**

| | | Services Rendered | Costs/ Charges | Totals |
|---|---|---|---|---|
| 64230-01116 | Leapfrog Dispute | $ [redacted] | $ [redacted] | $ [redacted] |
| | **Totals** | $ [redacted] | $ [redacted] | $ [redacted] |
| | [redacted] | | | [redacted] |
| | **Current Balance Due** | | | $ [redacted] |

**Remit By Wire To:**
Wells Fargo Bank
333 South Grand Avenue
Los Angeles, CA 90071-1515
Name of account: Gibson, Dunn & Crutcher LLP
Account No: [redacted]
ABA No: 121000248
Attn: Treasury Department
*Please include the client number and the proper attorney to notify in the wire instructions.*

**Remit By Mail To:**
Gibson, Dunn & Crutcher LLP
PO Box 840723
Los Angeles, CA 90084-0723

Please enclose the remittance copy of this invoice with your payment in the enclosed Reply Envelope to ensure proper credit.

Please note that payments received after the invoice date are not reflected.
For assistance with your account, please contact us at 213-229-7333 or cbilling@gibsondunn.com.

**Invoice Date: July 8, 2025** **Invoice No. 2025071022**

**Due and Payable Upon Receipt**

**GIBSON, DUNN & CRUTCHER LLP**
**200 Park Avenue**
**New York, New York 10166-0193**

**Federal Taxpayer ID** [redacted]

**July 8, 2025**

**Invoice No. 2025071022**

**REMITTANCE COPY**

**To ensure proper crediting, please send this copy in the enclosed envelope.**

Ms. Nancy Troncalli
Legal Department Cost Control
Tenet HealthSystem
13737 Noel Road
Suite 100
Dallas, TX 75240

**For Services Rendered and Costs/Charges Advanced Through June 30, 2025**

| | | Services Rendered | Costs/ Charges | Totals |
|---|---|---|---|---|
| 64230-01116 | Leapfrog Dispute | $ [redacted] | $ [redacted] | $ [redacted] |
| | **Totals** | $ [redacted] | $ [redacted] | $ [redacted] |
| | [redacted] | | | [redacted] |
| | **Current Balance Due** | | | $ [redacted] |

**Remit By Wire To:**
Wells Fargo Bank
333 South Grand Avenue
Los Angeles, CA 90071-1515
Name of account: Gibson, Dunn & Crutcher LLP
Account No: [redacted]
ABA No: 121000248
Attn: Treasury Department
*Please include the client number and the proper attorney to notify in the wire instructions.*

**Remit By Mail To:**
Gibson, Dunn & Crutcher LLP
PO Box 840723
Los Angeles, CA 90084-0723

Please enclose the remittance copy of this invoice with your payment in the enclosed Reply Envelope to ensure proper credit.

Please note that payments received after the invoice date are not reflected.
For assistance with your account, please contact us at 213-229-7333 or cbilling@gibsondunn.com.

**Invoice Date: July 8, 2025** **Invoice No. 2025071022**

**Due and Payable Upon Receipt**

Ms. Nancy Troncalli
Legal Department Cost Control
Tenet HealthSystem
13737 Noel Road
Suite 100
Dallas, TX 75240

LEAPFROG DISPUTE
64230-01116

---

For Legal Services Rendered Through June 30, 2025 $ [redacted]

| NAME | HOURS | RATE |
|---|---|---|
| MYLAN L. DENERSTEIN | [redacted] | $2,075.0 |
| DANIEL CHUNG | | 1,800.0 |
| MARY BETH MALONEY | | 1,950.0 |
| BETTY X. YANG | | 1,635.0 |
| SYDNEY A. SCOTT | | 1,635.0 |
| LEE R. CRAIN | | 1,815.0 |
| SCOTT K. HVIDT | | 1,635.0 |
| CHRISTINE M. BUZZARD | | 1,465.0 |
| ALLYSON E. PARKS | | 1,435.0 |
| BRIAN A. RICHMAN | | 1,355.0 |
| MARC AARON Y. TAKAGAKI | | 1,435.0 |
| EMILY A. CARDONE | | 1,240.0 |
| ANDREW V. KUNTZ | | 1,355.0 |
| KEVIN J. REILLY | | 1,355.0 |
| REBECCA ROMAN | | 1,240.0 |
| ADAM J. GARNICK | | 1,355.0 |
| VERONICA H. ALTABEF | | 1,240.0 |
| IASON G. TOGIAS | | 1,060.0 |
| ELIZABETH A. DABANKA | | 1,060.0 |
| KARSYN ARCHAMBEAU | | 1,060.0 |
| SPENCER E. SCOTT | | 405.00 |
| LAUREN E. WOMACK | | 540.00 |
| [redacted] | | [redacted] |

**Total Services** $ [redacted]

| COSTS/CHARGES | TOTAL |
|---|---|
| DATA LINE CHARGE | $ [redacted] |
| IN HOUSE DUPLICATION | |
| LODGING | |
| MEALS | |
| ON-LINE RESEARCH (LEXIS) | 3,185.95 |

**Invoice Date: July 8, 2025** **Invoice No. 2025071022**

**Due and Payable Upon Receipt**

| COSTS/CHARGES | TOTAL | |
|---|---|---|
| ON-LINE RESEARCH (WESTLAW) | 29,881.12 | |
| OUTSIDE DUPLICATION AND BINDING | [redacted] | |
| SPECIALIZED RESEARCH | 2,788.55 | |
| TRAVEL - AIR & RAIL | [redacted] | |
| TRAVEL - TAXI & OTHER MODES/MILES | | |
| **Total Costs/Charges** | | [redacted] |
| **Total Services, Costs/Charges** | | [redacted] |
| **BALANCE DUE** | | $ [redacted] |

LEAPFROG DISPUTE
64230-01116

Detail Services:

| | | |
|---|---|---|
| 06/01/25 | | |
| [redacted] | Yang, Betty X | [redacted] |
| [redacted] | Hvidt, Scott K | [redacted] |
| [redacted] | Togias, Iason G | [redacted] |
| 06/02/25 | | |
| [redacted] | Maloney, Mary Beth | [redacted] |
| 0.50 | Crain, Lee R | ATTENTION TO STATUS AND STRATEGY RE MOTION TO DISMISS. |
| [redacted] | Hvidt, Scott K | [redacted] |
| [redacted] | Takagaki, Marc Aaron Y | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.50 | Cardone, Emily A | LEGAL RESEARCH RE DISCOVERY PLANS. |
| [redacted] | Togias, Iason G | [redacted] |
| 06/03/25 | | |
| [redacted] | Maloney, Mary Beth | [redacted] |

| | | |
|---|---|---|
| [redacted] | Yang, Betty X | [redacted] |
| [redacted] | Yang, Betty X | [redacted] |
| [redacted] | Hvidt, Scott K | [redacted] |
| [redacted] | Hvidt, Scott K | [redacted] |
| [redacted] | Takagaki, Marc Aaron Y | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.60 | Cardone, Emily A | REVIEW AND REVISE REQUESTS FOR PRODUCTION AND INTERROGATORIES. |
| [redacted] | Cardone, Emily A | [redacted] |
| 1.60 | Reilly, Kevin J | CONDUCT LEGAL RESEARCH IN SUPPORT OF MOTION TO DISMISS OPPOSITION.. |

| | | |
|---|---|---|
| [redacted] | Reilly, Kevin J | [redacted] |
| 0.40 | Reilly, Kevin J | PREPARE OUTLINE FOR OPPOSITION TO MOTION TO DISMISS RESEARCH. |
| 0.40 | Togias, Iason G | CORRESPOND WITH TEAM RE FIRST AMENDMENT RESEARCH. |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| 06/04/25 [redacted] | Yang, Betty X | [redacted] |
| [redacted] | Crain, Lee R | [redacted] |
| 3.40 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE DISCOVERY PLAN (1.3); DRAFT, REVIEW AND REVIEW CONFIDENTIALITY ORDER (.7); DRAFT, REVIEW AND REVISE TASK LIST (.7); DRAFT, REVIEW AND REVISE WRITTEN DISCOVERY REQUESTS (.7). |
| [redacted] | Takagaki, Marc Aaron Y | [redacted] |
| 1.20 | Cardone, Emily A | REVIEW AND REVISE REQUESTS FOR PRODUCTION. |

| | | |
|---|---|---|
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Reilly, Kevin J | [redacted] |
| [redacted] | Togias, Iason G | [redacted] |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| 06/05/25 | | |
| [redacted] | Yang, Betty X | [redacted] |
| 1.70 | Crain, Lee R | REVIEW DISCOVERY PLAN AND REQUESTS. |
| 1.20 | Hvidt, Scott K | WORK ON WRITTEN DISCOVERY MATERIALS (.8); EXECUTE VARIOUS DISCOVERY STRATEGY TASKS (.4). |
| [redacted] | Hvidt, Scott K | [redacted] |
| [redacted] | Hvidt, Scott K | [redacted] |

| | | |
|---|---|---|
| [redacted] | Takagaki, Marc Aaron Y | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Reilly, Kevin J | [redacted] |
| [redacted] | Altabef, Veronica H | [redacted] |
| 2.10 | Togias, Iason G | BEGIN COMPOSING OUTLINE OF OPPOSITION TO MOTION TO DISMISS. |
| [redacted] | Dabanka, Elizabeth A | [redacted] |

| | | |
|---|---|---|
| [redacted] | Womack, Lauren E | [redacted] |
| 06/06/25 [redacted] | Maloney, Mary Beth | [redacted] |
| [redacted] | Yang, Betty X | [redacted] |
| 3.00 | Crain, Lee R | REVISE DISCOVERY REQUESTS (2.25); PREPARE FOR AND PARTICIPATE IN CLIENT CALL (.75); |
| 1.60 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE ESI PROTOCOL (1.2); DRAFT CORRESPONDENCE REGARDING WRITTEN DISCOVERY STRATEGY (.4). |
| [redacted] | Hvidt, Scott K | [redacted] |
| [redacted] | Takagaki, Marc Aaron Y | [redacted] |
| 1.50 | Cardone, Emily A | DRAFT AND REVISE FIRST SET OF INTERROGATORIES. |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Reilly, Kevin J | [redacted] |

| | | |
|---|---|---|
| [redacted] | Altabef, Veronica H | [redacted] |
| 4.60 | Togias, Iason G | CONTINUE COMPOSING OUTLINE OF OPPOSITION TO MOTION TO DISMISS. |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| 06/07/25 | | |
| [redacted] | Takagaki, Marc Aaron Y | [redacted] |
| [redacted] | Togias, Iason G | [redacted] |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| 06/08/25 | | |
| 1.70 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE WRITTEN DISCOVERY. |
| 1.40 | Cardone, Emily A | REVIEW AND REVISE REQUESTS FOR PRODUCTION WITH L. CRAIN EDITS. |

| | | |
|---|---|---|
| 06/09/25<br>0.30 | Maloney, Mary Beth | REVIEW AND REVISE DISCOVERY PLAN FOR COURT SUBMISSION. |
| [redacted] | Yang, Betty X | [redacted] |
| [redacted] | Hvidt, Scott K | [redacted] |
| [redacted] | Hvidt, Scott K | [redacted] |
| 0.30 | Hvidt, Scott K | DRAFT CORRESPONDENCE TO CLIENT REGARDING DISCOVERY PLAN. |
| [redacted] | Takagaki, Marc Aaron Y | [redacted] |

| | | |
|---|---|---|
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Reilly, Kevin J | [redacted] |
| [redacted] | Altabef, Veronica H | [redacted] |
| [redacted] | Togias, Iason G | [redacted] |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| 06/10/25<br>3.40 | Maloney, Mary Beth | DEVELOP WITNESS STRATEGY AND DISCOVERY STRATEGY WITH TEAM. |
| [redacted] | Yang, Betty X | [redacted] |
| [redacted] | Crain, Lee R | [redacted] |
| [redacted] | Hvidt, Scott K | [redacted] |

| | | |
|---|---|---|
| 4.80 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE WRITTEN DISCOVERY (2.6); DRAFT, REVIEW AND REVISE DISCOVERY PLAN (.9); DRAFT, REVIEW AND REVISE CONFIDENTIALITY ORDER (.8); DRAFT, REVIEW AND REVISE ESI PROTOCOL (.5). |
| [redacted] | Takagaki, Marc Aaron Y | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |

| | | |
|---|---|---|
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Reilly, Kevin J | [redacted] |
| [redacted] | Togias, Iason G | [redacted] |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| 06/11/25 [redacted] | Yang, Betty X | [redacted] |
| 1.00 | Crain, Lee R | REVIEW AND REVISE DISCOVERY REQUESTS. |
| 2.90 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE WRITTEN DISCOVERY. |
| 0.50 | Hvidt, Scott K | PARTICIPATE IN RULE 26(F) CONFERENCE. |
| [redacted] | Hvidt, Scott K | [redacted] |

| | | |
|---|---|---|
| [redacted] | Takagaki, Marc Aaron Y | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.80 | Cardone, Emily A | REVIEW AND REVISE INTERROGATORIES WITH L. CRAIN AND B. YANG EDITS. |
| [redacted] | Reilly, Kevin J | [redacted] |
| [redacted] | Altabef, Veronica H | [redacted] |

Togias, Iason G

Dabanka, Elizabeth A

Archambeau, Karsyn

Archambeau, Karsyn

06/12/25

Yang, Betty X

Crain, Lee R

| | | |
|---|---|---|
| 2.00 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE WRITTEN DISCOVERY REQUESTS (1.6); DRAFT CORRESPONDENCE TO CLIENT REGARDING DISCOVERY (.4). |
| 0.40 | Hvidt, Scott K | EXECUTE VARIOUS LITIGATION STRATEGY TASKS. |
| 0.40 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE WEEKLY CLIENT UPDATE. |
| [redacted] | Takagaki, Marc Aaron Y | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |

| | | |
|---|---|---|
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.60 | Cardone, Emily A | REVIEW AND REVISE REQUESTS FOR PRODUCTION AND INTERROGATORIES. |
| [redacted] | Reilly, Kevin J | [redacted] |
| [redacted] | Altabef, Veronica H | [redacted] |
| 5.00 | Togias, Iason G | CONDUCT RESEARCH AND CORRESPOND WITH TEAM RE BRIEFING DEADLINES (1.3); CORRESPOND WITH M. TAKAGAKI RE INITIAL DISCLOSURES (0.3); CONFER WITH TEAM RE CHOICE BETWEEN JURY AND BENCH TRIAL (1.2); CONDUCT RESEARCH FOR OPPOSITION TO MOTION TO DISMISS (2.2). |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| [redacted] | Archambeau, Karsyn | [redacted] |
| 0.90 | Archambeau, Karsyn | BEGIN DRAFTING SEARCH TERMS IN PREPARATION FOR DISCOVERY. |

| | | |
|---|---|---|
| [redacted] | Archambeau, Karsyn | [redacted] |
| 0.80 | Archambeau, Karsyn | RESEARCH COMPARABLE CASES FOR JURY INSTRUCTIONS AND CIRCULATE SAME FOR K. REILLY. |
| 06/13/25<br>[redacted] | Maloney, Mary Beth | [redacted] |
| [redacted] | Yang, Betty X | [redacted] |
| 3.70 | Crain, Lee R | REVISE DISCOVERY REQUESTS (1.5); PREPARE FOR AND PARTICIPATE IN CLIENT CALL (.7); REVIEW AND REVISE STRATEGY DOCUMENT (1.5). |
| 1.80 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE SEARCH TERMS FOR OFFENSIVE DISCOVERY (1.2); EXECUTE VARIOUS DISCOVERY STRATEGY TASKS (.6). |

| | | |
|---|---|---|
| [redacted] | Takagaki, Marc Aaron Y | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.60 | Cardone, Emily A | REVIEW AND FINALIZE DISCOVERY PLAN. |
| 2.30 | Cardone, Emily A | REVIEW, REVISE, AND FINALIZE REQUESTS FOR PRODUCTION AND INTERROGATORIES. |
| [redacted] | Reilly, Kevin J | [redacted] |
| [redacted] | Altabef, Veronica H | [redacted] |

Togias, Iason G

Dabanka, Elizabeth A

Archambeau, Karsyn

Archambeau, Karsyn

Archambeau, Karsyn

Archambeau, Karsyn

Archambeau, Karsyn

Archambeau, Karsyn

Archambeau, Karsyn

| | | | |
|---|---|---|---|
| 06/14/25 | [redacted] | Togias, Iason G | [redacted] |
| 06/15/25 | [redacted] | Hvidt, Scott K | [redacted] |
| 06/16/25 | [redacted] | Maloney, Mary Beth | [redacted] |
| | [redacted] | Yang, Betty X | [redacted] |
| | [redacted] | Crain, Lee R | [redacted] |
| | 0.40 | Hvidt, Scott K | DRAFT CORRESPONDENCE REGARDING WRITTEN DISCOVERY STRATEGY. |
| | [redacted] | Hvidt, Scott K | [redacted] |
| | [redacted] | Cardone, Emily A | [redacted] |
| | 1.40 | Cardone, Emily A | REVIEW AND REVISE REQUESTS FOR PRODUCTION AND INTERROGATORIES. |
| | [redacted] | Reilly, Kevin J | [redacted] |
| | [redacted] | Altabef, Veronica H | [redacted] |

| | | |
|---|---|---|
| 6.40 | Togias, Iason G | COMPOSE MEMORANDUM RE LEGAL AND FACTUAL ISSUES. |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| [redacted] | Archambeau, Karsyn | [redacted] |
| 06/17/25 [redacted] | Denerstein, Mylan L | [redacted] |
| 3.00 | Maloney, Mary Beth | PREPARE FOR CLIENT MEETING, INCLUDING DEVELOPING THEMES FOR TRIAL AND OVERALL TRIAL STRATEGY |
| [redacted] | Crain, Lee R | [redacted] |
| [redacted] | Hvidt, Scott K | [redacted] |
| 0.40 | Hvidt, Scott K | DRAFT CORRESPONDENCE REGARDING DISCOVERY STRATEGY. |
| [redacted] | Takagaki, Marc Aaron Y | [redacted] |

| | | |
|---|---|---|
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.50 | Cardone, Emily A | LEGAL RESEARCH RE MOTION TO COMPEL IN FDUTPA CASES. |
| [redacted] | Reilly, Kevin J | [redacted] |
| [redacted] | Altabef, Veronica H | [redacted] |
| [redacted] | Togias, Iason G | [redacted] |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| [redacted] | Archambeau, Karsyn | [redacted] |
| 06/18/25 | | |
| [redacted] | Maloney, Mary Beth | [redacted] |
| [redacted] | Yang, Betty X | [redacted] |
| [redacted] | Crain, Lee R | [redacted] |

Hvidt, Scott K

Hvidt, Scott K

Richman, Brian A

Takagaki, Marc Aaron Y

Takagaki, Marc Aaron Y

Takagaki, Marc Aaron Y

Cardone, Emily A

| | | |
|---|---|---|
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Reilly, Kevin J | [redacted] |
| [redacted] | Togias, Iason G | [redacted] |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| 0.30 | Archambeau, Karsyn | DRAFT CORRESPONDENCE FOR M. TAKAGAKI RE: SCHEDULING ORDER. |
| [redacted] | Archambeau, Karsyn | [redacted] |
| [redacted] | Scott, Spencer E | [redacted] |
| 06/19/25 | | |
| 3.00 | Maloney, Mary Beth | PREPARE FOR AND MEET WITH CLIENT RE STATUS (2.5); FOLLOW UP WITH TEAM RE ACTION ITEMS (.5) |
| [redacted] | Yang, Betty X | [redacted] |
| [redacted] | Crain, Lee R | [redacted] |

| | | |
|---|---|---|
| [redacted] | Hvidt, Scott K | [redacted] |
| 0.50 | Hvidt, Scott K | DRAFT CORRESPONDENCE REGARDING DISCOVERY STRATEGY. |
| [redacted] | Richman, Brian A | [redacted] |
| [redacted] | Takagaki, Marc Aaron Y | [redacted] |
| [redacted] | Takagaki, Marc Aaron Y | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Dabanka, Elizabeth A | [redacted] |

| | | |
|---|---|---|
| 06/20/25<br>1.40 | Takagaki, Marc Aaron Y | CONFER WITH LEVEL LEGAL RE: DOCUMENT REVIEW (1.); REVIEW AND ANALYZE PRETRIAL SCHEDULING ORDER AND MEDIATION REQUIREMENTS (.3); STRATEGIZE WITH E. CARDONE, B. FLOCH, M.B. MALONEY, AND L. CRAIN RE: SAME (1.0). |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.60 | Cardone, Emily A | DRAFT AND REVISE JOINT NOTICE OF SELECTION OF MEDIATOR. |
| 0.50 | Cardone, Emily A | DEVELOP STRATEGY WITH M. TAKAGAKI AND LOCAL COUNSEL RE NOTICE OF MEDIATOR. |
| 1.20 | Togias, Iason G | COMPOSE CASE STATUS UPDATE. |
| 06/22/25<br>0.40 | Hvidt, Scott K | DRAFT CORRESPONDENCE REGARDING ESI PROTOCOL STATUS AND STRATEGY. |
| 06/23/25<br>[redacted] | Crain, Lee R | [redacted] |
| [redacted] | Hvidt, Scott K | [redacted] |
| 2.40 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE SEARCH TERMS (1.8); EXECUTE VARIOUS DISCOVERY STRATEGY TASKS (.6). |

| | | |
|---|---|---|
| [redacted] | Takagaki, Marc Aaron Y | [redacted] |
| 0.60 | Cardone, Emily A | REVIEW AND ANALYZE ESI PROTOCOL FOR PRODUCTION SPECIFICATIONS. |
| [redacted] | Cardone, Emily A | [redacted] |

| | | |
|---|---|---|
| [redacted] | Cardone, Emily A | [redacted] |
| 0.20 | Cardone, Emily A | DEVELOP STRATEGY WITH L. CRAIN AND K. ARCHAMBEAU RE CHRONOLOGY. |
| 0.60 | Reilly, Kevin J | CONFER WITH CORNERSTONE REGARDING EXPERT WITNESSES, |
| [redacted] | Reilly, Kevin J | [redacted] |
| [redacted] | Garnick, Adam J | [redacted] |
| [redacted] | Altabef, Veronica H | [redacted] |
| [redacted] | Togias, Iason G | [redacted] |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| [redacted] | Archambeau, Karsyn | [redacted] |
| [redacted] | Archambeau, Karsyn | [redacted] |
| 0.70 | Archambeau, Karsyn | BEGIN DRAFTING CHRONOLOGY OF KEY EVENTS IN PREPARATION FOR DISCOVERY. |
| [redacted] | Archambeau, Karsyn | [redacted] |

| | | |
|---|---|---|
| [redacted] | Archambeau, Karsyn | [redacted] |
| [redacted] | Womack, Lauren E | [redacted] |
| 06/24/25 [redacted] | Maloney, Mary Beth | [redacted] |
| 1.60 | Crain, Lee R | TEAM STRATEGY MEETING (.5); REVIEW ESI PROTOCOL (.3); ATTENTION TO TRIAL STRATEGY (.5); ATTENTION TO DISCOVERY ISSUES (.2). |
| 1.50 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE SEARCH TERMS (1.1); EXECUTE VARIOUS DISCOVERY STRATEGY TASKS (.4). |
| [redacted] | Hvidt, Scott K | [redacted] |
| [redacted] | Buzzard, Christine M | [redacted] |

| | | |
|---|---|---|
| [redacted] | Takagaki, Marc Aaron Y | [redacted] |
| 0.70 | Cardone, Emily A | DRAFT, REVIEW, AND REVISE SEARCH TERMS FOR OFFENSIVE DISCOVERY. |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted]. |
| 0.70 | Cardone, Emily A | DEVELOP STRATEGY WITH INTERNAL TEAM RE DEPOSITIONS, DISCOVERY, AND DOCUMENT COLLECTION. |
| [redacted] | Reilly, Kevin J | [redacted] |

| | | |
|---|---|---|
| [redacted] | Roman, Rebecca | [redacted] |
| [redacted] | Garnick, Adam J | [redacted] |
| [redacted] | Togias, Iason G | [redacted] |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| [redacted] | Archambeau, Karsyn | [redacted] |
| [redacted] | Archambeau, Karsyn | [redacted] |
| 2.80 | Archambeau, Karsyn | RESEARCH AND SUMMARIZE LITIGATION HISTORY RE: TRIAL JUDGE FOR L. CRAIN IN PREPARATION FOR POTENTIAL BENCH TRIAL. |
| [redacted] | Archambeau, Karsyn | [redacted] |

| | | |
|---|---|---|
| [redacted] | Scott, Spencer E | [redacted] |
| 06/25/25 [redacted] | Maloney, Mary Beth | [redacted] |
| [redacted] | Crain, Lee R | [redacted] |
| [redacted] | Hvidt, Scott K | [redacted] |
| 0.90 | Hvidt, Scott K | REVIEW AND ANALYZE INITIAL DISCLOSURES (.3); REVIEW AND ANALYZE RESEARCH ON DISCOVERY DISPUTES (.6). |
| [redacted] | Buzzard, Christine M | [redacted] |
| [redacted] | Buzzard, Christine M | [redacted] |
| [redacted] | Buzzard, Christine M | [redacted] |

| | | |
|---|---|---|
| 0.50 | Buzzard, Christine M | DISCUSS ONGOING LEAPFROG MATTER WITH L. CRAIN AND B. RICHMAN, INCLUDING TO DEVELOP STRATEGY FOR MOTION TO DISMISS OPPOSITION. |
| [redacted] | Richman, Brian A | [redacted] |
| [redacted] | Takagaki, Marc Aaron Y | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |

| | | |
|---|---|---|
| 0.50 | Cardone, Emily A | REVIEW AND REVISE KEY CHRONOLOGY. |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.50 | Cardone, Emily A | REVIEW AND REVISE INITIAL DISCLOSURES. |
| [redacted] | Kuntz, Andrew V | [redacted] |
| [redacted] | Kuntz, Andrew V | [redacted] |
| 1.20 | Reilly, Kevin J | REVISE OPPOSITION TO MOTION TO DISMISS. |
| 1.30 | Reilly, Kevin J | PREPARE THIRD PARTY DISCOVERY. |
| [redacted] | Roman, Rebecca | [redacted] |
| [redacted] | Roman, Rebecca | [redacted] |
| 0.50 | Garnick, Adam J | REVIEW AND REVISE THIRD-PARTY DISCOVERY ACTION PLAN (0.5). |
| [redacted] | Togias, Iason G | [redacted] |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| 1.00 | Archambeau, Karsyn | CONTINUE DRAFTING CHRONOLOGY OF KEY EVENTS IN PREPARATION FOR DISCOVERY. |

| | | |
|---|---|---|
| [redacted] | Archambeau, Karsyn | [redacted] |
| 0.40 | Archambeau, Karsyn | REVIEW AND REVISE PROPOSAL FOR THIRD PARTY DISCOVERY FOR A. GARNICK. |
| [redacted] | Archambeau, Karsyn | [redacted] |
| 06/26/25 [redacted] | Maloney, Mary Beth | [redacted] |
| [redacted] | Yang, Betty X | [redacted] |
| 0.50 | Hvidt, Scott K | WORK ON OFFENSIVE DISCOVERY MOTION TO COMPEL RESEARCH ANALYSIS. |
| [redacted] | Hvidt, Scott K | [redacted] |
| 0.90 | Hvidt, Scott K | DRAFT CORRESPONDENCE TO OPPOSING COUNSEL REGARDING ESI PROTOCOL (.5); FINALIZE ESI PROTOCOL (.4). |

Buzzard, Christine M

Richman, Brian A

Takagaki, Marc Aaron Y

Cardone, Emily A

Cardone, Emily A

**Invoice Date: July 8, 2025** **Invoice No. 2025071022**

**Due and Payable Upon Receipt**

| | | |
|---|---|---|
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Kuntz, Andrew V | [redacted] |
| [redacted] | Kuntz, Andrew V | [redacted] |
| [redacted] | Kuntz, Andrew V | [redacted] |
| [redacted] | Kuntz, Andrew V | [redacted] |
| 3.10 | Reilly, Kevin J | DRAFT OPPOSITION TO MOTION TO DISMISS RESEARCH. |
| 1.70 | Reilly, Kevin J | PREPARE FOR AND ATTEND EXPERT CALLS. |
| [redacted] | Garnick, Adam J | [redacted] |
| 7.50 | Togias, Iason G | CONDUCT RESEARCH AND COMPOSE MEMORANDUM RE DAMAGES CLAIMS (6.9); REVIEW AND REVISE ESI PROTOCOL (0.6). |

| | | |
|---|---|---|
| | Dabanka, Elizabeth A | |
| 2.00 | Archambeau, Karsyn | CONTINUE DRAFTING CHRONOLOGY OF KEY EVENTS IN PREPARATION FOR DISCOVERY. |
| | Archambeau, Karsyn | |
| | Archambeau, Karsyn | |
| 06/27/25<br>1.30 | Maloney, Mary Beth | ATTEND TO DEVELOPMENT OF OFFENSIVE AND DEFENSIVE FACT DEVELOPMENT (.8); ASSESSMENT OF ADDITIONAL POTENTIAL EXPERTS (.5). |
| | Scott, Sydney A | |
| 4.60 | Crain, Lee R | INTERVIEW TWO EXPERTS AND PREPARE FOR THE SAME (1.5); INTERVIEW HOSPITAL CEO AND PREPARE FOR THE SAME (.75); CLIENT CALL RE STATUTE AND STRATEGY (.6); REVIEW MOTION TO DISMISS AND STRATEGIZE RE RESPONSE (1.65) |
| | Hvidt, Scott K | |
| | Hvidt, Scott K | |

| | | |
|---|---|---|
| [redacted] | Buzzard, Christine M | [redacted] |
| [redacted] | Buzzard, Christine M | [redacted] |
| [redacted] | Buzzard, Christine M | [redacted] |
| 1.80 | Buzzard, Christine M | REVIEW MOTION TO DISMISS FILING AND DEVELOP RESPONSIVE ARGUMENTS TO GUIDE ASSOCIATE DRAFTING PROCESS. |
| [redacted] | Buzzard, Christine M | [redacted] |
| [redacted] | Richman, Brian A | [redacted] |

| | | |
|---|---|---|
| [redacted] | Takagaki, Marc Aaron Y | [redacted] |
| 1.20 | Cardone, Emily A | REVIEW AND ANALYZE MOTION TO DISMISS AND RELATED EXHIBITS. |
| 0.40 | Cardone, Emily A | COORDINATE WITH K. REILLY RE THIRD PARTY SUBPOENAS. |
| 0.50 | Cardone, Emily A | REVIEW AND ANALYZE E. CAZARES EMAILS. |
| [redacted] | Reilly, Kevin J | [redacted] |
| [redacted] | Reilly, Kevin J | [redacted] |

| | | |
|---|---|---|
| [redacted] | Garnick, Adam J | [redacted] |
| [redacted] | Altabef, Veronica H | [redacted] |
| 6.40 | Togias, Iason G | CONDUCT RESEARCH AND COMPOSE MEMORANDUM RE DUTY TO PRESERVE EVIDENCE (4.5); CONFER WITH TEAM RE OPPOSITION TO MOTION TO DISMISS (1.0); CONDUCT RESEARCH AND CORRESPOND WITH TEAM RE FLORIDA ANTI-SLAPP LAW (0.9). |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| [redacted] | Archambeau, Karsyn | [redacted] |
| [redacted] | Archambeau, Karsyn | [redacted] |
| [redacted] | Archambeau, Karsyn | [redacted] |

| | | |
|---|---|---|
| 0.30 | Archambeau, Karsyn | FINALIZE CHRONOLOGY OF KEY EVENTS AND SEND SAME TO E. CARDONE. |
| [redacted] | Archambeau, Karsyn | [redacted] |
| [redacted] | Scott, Spencer E | [redacted] |
| [redacted] | Womack, Lauren E | [redacted] |
| 06/28/25 | | |
| 0.50 | Crain, Lee R | REVISE DEFICIENCY LETTER ON DISCOVERY. |
| 0.90 | Buzzard, Christine M | REVIEW AND REVISE ASSOCIATE DRAFT OF MOTION TO DISMISS CLIENT SUMMARY EMAIL. |
| 1.40 | Buzzard, Christine M | RESEARCH PERSONAL JURISDICTION CASE LAW IN RESPONSE TO POINTS RAISED IN LEAPFROG'S MOTION TO DISMISS AND DEVELOP BRIEFING STRATEGY FOR MOTION TO DISMISS OPPOSITION BRIEF. |
| 0.80 | Reilly, Kevin J | DRAFT OPPOSITION BRIEF OUTLINE. |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| 06/29/25 | | |
| [redacted] | Hvidt, Scott K | [redacted] |
| 5.90 | Reilly, Kevin J | DRAFT OPPOSITION BRIEF. |

Togias, Iason G

06/30/25

Denerstein, Mylan L

Chung, Daniel

Maloney, Mary Beth

Scott, Sydney A

Crain, Lee R

Hvidt, Scott K

Hvidt, Scott K

Buzzard, Christine M

Buzzard, Christine M

Buzzard, Christine M

Buzzard, Christine M

Buzzard, Christine M

Buzzard, Christine M

Parks, Allyson E

Takagaki, Marc Aaron Y

**Invoice Date: July 8, 2025**

**Due and Payable Upon Re**

| | | |
|---|---|---|
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.90 | Kuntz, Andrew V | REVISE DRAFT MOTION FOR PRELIMINARY INJUNCTION. |
| [redacted] | Kuntz, Andrew V | [redacted] |
| 5.60 | Reilly, Kevin J | DRAFT OPPOSITION TO MOTION TO DISMISS. |
| 4.50 | Garnick, Adam J | DRAFT AND REVISE INITIAL DISCLOSURE DEFICIENCY LETTER (2.0); DRAFT AND REVISE JUPITER CEASE AND DESIST LETTER (2.5). |
| [redacted] | Altabef, Veronica H | [redacted] |
| [redacted] | Togias, Iason G | [redacted] |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| [redacted] | Archambeau, Karsyn | [redacted] |

| | | |
|---|---|---|
| [redacted] | Archambeau, Karsyn | [redacted] |
| 0.70 | Archambeau, Karsyn | COLLABORATE WITH E. DABANKA RE: CASE MANAGEMENT DOCUMENTS. |
| [redacted] | Womack, Lauren E | [redacted] |

LEAPFROG DISPUTE
64230-01116

---

Detail Costs/Charges:

Litigation support vendors

| | | |
|---|---|---|
| 06/09/25 | [redacted] | [redacted] |
| 06/09/25 | | [redacted] |
| 06/09/25 | | [redacted] |
| 06/10/25 | | [redacted] |
| 06/10/25 | | [redacted] |
| 06/10/25 | | [redacted] |

Copying

| | | |
|---|---|---|
| 06/09/25 | [redacted] | [redacted] |
| 06/10/25 | | [redacted] |
| 06/11/25 | | [redacted] |

06/18/25 [redacted] [redacted]

06/23/25 [redacted]

Out-of-town travel
06/19/25 [redacted] [redacted]

06/19/25 [redacted]

Meals
06/18/25 [redacted]

06/19/25 [redacted]

06/19/25 [redacted]

Online research
06/05/25 266.20 DABANKA, ELIZABETH 06/05/25 64230-01116
LEXIS RESEARCH

06/18/25 2,919.75 MEYER-LINDENBERG, DAVID 06/18/25
64230-01116 LEXIS RESEARCH

Online research
06/03/25 120.00 DABANKA,ELIZABETH 06/03/25 64230-01116
WESTLAW RESEARCH AND PRINTING CHARGES

| | | |
|---|---|---|
| 06/03/25 | 2,989.42 | JORGENS,EMILY 06/03/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 06/04/25 | 1,200.00 | DABANKA,ELIZABETH 06/04/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 06/05/25 | 360.00 | DABANKA,ELIZABETH 06/05/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 06/05/25 | 120.00 | TOGIAS,IASON 06/05/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 06/06/25 | 1,191.02 | TOGIAS,IASON 06/06/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 06/06/25 | 2,160.00 | ALTABEF,VERONICA 06/06/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 06/07/25 | 600.00 | TOGIAS,IASON 06/07/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 06/11/25 | 720.00 | TOGIAS,IASON 06/11/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 06/12/25 | 4,618.06 | ARCHAMBEAU,KARSYN 06/12/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 06/12/25 | 1,029.01 | TOGIAS,IASON 06/12/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 06/12/25 | 960.00 | ALTABEF,VERONICA 06/12/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 06/13/25 | 360.00 | ALTABEF,VERONICA 06/13/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 06/16/25 | 2,271.02 | TOGIAS,IASON 06/16/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 06/18/25 | 2,407.45 | TOGIAS,IASON 06/18/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 06/23/25 | 480.00 | ARCHAMBEAU,KARSYN 06/23/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |

| | | |
|---|---|---|
| 06/23/25 | 360.00 | RABER,STEVEN 06/23/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 06/23/25 | 720.00 | TOGIAS,IASON 06/23/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 06/24/25 | 351.02 | ARCHAMBEAU,KARSYN 06/24/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 06/24/25 | 1,014.60 | TOGIAS,IASON 06/24/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 06/25/25 | 2,534.01 | TOGIAS,IASON 06/25/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 06/26/25 | 2,115.51 | TOGIAS,IASON 06/26/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 06/26/25 | 360.00 | HVIDT,SCOTT K 06/26/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 06/27/25 | 240.00 | GARNICK,ADAM J 06/27/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 06/27/25 | 600.00 | TOGIAS,IASON 06/27/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| <u>Outside printing</u><br>06/24/25 | | |
| <u>Online research</u><br>06/05/25 | 3.00 | REILLY, KEVIN J. 06/05/2025 PACER |
| 06/06/25 | 1.00 | DABANKA, ELIZABETH A. 06/06/2025 PACER |
| 06/06/25 | 7.00 | TAKAGAKI, MARC AARON Y. 06/06/2025 PACER |
| 06/09/25 | 2.00 | TAKAGAKI, MARC AARON Y. 06/09/2025 PACER |
| 06/10/25 | 7.40 | TOGIAS, IASON G. 06/10/2025 PACER |
| 06/12/25 | 5.80 | ARCHAMBEAU, KARSYN 06/12/2025 PACER |
| 06/18/25 | 474.25 | SCOTT, SPENCER E. 06/18/2025 BLOOMBERG LAW |

| | | |
|---|---|---|
| 06/23/25 | 488.00 | RABER, STEVEN 06/23/2025 BLOOMBERG LAW |
| 06/23/25 | 399.00 | RABER, STEVEN 06/23/2025 LEX MACHINA (LEXMACHINA.COM) |
| 06/24/25 | 299.75 | RABER, STEVEN 06/24/2025 BLOOMBERG LAW |
| 06/24/25 | 798.00 | RABER, STEVEN 06/24/2025 LEX MACHINA (LEXMACHINA.COM) |
| 06/24/25 | 18.10 | RABER, STEVEN 06/24/2025 PACER |
| 06/24/25 | 124.00 | SCOTT, SPENCER E. 06/24/2025 BLOOMBERG LAW |
| 06/24/25 | 31.60 | ARCHAMBEAU, KARSYN 06/24/2025 PACER |
| 06/25/25 | 4.60 | HVIDT, SCOTT K. 06/25/2025 PACER |
| 06/25/25 | 34.10 | TOGIAS, IASON G. 06/25/2025 PACER |
| 06/26/25 | 17.10 | TOGIAS, IASON G. 06/26/2025 PACER |
| 06/27/25 | 68.25 | SCOTT, SPENCER E. 06/27/2025 BLOOMBERG LAW |
| 06/27/25 | 2.40 | BUZZARD, CHRISTINE M. 06/27/2025 PACER |
| 06/27/25 | 3.20 | ARCHAMBEAU, KARSYN 06/27/2025 PACER |

Out-of-town travel

06/12/25

06/13/25

06/18/25

Out-of-town travel

06/18/25

06/18/25

06/18/25

06/18/25

06/18/25

06/18/25

06/19/25

**Invoice Date: July 8, 2025** **Invoice No. 2025071022**

**Due and Payable Upon Receipt**





06/19/25

06/19/25



**GIBSON, DUNN & CRUTCHER LLP**
**200 Park Avenue**
**New York, New York 10166-0193**

**Federal Taxpayer ID** [redacted]

**August 25, 2025**

**Invoice No. 2025084912**

Ms. Nancy Troncalli
Legal Department Cost Control
Tenet HealthSystem
13737 Noel Road
Suite 100
Dallas, TX 75240

**For Services Rendered and Costs/Charges Advanced Through June 30, 2025**

| | | Services Rendered | Costs/ Charges | Totals |
|---|---|---|---|---|
| 64230-01116 | Leapfrog Dispute | $ [redacted] | $ [redacted] | $ [redacted] |
| | **Totals** | $ [redacted] | $ [redacted] | $ [redacted] |
| | **Current Balance Due** | | | $ [redacted] |

**Remit By Wire To:**
Wells Fargo Bank
333 South Grand Avenue
Los Angeles, CA 90071-1515
Name of account: Gibson, Dunn & Crutcher LLP
Account No: [redacted]
ABA No: 121000248
Attn: Treasury Department
*Please include the client number and the proper attorney to notify in the wire instructions.*

**Remit By Mail To:**
Gibson, Dunn & Crutcher LLP
PO Box 840723
Los Angeles, CA 90084-0723

Please enclose the remittance copy of this invoice with your payment in the enclosed Reply Envelope to ensure proper credit.

Please note that payments received after the invoice date are not reflected.
For assistance with your account, please contact us at 213-229-7333 or cbilling@gibsondunn.com.

**Invoice Date: August 25, 2025** **Invoice No. 2025084912**

**Due and Payable Upon Receipt**

**GIBSON, DUNN & CRUTCHER LLP**
**200 Park Avenue**
**New York, New York 10166-0193**

**Federal Taxpayer ID** [redacted]

**August 25, 2025**

**Invoice No. 2025084912**

**REMITTANCE COPY**

**To ensure proper crediting, please send this copy in the enclosed envelope.**

Ms. Nancy Troncalli
Legal Department Cost Control
Tenet HealthSystem
13737 Noel Road
Suite 100
Dallas, TX 75240

**For Services Rendered and Costs/Charges Advanced Through June 30, 2025**

| | | Services Rendered | Costs/ Charges | Totals |
|---|---|---|---|---|
| 64230-01116 | Leapfrog Dispute | $ [redacted] | $ [redacted] | $ [redacted] |
| | **Totals** | $ [redacted] | $ [redacted] | $ [redacted] |
| | **Current Balance Due** | | | $ [redacted] |

**Remit By Wire To:**
Wells Fargo Bank
333 South Grand Avenue
Los Angeles, CA 90071-1515
Name of account: Gibson, Dunn & Crutcher LLP
Account No: [redacted]
ABA No: 121000248
Attn: Treasury Department
*Please include the client number and the proper attorney to notify in the wire instructions.*

**Remit By Mail To:**
Gibson, Dunn & Crutcher LLP
PO Box 840723
Los Angeles, CA 90084-0723

Please enclose the remittance copy of this invoice with your payment in the enclosed Reply Envelope to ensure proper credit.

Please note that payments received after the invoice date are not reflected.
For assistance with your account, please contact us at 213-229-7333 or cbilling@gibsondunn.com.

**Invoice Date: August 25, 2025** **Invoice No. 2025084912**

**Due and Payable Upon Receipt**

Ms. Nancy Troncalli
Legal Department Cost Control
Tenet HealthSystem
13737 Noel Road
Suite 100
Dallas, TX 75240

LEAPFROG DISPUTE
64230-01116

---

| COSTS/CHARGES | TOTAL |
|---|---|
| DOCUMENT RETRIEVAL SERVICE | $ 106.50 |
| ON-LINE RESEARCH (LEXIS) | 1,223.59 |
| ON-LINE RESEARCH (WESTLAW) | 480.00 |
| OUTSIDE SERVICES/CONSULTANTS | |
| SPECIALIZED RESEARCH | 85.56 |

**Total Costs/Charges**

**BALANCE DUE** $

**Invoice Date: August 25, 2025** **Invoice No. 2025084912**

**Due and Payable Upon Receipt**

LEAPFROG DISPUTE
64230-01116

---

Detail Costs/Charges:

| | | |
|---|---|---|
| Litigation support vendors | | |
| 06/09/25 | 0.90 | PACER USAGE JUNE 2025. |
| 06/25/25 | 1.10 | PACER USAGE JUNE 2025. |
| 06/27/25 | 102.10 | PACER USAGE JUNE 2025. |
| 06/27/25 | 2.40 | PACER USAGE JUNE 2025. |
| Online research | | |
| 06/23/25 | 252.64 | MEYER-LINDENBERG, DAVID 06/23/25 64230-01116 LEXIS RESEARCH |
| 06/23/25 | 463.17 | MEYER-LINDENBERG, DAVID 06/23/25 64230-01116 LEXIS RESEARCH |
| 06/24/25 | 259.67 | SCOTT, SPENCER 06/24/25 64230-01116 LEXIS RESEARCH |
| 06/25/25 | 7.73 | MEYER-LINDENBERG, DAVID 06/25/25 64230-01116 LEXIS RESEARCH |
| 06/25/25 | 240.38 | MEYER-LINDENBERG, DAVID 06/25/25 64230-01116 LEXIS RESEARCH |
| Online research | | |
| 06/30/25 | 120.00 | DABANKA,ELIZABETH 06/30/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 06/30/25 | 360.00 | ALTABEF,VERONICA 06/30/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| Other professionals | | |
| 06/30/25 | [redacted] | [redacted] |

| | | |
|---|---|---|
| 06/30/25 | [redacted] | [redacted] |

<u>Online research</u>

| | | |
|---|---|---|
| 06/24/25 | 85.56 | TLO USAGE JUNE 2025. |

**GIBSON, DUNN & CRUTCHER LLP**
**200 Park Avenue**
**New York, New York 10166-0193**

**Federal Taxpayer ID** [redacted]

**August 18, 2025**

**Invoice No. 2025082202**

Ms. Nancy Troncalli
Legal Department Cost Control
Tenet HealthSystem
13737 Noel Road
Suite 100
Dallas, TX 75240

**For Services Rendered and Costs/Charges Advanced Through July 31, 2025**

| | | Services Rendered | Costs/ Charges | Totals |
|---|---|---|---|---|
| 64230-01116 | Leapfrog Dispute | $ [redacted] | $ [redacted] | $ [redacted] |
| | **Totals** | $ [redacted] | $ [redacted] | $ [redacted] |
| | [redacted] | | | [redacted] |
| | **Current Balance Due** | | | $ [redacted] |

**Remit By Wire To:**
Wells Fargo Bank
333 South Grand Avenue
Los Angeles, CA 90071-1515
Name of account: Gibson, Dunn & Crutcher LLP
Account No: [redacted]
ABA No: 121000248
Attn: Treasury Department
*Please include the client number and the proper attorney to notify in the wire instructions.*

**Remit By Mail To:**
Gibson, Dunn & Crutcher LLP
PO Box 840723
Los Angeles, CA 90084-0723

Please enclose the remittance copy of this invoice with your payment in the enclosed Reply Envelope to ensure proper credit.

Please note that payments received after the invoice date are not reflected.
For assistance with your account, please contact us at 213-229-7333 or cbilling@gibsondunn.com.

**Invoice Date: August 18, 2025** **Invoice No. 2025082202**

**Due and Payable Upon Receipt**

**GIBSON, DUNN & CRUTCHER LLP**
**200 Park Avenue**
**New York, New York 10166-0193**

**Federal Taxpayer ID** [redacted]

**August 18, 2025**

**Invoice No. 2025082202**

**REMITTANCE COPY**

**To ensure proper crediting, please send this copy in the enclosed envelope.**

Ms. Nancy Troncalli
Legal Department Cost Control
Tenet HealthSystem
13737 Noel Road
Suite 100
Dallas, TX 75240

**For Services Rendered and Costs/Charges Advanced Through July 31, 2025**

| | | Services Rendered | Costs/ Charges | Totals |
|---|---|---|---|---|
| 64230-01116 | Leapfrog Dispute | $ [redacted] | $ [redacted] | $ [redacted] |
| | **Totals** | $ [redacted] | $ [redacted] | $ [redacted] |
| [redacted] | | | | [redacted] |
| | **Current Balance Due** | | | $ [redacted] |

**Remit By Wire To:**
Wells Fargo Bank
333 South Grand Avenue
Los Angeles, CA 90071-1515
Name of account: Gibson, Dunn & Crutcher LLP
Account No: [redacted]
ABA No: 121000248
Attn: Treasury Department
*Please include the client number and the proper attorney to notify in the wire instructions.*

**Remit By Mail To:**
Gibson, Dunn & Crutcher LLP
PO Box 840723
Los Angeles, CA 90084-0723

Please enclose the remittance copy of this invoice with your payment in the enclosed Reply Envelope to ensure proper credit.

Please note that payments received after the invoice date are not reflected.
For assistance with your account, please contact us at 213-229-7333 or cbilling@gibsondunn.com.

**Invoice Date: August 18, 2025** **Invoice No. 2025082202**

**Due and Payable Upon Receipt**

Ms. Nancy Troncalli
Legal Department Cost Control
Tenet HealthSystem
13737 Noel Road
Suite 100
Dallas, TX 75240

LEAPFROG DISPUTE
64230-01116

---

For Legal Services Rendered Through July 31, 2025 $[redacted]

| NAME | HOURS | RATE |
|---|---|---|
| DANIEL CHUNG | [redacted] | $1,800.0 |
| MARY BETH MALONEY | | 1,950.0 |
| BETTY X. YANG | | 1,635.0 |
| SYDNEY A. SCOTT | | 1,635.0 |
| LEE R. CRAIN | | 1,815.0 |
| SCOTT K. HVIDT | | 1,635.0 |
| CHRISTINE M. BUZZARD | | 1,465.0 |
| ALLYSON E. PARKS | | 1,435.0 |
| BRIAN A. RICHMAN | | 1,355.0 |
| MARC AARON Y. TAKAGAKI | | 1,435.0 |
| STEPHEN J. HAMMER | | 1,355.0 |
| KEVIN M. SIMMONS | | 1,355.0 |
| EMILY A. CARDONE | | 1,240.0 |
| ANDREW V. KUNTZ | | 1,355.0 |
| MARK C. TALLEY | | 1,240.0 |
| MONICA GROVER | | 1,240.0 |
| BRANDON C. WOLF | | 1,240.0 |
| ANDREW A. SHI | | 1,240.0 |
| KEVIN J. REILLY | | 1,355.0 |
| GIULIANA C. CIPOLLONE | | 1,240.0 |
| ADAM J. GARNICK | | 1,355.0 |
| VERONICA H. ALTABEF | | 1,240.0 |
| MARY D. OTOO | | 1,060.0 |
| IASON G. TOGIAS | | 1,060.0 |
| ALEXANDER M. FISCHER | | 950.00 |
| ELIZABETH A. DABANKA | | 1,060.0 |
| KARSYN ARCHAMBEAU | | 1,060.0 |
| NOAH J. DELWICHE | | 950.00 |
| STEVEN RABER | | 405.00 |
| SPENCER E. SCOTT | | 405.00 |
| EUGENIA VARELA | | 665.00 |
| LAUREN E. WOMACK | | 540.00 |

[redacted] [redacted]

**Invoice Date: August 18, 2025** **Invoice No. 2025082202**

**Due and Payable Upon Receipt**

**Total Services**

**BALANCE DUE** $

**Invoice Date: August 18, 2025** **Invoice No. 2025082202**

**Due and Payable Upon Receipt**

LEAPFROG DISPUTE
64230-01116

Detail Services:

07/01/25

[redacted] Chung, Daniel [redacted]

[redacted] Maloney, Mary Beth [redacted]

[redacted] Scott, Sydney A [redacted]

[redacted] Crain, Lee R

[redacted] Hvidt, Scott K

| | | |
|---|---|---|
| [redacted] | Hvidt, Scott K | [redacted] |
| 1.50 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE DISCOVERY TRACKER (1); DRAFT ANALYSIS REGARDING DISCOVERY RESPONSES (.5). |
| [redacted] | Buzzard, Christine M | [redacted] |
| 4.80 | Buzzard, Christine M | DRAFT AND REVISE CEASE AND DESIST LETTER REGARDING BINDER OP-ED. |
| [redacted] | Buzzard, Christine M | [redacted] |
| | Buzzard, Christine M | |
| | Buzzard, Christine M | |
| [redacted] | Parks, Allyson E | [redacted] |

Takagaki, Marc Aaron Y

**Invoice Date: August 18, 2025**

**Due and Payable Upon Re**

| | | |
|---|---|---|
| | Cardone, Emily A | |
| 0.80 | Cardone, Emily A | REVIEW AND ANALYZE RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION AND PREPARE RESPONSES. |
| | Cardone, Emily A | |
| 0.20 | Cardone, Emily A | REVIEW AND REVISE LETTER RE INITIAL DISCLOSURES. |
| | Cardone, Emily A | |
| 1.00 | Cardone, Emily A | DEVELOP STRATEGY WITH INTERNAL TEAM RE UPCOMING DISCOVERY AND BRIEFING. |
| | Cardone, Emily A | |
| | Cardone, Emily A | |
| | Cardone, Emily A | |
| | Cardone, Emily A | |
| | Cardone, Emily A | |
| | Kuntz, Andrew V | |
| | Kuntz, Andrew V | |

| | | |
|---|---|---|
| | Kuntz, Andrew V | |
| | Grover, Monica | |
| | Shi, Andrew A | |
| | Reilly, Kevin J | |
| 2.40 | Reilly, Kevin J | REVISE OPPOSITION BRIEF. |
| | Garnick, Adam J | |
| | Altabef, Veronica H | |
| 3.20 | Togias, Iason G | CONFER WITH TEAM RE CASE STRATEGY (1.0); BEGIN COMPOSING DRAFT OF OPPOSITION TO MOTION TO DISMISS (2.2). |

Dabanka, Elizabeth A

Archambeau, Karsyn

Archambeau, Karsyn

Archambeau, Karsyn

Archambeau, Karsyn

Archambeau, Karsyn

Scott, Spencer E

07/02/25 Chung, Daniel

| | | |
|---|---|---|
| 2.80 | Maloney, Mary Beth | ATTEND TO DISCOVERY FROM DEFENDANTS; UPDATE CLIENT RE TEAM AND STATUS; MEETINGS WITH TEAM RE STRATEGY FOR DISCOVERY AND DEPOS AND EXPERT REPORTS; REVISE RULE 11 LETTER. |
| | Crain, Lee R | |
| | Hvidt, Scott K | |
| | Buzzard, Christine M | |
| 0.40 | Buzzard, Christine M | REVIEW AND ANALYZE DISCOVERY RESPONSES FROM LEAPFROG IN PREPARATION FOR MOTION TO DISMISS DRAFTING. |
| | Buzzard, Christine M | |
| | Buzzard, Christine M | |

| | | |
|---|---|---|
| | Buzzard, Christine M | |
| | Buzzard, Christine M | |
| 3.30 | Buzzard, Christine M | REVISE AND RESTRUCTURE DRAFT BINDER OP-ED RESPONSE LETTER, INCLUDING IN LIGHT OF FEEDBACK FROM M. MALONEY AND L. CRAIN. |

Takagaki, Marc Aaron Y

**Invoice Date: August 18, 2025**

**Due and Payable Upon Receipt**

| | | |
|---|---|---|
| [redacted] | Simmons, Kevin M | [redacted] |
| 1.60 | Cardone, Emily A | DRAFT AND REVISE SECOND SET OF REQUESTS FOR PRODUCTION. |
| 0.40 | Cardone, Emily A | REVIEW AND REVISE RESPONSE TO LEAPFROG RE WRITTEN DISCOVERY. |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | |
| [redacted] | Kuntz, Andrew V | |
| [redacted] | Kuntz, Andrew V | |
| [redacted] | Kuntz, Andrew V | |
| [redacted] | Shi, Andrew A | |
| 4.60 | Reilly, Kevin J | DRAFT OPPOSITION BRIEF. |
| [redacted] | Garnick, Adam J | [redacted] |
| [redacted] | Altabef, Veronica H | [redacted] |

| | | |
|---|---|---|
| 7.10 | Togias, Iason G | COMPOSE DRAFT OF OPPOSITION TO MOTION TO DISMISS. |
| | Dabanka, Elizabeth A | |
| | Archambeau, Karsyn | |
| | Archambeau, Karsyn | |
| | Womack, Lauren E | |
| 07/03/25 | Chung, Daniel | |
| | Maloney, Mary Beth | |
| | Yang, Betty X | |

| | | |
|---|---|---|
| 2.80 | Crain, Lee R | INTERVIEW EXPERT AND PREPARE FOR THE SAME (1); ATTENTION TO DISCOVERY RESPONSES AND NEXT STEPS RE THE SAME (1.8). |
| [redacted] | Hvidt, Scott K | [redacted] |
| | Hvidt, Scott K | |
| | Hvidt, Scott K | |
| 0.60 | Buzzard, Christine M | REVISE DRAFT CEASE AND DESIST LETTER IN LIGHT OF PARTNER FEEDBACK. |
| [redacted] | Buzzard, Christine M | [redacted] |
| | Buzzard, Christine M | |
| 3.40 | Buzzard, Christine M | REVIEW FIRST AMENDMENT AND FDUTPA ARGUMENTS IN LEAPFROG MOTION TO DISMISS AND DEVELOP PLAN FOR FRAMING THE ISSUE IN THE PLAINTIFF HOSPITALS' RESPONSIVE BRIEF. |
| [redacted] | Parks, Allyson E | [redacted] |

Richman, Brian A

Takagaki, Marc Aaron Y

Hammer, Stephen J

Hammer, Stephen J

Hammer, Stephen J

Hammer, Stephen J

Hammer, Stephen J

**Invoice Date: August 18, 2025** **Invoice No. 2025082202**

**Due and Payable Upon Receipt**

| | | |
|---|---|---|
| | Simmons, Kevin M | |
| 0.70 | Cardone, Emily A | REVIEW AND REVISE SECOND REQUESTS FOR PRODUCTION WITH S. HVIDT EDITS. |
| | Cardone, Emily A | |
| | Cardone, Emily A | |
| 0.20 | Cardone, Emily A | REVIEW AND ANALYZE CUSTODIAN AND SOURCE EMAIL FROM LEAPFROG. |
| | Kuntz, Andrew V | |
| | Kuntz, Andrew V | |
| | Talley, Mark C | |
| | Grover, Monica | |
| | Wolf, Brandon C | |
| | Shi, Andrew A | |

| | | |
|---|---|---|
| 4.50 | Reilly, Kevin J | REVISE OPPOSITION BRIEF (4.3); REVISE DISCOVERY SUBPOENAS (0.2) |
| [redacted] | Cipollone, Giuliana C | [redacted] |
| | Cipollone, Giuliana C | |
| | Cipollone, Giuliana C | |
| | Altabef, Veronica H | |
| 8.50 | Togias, Iason G | COMPLETE DRAFT OF OPPOSITION TO MOTION TO DISMISS (8.1); REVISE CASE SUMMARY (0.4). |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| 0.60 | Archambeau, Karsyn | CONFER WITH DOCUMENT REVIEW VENDOR RE: TIMELINE AND STATUS OF DOCUMENT COLLECTION. |
| [redacted] | Archambeau, Karsyn | [redacted] |

| | | |
|---|---|---|
| [redacted] | Archambeau, Karsyn | [redacted] |
| | Archambeau, Karsyn | |
| 07/04/25<br>9.10 | Buzzard, Christine M | REVIEW AND REVISE STANDARD OF REVIEW PORTION OF MOTION TO DISMISS OPPOSITION BRIEF (0.9); REVISE INTRODUCTION OF SAME (0.7); REVIEW AND REVISE DRAFT FACTUAL BACKGROUND PORTION OF SAME (3.7); REVISE FIRST AMENDMENT PORTION OF SAME (3.8). |
| [redacted] | Richman, Brian A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| | Talley, Mark C | |
| | Wolf, Brandon C | |
| 07/05/25<br>[redacted] | Chung, Daniel | [redacted] |
| | Hvidt, Scott K | |
| 4.80 | Buzzard, Christine M | REVIEW AND REVISE PERSONAL JURISDICTION PORTION OF MOTION TO DISMISS DRAFT (2.1); REVISE FDUTPA PORTION OF SAME (2.7). |

| | | |
|---|---|---|
| [redacted] | Richman, Brian A | [redacted] |
| [redacted] | Richman, Brian A | [redacted] |
| [redacted] | Richman, Brian A | [redacted] |
| [redacted] | Hammer, Stephen J | [redacted] |
| | Simmons, Kevin M | |
| 0.50 | Cardone, Emily A | REVIEW AND REVISE PROPOSED OFFENSIVE SEARCH TERMS. |
| [redacted] | Talley, Mark C | [redacted] |
| | Wolf, Brandon C | |
| 2.60 | Reilly, Kevin J | REVISE OPPOSITION BRIEF, INCORPORATING FEEDBACK FROM C. BUZZARD AND B. RICHMAN. |
| [redacted] | Altabef, Veronica H | [redacted] |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| 07/06/25 [redacted] | Yang, Betty X | [redacted] |

| | | |
|---|---|---|
| [redacted] | Hvidt, Scott K | [redacted] |
| [redacted] | Buzzard, Christine M | [redacted] |
| [redacted] | Buzzard, Christine M | [redacted] |
| [redacted] | Richman, Brian A | [redacted] |
| [redacted] | Kuntz, Andrew V | [redacted] |
| [redacted] | Kuntz, Andrew V | [redacted] |
| [redacted] | Wolf, Brandon C | [redacted] |
| 3.10 | Reilly, Kevin J | REVISE OPPOSITION BRIEF, INCORPORATING FEEDBACK FROM C. BUZZARD AND B. RICHMAN. |
| [redacted] | Cipollone, Giuliana C | [redacted] |
| 2.30 | Togias, Iason G | REVISE OPPOSITION TO MOTION TO DISMISS. |
| 07/07/25 [redacted] | Chung, Daniel | [redacted] |

| | | |
|---|---|---|
| [redacted] | Maloney, Mary Beth | [redacted] |
| | Scott, Sydney A | |
| 7.80 | Crain, Lee R | REVIEW AND REVISE MOTION TO DISMISS (5.5); CONFER WITH CONSUMER CHOICE EXPERT TEAM AND PREPARE RE THE SAME (.8); ATTENTION TO DISCOVERY STATUS AND STRATEGY (1.5) |
| 2.10 | Hvidt, Scott K | MEET AND CONFER WITH OPPOSING COUNSEL REGARDING DISCOVERY REQUESTS. |
| [redacted] | Hvidt, Scott K | [redacted] |
| 4.60 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE LETTER TO LEAPFROG REGARDING DISCOVERY CONFERENCE (1.4); DRAFT CORRESPONDENCE REGARDING DISCOVERY STRATEGY (1.2); DRAFT, REVIEW AND REVISE DISCOVERY REQUESTS (.7); DRAFT TALKING POINTS FOR MEET AND CONFER (1.3). |
| [redacted] | Buzzard, Christine M | [redacted] |
| 0.90 | Buzzard, Christine M | DRAFT REQUESTS FOR PRODUCTION RELATED TO LEAPFROG'S CLAIM THAT THE COURT LACKS PERSONAL JURISDICTION OVER IT. |

| | | |
|---|---|---|
| 0.90 | Buzzard, Christine M | REVIEW REVISIONS TO LEAPFROG MOTION TO DISMISS OPPOSITION BRIEF FROM L. CRAIN AND DEVELOP PLAN FOR FURTHER EDITING WITH K. REILLY. |
| [redacted] | Takagaki, Marc Aaron Y | [redacted] |

| | | |
|---|---|---|
| 0.30 | Cardone, Emily A | REVIEW AND REVISE SEARCH TERMS. |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.60 | Cardone, Emily A | DRAFT AND REVISE BACKGROUND AND RELEVANCE INFORMATION ON ADDITIONAL CUSTODIANS. |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.70 | Cardone, Emily A | REVIEW AND REVISE SECOND SET OF REQUESTS FOR PRODUCTION. |
| [redacted] | Cardone, Emily A | [redacted] |
| 2.20 | Cardone, Emily A | MEET AND CONFER WITH OPPOSING COUNSEL RE REQUESTS FOR PRODUCTION. |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.80 | Cardone, Emily A | REVIEW AND REVISE LETTER TO LEAPFROG RE MEET AND CONFER. |
| [redacted] | Kuntz, Andrew V | [redacted] |
| | Kuntz, Andrew V | |
| | Talley, Mark C | |

| | | |
|---|---|---|
| | Grover, Monica | |
| | Wolf, Brandon C | |
| | Shi, Andrew A | |
| 0.90 | Reilly, Kevin J | REVISE NON-PARTY DISCOVERY REQUESTS. |
| | Reilly, Kevin J | |
| | Cipollone, Giuliana C | |
| | Cipollone, Giuliana C | |
| | Garnick, Adam J | |
| | Altabef, Veronica H | |

| | | |
|---|---|---|
| [redacted] | Togias, Iason G | [redacted] |
| | Dabanka, Elizabeth A | |
| [redacted] | Archambeau, Karsyn | [redacted] |
| | Archambeau, Karsyn | |
| 2.50 | Archambeau, Karsyn | ATTEND MEET AND CONFER WITH OPPOSING COUNSEL RE: DOCUMENT REQUESTS AND TAKE NOTES FOR SAME. |

| | | |
|---|---|---|
| [redacted] | Archambeau, Karsyn | [redacted] |
| | Archambeau, Karsyn | |
| | Archambeau, Karsyn | |
| 07/08/25 [redacted] | Chung, Daniel | |
| 1.80 | Maloney, Mary Beth | LEADERSHIP MEETING REGARDING DISCOVERY STRATEGY (.5); ALL TEAM MEETING REGARDING MOTION TO DISMISS AND DISCOVERY STATUS (.5); FOLLOW UP ON ISSUES RELATED TO INSURERS, THIRD PARTY DISCOVERY (.8). |
| [redacted] | Scott, Sydney A | [redacted] |
| 5.00 | Crain, Lee R | REVISE MOTION TO DISMISS BRIEF (4); ATTENTION TO DISCOVERY STRATEGY (1). |
| [redacted] | Hvidt, Scott K | [redacted] |
| | Hvidt, Scott K | |

| | | |
|---|---|---|
| 7.70 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE LETTER TO OPPOSING COUNSEL (4.3); DRAFT, REVIEW AND REVISE SEARCH TERMS (2.3); DRAFT, REVIEW AND REVISE SUMMARY OF MEET AND CONFER (.5); DRAFT, REVIEW AND REVISE CORRESPONDENCE REGARDING STRATEGY (.6). |
| 0.50 | Buzzard, Christine M | PARTICIPATE IN FULL TEAM CALL FOR LEAPFROG MATTER. |
| [redacted] | Buzzard, Christine M | [redacted] |
| | Buzzard, Christine M | |
| | Parks, Allyson E | |
| | Richman, Brian A | |
| | Richman, Brian A | |

| | | |
|---|---|---|
| | Takagaki, Marc Aaron Y | |
| 2.00 | Simmons, Kevin M | DRAFT OUTLINE FOR INTERVIEW OF HOSPITAL CEOS. |
| | Cardone, Emily A | |

| | | |
|---|---|---|
| 0.60 | Cardone, Emily A | REVIEW AND ANALYZE LEAPFROG PROPOSED SEARCH TERMS AND DRAFT COUNTERPROPOSALS. |
| [redacted] | Cardone, Emily A | [redacted] |
| | Cardone, Emily A | |
| 0.50 | Cardone, Emily A | REVIEW AND REVISE SECOND SET OF REQUESTS FOR PRODUCTION. |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.60 | Cardone, Emily A | REVIEW AND REVISE LETTER TO LEAPFROG RE REQUEST FOR PRODUCTION MEET AND CONFER. |
| 0.30 | Cardone, Emily A | DEVELOP STRATEGY WITH D. CHUNG AND N. DELWICHE RE OFFENSIVE DEPOSITIONS. |
| 0.50 | Cardone, Emily A | DEVELOP STRATEGY WITH INTERNAL TEAM RE DISCOVERY AND MOTION TO DISMISS. |
| 1.10 | Cardone, Emily A | MEET AND CONFER WITH OPPOSING COUNSEL RE INTERROGATORIES. |
| [redacted] | Kuntz, Andrew V | [redacted] |
| | Kuntz, Andrew V | |
| | Talley, Mark C | |
| | Grover, Monica | |

| | | |
|---|---|---|
| | Wolf, Brandon C | |
| | Shi, Andrew A | |
| 3.70 | Reilly, Kevin J | REVISE OPPOSITION BRIEF. |
| | Reilly, Kevin J | |
| | Garnick, Adam J | |
| | Altabef, Veronica H | |
| | Togias, Iason G | |
| | Dabanka, Elizabeth A | |

| | | |
|---|---|---|
| 1.30 | Archambeau, Karsyn | DRAFT LETTER MEMORIALIZING MEET AND CONFER WITH OPPOSING COUNSEL RE: INTERROGATORIES FOR S. HVIDT AND E. CARDONE. |
| 1.50 | Archambeau, Karsyn | TAKE NOTES FOR MEET AND CONFER WITH OPPOSING COUNSEL RE: INTERROGATORY RESPONSES AND BEGIN DRAFTING SUMMARY FOR SAME. |
| 1.10 | Archambeau, Karsyn | DRAFT LIST OF DOCUMENT REQUESTS RE: THIRD PARTY SUBPOENAS AND REVISE THIRD PARTY DISCOVERY PLAN FOR SAME. |
| [redacted] | Archambeau, Karsyn | [redacted] |
| 0.30 | Archambeau, Karsyn | REVIEW AND SUMMARIZE DOCUMENTS PRODUCED BY CLIENT RE: ST. MARY'S HOSPITAL. |
| [redacted] | Archambeau, Karsyn | [redacted] |
| 0.50 | Archambeau, Karsyn | REVIEW SEARCH TERMS PROPOSED BY OPPOSING COUNSEL AND ADD THEM TO SPREADSHEET FOR COMPARISON. |
| 0.70 | Archambeau, Karsyn | REVISE LETTER MEMORIALIZING MEET AND CONFER RE: DOCUMENT REQUESTS. |
| [redacted] | Delwiche, Noah J | [redacted] |

| | | |
|---|---|---|
| [redacted] | Scott, Spencer E | [redacted] |
| | Womack, Lauren E | |
| 07/09/25 [redacted] | Chung, Daniel | [redacted] |
| 1.40 | Maloney, Mary Beth | REVISE OPPOSITION TO MOTION TO DISMISS AND CONFER WITH TEAM RE SAME. |
| [redacted] | Crain, Lee R | [redacted] |
| | Hvidt, Scott K | |
| 2.50 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE LETTER REGARDING INTERROGATORIES (1.3); DRAFT, REVIEW AND REVIEW DISCOVERY REQUESTS (.7); DRAFT, REVIEW AND REVISE SUBPOENAS (.5). |

Parks, Allyson E

Richman, Brian A

Takagaki, Marc Aaron Y

**Invoice Date: August 18, 2025** **Invoice No. 2025082202**

**Due and Payable Upon Receipt**

| | | |
|---|---|---|
| | Cardone, Emily A | |
| 0.50 | Cardone, Emily A | REVIEW AND REVISE SUBPOENA TOPICS. |
| 0.40 | Cardone, Emily A | DRAFT AND REVISE SECOND SET OF REQUESTS FOR PRODUCTION WITH S. HVIDT EDITS. |
| 0.90 | Cardone, Emily A | REVIEW AND REVISE LETTER TO LEAPFROG RE INTERROGATORY MEET AND CONFER. |
| | Cardone, Emily A | |
| | Cardone, Emily A | |
| | Kuntz, Andrew V | |
| | Kuntz, Andrew V | |
| | Talley, Mark C | |
| | Grover, Monica | |
| | Wolf, Brandon C | |
| | Shi, Andrew A | |

| | | |
|---|---|---|
| 2.30 | Reilly, Kevin J | REVISE OPPOSITION TO MOTION TO DISMISS (1.2); REVISE NON-PARTY SUBPOENAS (1.1). |
| [redacted] | Garnick, Adam J | [redacted] |
| [redacted] | Altabef, Veronica H | [redacted] |
| 4.90 | Togias, Iason G | CONFER WITH L. CRAIN, K. REILLY, AND V. ALTABEF RE OPPOSITION TO MOTION TO DISMISS (0.6); REVISE OPPOSITION TO MOTION TO DISMISS (4.1); BEGIN COMPOSING LEAPFROG POSITION PAPER (0.2). |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| | Archambeau, Karsyn | |
| 0.60 | Archambeau, Karsyn | DRAFT AND POPULATE WITNESS OUTREACH CHART RE: FACT DEVELOPMENT AND DISCUSS SAME WITH E. DABANKA. |
| 0.30 | Archambeau, Karsyn | REVISE THIRD-PARTY DISCOVERY PLAN. |
| [redacted] | Delwiche, Noah J | [redacted] |
| 07/10/25 [redacted] | Chung, Daniel | [redacted] |

| | | |
|---|---|---|
| [redacted] | Maloney, Mary Beth | [redacted] |
| | Crain, Lee R | |
| | Hvidt, Scott K | |
| | Hvidt, Scott K | |
| 1.00 | Hvidt, Scott K | WORK WITH CORNERSTONE REGARDING NICHOLSON REPORT. |
| 1.50 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE DISCOVERY REQUESTS (.6); DRAFT, REVIEW AND REVISE SUBPOENAS (.4); DRAFT, REVIEW AND REVISE LETTER TO LEAPFROG (.5). |
| [redacted] | Parks, Allyson E | [redacted] |



Takagaki, Marc Aaron Y



**Invoice Date: August 18, 2025** **Invoice No. 2025082202**

**Due and Payable Upon Receipt**

| | | |
|---|---|---|
| | Cardone, Emily A | |
| 0.90 | Cardone, Emily A | REVIEW, REVISE, AND FINALIZE SECOND SET OF REQUESTS FOR PRODUCTION WITH L. CRAIN EDITS AND S. HVIDT EDITS. |
| 0.60 | Cardone, Emily A | REVIEW AND FINALIZE INTERROGATORY MEET AND CONFER LETTER. |
| 0.50 | Cardone, Emily A | REVIEW AND REVISE THIRD PARTY SUBPOENAS. |
| | Cardone, Emily A | |
| | Kuntz, Andrew V | |
| | Kuntz, Andrew V | |
| | Kuntz, Andrew V | |
| | Kuntz, Andrew V | |
| | Shi, Andrew A | |
| | Reilly, Kevin J | |
| 4.40 | Reilly, Kevin J | REVISE OPPOSITION TO MOTION TO DISMISS. |
| 1.00 | Reilly, Kevin J | PREPARE FOR AND ATTEND CALL REGARDING PROFESSOR NICHOLSON EXPERT REPORT. |

| | | |
|---|---|---|
| [redacted] | Garnick, Adam J | [redacted] |
| [redacted] | Altabef, Veronica H | [redacted] |
| [redacted] | Togias, Iason G | [redacted] |
| | Dabanka, Elizabeth A | |
| 0.40 | Archambeau, Karsyn | CONTINUE REVIEWING CLIENT DOCUMENTS FOR AFFIRMATIVE PRODUCTION. |
| 0.40 | Archambeau, Karsyn | DRAFT WITNESS INTERVIEW OUTLINE RE: FACT DEVELOPMENT. |
| 0.30 | Archambeau, Karsyn | REVISE WITNESS OUTREACH CHART RE: POTENTIAL WITNESSES AND FACT DEVELOPMENT. |
| [redacted] | Archambeau, Karsyn | [redacted] |

| | | |
|---|---|---|
| 4.20 | Archambeau, Karsyn | REVIEW AND PROPOSE REVISIONS TO OPPOSITION TO MOTION TO DISMISS. |
| 0.90 | Archambeau, Karsyn | DRAFT THIRD-PARTY SUBPOENAS FOR M. TAKAGAKI. |
| 3.60 | Delwiche, Noah J | PROOFREAD AND CITE CHECK OPPOSITION TO MOTION TO DISMISS. |
| 07/11/25 | | |
| | Chung, Daniel | |
| | Maloney, Mary Beth | |
| 5.50 | Crain, Lee R | REVISE MOTION TO DISMISS (2.5); CONFER WITH CLIENT AND PREPARE FOR THE SAME (1); ATTENTION TO DISCOVERY, INCLUDING TLG'S DISCOVERY REQUESTS (2). |
| | Hvidt, Scott K | |
| | Richman, Brian A | |



**Due and Payable Upon Receipt**

Takagaki, Marc Aaron Y

Cardone, Emily A

**Invoice Date: August 18, 2025** **Invoice No. 2025082202**

**Due and Payable Upon Receipt**

| | | |
|---|---|---|
| [redacted] | Cardone, Emily A | [redacted] |
| 0.60 | Cardone, Emily A | REVIEW AND ANALYZE STIPULATED PROTECTIVE ORDER. |
| 0.80 | Cardone, Emily A | REVIEW AND ANALYZE LEAPFROG DISCOVERY REQUESTS. |
| 0.90 | Cardone, Emily A | DRAFT AND REVISE DEPONENT BACKGROUND AND KEY TOPICS. |
| [redacted] | Cardone, Emily A | [redacted] |
| | Cardone, Emily A | |
| | Kuntz, Andrew V | |
| | Kuntz, Andrew V | |
| | Kuntz, Andrew V | |
| | Wolf, Brandon C | |
| | Shi, Andrew A | |
| 4.20 | Reilly, Kevin J | REVIEW AND REVISE OPPOSITION BRIEF FOR FILING. |
| [redacted] | Cipollone, Giuliana C | [redacted] |

| | | |
|---|---|---|
| [redacted] | Altabef, Veronica H | [redacted] |
| [redacted] | Togias, Iason G | [redacted] |
| | Dabanka, Elizabeth A | |
| | Archambeau, Karsyn | |
| | Archambeau, Karsyn | |
| | Archambeau, Karsyn | |
| 0.70 | Archambeau, Karsyn | DRAFT INTERVIEW OUTLINES FOR WITNESSES RE: FACT DEVELOPMENT. |
| [redacted] | Archambeau, Karsyn | [redacted] |
| | Archambeau, Karsyn | |

| | | |
|---|---|---|
| [redacted] | Archambeau, Karsyn | [redacted] |
| | Archambeau, Karsyn | |
| 0.50 | Archambeau, Karsyn | DRAFT SEARCH TERMS FOR REVIEW OF CLIENT DOCUMENTS. |
| [redacted] | Archambeau, Karsyn | [redacted] |
| | Delwiche, Noah J | |
| | Raber, Steven | |
| | Scott, Spencer E | |
| 07/12/25 | | |
| [redacted] | Chung, Daniel | [redacted] |
| 2.50 | Maloney, Mary Beth | ATTEND TO DISCOVERY ISSUES, INCLUDING THIRD PARTIES; COMMUNICATIONS WITH TEAM AND CLIENT RE SAME. |
| 3.80 | Crain, Lee R | REVIEW LEAPFROG DISCOVERY REQUESTS AND ASSIGN STRATEGY TO TEAM. |

| | | |
|---|---|---|
| 0.60 | Hvidt, Scott K | DRAFT CORRESPONDENCE WITH TEAM REGARDING DISCOVERY STRATEGY AND RESPONSE. |
| [redacted] | Hvidt, Scott K<br>Takagaki, Marc Aaron Y | [redacted] |
| 0.70 | Kuntz, Andrew V | REVIEW LEAPFROG'S REQUESTS FOR THE PRODUCTION OF DOCUMENTS. |
| [redacted] | Cipollone, Giuliana C<br>Cipollone, Giuliana C | [redacted] |
| 0.20 | Togias, Iason G | CORRESPOND WITH M. TAKAGAKI RE PREEMPTIVE PROTECTIVE ORDER. |
| 1.90 | Archambeau, Karsyn | REVIEW CLIENT DOCUMENT PRODUCTION RE: RECEIVED REQUESTS FOR PRODUCTION FROM DEFENSE COUNSEL AND DISCUSS SAME WITH M. TAKAGAKI AND L. CRAIN. |
| [redacted] | Archambeau, Karsyn | [redacted] |

| | | |
|---|---|---|
| 07/13/25 [redacted] | Chung, Daniel | [redacted] |
| 0.40 | Hvidt, Scott K | DRAFT CORRESPONDENCE TO OPPOSING COUNSEL REGARDING DISCOVERY DISPUTES. |
| [redacted] | Hvidt, Scott K<br>Buzzard, Christine M | [redacted] |
| 0.60 | Takagaki, Marc Aaron Y | STRATEGIZE WITH L. CRAIN, A. KUNTZ, AND A. GARNICK RE: LETTER TO OPPOSING COUNSEL AND MOTION FOR PROTECTIVE ORDER (.5); CONFER WITH I. TOGIAS AND M. OTOO RE: LEGAL RESEARCH (.1). |
| 0.70 | Kuntz, Andrew V | CONFER REGARDING STRATEGY ON LEAPFROG'S REQUESTS FOR PRODUCTION OF DOCUMENTS. |
| 1.30 | Kuntz, Andrew V | DRAFT LETTER TO LEAPFROG REGARDING DELAYED REQUESTS FOR PRODUCTION. |
| [redacted] | Kuntz, Andrew V<br>Cipollone, Giuliana C | [redacted] |
| 8.50 | Garnick, Adam J | CONFER WITH L. CRAIN AND TEAM REGARDING DISCOVERY REQUESTS (0.5); REVIEW AND CATEGORIZE ALL REQUESTS FOR PRODUCTION AND INTERROGATORIES (4.0); BEGIN DRAFTING MOTION FOR PROTECTIVE ORDER (4.0). |

| | | |
|---|---|---|
| 07/14/25 | | |
| [redacted] | Chung, Daniel | [redacted] |
| | Maloney, Mary Beth | |
| 1.20 | Scott, Sydney A | PREPARE FOR AND PARTICIPATE IN MEET-AND-CONFER WITH OPPOSING COUNSEL RE LATE-SERVED DISCOVERY (0.4); ANALYZE LATE-SERVED DISCOVERY REQUESTS (0.8). |
| 1.80 | Crain, Lee R | MEET AND CONFER AND PREPARE FOR THE SAME (1); ATTENTION TO DISCOVERY STATUS (.8). |
| [redacted] | Hvidt, Scott K | [redacted] |
| 0.40 | Hvidt, Scott K | PARTICIPATE IN MEET AND CONFER WITH OPPOSING COUNSEL. |
| 2.30 | Hvidt, Scott K | DRAFT CORRESPONDENCE TO OPPOSING COUNSEL REGARDING DISCOVERY DISPUTES (.6); DRAFT, REVIEW AND REVISE CONFIDENTIALITY ORDER (1.4); DRAFT CORRESPONDENCE REGARDING STRATEGY (.3) |
| [redacted] | Richman, Brian A | [redacted] |

Takagaki, Marc Aaron Y

**Invoice Date: August 18, 2025** **Invoice No. 2025082202**

**Due and Payable Upon Receipt**

| | | |
|---|---|---|
| [redacted] | Hammer, Stephen J | [redacted] |
| | Hammer, Stephen J | |
| | Hammer, Stephen J | |
| | Hammer, Stephen J | |
| 0.40 | Cardone, Emily A | DRAFT OMNIBUS DEPOSITION TOPICS FOR OUTLINE. |
| [redacted] | Cardone, Emily A | [redacted] |
| | Cardone, Emily A | |
| | Cardone, Emily A | |
| | Cardone, Emily A | |
| 0.30 | Cardone, Emily A | REVIEW AND REVISE RESPONSE TO LEAPFROG RE SEARCH TERMS. |
| 1.70 | Cardone, Emily A | DRAFT, REVIEW, AND REVISE STIPULATED PROTECTIVE ORDER. |
| [redacted] | Kuntz, Andrew V | [redacted] |

| | | |
|---|---|---|
| 1.50 | Kuntz, Andrew V | DRAFT LETTER MEMORIALIZING MEET AND CONFER OBJECTIONS TO LEAPFROG'S REQUESTS FOR THE PRODUCTION OF DOCUMENTS. |
| [redacted] | Kuntz, Andrew V | [redacted] |
| 0.30 | Kuntz, Andrew V | CONFER WITH L. CRAIN REGARDING LETTER ON LEAPFROG'S REQUESTS FOR PRODUCTIONS. |
| [redacted] | Kuntz, Andrew V | [redacted] |
| | Kuntz, Andrew V | |
| 2.00 | Kuntz, Andrew V | DRAFT CORRESPONDENCE TO LEAPFROG OBJECTING TO SCOPE OF REQUESTS FOR PRODUCTION OF DOCUMENTS. |
| [redacted] | Wolf, Brandon C | [redacted] |
| | Shi, Andrew A | |
| 0.90 | Reilly, Kevin J | ANALYZE THIRD PARTY DISCOVERY FOR AETNA. |
| [redacted] | Reilly, Kevin J | [redacted] |
| | Cipollone, Giuliana C | |

| | | |
|---|---|---|
| | Cipollone, Giuliana C | |
| | Garnick, Adam J | |
| | Otoo, Mary D | |
| 3.30 | Otoo, Mary D | DRAFT RESPONSES AND OBJECTIONS TO DEFENDANT'S REQUESTS FOR PRODUCTION. |
| 3.90 | Otoo, Mary D | CONDUCT RESEARCH IN SUPPORT OF MOTION FOR PROTECTIVE ORDER. |
| 1.10 | Otoo, Mary D | MEET AND CONFER WITH OPPOSING COUNSEL AND DRAFT SUMMARY UPDATE. |
| | Togias, Iason G | |
| | Dabanka, Elizabeth A | |

| | | |
|---|---|---|
| [redacted] | Archambeau, Karsyn | [redacted] |
| | Archambeau, Karsyn | |
| 1.30 | Archambeau, Karsyn | CONTINUE REVIEWING DOCUMENTS PRODUCED BY CLIENT SO FAR AHEAD OF BEGINNING REVIEW AND PRODUCTION TO PLAINTIFFS. |
| [redacted] | Archambeau, Karsyn | [redacted] |
| | Delwiche, Noah J | |
| 07/15/25 [redacted] | Chung, Daniel | [redacted] |
| 1.50 | Maloney, Mary Beth | REVIEW MTD DECISION AND CONFER WITH TEAM RE STRATEGY IN RESPONSE TO SAME. |

| | | |
|---|---|---|
| 5.50 | Scott, Sydney A | PREPARE FOR AND PARTICIPATE IN SENIOR LEADERSHIP CALL (0.5); PREPARE FOR AND PARTICIPATE IN ALL-GDC TEAM MEETING (0.7); PREPARE FOR AND PARTICIPATE IN CALL WITH A. FISCHER RE CEO INTERVIEWS (0.5); ANALYZE CASE BACKGROUND MATERIALS, INCLUDING COMPLAINT, MOTION TO DISMISS, AND DISCOVERY CORRESPONDENCE (2.3); PREPARE FOR AND PARTICIPATE IN MEETING RE DOCUMENT COLLECTION (1.5). |
| 8.50 | Crain, Lee R | REVIEW MOTION TO DISMISS AND ASSESS STRATEGY (2); REVIEW DOCUMENTS FOR STRATEGY ASSESSMENT (3); REVISE CORRESPONDENCE TO OPPOSING COUNSEL (2); ASSESS JUDGE AND CASE STRATEGY (1.5). |
| [redacted] | Hvidt, Scott K | [redacted] |
| | Hvidt, Scott K | |
| | Hvidt, Scott K | |
| | Buzzard, Christine M | |
| | Buzzard, Christine M | |

Buzzard, Christine M

Buzzard, Christine M

Buzzard, Christine M

Buzzard, Christine M

Buzzard, Christine M

Buzzard, Christine M

Parks, Allyson E

Richman, Brian A

Richman, Brian A

Richman, Brian A

| | | |
|---|---|---|
| [redacted] | Takagaki, Marc Aaron Y | [redacted] |
| [redacted] | Hammer, Stephen J | [redacted] |
| 4.00 | Simmons, Kevin M | DRAFT RESPONSES AND OBJECTIONS TO TLG'S INTERROGATORIES (4.0). |

| | | |
|---|---|---|
| [redacted] | Cardone, Emily A | [redacted] |
| 0.50 | Cardone, Emily A | DRAFT SEARCH TERMS FOR SECOND SET OF REQUESTS FOR PRODUCTION. |
| [redacted] | Cardone, Emily A | [redacted] |
| | Cardone, Emily A | |
| 0.80 | Cardone, Emily A | REVIEW AND REVISE STIPULATED PROTECTIVE ORDER. |
| [redacted] | Cardone, Emily A | [redacted] |
| | Cardone, Emily A | |
| | Kuntz, Andrew V | |
| | Kuntz, Andrew V | |
| 3.80 | Kuntz, Andrew V | DRAFT CORRESPONDENCE TO LEAPFROG OBJECTING TO REQUESTS FOR PRODUCTION OF DOCUMENTS. |
| [redacted] | Grover, Monica | [redacted] |

| | | |
|---|---|---|
| [redacted] | Wolf, Brandon C | [redacted] |
| | Shi, Andrew A | |
| 0.70 | Reilly, Kevin J | PREPARE DISCOVERY REQUESTS. |
| [redacted] | Reilly, Kevin J | [redacted] |
| | Reilly, Kevin J | |
| | Cipollone, Giuliana C | |
| 6.40 | Garnick, Adam J | PREPARE FOR AND PARTICIPATE IN WEEKLY TEAM MEETING (1.0); BEGIN REVIEWING CONSUMER CHOICE EXPERT REPORT OUTLINE (0.5); REVIEW MOTION TO DISMISS ORDER (0.5); DRAFT MOTION FOR PROTECTIVE ORDER (4.4). |
| [redacted] | Altabef, Veronica H | [redacted] |
| | Otoo, Mary D | |
| 11.10 | Otoo, Mary D | DRAFT SPECIFIC RESPONSES AND OBJECTIONS TO DEFENDANT'S REQUESTS FOR PRODUCTION. |
| [redacted] | Otoo, Mary D | [redacted] |

| | | |
|---|---|---|
| [redacted] | Togias, Iason G | [redacted] |
| 0.60 | Fischer, Alexander M | CONFER WITH S. SCOTT RE DEPOSITION AND TESTIMONY PREPARATION. |
| [redacted] | Dabanka, Elizabeth A<br>Archambeau, Karsyn | [redacted] |
| 1.60 | Archambeau, Karsyn | SUMMARIZE AND DISCUSS WITH PARTNERS ELEVATED DOCUMENTS FROM CLIENT FILES RE: ANTICIPATING PRODUCTION TO DEFENDANTS. |
| [redacted] | Archambeau, Karsyn<br>Archambeau, Karsyn | [redacted] |

| | | |
|---|---|---|
| [redacted] | Archambeau, Karsyn | [redacted] |
| 0.60 | Archambeau, Karsyn | CONTINUE REVIEWING CLIENT DOCUMENTS RE: INTERNAL RECORDS FOR DISCUSSION WITH PARTNER TEAM RE: PRODUCING TO DEFENDANTS. |
| [redacted] | Archambeau, Karsyn | [redacted] |
| 3.30 | Delwiche, Noah J | CONFER WITH TEAM RE ONGOING ACTION ITEMS (.5); DRAFT MODULES FOR OMNIBUS OFFENSIVE DEPOSITION OUTLINE (2.8). |
| [redacted] | Womack, Lauren E | [redacted] |
| 07/16/25 | | |
| [redacted] | Chung, Daniel | [redacted] |
| [redacted] | Maloney, Mary Beth | [redacted] |

| | | |
|---|---|---|
| [redacted] | Scott, Sydney A | [redacted] |
| 5.50 | Crain, Lee R | REVISE DISCOVERY RESPONSES AND OBJECTIONS (2.5); REVISE SEARCH TERMS, OFFENSIVE AND DEFENSIVE (.5); REVIEW EXPERT REPORT OUTLINE (1); REVIEW LEAPFROG DOCUMENTS TO ASSIST IN EXPERT REPORT DEVELOPMENT (1.5). |
| [redacted] | Hvidt, Scott K | [redacted] |
| | Hvidt, Scott K | |
| 4.20 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE DISCOVERY RESPONSES (1.3); DRAFT, REVIEW AND REVISE DISCOVERY CORRESPONDENCE (1.2); EXECUTE VARIOUS DISCOVERY STRATEGY TASKS (.5); DRAFT, REVIEW AND REVISE SEARCH TERMS (1.2). |
| [redacted] | Buzzard, Christine M | [redacted] |
| | Parks, Allyson E | |



Richman, Brian A

Takagaki, Marc Aaron Y



**Invoice Date: August 18, 2025** **Invoice No. 2025082202**

**Due and Payable Upon Receipt**

| | | |
|---|---|---|
| 7.90 | Simmons, Kevin M | DRAFT RESPONSES AND OBJECTIONS TO TLG'S INTERROGATORIES (7.9). |
| 2.70 | Cardone, Emily A | DRAFT AND REVISE OMNIBUS DEPOSITION OUTLINE. |
| [redacted] | Cardone, Emily A | [redacted] |
| | Cardone, Emily A | |
| 0.40 | Cardone, Emily A | REVIEW AND REVISE STIPULATED PROTECTIVE ORDER WITH L. CRAIN EDITS. |
| 0.80 | Cardone, Emily A | DRAFT AND REVISE SEARCH TERMS FOR SECOND SET OF REQUESTS FOR PRODUCTION. |
| 0.20 | Cardone, Emily A | REVIEW AND REVISE CORRESPONDENCE TO LEAPFROG RE INTERROGATORY RESPONSES. |
| 0.50 | Cardone, Emily A | MEET WITH DOCUMENT DISCOVERY TEAM TO DISCUSS LEAPFROG DOCUMENTS. |
| 0.60 | Kuntz, Andrew V | CONFER WITH LEVEL LEGAL REGARDING DOCUMENT REVIEW PROJECT. |
| [redacted] | Kuntz, Andrew V | [redacted] |
| | Grover, Monica | |

| | | |
|---|---|---|
| [redacted] | Reilly, Kevin J | [redacted] |
| 4.80 | Garnick, Adam J | REVIEW AND REVISE CONSUMER CHOICE EXPERT OUTLINE (2.0); CONTINUE TO DRAFT AND REVISE MOTION FOR A PROTECTIVE ORDER (2.8). |
| [redacted] | Otoo, Mary D | [redacted] |
| 1.40 | Otoo, Mary D | REVISE RESPONSES AND OBJECTIONS TO DEFENDANT'S REQUESTS FOR PRODUCTION. |
| 1.20 | Otoo, Mary D | CONDUCT RESEARCH REGARDING LIMITS ON DEPOSITIONS AND EXPERT DEPOSITIONS. |
| 0.70 | Otoo, Mary D | REVISE ESI PROTOCOL. |
| [redacted] | Togias, Iason G | [redacted] |
| [redacted] | Dabanka, Elizabeth A | [redacted] |

| | | |
|---|---|---|
| 1.10 | Archambeau, Karsyn | REVISE RESPONSES AND OBJECTIONS TO DEFENDANT'S REQUESTS FOR PRODUCTION. |
| | Archambeau, Karsyn | |
| | Archambeau, Karsyn | |
| 1.10 | Archambeau, Karsyn | DRAFT CORRESPONDENCE AND COLLECT WORK PRODUCT FOR SAME RE: ADDITIONAL DOCUMENT PRODUCTION FROM CLIENT AND WITNESS OUTREACH. |
| | Archambeau, Karsyn | |
| | Archambeau, Karsyn | |
| 3.90 | Delwiche, Noah J | DRAFT MODULES FOR OFFENSIVE DEPOSITION OUTLINE. |
| 07/17/25 | Chung, Daniel | |
| | Maloney, Mary Beth | |

| | | |
|---|---|---|
| [redacted] | Yang, Betty X | [redacted] |
| 4.50 | Scott, Sydney A | DRAFT AND REVISE INTERROGATORY RESPONSES FOR PLAINTIFF HOSPITALS (3.2); ANALYZE RESPONSES TO REQUESTS FOR PRODUCTION (1.0); PREPARE FOR AND PARTICIPATE IN CALL WITH M. TAGAKI RE SEARCH TERMS (0.3). |
| [redacted] | Crain, Lee R | [redacted] |
| | Hvidt, Scott K | |
| 1.50 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE DISCOVERY RESPONSES (.8); DRAFT CORRESPONDENCE REGARDING STRATEGY (.7). |
| [redacted] | Parks, Allyson E | [redacted] |
| | Richman, Brian A | |

| | | |
|---|---|---|
| [redacted] | Takagaki, Marc Aaron Y | [redacted] |
| [redacted] | Simmons, Kevin M | [redacted] |
| 3.60 | Cardone, Emily A | REVIEW AND REVISE OMNIBUS DEPOSITION OUTLINE. |
| [redacted] | Cardone, Emily A | [redacted] |
| | Cardone, Emily A | |

| | | |
|---|---|---|
| [redacted] | Cardone, Emily A | [redacted] |
| | Cardone, Emily A | |
| 0.70 | Cardone, Emily A | REVIEW AND REVISE STIPULATED PROTECTIVE ORDER WITH HIPAA LANGUAGE. |
| 0.40 | Cardone, Emily A | REVIEW AND ANALYZE MISLEADING WEBSITE PAGES FOR DEPOSITION OUTLINE. |
| [redacted] | Cardone, Emily A | [redacted] |
| | Kuntz, Andrew V | |
| | Kuntz, Andrew V | |
| | Kuntz, Andrew V | |
| | Kuntz, Andrew V | |
| | Kuntz, Andrew V | |
| | Grover, Monica | |
| | Reilly, Kevin J | |

| | | |
|---|---|---|
| 6.50 | Garnick, Adam J | CONTINUE DRAFTING AND FINALIZE DRAFT OF PROTECTIVE ORDER MOTION (3.5); REVIEW AND ANNOTATE VARIOUS DOCUMENTS FOR CONSUMER CHOICE EXPERT AND DRAFT EMAIL TO EXPERT (3.0). |
| | Otoo, Mary D | |
| | Otoo, Mary D | |
| 0.70 | Otoo, Mary D | REVISE DOCUMENT REQUEST RESPONSES & OBJECTIONS. |
| | Togias, Iason G | |
| | Dabanka, Elizabeth A | |
| 1.70 | Archambeau, Karsyn | DISCUSS POTENTIAL DOCUMENTS FOR PRODUCTION WITH R. WEST AT CLIENT WITH M. TAKAGAKI AND L. CRAIN AND DRAFT AND SEND CORRESPONDENCE SUMMARIZING SAME. |
| | Archambeau, Karsyn | |
| | Archambeau, Karsyn | |

Archambeau, Karsyn

Archambeau, Karsyn

Delwiche, Noah J

07/18/25

Chung, Daniel

Maloney, Mary Beth

Yang, Betty X

| | | |
|---|---|---|
| | Scott, Sydney A | |
| | Crain, Lee R | |
| 3.40 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE CORRESPONDENCE TO OPPOSING COUNSEL (1.3); DRAFT, REVIEW AND REVISE DISCOVERY REQUESTS (.8); DRAFT, REVIEW AND REVISE PROTECTIVE ORDER (.7); EXECUTE VARIOUS DISCOVERY STRATEGY TASKS (.6). |
| 1.70 | Buzzard, Christine M | REVIEW AND REVISE DRAFT MOTION FOR A PROTECTIVE ORDER PREPARED BY A. GARNICK. |

| | | |
|---|---|---|
| [redacted] | Takagaki, Marc Aaron Y | [redacted] |
| 0.80 | Simmons, Kevin M | DRAFT OUTLINE FOR DEPOSITION PREPARATION FOR CEOS (0.8). |
| [redacted] | Cardone, Emily A | [redacted] |

| | | |
|---|---|---|
| [redacted] | Cardone, Emily A | [redacted] |
| | Cardone, Emily A | |
| 0.20 | Cardone, Emily A | REVIEW AND REVISE EMAIL RE STIPULATED PROTECTIVE ORDER. |
| 0.40 | Cardone, Emily A | REVIEW AND REVISE JUPITER SUBPOENA. |
| [redacted] | Cardone, Emily A | [redacted] |
| | Kuntz, Andrew V | |
| | Kuntz, Andrew V | |
| | Kuntz, Andrew V | |
| 1.00 | Kuntz, Andrew V | TRAIN LEVEL LEGAL DOCUMENT REVIEWER TEAM. |
| [redacted] | Grover, Monica | [redacted] |
| 0.60 | Reilly, Kevin J | PREPARE NON-PARTY SUBPOENA TO JUNIPER MEDICAL CENTER. |
| 4.30 | Garnick, Adam J | FINALIZE DRAFT OF MOTION FOR PROTECTIVE ORDER (2.0); PARTICIPATE IN CALL WITH EXPERT RE REPORT (0.8); COMPILE AND ANNOTATE VARIOUS DOCUMENTS FOR EXPERT (1.5). |

| | | |
|---|---|---|
| 1.80 | Otoo, Mary D | MEET WITH L. CRAIN, M. B. MALONEY, AND M. A. TAKAGAKI REGARDING RESPONSES AND OBJECTIONS TO DEFENDANT'S DOCUMENT REQUESTS. |
| 1.10 | Otoo, Mary D | DRAFT CORRESPONDENCE REGARDING DISCOVERY REQUESTS AND DOCUMENT COLLECTION. |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| 0.40 | Archambeau, Karsyn | REVIEW AND SUMMARIZE SEARCH TERM RESULTS FOR M. TAKAGAKI RE: DOCUMENT REVIEW. |
| [redacted] | Archambeau, Karsyn | [redacted] |
| | Archambeau, Karsyn | |
| | Archambeau, Karsyn | |
| | Archambeau, Karsyn | |
| | Delwiche, Noah J | |
| | Womack, Lauren E | |

| | | |
|---|---|---|
| 07/19/25 | | |
| 1.00 | Chung, Daniel | REVISE DRAFT OFFENSIVE DEPOSITION MODULES. |
| 0.20 | Scott, Sydney A | CORRESPOND WITH K. SIMMONS AND L. CRAIN RE DRAFT INTERROGATORY RESPONSES. |
| 0.80 | Crain, Lee R | REVISE INTERROGATORIES. |
| [redacted] | Takagaki, Marc Aaron Y | [redacted] |
| 4.90 | Simmons, Kevin M | ADDRESS L. CRAIN'S COMMENTS ON RESPONSES AND OBJECTIONS TO INTERROGATORIES (4.9). |
| [redacted] | Kuntz, Andrew V | [redacted] |
| 2.30 | Garnick, Adam J | REVIEW AND REVISE RESPONSES AND OBJECTIONS (2.25). |
| 1.80 | Otoo, Mary D | REVISE RESPONSES AND EJECTIONS TO DEFENDANT'S DISCOVERY REQUESTS. |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| 07/20/25 | | |
| [redacted] | Chung, Daniel | [redacted] |
| [redacted] | Maloney, Mary Beth | [redacted] |

| | | |
|---|---|---|
| 2.80 | Scott, Sydney A | DRAFT AND REVISE INTERROGATORY RESPONSES FOR FIVE PLAINTIFF HOSPITALS (1.8); PREPARE FOR MEETINGS WITH CEO WITNESSES RE SAME (1.0). |
| [redacted] | Hvidt, Scott K | [redacted] |
| 1.50 | Takagaki, Marc Aaron Y | REVIEW AND ANALYZE DOCUMENTS FLAGGED BY LEVEL LEGAL (.6); CONFER WITH LEVEL LEGAL, L. CRAIN, AND OTHERS RE: SAME (.3); REVIEW AND EDIT RESPONSES AND OBJECTIONS TO RFPS (.5); STRATEGIZE WITH A. GARNICK, M. OTOO AND OTHERS RE: SAME (.1). |
| [redacted] | Kuntz, Andrew V | [redacted] |
| | Kuntz, Andrew V | |
| | Kuntz, Andrew V | |
| | Dabanka, Elizabeth A | |
| 07/21/25 [redacted] | Chung, Daniel | [redacted] |

| | | |
|---|---|---|
| [redacted] | Maloney, Mary Beth | [redacted] |
| | Yang, Betty X | |
| 3.00 | Scott, Sydney A | PREPARE FOR, PARTICIPATE IN, AND DEBRIEF FROM MEETINGS WITH H. HAVERIACK AND J. HANLON RE INTERROGATORY RESPONSES. |
| 5.00 | Crain, Lee R | PARTICIPATE IN CEO INTERVIEW (1.5); ATTENTION TO DOCUMENT REVIEW STRATEGIC ISSUES (1); REVISE MOTION FOR PROTECTIVE ORDER AND TELECONFERENCE RE THE SAME (1.5); REVIEW RESPONSES AND OBJECTIONS FOR STRATEGY AND SERVICE (1). |
| [redacted] | Hvidt, Scott K | [redacted] |
| | Hvidt, Scott K | |
| | Hvidt, Scott K | |
| 0.20 | Buzzard, Christine M | DISCUSS PROTECTIVE ORDER STRATEGY AND DAMAGES RESEARCH TASK WITH L. CRAIN, A. GARNICK, AND A. KUNTZ. |
| [redacted] | Richman, Brian A | [redacted] |

| | | |
|---|---|---|
| [redacted] | Takagaki, Marc Aaron Y | [redacted] |
| [redacted] | Simmons, Kevin M | [redacted] |
| 5.40 | Simmons, Kevin M | DRAFT QUESTIONS FOR CEOS BASED ON INTERROGATORIES (0.9); MEET WITH H. HAVERICAK RE INTERROGATORY RESPONSES (1.1); DRAFT INTERROGATORY RESPONSES (3.2); MEET WITH S. SCOTT RE INTERROGATORY RESPONSES (0.2). |
| [redacted] | Cardone, Emily A | [redacted] |

| | | |
|---|---|---|
| 0.50 | Cardone, Emily A | REVIEW AND ANALYZE LEAPFROG SEARCH TERMS FOR DOCUMENT PRODUCTION. |
| 0.60 | Cardone, Emily A | REVIEW AND REVISE OMNIBUS DEPOSITION NOTICE AND DRAFT COVER EMAIL. |
| 0.30 | Cardone, Emily A | LEGAL RESEARCH RE EXPERT DEPOSITION DEADLINES. |
| [redacted] | Cardone, Emily A | [redacted] |
| | Kuntz, Andrew V | |
| | Kuntz, Andrew V | |
| 0.20 | Kuntz, Andrew V | REVIEW INTERNAL DOCUMENTS FOR POTENTIAL PRODUCTION. |
| [redacted] | Kuntz, Andrew V | [redacted] |
| | Kuntz, Andrew V | |
| | Grover, Monica | |
| 0.20 | Reilly, Kevin J | FINALIZE JUPITER MEDICAL CENTER SUBPOENA. |

| | | |
|---|---|---|
| 5.10 | Garnick, Adam J | REVISE RESPONSES AND OBJECTIONS TO DISCOVERY REQUESTS (0.75); PARTICIPATE IN TEAM MEETING REGARDING WITNESS OUTREACH (0.5); UPDATE CHART TRACKING VARIOUS DOCUMENT COLLECTIONS (0.25); CONFER WITH L. CRAIN REGARDING MOTION FOR PROTECTIVE ORDER (0.25); REVIEW DOCUMENTS AHEAD OF PRODUCTION (1.25); BEGIN REVISING MOTION FOR PROTECTIVE ORDER (2.1). |
| 0.60 | Otoo, Mary D | MEET WITH M. A. TAKAGAKI REGARDING WITNESS IDENTIFICATION AND OUTREACH. |
| 1.10 | Otoo, Mary D | MEET WITH M. B. MALONEY, M. A. TAKAGAKI, AND L. CRAIN REGARDING DISCOVERY RESPONSES. |
| 1.20 | Otoo, Mary D | MEET WITH M. B. MALONEY, M. A. TAKAGAKI, AND L. CRAIN REGARDING RESPONSES & OBJECTIONS TO DOCUMENT REQUESTS. |
| [redacted] | Togias, Iason G<br>Dabanka, Elizabeth A | [redacted] |
| 2.00 | Archambeau, Karsyn | REVIEW FIRST LEVEL TAGGING OF DOCUMENTS FOR PRODUCTION TO PLAINTIFFS AND SUMMARIZE SAME FOR M. TAKAGAKI AND TEAM. |

| | | |
|---|---|---|
| [redacted] | Archambeau, Karsyn | [redacted] |
| | Archambeau, Karsyn | |
| 0.50 | Archambeau, Karsyn | REVISE WITNESS CHART AHEAD OF MEETING RE: SAME WITH M. TAKAGAKI TO DISCUSS OUTREACH FOR FACT DEVELOPMENT. |
| 0.30 | Delwiche, Noah J | CONFER WITH D. CHUNG AND E. CARDONE RE ONGOING ACTION ITEMS FOR OFFENSIVE DISCOVERY. |
| [redacted] | Womack, Lauren E | [redacted] |
| 07/22/25 | | |
| 3.00 | Chung, Daniel | INTERNAL CONFERENCES REGARDING UPDATES; REVIEW CORRESPONDENCE REGARDING DISCOVERY ISSUES; REVISE DRAFT OFFENSIVE DEPOSITION OUTLINE MODULES; REVIEW SOURCE DOCUMENTS; REVIEW LEAPFROG WEBSITE AND RELATED MATERIALS. |
| [redacted] | Maloney, Mary Beth | [redacted] |

| | | |
|---|---|---|
| | Yang, Betty X | |
| 4.60 | Scott, Sydney A | PREPARE FOR AND PARTICIPATE IN INTERVIEWS WITH THREE PLAINTIFF HOSPITAL CEOS (4.1); PREPARE FOR AND PARTICIPATE IN SENIOR LEADERSHIP CALL (0.5). |
| 3.80 | Crain, Lee R | PARTICIPATE IN INTERVIEWS OF TWO CEOS (2); ATTENTION TO DISCOVERY STRATEGY (.5); REVIEW AND REVISE WRITTEN DISCOVERY RESPONSES (1.3). |
| | Hvidt, Scott K | |
| | Hvidt, Scott K | |
| | Hvidt, Scott K | |
| 0.80 | Buzzard, Christine M | REVIEW AND REVISE DRAFT MOTION FOR PROTECTIVE ORDER. |
| | Buzzard, Christine M | |

| | | |
|---|---|---|
| | Buzzard, Christine M | |
| | Buzzard, Christine M | |
| | Buzzard, Christine M | |
| 0.50 | Buzzard, Christine M | PARTICIPATE IN TEAM SENIOR SYNC STRATEGY CALL. |
| | Parks, Allyson E | |
| | Richman, Brian A | |
| | Richman, Brian A | |
| | Richman, Brian A | |

Takagaki, Marc Aaron Y

**Invoice Date: August 18, 2025** **Invoice No. 2025082202**

**Due and Payable Upon Receipt**

| | | |
|---|---|---|
| 6.90 | Simmons, Kevin M | DRAFT INTERROGATORY RESPONSES (0.4); WEEKLY TEAM MEETING (0.6); INTERVIEW OF SHERI MONTGOMERY (0.9); INTERVIEW OF CYNTHIA MCCAULEY (1.0); DRAFT INTERROGATORY RESPONSES, INCORPORATING CLIENT INTERVIEWS AND PARTNER FEEDBACK (4.0). |
| [redacted] | Simmons, Kevin M | [redacted] |
| 0.70 | Cardone, Emily A | REVIEW AND ANALYZE OPPOSING COUNSEL EDITS TO PROTECTIVE ORDER. |
| 0.30 | Cardone, Emily A | REVIEW AND REVISE CORRESPONDENCE TO LEAPFROG RE DOCUMENT PRODUCTION. |
| [redacted] | Cardone, Emily A | [redacted] |
| | Cardone, Emily A | |
| | Kuntz, Andrew V | |
| 0.70 | Kuntz, Andrew V | REVISE DRAFT MOTION FOR A PROTECTIVE ORDER REGARDING LEAPFROG DOCUMENT REQUESTS. |
| 1.00 | Kuntz, Andrew V | REVIEW INTERNAL PLAINTIFF HOSPITAL DOCUMENTS FOR POTENTIAL PRODUCTION. |
| [redacted] | Kuntz, Andrew V | [redacted] |

| | | |
|---|---|---|
| [redacted] | Kuntz, Andrew V | [redacted] |
| | Grover, Monica | |
| [redacted] | Shi, Andrew A | [redacted] |
| [redacted] | Reilly, Kevin J | [redacted] |
| 5.00 | Garnick, Adam J | PREPARE FOR AND PARTICIPATE IN TEAM MEETING (1.0); REVIEW DOCUMENT REQUESTS AND COLLECTIONS (0.5); REVIEW AND REVISE VARIOUS TRACKING CHARTS REGARDING DOCUMENT REQUESTS AND COLLECTIONS (1.0); REVISE AND CIRCULATE MOTION FOR PROTECTIVE ORDER (2.5). |
| 2.40 | Otoo, Mary D | ANALYZE AND SUMMARIZE DOCUMENTS FOR POTENTIAL PRODUCTION. |
| 0.80 | Otoo, Mary D | DRAFT CORRESPONDENCE REGARDING DOCUMENT COLLECTION. |

| | | |
|---|---|---|
| 2.30 | Otoo, Mary D | REVISE RESPONSES AND OBJECTIONS TO DEFENDANT'S REQUESTS FOR PRODUCTION. |
| | Otoo, Mary D | |
| 1.30 | Otoo, Mary D | CONDUCT SECOND LEVEL REVIEW OF DOCUMENTS FOR PRODUCTION. |
| | Togias, Iason G | |
| | Fischer, Alexander M | |
| | Dabanka, Elizabeth A | |
| | Delwiche, Noah J | |
| | Scott, Spencer E | |

| | | |
|---|---|---|
| [redacted] | Varela, Eugenia | [redacted] |
| 07/23/25 [redacted] | Chung, Daniel | [redacted] |
| | Maloney, Mary Beth | |
| | Yang, Betty X | [redacted] |
| 5.50 | Crain, Lee R | REVISE INTERROGATORY RESPONSES (1.5); REVISE REQUESTS FOR PRODUCTION (1.5); INTERVIEW L. COOK AND FOLLOW UP RE THE SAME (1); ATTENTION TO DOCUMENT DISCOVERY STRATEGY SAND STATUS (1); CALL WITH M. MALONEY AND D. CHUNG RE DEPOSITION STRATEGY (.5). |
| 2.30 | Hvidt, Scott K | DRAFT CORRESPONDENCE TO OPPOSING COUNSEL REGARDING DISCOVERY DISPUTES. |

| | | |
|---|---|---|
| 0.50 | Hvidt, Scott K | WORK WITH EXPERT TEAM REGARDING NICHOLSON REPORT. |
| 0.40 | Hvidt, Scott K | WORK WITH LEVEL LEGAL REGARDING OFFENSIVE DOCUMENT REVIEW. |
| [redacted] | Hvidt, Scott K | [redacted] |
| 1.10 | Buzzard, Christine M | REVIEW AND REVISE RESEARCH SUMMARY REGARDING EVIDENCE OF REPUTATIONAL HARM PREPARED BY A. SHI. |
| [redacted] | Buzzard, Christine M | [redacted] |
| | Buzzard, Christine M | |

Takagaki, Marc Aaron Y

**Invoice Date: August 18, 2025**

**Due and Payable Upon Rec**

| | | |
|---|---|---|
| [redacted] | Kuntz, Andrew V | [redacted] |
| 0.20 | Kuntz, Andrew V | REVIEW SET OF POTENTIAL TARGETED DOCUMENT COLLECTIONS FROM MARKETING TEAM. |
| [redacted] | Shi, Andrew A | [redacted] |
| 2.70 | Reilly, Kevin J | REVISE NON-PARTY SUBPOENAS (2.0); REVISE EXPERT TRACKERS (0.7). |
| [redacted] | Reilly, Kevin J | [redacted] |
| [redacted] | Scott, Spencer E | |

**GIBSON, DUNN & CRUTCHER LLP**
**200 Park Avenue**
**New York, New York 10166-0193**

**Federal Taxpayer ID** [redacted]

**August 18, 2025**

**Invoice No. 2025082185**

Ms. Nancy Troncalli
Legal Department Cost Control
Tenet HealthSystem
13737 Noel Road
Suite 100
Dallas, TX 75240

**For Services Rendered and Costs/Charges Advanced Through July 31, 2025**

| | | Services Rendered | Costs/ Charges | Totals |
|---|---|---|---|---|
| 64230-01116 | Leapfrog Dispute | $ [redacted] | $ [redacted] | $ [redacted] |
| | **Totals** | $ [redacted] | $ [redacted] | $ [redacted] |
| | [redacted] | | | [redacted] |
| | **Current Balance Due** | | | $ [redacted] |

**Remit By Wire To:**
Wells Fargo Bank
333 South Grand Avenue
Los Angeles, CA 90071-1515
Name of account: Gibson, Dunn & Crutcher LLP
Account No: [redacted]
ABA No: 121000248
Attn: Treasury Department
*Please include the client number and the proper attorney to notify in the wire instructions.*

**Remit By Mail To:**
Gibson, Dunn & Crutcher LLP
PO Box 840723
Los Angeles, CA 90084-0723

Please enclose the remittance copy of this invoice with your payment in the enclosed Reply Envelope to ensure proper credit.

Please note that payments received after the invoice date are not reflected.
For assistance with your account, please contact us at 213-229-7333 or cbilling@gibsondunn.com.

**Invoice Date: August 18, 2025** **Invoice No. 2025082185**

**Due and Payable Upon Receipt**

**GIBSON, DUNN & CRUTCHER LLP**
**200 Park Avenue**
**New York, New York 10166-0193**

**Federal Taxpayer ID** [redacted]

**August 18, 2025**

**Invoice No. 2025082185**

**REMITTANCE COPY**

**To ensure proper crediting, please send this copy in the enclosed envelope.**

Ms. Nancy Troncalli
Legal Department Cost Control
Tenet HealthSystem
13737 Noel Road
Suite 100
Dallas, TX 75240

**For Services Rendered and Costs/Charges Advanced Through July 31, 2025**

| | | Services Rendered | Costs/ Charges | Totals |
|---|---|---|---|---|
| 64230-01116 | Leapfrog Dispute | $ [redacted] | $ [redacted] | $ [redacted] |
| | **Totals** | $ [redacted] | $ [redacted] | $ [redacted] |
| | [redacted] | | | [redacted] |
| | **Current Balance Due** | | | $ [redacted] |

**Remit By Wire To:**
Wells Fargo Bank
333 South Grand Avenue
Los Angeles, CA 90071-1515
Name of account: Gibson, Dunn & Crutcher LLP
Account No: [redacted]
ABA No: 121000248
Attn: Treasury Department
*Please include the client number and the proper attorney to notify in the wire instructions.*

**Remit By Mail To:**
Gibson, Dunn & Crutcher LLP
PO Box 840723
Los Angeles, CA 90084-0723

Please enclose the remittance copy of this invoice with your payment in the enclosed Reply Envelope to ensure proper credit.

Please note that payments received after the invoice date are not reflected.
For assistance with your account, please contact us at 213-229-7333 or cbilling@gibsondunn.com.

**Invoice Date: August 18, 2025** **Invoice No. 2025082185**

**Due and Payable Upon Receipt**

Ms. Nancy Troncalli
Legal Department Cost Control
Tenet HealthSystem
13737 Noel Road
Suite 100
Dallas, TX 75240

LEAPFROG DISPUTE
64230-01116

---

For Legal Services Rendered Through July 31, 2025 $ [redacted]

| NAME | HOURS | RATE |
|---|---|---|
| DANIEL CHUNG | [redacted] | $1,800.0 |
| MARY BETH MALONEY | | 1,950.0 |
| BETTY X. YANG | | 1,635.0 |
| SYDNEY A. SCOTT | | 1,635.0 |
| LEE R. CRAIN | | 1,815.0 |
| SCOTT K. HVIDT | | 1,635.0 |
| CHRISTINE M. BUZZARD | | 1,465.0 |
| ALLYSON E. PARKS | | 1,435.0 |
| BRIAN A. RICHMAN | | 1,355.0 |
| MARC AARON Y. TAKAGAKI | | 1,435.0 |
| ROBERT A. BATISTA | | 1,355.0 |
| STEPHEN J. HAMMER | | 1,355.0 |
| KEVIN M. SIMMONS | | 1,355.0 |
| EMILY A. CARDONE | | 1,240.0 |
| ANDREW V. KUNTZ | | 1,355.0 |
| MARK C. TALLEY | | 1,240.0 |
| MONICA GROVER | | 1,240.0 |
| BRANDON C. WOLF | | 1,240.0 |
| ANDREW A. SHI | | 1,240.0 |
| KEVIN J. REILLY | | 1,355.0 |
| ADAM J. GARNICK | | 1,355.0 |
| VERONICA H. ALTABEF | | 1,240.0 |
| MARY D. OTOO | | 1,060.0 |
| IASON G. TOGIAS | | 1,060.0 |
| ALEXANDER M. FISCHER | | 950.00 |
| ELIZABETH A. DABANKA | | 1,060.0 |
| KARSYN ARCHAMBEAU | | 1,060.0 |
| NOAH J. DELWICHE | | 950.00 |
| LAURA Y. WANG | | 1,060.0 |
| LARISSA LAMOUR | | 540.00 |
| STEVEN RABER | | 405.00 |
| VICTOR A. RIVERA | | 570.00 |
| SPENCER E. SCOTT | | 405.00 |
| EUGENIA VARELA | | 665.00 |

**Invoice Date: August 18, 2025** **Invoice No. 2025082185**

**Due and Payable Upon Receipt**

| NAME | HOURS | RATE | |
|---|---|---|---|
| LAUREN E. WOMACK | [redacted] | 540.00 | |
| [redacted] | | | [redacted] |
| **Total Services** | | | $ [redacted] |
| **BALANCE DUE** | | | $ [redacted] |

LEAPFROG DISPUTE
64230-01116

Detail Services:

| | | |
|---|---|---|
| 07/16/25<br>[redacted] | Lamour, Larissa | [redacted] |
| 07/23/25<br>3.00 | Scott, Sydney A | REVIEW AND ANALYZE INTERROGATORY RESPONSES IN LIGHT OF CEO INTERVIEWS AND GDC COMMENTS (2.6); ANALYZE CASE CORRESPONDENCE RE VARIOUS MATTERS, INCLUDING OFFENSIVE AND DEFENSIVE DISCOVERY (0.4). |
| [redacted] | Parks, Allyson E<br>Richman, Brian A | [redacted] |
| 3.70 | Simmons, Kevin M | DRAFT INTERROGATORY RESPONSES, INCORPORATING CLIENT INTERVIEWS AND PARTNER FEEDBACK (1.7); DRAFT EMAIL TO M. MALONEY RE RESPONSES TO INTERROGATORIES (0.1); DRAFT VERIFICATION FOR RESPONSE TO INTERROGATORIES (0.5); INCORPORATE L. CRAIN COMMENTS INTO RESPONSE TO INTERROGATORIES (1.4). |

| | | |
|---|---|---|
| 0.50 | Cardone, Emily A | DEVELOP STRATEGY WITH M. TAKAGAKI AND A. KUNTZ RE UPCOMING DISCOVERY. |
| [redacted] | Cardone, Emily A | [redacted] |
| | Cardone, Emily A | |
| 0.80 | Cardone, Emily A | DRAFT, REVIEW, AND REVISE INDIVIDUAL LEAPFROG DEPOSITION NOTICES. |
| [redacted] | Cardone, Emily A | [redacted] |
| 1.60 | Cardone, Emily A | REVIEW AND REVISE OMNIBUS DEPOSITION OUTLINE WITH D. CHUNG EDITS. |
| [redacted] | Grover, Monica | [redacted] |
| 6.50 | Garnick, Adam J | REVIEW DOCUMENTS PRODUCED BY ADVERSARY (1.0); DRAFT RESPONSE TO OPPOSING COUNSEL REGARDING DEFICIENT PRODUCTION (1.0); CREATE VARIOUS CHARTS AND SUMMARIES OF ALL DOCUMENT COLLECTION AND DOCUMENT REQUESTS TO CLIENT (2.5); FINALIZE AND CIRCULATE MOTION FOR PROTECTIVE ORDER (2.0). |
| [redacted] | Otoo, Mary D | [redacted] |
| | Otoo, Mary D | |

| | | |
|---|---|---|
| 0.70 | Otoo, Mary D | ANALYZE INTERVIEW NOTES AND DRAFT CLIENT CORRESPONDENCE REGARDING DOCUMENT COLLECTION. |
| [redacted] | Otoo, Mary D | [redacted] |
| 0.60 | Otoo, Mary D | INTERVIEW LISA COOK REGARDING DISCOVERY REQUESTS AND DOCUMENT COLLECTION. |
| 0.80 | Otoo, Mary D | DRAFT OUTLINE FOR INTERVIEW WITH LISA COOK. |
| [redacted] | Togias, Iason G | [redacted] |
| | Dabanka, Elizabeth A | |
| | Archambeau, Karsyn | |
| | Archambeau, Karsyn | |

Archambeau, Karsyn

Archambeau, Karsyn

Archambeau, Karsyn

Delwiche, Noah J

Scott, Spencer E

07/24/25

Chung, Daniel

Invoice Date: August 18, 2025

Invoice No. 2025082185

**Due and Payable Upon Receipt**

| | | |
|---|---|---|
| | Maloney, Mary Beth | |
| | Scott, Sydney A | |
| 3.30 | Crain, Lee R | REVISE MOTION FOR PROTECTIVE ORDER (.5); REVIEW AND REVISE INTERROGATORIES (1); FINALIZE REQUESTS FOR PRODUCTION (1); ATTENTION TO DISCOVERY STATUS AND STRATEGY RE LEAPFROG DEFICIENT PRODUCTIONS (.5); REVIEW AND REVISE CLIENT UPDATE (.25). |
| | Hvidt, Scott K | |

| | | |
|---|---|---|
| 3.40 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE CORRESPONDENCE REGARDING STRATEGY AND TASKS (1.2); DRAFT CORRESPONDENCE TO OPPOSING COUNSEL (1.8); EXECUTE VARIOUS DISCOVERY STRATEGY TASKS (.4). |
| [redacted] | Hvidt, Scott K | [redacted] |
| | Hvidt, Scott K | |
| 0.30 | Buzzard, Christine M | REVIEW AND REVISE REPUTATIONAL HARM RESEARCH PREPARED BY A. SHI. |
| 0.30 | Buzzard, Christine M | COMMUNICATE REGARDING STRATEGY FOR EDITS TO DRAFT PROTECTIVE ORDER MOTION WITH M. MALONEY, L. CRAIN, AND CASE TEAM. |
| 1.50 | Buzzard, Christine M | REVIEW AND REVISE DRAFT PROTECTIVE ORDER MOTION, INCLUDING IN LIGHT OF EDITS AND COMMENTS FROM M. MALONEY. |
| [redacted] | Buzzard, Christine M | [redacted] |
| | Parks, Allyson E | |

Takagaki, Marc Aaron Y

**Invoice Date: August 18, 2025** **Invoice No. 2025082185**

**Due and Payable Upon Receipt**

| | | |
|---|---|---|
| 1.90 | Simmons, Kevin M | DRAFT EMAIL TO A. FISCHER RE CEO DEPOSITION PREPARATIONS (0.1); DRAFT DEPOSITION PREPARATION OUTLINE FOR CEOS (1.1); WORK WITH A. FISCHER RE DEPOSITION PREPARATION OUTLINE (0.7). |
| [redacted] | Simmons, Kevin M | [redacted] |
| | Cardone, Emily A | |
| | Cardone, Emily A | |
| 0.70 | Cardone, Emily A | REVIEW AND FINALIZE DEPOSITION NOTICES. |
| 0.70 | Cardone, Emily A | REVIEW AND REVISE OMNIBUS DEPOSITION OUTLINE. |
| [redacted] | Cardone, Emily A | [redacted] |
| 1.80 | Kuntz, Andrew V | PREPARE FIRST DOCUMENT PRODUCTION TO LEAPFROG. |
| [redacted] | Kuntz, Andrew V | [redacted] |

| | | |
|---|---|---|
| | Kuntz, Andrew V | |
| | Kuntz, Andrew V | |
| | Talley, Mark C | |
| | Grover, Monica | |
| | Shi, Andrew A | |
| 1.50 | Reilly, Kevin J | REVISE NON-PARTY SUBPOENAS. |
| 7.10 | Garnick, Adam J | DRAFT PROPOSED ORDER (1.0); REVISE MOTION FOR PROTECTIVE ORDER (2.5); DRAFT DISCOVERY CORRESPONDENCE REGARDING SUBSTANTIAL COMPLETION AND RFP 17 (1.0); QUALITY CONTROL CLIENT'S PRODUCTION OF DOCUMENTS (2.0); ORGANIZE AND COORDINATE DOCUMENT COLLECTION (0.6). |
| 6.00 | Otoo, Mary D | EDIT AND FINALIZE RESPONSES AND OBJECTIONS TO DEFENDANT'S DISCOVERY REQUESTS. |
| 0.50 | Otoo, Mary D | PREPARE RESPONSES AND OBJECTIONS TO DEFENDANT'S REQUESTS FOR PRODUCTION TO SERVE TO DEFENDANT. |

| | | |
|---|---|---|
| [redacted] | Togias, Iason G | [redacted] |
| 0.80 | Fischer, Alexander M | CONFER WITH K. SIMMONS RE PREPARATION FOR PLAINTIFF CEO DEPOSITION PREPARATION. |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| 0.50 | Archambeau, Karsyn | REVIEW SEARCH TERM HITS FOR POTENTIAL PRODUCTION TO DEFENDANTS. |
| [redacted] | Archambeau, Karsyn | [redacted] |
| 1.00 | Archambeau, Karsyn | DISCUSS REVIEW OF ADDITIONAL CLIENT PRODUCTION WITH A. GARNICK AND COMPLETE HIGH-LEVEL REVIEW AND SUMMARY OF SAME. |
| [redacted] | Archambeau, Karsyn | [redacted] |
| | Raber, Steven | |
| | Rivera, Victor A | |

| | | |
|---|---|---|
| [redacted] | Varela, Eugenia | [redacted] |
| 07/25/25 [redacted] | Chung, Daniel | [redacted] |
| | Maloney, Mary Beth | |
| | Yang, Betty X | |
| 2.60 | Scott, Sydney A | ANALYZE, REVISE, AND FINALIZE INTERROGATORY RESPONSES; CORRESPOND WITH GDC RE SAME. |
| [redacted] | Crain, Lee R | [redacted] |
| 0.50 | Hvidt, Scott K | MEET AND CONFER WITH OPPOSING COUNSEL. |

| | | |
|---|---|---|
| [redacted] | Hvidt, Scott K | [redacted] |
| 3.90 | Hvidt, Scott K | DRAFT CORRESPONDENCE TO OPPOSING COUNSEL (1.5); DRAFT, REVIEW AND REVISE TALKING POINTS REGARDING DISCOVERY DISPUTES (1.2); REVIEW AND ANALYZE DISCOVERY AND MERITS STRATEGY (.8); DRAFT, REVIEW AND REVISE MOTION FOR PROTECTIVE ORDER (.4). |
| 0.20 | Buzzard, Christine M | COMMUNICATE REGARDING CONTEMPLATED MOTIONS TO COMPEL AND FOR A PROTECTIVE ORDER WITH LOCAL COUNSEL. |
| [redacted] | Buzzard, Christine M | [redacted] |
| | Parks, Allyson E | |

| | | |
|---|---|---|
| | Takagaki, Marc Aaron Y | |
| 3.40 | Simmons, Kevin M | INCORPORATE S. SCOTT EDITS INTO RESPONSE AND OBJECTIONS TO INTERROGATORIES, SEND TO CEOS (1.2); RESEARCH FOR AND DRAFT EMAIL TO J. HANLON RE INTERROGATORY RESPONSES (0.7); FINALIZE RESPONSE AND OBJECTIONS TO INTERROGATORIES (1.4); SERVE INTERROGATORY RESPONSES AND OBJECTIONS (0.1). |

| | | |
|---|---|---|
| [redacted] | Cardone, Emily A | [redacted] |
| 0.50 | Cardone, Emily A | MEET AND CONFER WITH OPPOSING COUNSEL RE LEAPFROG INTERROGATORY RESPONSE. |
| 0.70 | Cardone, Emily A | DEVELOP STRATEGY WITH INTERNAL TEAM RE OFFENSIVE DISCOVERY DOCUMENT REVIEW. |
| [redacted] | Cardone, Emily A | [redacted] |
| | Kuntz, Andrew V | |
| | Kuntz, Andrew V | |
| | Kuntz, Andrew V | |
| | Kuntz, Andrew V | |
| 1.30 | Kuntz, Andrew V | REVIEW DOCUMENTS HIT UPON BY POTENTIAL DEFENSIVE SEARCH TERMS FOR PROPOSAL TO LEAPFROG. |
| [redacted] | Talley, Mark C | [redacted] |

| | | |
|---|---|---|
| | Grover, Monica | |
| | Shi, Andrew A | |
| | Shi, Andrew A | |
| 0.60 | Reilly, Kevin J | REVISE NON-PARTY SUBPOENAS (0.3); COORDINATE SERVING SUBPOENAS (0.2); CONFER WITH L. CRAIN REGARDING SAME (0.1). |
| 8.50 | Garnick, Adam J | PREPARE FOR AND DRAFT CORRESPONDENCE REGARDING DATA REQUESTS FOR CONSUMER CHOICE EXPERT (2.0); PARTICIPATE IN MEET AND CONFER REGARDING DATA REQUESTS (0.75); COMPILE MATERIALS FOR L. CRAIN IN PREPARATION FOR ARGUMENT ON PROTECTIVE ORDER MOTION (2.0); REVIEW DOCUMENTS FROM CLIENTS AND CREATE NUMEROUS CHARTS SUMMARIZING DOCUMENTS COLLECTED AND OUTSTANDING (3.75). |
| | Otoo, Mary D | |
| | Otoo, Mary D | |
| | Otoo, Mary D | |

| | | |
|---|---|---|
| 2.50 | Otoo, Mary D | REVIEW AND SUMMARIZE DOCUMENTS FOR DEFENSIVE DOCUMENT PRODUCTION. |
| [redacted] | Togias, Iason G | [redacted] |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| [redacted] | Delwiche, Noah J | [redacted] |
| | Delwiche, Noah J | |
| | Wang, Laura Y | |
| 0.60 | Wang, Laura Y | ORGANIZE REFERENCE MATERIALS IN SUPPORT OF MOTION FOR PROTECTIVE ORDER HEARING. |
| [redacted] | Rivera, Victor A | [redacted] |
| | Varela, Eugenia | |
| 07/26/25 | | |
| 0.50 | Maloney, Mary Beth | CONFER WITH TEAM RE STATUS OF EXPERT REPORTS. |

| | | | |
|---|---|---|---|
| | 0.40 | Crain, Lee R | BEGIN REVIEW OF J. BERGER EXPERT REPORT. |
| | 0.50 | Garnick, Adam J | BEGIN REVIEWING CONSUMER CHOICE EXPERT REPORT DRAFT (0.5). |
| 07/27/25 | 1.80 | Crain, Lee R | REVISE BERGER EXPERT REPORT (1); CONFER WITH TEAM RE STATUS OF DOCUMENT REQUESTS (.75). |
| | [redacted] | Takagaki, Marc Aaron Y | [redacted] |
| | 0.70 | Cardone, Emily A | DEVELOP STRATEGY WITH L. CRAIN, M. TAKAGAKI, A. GARNICK, A. KUNTZ, AND M. OTOO RE DOCUMENT COLLECTION AND PRODUCTION. |
| | 0.30 | Cardone, Emily A | REVIEW AND REVISE CORRESPONDENCE TO LEAPFROG RE DOCUMENT PRODUCTION. |
| | [redacted] | Kuntz, Andrew V | [redacted] |
| | | Reilly, Kevin J | |
| | | Garnick, Adam J | |
| | | Otoo, Mary D | |

07/28/25

| | | |
|---|---|---|
| [redacted] | Chung, Daniel | [redacted] |
| 0.60 | Scott, Sydney A | PREPARE FOR AND PARTICIPATE IN CALL WITH L. CRAIN RE SITE VISITS FOR DEPOSITION PREPARATION (0.4); CONSIDER STRATEGY FOR SAME (0.2). |
| 3.00 | Crain, Lee R | REVIEW BERGER REPORT (2.5); CONFER RE DISCOVERY STATUS (.5); PREPARE FOR MEET AND CONFER (.5). |
| [redacted] | Hvidt, Scott K | [redacted] |
| 1.90 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE CORRESPONDENCE TO OPPOSING COUNSEL (1.2); DRAFT CORRESPONDENCE REGARDING STRATEGY AND TASKS (.7). |
| 1.70 | Buzzard, Christine M | REVIEW AND PROVIDE COMMENTS ON DRAFT EXPERT REPORT FROM J. BERGER. |
| [redacted] | Buzzard, Christine M | [redacted] |
| | Buzzard, Christine M | |
| 0.20 | Buzzard, Christine M | DISCUSS ORDER TO SHOW PROOF DOCUMENT AND STRATEGY WITH L. DABANKA. |

| | | |
|---|---|---|
| 0.40 | Buzzard, Christine M | DISCUSS AND DEVELOP STRATEGY FOR UPCOMING ANSWER RESPONSE AND MOTION FOR SUMMARY JUDGMENT TASKS AND STRATEGY WITH B. RICHMAN AND S. HAMMER. |
| | Buzzard, Christine M | |
| | Buzzard, Christine M | |
| | Parks, Allyson E | |

Takagaki, Marc Aaron Y

**Invoice Date: August 18, 2025** **Invoice No. 2025082185**

**Due and Payable Upon Receipt**

| | | |
|---|---|---|
| [redacted] | Hammer, Stephen J | [redacted] |
| [redacted] | Hammer, Stephen J | [redacted] |
| [redacted] | Simmons, Kevin M | [redacted] |
| | Cardone, Emily A | |
| 0.60 | Cardone, Emily A | REVIEW AND ANALYZE LEAPFROG RESPONSES TO SECOND REQUESTS FOR PRODUCTION. |
| [redacted] | Cardone, Emily A | [redacted] |
| | Cardone, Emily A | |
| | Kuntz, Andrew V | |
| | Kuntz, Andrew V | |
| | Talley, Mark C | |
| [redacted] | Shi, Andrew A | [redacted] |
| [redacted] | Reilly, Kevin J | [redacted] |

Garnick, Adam J

Otoo, Mary D

Togias, Iason G

5.20 Fischer, Alexander M DRAFT PREPARATION DOCUMENT FOR PLAINTIFF HOSPITAL CEO DEPOSITION PREPARATION.

Dabanka, Elizabeth A

Wang, Laura Y

Rivera, Victor A

Scott, Spencer E

| | | |
|---|---|---|
| [redacted] | Scott, Spencer E | [redacted] |
| 07/29/25 [redacted] | Chung, Daniel | [redacted] |
| | Maloney, Mary Beth | |
| | Yang, Betty X | |
| 0.20 | Scott, Sydney A | CORRESPOND WITH CEOS RE SITE VISIT FOR DEPOSITION PREPARATIONS. |
| [redacted] | Scott, Sydney A | [redacted] |
| | Crain, Lee R | |
| 1.30 | Hvidt, Scott K | DRAFT CORRESPONDENCE TO OPPOSING COUNSEL (.8); DRAFT, REVIEW AND REVISE DISCOVERY STRATEGY CORRESPONDENCE (.5). |
| [redacted] | Hvidt, Scott K | [redacted] |
| | Buzzard, Christine M | |

| | | |
|---|---|---|
| 1.20 | Buzzard, Christine M | REVIEW CASE TEAM RESEARCH AND EXAMINE RELEVANT CASE LAW REGARDING JURY TRIAL DEMANDS ASSERTED BY DEFENDANTS NOT PRESSING COUNTERCLAIMS. |
| 0.80 | Buzzard, Christine M | REVIEW TLG ANSWER TO COMPLAINT AND ANALYZE AFFIRMATIVE DEFENSES. |
| [redacted] | Buzzard, Christine M | [redacted] |
| | Buzzard, Christine M | |
| | Buzzard, Christine M | |
| | Buzzard, Christine M | |
| | Buzzard, Christine M | |
| 1.60 | Buzzard, Christine M | REVIEW AND REVISE DRAFT APEX DEPOSITION PROTECTIVE ORDER. |
| [redacted] | Parks, Allyson E | [redacted] |
| [redacted] | Richman, Brian A | [redacted] |
| [redacted] | Richman, Brian A | [redacted] |

| | | |
|---|---|---|
| [redacted] | Takagaki, Marc Aaron Y | [redacted] |
| 1.80 | Batista, Robert A | ANALYZE COMPLAINT IN PREPARATION FOR DRAFTING PRE-TRIAL MOTIONS. |
| [redacted] | Batista, Robert A | [redacted] |
| | Batista, Robert A | |
| | Hammer, Stephen J | |
| | Hammer, Stephen J | |

| | | |
|---|---|---|
| [redacted] | Hammer, Stephen J | [redacted] |
| [redacted] | Simmons, Kevin M | [redacted] |
| 0.50 | Cardone, Emily A | REVIEW AND ANALYZE ANSWER. |
| [redacted] | Cardone, Emily A | [redacted] |
| | Kuntz, Andrew V | |
| | Kuntz, Andrew V | |
| | Kuntz, Andrew V | |
| | Kuntz, Andrew V | |
| | Kuntz, Andrew V | |
| | Kuntz, Andrew V | |
| | Talley, Mark C | |

| | | |
|---|---|---|
| [redacted] | Grover, Monica | [redacted] |
| [redacted] | Wolf, Brandon C | [redacted] |
| [redacted] | Wolf, Brandon C | [redacted] |
| [redacted] | Shi, Andrew A | [redacted] |
| [redacted] | Reilly, Kevin J | [redacted] |
| 1.90 | Reilly, Kevin J | REVIEW CASE LAW REGARDING DAMAGES (0.5); REVISE NON-PARTY SUBPOENA TRACKER (1.0); DRAFT SUBPOENA RE: HUMANA (0.4). |
| [redacted] | Garnick, Adam J | [redacted] |

| | | |
|---|---|---|
| 2.00 | Otoo, Mary D | DRAFT TALKING POINTS OUTLINE FOR DISCOVERY MEET AND CONFER. |
| | Otoo, Mary D | |
| | Otoo, Mary D | |
| | Otoo, Mary D | |
| | Otoo, Mary D | |
| | Togias, Iason G | |
| | Fischer, Alexander M | |
| | Dabanka, Elizabeth A | |
| | Delwiche, Noah J | |
| | Wang, Laura Y | |
| | Wang, Laura Y | |

| | | |
|---|---|---|
| [redacted] | Scott, Spencer E<br><br>Womack, Lauren E | [redacted] |
| 07/30/25<br>[redacted] | Chung, Daniel<br><br>Maloney, Mary Beth | [redacted] |
| 2.90 | Scott, Sydney A | PREPARE FOR AND PARTICIPATE IN MEET-AND-CONFER WITH OPPOSING COUNSEL ON PLAINTIFFS' RESPONSE TO REQUESTS FOR PRODUCTION AND DEBRIEF CALL RE SAME (2.6); REVIEW AND RESPOND TO CORRESPONDENCE RE SITE-VISITS, DEFENSIVE DISCOVERY, AND OTHER CASE MATTERS (0.3). |
| 4.30 | Crain, Lee R | MEET AND CONFER WITH OPPOSING COUNSEL AND PREPARE FOR THE SAME (2); FOLLOW UP ON DISCOVERY STRATEGY (.5); REVIEW RE ANSWER, INCLUDING CONFERRING WITH C. BUZZARD (.75). |
| 1.50 | Hvidt, Scott K | PARTICIPATE IN MEET AND CONFER WITH OPPOSING COUNSEL. |

| | | |
|---|---|---|
| 1.30 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE MOTION TO COMPEL (.9); EXECUTE VARIOUS DISCOVERY STRATEGY TASKS (.4). |
| [redacted] | Hvidt, Scott K | [redacted] |
| | Buzzard, Christine M | |
| | Buzzard, Christine M | |
| 2.30 | Buzzard, Christine M | REVIEW AND REVISE DRAFT APEX DEPOSITION PROTECTIVE ORDER. |
| [redacted] | Buzzard, Christine M | [redacted] |
| 0.70 | Buzzard, Christine M | REVIEW AND REVISE DRAFT NOTICE WITHDRAWING MONETARY DAMAGES REQUEST. |
| [redacted] | Buzzard, Christine M | [redacted] |
| 0.50 | Buzzard, Christine M | REVIEW AND COMMENT ON REVISED DRAFT BERGER REPORT. |
| [redacted] | Buzzard, Christine M | [redacted] |
| 2.40 | Buzzard, Christine M | RESEARCH CASE LAW SUPPORTING MOTION TO COMPEL A DOCUMENT DISCOVERY SUBSTANTIAL COMPLETION DATE. |

| | | |
|---|---|---|
| 2.60 | Buzzard, Christine M | DRAFT MOTION TO COMPEL A DOCUMENT DISCOVERY SUBSTANTIAL COMPLETION DATE. |
| | Parks, Allyson E | |
| | Takagaki, Marc Aaron Y | |
| | Batista, Robert A | |
| | Batista, Robert A | |

| | | |
|---|---|---|
| 0.50 | Batista, Robert A | ANALYZE LEAPFROG'S ANSWER IN PREPARATION FOR DRAFTING PRE-TRIAL MOTIONS. |
| 0.60 | Batista, Robert A | ANALYZE MOTION FOR PRELIMINARY INJUNCTION IN PREPARATION FOR DRAFTING PRE-TRIAL MOTIONS. |
| 1.50 | Batista, Robert A | ANALYZE MOTION TO DISMISS BRIEFING AND ORDER IN PREPARATION FOR DRAFTING PRE-TRIAL MOTIONS. |
| [redacted] | Hammer, Stephen J | [redacted] |
| [redacted] | Hammer, Stephen J | [redacted] |
| [redacted] | Simmons, Kevin M | [redacted] |
| 1.00 | Simmons, Kevin M | MEET AND CONFER WITH OPPOSING COUNSEL RE DISCOVERY (0.5); DRAFT AND RESPOND TO EMAILS RE AMENDING INITIAL DISCLOSURES (0.5). |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.80 | Cardone, Emily A | REVIEW AND ANALYZE UPDATED R. BERGER REPORT. |
| 0.70 | Cardone, Emily A | REVIEW AND ANALYZE REVISED NICHOLSON REPORT. |
| [redacted] | Kuntz, Andrew V | [redacted] |

| | | |
|---|---|---|
| [redacted] | Kuntz, Andrew V | [redacted] |
| | Kuntz, Andrew V | |
| [redacted] | Talley, Mark C | [redacted] |
| [redacted] | Grover, Monica | [redacted] |
| | Wolf, Brandon C | |
| [redacted] | Wolf, Brandon C | [redacted] |
| [redacted] | Shi, Andrew A | [redacted] |
| 2.10 | Reilly, Kevin J | REVISE S. NICHOLSON REPORT. |
| 0.50 | Reilly, Kevin J | REVISE NON-PARTY SUBPOENAS. |

| | | |
|---|---|---|
| 4.00 | Garnick, Adam J | PARTICIPATE IN VARIOUS CALLS WITH CLIENT CONTACTS ABOUT DOCUMENT COLLECTION (2.0); CONTINUE TO REVIEW AND ORGANIZE DOCUMENT COLLECTION FROM CLIENT (2.0). |
| [redacted] | Altabef, Veronica H | [redacted] |
| 1.80 | Otoo, Mary D | DRAFT MEET AND CONFER MEMORIALIZATION LETTER TO OPPOSING COUNSEL. |
| [redacted] | Otoo, Mary D | [redacted] |
| 1.90 | Otoo, Mary D | MEET AND CONFER WITH OPPOSING COUNSEL REGARDING DEFENDANT'S DISCOVERY REQUESTS. |
| 0.60 | Otoo, Mary D | REVISE MEET AND CONFER TALKING POINTS OUTLINE. |
| [redacted] | Otoo, Mary D | [redacted] |
| | Otoo, Mary D | |
| | Togias, Iason G | |
| 3.60 | Fischer, Alexander M | DRAFT PLAINTIFF CEO DEPOSITION PREPARATION DOCUMENTATION. |

| | | |
|---|---|---|
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| 5.10 | Wang, Laura Y | ANALYZE CLIENT DOCUMENTS FOR RESPONSIVENESS TO LEAPFROG SURVEY QUESTIONS. |
| [redacted] | Wang, Laura Y | [redacted] |
| 07/31/25 [redacted] | Chung, Daniel | [redacted] |
| 0.50 | Maloney, Mary Beth | ATTEND TO DOCUMENT PRODUCTION STRATEGY. |
| [redacted] | Yang, Betty X | [redacted] |
| 0.30 | Scott, Sydney A | ANALYZE AND RESPOND TO CORRESPONDENCE RE DEFENSIVE DOCUMENT COLLECTIONS FROM CEO WITNESSES. |
| 2.40 | Crain, Lee R | CONFER RE RESPONSES AND OBJECTIONS TO DISCOVERY; REVIEW AND REVISE J. BERGER EXPERT REPORT; REVIEW WEEKLY UPDATE; ATTENTION TO BRIEFING STRATEGY. |

| | | |
|---|---|---|
| [redacted] | Hvidt, Scott K | [redacted] |
| 0.40 | Hvidt, Scott K | WORK WITH EXPERT TEAM REGARDING EXPERT REPORT. |
| 2.00 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE EXPERT REPORT (1.5); DRAFT CORRESPONDENCE REGARDING EXPERT STRATEGY (.5). |
| 0.10 | Buzzard, Christine M | REVIEW AND REVISE DRAFT EMAIL PROPOSING BRIEFING STRATEGY IN LIGHT OF TLG'S ANSWER. |
| 0.20 | Buzzard, Christine M | REVIEW AND ANALYZE BERGER EXPERT REPORT DRAFT. |
| [redacted] | Parks, Allyson E | [redacted] |

| | | |
|---|---|---|
| [redacted] | Takagaki, Marc Aaron Y | [redacted] |
| [redacted] | Simmons, Kevin M | [redacted] |
| 0.60 | Cardone, Emily A | REVIEW AND ANALYZE ANSWER AND SUMMARY RE NEXT STEPS. |
| [redacted] | Cardone, Emily A | [redacted] |
| | Cardone, Emily A | |
| | Cardone, Emily A | |
| | Cardone, Emily A | |
| | Kuntz, Andrew V | |

| | | |
|---|---|---|
| | Kuntz, Andrew V | |
| | Kuntz, Andrew V | |
| | Kuntz, Andrew V | |
| | Kuntz, Andrew V | |
| | Kuntz, Andrew V | |
| | Kuntz, Andrew V | |
| | Grover, Monica | |
| | Wolf, Brandon C | |
| 6.10 | Reilly, Kevin J | ATTEND ASSOCIATE CALL REGARDING NICHOLSON (0.6); ATTEND CALL WITH CORNERSTONE REGARDING EXPERT REPORT (0.5); REVIEW AND REVISE NICHOLSON REPORT (2.6); COMMUNICATE WITH M. MALONEY REGARDING NON-PARTY SUBPONEAS (0.4); REVISE CASE STRATEGY UPDATE (0.2); PREPARE M. AUSTIN DEPOSITION (1.4); ATTEND MEET AND CONFER WITH JOHNS HOPKINS COUNSEL (0.5). |

| | | |
|---|---|---|
| [redacted] | Garnick, Adam J | [redacted] |
| 0.40 | Otoo, Mary D | REVIEW AND ANALYZE DOCUMENTS REGARDING PLAINTIFFS' DAMAGES AND HARM. |
| 2.00 | Otoo, Mary D | REVISE CORRESPONDENCE TO OPPOSING COUNSEL REGARDING DISCOVERY MEET AND CONFER. |
| [redacted] | Otoo, Mary D | [redacted] |
| 2.10 | Otoo, Mary D | DRAFT MEET AND CONFER MEMORALIZATION LETTER TO OPPOSING COUNSEL. |
| [redacted] | Otoo, Mary D | [redacted] |
| | Togias, Iason G | |
| 4.90 | Fischer, Alexander M | DRAFT PLAINTIFF CEO DEPOSITION PREPARATION DOCUMENTATION. |

| | | |
|---|---|---|
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| [redacted] | Delwiche, Noah J | [redacted] |
| 1.40 | Wang, Laura Y | DRAFT SIGNIFICANT DOCUMENTS CHRONOLOGY. |
| [redacted] | Wang, Laura Y | [redacted] |
| | Raber, Steven | |
| | Varela, Eugenia | |

**GIBSON, DUNN & CRUTCHER LLP**
**200 Park Avenue**
**New York, New York 10166-0193**

**Federal Taxpayer ID** [redacted]

**August 25, 2025**

**Invoice No. 2025084908**

Ms. Nancy Troncalli
Legal Department Cost Control
Tenet HealthSystem
13737 Noel Road
Suite 100
Dallas, TX 75240

**For Services Rendered and Costs/Charges Advanced Through July 31, 2025**

| | | Services Rendered | Costs/ Charges | Totals |
|---|---|---|---|---|
| 64230-01116 | Leapfrog Dispute | $ [redacted] | $ [redacted] | $ [redacted] |
| | **Totals** | $ [redacted] | $ [redacted] | $ [redacted] |
| | **Current Balance Due** | | | $ [redacted] |

**Remit By Wire To:**
Wells Fargo Bank
333 South Grand Avenue
Los Angeles, CA 90071-1515
Name of account: Gibson, Dunn & Crutcher LLP
Account No: [redacted]
ABA No: 121000248
Attn: Treasury Department
*Please include the client number and the proper attorney to notify in the wire instructions.*

**Remit By Mail To:**
Gibson, Dunn & Crutcher LLP
PO Box 840723
Los Angeles, CA 90084-0723

Please enclose the remittance copy of this invoice with your payment in the enclosed Reply Envelope to ensure proper credit.

Please note that payments received after the invoice date are not reflected.
For assistance with your account, please contact us at 213-229-7333 or cbilling@gibsondunn.com.

**Invoice Date: August 25, 2025** **Invoice No. 2025084908**

**Due and Payable Upon Receipt**

**GIBSON, DUNN & CRUTCHER LLP**
**200 Park Avenue**
**New York, New York 10166-0193**

**Federal Taxpayer ID [redacted]**

**August 25, 2025**

**Invoice No. 2025084908**

**<u>REMITTANCE COPY</u>**

**To ensure proper crediting, please send this copy in the enclosed envelope.**

Ms. Nancy Troncalli
Legal Department Cost Control
Tenet HealthSystem
13737 Noel Road
Suite 100
Dallas, TX 75240

**For Services Rendered and Costs/Charges Advanced Through July 31, 2025**

| | | Services Rendered | Costs/ Charges | Totals |
|---|---|---|---|---|
| 64230-01116 | Leapfrog Dispute | $ [redacted] | $ [redacted] | $ [redacted] |
| | **Totals** | $ [redacted] | $ [redacted] | $ [redacted] |
| | **Current Balance Due** | | | $ [redacted] |

**<u>Remit By Wire To:</u>**
Wells Fargo Bank
333 South Grand Avenue
Los Angeles, CA 90071-1515
Name of account: Gibson, Dunn & Crutcher LLP
Account No: [redacted]
ABA No: 121000248
Attn: Treasury Department
*Please include the client number and the proper attorney to notify in the wire instructions.*

**<u>Remit By Mail To:</u>**
Gibson, Dunn & Crutcher LLP
PO Box 840723
Los Angeles, CA 90084-0723

Please enclose the remittance copy of this invoice with your payment in the enclosed Reply Envelope to ensure proper credit.

Please note that payments received after the invoice date are not reflected.
For assistance with your account, please contact us at 213-229-7333 or cbilling@gibsondunn.com.

**Invoice Date: August 25, 2025** **Invoice No. 2025084908**

**Due and Payable Upon Receipt**

Ms. Nancy Troncalli
Legal Department Cost Control
Tenet HealthSystem
13737 Noel Road
Suite 100
Dallas, TX 75240

LEAPFROG DISPUTE
64230-01116

---

| COSTS/CHARGES | TOTAL |
|---|---|
| IN HOUSE DUPLICATION | $ [redacted] |
| ON-LINE RESEARCH (LEXIS) | 6,059.66 |
| ON-LINE RESEARCH (WESTLAW) | 47,737.52 |
| OUTSIDE SERVICES/CONSULTANTS | [redacted] |
| SPECIALIZED RESEARCH | 1,461.47 |

**Total Costs/Charges** [redacted]

**BALANCE DUE** $ [redacted]

**Invoice Date: August 25, 2025** **Invoice No. 2025084908**

**Due and Payable Upon Receipt**

LEAPFROG DISPUTE
64230-01116

Detail Costs/Charges:

Copying
07/07/25

07/08/25

07/14/25

07/24/25

07/25/25

07/29/25

07/30/25

| | | |
|---|---|---|
| Online research | | |
| 07/02/25 | 1,073.73 | ALTABEF, VERONICA H. 07/02/25 64230-01116 LEXIS RESEARCH |
| 07/03/25 | 4,169.65 | ALTABEF, VERONICA H. 07/03/25 64230-01116 LEXIS RESEARCH |
| 07/08/25 | 242.78 | ALTABEF, VERONICA H. 07/08/25 64230-01116 LEXIS RESEARCH |
| 07/23/25 | 573.50 | SCOTT, SPENCER 07/23/25 64230-01116 LEXIS RESEARCH |
| Online research | | |
| 07/01/25 | 120.00 | SHI,ANDREW 07/01/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 07/01/25 | 240.00 | DABANKA,ELIZABETH 07/01/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |

| | | |
|---|---|---|
| 07/01/25 | 240.00 | ALTABEF,VERONICA 07/01/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 07/02/25 | 360.00 | DABANKA,ELIZABETH 07/02/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 07/02/25 | 2,124.49 | TOGIAS,IASON 07/02/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 07/02/25 | 1,502.26 | ALTABEF,VERONICA 07/02/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 07/03/25 | 840.00 | CIPOLLONE,GIULIANA 07/03/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 07/03/25 | 2,400.00 | DABANKA,ELIZABETH 07/03/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 07/03/25 | 240.00 | TOGIAS,IASON 07/03/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 07/03/25 | 600.00 | ALTABEF,VERONICA 07/03/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 07/04/25 | 120.00 | CIPOLLONE,GIULIANA 07/04/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 07/04/25 | 2,688.19 | WOLF,BRANDON 07/04/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 07/05/25 | 840.00 | CIPOLLONE,GIULIANA 07/05/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 07/05/25 | 3,460.77 | WOLF,BRANDON 07/05/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 07/05/25 | 240.00 | DABANKA,ELIZABETH 07/05/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 07/06/25 | 480.00 | CIPOLLONE,GIULIANA 07/06/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |
| 07/06/25 | 600.00 | WOLF,BRANDON 07/06/25 64230-01116<br>WESTLAW RESEARCH AND PRINTING CHARGES |

| | | |
|---|---|---|
| 07/06/25 | 1,821.06 | GARNICK,ADAM J 07/06/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 07/07/25 | 643.64 | SHI,ANDREW 07/07/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 07/07/25 | 960.00 | WOLF,BRANDON 07/07/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 07/08/25 | 600.00 | SHI,ANDREW 07/08/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 07/08/25 | 720.00 | WOLF,BRANDON 07/08/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 07/08/25 | 669.01 | DABANKA,ELIZABETH 07/08/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 07/08/25 | 1,080.00 | ALTABEF,VERONICA 07/08/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 07/09/25 | 360.00 | SHI,ANDREW 07/09/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 07/09/25 | 480.00 | WOLF,BRANDON 07/09/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 07/09/25 | 120.00 | TOGIAS,IASON 07/09/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 07/09/25 | 360.00 | RICHMAN,BRIAN 07/09/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 07/10/25 | 1,385.23 | SHI,ANDREW 07/10/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 07/10/25 | 240.00 | ARCHAMBEAU,KARSYN 07/10/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 07/10/25 | 360.00 | RICHMAN,BRIAN 07/10/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 07/11/25 | 2,229.01 | TOGIAS,IASON 07/11/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 07/11/25 | 120.00 | RICHMAN,BRIAN 07/11/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |

| | | |
|---|---|---|
| 07/13/25 | 600.00 | GARNICK,ADAM J 07/13/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 07/13/25 | 960.00 | OTOO,MARY 07/13/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 07/14/25 | 4,320.00 | OTOO,MARY 07/14/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 07/14/25 | 960.00 | TOGIAS,IASON 07/14/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 07/14/25 | 3,343.68 | HAMMER,STEPHEN J 07/14/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 07/15/25 | 120.00 | SHI,ANDREW 07/15/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 07/15/25 | 120.00 | WOLF,BRANDON 07/15/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 07/15/25 | 978.02 | TOGIAS,IASON 07/15/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 07/16/25 | 720.00 | OTOO,MARY 07/16/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 07/17/25 | 120.00 | GARNICK,ADAM J 07/17/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 07/18/25 | 480.00 | ARCHAMBEAU,KARSYN 07/18/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 07/22/25 | 2,221.82 | SHI,ANDREW 07/22/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 07/22/25 | 240.00 | GROVER,MONICA 07/22/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 07/23/25 | 82.26 | SHI,ANDREW 07/23/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 07/28/25 | 904.02 | SHI,ANDREW 07/28/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |

| | | |
|---|---|---|
| 07/28/25 | 567.02 | GARNICK,ADAM J 07/28/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 07/29/25 | 848.03 | SHI,ANDREW 07/29/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 07/29/25 | 360.00 | WOLF,BRANDON 07/29/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 07/29/25 | 309.01 | GARNICK,ADAM J 07/29/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 07/30/25 | 240.00 | SHI,ANDREW 07/30/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |

Other professionals

| | | |
|---|---|---|
| 07/10/25 | [redacted] | [redacted] |
| 07/10/25 | [redacted] | [redacted] |
| 07/22/25 | [redacted] | [redacted] |
| 07/31/25 | [redacted] | [redacted] |

Online research

| | | |
|---|---|---|
| 07/01/25 | 289.25 | SCOTT, SPENCER E. 07/01/2025 BLOOMBERG LAW |
| 07/01/25 | 3.40 | SHI, ANDREW A. 07/01/2025 PACER |
| 07/02/25 | 5.30 | TOGIAS, IASON G. 07/02/2025 PACER |
| 07/03/25 | 2.00 | JONES, CARLA H. 07/03/2025 PACER |
| 07/03/25 | 16.60 | HAMMER, STEPHEN J. 07/03/2025 PACER |

| | | |
|---|---|---|
| 07/03/25 | 1.10 | CIPOLLONE, GIULIANA C. 07/03/2025 PACER |
| 07/08/25 | 1.10 | WOMACK, LAUREN ELIZABETH 07/08/2025 PACER |
| 07/08/25 | 200.00 | DABANKA, ELIZABETH A. 07/08/2025 TRELLIS |
| 07/10/25 | 6.50 | SHI, ANDREW A. 07/10/2025 PACER |
| 07/10/25 | 7.70 | CIPOLLONE, GIULIANA C. 07/10/2025 PACER |
| 07/11/25 | 1.50 | CIPOLLONE, GIULIANA C. 07/11/2025 PACER |
| 07/15/25 | 14.45 | SIMMONS, KEVIN M. 07/15/2025 PRACTICAL LAW US |
| 07/16/25 | 5.25 | OTOO, MARY D. 07/16/2025 BLOOMBERG LAW |
| 07/21/25 | 1.20 | TAKAGAKI, MARC AARON Y. 07/21/2025 PACER |
| 07/22/25 | 61.50 | SCOTT, SPENCER E. 07/22/2025 BLOOMBERG LAW |
| 07/22/25 | 1.50 | SHI, ANDREW A. 07/22/2025 PACER |
| 07/23/25 | 630.50 | SCOTT, SPENCER E. 07/23/2025 BLOOMBERG LAW |
| 07/23/25 | 150.00 | SCOTT, SPENCER E. 07/23/2025 DOCKET ALARM |
| 07/23/25 | 9.92 | SIMMONS, KEVIN M. 07/23/2025 PRACTICAL LAW US |
| 07/24/25 | 4.60 | REILLY, KEVIN J. 07/24/2025 PACER |
| 07/28/25 | 3.30 | SHI, ANDREW A. 07/28/2025 PACER |
| 07/29/25 | 2.30 | VARELA, EUGENIA 07/29/2025 PACER |
| 07/29/25 | 14.50 | BUZZARD, CHRISTINE M. 07/29/2025 PACER |
| 07/29/25 | 3.50 | BATISTA, ROBERT A. 07/29/2025 PACER |
| 07/29/25 | 20.30 | SHI, ANDREW A. 07/29/2025 PACER |
| 07/29/25 | 4.20 | WOLF, BRANDON C. 07/29/2025 PACER |

**GIBSON, DUNN & CRUTCHER LLP**
**200 Park Avenue**
**New York, New York 10166-0193**

**Federal Taxpayer ID** [redacted]

**September 10, 2025**

**Invoice No. 2025093409**

Ms. Nancy Troncalli
Legal Department Cost Control
Tenet HealthSystem
13737 Noel Road
Suite 100
Dallas, TX 75240

**For Services Rendered and Costs/Charges Advanced Through August 31, 2025**

| | | Services Rendered | Costs/ Charges | Totals |
|---|---|---|---|---|
| 64230-01116 | Leapfrog Dispute | $ [redacted] | $ [redacted] | $ [redacted] |
| | **Totals** | $ [redacted] | $ [redacted] | $ [redacted] |
| | [redacted]: | | | [redacted] |
| | **Current Balance Due** | | | $ [redacted] |

**Remit By Wire To:**
Wells Fargo Bank
333 South Grand Avenue
Los Angeles, CA 90071-1515
Name of account: Gibson, Dunn & Crutcher LLP
Account No: [redacted]
ABA No: 121000248
Attn: Treasury Department
*Please include the client number and the proper attorney to notify in the wire instructions.*

**Remit By Mail To:**
Gibson, Dunn & Crutcher LLP
PO Box 840723
Los Angeles, CA 90084-0723

Please enclose the remittance copy of this invoice with your payment in the enclosed Reply Envelope to ensure proper credit.

Please note that payments received after the invoice date are not reflected.
For assistance with your account, please contact us at 213-229-7333 or cbilling@gibsondunn.com.

**Invoice Date: September 10, 2025** **Invoice No. 2025093409**

**Due and Payable Upon Receipt**

**GIBSON, DUNN & CRUTCHER LLP**
**200 Park Avenue**
**New York, New York 10166-0193**

**Federal Taxpayer ID** [redacted]

**September 10, 2025**

**Invoice No. 2025093409**

**REMITTANCE COPY**

**To ensure proper crediting, please send this copy in the enclosed envelope.**

Ms. Nancy Troncalli
Legal Department Cost Control
Tenet HealthSystem
13737 Noel Road
Suite 100
Dallas, TX 75240

**For Services Rendered and Costs/Charges Advanced Through August 31, 2025**

| | | Services Rendered | Costs/ Charges | Totals |
|---|---|---|---|---|
| 64230-01116 | Leapfrog Dispute | $ [redacted] | $ [redacted] | $ [redacted] |
| | **Totals** | $ [redacted] | $ [redacted] | $ [redacted] |
| | [redacted] | | | [redacted] |
| | **Current Balance Due** | | | $ [redacted] |

**Remit By Wire To:**
Wells Fargo Bank
333 South Grand Avenue
Los Angeles, CA 90071-1515
Name of account: Gibson, Dunn & Crutcher LLP
Account No: [redacted]
ABA No: 121000248
Attn: Treasury Department
*Please include the client number and the proper attorney to notify in the wire instructions.*

**Remit By Mail To:**
Gibson, Dunn & Crutcher LLP
PO Box 840723
Los Angeles, CA 90084-0723

Please enclose the remittance copy of this invoice with your payment in the enclosed Reply Envelope to ensure proper credit.

Please note that payments received after the invoice date are not reflected.
For assistance with your account, please contact us at 213-229-7333 or cbilling@gibsondunn.com.

**Invoice Date: September 10, 2025** **Invoice No. 2025093409**

**Due and Payable Upon Receipt**

Ms. Nancy Troncalli
Legal Department Cost Control
Tenet HealthSystem
13737 Noel Road
Suite 100
Dallas, TX 75240

LEAPFROG DISPUTE
64230-01116

---

For Legal Services Rendered Through August 31, 2025 $

| NAME | HOURS | RATE |
|---|---|---|
| MYLAN L. DENERSTEIN | | $2,075.0 |
| DANIEL CHUNG | | 1,800.0 |
| MARY BETH MALONEY | | 1,950.0 |
| BETTY X. YANG | | 1,635.0 |
| SYDNEY A. SCOTT | | 1,635.0 |
| LEE R. CRAIN | | 1,815.0 |
| KATIELYNN B. TOWNSEND | | 1,635.0 |
| SCOTT K. HVIDT | | 1,635.0 |
| CHRISTINE M. BUZZARD | | 1,465.0 |
| ALLYSON E. PARKS | | 1,435.0 |
| BRIAN A. RICHMAN | | 1,355.0 |
| MARC AARON Y. TAKAGAKI | | 1,435.0 |
| ROBERT A. BATISTA | | 1,355.0 |
| STEPHEN J. HAMMER | | 1,355.0 |
| KEVIN M. SIMMONS | | 1,355.0 |
| EMILY A. CARDONE | | 1,240.0 |
| ANDREW V. KUNTZ | | 1,355.0 |
| MARK C. TALLEY | | 1,240.0 |
| BRANDON C. WOLF | | 1,240.0 |
| MONICA GROVER | | 1,240.0 |
| ANDREW A. SHI | | 1,240.0 |
| KEVIN J. REILLY | | 1,355.0 |
| ADAM J. GARNICK | | 1,355.0 |
| MARY D. OTOO | | 1,060.0 |
| IASON G. TOGIAS | | 1,060.0 |
| ALEXANDER M. FISCHER | | 950.00 |
| CHRISTIAN L. CONWAY | | 950.00 |
| ELIZABETH A. DABANKA | | 1,060.0 |
| KARSYN ARCHAMBEAU | | 1,060.0 |
| NOAH J. DELWICHE | | 950.00 |
| LAURA Y. WANG | | 1,060.0 |
| STEVEN RABER | | 405.00 |
| SPENCER E. SCOTT | | 405.00 |
| EUGENIA VARELA | | 665.00 |

**Invoice Date: September 10, 2025** **Invoice No. 2025093409**

**Due and Payable Upon Receipt**

| NAME | HOURS | RATE | |
|---|---|---|---|
| STEVEN WATTENBERG | [redacted] | 405.00 | |
| LAUREN E. WOMACK | | 540.00 | |
| [redacted] | | | [redacted] |
| **Total Services** | | | $[redacted] |

| COSTS/CHARGES | TOTAL | |
|---|---|---|
| LODGING | [redacted] | |
| MEALS | | |
| ON-LINE RESEARCH (LEXIS) | 1,605.74 | |
| ON-LINE RESEARCH (WESTLAW) | 11,424.39 | |
| OUTSIDE PROCESS SERVER | [redacted] | |
| OUTSIDE SERVICES/CONSULTANTS | | |
| SPECIALIZED RESEARCH | 503.17 | |
| TRAVEL - AIR & RAIL | [redacted] | |
| TRAVEL - TAXI & OTHER MODES/MILES | | |
| **Total Costs/Charges** | | [redacted] |
| **Total Services, Costs/Charges** | | [redacted] |
| **BALANCE DUE** | | $[redacted] |

LEAPFROG DISPUTE
64230-01116

Detail Services:

08/01/25

| | | |
|---|---|---|
| [redacted] | Denerstein, Mylan L | [redacted] |
| 2.00 | Chung, Daniel | INTERNAL CONFERENCES REGARDING DISCOVERY ISSUES; REVISE DRAFT OFFENSIVE DEPOSITION OUTLINE (1.0); REVIEW SOURCE DOCUMENTS (1.0). |
| 3.50 | Maloney, Mary Beth | ATTEND TO STRATEGY ISSUES FOR DISCOVERY AND ATTEND CLIENT CALLS. |
| [redacted] | Yang, Betty X | [redacted] |
| 1.90 | Scott, Sydney A | PREPARE FOR AND PARTICIPATE IN TEAM MEETING RE STRATEGY FOR PREPARATION OF CEOS FOR 30(B)(6) DEPOSITIONS (1.0); CORRESPOND WITH CEOS RE SAME (.4); ANALYZE DEPOSITION SUBPOENAS FOR 30(B)(6) DEPOSITIONS (.5). |
| 6.00 | Crain, Lee R | REVISE EXPERT REPORT (2); CONFER WITH CLIENT AND PREPARE FOR THE SAME (1); STRATEGIZE RE DEPOSITION PREPARE (.5); ATTENTION TO DOCUMENT DISCOVERY ISSUES AND STRATEGY (1.5); ATTENTION TO THIRD PARTY SUBPOENA ISSUES (1). |
| 1.00 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE CORRESPONDENCE TO OPPOSING COUNSEL (.6); EXECUTE VARIOUS DISCOVERY STRATEGY TASKS (.4). |

| | | |
|---|---|---|
| 0.70 | Hvidt, Scott K | REVIEW AND REVISE EXPERT REPORT (.4); DRAFT CORRESPONDENCE REGARDING EXPERT REPORT TASKS (.3). |
| 1.20 | Buzzard, Christine M | REVIEW NEW LEAPFROG SUBPOENAS AND CONSIDER GROUNDS FOR POSSIBLE PROTECTIVE ORDER. |
| [redacted] | Buzzard, Christine M | [redacted] |
| [redacted] | Parks, Allyson E | [redacted] |
| [redacted] | Richman, Brian A | [redacted] |
| 2.20 | Takagaki, Marc Aaron Y | REVIEW MEET AND CONFER LETTER (.3); STRATEGIZE WITH M. OTOO RE: SAME (.1); STRATEGIZE WITH L. CRAIN, A. KUNTZ, A. GARNICK AND OTHERS RE: DISCOVERY (1.2); EMAIL CORRESPONDENCE RE: DOCUMENT SUBPOENAS (.2); EMAIL CORRESPONDENCE RE: RFP TRACKER (.1); COORDINATE DOCUMENT PRODUCTION (.2). |
| [redacted] | Batista, Robert A | [redacted] |

| | | |
|---|---|---|
| [redacted] | Batista, Robert A | [redacted] |
| [redacted] | Batista, Robert A | [redacted] |
| 2.80 | Simmons, Kevin M | ANALYZE CEO CORPORATE DEPOSITION TOPICS, DRAFT EMAILS RE SAME (2.2); WORK WITH L. CRAIN, S. SCOTT RE DEPOSITION PREPARATIONS STRATEGY (0.6). |
| 0.30 | Cardone, Emily A | CONFER WITH DOCUMENT VENDOR TEAM RE LEAPFROG PRODUCTIONS. |
| 0.40 | Cardone, Emily A | DEVELOP STRATEGY RE UPCOMING DEPOSITIONS WITH INTERNAL TEAM. |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.30 | Cardone, Emily A | CONFER WITH OPPOSING COUNSEL RE GOOGLE ANALYTICS AND INTERROGATORY RESPONSES. |
| 0.70 | Cardone, Emily A | REVIEW AND ANALYZE THIRD PARTY SUBPOENAS TO DEVELOP STRATEGY RE OBJECTIONS. |
| 0.50 | Cardone, Emily A | ATTEND WEEKLY UPDATE CALL WITH CLIENT. |

| | | |
|---|---|---|
| [redacted] | Cardone, Emily A | [redacted] |
| 0.80 | Kuntz, Andrew V | CONFER REGARDING AFFIRMATIVE PRODUCTION OF DOCUMENTS TO SUPPORT HARM CLAIM. |
| [redacted] | Kuntz, Andrew V | [redacted] |
| [redacted] | Kuntz, Andrew V | [redacted] |
| [redacted] | Kuntz, Andrew V | [redacted] |
| 0.50 | Kuntz, Andrew V | REVIEW MEDIA COVERAGE DOCUMENTS FOR POTENTIAL PRODUCTION TO LEAPFROG. |
| [redacted] | Grover, Monica | [redacted] |
| [redacted] | Shi, Andrew A | [redacted] |
| 0.80 | Reilly, Kevin J | REVISE NICHOLSON EXPERT REPORT. |
| [redacted] | Reilly, Kevin J | [redacted] |

| | | |
|---|---|---|
| 5.10 | Garnick, Adam J | REVIEW DOCUMENTS AHEAD OF PRODUCTION, INCLUDING THE DOCUMENTS RELATED TO THE FOUR MEASURES AT ISSUE (3.1); DRAFT UPDATED CHART OF DOCUMENTS STILL NEEDED FROM CLIENT (1.0); DRAFT VARIOUS EMAILS FOLLOWING UP WITH CLIENT CONTACTS REGARDING DOCUMENT COLLECTION (1.0). |
| 2.10 | Otoo, Mary D | UPDATE DISCOVERY RESPONSES & OBJECTIONS. |
| [redacted] | Togias, Iason G | [redacted] |
| [redacted] | Fischer, Alexander M | [redacted] |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| [redacted] | Delwiche, Noah J | [redacted] |
| [redacted] | Wang, Laura Y | [redacted] |
| [redacted] | Wang, Laura Y | [redacted] |

| | | |
|---|---|---|
| [redacted] | Varela, Eugenia | [redacted] |
| 08/02/25 [redacted] | Chung, Daniel | [redacted] |
| 1.50 | Crain, Lee R | REVIEW DOCUMENT REQUESTS AND RESPONSES TO ASSESS STRATEGY. |
| 2.00 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE NICHOLSON REPORT (1.6); DRAFT CORRESPONDENCE REGARDING NICHOLSON REPORT (.4). |
| [redacted] | Richman, Brian A | [redacted] |
| [redacted] | Hammer, Stephen J | [redacted] |
| 1.30 | Reilly, Kevin J | REVISE NICHOLSON EXPERT REPORT. |
| 3.00 | Otoo, Mary D | REVIEW AND ANALYZE CONCERNING DAMAGES AND HARM CAUSED BY LEAPFROG. |
| [redacted] | Wang, Laura Y | [redacted] |
| [redacted] | Wang, Laura Y | [redacted] |
| 08/03/25 [redacted] | Chung, Daniel | [redacted] |

| | | |
|---|---|---|
| 4.50 | Crain, Lee R | REVIEW BERGER REPORT AND REVISE (2.5); REVIEW AND REVISE DISCOVERY LETTER (1); ATTENTION TO DISCOVERY STATUS AND STRATEGY (1). |
| [redacted] | Hvidt, Scott K | [redacted] |
| 0.80 | Hvidt, Scott K | REVIEW AND ANALYZE KEY DOCUMENTS FOR EXPERT REPORT. |
| 1.80 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE NICHOLSON REPORT (1.2); DRAFT CORRESPONDENCE REGARDING EXPERT STRATEGY (.6). |
| [redacted] | Parks, Allyson E | [redacted] |
| 1.60 | Cardone, Emily A | LEGAL RESEARCH RE T. GALLAGHER SUBPOENA AND MOTION TO QUASH. |
| [redacted] | Grover, Monica | [redacted] |
| [redacted] | Shi, Andrew A | [redacted] |
| [redacted] | Reilly, Kevin J | [redacted] |
| [redacted] | Reilly, Kevin J | [redacted] |

| | | |
|---|---|---|
| 5.50 | Garnick, Adam J | REVIEW DOCUMENTS IN PREPARATION FOR SUBSTANTIAL COMPLETION DEADLINE (3.5); CONTINUE TO COORDINATE AND ORGANIZE TARGETED COLLECTIONS FROM CLIENT (2.0). |
| 0.60 | Otoo, Mary D | REVISE LETTER TO OPPOSING COUNSEL. |
| [redacted] | Otoo, Mary D | [redacted] |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| [redacted] | Wang, Laura Y | [redacted] |
| 08/04/25 [redacted] | Chung, Daniel | [redacted] |
| [redacted] | Maloney, Mary Beth | [redacted] |
| [redacted] | Yang, Betty X | [redacted] |

| | | |
|---|---|---|
| 6.00 | Crain, Lee R | ATTENTION TO DOCUMENT DISCOVERY ISSUES, INCLUDING ASSESSING SIGNIFICANT DOCUMENTS AND EVALUATING RESPONSIVENESS CALLS ON 2LR (1.5); REVISE RESPONSES AND OBJECTIONS (1.5); REVISE LETTER TO OPPOSING COUNSEL (.5); REVISE J. BERGER EXPERT REPORT (1); CONFER WITH TEAM RE EXPERT REPORT ISSUES (.5); CONFER WITH TEAM RE THIRD-PARTY DISCOVERY STRATEGY AND FOLLOW UP RE THE SAME (1). |
| [redacted] | Townsend, KatieLynn B | [redacted] |
| [redacted] | Hvidt, Scott K | [redacted] |
| 1.20 | Hvidt, Scott K | WORK WITH TEAM REGARDING EXPERT DISCOVERY STRATEGY. |
| 0.60 | Hvidt, Scott K | WORK WITH EXPERT TEAM TO FINALIZE EXPERT REPORT. |
| 3.20 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE EXPERT REPORT. |
| [redacted] | Buzzard, Christine M | [redacted] |
| 1.80 | Buzzard, Christine M | REVIEW AND REVISE PROTECTIVE ORDER MOTION DRAFT FROM A. SHI INCORPORATING OBJECTIONS TO SUBPOENAS. |

| | | |
|---|---|---|
| 0.40 | Buzzard, Christine M | PARTICIPATE IN CALL WITH BERGER EXPERT TEAM TO DISCUSS NETWORK EFFECT ADDITION. |
| 0.30 | Buzzard, Christine M | PARTICIPATE IN GIBSON TEAM CALL TO DEVELOP STRATEGY FOR RESPONSE TO THIRD PARTY SUBPOENAS. |
| [redacted] | Buzzard, Christine M | [redacted] |
| [redacted] | Buzzard, Christine M | [redacted] |
| [redacted] | Parks, Allyson E | [redacted] |
| [redacted] | Richman, Brian A | [redacted] |
| [redacted] | Takagaki, Marc Aaron Y | [redacted] |
| [redacted] | Simmons, Kevin M | [redacted] |

| | | |
|---|---|---|
| 1.50 | Simmons, Kevin M | DRAFT EMAIL RE CREATING SEARCHES FOR CEO DEPOSITION PREPARATIONS (0.4); WORK ON CEO DEPOSITION OUTLINES (0.6); ANALYZE DRAFT NICHOLSON REPORT FOR CEO DEPOSITION PREPARATION OUTLINES (0.3); DRAFT EMAILS RE PREPARING FOR CEO DEPOSITIONS (0.2). |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.70 | Cardone, Emily A | REVIEW AND ANALYZE NICHOLSON REPORT FOR DEPOSITION OUTLINE. |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.30 | Cardone, Emily A | REVIEW AND REVISE SUPPLEMENTAL INITIAL DISCLOSURES. |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.70 | Cardone, Emily A | LEGAL RESEARCH RE GALLAGHER SUBPOENA AND PRIVILEGE. |
| 0.60 | Cardone, Emily A | DEVELOP STRATEGY RE NONPARTY SUBPOENAS WITH L. CRAIN, D. CHUNG, K. REILLY, S. HVIDT, AND N. DELWICHE, AND REVIEW AND ANALYZE CASE LAW RE NONPARTY SUBPOENAS. |
| 0.30 | Cardone, Emily A | DEVELOP STRATEGY WITH D. CHUNG AND N. DELWICHE RE OFFENSIVE DEPOSITIONS. |

| | | |
|---|---|---|
| [redacted] | Cardone, Emily A | [redacted] |
| 0.90 | Kuntz, Andrew V | ANALYZE DOCUMENTS FOR POTENTIAL PRODUCTION TO SUPPORT HARM ALLEGATIONS. |
| [redacted] | Kuntz, Andrew V | [redacted] |
| [redacted] | Kuntz, Andrew V | [redacted] |
| [redacted] | Kuntz, Andrew V | [redacted] |
| 1.10 | Kuntz, Andrew V | REVISE WITNESSES DISCLOSED ON UPDATED INITIAL DISCLOSURE LIST. |
| [redacted] | Kuntz, Andrew V | [redacted] |
| [redacted] | Kuntz, Andrew V | [redacted] |
| [redacted] | Kuntz, Andrew V | [redacted] |
| [redacted] | Kuntz, Andrew V | [redacted] |

| | | |
|---|---|---|
| [redacted] | Grover, Monica | [redacted] |
| [redacted] | Shi, Andrew A | [redacted] |
| 4.00 | Reilly, Kevin J | REVISE NICHOLSON REPORT (0.6); ATTEND EXPERT ALIGNMENT CALL (0.5); ADDRESS NON-PARTY DISCOVERY (1.2); ATTEND DISCOVERY STRATEGY CALL (0.5); CONDUCT LEGAL RESEARCH REGARDING MATTHEWMAN AND MIDDLEBROOKS PRECEDENT (1.0); REVISE TASK LIST (0.2). |
| 13.30 | Garnick, Adam J | CONDUCT EXTENSIVE SECOND LEVEL REVIEW OF DOCUMENTS (8.0); PARTICIPATE IN MEET AND CONFER REGARDING RFP 17 (1.0); COORDINATE TARGETED COLLECTIONS WITH CLIENT CONTACTS (1.0); ORGANIZE AND REVIEW TARGETED COLLECTIONS DOCUMENTS (3.3). |
| 1.90 | Otoo, Mary D | ANALYZE AND SUMMARIZE DOCUMENTS FOR REVIEW OF DEFENSIVE DOCUMENT PRODUCTION. |
| [redacted] | Otoo, Mary D | [redacted] |

| | | |
|---|---|---|
| 2.10 | Otoo, Mary D | CONDUCT SECOND LEVEL REVIEW OF DOCUMENTS FOR PRODUCTION. |
| 1.40 | Otoo, Mary D | REVISE LETTER TO OPPOSING COUNSEL. |
| [redacted] | Otoo, Mary D | [redacted] |
| [redacted] | Togias, Iason G | [redacted] |
| [redacted] | Fischer, Alexander M | [redacted] |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| [redacted] | Archambeau, Karsyn | [redacted] |
| [redacted] | Archambeau, Karsyn | [redacted] |
| [redacted] | Archambeau, Karsyn | [redacted] |

| | | |
|---|---|---|
| [redacted] | Archambeau, Karsyn | [redacted] |
| 1.00 | Archambeau, Karsyn | COORDINATE WITH A. GARNICK, L. CRAIN, AND ASSOCIATE TEAM RE: CONTINUING SECOND LEVEL REVIEW OF DOCUMENTS TO BE PRODUCED TO DEFENDANTS. |
| [redacted] | Archambeau, Karsyn | [redacted] |
| 0.40 | Delwiche, Noah J | CONFER WITH TEAM RE NON-PARTY SUBPOENA ACTION ITEMS. |
| 4.70 | Delwiche, Noah J | REVIEW CASELAW TO ANALYZE POTENTIAL CHALLENGES TO NONPARTY SUBPOENAS. |
| 0.20 | Delwiche, Noah J | CONFER WITH OFFENSIVE DEPOSITION TEAM RE ONGOING ACTION ITEMS. |
| [redacted] | Wang, Laura Y | [redacted] |
| [redacted] | Wang, Laura Y | [redacted] |
| [redacted] | Raber, Steven | [redacted] |
| [redacted] | Raber, Steven | [redacted] |

Varela, Eugenia

08/05/25

Chung, Daniel

Maloney, Mary Beth

Yang, Betty X

Invoice Date: September 10, 2025

Invoice No. 2025093409

**Due and Payable Upon Receipt**

| | | |
|---|---|---|
|  | Scott, Sydney A |  |
| 6.50 | Crain, Lee R | ATTEND GOOGLE ANALYTICS INSPECTION FOR LEAPFROG WEBSITE DATA (2); DEPOSITION PLANNING (.5); TEAM STRATEGY CALLS (1.5); REVIEW EXPERT REPORT FOR MARKETING REPORT (1); REVIEW DOCUMENTS FOR PRODUCTION TO ASSESS STRATEGY, INCLUDING CONFER WITH B. YANG (1.5). |
| 0.50 | Hvidt, Scott K | WORK WITH LEVEL LEGAL REGARDING OFFENSIVE DOCUMENT REVIEW. |
| 1.40 | Hvidt, Scott K | REVIEW AND ANALYZE KEY DOCUMENTS. |
| 1.20 | Hvidt, Scott K | FINALIZE NICHOLSON EXPERT REPORT. |
| 2.50 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE KEY DOCUMENT ANALYSIS (1.9); DRAFT CORRESPONDENCE TO OPPOSING COUNSEL (.6). |

| | | |
|---|---|---|
| 2.10 | Hvidt, Scott K | PARTICIPATE IN SENIOR STRATEGY CALL (.5); PARTICIPATE IN WEEKLY TEAM MEETING (.5); WORK WITH TEAM MEMBERS REGARDING STRATEGY (.7); WORK WITH TEAM REGARDING DEPOSITION STRATEGY (.4). |
| 1.50 | Hvidt, Scott K | MEET AND CONFER WITH OPPOSING COUNSEL REGARDING REQUESTS FOR PRODUCTION. |
| [redacted] | Buzzard, Christine M | [redacted] |
| 0.60 | Buzzard, Christine M | REVIEW AND REVISE DRAFT TALKING POINTS FOR MEET AND CONFER REGARDING BENCH TRIAL AND RELATED REQUESTS. |
| [redacted] | Buzzard, Christine M | [redacted] |
| 0.70 | Buzzard, Christine M | REVIEW AND REVISE PRIVILEGE RESEARCH COMPILED BY R. BATISTA AND EMAIL SUMMARIZING SAME FOR TEAM REVIEW. |
| [redacted] | Buzzard, Christine M | [redacted] |
| [redacted] | Buzzard, Christine M | [redacted] |
| [redacted] | Buzzard, Christine M | [redacted] |

| | | |
|---|---|---|
| [redacted] | Buzzard, Christine M | [redacted] |
| [redacted] | Parks, Allyson E | [redacted] |
| [redacted] | Richman, Brian A | [redacted] |
| 3.50 | Batista, Robert A | CONDUCT LEGAL RESEARCH ON PRIVILEGE ISSUES RE COMMUNICATIONS WITH PUBLIC-RELATIONS CONSULTANTS. |
| 1.80 | Batista, Robert A | DRAFT SUMMARY OF RESEARCH ON PRIVILEGE ISSUES RE COMMUNICATIONS WITH PUBLIC-RELATIONS CONSULTANTS. |
| 4.00 | Simmons, Kevin M | WORK ON CEO DEPOSITION OUTLINES (2.3); MEET WITH TEAM RE DEPOSITION PLANNING (0.5); WEEKLY TEAM CALL COORDINATING ON DISCOVERY (0.4); WORK WITH K. REILLY RE DROP IN PATIENT ADMISSIONS AND CEO DEPOSITIONS (0.3); DRAFT EMAILS RE SCHEDULING CEO DEPOSITIONS AND PREPARATIONS (0.5). |

| | | |
|---|---|---|
| 0.20 | Cardone, Emily A | COORDINATE WITH T. GALLAGHER RE SUBPOENA. |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.40 | Cardone, Emily A | REVIEW AND REVISE OMNIBUS DEPOSITION OUTLINE. |
| 0.30 | Cardone, Emily A | REVIEW AND ANALYZE GALLAGHER SUBPOENA. |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.40 | Cardone, Emily A | DEVELOP STRATEGY WITH DOCUMENT VENDOR RE OFFENSIVE DOCUMENT REVIEW. |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.50 | Cardone, Emily A | DEVELOP STRATEGY WITH INTERNAL TEAM RE DISCOVERY REQUESTS, DEPOSITIONS, AND EXPERTS. |
| [redacted] | Kuntz, Andrew V | [redacted] |
| [redacted] | Kuntz, Andrew V | [redacted] |
| [redacted] | Kuntz, Andrew V | [redacted] |

| | | |
|---|---|---|
| | Kuntz, Andrew V | |
| | Talley, Mark C | |
| | Grover, Monica | |
| | Shi, Andrew A | |
| | Reilly, Kevin J | |
| 13.50 | Garnick, Adam J | CONTINUE TO CONDUCT SECOND LEVEL REVIEW OF DOCUMENTS AHEAD OF SUBSTANTIAL COMPLETION DEADLINE (8.0); PARTICIPATE IN MEET AND CONFER (2.0); CONFER WITH CONSUMER CHOICE EXPERT AND REVIEW VARIOUS DOCUMENTS FOR EXPERT (1.5); COORDINATE COLLECTIONS AND PRODUCTIONS (2.0). |
| 1.70 | Otoo, Mary D | REVISE SUPPLEMENTAL OBJECTIONS AND RESPONSES TO LEAPFROG'S REQUESTS FOR PRODUCTION. |

| | | |
|---|---|---|
| [redacted] | Otoo, Mary D | [redacted] |
| [redacted] | Otoo, Mary D | [redacted] |
| 4.20 | Otoo, Mary D | REVIEW AND TAG DOCUMENTS FOR PRODUCTION. |
| [redacted] | Fischer, Alexander M | [redacted] |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| 3.10 | Archambeau, Karsyn | COORDINATE CLIENT PRODUCTION OF DOCUMENTS RE: TARGETED COLLECTIONS AND DOCUMENTS FOR EXPERT PRODUCTION WITH A. GARNICK. |
| [redacted] | Archambeau, Karsyn | [redacted] |
| [redacted] | Archambeau, Karsyn | [redacted] |

| | | |
|---|---|---|
| 5.50 | Archambeau, Karsyn | CONTINUE SECOND LEVEL REVIEW OF DOCUMENTS AHEAD OF PRODUCTION TO DEFENDANTS AND SUMMARIZE CONTENTS OF SAME FOR L. CRAIN. |
| [redacted] | Archambeau, Karsyn | [redacted] |
| [redacted] | Delwiche, Noah J | [redacted] |
| [redacted] | Delwiche, Noah J | [redacted] |
| 0.90 | Delwiche, Noah J | ANALYZE GROUNDS FOR QUASHING NON-PARTY SUBPOENAS. |
| 1.00 | Wang, Laura Y | REVIEW DOCUMENTS FOR RESPONSIVENESS. |
| 0.50 | Wang, Laura Y | PARTICIPATE IN MEETING WITH A. GARNICK, A. KUNTZ, L. DABANKA, K. ARCHAMBEAU, AND M. OTOO RE RESPONSIVENESS AND PRIVILEGE OF DOCUMENTS. |
| [redacted] | Scott, Spencer E | [redacted] |
| [redacted] | Scott, Spencer E | [redacted] |
| [redacted] | Womack, Lauren E | [redacted] |

| | | |
|---|---|---|
| 08/06/25<br>3.00 | Chung, Daniel | INTERNAL CONFERENCES REGARDING STRATEGY (1.0); REVIEW SOURCE DOCUMENTS (1.0); REVISE PROTECTIVE ORDER (1.0). |
| 3.40 | Maloney, Mary Beth | ATTEND TO FINALIZING EXPERT REPORTS (2.5); ATTEND TO THEIR PARTY SUBPOENA ISSUES—AARP AND JOHN'S HOPKINS (.4); REVISIONS TO ORDER OF PROOF (.5). |
| [redacted] | Yang, Betty X | [redacted] |
| 3.30 | Scott, Sydney A | PREPARE FOR AND PARTICIPATE IN MEET AND CONFER RE DEFENSIVE DISCOVERY ISSUES (1.6); PARTICIPATE IN TEAM CALL RE SAME (.4); DRAFT AND REVISE LETTER OBJECTING TO 30(B)(6) SUBPOENA AND TOPICS (1.3). |
| 7.00 | Crain, Lee R | REVIEW AND REVISE MULTIPLE EXPERT REPORTS FOR FINALIZATION (2); REVIEW TLG DOCUMENTS FOR CASE STRATEGY ASSESSMENT (1); MEET AND CONFER WITH OPPOSING COUNSEL AND PREPARE/FOLLOW-UP RE THE SAME (3); REVISE MOTION FOR A PROTECTIVE ORDER (1). |
| 0.70 | Hvidt, Scott K | WORK TO FINALIZE NICHOLSON EXPERT REPORT. |
| 0.90 | Hvidt, Scott K | WORK WITH TEAM MEMBERS REGARDING DISCOVERY STRATEGY. |

| | | |
|---|---|---|
| 3.00 | Hvidt, Scott K | DRAFT CORRESPONDENCE TO CLIENT REGARDING DISCOVERY (.5); DRAFT CORRESPONDENCE REGARDING DISCOVERY STRATEGY (1.2); DRAFT CORRESPONDENCE REGARDING KEY DOCUMENTS (1.3). |
| 2.00 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE CORRESPONDENCE TO OPPOSING COUNSEL (1.4); EXECUTE VARIOUS DISCOVERY STRATEGY TASKS (.6). |
| 1.10 | Hvidt, Scott K | PARTICIPATE IN MEET AND CONFER. |
| 0.10 | Buzzard, Christine M | COMMUNICATE WITH LOCAL COUNSEL REGARDING BENCH TRIAL STIPULATION AND PROTECTIVE ORDER STRATEGY. |
| [redacted] | Buzzard, Christine M | [redacted] |
| [redacted] | Buzzard, Christine M | [redacted] |
| [redacted] | Buzzard, Christine M | [redacted] |
| 1.00 | Buzzard, Christine M | COORDINATE BRIEFING TEAM TASKS, INCLUDING ACTIVE MOTION DRAFTING AND PREPARATION FOR MOTION FOR SUMMARY JUDGMENT. |

| | | |
|---|---|---|
| [redacted] | Buzzard, Christine M | [redacted] |
| 1.90 | Buzzard, Christine M | RESEARCH RELEVANT CASE LAW REGARDING PARTIES' OBLIGATIONS TO REVIEW FOR RELEVANCE PRIOR TO DOCUMENT PRODUCTION AND SANCTIONS FOR FAILURE TO DO SAME. |
| 0.60 | Buzzard, Christine M | REVIEW AND REVISE, INCLUDING TO ADD NEW MATERIAL, DRAFT MOTION FOR A PROTECTIVE ORDER. |
| 4.40 | Buzzard, Christine M | REVIEW AND REVISE DRAFT NOTICE WITHDRAWING REQUEST FOR MONETARY RELIEF (1.4); REVIEW AND REVISE ACCOMPANYING DRAFT MOTION FOR A BENCH TRIAL (3.0). |
| [redacted] | Buzzard, Christine M | [redacted] |
| [redacted] | Parks, Allyson E | [redacted] |

| | | |
|---|---|---|
| 0.50 | Batista, Robert A | ANALYZE T. GALLAGHER SUBPOENA IN PREPARATION FOR DRAFTING MOTION TO QUASH SAME. |
| 2.20 | Batista, Robert A | CONDUCT LEGAL RESEARCH FOR MOTION TO QUASH T. GALLAGHER SUBPOENA. |
| [redacted] | Batista, Robert A | [redacted] |
| [redacted] | Batista, Robert A | [redacted] |
| 0.20 | Simmons, Kevin M | WORK ON CEO DEPOSITION OUTLINES (0.2). |
| 5.60 | Simmons, Kevin M | DRAFT LETTER RESPONSE TO PLAINTIFFS LETTER ON CLIENT'S INTERROGATORY RESPONSES (4.1); MEET AND CONFER WITH OPPOSING COUNSEL RE INTERROGATORIES (1.1); MEET WITH PARTNER TEAM RE RESPONDING TO INTERROGATORIES (0.4). |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.30 | Cardone, Emily A | DEVELOP STRATEGY WITH D. CHUNG, C. BUZZARD, R. BATISTA, AND N. DELWICHE RE MOTION TO QUASH. |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.50 | Cardone, Emily A | COORDINATE WITH OPPOSING COUNSEL RE DEPOSITIONS. |

Cardone, Emily A

Kuntz, Andrew V

Kuntz, Andrew V

Kuntz, Andrew V

Kuntz, Andrew V

Kuntz, Andrew V

Grover, Monica

Shi, Andrew A

| | | |
|---|---|---|
| 3.50 | Reilly, Kevin J | ATTEND MEET AND CONFER (0.5); SUMMARIZE MEET AND CONFER (0.2); REVISE NICHOLSON REPORT (1.5); SUMMARIZE EXPERT REPORTS (0.2); PREPARE NON-PARTY SUBPOENA AND RELATED CORRESPONDENCE (0.6); REVIEW NOTEWORTHY DOCUMENTS (0.5). |
| 11.50 | Garnick, Adam J | CONTINUE CONDUCTING SECOND LEVEL REVIEW IN ADVANCE OF SUBSTANTIAL PRODUCTION (7.0); CONFER WITH TEAM REGARDING PRIVILEGE AND OTHER ISSUES RELATED TO DOCUMENT PRODUCTION (2.0); REVIEW EXPERT REPORT AND COORDINATE PRODUCTION OF CITED STUDIES AND ARTICLES (2.5). |
| 1.50 | Otoo, Mary D | REVISE DISCOVERY RESPONSES AND OBJECTIONS. |
| [redacted] | Otoo, Mary D | [redacted] |
| 1.60 | Otoo, Mary D | ATTEND MEET AND CONFER WITH OPPOSING COUNSEL. |
| 3.10 | Otoo, Mary D | DRAFT RESPONSE LETTER TO OPPOSING COUNSEL REGARDING DISCOVERY REQUESTS AND RESPONSES. |
| 2.50 | Otoo, Mary D | DRFAT MEET AND CONFER MEMORIALIZATION LETTER TO OPPOSING COUNSEL. |
| [redacted] | Togias, Iason G | [redacted] |

| | | |
|---|---|---|
| 5.10 | Fischer, Alexander M | REVIEW DOCUMENTS RELATED TO CEO DEPOSITION PREPARATION AND DRAFT CEO DEPOSITION PREPARATION MATERIALS. |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| 4.10 | Archambeau, Karsyn | CONTINUE SECOND LEVEL REVIEW AND SUMMARY OF DOCUMENTS FOR PRODUCTION. |
| 1.70 | Archambeau, Karsyn | RESEARCH AND ANALYZE CASE LAW RE: WORK PRODUCT PROTECTION OF DOCUMENTS TO BE PRODUCED. |
| [redacted] | Archambeau, Karsyn | [redacted] |
| 1.00 | Archambeau, Karsyn | REVIEW CLIENT DOCUMENTS FOR PRODUCTION AND COMPILE SAME FOR REVIEW BY A. GARNICK RE: TARGETED COLLECTIONS AND PRODUCTION. |
| [redacted] | Archambeau, Karsyn | [redacted] |
| [redacted] | Archambeau, Karsyn | [redacted] |
| [redacted] | Delwiche, Noah J | [redacted] |

| | | |
|---|---|---|
| [redacted] | Delwiche, Noah J | [redacted] |
| 0.10 | Delwiche, Noah J | CONFER WITH TEAM RE MOTION TO QUASH SUBPOENA. |
| 1.80 | Delwiche, Noah J | CONFER WITH TEAM RE BRIEFING SCHEDULE AND ARGUMENTS FOR MOTION TO QUASH (.3); RESEARCH DEADLINES AND RELATED QUESTIONS RE THE SAME (1.5). |
| [redacted] | Delwiche, Noah J | [redacted] |
| 0.50 | Wang, Laura Y | REVIEW DOCUMENTS FOR RESPONSIVENESS. |
| [redacted] | Raber, Steven | [redacted] |
| [redacted] | Scott, Spencer E | [redacted] |
| [redacted] | Womack, Lauren E | [redacted] |
| [redacted] | Womack, Lauren E | [redacted] |
| [redacted] | Womack, Lauren E | [redacted] |
| 08/07/25 | | |
| [redacted] | Chung, Daniel | [redacted] |
| [redacted] | Maloney, Mary Beth | [redacted] |

| | | |
|---|---|---|
| [redacted] | Yang, Betty X | [redacted] |
| 1.10 | Scott, Sydney A | ANALYZE CORRESPONDENCE RE EXPERT REPORTS (.3); ANALYZE AND REVISE LETTER OPPOSING 30(B)(6) SUBPOENAS AND TOPICS (.6); CORRESPOND WITH GDC TEAM RE SAME (.2). |
| 7.50 | Crain, Lee R | REVISE MOTION FOR PROTECTIVE ORDER (1); REVISE RESPONSES AND OBJECTIONS (2); REVISE LETTERS TO OPPOSING COUNSEL RE DOCUMENT DISCOVERY, INTERROGATORIES, DEPOSITIONS, AND EXPERT SCHEDULING (1); FINALIZE MULTIPLE EXPERT REPORTS AND SERVE ON OPPOSING PARTY (3.5); |
| [redacted] | Hvidt, Scott K | [redacted] |
| 3.60 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE CORRESPONDENCE REGARDING KEY DOCUMENTS (1.4); DRAFT CORRESPONDENCE WITH OPPOSING COUNSEL REGARDING DISPUTES (.9); EXECUTE VARIOUS DISCOVERY STRATEGY TASKS (1.3). |
| 1.30 | Hvidt, Scott K | FINALIZE EXPERT REPORTS. |
| 0.50 | Buzzard, Christine M | RESEARCH SAMPLE BENCH TRIAL STIPULATION FILINGS. |

| | | |
|---|---|---|
| 1.30 | Buzzard, Christine M | DRAFT BENCH TRIAL STIPULATION AND REVISE SAME IN LIGHT OF COMMENTS FROM L. CRAIN. |
| [redacted] | Buzzard, Christine M | [redacted] |
| [redacted] | Buzzard, Christine M | [redacted] |
| [redacted] | Buzzard, Christine M | [redacted] |
| 0.20 | Buzzard, Christine M | DISCUSS ORDER OF PROOF DOCUMENT AND STRATEGY FOR REVISIONS WITH S. HAMMER. |
| 0.30 | Buzzard, Christine M | REVIEW AND ANALYZE DRAFT ORDER OF PROOF DOCUMENT. |
| 1.10 | Buzzard, Christine M | REVISE DRAFT MOTION FOR PROTECTIVE ORDER, INCLUDING TO ADD RECENT EVENTS AND IN LIGHT OF COMMENTS FROM L. CRAIN. |
| [redacted] | Buzzard, Christine M | [redacted] |
| [redacted] | Buzzard, Christine M | [redacted] |
| [redacted] | Parks, Allyson E | [redacted] |

| | | |
|---|---|---|
| [redacted] | Batista, Robert A | [redacted] |
| 7.70 | Batista, Robert A | DRAFT MOTION TO QUASH T. GALLAGHER SUBPOENA. |
| [redacted] | Batista, Robert A | [redacted] |
| [redacted] | Hammer, Stephen J | [redacted] |
| 0.40 | Simmons, Kevin M | UPDATE PROPOSED ORDER GRANTING A PROTECTIVE ORDER TO INCLUDE RELEVANT INTERROGATORIES (0.4). |
| 4.20 | Simmons, Kevin M | WORK ON CEO DEPOSITION OUTLINES (3.8); DRAFT EMAIL TO E. CARDONE RE SITE VISIT (0.1); DETERMINE BEST STRATEGY FOR CEO DEPOSITIONS (0.3). |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Kuntz, Andrew V | [redacted] |

| | | |
|---|---|---|
| | Kuntz, Andrew V | |
| | Kuntz, Andrew V | |
| | Kuntz, Andrew V | |
| 1.20 | Kuntz, Andrew V | REVISE LETTER SUMMARIZING MEET AND CONFER REGARDING DISCOVERY REQUESTS. |
| | Kuntz, Andrew V | |
| | Kuntz, Andrew V | |
| | Kuntz, Andrew V | |
| | Grover, Monica | |
| | Shi, Andrew A | |

| | | |
|---|---|---|
| | Reilly, Kevin J | |
| 12.30 | Garnick, Adam J | CONTINUE CONDUCTING SECOND LEVEL REVIEW AHEAD OF SUBSTANTIAL COMPLETION DEADLINE (7.0); COORDINATE AND FINALIZE PRODUCTION (3.0); REVIEW, COORDINATE, AND FINALIZE CONSUMER CHOICE EXPERT REPORT (2.3). |
| 6.20 | Otoo, Mary D | REVISE SUPPLEMENTAL OBJECTIONS AND RESPONSES TO LEAPFROG'S REQUESTS FOR PRODUCTION. |
| 1.10 | Otoo, Mary D | REVISE LETTER TO OPPOSING COUNSEL REGARDING DISCOVERY REQUESTS. |
| 0.80 | Otoo, Mary D | CONDUCT PRIVILEGE REVIEW AND QUALITY CONTROL CHECK OF DOCUMENT PRODUCTION. |
| | Otoo, Mary D | |
| | Togias, Iason G | |
| 5.10 | Fischer, Alexander M | REVIEW AND SELECT SIGNIFICANT DOCUMENTS RELATED TO INDIVIDUAL CEOS/HOSPITALS AND DRAFT DEPOSITION-PREPARATION MATERIALS. |

| | | |
|---|---|---|
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| 3.40 | Archambeau, Karsyn | REVIEW DOCUMENTS FOR PRODUCTION FOR SIGNIFICANCE AND CONFIDENTIALITY AND DISCUSS SAME WITH A. GARNICK, M. OTOO, L. CRAIN, AND B. YANG. |
| [redacted] | Archambeau, Karsyn | [redacted] |
| 1.10 | Delwiche, Noah J | REVIEW TLG PRODUCTION RE RALPH JOHNSON. |
| [redacted] | Delwiche, Noah J | [redacted] |
| | Delwiche, Noah J | |
| | Delwiche, Noah J | |
| | Wang, Laura Y | |
| 1.00 | Wang, Laura Y | REVIEW DOCUMENTS FOR RESPONSIVENESS, CONFIDENTIALITY, AND PRIVILEGE. |
| [redacted] | Raber, Steven | [redacted] |
| | Scott, Spencer E | |

| | | |
|---|---|---|
| | Varela, Eugenia | |
| | Womack, Lauren E | |
| 08/08/25 | | |
| 4.20 | Chung, Daniel | INTERNAL CONFERENCES REGARDING DISCOVERY STRATEGY (1.1); REVIEW SOURCE DOCUMENTS (1.0); REVIEW CEO DEFENSIVE DEPOSITION PREPARATION MATERIALS (1.0); REVISE 30(B)(6) NOTICE (1.1). |
| 2.50 | Maloney, Mary Beth | MEETING WITH CLIENT RE SEIU AND UDC SUBPOENAS (.5); MEETING WITH CLIENT RE STATUS UPDATE (.5); CONFER WITH TEAM RE STATUS OF JOHNS HOPKINS AND OTHER THIRD PARTY DISCOVERY (.5); COMMUNICATIONS WITH TEAM RE STRATEGY IN RESPONSE TO ADDITIONAL PRODUCTIONS (.3); REVISE DRAFT PO MOTION (.7). |
| 2.10 | Scott, Sydney A | DRAFT, REVISE, AND FINALIZE LETTER OBJECTING TO 30(B)(6) SUBPOENAS AND TOPICS (.4); REVIEW AND ANALYZE WITNESS PREPARATION KITS FOR MEETINGS WITH CEOS RE DEPOSITION TESTIMONY (1.7). |
| 4.50 | Crain, Lee R | FINALIZE RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS (1); FINALIZE MULTIPLE LETTERS TO OPPOSING COUNSEL (1); REVIEW AND REVISE MOTION FOR A PROTECTIVE ORDER (1.5); CALL WITH CLIENT RE UNION REQUESTS (.5); PREPARE FOR AND PARTICIPATE IN CLIENT CALL (.5). |

| | | |
|---|---|---|
| 3.20 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE CORRESPONDENCE TO OPPOSING COUNSEL (1.1); DRAFT CORRESPONDENCE REGARDING KEY DOCUMENT DISCOVERY (.8); REVIEW AND ANALYZE KEY DOCUMENTS (.7); EXECUTE VARIOUS DISCOVERY STRATEGY TASKS (.6). |
| 0.50 | Hvidt, Scott K | WORK WITH TEAM REGARDING NONPARTY DISCOVERY STRATEGY. |
| 1.00 | Hvidt, Scott K | WORK WITH DOCUMENT REVIEW TEAM AND DISCOVERY VENDORS REGARDING OFFENSIVE REVIEW. |
| 0.30 | Buzzard, Christine M | DISCUSS MOTION TO QUASH STRATEGY WITH L. CRAIN, D. CHUNG, AND R. BATISTA. |
| [redacted] | Buzzard, Christine M | [redacted] |
| 0.80 | Buzzard, Christine M | REVIEW AND REVISE DRAFT MOTION FOR PROTECTIVE ORDER IN LIGHT OF NEW DEVELOPMENTS IN THE CASE AND TEAM FEEDBACK. |
| [redacted] | Buzzard, Christine M | [redacted] |
| | Batista, Robert A | |
| | Batista, Robert A | |

| | | |
|---|---|---|
| 3.90 | Simmons, Kevin M | WORK ON CEO DEPOSITION OUTLINES (1.8); FINALIZE LETTER TO OPPOSING COUNSEL RE RULE 30(B)(6) DEPOSITION TOPICS (2.1). |
| [redacted] | Cardone, Emily A | [redacted] |
| | Cardone, Emily A | |
| | Cardone, Emily A | |
| 1.50 | Cardone, Emily A | REVIEW AND ANALYZE R. JOHNSON DOCUMENTS TO PROVIDE RECOMMENDATION ON DEPOSITION. |
| [redacted] | Cardone, Emily A | [redacted] |
| | Kuntz, Andrew V | |
| | Kuntz, Andrew V | |
| [redacted] | Talley, Mark C | [redacted] |
| [redacted] | Grover, Monica | [redacted] |
| 1.70 | Reilly, Kevin J | PREPARE NON-PARTY SUBPOENAS. |

| | | |
|---|---|---|
| 0.80 | Garnick, Adam J | CONFER WITH CONSUMER CHOICE EXPERT REGARDING SUPPORTING DOCUMENTS (0.3); COORDINATE PRODUCTION OF THOSE DOCUMENTS (0.5). |
| [redacted] | Togias, Iason G | [redacted] |
| 7.80 | Fischer, Alexander M | COMPLETE REVIEW OF ALL CEO DOCUMENTS AND OTHER SIGNIFICANT DOCUMENTS (2.0); SEARCH FOR COMMUNICATIONS BETWEEN DEFENDANT AND WITNESSES (2.9); REVISE AND ORGANIZE DEPOSITION PREPARATION MATERIALS AND DOCUMENTS (2.9). |
| [redacted] | Archambeau, Karsyn | [redacted] |
| 0.60 | Archambeau, Karsyn | COORDINATE WITH A. GARNICK AND A. PARKS RE: PRODUCTION OF EXPERT DOCUMENTS. |
| 0.30 | Archambeau, Karsyn | REVIEW ADDITIONAL DOCUMENTS RECEIVED FROM CLIENT RE: REPUTATIONAL DAMAGES FOR A. GARNICK. |
| 2.50 | Archambeau, Karsyn | REVIEW AND REVISE DISCOVERY LETTERS RE: RESPONSES TO REQUESTS FOR PRODUCTION, MEET AND CONFER ON THE SAME TOPIC, AND STIPULATION TO BENCH TRIAL. |
| 2.00 | Archambeau, Karsyn | REVIEW CLIENT DOCUMENTS FOR RESPONSIVENESS TO IMPUTED METRICS ISSUE AND DISCUSS SAME WITH L. WANG. |
| [redacted] | Archambeau, Karsyn | [redacted] |

| | | |
|---|---|---|
| [redacted] | Delwiche, Noah J | [redacted] |
| | Delwiche, Noah J | |
| | Delwiche, Noah J | |
| 1.40 | Wang, Laura Y | COMPILE DOCUMENTS SUFFICIENT TO SHOW IMPUTED MEASURES SURVEY RESPONSES. |
| [redacted] | Scott, Spencer E | [redacted] |
| 08/09/25<br>1.20 | Scott, Sydney A | ANALYZE AND REVISE PREPARATION MATERIALS FOR CEO WITNESS INTERVIEWS. |
| 0.60 | Buzzard, Christine M | REVIEW AND REVISE PROPOSED ORDER TO ACCOMPANY MOTION FOR PROTECTIVE ORDER. |
| 7.30 | Simmons, Kevin M | WORK ON CEO DEPOSITION OUTLINES (7.3). |
| 1.10 | Cardone, Emily A | DRAFT AND REVISE 30(B)(6) NOTICE. |
| [redacted] | Togias, Iason G | [redacted] |
| | Fischer, Alexander M | |

| | | |
|---|---|---|
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| 08/10/25 [redacted] | Chung, Daniel | [redacted] |
| 2.10 | Scott, Sydney A | ANALYZE AND REVISE PREPARATION MATERIALS FOR CEO WITNESS INTERVIEWS. |
| 1.10 | Crain, Lee R | REVISE MOTION FOR A PROTECTIVE ORDER. |
| 1.50 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE EDISCOVERY RECOMMENDATION (.6); EXECUTE VARIOUS DISCOVERY STRATEGY TASKS (.4); REVIEW AND ANALYZE KEY DOCUMENTS (.5). |
| [redacted] | Buzzard, Christine M | [redacted] |
| 0.30 | Simmons, Kevin M | DRAFT EMAILS RE CEO DEPOSITION OUTLINES (0.3). |
| [redacted] | Fischer, Alexander M | [redacted] |
| 1.50 | Archambeau, Karsyn | ANALYZE CLIENT DOCUMENTS FOR TARGETED COLLECTION RE: IMPUTED METRICS. |
| [redacted] | Delwiche, Noah J | [redacted] |

08/11/25

| | | |
|---|---|---|
| [redacted] | Denerstein, Mylan L | [redacted] |
| 3.00 | Chung, Daniel | REVISE OFFENSIVE DEPOSITION OUTLINE (1.5); REVIEW PREPARATORY MATERIALS FOR CEO DEPOSITIONS (1.5). |
| 2.20 | Maloney, Mary Beth | ATTEND TO DISCOVERY ISSUES AND CONFER WITH TEAM RE SAME—REVISE DISCOVERY COMMUNICATIONS (1.8); REVISE PROTECTIVE ORDER MOTION (.4). |
| [redacted] | Scott, Sydney A | [redacted] |
| 5.50 | Crain, Lee R | MEET AND CONFER AND PREPARE FOR THE SAME (2); REVIEW AND REVISE MULTIPLE LETTERS TO OPPOSING COUNSEL (1); CONFER WITH TEAM RE STATUS AND STRATEGY OF DOCUMENT PRODUCTION ISSUES (1); ATTENTION TO JURY TRIAL WAIVER ISSUE (.5); ATTENTION TO STRATEGY ON MULTIPLE NON-PARTY SUBPOENAS (1). |
| 1.30 | Hvidt, Scott K | REVIEW AND ANALYZE KEY DOCUMENTS (.8); REVIEW AND ANALYZE DISCOVERY CORRESPONDENCE (.5). |
| 1.10 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE CORRESPONDENCE REGARDING DISCOVERY STRATEGY (.7); EXECUTE VARIOUS DISCOVERY STRATEGY TASKS (.4). |

| | | |
|---|---|---|
| [redacted] | Buzzard, Christine M | [redacted] |
| 2.50 | Buzzard, Christine M | EDIT DRAFT DISCOVERY MOTION FOR PROTECTIVE ORDER RAISING RELEVANCE OBJECTIONS, INCLUDING IN LIGHT OF TEAM EDITS AND NEW FACTS. |
| [redacted] | Buzzard, Christine M | [redacted] |
| 0.70 | Buzzard, Christine M | REVISE DRAFT STIPULATION TO BENCH TRIAL IN LIGHT OF OPPOSING COUNSEL REQUEST FROM MEET AND CONFER. |
| 0.30 | Buzzard, Christine M | DEVELOP STRATEGY TO FINALIZE NOTICE AND MOTION FOR PROTECTIVE ORDER MATERIALS WITH A. SHI. |
| 1.10 | Buzzard, Christine M | REVISE DRAFT NOTICE WITHDRAWING CLAIMS. |
| [redacted] | Buzzard, Christine M<br>Parks, Allyson E | [redacted] |
| 1.80 | Batista, Robert A | DRAFT EMAIL TO OPPOSING COUNSEL RE DEFICIENCIES WITH T. GALLAGHER SUBPOENA. |

| | | |
|---|---|---|
| [redacted] | Hammer, Stephen J | [redacted] |
| 1.30 | Simmons, Kevin M | MEET AND CONFER WITH OPPOSING COUNSEL RE INTERROGATORIES (0.9); DRAFT EMAIL TO M. OTOO RE MEET AND CONFER MEMORIALIZATION (0.4). |
| 1.30 | Simmons, Kevin M | WORK ON CEO DEPOSITION OUTLINES (0.6); INCORPORATE L. CRAIN'S COMMENTS INTO CEO DEPOSITION PREPARATION DOCUMENT (0.4); DRAFT EMAILS TO CEOS RE UPCOMING VISITS (0.3). |
| 0.30 | Cardone, Emily A | REVIEW AND REVISE 30(B)(6) WITH D. CHUNG EDITS. |
| [redacted] | Cardone, Emily A | [redacted] |
| | Cardone, Emily A | |
| 0.50 | Cardone, Emily A | REVIEW AND REVISE MOTION TO QUASH GALLAGHER SUBPOENA. |
| [redacted] | Cardone, Emily A | [redacted] |
| | Kuntz, Andrew V | |
| | Kuntz, Andrew V | |
| | Kuntz, Andrew V | |

| | | |
|---|---|---|
| [redacted] | Kuntz, Andrew V | [redacted] |
| | Kuntz, Andrew V | |
| | Talley, Mark C | |
| [redacted] | Wolf, Brandon C | [redacted] |
| [redacted] | Grover, Monica | [redacted] |
| [redacted] | Shi, Andrew A | [redacted] |
| 2.70 | Reilly, Kevin J | REVISE NON-PARTY DOCUMENT SUBPOENAS. |
| 2.50 | Garnick, Adam J | CONFER WITH TEAM ON SUPPLEMENTAL PRODUCTION (1.0); COORDINATE ADDITIONAL DOCUMENT COLLECTION AND PRODUCTION (1.0); FINALIZE NEW VERSION OF BERGER EXPERT REPORT AND ASSIST IN SERVING ON OPPOSING COUNSEL (0.5). |

| | | |
|---|---|---|
| 0.50 | Otoo, Mary D | REVISE PROPOSED ORDER FOR PROTECTIVE ORDER. |
| 0.40 | Otoo, Mary D | IDENTIFY RESPONSIVE DOCUMENTS FOR PRODUCTION TO LEAPFROG. |
| 1.50 | Otoo, Mary D | DRAFT CORRESPONDENCE TO OPPOSING COUNSEL MEMORIALIZING MEET AND CONFER. |
| 0.70 | Otoo, Mary D | IDENTIFY AND ANALYZE RESPONSIVE DOCUMENTS FOR PRODUCTION. |
| [redacted] | Otoo, Mary D | [redacted] |
| | Otoo, Mary D | |
| 0.60 | Otoo, Mary D | DRAFT CORRESPONDENCE REGARDING MEET AND CONFER UPDATE. |
| 2.10 | Otoo, Mary D | ATTEND MEET AND CONFER WITH OPPOSING COUNSEL REGARDING REQUESTS FOR PRODUCTION, INTERROGATORIES, AND 30(B)(6) DEPOSITIONS. |
| [redacted] | Togias, Iason G | [redacted] |
| | Fischer, Alexander M | |

| | | |
|---|---|---|
| | Dabanka, Elizabeth A | |
| | Archambeau, Karsyn | |
| 1.80 | Archambeau, Karsyn | ANALYZE CLIENT DOCUMENTS RE: TARGETED COLLECTION FOR DOCUMENTS RESPONSIVE TO FOUR IMPUTED METRICS. |
| 1.00 | Archambeau, Karsyn | REVISE AND UPDATE AGENDA FOR TEAM MEETING RE: STRATEGY. |
| 1.10 | Archambeau, Karsyn | CONDUCT SEARCH FOR REGISTERED AGENTS AND SERVICE ADDRESSES FOR THIRD PARTY SUBPOENAS. |
| 1.30 | Delwiche, Noah J | UPDATE OFFENSIVE DOCUMENT TRACKER. |
| 1.20 | Wang, Laura Y | REVIEW TARGETED CLIENT DOCUMENTS FOR RESPONSIVENESS TO IMPUTED MEASURES SURVEY QUESTIONS. |
| | Scott, Spencer E | |
| | Varela, Eugenia | |

| | | |
|---|---|---|
| 08/12/25<br>4.50 | Chung, Daniel | PREPARATORY SESSIONS WITH CEOS (2.3); REVIEW SOURCE DOCUMENTS (2.2). |
| [redacted] | Maloney, Mary Beth | [redacted] |
| | Yang, Betty X | |
| 10.80 | Scott, Sydney A | PREPARE FOR AND PARTICIPATE IN DEPOSITION PREPARATION SESSIONS WITH J. HANLON AND E. CAZARES. |
| 4.60 | Crain, Lee R | REVISE MOTION FOR A PROTECTIVE ORDER (2.5); ATTENTION TO DISCOVERY STRATEGY AND HIT COUNTS (1); TEAM STRATEGY CALLS (1.1). |
| [redacted] | Townsend, KatieLynn B | [redacted] |

| | | |
|---|---|---|
| 6.20 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE KEY DOCUMENT STRATEGY DOCUMENTS (2.1); REVIEW AND ANALYZE KEY DOCUMENTS (2.8); DRAFT, REVIEW AND REVISE DEPOSITION TOPICS (.8); EXECUTE VARIOUS DISCOVERY STRATEGY TASKS (.5). |
| 1.10 | Hvidt, Scott K | DRAFT CORRESPONDENCE TO CLIENT REGARDING EDISCOVERY RECOMMENDATION. |
| 0.50 | Hvidt, Scott K | WORK WITH EDISCOVERY TEAM REGARDING OFFENSIVE DISCOVERY. |
| [redacted] | Hvidt, Scott K | [redacted] |
| | Buzzard, Christine M | |
| | Buzzard, Christine M | |
| 0.50 | Buzzard, Christine M | DISCUSS AND DEVELOP STRATEGY FOR UPCOMING FILINGS, INCLUDING MOTION FOR PROTECTIVE ORDER, WITH A. SHI. |
| [redacted] | Buzzard, Christine M | [redacted] |

| | | |
|---|---|---|
| 1.70 | Buzzard, Christine M | REVIEW AND REVISE DRAFT NOTICE WITHDRAWING MONETARY DAMAGES REQUEST, INCLUDING TO FINALIZE FOR FILING. |
| [redacted] | Buzzard, Christine M | [redacted] |
| 4.80 | Buzzard, Christine M | REVISE DRAFT MOTION FOR PROTECTIVE ORDER TO ADDRESS COMMENTS FROM B. YANG AND L. CRAIN (3.8); REVISE DRAFT PROPOSED ORDER IN LIGHT OF SAME (1.0). |
| [redacted] | Buzzard, Christine M | [redacted] |
| [redacted] | Parks, Allyson E | [redacted] |
| [redacted] | Richman, Brian A | [redacted] |
| 0.70 | Batista, Robert A | DRAFT RESPONSE EMAIL TO OPPOSING COUNSEL RE NEW T. GALLAGHER SUBPOENA. |
| 8.50 | Simmons, Kevin M | PREPARE FOR J. HANLON DEPOSITION (0.9); DEBRIEF WITH S. SCOTT, E. DABANKA ON J. HANLON (0.4); PREPARE J. HANLON FOR DEPOSITION (3.5); PREPARE FOR E. CAZARES DEPOSITION (0.2); PREPARE E. CAZARES FOR DEPOSITION (3.0); DEBRIEF WITH S. SCOTT, E. DABANKA ON E. CAZARES (0.2); PREPARE FOR CEO INTERVIEWS ON WEDNESDAY (0.3). |

| | | |
|---|---|---|
| 1.50 | Cardone, Emily A | REVIEW AND ANALYZE KEY L. BINDER DOCUMENTS FOR DEPOSITION. |
| [redacted] | Cardone, Emily A | [redacted] |
| | Cardone, Emily A | |
| | Cardone, Emily A | |
| | Cardone, Emily A | |
| | Cardone, Emily A | |
| 0.20 | Kuntz, Andrew V | REVISE CORRESPONDENCE TO OPPOSING COUNSEL REGARDING DEFENDANT'S PROPOSED SEARCH TERMS. |
| [redacted] | Kuntz, Andrew V | [redacted] |
| | Kuntz, Andrew V | |
| [redacted] | Talley, Mark C | [redacted] |

| | | |
|---|---|---|
| [redacted] | Grover, Monica | [redacted] |
| [redacted] | Shi, Andrew A | [redacted] |
| [redacted] | Reilly, Kevin J | [redacted] |
| 6.80 | Garnick, Adam J | PARTICIPATE IN TEAM MEETING (0.5); PREPARE FOR AND COORDINATE ADDITIONAL TARGETED DOCUMENT COLLECTIONS FROM CLIENT (2.3); REVIEW DOCUMENTS AND DRAFT VARIOUS EMAILS TO THE TEAM REGARDING SUPPLEMENTAL PRODUCTION (4.0). |
| [redacted] | Otoo, Mary D | [redacted] |
| 3.00 | Otoo, Mary D | REVIEW MARKETING DOCUMENTS FOR POTENTIAL PRODUCTION. |
| 0.90 | Otoo, Mary D | REVISE PROPOSED ORDER FOR PROTECTIVE ORDER. |
| [redacted] | Togias, Iason G | [redacted] |

| | | |
|---|---|---|
| [redacted] | Fischer, Alexander M | [redacted] |
| [redacted] | Conway, Christian L | [redacted] |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| [redacted] | Archambeau, Karsyn | [redacted] |
| 0.60 | Archambeau, Karsyn | CONTINUE REVISING DISCOVERY DOCUMENT RE: IMPUTED METRICS. |
| [redacted] | Archambeau, Karsyn | [redacted] |
| 1.90 | Archambeau, Karsyn | CONTINUE REVIEWING CLIENT DOCUMENTS FOR RESPONSIVENESS RE: POTENTIAL CUSTODIANS AND DISCUSS SAME WITH A. GARNICK AND L. CRAIN. |
| 0.50 | Archambeau, Karsyn | DRAFT PRODUCTION LETTER RE: THIRD-PARTY SUBPOENA RESPONSE FOR K. REILLY. |
| 0.30 | Archambeau, Karsyn | COORDINATE WITH E. CARDONE RE: DEPOSITION NOTICE FOR CLIENT EMPLOYEE. |

| | | |
|---|---|---|
| [redacted] | Archambeau, Karsyn | [redacted] |
| | Delwiche, Noah J | |
| | Delwiche, Noah J | |
| | Delwiche, Noah J | |
| 4.90 | Wang, Laura Y | REVIEW TARGETED CLIENT DOCUMENTS FOR RESPONSIVENESS TO IMPUTED MEASURES SURVEY QUESTIONS. |
| [redacted] | Wang, Laura Y | [redacted] |
| [redacted] | Scott, Spencer E | [redacted] |
| [redacted] | Varela, Eugenia | [redacted] |
| | Womack, Lauren E | |
| 08/13/25 7.80 | Chung, Daniel | PREPARATORY SESSIONS WITH CEOS (3.0); REVIEW SOURCE DOCUMENTS (3.0); INTERNAL CONFERENCES REGARDING DEPOSITIONS (1.8). |

| | | |
|---|---|---|
| [redacted] | Maloney, Mary Beth | [redacted] |
| [redacted] | Yang, Betty X | [redacted] |
| 11.00 | Scott, Sydney A | PREPARE FOR AND PARTICIPATE IN DEPOSITION PREPARATION MEETINGS WITH C. MCCAULEY AND S. MONTGOMERY (10.3); PREPARE FOR AND PARTICIPATE IN TEAM CALL RE DEPOSITION STRATEGY AND SCHEDULING (.7). |
| 5.80 | Crain, Lee R | FINALIZE MOTION FOR A PROTECTIVE ORDER (1.5); REVIEW AND REVISE MULTIPLE CORRESPONDENCES TO OPPOSING COUNSEL RE DISCOVERY DISPUTES (1.5); CONFER WITH S. MONACO RE THIRD PARTY DISCOVERY (.5); MEETING RE DEPOSITION SCHEDULING AND ASSIGNMENTS (.5); CONFER WITH C. BUZZARD RE BRIEFING ASSIGNMENTS AND STATUS (.5); REVIEW RECOMMENDATIONS ON DOCUMENT PRODUCTION TO PREPARE FINAL DOCUMENTS, INCLUDING ASSESSING SEARCH TERMS AND HIT COUNTS (1.3). |
| [redacted] | Townsend, KatieLynn B | [redacted] |

| | | |
|---|---|---|
| 1.40 | Hvidt, Scott K | DRAFT CORRESPONDENCE TO OPPOSING COUNSEL (.5); DRAFT CORRESPONDENCE REGARDING STRATEGY AND TASKS (.9). |
| 0.50 | Hvidt, Scott K | WORK WITH TEAM REGARDING DEPOSITION STRATEGY AND SCHEDULE. |
| 1.20 | Hvidt, Scott K | WORK WITH EDISCOVERY VENDORS REGARDING OFFENSIVE REVIEW STRATEGY AND PROCESS. |
| 0.80 | Hvidt, Scott K | WORK WITH EXPERT TEAM REGARDING NICHOLSON DEPOSITION PREPARATION. |
| 1.30 | Buzzard, Christine M | REVIEW AND REVISE MOTION OF PROTECTIVE ORDER FILING PACKET INCLUDING EXHIBITS TO FINALIZE FOR FILING. |
| 0.60 | Buzzard, Christine M | REVIEW AND REVISE DRAFT LEE DECLARATION REGARDING BURDEN ASSOCIATED WITH DOCUMENT REVIEW IN SUPPORT OF MOTION FOR PROTECTIVE ORDER. |
| [redacted] | Buzzard, Christine M | [redacted] |
| | Buzzard, Christine M | |
| | Buzzard, Christine M | |
| 0.20 | Batista, Robert A | CONFER WITH C. BUZZARD RE T. GALLAGHER SUBPOENA. |

| | | |
|---|---|---|
| 5.70 | Simmons, Kevin M | PREPARE FOR C. MCCAULEY DEPOSITION PREPARATION (0.4); PREPARE C. MCCAULEY FOR DEPOSITION (2.5); DEBRIEF ON C. MCCAULEY DEPOSITION WITH GIBSON TEAM (0.2); PREPARE S. MONTGOMERY FOR DEPOSITION (2.0); DEBRIEF WITH TENET TEAM ON S. MONTGOMERY'S DEPOSITION PREP (0.1); MEET WITH PARTNER TEAM RE STRATEGY FOR CEO DEPOSITIONS (0.5). |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.70 | Cardone, Emily A | REVIEW AND ANALYZE R. JOHNSON REPORT FOR POTENTIAL DEPOSITION. |
| [redacted] | Cardone, Emily A | [redacted] |
| | Cardone, Emily A | |
| 0.40 | Cardone, Emily A | DEVELOP STRATEGY WITH S. HVIDT RE DEPONENTS. |
| 0.30 | Cardone, Emily A | REVIEW AND ANALYZE LEAPFROG SEARCH TERMS AND HIT REPORT. |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.50 | Cardone, Emily A | REVIEW AND ANALYZE IRRELEVANT POPULATIONS FOR DOCUMENT REVIEW. |
| 0.40 | Cardone, Emily A | COORDINATE WITH DOCUMENT TEAMS RE SEARCH TERMS AND ISSUE TAGS. |
| [redacted] | Kuntz, Andrew V | [redacted] |

| | | |
|---|---|---|
| | Kuntz, Andrew V | |
| | Kuntz, Andrew V | |
| | Talley, Mark C | |
| | Grover, Monica | |
| | Shi, Andrew A | |
| 3.20 | Reilly, Kevin J | PREPARE NON-PARTY DISCOVERY INTO JOHNS HOPKINS AND AARP; ATTEND PLANNING CALL FOR NICHOLSON DEPOSITION. |
| 11.00 | Garnick, Adam J | CONTINUE CONDUCTING SECOND LEVEL REVIEW OF DOCUMENTS AHEAD OF SUPPLEMENTAL PRODUCTION (6.0); CONFER WITH TEAM ON IMPUTED MEASURES DOCUMENTS (2.0); COORDINATE COMPILATION AND PRODUCTION OF TARGETED COLLECTIONS DOCUMENTS (3.0). |
| 3.40 | Otoo, Mary D | ANALYZE SEARCH TERMS IN SUPPORT OF ALTERNATIVE SEARCH TERM PROPOSAL TO OPPOSING COUNSEL. |
| 1.60 | Otoo, Mary D | IDENTIFY AND ANALYZE RESPONSIVE DOCUMENTS FOR PRODUCTION. |

| | | |
|---|---|---|
| 0.90 | Otoo, Mary D | CORRESPOND INTERNALLY AND WITH OPPOSING COUNSEL REGARDING DISCOVERY REQUESTS. |
| 0.20 | Otoo, Mary D | REVISE MEET AND CONFER MEMORIALIZATION LETTER. |
| [redacted] | Togias, Iason G | [redacted] |
| 5.90 | Fischer, Alexander M | EXPAND CEO DEPOSITION PREPARATION FOR ALL CEOS, INCORPORATE ADDITIONAL DOCUMENTS AND MODULES. |
| [redacted] | Conway, Christian L | [redacted] |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| 5.40 | Archambeau, Karsyn | CONTINUE REVIEWING CLIENT DOCUMENTS FOR PRODUCTION AND DISCUSS SAME WITH TEAM. |
| 4.00 | Archambeau, Karsyn | CONTINUE ANALYZING DOCUMENTS FROM TARGETED COLLECTION FOR RESPONSIVENESS TO IMPUTED METRICS RE: PRODUCTION. |
| [redacted] | Archambeau, Karsyn | [redacted] |
| | Delwiche, Noah J | |

| | | |
|---|---|---|
| 2.70 | Wang, Laura Y | ANALYZE CLIENT DOCUMENTS FOR RESPONSIVENESS. |
| [redacted] | Wang, Laura Y | [redacted] |
| | Scott, Spencer E | |
| | Varela, Eugenia | |
| | Wattenberg, Steven | [redacted] |
| 08/14/25 [redacted] | Denerstein, Mylan L | [redacted] |
| 6.20 | Chung, Daniel | PREPARATORY SESSION WITH CEOS (2.1); REVIEW SOURCE DOCUMENTS (2.1); INTERNAL CONFERENCES REGARDING DISCOVERY STRATEGY (2.0). |
| 2.90 | Maloney, Mary Beth | COMMUNICATION REGARDING STATUS OF DEPOSITIONS AND STAFFING (.5); MEETING WITH TEAM REGARDING CEO DEPOSITION PREP (.5); REVIEW REPLY AND CONFER WITH TEAM RE SAME (1.3); ADDRESS STRATEGIC QUESTIONS RE DISCLOSURES (.6) |
| [redacted] | Yang, Betty X | [redacted] |

| | | |
|---|---|---|
| [redacted] | Scott, Sydney A | [redacted] |
| 6.00 | Crain, Lee R | REVIEW AND STRATEGIZE RE MOTION FOR A PROTECTIVE ORDER OPPOSITION BRIEF (1); ATTENTION TO DOCUMENT PRODUCTION STRATEGY ISSUES, INCLUDING SEARCH TERMS AND MULTIPLE DISCOVERY DISPUTES (2.5); ATTENTION TO WITNESS ISSUES AND STRATEGY RE DEPOSITION DEFENSE (1); BEGIN EXPERT DEPOSITION PREPARE WORKSTREAM (1.5). |
| 0.80 | Hvidt, Scott K | WORK WITH TEAM MEMBERS REGARDING STRATEGY (.4); DRAFT CORRESPONDENCE WITH TEAM REGARDING STRATEGY TASKS (.4). |
| 1.50 | Hvidt, Scott K | DRAFT CORRESPONDENCE TO OPPOSING COUNSEL (.7); DRAFT, REVIEW AND REVISE DISCOVERY STRATEGY MATERIALS (.8). |
| 1.50 | Hvidt, Scott K | OVERSEE DOCUMENT REVIEW LOGISTICS (.7); LEAD DOCUMENT REVIEW EFFORTS FOR KEY DOCUMENTS (.8). |
| [redacted] | Buzzard, Christine M | [redacted] |
| 0.50 | Buzzard, Christine M | DEVELOP THEMES AND STRATEGY FOR MOTION FOR PROTECTIVE ORDER REPLY BRIEF WITH M. MALONEY, L. CRAIN, AND A. SHI. |

| | | |
|---|---|---|
| 1.00 | Buzzard, Christine M | REVIEW AND REVISE DRAFT OF MOTION TO QUASH SUTARIA SUBPOENA PREPARED BY C. TALLEY. |
| [redacted] | Buzzard, Christine M | [redacted] |
| | Parks, Allyson E | |
| 0.90 | Simmons, Kevin M | CALL WITH PARTNER TEAM RE NEXT STEPS FOR CEO DEPOSITION PREPARATIONS (0.6); MEET WITH S. SCOTT RE DEPOSITION PLANNING (0.2); MEET WITH E. CARDONE RE DEPOSITION PLANNING (0.1). |
| [redacted] | Simmons, Kevin M | [redacted] |
| | Simmons, Kevin M | |

| | | |
|---|---|---|
| 0.40 | Simmons, Kevin M | READ PLAINTIFFS' RESPONSE TO MOTION TO COMPEL (0.4). |
| | Cardone, Emily A | |
| | Cardone, Emily A | |
| | Cardone, Emily A | |
| | Cardone, Emily A | |
| 0.40 | Cardone, Emily A | REVIEW AND REVISE 30(B)(6) NOTICE WITH M. MALONEY EDITS. |
| 1.10 | Kuntz, Andrew V | CONFER REGARDING DOCUMENT PRODUCTION STRATEGY. |
| | Kuntz, Andrew V | |
| | Kuntz, Andrew V | |
| | Kuntz, Andrew V | |
| | Kuntz, Andrew V | |
| | Kuntz, Andrew V | |
| | Kuntz, Andrew V | |

| | | |
|---|---|---|
| [redacted] | Kuntz, Andrew V | [redacted] |
| [redacted] | Grover, Monica | [redacted] |
| [redacted] | Shi, Andrew A | [redacted] |
| 2.20 | Reilly, Kevin J | PREPARE NON-PARTY DOCUMENT SUBPOENAS AND RELATED SEARCH TERMS. |
| 10.30 | Garnick, Adam J | CONFER WITH TEAM REGARDING DOCUMENT PRODUCTION (2.0); CONDUCT EXTENSIVE SECOND LEVEL REVIEW OF DOCUMENTS AHEAD OF SUPPLEMENTAL PRODUCTION (6.3); CONFER WITH TEAM REGARDING TARGETED DOCUMENT COLLECTIONS FROM CLIENT AND RESPONDING TO HOSPITAL SURVEY (2.0). |
| 0.30 | Otoo, Mary D | DRAFT CORRESPONDENCE TO COUNSEL REGARDING SEARCH TERMS. |
| 1.20 | Otoo, Mary D | ANALYZE DEFENDANT'S PROPOSED SEARCH TERMS AND RESPONSIVE DOCUMENTS. |
| [redacted] | Otoo, Mary D | [redacted] |
| 2.50 | Otoo, Mary D | REVIEW AND ANALYZE DOCUMENTS HIT ON BY TLG'S SEARCH TERMS. |

| | | |
|---|---|---|
| [redacted] | Togias, Iason G | [redacted] |
| 3.60 | Fischer, Alexander M | REVISE CEO PREPARATION MATERIALS TO EXPAND CONTENT RE PAY-TO-PLAY ALLEGATIONS AND INDIVIDUAL LEAPFROG METRICS. |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| 2.20 | Archambeau, Karsyn | COORDINATE SECOND SUBSTANTIAL PRODUCTION WITH A. GARNICK AND DOCUMENT VENDORS. |
| 1.50 | Archambeau, Karsyn | CONDUCT SECOND LEVEL REVIEW OF DOCUMENTS TO BE PRODUCED. |
| [redacted] | Archambeau, Karsyn | [redacted] |
| 0.50 | Archambeau, Karsyn | COORDINATE WITH K. REILLY RE: THIRD PARTY SUBPOENA AND DRAFT SAME. |
| 1.90 | Archambeau, Karsyn | ANALYZE CLIENT DOCUMENTS FOR TARGETED PRODUCTION RE: IMPUTED METRICS. |

| | | |
|---|---|---|
| 0.90 | Delwiche, Noah J | PREPARE FOR DEPOSITIONS. |
| 0.30 | Wang, Laura Y | ANALYZE DOCUMENTS FOR RESPONSIVENESS AND PRIVILEGE. |
| [redacted] | Wang, Laura Y | [redacted] |
| [redacted] | Scott, Spencer E | [redacted] |
| [redacted] | Scott, Spencer E<br>Varela, Eugenia<br>Wattenberg, Steven | [redacted] |
| 08/15/25<br>[redacted] | Denerstein, Mylan L | [redacted] |

| | | |
|---|---|---|
| 5.20 | Chung, Daniel | CLIENT AND INTERNAL CONFERENCES REGARDING STRATEGY (2.1); REVIEW SOURCE DOCUMENTS (2.1); REVISE DRAFT DEPOSITION OUTLINES (1.0). |
| [redacted] | Maloney, Mary Beth | [redacted] |
| 1.00 | Scott, Sydney A | ANALYZE BLOG POST EVIDENCING REPUTATIONAL HARM TO PLAINTIFF HOSPITALS (.3); CORRESPOND WITH GIBSON DUNN TEAM AND LOCAL COUNSEL RE SAME (.2); CORRESPOND WITH CEOS RE DEPOSITION SCHEDULING (.2);CORRESPOND WITH GIBSON DUNN TEAM RE SAME (.2); CORRESPOND WITH K. SIMMONS RE PLANNING FOR DEPOSITION PREPARATION OF CEO WITNESSESS (.1). |
| 3.80 | Crain, Lee R | ATTENTION TO MULTIPLE LETTERS AND EMAILS WITH OPPOSING COUNSEL (1); ATTENTION TO PRODUCTION ISSUES AND STRATEGY (1.8); CONFER WITH CLIENT AND PREPARE/FOLLOW-UP FOR THE SAME (1). |
| 6.00 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE SUMMARY OF KEY DOCUMENTS (4.8); DRAFT CORRESPONDENCE REGARDING STRATEGY AND TASKS (.8); DRAFT CORRESPONDENCE TO OPPOSING COUNSEL (.4). |

| | | |
|---|---|---|
| [redacted] | Hvidt, Scott K | [redacted] |
| | Hvidt, Scott K | |
| | Buzzard, Christine M | |
| | Buzzard, Christine M | |
| | Buzzard, Christine M | |
| [redacted] | Parks, Allyson E | [redacted] |
| [redacted] | Batista, Robert A | [redacted] |
| 0.50 | Simmons, Kevin M | DRAFT EMAILS TO S. SCOTT, A. FISCHER RE PREPARING FOR CEO DEPOSITIONS (0.3); WORK ON CEO DEPOSITION OUTLINES (0.2). |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.60 | Cardone, Emily A | CORRESPOND WITH OPPOSING COUNSEL RE THIRD PARTY DOCUMENTS. |
| 0.50 | Cardone, Emily A | ATTEND CLIENT WEEKLY UPDATE MEETING. |
| 2.50 | Kuntz, Andrew V | DRAFT RECOMMENDATION REGARDING DOCUMENT PRODUCTION CUTOFF DATE. |

| | | |
|---|---|---|
| [redacted] | Kuntz, Andrew V | [redacted] |
| | Kuntz, Andrew V | |
| | Kuntz, Andrew V | |
| [redacted] | Talley, Mark C | [redacted] |
| [redacted] | Wolf, Brandon C | [redacted] |
| | Grover, Monica | |
| [redacted] | Shi, Andrew A | [redacted] |
| 1.20 | Reilly, Kevin J | PREPARE PRODUCTION OF NON-PARTY DOCUMENTS (0.5); REVISE SEARCH TERMS FOR ARMSTRONG INSTITUTE (0.3); SERVE NON-PARTY UC DAVIS (0.2); CONDUCT DOCUMENT REVIEW OF GOVERNMENT COMMUNICATIONS (0.2). |

| | | |
|---|---|---|
| 7.00 | Garnick, Adam J | CONFER WITH TEAM ON FINAL PRODUCTION ISSUES (2.0); DRAFT VARIOUS EMAILS TO CLIENT AND VENDOR REGARDING SUPPLEMENTARY PRODUCTION (2.0); CONDUCT REVIEW OF ALL PRIVILEGED AND SIGNIFICANT DOCUMENTS PRIOR TO FINALIZING PRODUCTION (3.0). |
| 0.70 | Otoo, Mary D | CONDUCT RESEARCH REGARDING REQUIREMENTS FOR CATEGORICAL PRIVILEGE LOGS. |
| [redacted] | Otoo, Mary D | [redacted] |
| | Otoo, Mary D | |
| | Togias, Iason G | |
| 5.70 | Fischer, Alexander M | FINALIZE CEO DEPOSITION OUTLINES FOR ALL PLAINTIFFS (2.0); REVISE INTERROGATORIES PER AUG. 11 MEET & CONFER (3.7). |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| 0.70 | Archambeau, Karsyn | COLLECT AND COMPILE DOCUMENTS RE: IMPUTED METRICS FOR SURVEY EXPERT. |
| 0.40 | Archambeau, Karsyn | ANALYZE LOCAL RULES RE: NOTICE OF COMPLETION. |
| 0.60 | Archambeau, Karsyn | CONTINUE ANALYZING CLIENT DOCUMENTS RE: IMPUTED METRICS. |

| | | |
|---|---|---|
| 0.80 | Archambeau, Karsyn | REVISE THIRD-PARTY SUBPOENAS RE: DISCOVERY AND DOCUMENT PRODUCTION FOR K. REILLY. |
| | Archambeau, Karsyn | |
| 0.90 | Delwiche, Noah J | REVIEW CASELAW SURROUNDING STANDARD FOR OBJECTING TO DISCOVERY ON RELEVANCY GROUNDS. |
| | Delwiche, Noah J | |
| | Wang, Laura Y | |
| | Varela, Eugenia | |
| | Wattenberg, Steven | |
| 08/16/25 | | |
| 2.00 | Chung, Daniel | REVIEW OPPOSITION TO PROTECTIVE ORDER MOTION (1.0); REVIEW SOURCE DOCUMENTS (1.0). |
| 1.50 | Crain, Lee R | REVIEW SUPPLEMENTAL J. BERGER REPORT (1); REVISE REPLY ON MOTION IN LIMINE (.5). |

| | | |
|---|---|---|
| 4.20 | Buzzard, Christine M | REVIEW AND REVISE DRAFT REPLY BRIEF IN SUPPORT OF MOTION FOR PROTECTIVE ORDER PREPARED BY A. SHI. |
| 7.40 | Simmons, Kevin M | WORK ON CEO DEPOSITION OUTLINES (7.4). |
| [redacted] | Shi, Andrew A | [redacted] |
| 1.80 | Otoo, Mary D | DRAFT APPENDIX FOR REPLY BRIEF FOR MOTION PROTECTIVE ORDER. |
| [redacted] | Delwiche, Noah J | [redacted] |
| 08/17/25<br>1.80 | Chung, Daniel | REVISE DEPOSITION OUTLINES. |
| 4.30 | Scott, Sydney A | ANALYZE AND REVISE MATERIALS TO PREPARE PLAINTIFF CEOS TO SIT FOR DEPOSITION. |
| 0.60 | Crain, Lee R | REVISE REPLY BRIEF ON MOTION FOR A PROTECTIVE ORDER. |
| 3.50 | Buzzard, Christine M | REVIEW AND REVISE DRAFT REPLY BRIEF IN SUPPORT OF MOTION FOR PROTECTIVE ORDER, INCLUDING IN RESPONSE TO EDITS FROM L. CRAIN AND A. SHI. |
| 2.30 | Simmons, Kevin M | WORK ON CEO DEPOSITION OUTLINES (2.3). |
| 1.60 | Kuntz, Andrew V | DRAFT ORDER OF PROOF REGARDING DECEPTIVE PRACTICES ACT. |
| [redacted] | Shi, Andrew A | [redacted] |

| | | |
|---|---|---|
| 1.50 | Garnick, Adam J | REVIEW AND REVISE DRAFT OF SUPPLEMENTARY CONSUMER CHOICE EXPERT REPORT (1.5). |
| 1.80 | Fischer, Alexander M | REVISE CEO DEPOSITION PREPARATION OUTLINE; INCORPORATE ADDITIONAL DOCUMENTS. |
| 08/18/25 [redacted] | Chung, Daniel | [redacted] |
| | Maloney, Mary Beth | |
| [redacted] | Yang, Betty X | [redacted] |
| 0.80 | Scott, Sydney A | ANALYZE AND REVISE THEMES AND TALKING POINTS FOR PREPARATION OF CEO WITNESSES FOR 30(B)(6) DEPOSITIONS (.6); CORRESPOND WITH TEAM RE SAME (.2). |
| 2.00 | Crain, Lee R | REVISE REPLY BRIEF ON MOTION TO COMPEL, INCLUDING ASSESSING THE COURT'S ORDER RE ORAL ARGUMENT (1); ATTENTION TO DISCOVERY AND DEPOSITION STATUS AND STRATEGY (1). |
| [redacted] | Hvidt, Scott K | [redacted] |
| 0.90 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE NICHOLSON DEPOSITION PREPARATION TOPICS. |

| | | |
|---|---|---|
| 1.70 | Hvidt, Scott K | DRAFT CORRESPONDENCE TO OPPOSING COUNSEL (.3); DRAFT, REVIEW AND REVISE REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER (1.4). |
| [redacted] | Buzzard, Christine M | [redacted] |
| 3.40 | Buzzard, Christine M | REVIEW AND REVISE DRAFT REPLY TO MOTION FOR PROTECTIVE ORDER, INCLUDING TO ADDRESS DISCUSSION OF A LEAPFROG DOCUMENT. |
| [redacted] | Parks, Allyson E | [redacted] |
| | Richman, Brian A | |
| 2.00 | Simmons, Kevin M | ADDRESS S. SCOTT COMMENTS ON CEO DEPOSITION OUTLINE (2.0). |
| 0.20 | Simmons, Kevin M | WORK WITH A. FISCHER ON INTERROGATORY RESPONSES (0.2). |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.40 | Cardone, Emily A | REVIEW AND REVISE NON-PARTY DISCOVERY UPDATE. |
| [redacted] | Cardone, Emily A | [redacted] |

| | | |
|---|---|---|
| | Kuntz, Andrew V | |
| | Kuntz, Andrew V | |
| | Kuntz, Andrew V | |
| | Kuntz, Andrew V | |
| 0.50 | Kuntz, Andrew V | DRAFT ORDER OF PROOF. |
| | Kuntz, Andrew V | |
| | Wolf, Brandon C | |
| | Grover, Monica | |
| | Shi, Andrew A | |
| | Reilly, Kevin J | |

| | | |
|---|---|---|
| [redacted] | Garnick, Adam J | [redacted] |
| 4.60 | Otoo, Mary D | CONDUCT CITE CHECK OF MOTION FOR PROTECTIVE ORDER REPLY BRIEF. |
| [redacted] | Otoo, Mary D | [redacted] |
| 0.60 | Otoo, Mary D | CONDUCT RESEARCH REGARDING CATEGORICAL AND INDIVIDUAL PRIVILEGE LOGS. |
| 0.30 | Otoo, Mary D | DRAFT CORRESPONDENCE REGARDING SUPPLEMENTAL INTERROGATORY RESPONSES. |
| [redacted] | Togias, Iason G | [redacted] |
| | Fischer, Alexander M | |
| 3.70 | Archambeau, Karsyn | CONTINUE ANALYZING CLIENT DOCUMENTS RE: TARGETED COLLECTION FOR RESPONSIVENESS TO FOUR IMPUTED METRICS. |

| | | |
|---|---|---|
| 1.70 | Archambeau, Karsyn | DRAFT NOTICE OF COMPLETION IN COMPLIANCE WITH LOCAL RULES RE: DOCUMENT PRODUCTION. |
| | Archambeau, Karsyn | |
| | Archambeau, Karsyn | |
| | Delwiche, Noah J | |
| | Delwiche, Noah J | |
| 1.60 | Wang, Laura Y | ANALYZE CLIENT DOCUMENTS FOR RESPONSIVENESS TO IMPUTED MEASURES SURVEY QUESTIONS. |
| | Varela, Eugenia | |
| | Wattenberg, Steven | |
| 08/19/25 | Chung, Daniel | |

| | | |
|---|---|---|
| 2.80 | Maloney, Mary Beth | CALL WITH S. MONACO RE STATUS AND STRATEGY (.5); CALL WITH L. CRAIN RE STRATEGY (.2); MEETING WITH TEAM LEADS RE UPCOMING DEPOSITIONS (.5); MEETING WITH ASSOCS TEAM RE STATUS OF DISCOVERY (.5); COMMUNICATIONS WITH CLIENT RE STATUS (.3); REVISE REPLY BRIEF AND CONFER WITH TEAM RE SAME (.8). |
| | Yang, Betty X | |
| 2.30 | Scott, Sydney A | PREPARE FOR AND PARTICIPATE IN SENIOR LEADERSHIP CALL RE LITIGATION STRATEGY (.5); PREPARE FOR AND PARTICIPATE IN TEAM MEETING RE LITIGATION STRATEGY (.5); ANALYZE AND REVISE 30(B)(6) TOPICS FOR TLG WITNESS (.3); ANALYZE AND REVISE AMENDED ROG RESPONSES (.3); ANALYZE AND RESPOND TO CORRESPONDENCE RE 30(B)(6) DEPOSITIONS FOR HOSPITAL CEOS (.4); CORRESPOND WITH HOSPITAL CEOS RE DEPOSITION UPDATES (.3). |
| 2.50 | Crain, Lee R | CONFER WITH CLIENT (.3); CONFER WITH TEAM (.5); ATTENTION TO DISCOVERY DISPUTES AND STRATEGY (1.2); REVIEW AND REVISE REPLY BRIEF (.5). |
| 1.20 | Hvidt, Scott K | MANAGE OFFENSIVE KEY DOCUMENT IDENTIFICATION (.8); REVIEW AND ANALYZE CMS MATERIALS (.4). |

| | | |
|---|---|---|
| 1.90 | Hvidt, Scott K | DRAFT CORRESPONDENCE TO OPPOSING COUNSEL (.6); DRAFT, REVIEW AND REVISE DISCOVERY STRATEGY MATERIALS (.9); EXECUTE VARIOUS DISCOVERY STRATEGY TASKS (.4). |
| 1.00 | Hvidt, Scott K | CONFERENCE WITH SENIOR TEAM (.5); PARTICIPATE IN WEEKLY STRATEGY CALL (.5). |
| [redacted] | Buzzard, Christine M | [redacted] |
| | Buzzard, Christine M | |
| 0.20 | Buzzard, Christine M | DEVELOP DROP-IN LANGUAGE FOR REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER WITH M. MALONEY. |
| 1.60 | Buzzard, Christine M | REVIEW, INCORPORATE FURTHER EDITS, AND FINALIZE FOR FILING REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER. |
| [redacted] | Buzzard, Christine M | [redacted] |
| 0.40 | Buzzard, Christine M | PARTICIPATE IN SENIOR SYNC GIBSON TEAM CALL. |
| [redacted] | Buzzard, Christine M | [redacted] |

| | | |
|---|---|---|
| [redacted] | Parks, Allyson E | [redacted] |
| 0.30 | Batista, Robert A | CONFER WITH D. CHUNG AND E. CARDONE RE WITHDRAWAL OF T. GALLAGHER SUBPOENA. |
| 1.30 | Simmons, Kevin M | MEET WITH GIBSON TEAM RE CASE STATUS (0.4); COMMENT ON OFFENSIVE CORPORATE REPRESENTATIVE TOPICS (0.5); DRAFT EMAILS RE UPCOMING CEO DEPOSITIONS (0.4). |
| [redacted] | Cardone, Emily A | [redacted] |
| 1.00 | Cardone, Emily A | DRAFT, REVISE, AND FINALIZE AMENDED NOTICES OF DEPOSITION FOR LEAPFROG FACT WITNESSES. |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.30 | Cardone, Emily A | REVIEW AND REVISE SEARCHES FOR DOCUMENT REVIEW. |
| [redacted] | Cardone, Emily A | [redacted] |
| 1.50 | Cardone, Emily A | REVIEW, REVISE, AND FINALIZE 30(B)(6) NOTICE. |
| 0.50 | Cardone, Emily A | DEVELOP STRATEGY WITH INTERNAL TEAM RE UPCOMING DEPOSITIONS, DISCOVERY, AND MOTIONS. |

| | | |
|---|---|---|
| 0.50 | Kuntz, Andrew V | REVIEW LOCAL RULES REQUIREMENT FOR ISSUANCE OF NOTICES OF COMPLETION FOR DOCUMENT PRODUCTION. |
| 1.20 | Kuntz, Andrew V | CONDUCT LEGAL RESEARCH REGARDING NOTICE OBLIGATIONS UNDER LOCAL RULES FOR THIRD-PARTY SUBPOENAS. |
| [redacted] | Kuntz, Andrew V | [redacted] |
| 0.40 | Kuntz, Andrew V | DRAFT RESPONSES TO LEAPFROG'S DOCUMENT SUBPOENA ISSUED TO TENET COMMITTEE. |
| 2.40 | Kuntz, Andrew V | DRAFT CORRESPONDENCE TO LEAPFROG'S COUNSEL REGARDING THIRD-PARTY SUBPOENA REQUIREMENTS. |
| 0.50 | Kuntz, Andrew V | CONFER REGARDING CASE STRATEGY. |
| [redacted] | Kuntz, Andrew V | [redacted] |
| [redacted] | Grover, Monica | [redacted] |
| [redacted] | Shi, Andrew A | [redacted] |
| [redacted] | Shi, Andrew A | [redacted] |

| | | |
|---|---|---|
| [redacted] | Reilly, Kevin J | [redacted] |
| 4.50 | Garnick, Adam J | COORDINATE AND FINALIZE SUPPLEMENTAL PRODUCTION, INCLUDING CONDUCTING QUALITY CONTROL AND DRAFTING PRODUCTION LETTER (3.5); DRAFT EMAILS AND COORDINATE WITH CLIENT CONTACTS REGARDING IMPUTED MEASURES DOCUMENT COLLECTION (1.0). |
| [redacted] | Otoo, Mary D | [redacted] |
| 0.60 | Otoo, Mary D | LEAD INTERNAL TEAM MEETING. |
| 1.10 | Otoo, Mary D | CONDUCT CITE CHECK OF REVISED PROTECTIVE ORDER REPLY BRIEF. |
| 5.10 | Otoo, Mary D | ANALYZE PRIVILEGED DOCUMENTS AND DRAFT PLAINTIFFS' PRIVILEGE LOG. |
| 1.20 | Otoo, Mary D | DRAFT RESPONSES AND OBJECTIONS TO TENET DOCUMENT SUBPOENA. |

| | | |
|---|---|---|
| | Togias, Iason G | |
| | Fischer, Alexander M | |
| | Dabanka, Elizabeth A | |
| | Archambeau, Karsyn | |
| | Archambeau, Karsyn | |
| | Archambeau, Karsyn | |
| 1.50 | Archambeau, Karsyn | ANALYZE CLIENT DOCUMENTS FOR POLICIES RESPONSIVE TO IMPUTED METRICS WITH L. WANG. |
| 2.10 | Archambeau, Karsyn | DRAFT RESPONSES AND OBJECTIONS TO NON-PARTY SUBPOENA SERVED BY DEFENDANT FOR A. KUNTZ. |
| | Delwiche, Noah J | |
| | Delwiche, Noah J | |

| | | |
|---|---|---|
| 1.80 | Wang, Laura Y | REVISE CLIENT DOCUMENTS FOR RESPONSIVENESS TO IMPUTED MEASURES SURVEY QUESTIONS. |
| | Scott, Spencer E | |
| | Scott, Spencer E | |
| | Varela, Eugenia | |
| 08/20/25 | Chung, Daniel | |
| | Maloney, Mary Beth | |

| | | |
|---|---|---|
| | Yang, Betty X | |
| 3.60 | Scott, Sydney A | PREPARE FOR AND PARTICIPATE IN TEAM MEETINGS RE STRATEGY FOR 30(B)(6) DEPOSITIONS (1.1); ANALYZE AND RESPOND TO CASE CORRESPONDENCE RE SAME (.3); REVIEW AND ANALYZE AMENDED MOTION FOR PROTECTIVE ORDER (.4); REVIEW AND ANALYZE WITNESS PREPARATION KITS FOR 30(B)(6) DEPOSITION (1.8). |
| 2.80 | Crain, Lee R | ATTENTION TO DISCOVERY STRATEGY (1); REVIEW AND REVISE NOTICE RE REPLY BRIEF (.5); BEGIN ORAL ARGUMENT PREPARE (1.3). |
| 0.30 | Hvidt, Scott K | MANAGE KEY DOCUMENT IDENTIFICATION. |
| 4.80 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE NOTICE FOR MOTION FOR PROTECTIVE ORDER (1.1); DRAFT CORRESPONDENCE TO OPPOSING COUNSEL (.8); DRAFT CORRESPONDENCE REGARDING STRATEGY AND TASKS (1.6); DRAFT, REVIEW AND REVISE SUBPOENAS AND COMMUNICATIONS TO NON-PARTIES (1.3). |
| 2.00 | Hvidt, Scott K | WORK WITH M. MAHONEY REGARDING STRATEGY (.3); WORK WITH TEAM REGARDING MOTION FOR PROTECTIVE ORDER (1.2); WORK WITH TEAM REGARDING DEPOSITIONS (.5) |

| | | |
|---|---|---|
| [redacted] | Buzzard, Christine M | [redacted] |
| 4.80 | Buzzard, Christine M | ANALYZE, REVISE, AND FINALIZE DRAFT NOTICE OF AMENDED PROPOSED ORDER AND ACCOMPANYING MATERIALS, INCLUDING IN LIGHT OF REVISIONS FROM THE GIBSON AND LOCAL COUNSEL TEAMS AS WELL AS TO ENCOMPASS LEAPFROG'S ALTERATIONS TO DEPOSITION NOTICES. |
| [redacted] | Buzzard, Christine M | [redacted] |
| [redacted] | Parks, Allyson E | [redacted] |
| 1.10 | Simmons, Kevin M | WORK ON LETTERS AND EMAILS RE DISPUTE OVER LEAPFROG'S INTERROGATORIES (1.1). |
| 2.70 | Simmons, Kevin M | INCORPORATE PARTNER COMMENTS INTO CEO OUTLINE (0.9); CALL WITH PARTNER TEAM RE CEO DEPOSITIONS (0.5); CALL WITH PARTNERS RE TALKING POINTS FOR KEY QUESTIONS FOR CEO DEPOSITIONS (0.7); CALL WITH S. HVIDT RE STRATEGIZING FOR PROTECTIVE ORDER HEARING (0.6). |
| [redacted] | Cardone, Emily A | [redacted] |
| | Cardone, Emily A | |

| | | |
|---|---|---|
| | Cardone, Emily A | |
| | Cardone, Emily A | |
| 0.50 | Cardone, Emily A | DRAFT CORRESPONDENCE TO THIRD PARTIES RE MOTION FOR PROTECTIVE ORDER. |
| | Cardone, Emily A | |
| | Cardone, Emily A | |
| 0.60 | Kuntz, Andrew V | DRAFT PRIVILEGE LOG FOR AUGUST 8, 2025 PRODUCTION. |
| 0.60 | Kuntz, Andrew V | CONFER REGARDING DOCUMENT PRODUCTION STRATEGY TO ACCOUNT FOR POTENTIAL MOTION FOR PROTECTIVE ORDER RULINGS. |
| 1.10 | Kuntz, Andrew V | DRAFT NOTICE OF COMPLETION REQUIRED UNDER LOCAL RULES. |
| | Kuntz, Andrew V | |
| | Kuntz, Andrew V | |
| | Kuntz, Andrew V | |

Kuntz, Andrew V

Grover, Monica

Shi, Andrew A

Reilly, Kevin J

| | | |
|---|---|---|
| 6.80 | Garnick, Adam J | CONTINUE TO COORDINATE WITH CLIENT CONTACTS REGARDING TARGETED COLLECTIONS (1.0); REVIEW AND REVISE SUPPLEMENTAL BERGER REPORT (1.0); CONDUCT SECOND LEVEL REVIEW OF VARIOUS DOCUMENTS FOR IMPUTED MEASURES PRODUCTION (2.0); CONFER WITH TEAM ABOUT NEXT PHASE OF DOCUMENT PRODUCTION (0.8); DRAFT NOTICES OF COMPLETION OF PRODUCTION (0.5); CONFER WITH LOCAL COUNSEL REGARDING PRIVILEGE LOG (0.5); BEGIN REVIEWING PRIVILEGE LOG (1.0). |
| 0.40 | Otoo, Mary D | DRAFT CORRESPONDENCE REGARDING MOTION FOR PROTECTIVE ORDER HEARING. |
| 0.60 | Otoo, Mary D | MEET WITH A. GARNICK, S. HVIDGT, A. KUNTZ, K. ARCHAMBEAU, L. WANG, L. CRAIN, AND K. SIMMONS REGARDING LEAPFROG'S REQUESTS FOR PRODUCTION AND SEARCH TERMS. |
| 2.10 | Otoo, Mary D | REVISE LETTER TO OPPOSING COUNSEL. |
| [redacted] | Otoo, Mary D | [redacted] |
| 3.20 | Otoo, Mary D | DRAFT LETTER TO OPPOSING COUNSEL REGARDING DISCOVERY RESPONSES. |
| [redacted] | Togias, Iason G | [redacted] |

| | | |
|---|---|---|
| | Fischer, Alexander M | |
| | Archambeau, Karsyn | |
| 0.50 | Archambeau, Karsyn | PREPARE CLIENT DOCUMENTS FOR UPLOAD BY DOCUMENT VENDOR RE: IMPUTED METRICS REVIEW. |
| | Archambeau, Karsyn | |
| 1.60 | Archambeau, Karsyn | CONTINUE ANALYZING CLIENT DOCUMENTS FOR RESPONSIVENESS TO IMPUTED METRICS WITH A. GARNICK AND L. WANG. |
| | Archambeau, Karsyn | |
| | Archambeau, Karsyn | |
| | Archambeau, Karsyn | |

| | | |
|---|---|---|
| 2.00 | Delwiche, Noah J | REVIEW PRODUCTIONS FOR CONTACT WITH ACCREDITING BODIES. |
| [redacted] | Delwiche, Noah J | [redacted] |
| 0.40 | Wang, Laura Y | CONFER WITH A. GARNICK AND K. ARCHAMBEAU RE IMPUTED MEASURES DOCUMENTS. |
| [redacted] | Varela, Eugenia | [redacted] |
| | Wattenberg, Steven | |
| [redacted] | Womack, Lauren E | |
| 08/21/25 | | |
| [redacted] | Chung, Daniel | |
| 3.60 | Maloney, Mary Beth | REVIEW MATERIALS FOR BERGER DEPOSITION PREP (1.2); COMMUNICATIONS WITH TEAM RE THIRD PARTY SUBPOENAS (.3); CONFER WITH TEAM RE STATUS OF DOC DISCOVERY (.8); CONFER WITH CLIENT RE SITE VISIT ISSUE (.3). |

| | | |
|---|---|---|
| [redacted] | Yang, Betty X | [redacted] |
| 4.00 | Crain, Lee R | PREPARE FOR ORAL ARGUMENT (2); ATTENTION TO DISCOVERY ISSUES TO FINALIZE PRODUCTION (.5); REVIEW AND REVISE BERGER SUPPLEMENTAL DECLARATION TO FINALIZE PRODUCTION (.5); REVIEW AND REVISE PRIVILEGE LOG (.5); CONFER WITH LOCAL COUNSEL RE ORAL ARGUMENT FEEDBACK RE JUDGE (.5). |
| 0.70 | Hvidt, Scott K | OVERSEE KEY DOCUMENT REVIEW AND IDENTIFICATION. |
| 2.30 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE CORRESPONDENCE TO OPPOSING COUNSEL (.8); DRAFT CORRESPONDENCE REGARDING DISCOVERY STRATEGY TASKS (.9); DRAFT DEPOSITION PREPARATION STRATEGY SUGGESTIONS (.6). |
| 0.90 | Hvidt, Scott K | WORK WITH TEAM REGARDING MOTION FOR PROTECTIVE ORDER AND DISCOVERY STRATEGY. |
| [redacted] | Hvidt, Scott K | [redacted] |
| [redacted] | Buzzard, Christine M | [redacted] |

| | | |
|---|---|---|
| 0.60 | Buzzard, Christine M | DISCUSS STRATEGY FOR PROTECTIVE ORDER MOTION ORAL ARGUMENT WITH GIBSON TEAM MEMBERS AND LOCAL COUNSEL. |
| [redacted] | Parks, Allyson E | [redacted] |
| 0.30 | Batista, Robert A | CONFER WITH C. BUZZARD RE UPCOMING DISCOVERY-RELATED BRIEFING. |
| [redacted] | Simmons, Kevin M | [redacted] |
| 0.50 | Cardone, Emily A | DEVELOP STRATEGY WITH LEVEL LEGAL RE OFFENSIVE DOCUMENT REVIEW. |
| [redacted] | Cardone, Emily A | [redacted] |
| | Cardone, Emily A | |
| | Cardone, Emily A | |
| | Cardone, Emily A | |
| | Cardone, Emily A | |
| | Cardone, Emily A | |

| | | |
|---|---|---|
| 0.40 | Cardone, Emily A | COORDINATE WITH DOCUMENT TEAMS RE MODEL FOR DOCUMENT REVIEW. |
| 0.30 | Kuntz, Andrew V | DRAFT PRIVILEGE LOG REGARDING AUGUST 8 DOCUMENT PRODUCTION. |
| | Kuntz, Andrew V | |
| | Kuntz, Andrew V | |
| | Kuntz, Andrew V | |
| | Kuntz, Andrew V | |
| | Kuntz, Andrew V | |
| | Kuntz, Andrew V | |
| | Grover, Monica | |
| | Shi, Andrew A | |

| | | |
|---|---|---|
| 3.40 | Reilly, Kevin J | PREPARE NON-PARTY SUBPOENAS AND ADVISE ON RELATED STRATEGY. |
| 14.30 | Garnick, Adam J | CONDUCT SECOND LEVEL REVIEW OF ALL DOCUMENTS FOR PRODUCTION AND APPLY REDACTIONS (7.0); REVIEW, REVISE, AND FINALIZE CONSUMER CHOICE SUPPLEMENTAL EXPERT REPORT FOR SERVICE (3.3); CONTINUE COORDINATING WITH CLIENT CONTACTS TO CONFIRM DOCUMENTS TO BE PRODUCED (2.0); DRAFT VARIOUS EMAILS FOR TEAM AND CLIENT RELATED TO PRODUCTION OF DOCUMENTS AND EXPERT REPORT (2.0). |
| [redacted] | Otoo, Mary D | [redacted] |
| | Otoo, Mary D | |
| 3.10 | Otoo, Mary D | DRAFT PRIVILEGE LOG. |
| 2.40 | Otoo, Mary D | REVISE PRIVILEGE LOG. |
| 2.10 | Otoo, Mary D | DRAFT TALKING POINTS OUTLINE FOR MOTION FOR PROTECTIVE ORDER HEARING. |
| [redacted] | Togias, Iason G | [redacted] |
| 1.20 | Fischer, Alexander M | REVISE INTERROGATORY RESPONSES. |

| | | |
|---|---|---|
| | Dabanka, Elizabeth A | |
| | Archambeau, Karsyn | |
| 3.80 | Archambeau, Karsyn | CONTINUE ANALYZING CLIENT DOCUMENTS RE: RESPONSIVENESS TO IMPUTED METRICS FOR PRODUCTION. |
| 0.20 | Archambeau, Karsyn | STRATEGISE WITH DOCUMENT VENDOR RE: ANTICIPATING OUTCOME OF MOTION FOR PROTECTIVE ORDER. |
| | Archambeau, Karsyn | |
| | Archambeau, Karsyn | |
| | Archambeau, Karsyn | |
| 1.20 | Archambeau, Karsyn | ANALYZE RULES OF PROCEDURE AND CASE LAW RE: PROPER SERVICE OF NON-PARTY SUBPOENAS. |

| | | |
|---|---|---|
| [redacted] | Archambeau, Karsyn | [redacted] |
| 0.80 | Delwiche, Noah J | CONFER WITH LEVEL LEGAL RE ONGOING DOCUMENT REVIEW. |
| [redacted] | Delwiche, Noah J | [redacted] |
| 0.30 | Wang, Laura Y | PARTICIPATE IN MEETING WITH LEVEL LEGAL, A. GARNICK, K. ARCHAMBEAU, AND L. DABANKA RE DOCUMENT PRODUCTION STRATEGY. |
| 5.30 | Wang, Laura Y | PREPARE DOCUMENTS RESPONSIVE TO IMPUTED MEASURES SURVEY FOR PRODUCTION. |
| [redacted] | Varela, Eugenia | [redacted] |
| | Wattenberg, Steven | |
| | Womack, Lauren E | |
| | Womack, Lauren E | |
| 08/22/25 | | |
| 3.20 | Chung, Daniel | INTERNAL CONFERENCES REGARDING STRATEGY; REVISE DRAFT DEPOSITION OUTLINES. |

| | | |
|---|---|---|
| 3.90 | Maloney, Mary Beth | PREP BERGER FOR HIS DEPOSITION (2); ADDRESS QUESTIONS FROM TEAM RE DISCOVERY STRATEGY (.7); WEEKLY MEETING WITH CLIENT AND FOLLOW UP RELATED TO SAME WITH THIRD PARTIES (1.2). |
| [redacted] | Yang, Betty X | [redacted] |
| 1.10 | Scott, Sydney A | ANALYZE AND REVISE AMENDED INTERROGATORY RESPONSES (.8); ANALYZE CASE CORRESPONDENCE RE DEPOSITION SCHEDULING AND OTHER DISCOVERY MATTERS (.3). |
| 4.80 | Crain, Lee R | PREPARE FOR ORAL ARGUMENT (3.75); REVIEW PRODUCTION FOR FINALIZATION (.5); CLIENT CALL AND PREPARE FOR THE SAME (.5). |
| 4.00 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE KEY DOCUMENT STRATEGY ANALYSIS (2.3); DRAFT CORRESPONDENCE REGARDING DISCOVERY STRATEGY (.7); EXECUTE VARIOUS DISCOVERY STRATEGY TASKS (1). |
| [redacted] | Hvidt, Scott K | [redacted] |
| 0.50 | Hvidt, Scott K | WORK WITH CORNERSTONE REGARDING WHITE PAPER CRITICISM ANALYSIS. |
| [redacted] | Buzzard, Christine M | [redacted] |

| | | |
|---|---|---|
| | Buzzard, Christine M | |
| | Buzzard, Christine M | |
| 1.10 | Buzzard, Christine M | DEVELOP "HARD QUESTIONS" IN PREPARATION FOR MOTION FOR PROTECTIVE ORDER ORAL ARGUMENT. |
| | Parks, Allyson E | |
| 0.30 | Simmons, Kevin M | DRAFT EMAIL RE RESPONDING TO INTERROGATORIES (0.3). |
| | Simmons, Kevin M | |
| | Kuntz, Andrew V | |
| 0.40 | Kuntz, Andrew V | REVISE DOCUMENT SUBPOENA FOR NON-PARTY FLORIDA ALLIANCE FOR HEALTHCARE VALUE. |
| 1.70 | Kuntz, Andrew V | REVISE PRIVILEGE LOG FOR INITIAL DOCUMENT PRODUCTION. |
| | Kuntz, Andrew V | |

| | | |
|---|---|---|
| [redacted] | Kuntz, Andrew V | [redacted] |
| | Wolf, Brandon C | |
| [redacted] | Shi, Andrew A | [redacted] |
| [redacted] | Reilly, Kevin J | [redacted] |
| 6.80 | Garnick, Adam J | PREPARE FOR DEPOSITION PREPARATION WITH CONSUMER CHOICE EXPERT (1.0); PARTICIPATE IN DEPOSITION PREP SESSION (2.5); COORDINATE HIT COUNT REPORTS AND DRAFT EMAIL TO OPPOSING COUNSEL REGARDING SEARCH TERMS (2.0); CONDUCT FURTHER QUALITY CONTROL OF IMPUTED MEASURES PRODUCTION BEFORE FINALIZING PRODUCTION (1.25). |
| [redacted] | Otoo, Mary D | [redacted] |
| | Otoo, Mary D | |

| | | |
|---|---|---|
| 5.30 | Togias, Iason G | CONFER WITH K. REILLY RE OFFENSIVE THIRD-PARTY DISCOVERY (0.5); CONFER WITH S. HVIDT, K. REILLY, A. KRISHNAMURTHY, AND A. LEHRER RE LEAPFROG WHITE PAPER (0.8); PREPARE CASE UPDATE (2.2); CORRESPOND WITH TEAM RE DISCOVERY (1.8). |
| 4.40 | Fischer, Alexander M | REVISE AND UPDATE INTERROGATORY RESPONSES AS REQUIRED FOLLOWING MEET AND CONFER, WITHDRAWAL OF DAMAGES CLAIMS; REVIEW DOCUMENTS RESPONSIVE TO INTERROGATORIES. |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| 0.40 | Archambeau, Karsyn | SUMMARIZE DOCUMENT COLLECTIONS FOR A. FISCHER RE: SUPPLEMENTAL INTERROGATORIES. |
| 0.30 | Archambeau, Karsyn | DRAFT UPDATED PRODUCTION LETTER RE: TARGETED PRODUCTION TO OPPOSING COUNSEL. |
| [redacted] | Archambeau, Karsyn | [redacted] |
| 0.30 | Archambeau, Karsyn | REVISE ONE-PAGER RE: IMPUTED METRICS DOCUMENT COLLECTION FOR MOTION FOR PROTECTIVE ORDER HEARING. |
| 0.40 | Archambeau, Karsyn | DISCUSS PREVIOUS DOCUMENT PRODUCTION CONTENTS WITH E. DABANKA FOR PREPARATION OF ONE-PAGER RE: MOTION FOR PROTECTIVE ORDER HEARING. |

| | | |
|---|---|---|
| 0.90 | Archambeau, Karsyn | ANALYZE CASE LAW RE: SERVICE OF NON-PARTY SUBPOENAS AND REVISE ACCORDINGLY. |
| 4.30 | Archambeau, Karsyn | CONTINUE REVIEWING AND REVISING TARGETED COLLECTION FROM CLIENT RE: IMPUTED METRICS WITH A. GARNICK. |
| 0.40 | Delwiche, Noah J | CONFER WITH LIGHTHOUSE AND LEVEL LEGAL REGARDING ONGOING DOCUMENT REVIEW. |
| 5.10 | Delwiche, Noah J | REVIEW DOCUMENTS RELATING TO KAREN JUPITER. |
| [redacted] | Varela, Eugenia | [redacted] |
| | Wattenberg, Steven | |
| 08/23/25 | | |
| 0.60 | Chung, Daniel | REVISE DRAFT DEPOSITION OUTLINES. |
| 1.20 | Maloney, Mary Beth | CONFER WITH TEAM RE DISCOVERY STATUS AND PREP FOR HEARING. |
| 0.20 | Scott, Sydney A | ANALYZE AND RESPOND TO CORRESPONDENCE RE POTENTIAL COMPROMISES ON OBJECTIONS TO 30(B)(6) TOPICS. |
| 2.00 | Crain, Lee R | PREPARE FOR ORAL ARGUMENT. |
| 1.50 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE MODULES FOR HEARING PREPARATION (1); DRAFT CORRESPONDENCE REGARDING DISCOVERY STRATEGY (.5). |

| | | |
|---|---|---|
| 1.00 | Buzzard, Christine M | REVIEW AND ANALYZE "ONE-PAGER" DOCUMENTS DRAFTED BY A. SHI IN PREPARATION FOR ORAL ARGUMENT. |
| 0.30 | Buzzard, Christine M | DEVELOP STRATEGY TO ADDRESS RECENTLY ISSUED SUBPOENAS. |
| [redacted] | Simmons, Kevin M | [redacted] |
| [redacted] | Shi, Andrew A | [redacted] |
| 4.70 | Reilly, Kevin J | PREPARE NON-PARTY DISCOVERY PLAYBOOK (3.0); REVISE ONE-PAGER FOR PROTECTIVE ORDER HEARING (0.8); DRAFT SEARCH TERMS FOR JUPITER MEDICAL CENTER (0.8). |
| 1.50 | Garnick, Adam J | CONDUCT FINAL QUALITY CONTROL OF IMPUTED MEASURES PRODUCTION AND COORDINATE SERVICE OF THAT PRODUCTION (1.5). |
| 0.70 | Otoo, Mary D | DRAFT INTERROGATORY RESPONSE STATUS CHART IN PREPARATION FOR PROTECTIVE ORDER HEARING. |
| 0.50 | Togias, Iason G | CORRESPOND WITH TEAM RE DISCOVERY. |
| 0.90 | Archambeau, Karsyn | CORRESPOND WITH I. TOGAS RE: IMPUTED METRICS PRODUCTION DOCUMENTS FOR EXPERT. |

| | | |
|---|---|---|
| [redacted] | Delwiche, Noah J | [redacted] |
| 08/24/25<br>0.80 | Chung, Daniel | REVISE DRAFT DEPOSITION OUTLINES. |
| 0.40 | Maloney, Mary Beth | CONFER WITH TEAM RE STATUS OF THIRD PARTY DISCOVERY. |
| 3.60 | Crain, Lee R | PREPARE FOR ORAL ARGUMENT. |
| 1.20 | Hvidt, Scott K | DRAFT CORRESPONDENCE TO LEAPFROG REGARDING DISCOVERY DISPUTE (.7); DRAFT, REVIEW AND REVISE NONPARTY DISCOVERY TERMS (.5). |
| 1.20 | Hvidt, Scott K | DRAFT NICHOLSON DEPOSITION PREPARATION MATERIAL. |
| [redacted] | Buzzard, Christine M | [redacted] |
| 0.20 | Buzzard, Christine M | REVIEW AND REVISE DRAFT LIST OF "HARD QUESTIONS" IN PREPARATION FOR MOTION FOR PROTECTIVE ORDER ORAL ARGUMENT. |
| [redacted] | Kuntz, Andrew V | [redacted] |
| [redacted] | Shi, Andrew A | [redacted] |
| 3.90 | Reilly, Kevin J | PREPARE M. AUSTIN DEPOSITION OUTLINE. |
| [redacted] | Otoo, Mary D | [redacted] |

| | | |
|---|---|---|
| 0.60 | Togias, Iason G | CORRESPOND WITH CORNERSTONE AND TEAM RE DISCOVERY. |
| 6.80 | Delwiche, Noah J | DRAFT KAREN JUPITER DEPOSITION OUTLINE. |
| 08/25/25 | | |
| | Denerstein, Mylan L | |
| 2.80 | Chung, Daniel | INTERNAL CONFERENCES REGARDING PROTECTIVE ORDER MOTION HEARING; REVIEW SOURCE DOCUMENTS; REVISE DRAFT DEPOSITION OUTLINES |
| 4.00 | Maloney, Mary Beth | PREPARE BERGER FOR HIS DEPOSITION (2); REVISE EMAILS TO OPPOSING COUNSEL RE 30B6 TOPICS AND SEARCH TERMS (.2); PREPARE FOR HEARING WITH L. CRAIN (1); CALL WITH COUNSEL AT AETNA RE THIRD PARTY SUBPOENA AND COMMUNICATIONS WITH TEAM RE SAME (.8). |
| 2.00 | Scott, Sydney A | PREPARE FOR AND PARTICIPATE IN MOOT ARGUMENT FOR HEARING ON MOTION FOR PROTECTIVE ORDER (1.4); ANALYZE COMPROMISE ON CORPORATE REPRESENTATIVE DEPOSITIONS AND CORRESPONDENCE FROM OPPOSING COUNSEL RE SAME (.3); CORRESPOND WITH L. CRAIN AND K. SIMMONS RE SAME (.3). |
| 8.80 | Crain, Lee R | PREPARE FOR ORAL ARGUMENT, INCLUDING REVISING ARGUMENT OUTLINE, MOOTING, REVIEWING UNDERLYING MATERIALS. |

| | | |
|---|---|---|
| 1.00 | Hvidt, Scott K | DRAFT CORRESPONDENCE TO OPPOSING COUNSEL REGARDING DISCOVERY (.4); EXECUTE VARIOUS DISCOVERY STRATEGY TASKS (.6). |
| 0.40 | Hvidt, Scott K | CONFERENCE WITH J. MCFADDIN REGARDING NONPARTY DISCOVERY. |
| 1.60 | Hvidt, Scott K | PREPARE C. LEE FOR MOTION FOR PROTECTIVE ORDER HEARING (1.2); CONFERENCE WITH TEAM REGARDING STRATEGY (.4). |
| 1.10 | Hvidt, Scott K | DRAFT NICHOLSON DEPOSITION PREPARATION MATERIALS. |
| | Buzzard, Christine M | |
| 0.70 | Buzzard, Christine M | REVIEW AND REVISE WISH LIST OF POINTS TO ESTABLISH THROUGH HOSPITAL CEO TESTIMONY. |
| 0.60 | Buzzard, Christine M | REVIEW AND PROVIDE COMMENTS ON DRAFT MOTION FOR PROTECTIVE ORDER ORAL ARGUMENT MATERIALS FROM L. CRAIN. |
| 1.20 | Buzzard, Christine M | PARTICIPATE IN MOTION FOR PROTECTIVE ORDER ORAL ARGUMENT PREPARATION SESSION WITH L. CRAIN AND GIBSON TEAM MEMBERS. |

| | | |
|---|---|---|
| [redacted] | Parks, Allyson E | [redacted] |
| 0.10 | Simmons, Kevin M | DRAFT EMAIL RE INTERROGATORY RESPONSES (0.1). |
| 2.10 | Simmons, Kevin M | DRAFT EMAILS TO L. CRAIN RE OPPOSING COUNSEL EMAIL RE CORPORATE REPRESENTATIVE TOPICS (0.3); DRAFT EMAIL TO OPPOSING COUNSEL RE DEFENSIVE CORPORATE REPRESENTATIVE DEPOSITION TOPICS (1.1); DRAFT EMAIL TO L. CRAIN RE STRATEGY FOR SCHEDULING CEOS' DEPOSITIONS (0.3); DRAFT EMAIL TO B. FLOCHT RE DRAFT ORDER EXTENDING FACT DISCOVERY (0.2); DRAFT EMAIL TO OPPOSING COUNSEL AGREEING TO EXTENSION OF FACT DISCOVERY FOR CEO DEPOSITIONS (0.2). |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.60 | Kuntz, Andrew V | REVIEW LAUREN BAILEY DOCUMENTS FOR FACT DEPOSITION PREPARATION. |
| [redacted] | Kuntz, Andrew V | [redacted] |

| | | |
|---|---|---|
| | Kuntz, Andrew V | |
| | Kuntz, Andrew V | |
| | Wolf, Brandon C | |
| | Shi, Andrew A | |
| 2.10 | Reilly, Kevin J | REVIEW AND SUMMARIZE KEY DOCUMENTS REGARDING WHITE PAPER (1.4); ADVISE ON NON-PARTY DISCOVERY STRATEGY (0.7) |
| 6.20 | Garnick, Adam J | PARTICIPATE IN DEPOSITION PREPARATION SESSION WITH CONSUMER CHOICE EXPERT (2.0); PARTICIPATE IN ORAL ARGUMENT/HEARING PREPARATION SESSION (1.5); COORDINATE WITH DISCOVERY VENDORS ON HIT REPORTS AND DRAFT CORRESPONDENCE WITH OPPOSING COUNSEL ON HIT REPORTS (1.0); ORGANIZE THIRD PARTY DISCOVERY WORKSTREAM AND COORDINATE WITH TEAM ON RESPONSES (0.7); CONDUCT LEGAL RESEARCH ON FDUTPA (1.0). |
| | Togias, Iason G | |

| | | |
|---|---|---|
| 6.10 | Fischer, Alexander M | REVIEW DOCUMENTS FOR TRANCHE AGREED TO BE PROVIDED IN AMENDED INTERROGATORY RESPONSES; CONFER WITH A. GARNICK RE DOCUMENTS; REVISE INTERROGATORY RESPONSES. |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| 1.50 | Archambeau, Karsyn | REVIEW DOCUMENT PRODUCTION TO DEFENDANT RE: IMPUTED METRICS WITH A. GARNICK TO INFORM FINAL PRODUCTIONS. |
| 1.30 | Archambeau, Karsyn | REVISE NON-PARTY SUBPOENAS FOR SERVICE. |
| [redacted] | Archambeau, Karsyn | [redacted] |
| 7.70 | Delwiche, Noah J | DRAFT KAREN JUPITER DEPOSITION OUTLINE. |
| [redacted] | Delwiche, Noah J | [redacted] |
| | Wang, Laura Y | |
| | Wattenberg, Steven | |

| | | |
|---|---|---|
| 08/26/25 | | |
| 5.20 | Chung, Daniel | INTERNAL CONFERENCES REGARDING DISCOVERY STRATEGY; REVIEW COMPLAINT FOR REVISIONS; REVISE DEPOSITION OUTLINES; REVIEW EXPERT REPORTS |
| 2.80 | Maloney, Mary Beth | MEETINGS WITH L. CRAIN RE PREP FOR HEARING (.5); MEETING WITH TEAM RE THIRD PARTY DISCOVERY PROGRESS (.5); ATTEND HEARING (1); FOLLOW UP WITH TEAM REGARDING DISCOVERY SCOPE AND STRATEGY POST-HEARING (.8). |
| 1.30 | Scott, Sydney A | PREPARE FOR AND PARTICIPATE IN SENIOR LEADERSHIP CALL RE CASE STRATEGY (.5); PREPARE FOR AND PARTICIPATE IN TEAM CALL RE CASE STRATEGY (.5); CONSIDER AND OUTLINE STRATEGY ON OBJECTIONS TO 30(B)(6) TOPICS AND INTERROGATORIES IN LIGHT OF DISCOVERY HEARING (.6); CORRESPOND WITH GDC TEAM RE SAME (.2). |
| 7.50 | Crain, Lee R | PREPARE FOR AND PARTICIPATE IN ORAL ARGUMENT (5.5); OPERATIONALIZE NEXT STEPS FOLLOWING HEARING, INCLUDING REVISING DOCUMENT DISCOVER RESPONSES AND AMENDING COMPLAINT (2). |
| 0.80 | Hvidt, Scott K | WORK ON NICHOLSON EXPERT DEPOSITION PREPARATION. |
| 1.50 | Hvidt, Scott K | DRAFT CORRESPONDENCE TO OPPOSING COUNSEL (.4); DRAFT CORRESPONDENCE REGARDING STRATEGY AND TASKS (.4); EXECUTE VARIOUS DISCOVERY STRATEGY TASKS (.7). |

| | | |
|---|---|---|
| 1.00 | Hvidt, Scott K | WORK WITH CORNERSTONE REGARDING NICHOLSON DEPOSITION PREPARATION STRATEGY. |
| 1.00 | Hvidt, Scott K | PARTICIPATE IN WEEKLY TEAM STRATEGY CALLS (.5); CONFERENCE WITH TEAM REGARDING DISCOVERY STRATEGY (.5). |
| | Buzzard, Christine M | |
| | Buzzard, Christine M | |
| 0.30 | Buzzard, Christine M | PARTICIPATE IN GIBSON TEAM SENIOR SYNC CALL TO DEVELOP CASE STRATEGY. |
| | Buzzard, Christine M | |
| 0.80 | Buzzard, Christine M | ATTEND AND ANALYZE JUDGE COMMENTS AT HEARING ON MOTION FOR PROTECTIVE ORDER. |
| 0.40 | Buzzard, Christine M | ANALYZE AND SUMMARIZE KEY POINTS FROM MOTION FOR PROTECTIVE ORDER HEARING. |
| 0.80 | Buzzard, Christine M | REVIEW AND REVISE DRAFT "HARD QUESTION" RESPONSES FROM L. CRAIN IN PREPARATION FOR ORAL ARGUMENT. |
| 2.10 | Buzzard, Christine M | REVIEW AND REVISE DRAFT AMENDED COMPLAINT PREPARED BY A. SHI. |
| 0.70 | Buzzard, Christine M | PARTICIPATE IN MOTION FOR PROTECTIVE ORDER HEARING DEBRIEF AND PLANNING CALL WITH GIBSON TEAM. |

| | | |
|---|---|---|
| 0.10 | Takagaki, Marc Aaron Y | STRATEGIZE WITH D. CHUNG RE: PREPARATION FOR L. BINDER DEPOSITION. |
| [redacted] | Batista, Robert A<br>Simmons, Kevin M | [redacted] |
| 0.70 | Simmons, Kevin M | DRAFT EMAIL TO S. SCOTT RE INTERROGATORIES (0.7). |
| 2.00 | Simmons, Kevin M | HELP PREPARE FOR HEARING ON PROTECTIVE ORDER (0.8); DRAFT EMAILS RE CEO DEPOSITION PREPARATIONS (0.3); SUPPORT L. CRAIN AT PROTECTIVE ORDER HEARING REGARDING INTERROGATORIES AND CORPORATE REPRESENTATIVE TOPICS (0.6); DEBRIEF ON HEARING WITH M.B. MALONEY AND TEAM (0.1); DRAFT EMAIL RE B. FLOCH'S DRAFT MOTION FOR EXTENSION (0.2). |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.60 | Cardone, Emily A | REVIEW AND ANALYZE KEY L. BINDER AND L. BAILEY DOCUMENTS. |
| 0.30 | Cardone, Emily A | DEVELOP STRATEGY WITH N. DELWICHE RE K. JUPITER DEPOSITION. |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.40 | Kuntz, Andrew V | CONFER WITH PARTNERS REGARDING LEGAL STRATEGY. |
| [redacted] | Kuntz, Andrew V | [redacted] |

| | | |
|---|---|---|
| [redacted] | Kuntz, Andrew V | [redacted] |
| | Kuntz, Andrew V | |
| | Kuntz, Andrew V | |
| [redacted] | Shi, Andrew A | [redacted] |
| [redacted] | Reilly, Kevin J | [redacted] |
| 7.30 | Garnick, Adam J | ASSIST IN PREPARATION FOR DISCOVERY MOTION HEARING (1.0); ATTEND AND PARTICIPATE IN HEARING DEBRIEF SESSION (1.0); CONFER WITH L. CRAIN ON NEXT STEPS FOR DEFENSIVE DISCOVERY (1.0); DRAFT VARIOUS CHARTS AND TRACKERS TO COORDINATE COMPROMISE OFFERS ON DISCOVERY REQUESTS (4.3). |
| [redacted] | Togias, Iason G | [redacted] |
| 3.60 | Fischer, Alexander M | COMPILE INTERROGATORY MATERIALS RELATED TO CEO DEPOSITION PREPARATION (1.5); REVISE AMENDED/SUPPLEMENTED INTERROGATORY RESPONSES (2.1). |

| | | |
|---|---|---|
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| [redacted] | Archambeau, Karsyn | [redacted] |
| 1.20 | Archambeau, Karsyn | DRAFT SUMMARY OF TARGETED COLLECTIONS FROM CLIENT FOR DISCUSSION AND REVIEW BY M. MALONEY FOLLOWING PROTECTIVE ORDER HEARING. |
| 2.10 | Archambeau, Karsyn | REVISE DOCUMENT PRODUCTION CHART RE: HEARING ON MOTION FOR PROTECTIVE ORDER AHEAD OF MEET AND CONFER WITH OPPOSING COUNSEL. |
| 9.20 | Delwiche, Noah J | DRAFT OUTLINE FOR KAREN JUPITER DEPOSITION (8.7); CONFER WITH E. CARDONE RE THE SAME (.5). |
| [redacted] | Delwiche, Noah J | [redacted] |
| | Wang, Laura Y | |
| | Wang, Laura Y | |



**Due and Payable Upon Receipt**

| | | |
|---|---|---|
| | Varela, Eugenia | |
| | Wattenberg, Steven | |
| 08/27/25 | | |
| 4.80 | Chung, Daniel | REVISE DEPOSITION OUTLINES; REVIEW 30(B)(6) TOPICS FOR STRATEGY; REVIEW SOURCE DOCUMENTS; CONFERENCES REGARDING AMENDED COMPLAINT. |
| 3.20 | Maloney, Mary Beth | PREP BERGER FOR HIS DEPOSITION (2); REVIEW AND REVISE AMENDED COMPLAINT (.7); CONFER WITH TEAM RE DISCOVERY STRATEGY AND JURY TRIAL STRATEGY (.5). |
| 1.80 | Scott, Sydney A | PREPARE FOR AND PARTICIPATE IN TEAM CALL RE AMENDMENTS TO COMPLAINT (1.2); PREPARE FOR AND PARTICIPATE IN CALL WITH J. HANLON RE REPUTATIONAL HARM (.4); REVIEW AND ANALYZE AMENDED INTERROGATORY RESPONSES (.6). |
| 5.60 | Crain, Lee R | REVIEW AND REVISE AMENDED COMPLAINT (1.5); STRATEGIZE RE PROPOSAL ON 63 REQUESTS FOR PRODUCTION (2.5); REVIEW DEPOSITION TOPICS (.5); ATTENTION TO DEPOSITION STRATEGY (.5); STRATEGIZE RE THIRD-PARYT DISCOVERY (.5). |

| | | |
|---|---|---|
| 2.10 | Hvidt, Scott K | DRAFT CORRESPONDENCE TO OPPOSING COUNSEL (.7); DRAFT CORRESPONDENCE REGARDING DISCOVERY STRATEGY (.6); EXECUTE VARIOUS DISCOVERY STRATEGY TASKS (.8). |
| 1.00 | Hvidt, Scott K | WORK WITH TEAM REGARDING AMENDED COMPLAINT STRATEGY. |
| [redacted] | Hvidt, Scott K | [redacted] |
| 1.50 | Hvidt, Scott K | PREPARE S. NICHOLSON FOR DEPOSITION. |
| 1.00 | Buzzard, Christine M | REVIEW AND REVISE DRAFT AMENDED COMPLAINT. |
| 0.80 | Buzzard, Christine M | REVIEW AND REVISE DRAFT AMENDED COMPLAINT WITH GIBSON TEAM MEMBERS. |
| 0.20 | Buzzard, Christine M | DISCUSS RESEARCH RE: UNFAIRNESS STANDARD UNDER FLORIDA CASE LAW WITH A. SHI. |
| 0.50 | Buzzard, Christine M | REVIEW AND ANALYZE RESEARCH RE: UNFAIRNESS STANDARD UNDER FLORIDA CASE LAW. |
| [redacted] | Buzzard, Christine M | [redacted] |
| 0.70 | Simmons, Kevin M | DRAFT EMAIL TO S. SCOTT RE CEO DEPOSITIONS (0.4); WORK WITH E. CARDONE RE SCHEDULING CEO DEPOSITIONS AND PREPARATIONS (0.2); WORK ON SCHEDULING CEOS FOR DEPOSITIONS AND PREPARATIONS (0.1). |
| 1.10 | Simmons, Kevin M | WORK ON INTERROGATORIES IN LIGHT OF COURT'S COMMENTS AT HEARING (1.1). |

| | | |
|---|---|---|
| [redacted] | Cardone, Emily A | [redacted] |
| | Cardone, Emily A | |
| 0.60 | Kuntz, Andrew V | REVIEW DOCUMENTS FOR POTENTIAL INCLUSION IN ORDER OF PROOF. |
| [redacted] | Shi, Andrew A | [redacted] |
| [redacted] | Reilly, Kevin J | [redacted] |
| 6.50 | Garnick, Adam J | PARTICIPATE IN DEPOSITION PREPARATION SESSION WITH CONSUMER CHOICE EXPERT (1.5); CONFER WITH L. CRAIN ON REQUESTS FOR PRODUCTION RESPONSES (2.0); DRAFT CHARTS AND RESPONSIVE EMAILS REGARDING DISCOVERY DISPUTES (3.0). |
| 4.50 | Togias, Iason G | COORDINATE THIRD-PARTY DISCOVERY (3.0); CONFER WITH S. NICHOLSON, S. HVIDT, AND CORNERSTONE RE DEPOSITION PREPARATION (1.5). |
| 6.90 | Fischer, Alexander M | REVIEW ALL COMMUNICATIONS BETWEEN PLAINTIFF HOSPITALS AND TENET FOR AMENDED INTERROGATORY RESPONSES (5.5); REVISE AMENDED INTERROGATORY RESPONSES (1.4). |
| [redacted] | Dabanka, Elizabeth A | [redacted] |

| | | |
|---|---|---|
| 0.80 | Archambeau, Karsyn | REVIEW CHART OF UPDATED RESPONSES TO REQUESTS FOR PRODUCTION TO PREPARE FOR MEETING WITH L. CRAIN RE: SAME. |
| 5.60 | Archambeau, Karsyn | DRAFT PROPOSALS FOR CLIENT REVIEW OF FURTHER UPDATED RESPONSES TO DEFENDANT'S REQUESTS FOR PRODUCTION WITH L. CRAIN AND A. GARNICK. |
| 1.30 | Delwiche, Noah J | IDENTIFY KEY DOCUMENTS FOR ORDER OF PROOF. |
| 2.90 | Delwiche, Noah J | EDIT KAREN JUPITER DEPOSITION OUTLINE. |
| 08/28/25 | | |
| [redacted] | Chung, Daniel | [redacted] |
| 0.40 | Maloney, Mary Beth | ADDRESS MEET AND CONFER FOLLOW ON COMMUNICATIONS RE DISCOVERY ISSUES (.3); ATTEND TO AMENDED COMPLAINT APPROVAL MATTERS (.1). |
| 7.00 | Maloney, Mary Beth | PREPARED AND DEFEND EXPERT WITNESS IN DEPOSITION. |
| 0.70 | Scott, Sydney A | ANALYZE PROPOSALS ON REQUEST FOR PRODUCTION FOR MEET-AND-CONFER (.4); CORRESPOND WITH GDC TEAM RE DRAFT INTERROGATORY AMENDMENTS (.3). |

| | | |
|---|---|---|
| 1.10 | Scott, Sydney A | ANALYZE AND REVISE DRAFT SUPPLEMENTAL INTERROGATORY RESPONSES (.5); CORRESPOND WITH GDC TEAM RE SAME (.1); ANALYZE CORRESPONDENCE WITH GDC TEAM RE STRATEGY ON DEFENSIVE DISCOVERY (.2); BEGIN TO DRAFT PROPOSAL FOR MEET-AND-CONFER ON 30(B)(6) TOPICS (.3). |
| 1.50 | Crain, Lee R | REVIEW AND REVISE DISCOVERY DISPUTES CHART AND PREPARE STRATEGY FOR DISPUTE RESOLUTION. |
| 2.10 | Hvidt, Scott K | DRAFT CORRESPONDENCE REGARDING STRATEGY (.8); EXECUTE VARIOUS DISCOVERY STRATEGY TASKS (.8); DRAFT, REVIEW AND REVISE CORRESPONDENCE TO OPPOSING COUNSEL (.5). |
| 0.30 | Hvidt, Scott K | CONFERENCE WITH FLORIDA BLUE REGARDING SUBPOENA. |
| 0.50 | Hvidt, Scott K | CONFERENCE WITH DOCUMENT VENDOR REGARDING OFFENSIVE DOCUMENT REVIEW STRATEGY. |
| 1.90 | Buzzard, Christine M | EDIT AND FINALIZE AMENDED COMPLAINT FOR FILING. |
| | Buzzard, Christine M | |
| | Buzzard, Christine M | |
| | Takagaki, Marc Aaron Y | |
| | Simmons, Kevin M | |

| | | |
|---|---|---|
| [redacted] | Simmons, Kevin M | [redacted] |
| | Simmons, Kevin M | |
| 0.50 | Cardone, Emily A | DEVELOP STRATEGY WITH DOCUMENT REVIEW TEAM RE MODELING. |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.60 | Cardone, Emily A | DRAFT AND REVISE EMAIL TO OPPOSING COUNSEL RE LEAPFROG DEPOSITIONS. |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.40 | Cardone, Emily A | DEVELOP STRATEGY WITH S. HVIDT RE DOCUMENT DEFICIENCIES. |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.30 | Cardone, Emily A | COORDINATE WITH OPPOSING COUNSEL RE R. JOHNSON DEPOSITION. |
| 1.20 | Cardone, Emily A | REVIEW AND ANALYZE M. DANFORTH DOCUMENTS. |

| | | |
|---|---|---|
| [redacted] | Cardone, Emily A | [redacted] |
| | Kuntz, Andrew V | |
| 2.00 | Kuntz, Andrew V | DRAFT ORDER OF PROOF. |
| [redacted] | Shi, Andrew A | [redacted] |
| 7.80 | Garnick, Adam J | ATTEND AND ASSIST IN DEFENSE OF PROFESSOR BERGER EXPERT DEPOSITION (7.0); DRAFT EMAIL SUMMARY FOR TEAM AND CLIENT OF THE EXPERT DEPOSITION (0.75). |
| 6.70 | Togias, Iason G | COORDINATE THIRD-PARTY DISCOVERY (4.9); PREPARE FOR A. CAMPIONE DEPOSITION (0.3); PREPARE FOR S. NICHOLSON DEPOSITION (1.5). |
| 3.80 | Fischer, Alexander M | REVISE AMENDED INTERROGATORIES PER FEEDBACK FROM INTERNAL TEAM AND LOCAL COUNSEL. |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| 1.10 | Archambeau, Karsyn | CONTINUE REVISING PROPOSED RESPONSES TO DEFENSE COUNSEL'S REQUESTS FOR PRODUCTION. |
| 0.60 | Archambeau, Karsyn | REVIEW CLIENT DOCUMENTS RE: DEFENSIVE DISCOVERY. |

| | | |
|---|---|---|
| 0.40 | Delwiche, Noah J | CONFER WITH LIGHTHOUSE AND LEVEL LEGAL RE ONGOING DOCUMENT REVIEW. |
| 0.20 | Delwiche, Noah J | REVIEW DOCUMENTS AHEAD OF KAREN JUPITER DEPOSITION. |
| [redacted] | Delwiche, Noah J | [redacted] |
| 0.20 | Wang, Laura Y | STRATEGIZE RESPONSE TO LEAPFROG'S REQUESTS FOR PRODUCTION. |
| [redacted] | Varela, Eugenia | [redacted] |
| 08/29/25 [redacted] | Chung, Daniel | [redacted] |
| 1.20 | Maloney, Mary Beth | MEETING WITH CLIENT RE STATUS (.5); CONFER WITH TEAM RE DISCOVERY RESPONSES (.4); CONFER WITH TEAM RE STATUS FOR DEPOSITIONS (.3). |
| [redacted] | Yang, Betty X | [redacted] |
| 2.00 | Crain, Lee R | CONFER WITH D. CHUNG AND S. HVIDT RE DISCOVERY DISPUTES RESOLUTION (.5); REVIEW AND REVISE PROPOSED COMPROMISES FOR DOCUMENT, INTERROGATORY, AND TESTIMONY DISPUTES (1); WEEKLY CALL WITH CLIENT AND PREPARE FOR THE SAME (.5). |

| | | |
|---|---|---|
| 0.50 | Hvidt, Scott K | WORK WITH DOCUMENT VENDOR REGARDING EDISCOVERY STRATEGY. |
| [redacted] | Hvidt, Scott K | [redacted] |
| | Hvidt, Scott K | |
| 2.30 | Buzzard, Christine M | REVIEW HOT DOCS AND DEPOSITION MATERIALS IN PREPARATION FOR MOTION FOR SUMMARY JUDGMENT. |
| [redacted] | Takagaki, Marc Aaron Y | [redacted] |
| 1.50 | Simmons, Kevin M | DRAFT EMAIL TO S. SCOTT RE CEO DEPOSITIONS (1.3); WORK WITH M. TAKAGAKI ON CEO PREPARATIONS (0.2). |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.70 | Cardone, Emily A | REVIEW AND ANALYZE K. STEWART DOCUMENTS FOR DEPOSITION. |
| 1.30 | Kuntz, Andrew V | DRAFT ORDER OF PROOF. |
| 0.40 | Kuntz, Andrew V | REVISE PRIVILEGE LOG FOR AUGUST 22 DOCUMENT PRODUCTION. |
| [redacted] | Kuntz, Andrew V | [redacted] |
| [redacted] | Shi, Andrew A | [redacted] |

| | | |
|---|---|---|
| 2.00 | Garnick, Adam J | REVIEW BERGER DEPOSITION TRANSCRIPT AND CIRCULATE EMAIL FOR OTHER EXPERT DEPOSITIONS (0.5); UPDATE REQUEST FOR PRODUCTION CHART IN PREPARATION FOR MEET AND CONFER (1.5). |
| 5.20 | Togias, Iason G | PREPARE FOR DEPOSITION OF A. CAMPIONE. |
| 1.10 | Fischer, Alexander M | REVISE CLIENT-READY AMENDED INTERROGATORY RESPONSES PER DISCUSSION WITH S. SCOTT. |
| 6.80 | Fischer, Alexander M | REVISE, PREPARE FOR REVIEW, AND SPLIT FULL TEMPLATE OF INTERROGATORY RESPONSES FOR ALL PLAINTIFFS. |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| 0.60 | Archambeau, Karsyn | DISCUSS DOCUMENTS FOR PRIVILEGE LOG RE: SUBSTANTIAL PRODUCTION WITH E. DABANKA. |
| 0.10 | Archambeau, Karsyn | ORGANIZE CLIENT DOCUMENT RE: REVENUE FOR POTENTIAL PRODUCTION. |
| [redacted] | Delwiche, Noah J | [redacted] |
| 0.90 | Delwiche, Noah J | REVIEW LATEST LEAPFROG PRODUCTION FOR POTENTIAL KAREN JUPITER EXHIBITS. |
| 0.10 | Delwiche, Noah J | REVIEW CORRESPONDENCE REGARDING ONGOING DOCUMENT REVIEW AND AI MODELS. |

| | | |
|---|---|---|
| [redacted] | Delwiche, Noah J | [redacted] |
| | Varela, Eugenia | |
| 08/30/25 [redacted] | Chung, Daniel | [redacted] |
| 0.10 | Simmons, Kevin M | DRAFT EMAIL RE CEO DEPOSITIONS. |
| [redacted] | Cardone, Emily A | [redacted] |
| | Togias, Iason G | |
| 2.40 | Delwiche, Noah J | IDENTIFY POTENTIAL EXHIBITS FOR KAREN JUPITER DEPOSITION. |
| 08/31/25 1.20 | Chung, Daniel | REVIEW SOURCE DOCUMENTS; REVISE DEPOSITION OUTLINES |
| [redacted] | Parks, Allyson E | [redacted] |
| [redacted] | Grover, Monica | [redacted] |

LEAPFROG DISPUTE
64230-01116

Detail Costs/Charges:

<u>Out-of-town travel</u>
08/11/25

08/14/25

<u>Meals</u>
08/11/25

08/13/25

08/14/25

08/14/25

08/14/25

| | | |
|---|---|---|
| 08/14/25 | | |
| <u>Online research</u> | | |
| 08/04/25 | 297.86 | DELWICHE, NOAH J. 08/04/25 64230-01116 LEXIS RESEARCH |
| 08/04/25 | 291.51 | RABER, STEVEN 08/04/25 64230-01116 LEXIS RESEARCH |
| 08/05/25 | 282.26 | SCOTT, SPENCER 08/05/25 64230-01116 LEXIS RESEARCH |
| 08/06/25 | 492.66 | SCOTT, SPENCER 08/06/25 64230-01116 LEXIS RESEARCH |
| 08/20/25 | 241.45 | WOMACK, LAUREN 08/20/25 64230-01116 LEXIS RESEARCH |
| <u>Online research</u> | | |
| 08/11/25 | 240.00 | BATISTA,ROBERT A 08/11/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 08/11/25 | 600.00 | SHI,ANDREW 08/11/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 08/15/25 | 360.00 | DELWICHE,NOAH 08/15/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 08/15/25 | 598.19 | ARCHAMBEAU,KARSYN 08/15/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 08/15/25 | 240.00 | KUNTZ,ANDREW V 08/15/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 08/15/25 | 240.00 | OTOO,MARY 08/15/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 08/16/25 | 2,040.00 | SHI,ANDREW 08/16/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 08/17/25 | 1,224.10 | SHI,ANDREW 08/17/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |

| | | |
|---|---|---|
| 08/18/25 | 120.00 | SHI,ANDREW 08/18/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 08/18/25 | 590.35 | ARCHAMBEAU,KARSYN 08/18/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 08/18/25 | 360.00 | OTOO,MARY 08/18/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 08/19/25 | 840.00 | OTOO,MARY 08/19/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 08/20/25 | 240.00 | SHI,ANDREW 08/20/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 08/20/25 | 120.00 | OTOO,MARY 08/20/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 08/21/25 | 247.17 | ARCHAMBEAU,KARSYN 08/21/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 08/24/25 | 480.00 | GARNICK,ADAM J 08/24/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 08/24/25 | 1,423.68 | HVIDT,SCOTT K 08/24/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 08/25/25 | 20.90 | ARCHAMBEAU,KARSYN 08/25/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 08/25/25 | 120.00 | DABANKA,ELIZABETH 08/25/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 08/27/25 | 240.00 | SHI,ANDREW 08/27/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 08/28/25 | 120.00 | GARNICK,ADAM J 08/28/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 08/29/25 | 960.00 | SHI,ANDREW 08/29/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |

Litigation support vendors
08/26/25

**Invoice Date: September 10, 2025** **Invoice No. 2025093409**

**Due and Payable Upon Receipt**

08/28/25

08/28/25

Other professionals
08/14/25

Online research

| | | |
|---|---|---|
| 08/18/25 | 16.30 | WOLF, BRANDON C. 08/18/2025 PACER |
| 08/18/25 | 50.72 | ARCHAMBEAU, KARSYN 08/18/2025 PRACTICAL LAW US |
| 08/19/25 | 1.50 | WOLF, BRANDON C. 08/19/2025 PACER |
| 08/19/25 | 53.55 | ARCHAMBEAU, KARSYN 08/19/2025 PRACTICAL LAW US |
| 08/20/25 | 3.60 | VARELA, EUGENIA 08/20/2025 PACER |
| 08/21/25 | 48.25 | SCOTT, SPENCER E. 08/21/2025 BLOOMBERG LAW |
| 08/21/25 | 300.00 | SCOTT, SPENCER E. 08/21/2025 DOCKET ALARM |
| 08/21/25 | 5.90 | WOMACK, LAUREN ELIZABETH 08/21/2025 PACER |
| 08/21/25 | 1.60 | WOLF, BRANDON C. 08/21/2025 PACER |
| 08/22/25 | 12.90 | FISCHER, ALEXANDER MICHAEL 08/22/2025 PACER |
| 08/23/25 | 1.60 | SHI, ANDREW A. 08/23/2025 PACER |
| 08/25/25 | 1.60 | WOLF, BRANDON C. 08/25/2025 PACER |

| | | |
|---|---|---|
| 08/27/25 | 1.70 | SHI, ANDREW A. 08/27/2025 PACER |
| 08/27/25 | 2.25 | DELWICHE, NOAH J. 08/27/2025 BLOOMBERG LAW |
| 08/28/25 | 1.70 | BUZZARD, CHRISTINE M. 08/28/2025 PACER |

<u>Out-of-town travel</u>
08/06/25

08/06/25

08/06/25

08/06/25

08/10/25

<u>Out-of-town travel</u>
08/11/25

08/11/25 



08/14/25 

**GIBSON, DUNN & CRUTCHER LLP**
**200 Park Avenue**
**New York, New York 10166-0193**

**Federal Taxpayer ID** [redacted]

**October 3, 2025**

**Invoice No. 2025101682**

Ms. Nancy Troncalli
Legal Department Cost Control
Tenet HealthSystem
13737 Noel Road
Suite 100
Dallas, TX 75240

**For Services Rendered and Costs/Charges Advanced Through August 31, 2025**

| | | Services Rendered | Costs/ Charges | Totals |
|---|---|---|---|---|
| 64230-01116 | Leapfrog Dispute | $ [redacted] | $ [redacted] | $ [redacted] |
| | **Totals** | $ [redacted] | $ [redacted] | $ [redacted] |
| | **Current Balance Due** | | | $ [redacted] |

**Remit By Wire To:**
Wells Fargo Bank
333 South Grand Avenue
Los Angeles, CA 90071-1515
Name of account: Gibson, Dunn & Crutcher LLP
Account No: [redacted]
ABA No: 121000248
Attn: Treasury Department
*Please include the client number and the proper attorney to notify in the wire instructions.*

**Remit By Mail To:**
Gibson, Dunn & Crutcher LLP
PO Box 840723
Los Angeles, CA 90084-0723

Please enclose the remittance copy of this invoice with your payment in the enclosed Reply Envelope to ensure proper credit.

Please note that payments received after the invoice date are not reflected.
For assistance with your account, please contact us at 213-229-7333 or cbilling@gibsondunn.com.

**Invoice Date: October 3, 2025** **Invoice No. 2025101682**

**Due and Payable Upon Receipt**

**GIBSON, DUNN & CRUTCHER LLP**
**200 Park Avenue**
**New York, New York 10166-0193**

**Federal Taxpayer ID** [redacted]

**October 3, 2025**

**Invoice No. 2025101682**

**REMITTANCE COPY**

**To ensure proper crediting, please send this copy in the enclosed envelope.**

Ms. Nancy Troncalli
Legal Department Cost Control
Tenet HealthSystem
13737 Noel Road
Suite 100
Dallas, TX 75240

**For Services Rendered and Costs/Charges Advanced Through August 31, 2025**

| | | Services Rendered | Costs/ Charges | Totals |
|---|---|---|---|---|
| 64230-01116 | Leapfrog Dispute | $ [redacted] | $ [redacted] | $ [redacted] |
| | **Totals** | $ [redacted] | $ [redacted] | $ [redacted] |
| | **Current Balance Due** | | | $ [redacted] |

**Remit By Wire To:**
Wells Fargo Bank
333 South Grand Avenue
Los Angeles, CA 90071-1515
Name of account: Gibson, Dunn & Crutcher LLP
Account No: [redacted]
ABA No: 121000248
Attn: Treasury Department
*Please include the client number and the proper attorney to notify in the wire instructions.*

**Remit By Mail To:**
Gibson, Dunn & Crutcher LLP
PO Box 840723
Los Angeles, CA 90084-0723

Please enclose the remittance copy of this invoice with your payment in the enclosed Reply Envelope to ensure proper credit.

Please note that payments received after the invoice date are not reflected.
For assistance with your account, please contact us at 213-229-7333 or cbilling@gibsondunn.com.

**Invoice Date: October 3, 2025** **Invoice No. 2025101682**

**Due and Payable Upon Receipt**

Ms. Nancy Troncalli
Legal Department Cost Control
Tenet HealthSystem
13737 Noel Road
Suite 100
Dallas, TX 75240

LEAPFROG DISPUTE
64230-01116

---

| COSTS/CHARGES | TOTAL |
|---|---|
| DOCUMENT RETRIEVAL SERVICE | $ 381.60 |
| LODGING | |
| MEALS | |
| OUTSIDE DUPLICATION AND BINDING | |
| OUTSIDE SERVICES/CONSULTANTS | |
| SPECIALIZED RESEARCH | 157.92 |
| TRAVEL - AIR & RAIL | |
| TRAVEL - TAXI & OTHER MODES/MILES | |

**Total Costs/Charges**

**BALANCE DUE** $

LEAPFROG DISPUTE
64230-01116

---

Detail Costs/Charges:

Litigation support vendors

| | | | |
|---|---|---|---|
| 08/05/25 | 2.40 | P280 | PACER USAGE AUGUST 2025. |
| 08/18/25 | 1.30 | P280 | PACER USAGE AUGUST 2025. |
| 08/20/25 | 41.60 | P280 | PACER USAGE AUGUST 2025. |
| 08/21/25 | 8.90 | P280 | PACER USAGE AUGUST 2025. |
| 08/28/25 | 72.50 | | VENDOR: UNIVERSITY OF WISCONSIN SYSTEM DBA WISCO INVOICE#: CIV-00016001 DATE: 8/28/2025 CUST ID: CUS0014254/DOCUMENT RETRIEVAL SERVICE/ARTICLE (RUSH) (08/05/2025 - SPENCER SCOTT) |
| 08/28/25 | 55.00 | | VENDOR: UNIVERSITY OF WISCONSIN SYSTEM DBA WISCO INVOICE#: CIV-00016001 DATE: 8/28/2025 CUST ID: CUS0014254/DOCUMENT RETRIEVAL SERVICE/ARTICLE (RUSH) (08/05/2025 - SPENCER SCOTT) |
| 08/28/25 | 62.00 | | VENDOR: UNIVERSITY OF WISCONSIN SYSTEM DBA WISCO INVOICE#: CIV-00016001 DATE: 8/28/2025 CUST ID: CUS0014254/DOCUMENT RETRIEVAL SERVICE/ARTICLE (08/06/2025 - STEVEN RABER / PARKS) |
| 08/28/25 | 33.50 | | VENDOR: UNIVERSITY OF WISCONSIN SYSTEM DBA WISCO INVOICE#: CIV-00016001 DATE: 8/28/2025 CUST ID: CUS0014254/DOCUMENT RETRIEVAL SERVICE/ARTICLE (08/07/2025 - STEVEN RABER / GARNICK) |
| 08/28/25 | 104.40 | P280 | PACER USAGE AUGUST 2025. |

Out-of-town travel

| | | | |
|---|---|---|---|
| 08/14/25 | [redacted] | | [redacted] |

Meals

| | | |
|---|---|---|
| 08/13/25 | [redacted] | [redacted] |
| 08/13/25 | [redacted] | [redacted] |
| 08/14/25 | [redacted] | [redacted] |
| 08/15/25 | [redacted] | [redacted] |
| 08/15/25 | [redacted] | [redacted] |
| 08/15/25 | [redacted] | [redacted] |
| 08/15/25 | [redacted] | [redacted] |

<u>Outside printing</u>

| | | |
|---|---|---|
| 08/13/25 | [redacted] | [redacted] |

<u>Other professionals</u>

| | | |
|---|---|---|
| 08/06/25 | [redacted] | [redacted] |

08/31/25 [redacted] [redacted]

Online research
08/19/25 157.92 P280 TLO USAGE AUGUST 2025.

Out-of-town travel
08/11/25 [redacted] [redacted]

08/11/25 [redacted] [redacted]

08/11/25 [redacted] [redacted]

08/29/25 [redacted] [redacted]

Out-of-town travel
08/11/25 [redacted] [redacted]

08/14/25 [redacted] [redacted]

08/14/25 [redacted] [redacted]

08/24/25

**GIBSON, DUNN & CRUTCHER LLP**
**200 Park Avenue**
**New York, New York 10166-0193**

**Federal Taxpayer ID** [redacted]

**October 7, 2025**

**Invoice No. 2025103330**

Ms. Nancy Troncalli
Legal Department Cost Control
Tenet HealthSystem
13737 Noel Road
Suite 100
Dallas, TX 75240

**For Services Rendered and Costs/Charges Advanced Through September 30, 2025**

| | | Services Rendered | Costs/ Charges | Totals |
|---|---|---|---|---|
| 64230-01116 | Leapfrog Dispute | $ [redacted] | $ [redacted] | $ [redacted] |
| | **Totals** | $ [redacted] | $ [redacted] | $ [redacted] |
| | [redacted] | | | [redacted] |
| | **Current Balance Due** | | | [redacted] |

**Remit By Wire To:**
Wells Fargo Bank
333 South Grand Avenue
Los Angeles, CA 90071-1515
Name of account: Gibson, Dunn & Crutcher LLP
Account No: [redacted]
ABA No: 121000248
Attn: Treasury Department
*Please include the client number and the proper attorney to notify in the wire instructions.*

**Remit By Mail To:**
Gibson, Dunn & Crutcher LLP
PO Box 840723
Los Angeles, CA 90084-0723

Please enclose the remittance copy of this invoice with your payment in the enclosed Reply Envelope to ensure proper credit.

Please note that payments received after the invoice date are not reflected.
For assistance with your account, please contact us at 213-229-7333 or cbilling@gibsondunn.com.

**Invoice Date: October 7, 2025** **Invoice No. 2025103330**

**Due and Payable Upon Receipt**

**GIBSON, DUNN & CRUTCHER LLP**
**200 Park Avenue**
**New York, New York 10166-0193**

**Federal Taxpayer ID [redacted]**

**October 7, 2025**

**Invoice No. 2025103330**

**REMITTANCE COPY**

**To ensure proper crediting, please send this copy in the enclosed envelope.**

Ms. Nancy Troncalli
Legal Department Cost Control
Tenet HealthSystem
13737 Noel Road
Suite 100
Dallas, TX 75240

**For Services Rendered and Costs/Charges Advanced Through September 30, 2025**

| | | Services Rendered | Costs/ Charges | Totals |
|---|---|---|---|---|
| 64230-01116 | Leapfrog Dispute | $ [redacted] | $ [redacted] | $ [redacted] |
| | **Totals** | $ [redacted] | $ [redacted] | $ [redacted] |
| | [redacted] | | | [redacted] |
| | **Current Balance Due** | | | $ [redacted] |

**Remit By Wire To:**
Wells Fargo Bank
333 South Grand Avenue
Los Angeles, CA 90071-1515
Name of account: Gibson, Dunn & Crutcher LLP
Account No: [redacted]
ABA No: 121000248
Attn: Treasury Department
*Please include the client number and the proper attorney to notify in the wire instructions.*

**Remit By Mail To:**
Gibson, Dunn & Crutcher LLP
PO Box 840723
Los Angeles, CA 90084-0723

Please enclose the remittance copy of this invoice with your payment in the enclosed Reply Envelope to ensure proper credit.

Please note that payments received after the invoice date are not reflected.
For assistance with your account, please contact us at 213-229-7333 or cbilling@gibsondunn.com.

**Invoice Date: October 7, 2025** **Invoice No. 2025103330**

**Due and Payable Upon Receipt**

Ms. Nancy Troncalli
Legal Department Cost Control
Tenet HealthSystem
13737 Noel Road
Suite 100
Dallas, TX 75240

LEAPFROG DISPUTE
64230-01116

---

For Legal Services Rendered Through September 30, 2025 $

| NAME | HOURS | RATE |
|---|---|---|
| STEPHEN W. FACKLER | | $1,955.0 |
| DANIEL CHUNG | | 1,800.0 |
| MARY BETH MALONEY | | 1,950.0 |
| BETTY X. YANG | | 1,635.0 |
| SYDNEY A. SCOTT | | 1,635.0 |
| LEE R. CRAIN | | 1,815.0 |
| SCOTT K. HVIDT | | 1,635.0 |
| CHRISTINE M. BUZZARD | | 1,465.0 |
| ALLYSON E. PARKS | | 1,435.0 |
| BRIAN A. RICHMAN | | 1,355.0 |
| MARC AARON Y. TAKAGAKI | | 1,435.0 |
| ROBERT A. BATISTA | | 1,355.0 |
| STEPHEN J. HAMMER | | 1,355.0 |
| KEVIN M. SIMMONS | | 1,355.0 |
| EMILY A. CARDONE | | 1,240.0 |
| ANDREW V. KUNTZ | | 1,355.0 |
| MARK C. TALLEY | | 1,240.0 |
| BRANDON C. WOLF | | 1,240.0 |
| MONICA GROVER | | 1,240.0 |
| ANDREW A. SHI | | 1,240.0 |
| KEVIN J. REILLY | | 1,355.0 |
| ADAM J. GARNICK | | 1,355.0 |
| MARY D. OTOO | | 1,060.0 |
| PETER A. JACOBS | | 1,060.0 |
| IASON G. TOGIAS | | 1,060.0 |
| ALEXANDER M. FISCHER | | 950.00 |
| CHRISTIAN L. CONWAY | | 950.00 |
| ELIZABETH A. DABANKA | | 1,060.0 |
| KARSYN ARCHAMBEAU | | 1,060.0 |
| NOAH J. DELWICHE | | 950.00 |
| LAURA Y. WANG | | 1,060.0 |
| SOPHIA E. CARRASCO | | 540.00 |
| SHEILA ENRIGHT | | 405.00 |
| ROBERT S. HYDE | | 540.00 |

**Invoice Date: October 7, 2025** **Invoice No. 2025103330**

**Due and Payable Upon Receipt**

| NAME | HOURS | RATE | |
|---|---|---|---|
| STEVEN RABER | [redacted] | 405.00 | |
| VICTOR A. RIVERA | | 570.00 | |
| SPENCER E. SCOTT | | 405.00 | |
| EUGENIA VARELA | | 665.00 | |
| LAUREN E. WOMACK | | 540.00 | |
| [redacted] | | | [redacted] |
| **Total Services** | | | $[redacted] |

| COSTS/CHARGES | TOTAL | |
|---|---|---|
| DATA LINE CHARGE | $ [redacted] | |
| LODGING | [redacted] | |
| MEALS | [redacted] | |
| ON-LINE RESEARCH (WESTLAW) | 2,280.00 | |
| SUPPLIES/MATERIALS | [redacted] | |
| TRAVEL - AIR & RAIL | [redacted] | |
| **Total Costs/Charges** | | [redacted] |
| **Total Services, Costs/Charges** | | [redacted] |
| **BALANCE DUE** | | $[redacted] |

LEAPFROG DISPUTE
64230-01116

Detail Services:

09/01/25

| | | |
|---|---|---|
| 2.00 | Chung, Daniel | REVISE DEPOSITION OUTLINES (1.0); REVIEW SOURCE DOCUMENTS (1.0). |
| 0.60 | Crain, Lee R | ATTENTION TO DISCOVERY STATUS AND STRATEGY RE DEPOSITIONS AND DOCUMENT DISPUTES. |
| 0.80 | Hvidt, Scott K | EXECUTE VARIOUS DISCOVERY STRATEGY TASKS (.5); DRAFT CORRESPONDENCE REGARDING DISCOVERY STRATEGY (.3). |
| [redacted] | Parks, Allyson E | [redacted] |
| 1.00 | Simmons, Kevin M | DRAFT EMAILS TO L. CRAIN RE CEO DEPOSITION PROPOSAL. |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Kuntz, Andrew V | [redacted] |
| [redacted] | Grover, Monica | [redacted] |
| [redacted] | Dabanka, Elizabeth A | [redacted] |

| | | |
|---|---|---|
| 2.80 | Delwiche, Noah J | EDIT KAREN JUPITER DEPOSITION OUTLINE (1.8); REVIEW KEY OFFENSIVE DOCUMENT TRACKER (1.0). |
| 09/02/25 | | |
| 5.00 | Chung, Daniel | REVISE DEPOSITION OUTLINES (2.0); REVIEW SOURCE DOCUMENTS (2.0); INTERNAL CONFERENCES REGARDING STRATEGY (1.0). |
| 2.90 | Maloney, Mary Beth | STRATEGY MEETINGS WITH TEAM RE DISCOVERY AND ANSWER. |
| | Yang, Betty X | |
| | Scott, Sydney A | |
| 2.40 | Crain, Lee R | TEAM STRATEGY CALLS (1); ATTENTION TO DISCOVERY DISPUTES (1.4). |
| 3.70 | Hvidt, Scott K | DRAFT CORRESPONDENCE TO OPPOSING COUNSEL REGARDING ISSUES (.4); MANAGE KEY DOCUMENT IDENTIFICATION (.6); EXECUTE VARIOUS DISCOVERY STRATEGY TASKS (.5); DRAFT CORRESPONDENCE WITH TEAM REGARDING STRATEGY (.6); DRAFT, REVIEW AND REVISE PRIVILEGE LOG (.4); PARTICIPATE IN SENIOR STRATEGY CALL (.3); PARTICIPATE IN WEEKLY TEAM CALL (.4); WORK WITH TEAM MEMBERS REGARDING STRATEGY (.5). |

| | | |
|---|---|---|
| 1.10 | Buzzard, Christine M | COORDINATE AND DEVELOP STRATEGY FOR UPCOMING BRIEFING TEAM TASKS, INCLUDING ORDER OF PROOF REVISIONS AND MOTION FOR SUMMARY JUDGMENT DRAFTING (0.5); DISCUSS AND DEVELOP STRATEGY FOR UPCOMING MOTIONS PRACTICE WITH L. CRAIN (0.2); PARTICIPATE IN FULL GIBSON TEAM STRATEGY CALL (0.2); PARTICIPATE IN GIBSON TEAM SENIOR SYNC STRATEGY CALL (0.2). |
| [redacted] | Parks, Allyson E | [redacted] |

| | | |
|---|---|---|
| 4.60 | Takagaki, Marc Aaron Y | STRATEGIZE WITH D. CHUNG, M.B. MALONEY, E. CARDONE, AND OTHERS RE: DISCOVERY, EXPERTS, AND AMENDED COMPLAINT (.6); STRATEGIZE WITH L. CRAIN RE: DEPOSITION PREPARATION AND THIRD PARTY SUBPOENAS (.8); STRATEGIZE WITH K. ARCHAMBEAU AND N. DELWICHE RE: L. BINDER DEPOSITION OUTLINE (.4); DRAFT TASK LIST (.2); REVIEW NOTES FROM TEAM MEETINGS (.2); STRATEGIZE WITH K. SIMMONS RE: CEO DEPOSITION PREPARATION AND AMENDED INTERROGATORY RESPONSES (.6); REVIEW AND ANALYZE DRAFT PRIVILEGE LOG (.5); STRATEGIZE WITH L. DABANKA AND OTHERS RE: SAME (.2); REVIEW K. JUPITER DEPOSITION OUTLINE (.4); CONFER WITH LEVEL LEGAL, S. HVIDT AND OTHERS RE: REVIEW DOCUMENTS FOR DEPOSITION PREPARATION (.2); REVIEW CORRESPONDENCE RE: DISCOVERY (.5). |
| [redacted] | Batista, Robert A | [redacted] |
| [redacted] | Hammer, Stephen J | [redacted] |
| 1.80 | Simmons, Kevin M | DRAFT EMAILS TO M. MALONEY RE CEO DEPOSITION PROPOSAL (0.5); DRAFT EMAILS RE SCHEDULING CEO DEPOSITIONS (0.5); WORK WITH M.A. TAKAGAKI RE CEO DEPOSITIONS (0.6); WORK ON CEO DEPOSITION SCHEDULING (0.2); MEET WITH GIBSON TEAM RE CASE STATUS (0.4). |

| | | |
|---|---|---|
| 2.60 | Cardone, Emily A | DRAFT AND REVISE TASK LIST AND INTERNAL AGENDA FOR WEEKLY CALL (0.7); DEVELOP STRATEGY WITH INTERNAL TEAM RE UPCOMING DISCOVERY AND DEPOSITIONS (0.4); COORDINATE WITH L. CRAIN AND M. MALONEY RE CENTENE SUBPOENA (0.4); COORDINATE UPCOMING OFFENSIVE DEPOSITION LOGISTICS (0.5); COORDINATE WITH VENDOR RE ROMANO PRODUCTION (0.6). |
| 2.50 | Kuntz, Andrew V | DRAFT PRIVILEGE LOG FOR AUGUST 22 PRODUCTION. |
| [redacted] | Wolf, Brandon C | [redacted] |
| [redacted] | Grover, Monica | [redacted] |
| [redacted] | Shi, Andrew A | [redacted] |
| 1.50 | Garnick, Adam J | PREPARE FOR AND PARTICIPATE IN WEEKLY TEAM MEETING (0.25); RESPOND TO FACTUAL QUESTIONS DURING EXPERT DEPOSITION (0.25); PREPARE, REVISE, AND FINALIZE MASTER CHART FOR MEET AND CONFER ON VARIOUS OUTSTANDING DISCOVERY DISPUTES (1.0). |
| 5.60 | Togias, Iason G | CONFER WITH TEAM RE CASE STRATEGY (0.4); CONFER WITH A. PARKS RE THIRD-PARTY DISCOVERY (0.6); PREPARE FOR A. CAMPIONE AND S. NICHOLSON DEPOSITIONS (0.8); COORDINATE THIRD-PARTY DISCOVERY (3.8). |

| | | |
|---|---|---|
| 3.70 | Fischer, Alexander M | REVIEW AND INCORPORATE S. MONTGOMERY COMMENTS ON INTERROGATORY RESPONSE (1.0); CORRESPOND WITH S. SCOTT AND S. MONTGOMERY RE COMMENTS (.5); REVISE ALL INTERROGATORY RESPONSES (1.5); REVISE INTERROGATORY RESPONSE STATUS CHART (.7). |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| 3.50 | Archambeau, Karsyn | REVISE PROPOSED RESPONSES TO REQUESTS FOR PRODUCTION RE: MEET AND CONFER WITH OPPOSING COUNSEL FOR SAME (0.8); BEGIN REVIEWING DEPOSITION MATERIALS RE: L. BINDER AND PROPOSE SEARCH TERMS TO SUPPLEMENT DOCUMENTS FOR SAME (1.3); COLLABORATE WITH E. DABANKA RE: SOURCING DOCUMENTS FOR USE BY M. GROVER IN DEPOSITION (0.3); COORDINATE WITH M. TAKAGAKI AND N. DELWICHE RE: PREPARATION FOR DEPOSITION OF L. BINDER (0.6); STRATEGIZE WITH TEAM RE: CONTINUING DISCOVERY AND UPCOMING DEPOSITIONS (0.5). |
| 8.50 | Delwiche, Noah J | EDIT KAREN JUPITER DEPOSITION OUTLINE (7.5); CONFER WITH TEAM RE ONGOING ACTION ITEMS (0.4); CONFER WITH TEAM RE LEAH BINDER DEPOSITION (0.6). |
| [redacted] | Wang, Laura Y | [redacted] |

| | | |
|---|---|---|
| | Varela, Eugenia | |
| 09/03/25 | | |
| 3.20 | Chung, Daniel | REVISE DEPOSITION OUTLINES (1.6); REVIEW DISCOVERY STRATEGY MATERIALS (1.6). |
| 4.50 | Maloney, Mary Beth | ATTEND TO AMEND COMPLAINT ISSUES (1.5); ATTEND TO THIRD PARTY DISCOVERY (.8); REVISE CLIENT UPDATES RE DEPOS AND REVIEW TRANSCRIPTS (1.7); ADDRESS PBHN SUBPOENA STRATEGY (.5). |
| | Yang, Betty X | |
| 4.30 | Crain, Lee R | PARTICIPATE IN LENGTHY MEET AND CONFER AND PREPARE RE THE SAME (3.5); ATTENTION TO THIRD PARTY DISCOVERY (.8). |
| 5.20 | Hvidt, Scott K | WORK ON KEY DOCUMENT ISSUES (1.2); DRAFT CORRESPONDENCE TO CLIENT (.5); OVERSEE OFFENSIVE DOCUMENT REVIEW COORDINATION (.7); DRAFT CORRESPONDENCE REGARDING STRATEGY (.4); PARTICIPATE IN MEET AND CONFER WITH OPPOSING COUNSEL (2.0); COORDINATE WITH EXPERT TEAM (0.4). |

| | | |
|---|---|---|
| 4.40 | Buzzard, Christine M | DEVELOP STRATEGY AND COORDINATE KEY MATERIALS AND RESOURCES FOR MOTION FOR SUMMARY JUDGMENT DRAFTING WITH FACT AND BRIEFING TEAM MEMBERS (1.8); REVIEW AND REVISE ORDER OF PROOF DOCUMENT AND DEVELOP STRATEGY FOR FURTHER REVISION (0.6); REVIEW AND ANALYZE ANSWER TO AMENDED COMPLAINT, INCLUDING NEWLY ASSERTED AFFIRMATIVE DEFENSES (1.2); DISCUSS UPCOMING MOTION FOR SUMMARY JUDGMENT AND ADDITIONAL UPCOMING DRAFTING WORK WITH BRIEFING TEAM MEMBERS (0.6); DISCUSS CASE STATUS AND PREPARE FOR UPCOMING TASKS WITH A. GARNICK (0.2). |
| [redacted] | Parks, Allyson E | [redacted] |

| | | |
|---|---|---|
| [redacted] | Takagaki, Marc Aaron Y | [redacted] |
| 0.90 | Batista, Robert A | CONFER WITH N. DELWICHE RE RESPONSES AND OBJECTIONS TO T. GALLAGHER SUBPOENA (0.3); CONFER WITH BRIEFING TEAM RE STRATEGY FOR SUMMARY JUDGMENT MOTION (0.6). |
| [redacted] | Hammer, Stephen J | [redacted] |

| | | |
|---|---|---|
| 5.50 | Simmons, Kevin M | REVIEW SUMMARY OF CHAKURDA DEPOSITION FOR INSIGHT INTO CEO DEPOSITIONS (0.1); DRAFT EMAIL RE STRATEGY FOR LOCATION OF CEO DEPOSITIONS (0.3); MEET AND CONFER WITH OPPOSING COUNSEL RE OUTSTANDING DISCOVERY ISSUES (2.3); DEBRIEF WITH L. CRAIN, A. FISCHER ON NEXT STEPS FOR INTERROGATORY RESPONSES AND DEPOSITION TOPICS (0.9); WORK WITH S. SCOTT ON DEPOSITION PREPARATIONS (0.1); INCORPORATE COMMENTS FROM MEET AND CONFER INTO AMENDED RESPONSES AND OBJECTIONS TO INTERROGATORIES (1.8). |
| 4.70 | Cardone, Emily A | REVIEW AND REVISE SUBPOENAS FOR CIGNA AND CENTENE (0.6); DRAFT, REVISE, AND FINALIZE NOTICE OF SUBPOENA TO KAREN VAN CAULIL (0.8); REVIEW AND ANALYZE A. CAMPIONE BACKGROUND MATERIALS FOR DEPOSITION (0.7); REVIEW AND ANALYZE IMPACT PROPOSAL AND ENGAGEMENT LETTER AND COORDINATE WITH L. CRAIN AND M. MALONEY RE SAME (0.7); REVIEW AND ANALYZE ANSWER TO AMENDED COMPLAINT (0.9); DEVELOP STRATEGY WITH M. TAKAGAKI RE L. BINDER DEPOSITION (0.5); COORDINATE WITH VERITEXT RE P. ROMANO AND K. VAN CAULIL DEPOSITIONS (0.5). |
| 3.10 | Kuntz, Andrew V | DRAFT DEPOSITION OUTLINE REGARDING LAUREN BAILEY. |
| [redacted] | Talley, Mark C | [redacted] |

| | | |
|---|---|---|
| [redacted] | Wolf, Brandon C | [redacted] |
| [redacted] | Grover, Monica | [redacted] |
| [redacted] | Shi, Andrew A | [redacted] |
| 6.90 | Garnick, Adam J | PREPARE FOR AND PARTICIPATE IN MEET AND CONFER WITH OPPOSING COUNSEL (3.0); BEGIN DRAFTING MEMORIALIZATION LETTER AND CHART FOR MEET AND CONFER (2.0); REVIEW NON-PRODUCED DOCUMENTS (1.0); COORDINATE FINAL DOCUMENT COLLECTION EFFORTS (0.9). |
| 6.80 | Togias, Iason G | CONFER WITH M. B. MALONEY RE THIRD-PARTY SUBPOENAS (0.4); PREPARE CIGNA HEALTHCARE, INC. AND CENTENE CORPORATION SUBPOENAS FOR SERVICE (6.3); CORRESPOND WITH M. A. TAKAGAKI RE DEPOSITION OF L. BINDER (0.1). |

| | | |
|---|---|---|
| 5.50 | Fischer, Alexander M | REVISE, CLEAN, AND SPLIT DRAFT OF INTERROGATORY RESPONSES (4.0); PREPARE DISCOVERY MATERIALS FOR MEET AND CONFER (1.5). |
| [redacted] | Conway, Christian L | [redacted] |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| 7.30 | Archambeau, Karsyn | DRAFT UPDATES TO DAILY TASK LIST FOR TEAM (0.2); REVISE DOCUMENT TRACKER FOR BINDER DEPOSITION WITH M. TAKAGAKI (1.0); BEGIN REVISING OMNIBUS DEPOSITION OUTLINE FOR BINDER DEPOSITION (1.7); REVISE THIRD-PARTY SUBPOENAS FOR SERVICE FOR I. TOGIAS (0.7); REVIEW DEPOSITION OUTLINE AND KEY DOCUMENT TRACKER RE: DISCUSSION WITH M. TAKAGAKI FOR DEPOSITION OF L. BINDER (1.2); ANALYZE KEY DOCUMENTS RE: BINDER DEPOSITION PREPARATION (2.5). |
| 5.70 | Delwiche, Noah J | PREPARE FOR KAREN JUPITER DEPOSITION (4.9); PREPARE DEPOSITION LOGISTICS (0.8). |
| 1.80 | Wang, Laura Y | ANALYZE LEAPFROG SURVEY FOR MEASURES THAT DO NOT RELY ON SECONDARY DATA SOURCES. |
| [redacted] | Rivera, Victor A | [redacted] |

| | | |
|---|---|---|
| [redacted] | Scott, Spencer E | [redacted] |
| [redacted] | Varela, Eugenia | [redacted] |
| 09/04/25 | | |
| 3.20 | Chung, Daniel | PREPARE FOR K. JUPITER DEPOSITION (1.6); INTERNAL CONFERENCES REGARDING DISCOVERY STRATEGY (1.6). |
| 2.50 | Maloney, Mary Beth | ATTEND TO DISCOVERY AND DEPO STRATEGY. |
| [redacted] | Yang, Betty X | [redacted] |
| 0.90 | Scott, Sydney A | ANALYZE AND REVISE AMENDED RESPONSES TO REQUEST FOR INTERROGATORIES. |
| 0.80 | Crain, Lee R | ATTENTION TO DOCUMENT DISCOVERY ISSUES. |
| 5.10 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE EXPERT REPORT ANALYSIS (1.3); PREPARE FOR NICHOLSON DEPOSITION PREPARATION (.8); DRAFT CORRESPONDENCE TO OPPOSING COUNSEL (.6); DRAFT CORRESPONDENCE REGARDING DISCOVERY STRATEGY (.8); OVERSEE KEY FACT DEVELOPMENT (1.1); WORK WITH CORNERSTONE REGARDING NICHOLSON PREPARATION AND ISSUE (0.5). |

| | | |
|---|---|---|
| 5.40 | Buzzard, Christine M | REVIEW AND REVISE WITH TEAM INPUT CLIENT EMAIL SUMMARIZING KEY STRATEGY ISSUES IN LIGHT OF AMENDED ANSWER (0.5); REVIEW AND EDIT BENCH TRIAL STIPULATION DRAFT (0.4); DRAFT INSERT FOR CLIENT WEEKLY EMAIL RE: AMENDED ANSWER (0.2); REVIEW AND REVISE COURT NOTICE REQUESTING ADJOURNMENT OF UPCOMING MOTION FOR PROTECTIVE ORDER HEARING (0.6); RESEARCH AND DEVELOP STRATEGY FOR RESPONSE TO NEW AFFIRMATIVE DEFENSES IN LEAPFROG'S AMENDED ANSWER (2.1); DISCUSS ORDER OF PROOF FACT DEVELOPMENT EFFORTS AND NEXT STEPS WITH A. KUNTZ (0.3); DISCUSS PROGRESS OF MOTION FOR PROTECTIVE ORDER AND DEVELOP STRATEGY FOR ASSOCIATED TASKS WITH A. SHI (0.1); DISCUSS NEXT STEPS FOR MOTION FOR SUMMARY JUDGMENT AND RELATED STRATEGY DEVELOPMENT WITH B. WOLF AND COMPILE ASSOCIATED MATERIALS FOR B. WOLF (0.3); COORDINATE WITH FACT TEAM MEMBERS TO ACCELERATE PROGRESS ON ORDER OF PROOF DOCUMENT AND PROVIDE INPUT ON ELEMENTS OF LEGAL CLAIMS TO SUPPORT FACT DEVELOPMENT WORK (0.6); COMMUNICATE WITH BRIEFING TEAM MEMBERS REGARDING MSJ DRAFTING TIMELINE AND STRATEGY (0.3). |
| [redacted] | Parks, Allyson E | [redacted] |

| | | |
|---|---|---|
| 6.30 | Takagaki, Marc Aaron Y | REVIEW AND ANALYZE DOCUMENTS FOR L. BINDER DEPOSITION PREPARATION (2.5); STRATEGIZE WITH A. GARNICK. L. CRAIN, AND OTHERS RE: DOCUMENT COLLECTION (.2); EDIT INTERROGATORY RESPONSES (1.3); ATTEND MEETING WITH I. TOGIAS RE: THIRD PARTY SUBPOENAS AND DEPOSITION PREPARATION (.3); STRATEGIZE WITH S. SCOTT, L. CRAIN, K. SIMMONS AND OTHERS RE: INVESTIGATION FOR INTERROGATORY RESPONSES (.2); DRAFT WEEKLY CLIENT UPDATE (.6); STRATEGIZE WITH TEAM RE: SAME (.2); CONFER WITH K. SIMMONS RE: DEPOSITION PREPARATION (.4); REVIEW EXPERT REPORTS (.6). |
| | Hammer, Stephen J | |

| | | |
|---|---|---|
| 7.70 | Simmons, Kevin M | DRAFT EMAILS RE UPDATING CEO PREPARATION OUTLINE (0.5); DRAFT EMAIL TO E. DABANKA RE CEO PREPARATION OUTLINE (0.1); CALL WITH M.B. MALONEY RE PREPARING S. MONTGOMERY (0.2); CALL WITH A. FISCHER RE PREPARING S. MONTGOMERY (0.1); WORK ON CEO DEPOSITION SCHEDULING WITH M.A. TAKAGAKI (0.5); MEMORIALIZE RESULT OF MEET AND CONFER (0.5); DRAFT EMAIL TO L. CRAIN RE CEO DEPOSITION PROPOSAL TO OPPOSING COUNSEL (0.2); INCORPORATE COMMENTS FROM MEET AND CONFER INTO AMENDED RESPONSES AND OBJECTIONS TO INTERROGATORIES (3.0); FINALIZE CEO INTERROGATORIES, DRAFT EMAILS RE SAME (0.3); CALL WITH J. HANLON ON INTERROGATORY RESPONSES (0.2); ADDRESS M.A. TAKAGAKI'S COMMENTS ON INTERROGATORY RESPONSES (1.3); DRAFT EMAILS TO CEOS RE INTERROGATORIES (0.8). |
| [redacted] | Cardone, Emily A | [redacted] |
| 6.20 | Kuntz, Andrew V | DRAFT L. BAILEY DEPOSITION OUTLINE (6.0); REVIEW DOCUMENT PRODUCTION FROM ARMSTRONG INSTITUTE (0.2). |
| [redacted] | Wolf, Brandon C | [redacted] |

| | | |
|---|---|---|
| | Grover, Monica | |
| | Shi, Andrew A | |
| | Garnick, Adam J | |
| 7.90 | Togias, Iason G | CONFER WITH M. A. TAKAGAKI RE THIRD-PARTY DISCOVERY AND PREPARATION FOR L. BINDER DEPOSITION (0.3); CONFER WITH S. HVIDT AND CORNERSTONE RE S. NICHOLSON DEPOSITION (1.0); PREPARE FOR S. NICHOLSON DEPOSITION (4.6); COORINDATE THIRD-PARTY DISCOVERY (2.0). |
| 7.90 | Fischer, Alexander M | REVIEW AND INCORPORATE CEO CLIENT COMMENTS IN ALL HOSPITAL INTERROGATORY RESPONSES (2.5); REVIEW DOCUMENTS IDENTIFIED FOR NEXT PRODUCTION FOR CEO PREPARATION (3.5); PREPARE BINDER FOR M. B. MALONEY REVIEW (1.0); REVISE PREPARATION DOCUMENT FOR DISCOVERY MEET AND CONFER (0.9). |
| | Dabanka, Elizabeth A | |

| | | |
|---|---|---|
| [redacted] | Archambeau, Karsyn | [redacted] |
| 8.00 | Delwiche, Noah J | PREPARE FOR KAREN JUPITER DEPOSITION. |
| 4.10 | Wang, Laura Y | REVIEW CLIENT DOCUMENTS FOR RESPONSIVENESS TO LEAPFROG'S REQUESTS FOR PRODUCTIONS. |
| [redacted] | Rivera, Victor A | [redacted] |
| [redacted] | Varela, Eugenia | [redacted] |
| 09/05/25 | | |
| 9.00 | Chung, Daniel | PREPARE FOR AND CONDUCT K. JUPITER DEPOSITION (6.0); INTERNAL CONFERENCES REGARDING DISCOVERY STRATEGY (3.0). |

| | | |
|---|---|---|
| 6.30 | Maloney, Mary Beth | ATTEND TO STRATEGY REGARDING AMENDED ANSWER, ATTEND TO STRATEGY REGARDING UPCOMING DEPOSITIONS, CONFER WITH CLIENT RE STATUS, ADDRESS, REVIEW EXPERT REPORTS FROM LEAPFROG (4.5); PREPARE WITH TEAM FOR SHERI MONTGOMERY DEPO (1.5); ADDRESS DOCUMENT PRODUCTION CORRESPONDENCE WITH OPPOSING COUNSEL (.3). |
| | Yang, Betty X | |
| 0.70 | Scott, Sydney A | PARTICIPATE IN CALL WITH S. MONTGOMERY RE DEPOSITION (.3); CORRESPOND WITH TEAM RE SAME (.1); PREPARE FOR AND PARTICIPATE IN CALL WITH MB. MALONEY AND K. SIMONS RE DEPOSITION STRATEGY (.3). |
| 6.50 | Crain, Lee R | CONFER RE ANSWER STRATEGY (.5); STRATEGIZE RE CAMPIONE AND DANFORTH DEPOSITIONS (1); PREPARE FOR AND ATTEND CLIENT CALL (.5); ATTENTION TO DISCOVERY STRATEGY TO RESOLVE DISPUTES (1.5); CONFER WITH OPPOSING COUNSEL RE THE SAME (.5); REVIEW DOCUMENTS TO PREPARE FOR DEPOSITION (2); REVIEW OPPOSING EXPERT REPORTS (.5). |
| 2.50 | Hvidt, Scott K | PREPARE S. NICHOLSON FOR DEPOSITION. |
| 1.20 | Hvidt, Scott K | DRAFT ANALYSIS REGARDING DEFENDANT EXPERT REPORTS. |

| | | |
|---|---|---|
| 1.90 | Hvidt, Scott K | DRAFT ANALYSIS REGARDING KEY DOCUMENT APPROACH (1.2); DRAFT CORRESPONDENCE REGARDING STRATEGY (.7). |
| | Hvidt, Scott K | |
| 7.50 | Buzzard, Christine M | DEVELOP STRATEGY FOR, REVIEW, AND REVISE DRAFT NOTICE FILING SUMMARIZING REMAINING DISPUTES FOR MOTION FOR PROTECTIVE ORDER HEARING (4.8); REVIEW AND REVISE DRAFT NOTICE REFLECTING PARTIES' RESOLUTION OF DISCOVERY DISPUTES AND REQUESTING ADJOURNMENT OF MOTION FOR PROTECTIVE ORDER HEARING (0.3); REVISE AND SEND DRAFT CLIENT SUMMARY OF AMENDED ANSWER AND ASSOCIATED STRATEGY (0.1); REVIEW AND REVISE DRAFT DECLARATION SUPPORTING MOTION TO QUASH DEPOSITION OF S. SUTARIA AND ASSOCIATED RESEARCH (1.3); DISCUSS HIGH-RANKING EXECUTIVE DEPOSITION DOCTRINE AND MOTION TO QUASH DRAFT WITH L. CRAIN (0.1); DISCUSS MOTION FOR PROTECTIVE ORDER NOTICE WORKFLOWS WITH A. SHI (0.1); DISCUSS HIGH-RANKING EXECUTIVE DEPOSITION DOCTRINE AND MOTION TO QUASH DRAFT WITH C. TALLEY (0.2); DISCUSS STRATEGY TO RESPOND TO LEAPFROG'S AFFIRMATIVE DEFENSES WITH M. MALONEY, L. CRAIN, AND B. WOLF (0.4); COMMUNICATE WITH R. BATISTA RE: MOTION IN LIMINE WORKFLOWS (0.1); PARTICIPATE IN WEEKLY CLIENT UPDATE CALL (0.1). |

| | | |
|---|---|---|
| | Parks, Allyson E | |
| | Takagaki, Marc Aaron Y | |
| 1.60 | Simmons, Kevin M | ADD E. CAZARES, S. MONTGOMERY'S RESPONSES TO INTERROGATORY RESPONSES (1.6). |

| | | |
|---|---|---|
| [redacted] | Simmons, Kevin M | [redacted] |
| 4.60 | Simmons, Kevin M | EMAIL A. PARKS RE PREP MATERIALS RE EXPERTS FOR CEO DEPOSITIONS (0.1); DRAFT EMAILS HAVE PHONE CALLS TO TRY TO SWAP CEOS' DEPOSITION DATES (0.7); DRAFT EMAIL TO M.B. MALONEY RE DEPOSITION SCHEDULING (0.2); DRAFT EMAIL TO OPPOSING COUNSEL RE INTERROGATORY RESPONSES (0.6); PREPARE FOR S. MONTGOMERY DEPOSITION (0.6); REVIEW NOTES FROM PRIOR PREPARATION OF S. MONTGOMERY (0.1); MEET WITH M.B. MALONEY RE DEPOSITION PREPARATION FOR S. MONTGOMERY (0.2); WORK ON PREPARATION MATERIALS FOR S. MONTGOMERY DEPOSITION (1.4); DRAFT EMAIL TO L. CRAIN RE DEPOSITION SCHEDULING FOR CEOS (0.7). |
| 1.10 | Cardone, Emily A | DRAFT BINDER OF M. DANFORTH KEY DOCUMENTS FOR L. CRAIN (0.7); DEVELOP STRATEGY WITH L. CRAIN RE M. DANFORTH DEPOSITION (0.4) |
| [redacted] | Talley, Mark C | [redacted] |
| [redacted] | Wolf, Brandon C | [redacted] |
| [redacted] | Wolf, Brandon C | [redacted] |

| | | |
|---|---|---|
| | Wolf, Brandon C | |
| | Grover, Monica | |
| | Shi, Andrew A | |
| 1.50 | Reilly, Kevin J | REVIEW AND SUMMARIZE HARRIS REPORT. |
| 4.50 | Garnick, Adam J | COORDINATE ALL DOCUMENT COLLECTION AND PRODUCTION EFFORTS PRIOR TO POTENTIAL DISCOVERY HEARING (3.5); DRAFT EMAILS TO CLIENT AND OPPOSING COUNSEL ON DOCUMENT PRODUCTION ISSUES (1.0). |
| 11.50 | Togias, Iason G | PREPARE FOR S. NICHOLSON DEPOSITION (2.3); CONFER WITH S. NICHOLSON, S. HVIDT, A. PARKS, AND CORNERSTONE RE SAME (2.5); PREPARE FOR A. CAMPIONE DEPOSITION (2.8); CONFER WITH L. CRAIN RE SAME (0.3); CONFER WITH M. A. TAKAGAKI AND K. ARCHAMBEAU RE L. BINDER DEPOSITION (0.3); COORDINATE THIRD-PARTY DISCOVERY (2.8); CORRESPOND WITH M. B. MALONEY RE WORKSTREAMS (0.5). |

| | | |
|---|---|---|
| 9.10 | Fischer, Alexander M | REVIEW ALL DOCUMENTS IN TEN CATEGORIES TO BE PRODUCED IN UPCOMING PRODUCTION (4.0); ADD DOCUMENTS AND RED-TEAM QUESTIONS TO DEPOSITION OUTLINES FOR ALL CEOS (4.0); COMPILE DOCUMENTS INTO E-BINDER (1.1). |
| | Dabanka, Elizabeth A | |
| 9.20 | Archambeau, Karsyn | COORDINATE WITH L. WANG AND E. DABANKA RE: ORGANIZATION OF CLIENT FILES (0.2); DRAFT BEGINNING OF DAILY UPDATE FOR FOLLOWING WEEK (0.4); REVISE THIRD PARTY SUBPOENA FOR SERVICE FOR I. TOGIAS (0.2); CONTINUE REVIEWING DOCUMENTS FOR POTENTIAL USE IN BINDER DEPOSITION (2.2); CONTINUE REVIEWING UNPRODUCED DOCUMENTS RE: SUPPLEMENTAL PRODUCTION (5.7); COORDINATE WITH M. TAKAGAKI AND I. TOGIAS RE: BINDER DEPOSITION (0.5). |
| 13.00 | Delwiche, Noah J | SECOND CHAIR KAREN JUPITER DEPOSITION (9); DRAFT SUMMARY OF DEPOSITION AND FOLLOW UP DISCOVERY ITEMS (4). |
| 0.80 | Wang, Laura Y | REVIEW DOCUMENTS FOR RESPONSIVENESS TO LEAPFROG REQUESTS FOR PRODUCTION. |
| 0.50 | Wang, Laura Y | REVISE DECLARATION AND EXHIBITS IN SUPPORT OF MOTION. |

| | | | |
|---|---|---|---|
| [redacted] | | Varela, Eugenia | [redacted] |
| 09/06/25 | | | |
| | 2.00 | Chung, Daniel | REVIEW MATERIALS FOR L. BAILEY DEPOSITION. |
| | 1.50 | Maloney, Mary Beth | CONFER WITH TEAM RE SCHEDULE AND STRATEGY FOR DEPOS (.7); REVISE JUPITER DEPOSITION SUMMARY AND REVIEW TRANSCRIPT OF SAME FOR ADDITIONAL DISCOVERY (.8). |
| | 1.00 | Crain, Lee R | REVIEW LEAPFROG'S FOUR EXPERT REPORTS. |
| | 1.00 | Crain, Lee R | DRAFT AND REVISE MULTIPLE TRANSMITTALS TO OPPOSING COUNSEL RE DISCOVERY DISPUTES AND DEPOSITION SCHEDULE. |
| | 0.60 | Hvidt, Scott K | DRAFT CORRESPONDENCE REGARDING STRATEGY. |
| | 0.30 | Hvidt, Scott K | CONFERENCE WITH L. CRAIN REGARDING STRATEGY. |
| | 0.50 | Buzzard, Christine M | DEVELOP STRATEGY FOR RESPONSE TO AFFIRMATIVE DEFENSES ASSERTED IN LEAPFROG AMENDED ANSWER WITH GIBSON TEAM MEMBERS. |
| | 2.10 | Buzzard, Christine M | DEVELOP STRATEGY FOR, REVIEW, AND REVISE DRAFT MOTION TO QUASH DEPOSITION OF S. SUTARIA. |
| [redacted] | | Parks, Allyson E | [redacted] |

| | | |
|---|---|---|
| 1.30 | Takagaki, Marc Aaron Y | EMAIL CORRESPONDENCE WITH K. SIMMONS AND LOCAL COUNSEL RE: DEPOSITION PREPARATION (.1); REVIEW SUMMARY OF K. JUPITER DEPOSITION (.2); ORGANIZE AND MANAGE CASE FILES (.1); CONFER WITH ASSOCIATE TEAM RE: SAME (.1); REVIEW AND ANALYZE DEPOSITION TRANSCRIPTS (.8). |
| | Simmons, Kevin M | |
| 5.10 | Kuntz, Andrew V | DRAFT L. BAILEY OFFENSIVE FACT DEPOSITION OUTLINE. |
| 2.00 | Garnick, Adam J | REVIEW HUNDREDS OF DOCUMENTS FOR CLEAN UP PRODUCTION (2.0). |
| 1.80 | Togias, Iason G | COORDINATE THIRD-PARTY DISCOVERY (0.4); COMPOSE OUTLINE FOR DEPOSITION OF A. CAMPIONE (1.4). |
| 1.30 | Archambeau, Karsyn | CONTINUE REVIEWING UNPRODUCED DOCUMENTS FOR SUPPLEMENTAL PRODUCTION. |
| 2.40 | Archambeau, Karsyn | BEING DRAFTING DEPOSITION QUESTIONS FOR BINDER DEPOSITION RE: DOCUMENTS COLLECTED. |
| 2.00 | Delwiche, Noah J | ANALYZE DOCUMENTS FOR USE IN KUSH BANERJEE DEPOSITION. |
| 1.60 | Delwiche, Noah J | PREPARE FOR KUSH BANERJEE DEPOSITION. |

| | | |
|---|---|---|
| 09/07/25 | | |
| 1.80 | Chung, Daniel | INTERNAL CONFERENCES REGARDING DISCOVERY STRATEGY (.9); REVIEW DEPOSITION PREPARATION MATERIALS (.9). |
| 2.50 | Maloney, Mary Beth | PREP FOR LEAPFROG DEPOS WITH TEAM. |
| 8.00 | Crain, Lee R | EXTENSIVE NEGOTIATIONS WITH OPPOSING COUNSEL AND CONFERRAL WITH CLIENT TO RESOLVE DISCOVERY DISPUTES (3); REVISE INTERROGATORIES (1.5); REVIEW DOCUMENTS FOR A. CAMPIONE DEPOSITOIN STRATEGY (3.5). |
| 0.60 | Hvidt, Scott K | PREPARE FOR NICHOLSON DEPOSITION. |
| 1.30 | Hvidt, Scott K | DRAFT CORRESPONDENCE TO OPPOSING COUNSEL (.5); DRAFT CORRESPONDENCE REGARDING STRATEGY (.4); OVERSEE KEY DOCUMENT IDENTIFICATION (.4). |
| 0.50 | Hvidt, Scott K | WORK WITH TEAM REGARDING DEPOSITION STRATEGY. |
| 0.30 | Buzzard, Christine M | COMMUNICATE RE: NEEDED WORK ON ORDER OF PROOF WITH L. CRAIN AND OTHERS. |
| 0.20 | Buzzard, Christine M | PREPARE DRAFT NOTICE REQUESTING ADJOURNMENT OF MOTION FOR PROTECTIVE ORDER HEARING. |
| 1.00 | Buzzard, Christine M | REVIEW AND REVISE DRAFT RESEARCH RE: ELEMENTS OF OUR CLAIM FOR ORDER OF PROOF AND DEPO OUTLINES. |
| 0.20 | Buzzard, Christine M | PARTICIPATE IN GIBSON TEAM CALL DEVELOPING STRATEGY FOR UPCOMING OFFENSIVE DEPOSITIONS. |

| | | |
|---|---|---|
| | Buzzard, Christine M | |
| 0.60 | Takagaki, Marc Aaron Y | DRAFT OUTLINE FOR L. BINDER DEPOSITION (.2); STRATEGIZE WITH L. CRAIN, D. CHUNG, C. BUZZARD AND OTHERS RE: DEPOSITION PREPARATION (.4). |
| 1.30 | Simmons, Kevin M | ADDRESS L. CRAIN COMMENTS IN INTERROGATORY RESPONSES (1.3). |
| 2.10 | Kuntz, Andrew V | ANALYZE ADDITIONAL LAUREN BAILEY DOCUMENTS FOR POTENTIAL USE IN OFFENSIVE FACT DEPOSITION. |
| | Talley, Mark C | |
| 5.60 | Reilly, Kevin J | CONDUCT DOCUMENT REVIEW REGARDING ARMSTRONG INSTITUTE. |
| 8.50 | Garnick, Adam J | CREATE OMNIBUS CHART WITH RESPONSES TO OPPOSING COUNSEL REGARDING DISCOVERY REQUESTS (4.0); CONTINUE TO CONDUCT SECOND LEVEL REVIEW OF ALL DOCUMENTS FOR A POTENTIAL CLEANUP PRODUCTION (4.0); DRAFT VARIOUS CORRESPONDENCE TO OPPOSING COUNSEL (0.5). |
| 8.60 | Togias, Iason G | PREPARE FOR A. CAMPIONE DEPOSITION. |

| | | |
|---|---|---|
| 6.40 | Fischer, Alexander M | REVISE AMENDED INTERROGATORY RESPONSES PER COMMENTS FROM L. CRAIN, K. SIMMONS, AND A. GARNICK AND CROSS-CHECK ALL RESPONSES (6.1); CONFER WITH L. CRAIN RE REVISED RESPONSES (.3) |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| [redacted] | Archambeau, Karsyn | [redacted] |
| 0.60 | Archambeau, Karsyn | ANALYZE DOCUMENTS FROM CLIENT RE: CORRESPONDENCE WITH UNION FOR SUPPLEMENTAL DOCUMENT PRODUCTION. |
| 0.40 | Archambeau, Karsyn | COORDINATE WITH A. GARNICK RE: SUPPLEMENTAL DOCUMENT PRODUCTION. |
| [redacted] | Archambeau, Karsyn | [redacted] |
| 0.80 | Archambeau, Karsyn | REVIEW DEPOSITION TRANSCRIPT FOR CROSS-REFERENCE WITH BINDER DEPOSITION. |
| 0.20 | Delwiche, Noah J | CONFER WITH I. TOGIAS RE DOCUMENT REVIEW FOR A. CAMPIONE DEPOSITION. |

| | | |
|---|---|---|
| 1.90 | Delwiche, Noah J | DRAFT RESPONSES AND OBJECTIONS FOR TIMOTHY GALLAGHER SUBPOENA. |
| 09/08/25 | | |
| 7.00 | Chung, Daniel | PREPARE FOR L. BAILEY AND K. BANERJEE DEPOSITIONS (3.0); INTERNAL CONFERENCES REGARDING DISCOVERY STRATEGY (2.0); REVIEW DRAFT ORDER OF PROOF AND SOURCE DOCUMENTS (2.0). |
| [redacted] | Maloney, Mary Beth | [redacted] |
| [redacted] | Yang, Betty X | [redacted] |
| 0.20 | Scott, Sydney A | CORRESPOND WITH TEAM RE AMENDED RESPONSES TO REQUEST FOR INTERROGATORIES. |
| [redacted] | Crain, Lee R | [redacted] |
| 0.50 | Hvidt, Scott K | DRAFT SUMMARY REGARDING EXPERT DEPOSITION. |
| 0.80 | Hvidt, Scott K | CONFERENCE WITH TEAM MEMBERS REGARDING STRATEGY AND TASKS. |

| | | |
|---|---|---|
| 1.70 | Hvidt, Scott K | DRAFT CORRESPONDENCE TO OPPOSING COUNSEL REGARDING DISCOVERY (.5); MANAGE KEY DOCUMENT IDENTIFICATION (.7); DRAFT CORRESPONDENCE REGARDING STRATEGY (.5). |
| 7.50 | Hvidt, Scott K | PREPARE AND DEFEND PROFESSOR NICHOLSON DEPOSITION. |
| 1.40 | Buzzard, Christine M | REVIEW AND REVISE STRUCTURE OUTLINE AND BROADER ORDER OF PROOF DRAFT PREPARED BY E. DABANKA. |
| 1.90 | Buzzard, Christine M | REVIEW AND REVISE DOCUMENT SUMMARIZING LEGAL RESEARCH RE: THE ELEMENTS OF THE FDUTPA CLAIM AND LEAPFROG'S ASSERTED AFFIRMATIVE DEFENSES. |
| 0.50 | Buzzard, Christine M | DISCUSS ORDER OF PROOF AND DEVELOP DEPOSITION STRATEGY WITH L. CRAIN, M. TAKAGAKI, A. KUNTZ, B. WOLF, AND E. DABANKA. |
| 0.50 | Buzzard, Christine M | REVISE AND FINALIZE DRAFT NOTICE AND BENCH TRIAL STIPULATION FOR FILING. |
| [redacted] | Parks, Allyson E | [redacted] |

| | | |
|---|---|---|
| 6.50 | Takagaki, Marc Aaron Y | REVIEW AND ANALYZE DOCUMENTS FOR L. BINDER DEPOSITION (.6); CONFER WITH M. OTOO, K. ARCHAMBEAU AND OTHERS RE: SAME (.4); STRATEGIZE WITH C. BUZZARD, L. CRAIN, AND OTHERS RE: ORDER OF PROOF (.5); REVIEW DOCUMENTS CITED IN DEFENDANT'S EXPERT REPORTS (.5); STRATEGIZE WITH M. OTOO RE: L. BINDER DEPOSITION PREPARATION (.4); EMAIL CORRESPONDENCE RE: THIRD PARTY SUBPOENA TO AETNA (.1); REVIEW AND ANALYZE ESI DOCUMENTS (1.8); ATTEND MEETING WITH R. WEST RE: HOSPITAL DATA (.3); DRAFT L. BINDER DEPOSITION OUTLINE (1.0); STRATEGIZE WITH L. CRAIN RE: INTERROGATORY RESPONSES (.1); EMAIL CORRESPONDENCE WITH E. CAZARES AND OTHERS RE: INTERROGATORY RESPONSES (.2); COORDINATE COLLECTION OF DOCUMENTS FROM R. WEST AND OTHERS (.4); DRAFT CASE SCHEDULE UPDATE TO CLIENT (.2). |
| 4.00 | Simmons, Kevin M | ADDRESS L. CRAIN COMMENTS IN INTERROGATORY RESPONSES (0.4); WORK ON FINALIZING INTERROGATORY RESPONSES, INCLUDING DRAFTING EMAILS AND CALLING CEOS AND INCORPORATING FINAL EDITS (3.6). |
| 1.00 | Simmons, Kevin M | DRAFT EMAIL TO OPPOSING COUNSEL RE DEPOSITION SCHEDULING (0.2); DRAFT EMAILS AND CALL RE S. MONTGOMERY DEPOSITION AND PREPARATION (0.2); WORK ON CEO DEPOSITION PREPARATION OUTLINE (0.4); DRAFT EMAIL TO TEAM RE CEO-RELATED UPDATES (0.2). |

| | | |
|---|---|---|
| 1.20 | Cardone, Emily A | REVIEW AND ANALYZE KEY A. CAMPIONE DOCUMENTS FOR M. DANFORTH DEPOSITION. |
| 0.70 | Cardone, Emily A | REVIEW AND ANALYZE S. NICHOLSON TRANSCRIPT. |
| 0.60 | Cardone, Emily A | REVIEW AND REVISE KEY DOCUMENT TRACKER. |
| 0.70 | Cardone, Emily A | REVIEW AND ANALYZE WHITEPAPER DOCUMENTS FOR M. DANFORTH DEPOSITION. |
| 1.70 | Cardone, Emily A | REVIEW AND ANALYZE K. JUPITER TRANSCRIPT AND EXHIBITS FOR M. DANFORTH DEPOSITION. |
| 1.80 | Kuntz, Andrew V | REVIEW K. JUPITER DEPOSITION TRANSCRIPT FOR POTENTIAL REVISIONS TO L. BAILEY DEPOSITION OUTLINE. |
| 0.40 | Kuntz, Andrew V | REVISE SUMMARY OF FLORIDA CONSUMER PROTECTION CASELAW. |
| 5.80 | Kuntz, Andrew V | DRAFT L. BAILEY OFFENSIVE FACT DEPOSITION OUTLINE. |
| | Talley, Mark C | |

| | | |
|---|---|---|
| | Wolf, Brandon C | |
| | Wolf, Brandon C | |
| | Wolf, Brandon C | |
| | Grover, Monica | |
| | Shi, Andrew A | |
| 11.10 | Reilly, Kevin J | PREPARE FOR AND ATTEND S. NICHOLSON DEPOSITION (7.3); PREPARE KEY TAKEAWAY SUMMARY (1.2); REVISE M. AUSTIN DEPOSITION OUTLINE (2.6). |

| | | |
|---|---|---|
| 11.50 | Garnick, Adam J | CONFER WITH VARIOUS TEAM MEMBERS REGARDING DEFENSIVE DISCOVERY ISSUES (1.5); PARTICIPATE IN MEETING WITH TEAM REGARDING PRIVILEGE CALLS ON SUPPLEMENTAL PRODUCTIONS (3.0); CONDUCT EXTENSIVE SECOND LEVEL REVIEW OF ALL DOCUMENTS CONCERNING LEAPFROG IN PREPARATION FOR SUPPLEMENTAL PRODUCTION (6.0); PARTICIPATE IN CALLS WITH CLIENT CONTACTS REGARDING DOCUMENT COLLECTION (1.0). |
| 0.50 | Otoo, Mary D | MEET WITH M.A. TAKAGAKI REGARDING LEAH BINDER DEPOSITION PREPARATION. |
| 4.80 | Otoo, Mary D | ANALYZE RELEVANT DOCUMENTS FOR LEAH BINDER DEPOSITION PREPARATION. |
| 3.70 | Otoo, Mary D | CONDUCT PRIVILEGE REVIEW AND QUALITY CONTROL CHECK OF DOCUMENTS FOR PRODUCTION. |
| 0.40 | Otoo, Mary D | MEET WITH A. GARNICK, E. DABANKA, K. ARCHAMBEAU, AND L. WANG REGARDING TARGETED DOCUMENT COLLECTIONS. |
| 1.90 | Otoo, Mary D | MEET WITH A. GARNICK, M. A. TAKAGAKI, L. WANG, K. ARCHAMBEAU, E. DABANKA, AND L. CRAIN REGARDING ESI DOCUMENT PRODUCTION. |
| 10.20 | Togias, Iason G | COORDINATE THIRD-PARTY DISCOVERY (0.7); PREPARE FOR A. CAMPIONE DEPOSITION (9.5). |
| 6.40 | Fischer, Alexander M | REVISE PALM BEACH GARDENS INTERROGATORY PER E. CAZARES COMMENTS (.5); REVISE AND REDLINE ALL INTERROGATORY RESPONSES, PREPARE TO SERVE, AND SERVE (5.9). |

| | | |
|---|---|---|
| | Dabanka, Elizabeth A | |
| 0.30 | Archambeau, Karsyn | COLLECT DOCUMENTS FOR I. TOGIAS RE: EXPERT REPORT. |
| 1.60 | Archambeau, Karsyn | COLLABORATE WITH A. GARNICK, M. OTOO, E. DABANKA, L. CRAIN, AND M. TAKAGAKI RE: RESPONSIVENESS OF SUPPLEMENTAL CLEAN-UP PRODUCTION. |
| 5.90 | Archambeau, Karsyn | CONTINUE ANALYZING DOCUMENTS IN CLEAN-UP PRODUCTION FOR RESPONSIVENESS AND PRIVILEGE AND PREPARE SAME FOR PRODUCTION WITH A. GARNICK. |
| 2.60 | Archambeau, Karsyn | CONTINUE DRAFTING DEPOSITION OUTLINE WITH M. OTOO AND COLLECTING DOCUMENTS TO SUPPORT SAME. |
| | Archambeau, Karsyn | |

| | | |
|---|---|---|
| 7.10 | Delwiche, Noah J | UPDATE OFFENSIVE DOCUMENT TRACKER (2); PREPARE FOR KUSH BANERJEE DEPOSITION (5.1). |
| 3.90 | Wang, Laura Y | REVIEW CLIENT MEETING MINUTES FOR RESPONSIVENESS. |
| [redacted] | Wang, Laura Y | [redacted] |
| [redacted] | Enright, Sheila | [redacted] |
| [redacted] | Varela, Eugenia | [redacted] |
| 09/09/25<br>7.20 | Chung, Daniel | INTERNAL CONFERENCES REGARDING UPDATES (3.0); REVIEW DEPOSITION OUTLINES (1.0); PREPARE FOR L. BAILEY DEPOSITION (3.2) |
| 3.20 | Maloney, Mary Beth | REVISE MOTION TO QUASH CEO SUBPOENA (.5); MEETING WITH TEAM RE STATUS OF DISCOVERY (.5); MEETING WITH TEAM RE CEO DEPOSITIONS AND STRATEGY (1.8); REVIEW OF PRIVILEGED DOCUMENTS (.4). |

| | | |
|---|---|---|
| [redacted] | Yang, Betty X | [redacted] |
| 9.80 | Crain, Lee R | PREPARE FOR DEPOSITION, INCLUDING REVIEWING KEY DEPOSITION DOCUMENTS, AND REVISING OUTLINES, AND CALLS WITH TEAM (7); ATTENTION TO DOCUMENT DISCOVERY ISSUES AND FINALIZATION OF PRODUCTIONS, COLLECTIONS, AND KEY CLIENT INFORMATION RE PRIVILEGE AND RESPONSIVENESS (2.8). |
| 1.40 | Hvidt, Scott K | CONFERENCE WITH SENIOR TEAM REGARDING STRATEGY (.5); CONFERENCE WITH TEAM REGARDING DISCOVERY STRATEGY (.5); WORK WITH TEAM MEMBERS REGARDING VARIOUS STRATEGY QUESTIONS (.4). |
| 2.80 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE DEPOSITION OUTLINES. |
| 1.40 | Hvidt, Scott K | OVERSEE KEY DOCUMENT IDENTIFICATION. |
| [redacted] | Hvidt, Scott K | [redacted] |
| 0.30 | Buzzard, Christine M | SUGGEST DEPOSITION QUESTIONS DESIGNED TO SUPPORT MOTION TO QUASH ARGUMENTS. |
| [redacted] | Buzzard, Christine M | [redacted] |

| | | |
|---|---|---|
| [redacted] | Buzzard, Christine M | [redacted] |
| [redacted] | Buzzard, Christine M | [redacted] |
| 1.10 | Buzzard, Christine M | REVIEW AND SUPPLEMENT RESEARCH ON GOOD FAITH AFFIRMATIVE DEFENSE TO INFORM DEPOSITION STRATEGY. |
| 2.50 | Buzzard, Christine M | REVIEW AND REVISE STRUCTURE OUTLINE AND BROADER ORDER OF PROOF DRAFT PREPARED BY E. DABANKA. |
| [redacted] | Buzzard, Christine M | [redacted] |
| 0.50 | Buzzard, Christine M | DISCUSS UPCOMING MOTIONS IN LIMINE AND STRATEGY FOR SAME WITH R. BATISTA. |
| [redacted] | Buzzard, Christine M | [redacted] |
| [redacted] | Buzzard, Christine M | [redacted] |
| [redacted] | Buzzard, Christine M | [redacted] |
| [redacted] | Buzzard, Christine M | [redacted] |
| 0.50 | Buzzard, Christine M | REVIEW AND COMMENT ON DRAFT MOTION TO QUASH. |

| | | |
|---|---|---|
| 1.50 | Buzzard, Christine M | DEVELOP STRATEGY FOR MOTIONS FILING DATES AND ARGUMENTS, INCLUDING IN CONSULTATION WITH LOCAL COUNSEL. |
| 6.40 | Takagaki, Marc Aaron Y | EMAIL CORRESPONDENCE RE: PRIVILEGE ANALYSIS (.2); COORDINATE DOCUMENT COLLECTION (.2); CONFER WITH I. TOGIAS RE: THIRD PARTY SUBPOENAS (.1); STRATEGIZE WITH M.B. MALONEY, D. CHUNG, AND OTHERS RE: DISCOVERY AND EXPERTS (.5) ATTEND TEAM MEETING RE: CASE STATUS(.6); STRATEGIZE WITH K. SIMMONS AND OTHERS RE: PREPARATION FOR CEO DEPOSITIONS (.6); COORDINATE RESPONSES AND OBJECTIONS TO PBHN AND BOARD COMMITTEE SUBPOENAS (.2); STRATEGIZE WITH L. CRAIN, M. OTOO, AND OTHERS RE: PRODUCTION OF BOARD, COMMITTEE DOCUMENTS, SUBPOENA RESPONSES, AND DEPOSITION PREPARATION (1.1); CONFER WITH M.B. MALONEY RE: CASE STATUS (.3); DRAFT CORRESPONDENCE TO LEVEL LEGAL RE: DOCUMENT REVIEW (.2); CONFER WITH S. HVIDT RE: PRIVILEGED DOCUMENTS (.1); ATTEND MEETING WITH M.B. MALONEY, L. CRAIN, RE: CEO DEPOSITIONS (.8); REVIEW AND ANALYZE THIRD PARTY SUBPOENAS (.4); CONFER WITH L. CRAIN RE: RESPONSES AND OBJECTIONS TO SAME (.4); DRAFT PRODUCTION COVER LETTER (.1); CONFER WITH OPPOSING COUNSEL RE: DOCUMENT PRODUCTION (.1); REVIEW AND ANALYZE DOCUMENTS FOR L. BINDER DEPOSITION (.5). |

| | | |
|---|---|---|
| 0.50 | Batista, Robert A | CONFER WITH K. SIMMONS RE ONE-PAGER ON PRIVILEGE ISSUES IN CONTEXT OF PUBLIC-RELATIONS COMMUNICATIONS. |
| 0.80 | Batista, Robert A | CONFER WITH C. BUZZARD RE STRATEGY FOR MOTIONS IN LIMINE AND DAUBERT MOTIONS. |
| 2.70 | Batista, Robert A | REVISE RESPONSES AND OBJECTIONS TO T. GALLAGHER SUBPOENA. |
| [redacted] | Hammer, Stephen J | [redacted] |
| 11.20 | Simmons, Kevin M | WORK ON CEO DEPOSITION PREPARATION OUTLINE (6.9); CALLS WITH L. CRAIN, S. HVIDT, M.A. TAKAGAKI, A. FISCHER RE CEO DEPOSITION PREPARATION OUTLINES (1.4); WEEKLY TEAM STATUS MEETING (0.3); RESEARCH DOCUMENTS TO INCLUDE IN DEPOSITION PREPARATION OUTLINE (1.5); MEET WITH M.B. MALONEY RE KEY SENSITIVE AREAS TO GUARD AGAINST FOR DEPOSITION PREPARATIONS (0.6); WORK WITH A. FISCHER RE DEPOSITION PREPARATION OUTLINE (0.5). |
| 4.60 | Cardone, Emily A | REVIEW AND ANALYZE KEY M. DANFORTH DOCUMENTS FOR DEPOSITION. |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |

| | | |
|---|---|---|
| 0.80 | Cardone, Emily A | REVIEW AND REVISE RESPONSES AND OBJECTIONS TO GALLAGHER SUBPOENA. |
| 0.30 | Cardone, Emily A | REVIEW AND REVISE K. VAN CAULIL SUBPOENA. |
| 0.50 | Kuntz, Andrew V | REVIEW LEAPFROG'S THIRD-PARTY SUBPOENA TO SCALE. |
| 1.70 | Kuntz, Andrew V | ANALYZE CURA DOCUMENT PRODUCTION FOR USE IN LAUREN BAILEY DEPOSITION. |
| 4.30 | Kuntz, Andrew V | DRAFT LAUREN BAILEY DEPOSITION QUESTIONS REGARDING ROLE OF EXPERT PANEL. |
| [redacted] | Kuntz, Andrew V | [redacted] |
| [redacted] | Wolf, Brandon C | [redacted] |
| [redacted] | Wolf, Brandon C | [redacted] |
| [redacted] | Grover, Monica | [redacted] |
| [redacted] | Shi, Andrew A | [redacted] |
| [redacted] | Reilly, Kevin J | [redacted] |

| | | |
|---|---|---|
| 8.00 | Garnick, Adam J | PREPARE FOR AND PARTICIPATE IN WEEKLY TEAM MEETING (0.75); DRAFT VARIOUS CHARTS AND CORRESPONDENCE TO TEAM OUTLINING SUPPLEMENTAL PRODUCTION (2.5); COORDINATE AND HELP OVERSEE REVIEW WITH THIRD-PARTY VENDORS (1.5); CONDUCT SECOND LEVEL REVIEW AND QUALITY CONTROL OF PRODUCTION PRIOR TO SERVICE (3.25). |
| 3.30 | Otoo, Mary D | CONDUCT PRIVILEGE REVIEW OF DOCUMENTS FOR PRODUCTION. |
| 5.70 | Otoo, Mary D | DRAFT LEAH BINDER DEPOSITION OUTLINE. |
| | Otoo, Mary D | |
| 12.40 | Togias, Iason G | PREPARE FOR A. CAMPIONE DEPOSITION. |
| 13.70 | Fischer, Alexander M | COORDINATE DEPOSITION LOCATION SPACE (.5); INCORPORATE DOCUMENTS INTO CEO PREPARATION OUTLINE AS DIRECTED BY DOCUMENT-DISCOVERY TEAM (1.0); CONFER WITH FULL TEAM RE NEXT STEPS (.5); CONFER WITH DEPOSITION TEAM RE DEPOSITION STRATEGY (.5); REVISE, INDEX, AND FINALIZE ALL DOCUMENTS FOR ALL CEOS AND FOR S. MONTGOMERY, CORRESPONDING WITH K. SIMMONS (11.7). |

| | | |
|---|---|---|
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| 7.10 | Archambeau, Karsyn | CONTINUE DRAFTING DEPOSITION OUTLINE FOR LEAH BINDER RE: QUESTIONS ON KEY DOCUMENTS. |
| 1.60 | Archambeau, Karsyn | ANALYZE CLIENT DOCUMENTS RE: UNION COMMUNICATIONS FOR RESPONSIVENESS. |
| 0.60 | Archambeau, Karsyn | STRATEGIZE WITH DOCUMENT PRODUCTION TEAM AND L. CRAIN RE: PRIVILEGE CALLS. |
| 0.20 | Archambeau, Karsyn | COLLECT AND CIRCULATE IMPUTED METRICS WORK PRODUCT FOR DEPOSITION PREPARATION. |
| [redacted] | Archambeau, Karsyn | [redacted] |

| | | |
|---|---|---|
| [redacted] | Archambeau, Karsyn | [redacted] |
| 0.20 | Archambeau, Karsyn | REVIEW CORRESPONDENCE RE: PREPARING DOCUMENTS FOR PRODUCTION AND DISCUSS ALIGNMENT ON SAME WITH A. GARNICK. |
| [redacted] | Archambeau, Karsyn | [redacted] |
| [redacted] | Delwiche, Noah J | [redacted] |
| [redacted] | Delwiche, Noah J | [redacted] |
| [redacted] | Delwiche, Noah J | [redacted] |
| [redacted] | Delwiche, Noah J | [redacted] |
| [redacted] | Delwiche, Noah J | [redacted] |
| 2.90 | Delwiche, Noah J | REVIEW KUSH BANERJEE DOCUMENTS. |
| [redacted] | Wang, Laura Y | [redacted] |
| 4.80 | Wang, Laura Y | COLLECT CLIENT DOCUMENTS FOR PRODUCTION. |
| 0.60 | Wang, Laura Y | DRAFT OUTLINE IN SUPPORT OF HOSPITAL CEO DEPOSITIONS. |
| [redacted] | Varela, Eugenia | [redacted] |

| | | |
|---|---|---|
| | Womack, Lauren E | |
| 09/10/25<br>9.20 | Chung, Daniel | PREPARE FOR AND CONDUCT DEPOSITION OF L. BAILEY (8.0); INTERNAL CONFERENCES REGARDING DISCOVERY STRATEGY (1.2) |
| 2.70 | Maloney, Mary Beth | MEETING WITH TEAM RE DISCOVERY STATUS AND STRATEGY FOR UPCOMING DEPOS, ADDRESS PRIVILEGE LOG ISSUES. |
| | Yang, Betty X | |
| 10.50 | Crain, Lee R | REVIEW DEPOSITION EXHIBITS TO PREPARE FOR EXAMINATION OF A. CAMPIONE (4); REVISE OUTLINE FOR DEPOSITION EXAM (6); TEAM STRATEGY CALLS RE DEPOSITION (.5) |
| 1.90 | Hvidt, Scott K | DRAFT CORRESPONDENCE WITH OPPOSING COUNSEL (.7); EXECUTE VARIOUS DISCOVERY STRATEGY TASKS (.8); WORK WITH NON-PARTIES REGARDING DISCOVERY (.4). |
| 0.50 | Hvidt, Scott K | PARTICIPATE IN DEPOSITION STRATEGY DISCUSSION. |
| 4.20 | Hvidt, Scott K | WORK ON DEPOSITION OUTLINES. |

| | | |
|---|---|---|
| 0.60 | Buzzard, Christine M | REVIEW RESEARCH RE: GOOD FAITH AFFIRMATIVE DEFENSE PREPARED BY B. WOLFE. |
| [redacted] | Buzzard, Christine M | [redacted] |
| [redacted] | Buzzard, Christine M | [redacted] |
| 1.10 | Buzzard, Christine M | REVIEW AND ANALYZE BRIEFING TEAM MEMBERS' RESEARCH IN SUPPORT OF PRIVILEGE AND OTHER OBJECTIONS TO CERTAIN DISCOVERY. |
| [redacted] | Buzzard, Christine M | [redacted] |
| [redacted] | Buzzard, Christine M | [redacted] |
| [redacted] | Buzzard, Christine M | [redacted] |
| [redacted] | Buzzard, Christine M | [redacted] |
| [redacted] | Parks, Allyson E | [redacted] |
| [redacted] | Richman, Brian A | [redacted] |

| | | |
|---|---|---|
| 6.50 | Takagaki, Marc Aaron Y | CONFER WITH LEVEL LEGAL, A. GARNICK, AND OTHERS RE: DOCUMENT REVIEW (.5); CONFER WITH M. OTOO RE: L. BINDER DEPOSITION OUTLINE (.2); STRATEGIZE WITH A. SHI RE: RESPONSES AND OBJECTIONS TO DOCUMENT SUBPOENAS (.6); REVIEW AND ANALYZE DOCUMENTS FOR A. CAMPIONE DEPOSITION (.6); REVIEW AND ANALYZE DOCUMENT SUBPOENAS FROM DEFENDANT (.2); CONFER WITH S. MONACO RE: SAME (.2); CONFER WITH LOCAL COUNSEL RE: SUBPOENA RESPONSES (.2); COLLECT DOCUMENTS FOR L. BINDER DEPOSITION (.6); STRATEGIZE WITH A. GARNICK RE: DOCUMENT REVIEW, PRODUCTION, AND ANALYSIS (.8); STRATEGIZE WITH M. PINEIRO AND J. MARCUS RE: S. MONTGOMERY DEPOSITION PREPARATION (1.0); EMAIL CORRESPONDENCE RE: ORDER OF PROOF (.1); ATTEND TO DOCUMENT REVIEW AND PRODUCTION (.4); CORRESPONDENCE WITH K. REILLY AND OPPOSING COUNSEL RE: THIRD PARTY DOCUMENT PRODUCTIONS (.2); REVIEW LEGAL RESEARCH RE: PEER REVIEW PRIVILEGE AND STRATEGIZE WITH L. CRAIN AND OTHERS RE: SAME (.5); REVIEW AND ANALYZE BOARD COMMITTEE MATERIALS FROM S. MONACO (.3); COORDINATE DRAFTING OF EXHIBIT TRACKER (.1). |
| 0.60 | Batista, Robert A | DRAFT ANALYSIS OF PRIVILEGE ISSUES RE PUBLIC-RELATIONS COMMUNICATIONS IN PREPARATION FOR CLIENT DEPOSITIONS. |
| [redacted] | Batista, Robert A | [redacted] |

| | | |
|---|---|---|
| 3.80 | Batista, Robert A | REVISE RESPONSES AND OBJECTIONS TO T. GALLAGHER SUBPOENA. |
| [redacted] | Hammer, Stephen J | [redacted] |
| [redacted] | Hammer, Stephen J | [redacted] |
| 12.10 | Simmons, Kevin M | WORK ON CEO DEPOSITION PREPARATION OUTLINE (9.8); PREPARE FOR S. MONTGOMERY DEPOSITION WITH LOCAL COUNSEL (1.1); WORK WITH B. YANG ON DEPOSITION PREPARATIONS FOR J. HANLON (0.5); DRAFT EMAIL RE CEO DEPOSITION PREPARATION OUTLINE (0.3); DRAFT EMAILS TO CEOS RE DEPOSITION SCHEDULING (0.2); DRAFT EMAILS TO LOCAL COUNSEL RE DEPOSITION SCHEDULING (0.2). |
| 2.20 | Cardone, Emily A | DRAFT AND REVISE M. DANFORTH DEPOSITION OUTLINE. |
| 0.50 | Cardone, Emily A | REVIEW AND ANALYZE PRIVILEGE RESEARCH RE THIRD PARTIES. |
| 0.70 | Cardone, Emily A | REVIEW AND ANALYZE K. STEWART KEY DOCUMENTS FOR DEPOSITION. |
| [redacted] | Cardone, Emily A | [redacted] |
| 1.30 | Cardone, Emily A | REVIEW AND REVISE A. CAMPIONE DEPOSITION OUTLINE. |
| 0.80 | Cardone, Emily A | REVIEW AND REVISE OBJECTIONS TO GALLAGHER SUBPOENA. |
| 0.60 | Cardone, Emily A | REVIEW AND ANALYZE EXPERT PANEL MEETING TRANSCRIPT. |

| | | |
|---|---|---|
| [redacted] | Cardone, Emily A | [redacted] |
| 0.30 | Kuntz, Andrew V | REVISE COMPILATION OF AFFIRMATIVE EVIDENCE. |
| 2.20 | Kuntz, Andrew V | DRAFT SUMMARY OF DEPOSITION OF LAUREN BAILEY. |
| 3.00 | Kuntz, Andrew V | REVISE LAUREN BAILEY DEPOSITION OUTLINE. |
| 9.80 | Kuntz, Andrew V | DEPOSE LEAPFROG EMPLOYEE LAUREN BAILEY. |
| [redacted] | Talley, Mark C | [redacted] |
| [redacted] | Wolf, Brandon C | [redacted] |
| [redacted] | Wolf, Brandon C | [redacted] |
| [redacted] | Grover, Monica | [redacted] |
| [redacted] | Shi, Andrew A | [redacted] |

| | | |
|---|---|---|
| 5.00 | Garnick, Adam J | CONFER WITH M. TAKAGAKI REGARDING DOCUMENT REVIEW AND PRODUCTION (0.5); COORDINATE REVIEW AND PRODUCTION WITH VENDORS (1.5); DRAFT AND SEND CORRESPONDENCE TO CLIENT CONTACTS TO OBTAIN OUTSTANDING DOCUMENTS (1.0); CONDUCT QUALITY CONTROL OF LARGE SUPPLEMENTAL PRODUCTION (2.0). |
| 5.80 | Otoo, Mary D | DRAFT OUTLINE FOR LEAH BINDER DEPOSITION. |
| 12.60 | Togias, Iason G | PREPARE FOR DEPOSITION OF A. CAMPIONE. |
| 5.50 | Fischer, Alexander M | COMPLETE PROCESS OF IDENTIFYING, INCORPORATING, AND INDEXING ALL JOINT DOCUMENTS AND GOOD SAMARITAN DOCUMENTS FOR CEO DEPOSITION PREPARATION. |
| 4.50 | Fischer, Alexander M | CONFER WITH J. MARCUS, M. PINEIRO, L. CRAIN, M. TAKAGAKI, AND K. SIMMONS RE CEO DEPOSITIONS (.5); REVIEW AND INCORPORATE NEWLY PRODUCED DOCUMENTS RE UNION CONTRACT NEGOTATIONS (1.0); REVISE AND UPDATE CEO PREPARATION OUTLINES (3.0). |
| [redacted] | Conway, Christian L | [redacted] |
| [redacted] | Dabanka, Elizabeth A | [redacted] |

| | | |
|---|---|---|
| [redacted] | Archambeau, Karsyn | [redacted] |
| [redacted] | Archambeau, Karsyn | [redacted] |
| 4.10 | Archambeau, Karsyn | REVISE DEPOSITION OUTLINE RE: FEEDBACK FROM M. OTOO AND M. TAKAGAKI. |
| 3.00 | Archambeau, Karsyn | CONTINUE DRAFTING DEPOSITION OUTLINE RE: ADDITIONAL DOCUMENTS AND EXHIBITS. |
| 0.40 | Archambeau, Karsyn | CONDUCT FINAL REVIEW OF UNION DOCUMENTS RE: RESPONSIVENESS AND SUMMARIZE SAME FOR L. CRAIN. |
| [redacted] | Archambeau, Karsyn | [redacted] |
| 5.10 | Delwiche, Noah J | PREPARE FOR A. CAMPIONE DEPOSITION. |
| 4.10 | Delwiche, Noah J | PREPARE FOR KUSH BANERJEE DEPOSITION. |
| [redacted] | Delwiche, Noah J | [redacted] |
| 0.60 | Delwiche, Noah J | EDIT RESPONSES AND OBJECTIONS FOR GALLAGHER SUBPOENA. |
| 1.30 | Delwiche, Noah J | EDIT ORDER OF PROOF. |
| 5.50 | Wang, Laura Y | COLLECT AND ANALYZE CLIENT DOCUMENTS IN SUPPORT OF LEAPFROG'S REQUESTS FOR PRODUCTION. |
| [redacted] | Enright, Sheila | [redacted] |

| | | |
|---|---|---|
| [redacted] | Raber, Steven | [redacted] |
| [redacted] | Varela, Eugenia | [redacted] |
| [redacted] | Womack, Lauren E | [redacted] |
| 09/11/25 | | |
| 5.20 | Chung, Daniel | REVISE DEPOSITION OUTLINES (2.0); REVIEW SOURCE DOCUMENTS (1.2); REVISE DISCOVERY CORRESPONDENCE (2.0) |
| 0.70 | Maloney, Mary Beth | ADDRESS STATUS AND STRATEGY OF THIRD PARTY DISCOVERY. |
| [redacted] | Yang, Betty X | [redacted] |
| 11.00 | Crain, Lee R | PREPARE FOR DEPOSITION OF A. CAMPIONE, INCLUDING REVIEWING EXHIBITS FOR DEPOSITION, REVISING OUTLINE, AND STRATEGIZING WITH TEAM. |
| 1.40 | Hvidt, Scott K | DRAFT CORRESPONDENCE REGARDING STRATEGY AND TASKS (.4); EXECUTE VARIOUS DISCOVERY STRATEGY TASKS (.3); DRAFT CORRESPONDENCE TO OPPOSING COUNSEL (.7). |
| 3.50 | Hvidt, Scott K | WORK ON DEPOSITION OUTLINES AND STRATEGY. |
| 0.50 | Hvidt, Scott K | PARTICIPATE IN MEET AND CONFER. |

| | | |
|---|---|---|
| 0.60 | Hvidt, Scott K | WORK WITH CORNERSTONE REGARDING M. AUSTIN. |
| [redacted] | Buzzard, Christine M | [redacted] |
| 1.60 | Buzzard, Christine M | COORDINATE ORDER OF PROOF EDITING PROCESS AND WORK WITH TEAM MEMBERS TO ADD AND STRUCTURE KEY MATERIAL. |
| [redacted] | Parks, Allyson E | [redacted] |
| [redacted] | Richman, Brian A | [redacted] |

| | | |
|---|---|---|
| | Takagaki, Marc Aaron Y | |
| 1.30 | Batista, Robert A | ANALYZE EXPERT REPORTS IN PREPARATION FOR DRAFTING DAUBERT MOTIONS. |
| 2.50 | Batista, Robert A | ANALYZE CASE MATERIALS IN PREPARATION FOR DRAFTING MOTIONS IN LIMINE AND DAUBERT MOTIONS. |
| 1.80 | Batista, Robert A | DRAFT ANALYSIS OF RESEARCH ON PRIVILEGE LOG REQUIREMENT RE RESPONSES AND OBJECTIONS TO T. GALLAGHER SUBPOENA. |

| | | |
|---|---|---|
| [redacted] | Hammer, Stephen J | [redacted] |
| 6.80 | Simmons, Kevin M | PREPARE FOR DEPOSITION PREPARATION SESSIONS WITH CEOS (1.5); PREPARE S. MONTGOMERY FOR DEPOSITION (2.7); ADD NEW DOCUMENTS TO S. MONTGOMERY OUTLINE (1.4); DRAFT DEPOSITION PREPARATION OUTLINE FOR J. HANLON (1.2). |
| 0.30 | Simmons, Kevin M | DRAFT EMAIL TO L. CRAIN RE GOOD SAMARITAN INTERROGATORY RESPONSE (0.3). |
| 0.60 | Cardone, Emily A | REVIEW AND ANALYZE M. DANFORTH AND D. CLASSEN DOCUMENTS. |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| 1.70 | Cardone, Emily A | DRAFT AND REVISE M. DANFORTH DEPOSITION OUTLINE. |
| 0.60 | Cardone, Emily A | DEVELOP STRATEGY WITH D. CHUNG RE GALLAGHER RESPONSES AND OBJECTIONS TO SUBPOENA. |
| 0.60 | Cardone, Emily A | REVIEW AND ANALYZE WHITEPAPER MODULE FOR M. DANFORTH DEPOSITION AND M. AUSTIN DEPOSITION. |
| [redacted] | Cardone, Emily A | [redacted] |
| 1.00 | Kuntz, Andrew V | DRAFT SUMMARY OF LEAPFROG'S FACT WITNESS THEMES. |

| | | |
|---|---|---|
| [redacted] | Wolf, Brandon C | [redacted] |
| [redacted] | Grover, Monica | [redacted] |
| [redacted] | Shi, Andrew A | [redacted] |
| 10.10 | Reilly, Kevin J | DRAFT DEPOSITION OUTLINE (9.5); MEET WITH CORNERSTONE REGARDING WHITE PAPER (0.6). |
| 5.30 | Garnick, Adam J | COORDINATE CONTINUED DOCUMENT COLLECTION WITH CLIENT CONTACTS (1.3); DRAFT EMAILS TO TEAM AND OPPOSING COUNSEL REGARDING PRODUCTION (1.0); CONDUCT QUALITY CONTROL OF LATEST PRODUCTION (2.0); CONFER WITH TEAM REGARDING AND PREPARE FOR FINAL DOCUMENT PRODUCTIONS (1.0). |
| 2.70 | Otoo, Mary D | DRAFT LEAH BINDER DEPOSITION OUTLINE. |
| 0.80 | Otoo, Mary D | REVIEW AND ANALYZE DOCUMENTS IN PREPARATION FOR LEAH BINDER DEPOSITION. |
| [redacted] | Jacobs, Peter A | [redacted] |
| 11.30 | Togias, Iason G | PREPARE FOR DEPOSITION OF A. CAMPIONE. |

| | | |
|---|---|---|
| 7.80 | Fischer, Alexander M | REVIEW DOCUMENTS IN NEW PRODUCTION FOR APPLICABILITY TO CEO DEPOSITION PREPARATION AND INCORPORATE AND DRAFT RED-TEAM QUESTIONS (4.0); CORRESPOND WITH L. CRAIN, M. TAKAGAKI, AND K. SIMMONS RE DOCUMENTS RELATED TO UNION AT PLAINTIFF HOSPITALS (0.5); REVISE S. MONTGOMERY OUTLINE AND J. HANLON OUTLINE AND ASSOCIATED INDEXES AND E-BINDERS (3.3). |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| [redacted] | Archambeau, Karsyn | [redacted] |
| [redacted] | Archambeau, Karsyn | [redacted] |
| 1.40 | Archambeau, Karsyn | CONTINUE REVISING DEPOSITION OUTLINE RE: ADDITIONAL IMPORTANT DOCUMENTS. |
| [redacted] | Archambeau, Karsyn | [redacted] |
| 3.30 | Archambeau, Karsyn | CONTINUE ANALYZING DOCUMENTS FOR INCLUSION IN DEPOSITION OUTLINE. |
| 0.20 | Archambeau, Karsyn | COORDINATE WITH M. OTOO RE: ADDITIONAL REVISIONS TO DEPOSITION OUTLINE. |

| | | |
|---|---|---|
| [redacted] | Archambeau, Karsyn | [redacted] |
| [redacted] | Delwiche, Noah J | [redacted] |
| 4.30 | Delwiche, Noah J | DRAFT OUTLINE FOR KUSH BANERJEE DEPOSITION. |
| 6.20 | Delwiche, Noah J | PREPARE FOR A. CAMPIONE DEPOSITION. |
| 3.70 | Wang, Laura Y | COLLECT AND ANALYZE CLIENT DOCUMENTS FOR PRODUCTION. |
| 0.80 | Wang, Laura Y | PARTICIPATE IN MEETING WITH M.A. TAKAGAKI AND A. GARNICK RE DOCUMENT PRODUCTION. |
| [redacted] | Rivera, Victor A | [redacted] |
| [redacted] | Womack, Lauren E | [redacted] |
| 09/12/25 | | |
| 6.20 | Chung, Daniel | INTERNAL CONFERENCES REGARDING DISCOVERY STRATEGY (3.1); REVIEW SOURCE DOCUMENTS (1.1); REVISE DEPOSITION OUTLINES (1.0); DRAFT CORRESPONDENCE REGARDING DISCOVERY ISSUES (1.0). |
| 1.50 | Maloney, Mary Beth | ATTENTION TO DISCOVERY MATTERS. |
| [redacted] | Yang, Betty X | [redacted] |

| | | |
|---|---|---|
| 11.50 | Crain, Lee R | TAKE DEPOSITION OF A. CAMPIONE AND PREPARE FOR THE SAME (10); REVIEW OUTLINE FOR DEPOSITION OF M. AUSTIN (1.5). |
| 0.30 | Hvidt, Scott K | WORK ON EXPERT DISCOVERY DEPOSITION STRATEGY. |
| 0.50 | Hvidt, Scott K | CONFERENCE WITH NON-PARTY COUNSEL. |
| 1.20 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE CORRESPONDENCE TO OPPOSING COUNSEL (.7); DRAFT CORRESPONDENCE REGARDING STRATEGY (.5). |
| 1.40 | Hvidt, Scott K | PREPARE FOR DEPOSITIONS. |
| 2.70 | Buzzard, Christine M | WORK WITH BRIEFING TEAM TO DEVELOP STRATEGY FOR MOTION TO DISMISS AND MOTIONS IN LIMINE. |
| [redacted] | Buzzard, Christine M | [redacted] |

| | | |
|---|---|---|
| | Takagaki, Marc Aaron Y | |
| 0.30 | Batista, Robert A | REVISE PRIVILEGE LOG FOR DOCUMENTS RESPONSIVE TO T. GALLAGHER SUBPOENA. |

| | | |
|---|---|---|
| 2.70 | Batista, Robert A | REVISE RESPONSES AND OBJECTIONS TO T. GALLAGHER SUBPOENA. |
| 1.50 | Batista, Robert A | ANALYZE DOCUMENTS RESPONSIVE TO T. GALLAGHER SUBPOENA. |
| 9.10 | Simmons, Kevin M | DRAFT DEPOSITION PREPARATION OUTLINE FOR J. HANLON (2.8); PREPARE S. MONTGOMERY FOR DEPOSITION (4.4); DRAFT EMAILS RE CEO PREPARATIONS FOR DEPOSITION (0.6); WORK ON H. HAVERICAK DEPOSITION PREPARATION OUTLINE (0.8); COMMENT ON DEPOSITION NOTICE FROM OPPOSING COUNSEL (0.5). |
| 0.50 | Cardone, Emily A | DEVELOP STRATEGY WITH L. CRAIN RE M. AUSTIN AND M. DANFORTH DEPOSITIONS AND EXPERT PANEL MEETING. |
| 0.40 | Cardone, Emily A | CONFER WITH LEAPFROG RE 30(B)(6) NOTICE. |
| 0.50 | Cardone, Emily A | REVIEW AND ANALYZE EXPERT DEPOSITION TOPICS. |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.50 | Cardone, Emily A | REVIEW AND ANALYZE AMENDED INITIAL DISCLOSURES. |
| 1.30 | Cardone, Emily A | REVIEW AND ANALYZE T. GALLAGHER DOCUMENTS AND REVIEW AND REVISE PRIVILEGE LOG. |
| 1.60 | Cardone, Emily A | REVIEW AND ANALYZE APRIL 12 MEETING DOCUMENTS FOR DEPOSITION. |
| [redacted] | Wolf, Brandon C | [redacted] |

| | | |
|---|---|---|
| [redacted] | Grover, Monica | [redacted] |
| [redacted] | Shi, Andrew A | [redacted] |
| 6.70 | Reilly, Kevin J | REVISE M. AUSTIN DEPOSITION OUTLINE. |
| 3.00 | Garnick, Adam J | CONFER WITH L. CRAIN ON DOCUMENT COLLECTION AND PRODUCTION AND NEXT STEPS (0.5); CONDUCT A SECOND LEVEL REVIEW OF DOCUMENTS AHEAD OF ANOTHER SUPPLEMENTAL DOCUMENT PRODUCTION (1.5); REVIEW AND REVISE LETTER REGARDING THIRD PARTY SUBPOENA (0.5); COORDINATE WITH OUTSIDE VENDORS ON VARIOUS DISCOVERY ISSUES, INCLUDING CONDUCTING FIRST LEVEL REVIEW (0.5). |
| [redacted] | Otoo, Mary D | [redacted] |
| 1.60 | Otoo, Mary D | REVISE LEAH BINDER DEPOSITION OUTLINE. |
| 1.60 | Otoo, Mary D | REVIEW AND ANALYZE DOCUMENTS IN PREPARATION FOR LEAH BINDER DEPOSITION. |

| | | |
|---|---|---|
| 12.90 | Togias, Iason G | PREPARE FOR DEPOSITION OF A. CAMPIONE (1.0); SECOND-CHAIR DEPOSITION (9.2); CONFER WITH D. CHUNG, L. CRAIN, AND N. DELWICHE RE DEPOSITION (0.5); ANALYZE TRANSCRIPT OF DEPOSITION (2.2). |
| [redacted] | Fischer, Alexander M | [redacted] |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| 4.00 | Archambeau, Karsyn | REVISE OUTLINE RE: DOCUMENTS TO BE USED IN DEPOSITION. |
| 1.90 | Archambeau, Karsyn | DRAFT THIRD-PARTY SUBPOENAS RE: UPDATED DISCLOSURES FROM DEFENDANT FOR S. HVIDT. |
| 0.20 | Archambeau, Karsyn | COLLECT AND ORGANIZE FILES FROM CLIENT RE: SUPPLEMENTAL PRODUCTIONS. |
| 1.60 | Archambeau, Karsyn | COLLECT DOCUMENTS TO BE USED IN DEPOSITION FOR COMPILATION BY DOCUMENT VENDOR. |
| 0.60 | Archambeau, Karsyn | FINALIZE DAILY UPDATE TO TEAM AND CIRCULATE SAME AND BEGIN DRAFTING SAME FOR MONDAY. |

| | | |
|---|---|---|
| 1.00 | Delwiche, Noah J | EDIT MATERIALS FOR RESPONSE TO T. GALLAGHER SUBPOENA. |
| 2.40 | Delwiche, Noah J | PREPARE FOR A. CAMPIONE DEPOSITION. |
| 4.70 | Delwiche, Noah J | DRAFT KUSH BANERJEE DEPOSITION OUTLINE. |
| 0.90 | Wang, Laura Y | COLLECT CLIENT DOCUMENTS IN SUPPORT OF DOCUMENT PRODUCTION. |
| 0.80 | Wang, Laura Y | PARTICIPATE IN MEETING WITH M.A. TAKAGAKI, E. DABANKA, AND M. OTOO RE DOCUMENT REVIEW. |
| [redacted] | Rivera, Victor A | [redacted] |
| [redacted] | Varela, Eugenia | [redacted] |
| [redacted] | Varela, Eugenia | [redacted] |
| [redacted] | Womack, Lauren E | [redacted] |

[redacted] Womack, Lauren E [redacted]

09/13/25

2.00 Chung, Daniel REVISE DEPOSITION OUTLINES (1.0); REVIEW SOURCE DOCUMENTS (1.0).

1.50 Crain, Lee R PREPARE FOR M. AUSTIN DEPOSITION.

2.00 Hvidt, Scott K DRAFT CORRESPONDENCE REGARDING DISCOVERY STRATEGY (.8); DRAFT, REVIEW AND REVISE NON-PARTY DISCOVERY CORRESPONDENCE (.8); EXECUTE VARIOUS DISCOVERY STRATEGY TASKS (.4).

0.20 Takagaki, Marc Aaron Y REVIEW PRODUCTION COVER LETTER (.1); EMAIL CORRESPONDENCE WITH OPPOSING COUNSEL RE: DOCUMENT PRODUCTION (.1).

[redacted] Batista, Robert A [redacted]

3.60 Simmons, Kevin M WORK ON H. HAVERICAK DEPOSITION PREPARATION OUTLINE (1.2); ANALYZE H. HAVERICAK DOCUMENTS FOR DEPOSITION PREPARATION OUTLINE (1.0); ANALYZE C. MCCAULEY DOCUMENTS FOR DEPOSITION PREPARATION OUTLINE (1.2); DRAFT EMAILS RE PEER REVIEW PRIVILEGE FOR DEPOSITION PREPARATION OUTLINES (0.2).

[redacted] Simmons, Kevin M [redacted]

| | | |
|---|---|---|
| 1.70 | Cardone, Emily A | REVIEW AND ANALYZE A. CAMPIONE TRANSCRIPT FOR M. DANFORTH DEPOSITION OUTLINE. |
| 1.10 | Garnick, Adam J | CONDUCT FINAL REVIEW AND QUALITY CONTROL OF PRODUCTION OF DOCUMENTS (0.8); DRAFT PRODUCTION LETTER AND ASSIST IN SERVING DOCUMENT PRODUCTION (0.3). |
| 0.70 | Otoo, Mary D | REVIEW AND ANALYZE DOCUMENTS IN RESPONSE TO QCE COMMITTEE SUBPOENA. |
| 1.70 | Togias, Iason G | COMPOSE SUMMARY AND ANALYSIS OF A. CAMPIONE DEPOSITION. |
| 2.10 | Fischer, Alexander M | REVIEW DOCUMENTS FOR H. HAVERICAK AND C. MCCAULEY AND ORGANIZE E-BINDERS FOR PREPARATION. |
| 1.50 | Archambeau, Karsyn | COORDINATE WITH K. REILLY RE: THIRD PARTY SUBPOENA AND REVIEW BUSINESS RECORDS OF SAME FOR SERVICE. |
| 0.90 | Delwiche, Noah J | CONFER WITH TEAM RE FOLLOW-UP RESEARCH AND DOCUMENT IDENTIFICATION AFTER A. CAMPIONE DEPOSITION. |
| 4.00 | Delwiche, Noah J | EDIT KUSH BANERJEE DEPOSITION OUTLINE. |
| 1.80 | Wang, Laura Y | ANALYZE DOCUMENTS FOR RESPONSIVENESS TO SUBPOENA. |
| [redacted] | Varela, Eugenia | [redacted] |

| | | |
|---|---|---|
| 09/14/25 | | |
| 3.00 | Chung, Daniel | REVISE DEPOSITION OUTLINES (1.0); REVIEW SOURCE DOCUMENTS (1.0); INTERNAL CONFERENCES REGARDING DISCOVERY STRATEGY (1.0). |
| 2.70 | Maloney, Mary Beth | REVISE DEPO TRANSCRIPT FOR CAMPIONE AND REVISE UPDATE RE SAME (1.2); ATTEND TO PREP FOR CEO DEPO (1.5). |
| 2.60 | Crain, Lee R | ATTENTION TO DISCOVERY STATUS AND STRATEGY (.5); CONFER WITH J. MARCUS RE DEFENSIVE DEPOSITION STRATEGY (.5); CONFER WITH TEAM RE TENET DOCUMENT SUBPOENA STRATEGY (.5); PREPARE FOR UPCOMING DEPOSITIONS (1.1). |
| 0.40 | Hvidt, Scott K | OVERSEE KEY DOCUMENT REVIEW AND IDENTIFICATION. |
| 1.00 | Hvidt, Scott K | DRAFT CORRESPONDENCE REGARDING DISCOVERY STRATEGY (.6); EXECUTE VARIOUS DISCOVERY STRATEGY TASKS (.4). |
| 0.60 | Hvidt, Scott K | PREPARE FOR HARRIS DEPOSITION. |
| 1.10 | Takagaki, Marc Aaron Y | REVIEW AND EDIT SUBPOENA OBJECTION LETTERS (.4); CONFER WITH A. SHI AND L. CRAIN RE: SAME (.2); ATTEND MEETING RE: QCE MATERIALS (.5). |
| [redacted] | Batista, Robert A | [redacted] |
| 0.40 | Batista, Robert A | REVISE RESPONSES AND OBJECTIONS TO T. GALLAGHER SUBPOENA. |

| | | |
|---|---|---|
| 1.30 | Simmons, Kevin M | DRAFT EMAIL TO L. CRAIN RE NOTICE OF DEPOSITION FOR CEOS (0.8); DRAFT EMAIL TO PARTNER TEAM RE NOTICE OF DEPOSITION FOR CEOS (0.5). |
| 0.90 | Cardone, Emily A | REVIEW AND REVISE EXHIBITS FOR M. DANFORTH DEPOSITION. |
| 1.80 | Cardone, Emily A | REVIEW AND ANALYZE A. CAMPIONE TRANSCRIPT FOR M. DANFORTH DEPOSITION OUTLINE. |
| [redacted] | Shi, Andrew A | [redacted] |
| 0.80 | Garnick, Adam J | CONDUCT QUALITY CONTROL AND FINALIZE ANOTHER PRODUCTION OF DOCUMENTS (0.75). |
| [redacted] | Otoo, Mary D | [redacted] |
| 1.50 | Otoo, Mary D | DRAFT SUMMARY OF QCE DOCUMENTS FOR CORRESPONDENCE TO OPPOSING COUNSEL. |
| 4.00 | Togias, Iason G | COMPLETE SUMMARY AND ANALYSIS OF A. CAMPIONE DEPOSITION (2.0); REVIEW CORRESPONDENCE RE UPCOMING DEPOSITIONS (1.7); COORDINATE THIRD-PARTY DISCOVERY (0.3) |
| 6.80 | Fischer, Alexander M | INDEX AND INCORPORATE ALL DOCUMENTS FOR DEPOSITIONS FOR H. HAVERICAK AND C. MCCAULEY DEPOSITION PREPARATION OUTLINES. |

| | | |
|---|---|---|
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| 0.20 | Archambeau, Karsyn | SUMMARIZE STATUS OF ADDITIONAL THIRD-PARTY SUBPOENAS FOR K. REILLY RE: SERVICE. |
| [redacted] | Archambeau, Karsyn | [redacted] |
| [redacted] | Delwiche, Noah J | [redacted] |
| 2.90 | Delwiche, Noah J | EDIT KUSH BANERJEE DEPOSITION OUTLINE. |
| [redacted] | Wang, Laura Y | [redacted] |
| [redacted] | Wang, Laura Y | [redacted] |
| [redacted] | Womack, Lauren E | [redacted] |
| 09/15/25 | | |
| 7.00 | Chung, Daniel | PREPARE FOR K. BANERJEE AND L. BINDER DEPOSITIONS (2.0); REVIEW DISCOVERY CORRESPONDENCE (2.0); REVIEW PRIVILEGE REVIEW RESULTS (3.0). |
| [redacted] | Maloney, Mary Beth | [redacted] |

| | | |
|---|---|---|
| | Yang, Betty X | |
| 7.00 | Crain, Lee R | ATTENTION TO DISCOVERY DISPUTES (1); MEET AND CONFER WITH OPPOSING COUNSEL AND PREPARE FOR THE SAME (.5); REVIEW TRANSCRIPT OF S. MONTGOMERY AND CONFER WITH TEAM RE THE SAME (1.5); PREPARE FOR M. DANFORTH DEPOSITION (4). |
| 0.30 | Hvidt, Scott K | PARTICIPATE IN MEET AND CONFER. |
| | Hvidt, Scott K | |
| | Buzzard, Christine M | |
| 1.60 | Buzzard, Christine M | REVIEW AND REVISE DRAFT ORDER OF PROOF AND ADVISE REGARDING NEXT STEPS FOR EDITING PROCESS. |
| | Buzzard, Christine M | |
| | Buzzard, Christine M | |
| | Buzzard, Christine M | |

| | | |
|---|---|---|
| [redacted] | Parks, Allyson E | [redacted] |
| [redacted] | Richman, Brian A | [redacted] |
| 8.60 | Takagaki, Marc Aaron Y | CONFER WITH A. SHI RE: RESPONSES AND OBJECTIONS TO PBHN AND QCE SUBPOENAS (.1); REVIEW REALTIME TRANSCRIPT OF S. MONTGOMERY DEPOSITION (1.2); CONFER WITH L. CRAIN, K. SIMMONS, AND OTHERS RE: SAME (.6); COORDINATE PREPARATION AND SERVICE OF THIRD PARTY SUBPOENAS (.6); COORDINATE DOCUMENT PRODUCTION TO LEAPFROG (.2); REVIEW AND ANALYZE EXHIBITS USED AT S. MONTGOMERY DEPOSITION (.7); ATTEND MEETING WITH CORNERSTONE, L. CRAIN, S. HVIDT, AND OTHERS RE: EXPERT DEPOSITIONS (.8); REVIEW AND ANALYZE DOCUMENTS FOR L. BINDER DEPOSITION (1.0); STRATEGIZE WITH K. REILLY RE: WHITE PAPER (.4); STRATEGIZE WITH M. OTOO AND K. ARCHAMBEAU RE: DRAFTING L. BINDER DEPOSITION OUTLINE (.5); REVIEW AND ANALYZE PRODUCTION OF QCE BOARD MATERIALS (1.0); STRATEGIZE WITH A. SHI AND L. CRAIN RE: SAME (.4); SERVE RESPONSES ON OPPOSING COUNSEL (.1); REVIEW AND EDIT ORDER OF PROOF (1). |
| 4.40 | Batista, Robert A | REVISE AND FINALIZE RESPONSES AND OBJECTIONS, DOCUMENT PRODUCTION, AND PRIVILEGE LOG FOR T. GALLAGHER SUBPOENA. |
| [redacted] | Batista, Robert A | [redacted] |

| | | |
|---|---|---|
| 12.50 | Simmons, Kevin M | DRAFT EMAIL TO M.A. TAKAGAKI RE R. WEST DEPOSITION (0.1); ASSIST AT DEPOSITION OF S. MONTGOMERY (9.4); DRAFT EMAIL TO CLIENT SUMMARIZING DEPOSITION OF S. MONTGOMERY (3.0). |
| 0.80 | Cardone, Emily A | DRAFT, REVISE, AND FINALIZE AMENDED 30(B)(6) NOTICE TO LEAPFROG. |
| [redacted] | Cardone, Emily A | [redacted] |
| 1.60 | Cardone, Emily A | LEGAL RESEARCH RE M. DANFORTH ARTICLES AND PUBLIC STATEMENTS. |
| 1.80 | Cardone, Emily A | DRAFT AND REVISE M. DANFORTH DEPOSITION OUTLINE. |
| 1.70 | Cardone, Emily A | REVIEW, REVISE, AND FINALIZE RESPONSES AND OBJECTIONS TO GALLAGHER SUBPOENA AND PRIVILEGE LOG. |
| [redacted] | Kuntz, Andrew V | [redacted] |
| [redacted] | Kuntz, Andrew V | [redacted] |
| [redacted] | Kuntz, Andrew V | [redacted] |
| [redacted] | Wolf, Brandon C | [redacted] |

| | | |
|---|---|---|
| [redacted] | Grover, Monica | [redacted] |
| [redacted] | Shi, Andrew A | [redacted] |
| [redacted] | Reilly, Kevin J | [redacted] |
| 4.80 | Garnick, Adam J | UPDATE REQUEST FOR PRODUCTION CHARTS BASED ON FINAL AGREEMENTS (2.5); CONDUCT PRIVILEGE REVIEW OF VARIOUS DOCUMENTS IN PRODUCTIONS (0.5); CONDUCT SECOND LEVEL REVIEW OF LISA COOK ESI FIRST-LEVEL REVIEW (1.8). |
| [redacted] | Otoo, Mary D | [redacted] |
| 5.60 | Otoo, Mary D | DRAFT LEAH BINDER DEPOSITION OUTLINE. |

| | | |
|---|---|---|
| 1.20 | Otoo, Mary D | CONDUCT CITE CHECK OF LETTER TO OPPOSING COUNSEL. |
| [redacted] | Togias, Iason G | [redacted] |
| 7.90 | Fischer, Alexander M | SUPPORT S. MONTGOMERY DEPOSITION AND REVISE H. HAVERICAK AND C. MCCAULEY DEPOSITION-PREPARATION MATERIALS FOR LEARNINGS AND KEY DOCUMENTS FROM S. MONTGOMERY DEPOSITION (5.6); PREPARE J. HANLON FOR DEPOSITION WITH B. YANG (2.0); REVISE SUMMARY OF S. MONTGOMERY DEPOSITION (.3). |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| 1.90 | Archambeau, Karsyn | DRAFT ADDITIONAL QUESTIONS FOR DEPOSITION OUTLINE. |
| [redacted] | Archambeau, Karsyn | [redacted] |
| 4.50 | Archambeau, Karsyn | ANALYZE PREVIOUS DEPOSITION TRANSCRIPT FOR USEFUL INFORMATION AND DOCUMENTS AND PROPOSE REVISIONS TO DEPOSITION OUTLINE RE: BINDER. |
| [redacted] | Archambeau, Karsyn | [redacted] |

| | | |
|---|---|---|
| [redacted] | Archambeau, Karsyn | [redacted] |
| 0.60 | Archambeau, Karsyn | REVIEW DOCUMENTS DISCUSSED IN DEPOSITION OF CLIENT FOR A. GARNICK. |
| [redacted] | Archambeau, Karsyn | [redacted] |
| 0.70 | Archambeau, Karsyn | FINALIZE SUBPOENA FOR SERVICE IN COLLABORATION WITH K. REILLY AND M. TAKAGAKI. |
| [redacted] | Archambeau, Karsyn | [redacted] |
| 6.60 | Delwiche, Noah J | EDIT OUTLINE AND PREPARE EXHIBITS FOR KUSH BANERJEE DEPOSITION. |
| 0.50 | Wang, Laura Y | COLLECT CLIENT DOCUMENTS IN SUPPORT OF SUBPOENA RESPONSE. |
| [redacted] | Rivera, Victor A | [redacted] |
| [redacted] | Womack, Lauren E | [redacted] |
| 09/16/25 | | |
| 11.50 | Chung, Daniel | PREPARE FOR AND CONDUCT K. BANERJEE DEPOSITION (5.0); INTERNAL CONFERENCES REGARDING DISCOVERY STRATEGY (4.0); PREPARE FOR HOSPITAL CEO DEPOSITIONS (1.0); REVISE L. BINDER DEPOSITION MATERIALS (1.5). |

| | | |
|---|---|---|
| | Maloney, Mary Beth | |
| | Yang, Betty X | |
| 9.50 | Crain, Lee R | MEET WITH M. MALONEY AND S. HVIDT RE WITNESS STRATEGY (.5); TEAM STRATEGY CALL (1); ATTENTION TO FINAL PRODUCTIONS AND REVIEW LAST DOCUMENTS WITH A. GARNICK (1); REVIEW DEPOSITION EXHIBITS FOR M. DANFORTH DEPOSITOIN/PREPARE FOR THE SAME (7). |
| 0.50 | Hvidt, Scott K | DRAFT CORRESPONDENCE TO OPPOSING COUNSEL. |
| 3.40 | Hvidt, Scott K | WORK ON FACT DEPOSITION OUTLINES AND STRATEGY. |
| 2.80 | Hvidt, Scott K | WORK ON HARRIS DEPOSITION OUTLINE. |
| 1.30 | Hvidt, Scott K | CONFERENCE WITH TEAM REGARDING STRATEGY (.7); CONFERENCE WITH TEAM MEMBERS REGARDING DEPOSITION STRATEGY (.6). |

| | | |
|---|---|---|
| [redacted] | Buzzard, Christine M | [redacted] |
| [redacted] | Buzzard, Christine M | [redacted] |
| [redacted] | Buzzard, Christine M | [redacted] |
| 0.80 | Buzzard, Christine M | COORDINATE AND SUPERVISE TEAM ADDITIONS TO ORDER OF PROOF DOCUMENT. |
| 0.30 | Buzzard, Christine M | DRAFT EMAIL FOR OPPOSING COUNSEL REGARDING MOTION FOR SUMMARY JUDGMENT AND MEDIATION SCHEDULE. |
| 0.20 | Buzzard, Christine M | DEVELOP STRATEGY FOR MOTION IN LIMINE EXPERT CHALLENGES WITH LOCAL COUNSEL TEAM. |
| [redacted] | Buzzard, Christine M | [redacted] |
| 1.00 | Buzzard, Christine M | REVIEW, REVISE, AND COMMENT ON OUTLINE OF FACTUAL BACKGROUND PORTION OF MOTION FOR SUMMARY JUDGMENT FROM B. WOLF. |
| [redacted] | Buzzard, Christine M | [redacted] |
| 0.50 | Buzzard, Christine M | DEVELOP STRATEGY FOR FACTS DISCUSSION IN MOTION FOR SUMMARY JUDGMENT. |

| | | |
|---|---|---|
| [redacted] | Parks, Allyson E | [redacted] |
| 6.60 | Takagaki, Marc Aaron Y | REVIEW AND ANALYZE DOCUMENTS FOR L. BINDER DEPOSITION (2.0); CONFER WITH G. WEST RE: DEPOSITION PREPARATION (.4); ATTEND TEAM MEETING RE: CASE STATUS AND STRATEGY (.7); STRATEGIZE WITH K. SIMMONS, M.B. MALONEY, AND A. FISCHER RE: PREPARATION FOR R. WEST DEPOSITION (.5); COORDINATE LOGISTICS FOR L. BINDER DEPOSITION (.3); STRATEGIZE WITH L. CRAIN RE: LEAPFROG'S ANSWER (.1); STRATEGIZE WITH K. ARCHAMBEAU, M. OTOO, AND OTHERS RE: L. BINDER DEPOSITION OUTLINE (.5); COORDINATE RESEARCH RE: LEAPFROG (.2); DRAFT L. BINDER DEPOSITION OUTLINE (.6); STRATEGIZE WITH E. DABANKA AND OTHERS RE: ORDER OF PROOF (.1); REVIEW AND ANALYZE K. JUPITER DEPOSITION TRANSCRIPT (.6); REVIEW AND ANALYZE DOCUMENT PRODUCTION (.3); REVIEW AND ANALYZE TEAM TASK LIST (.3). |
| [redacted] | Batista, Robert A | [redacted] |
| [redacted] | Batista, Robert A | [redacted] |
| 2.10 | Batista, Robert A | ANALYZE CASE MATERIALS IN PREPARATION FOR DRAFTING MOTIONS IN LIMINE. |
| [redacted] | Hammer, Stephen J | [redacted] |

| | | |
|---|---|---|
| 6.60 | Simmons, Kevin M | DRAFT EMAIL TO CLIENT SUMMARIZING DEPOSITION OF S. MONTGOMERY (0.6); DRAFT H. HAVERICAK DEPOSITION OUTLINE (0.7); DRAFT EMAILS RE NEXT STEPS FOR OUTLINE FOR CEOS (0.3); WORK WITH GIBSON TEAM ON FINAL PREPARATIONS FOR CEO DEPOSITIONS (1.8); WORK ON CEO DEPOSITION PREPARATION OUTLINE (0.9); DRAFT EMAILS RE C. MCCAULEY DEPOSITION PREPARATIONS (0.4); WORK ON E. CAZARES DEPOSITION PREPARATION OUTLINE (1.9). |
| 1.60 | Cardone, Emily A | REVIEW AND REVISE M. DANFORTH EXHIBITS FOR DEPOSITION. |
| 0.30 | Cardone, Emily A | REVIEW, REVISE, AND FINALIZE K. VAN CAULIL DEPOSITION. |
| 3.80 | Cardone, Emily A | REVIEW AND REVISE M. DANFORTH DEPOSITION OUTLINE WITH L. CRAIN EDITS. |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.30 | Cardone, Emily A | DEBRIEF WITH D. CHUNG, L. CRAIN, AND N. DELWICHE RE K. BANERJEE DEPOSITION. |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.50 | Cardone, Emily A | DEVELOP STRATEGY WITH INTERNAL TEAM RE UPCOMING DEPOSITIONS AND DISCOVERY. |
| [redacted] | Kuntz, Andrew V | [redacted] |

| | | |
|---|---|---|
| 1.80 | Kuntz, Andrew V | DRAFT ORDER OF PROOF. |
| [redacted] | Wolf, Brandon C | [redacted] |
| [redacted] | Wolf, Brandon C | [redacted] |
| [redacted] | Grover, Monica | [redacted] |
| [redacted] | Shi, Andrew A | [redacted] |
| [redacted] | Reilly, Kevin J | [redacted] |
| 3.50 | Garnick, Adam J | PREPARE FOR AND PARTICIPATE IN WEEKLY TEAM MEETING (0.5); DRAFT AND CIRCULATE SUMMARY EMAIL TO TEAM REGARDING STATUS OF COLLECTION AND PRODUCTION (0.75); COMMUNICATE WITH CLIENT CONTACTS REGARDING OUTSTANDING DOCUMENT COLLECTION (0.25); REVIEW AND QUALITY CONTROL PRODUCTION OF CLIENT DOCUMENTS PRIOR TO FINALIZING PRODUCTION (1.0); BEGIN REVIEWING LEAPFROG EXPERT REPORT AHEAD OF DEPOSITION (1.0). |

| | | |
|---|---|---|
| [redacted] | Otoo, Mary D | [redacted] |
| 0.30 | Otoo, Mary D | MEET WITH K. ARCHAMBEAU AND K. RILEY REGARDING LEAH BINDER DEPOSITION PREPARATION. |
| 0.30 | Otoo, Mary D | MEET WITH K. ARCHAMBEAU REGARDING LEAH BINDER DEPOSITION PREPARATION. |
| [redacted] | Otoo, Mary D | [redacted] |
| 7.60 | Otoo, Mary D | REVISE LEAH BINDER DEPOSITION OUTLINE. |
| 3.80 | Togias, Iason G | PREPARE FOR MEETING RE CASE STRATEGY (1.0); CONFER WITH TEAM RE CASE STRATEGY (0.8); CONFER WITH K. REILLY, M. OTOO, AND K. ARCHAMBEAU RE L. BINDER DEPOSITION (0.3); CORRESPOND WITH K. ARCHAMBEAU RE SAME (0.5); PREPARE FOR MOTION FOR SUMMARY JUDGMENT (1.2). |
| 6.50 | Fischer, Alexander M | REVISE CEO DEPOSITION-PREPARATION MATERIALS TO INCLUDE FULL OUTLINES FOR E. CAZARES AND H. HAVERICAK (6.0); CONFER WITH FULL TEAM RE STATUS AND NEXT STEPS (.5). |
| [redacted] | Conway, Christian L | [redacted] |

| | | |
|---|---|---|
| | Dabanka, Elizabeth A | |
| | Archambeau, Karsyn | |
| 1.10 | Archambeau, Karsyn | DRAFT SEARCH TERMS RE: LEAH BINDER DEPOSITION PREPARATION AND COORDINATE WITH LEVEL LEGAL RE: SAME. |
| | Archambeau, Karsyn | |
| | Archambeau, Karsyn | |
| 4.40 | Archambeau, Karsyn | IMPLEMENT REVISIONS TO LEAH BINDER DEPOSITION OUTLINE WITH M. OTOO. |
| | Archambeau, Karsyn | |
| 0.30 | Archambeau, Karsyn | COLLABORATE WITH I. TOGIAS AND K. REILLY RE: NARRATIVES FOR EXPERT MODULE IN LEAH BINDER DEPOSITION. |

| | | |
|---|---|---|
| [redacted] | Archambeau, Karsyn | [redacted] |
| 13.40 | Delwiche, Noah J | PREPARE FOR KUSH BANERJEE DEPOSITION (2); SECOND CHAIR KUSH BANERJEE DEPOSITION (9); CONFER WITH TEAM RE KEY INSIGHTS FROM KUSH BANERJEE DEPOSITION (.5); DRAFT SUMMARY OF KUSH BANERJEE DEPOSITION (1.9). |
| [redacted] | Wang, Laura Y | [redacted] |
| [redacted] | Wang, Laura Y | [redacted] |
| 09/17/25 | | |
| 7.00 | Chung, Daniel | PREPARE FOR L. BINDER DEPOSITION (2.0); PREPARE FOR E. CAZARES DEPOSITION (2.0); INTERNAL CONFERENCES REGARDING DISCOVERY STRATEGY (2.0); REVIEW EXPERT MATERIALS (1.0). |
| [redacted] | Maloney, Mary Beth | [redacted] |
| [redacted] | Yang, Betty X | [redacted] |
| 12.00 | Crain, Lee R | PREPARE FOR DEPOSITION OF M. DANFORTH, INCLUDING REVIEW EXHIBITS EXTENSIVELY, REVISING OUTLINE, AND STRATEGIZING WITH TEAM. |

| | | |
|---|---|---|
| 1.50 | Hvidt, Scott K | WORK ON PRIVILEGE LOG CHALLENGE (.7); DRAFT CORRESPONDENCE REGARDING VARIOUS DISCOVERY STRATEGY ITEMS (.8). |
| 5.80 | Hvidt, Scott K | WORK ON DEPOSITIONS AND DEPOSITION STRATEGY. |
| 0.50 | Hvidt, Scott K | WORK WITH TEAM REGARDING EXPERT DEPOSITION STRATEGY. |
| 1.20 | Buzzard, Christine M | COORDINATE AND DEVELOP STRATEGY FOR EMAIL RESPONSE AND POSSIBLE MOTION PRACTICE IN LIGHT OF LEAPFROG'S DEFICIENT PRIVILEGE LOG. |
| [redacted] | Buzzard, Christine M | [redacted] |
| [redacted] | Buzzard, Christine M | [redacted] |
| [redacted] | Buzzard, Christine M | [redacted] |
| [redacted] | Parks, Allyson E | [redacted] |

| | | |
|---|---|---|
| 4.40 | Takagaki, Marc Aaron Y | CONFER WITH OPPOSING COUNSEL RE: DOCUMENT PRODUCTION (.1); CONFER WITH L. CRAIN RE: STAFFING EXPERT DEPOSITIONS (.1); CONFER WITH M. OTOO AND K. ARCHAMBEAU RE: DOCUMENTS CITED IN L. BINDER OUTLINE (.1); DRAFT DEPOSITION NOTICES AND DEPOSITION SUBPOENAS (.8); CONFER WITH TEAM RE: LOGISTICS FOR EXPERT DEPOSITIONS (.3); CONDUCT LEGAL RESEARCH RE: DEPOSITION RULES (.2); CONFER WITH L. CRAIN AND OTHERS RE: SAME (.1); REVIEW AND ANALYZE DEPOSITION SUMMARIES (.8); STRATEGIZE WITH D. CHUNG AND OTHERS RE: L. BINDER DEPOSITION OUTLINE (.5); SERVE DEPOSITION SUBPOENAS AND NOTICES ON OPPOSING COUNSEL (.2); ORGANIZE AND MANAGE CASE FILES AND CALENDAR (.4); DRAFT L. BINDER AND R. WEST PREPARATION MATERIALS (.8). |
| [redacted] | Batista, Robert A | [redacted] |
| [redacted] | Batista, Robert A | [redacted] |
| 0.90 | Batista, Robert A | VIDEOCONFERENCE WITH C. BUZZARD, K. SIMMONS, AND A. SHI RE MOTION IN LIMINE TO EXCLUDE CMS SCORES. |
| [redacted] | Hammer, Stephen J | [redacted] |
| 1.00 | Simmons, Kevin M | WORK WITH BRIEFING TEAM ON MOTION IN LIMINE RE CMS STAR RATING (1.0). |

| | | |
|---|---|---|
| 5.30 | Simmons, Kevin M | PREPARE FOR DEPOSITION PREPARATION WITH H. HAVERICAK (0.1); PREPARE H. HAVERICAK FOR DEPOSITION (1.6); WORK WITH L. WANG RE PREPARING FOR DEPOSITION PREPARATION MEETINGS (0.2); WORK WITH D. CHEUNG RE E. CAZARES DEPOSITION PREPARATION OUTLINE (0.5); WORK ON C. MCCAULEY DEPOSITION OUTLINE (2.9). |
| [redacted] | Simmons, Kevin M | [redacted] |
| 3.10 | Cardone, Emily A | FINALIZE PREPARATION FOR M. DANFORTH DEPOSITION WITH L. CRAIN. |
| [redacted] | Cardone, Emily A | [redacted] |
| 4.30 | Cardone, Emily A | REVIEW AND FINALIZE M. DANFORTH EXHIBITS. |
| 1.10 | Kuntz, Andrew V | ANALYZE LEAPFROG'S PRIVILEGE LOG FOR DEFICIENT ENTRIES. |
| 0.20 | Kuntz, Andrew V | DRAFT CORRESPONDENCE TO LEAPFROG REGARDING INSUFFICIENCY OF VREDENBURGH EXPERT REPORT. |
| 0.20 | Kuntz, Andrew V | DRAFT CORRESPONDENCE TO OPPOSING COUNSEL REGARDING STATUS OF NON-PARTY DOCUMENT SUBPOENAS. |
| [redacted] | Kuntz, Andrew V | [redacted] |
| [redacted] | Wolf, Brandon C | [redacted] |

| | | |
|---|---|---|
| [redacted] | Grover, Monica | [redacted] |
| [redacted] | Shi, Andrew A | [redacted] |
| [redacted] | Reilly, Kevin J | [redacted] |
| 3.50 | Garnick, Adam J | COORDINATE AND BEGIN PREPARING FOR OFFENSIVE EXPERT DEPOSITION OF INTERNET LITERACY EXPERT (2.5); DRAFT CORRESPONDENCE WITH OPPOSING COUNSEL REGARDING DOCUMENT DEFICIENCIES AND OTHER DISCOVERY ISSUES (0.5); CONDUCT QUALITY CONTROL OF AND COORDINATE ANOTHER SUPPLEMENTAL DOCUMENT PRODUCTION (0.5). |
| 2.00 | Otoo, Mary D | REVISE LEAH BINDER DEPOSITION OUTLINE. |
| 4.00 | Otoo, Mary D | REVISE EXAMINATION MATERIALS FOR LEAH BINDER DEPOSITION. |

| | | |
|---|---|---|
| 7.40 | Togias, Iason G | PREPARE FOR DEPOSITION OF M. DANFORTH (2.7); CONDUCT RESEARCH AND COMPOSE MEMORANDUM RE LIBEL-PROOF DEFENSE (2.4); COMPOSE SEARCH TERMS FOR CENTENE (1.8); CONFER WITH S. HVIDT, A. PARKS, AND K. REILLY RE DEPOSITION OF A. HARRIS (0.5). |
| 9.20 | Fischer, Alexander M | CONFER WITH D. CHUNG AND K. SIMMONS RE PREPARATION FOR E. CAZARES DEPOSITION (.5); CONFER WITH R. BATISTA RE MOTION IN LIMINE PREPARATION (.5); REVISE AND FINALIZE E. CAZARES DEPOSITION PREPARATION MATERIALS INCLUDING DOWNLOADING AND INDEXING ALL DOCUMENTS (8.2). |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| 3.80 | Archambeau, Karsyn | REVISE DEPOSITION OUTLINE OF LEAH BINDER RE: IMPLEMENTING EDITS FROM D. CHUNG. |

| | | |
|---|---|---|
| 0.20 | Archambeau, Karsyn | BEGIN REVIEWING EXPERT REPORT OF MARK RULE FOR DEPOSITION PREPARATION. |
| [redacted] | Archambeau, Karsyn | [redacted] |
| 4.50 | Archambeau, Karsyn | CONTINUE ANALYZING DOCUMENTS FOR LEAH BINDER DEPOSITION AND ORGANIZING SAME FOR REVIEW BY D. CHUNG AND M. TAKAGAKI. |
| [redacted] | Archambeau, Karsyn | [redacted] |
| [redacted] | Delwiche, Noah J | [redacted] |
| 2.30 | Wang, Laura Y | ANALYZE LEAPFROG'S PRIVILEGE LOG FOR DEFICIENCIES. |
| 2.30 | Wang, Laura Y | ANALYZE CLIENT DOCUMENTS FOR RESPONSIVENESS. |
| [redacted] | Scott, Spencer E | [redacted] |
| [redacted] | Womack, Lauren E | [redacted] |

| | | |
|---|---|---|
| 09/18/25<br>7.00 | Chung, Daniel | PREPARE FOR L. BINDER DEPOSITION (2.0); REVIEW PRIVILEGE MATERIALS (2.0); INTERNAL CONFERENCES REGARDING M. DANFORTH DEPOSITION (2.0); REVIEW EXPERT MATERIALS (1.0). |
| 3.10 | Maloney, Mary Beth | REVIEW PRIVILEGE LOG COMMUNICATIONS (.2); ASSIST IN PREPARING GINA WEST FOR DEPOSITION (1.5); MCCAULEY DEPOSITION PREP (1.4). |
| 12.00 | Crain, Lee R | DEPOSE M. DANFORTH AND PREPARE FOR THE SAME/FOLLOW-UP. |
| 0.80 | Hvidt, Scott K | WORK WITH CORNERSTONE REGARDING EXPERT DEPOSITIONS. |
| 5.70 | Hvidt, Scott K | WORK ON DEPOSITIONS AND DEPOSITION OUTLINES. |
| 0.50 | Buzzard, Christine M | REVIEW AND REVISE DRAFT OPPOSING COUNSEL EMAIL OBJECTING TO DEFICIENT PRIVILEGE LOG. |
| [redacted] | Buzzard, Christine M | [redacted] |
| [redacted] | Parks, Allyson E | [redacted] |

| | | |
|---|---|---|
| | Takagaki, Marc Aaron Y | |
| | Hammer, Stephen J | |
| 8.80 | Simmons, Kevin M | PREPARE H. HAVERICAK FOR DEPOSITION (5.6); WORK ON C. MCCAULEY DEPOSITION OUTLINE (0.8); WORK ON R. WEST DEPOSITION OUTLINE (1.5); DRAFT SUMMARY OF CORPORATE REPRESENTATIVE TOPICS (0.5); DRAFT EMAILS RE NOTICES OF DEPOSITION (0.4). |
| | Cardone, Emily A | |

| | | |
|---|---|---|
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Kuntz, Andrew V | [redacted] |
| [redacted] | Kuntz, Andrew V | [redacted] |
| 2.40 | Kuntz, Andrew V | DRAFT ORDER OF PROOF REGARDING LEAPFROG WEBSITE DESIGN. |
| [redacted] | Kuntz, Andrew V | [redacted] |
| 1.90 | Kuntz, Andrew V | DRAFT CORRESPONDENCE REGARDING LEAPFROG'S DEFICIENT PRIVILEGE LOG. |
| [redacted] | Wolf, Brandon C | [redacted] |
| [redacted] | Grover, Monica | [redacted] |

| | | |
|---|---|---|
| 6.10 | Reilly, Kevin J | PREPARE FOR AND ATTEND CALL WITH CIGNA (0.4); ATTEND CALL WITH CORNERSTONE (0.8); CONFER WITH I. TOGIAS (0.3); PREPARE FOR HARRIS DEPOSITION (0.1); REVIEW DOCUMENTS (0.3); DRAFT SEARCH TERMS (0.6); REVISE AUSTIN DEPOSITION OUTLINE (2.6); CONFER WITH L. CRAIN REGARDING DEPOSITION (0.3); CONDUCT DOCUMENT REVIEW REGARDING INSURANCE GROUPS (0.7). |
| [redacted] | Otoo, Mary D | [redacted] |
| 1.00 | Otoo, Mary D | REVISE EXHIBITS FOR LEAH BINDER DEPOSITION. |
| 5.30 | Otoo, Mary D | REVISE LEAH BINDER DEPOSITION OUTLINE. |
| [redacted] | Togias, Iason G | [redacted] |
| 5.50 | Fischer, Alexander M | CONFER WITH E. CAZARES RE PREPARATION FOR DEPOSITION (2.0); PREPARE AND INDEX DOCUMENTS FOR G. WEST DEPOSITION PREPARATION AND REVISE MATERIALS (3.5). |

| | | |
|---|---|---|
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| 6.10 | Archambeau, Karsyn | CONTINUE DRAFTING ADDITIONAL MODULES AND REVISING OUTLINE FOR DEPOSITION OF LEAH BINDER. |
| [redacted] | Archambeau, Karsyn | [redacted] |
| 1.50 | Archambeau, Karsyn | COORDINATE WITH M. TAKAGAKI AND M. OTOO RE: REVISIONS TO DEPOSITION OUTLINE AND OUTSTANDING TASKS. |
| [redacted] | Archambeau, Karsyn | [redacted] |
| 1.20 | Delwiche, Noah J | EDIT ORDER OF PROOF. |
| 1.10 | Delwiche, Noah J | PREPARE FOR DEPOSITIONS. |
| [redacted] | Wang, Laura Y | [redacted] |
| 2.20 | Wang, Laura Y | PREPARE KEY DOCUMENTS AND TALKING POINTS FOR G. WEST DEPOSITION PREPARATION SESSION. |
| 2.00 | Wang, Laura Y | PARTICIPATE IN G. WEST DEPOSITION PREPARATION SESSION WITH M.B. MALONEY AND M.A. TAKAGAKI. |

| | | |
|---|---|---|
| [redacted] | Hyde, Robert S | [redacted] |
| [redacted] | Rivera, Victor A | [redacted] |
| [redacted] | Womack, Lauren E | [redacted] |
| 09/19/25<br>7.00 | Chung, Daniel | PREPARE FOR L. BINDER AND E. CAZARES DEPOSITIONS (2.0); REVIEW DISCOVERY CORRESPONDENCE (2.0); REVIEW EXPERT REPORTS (3.0). |
| 4.40 | Maloney, Mary Beth | CONFER WITH TEAM RE MEDIATION STRATEGY (.3); MEETING WITH CLIENT RE CASE AND STRATEGY (.3); PREPARE C. MCCAULEY FOR DEPOSITION (2.3).; PREP FOR BINDER DEPO (1.5). |
| [redacted] | Yang, Betty X | [redacted] |
| 2.80 | Crain, Lee R | CLIENT CALL RE LITIGATION STRATEGY AND PREPARE FOR THE SAME (.5); REVIEW M. DANFORTH TRANSCRIPT TO PREPARE FOR UPCOMING TRANSCRIPTS (.5); STRATEGY CALL TO DISCUSS MOTIONS IN LIMINE STRATEGY (.5); PREPARE FOR M. AUSTIN DEPOSITION (.8); PREPARE FOR M. VRENDENBERGH DEPOSITION (.5). |

| | | |
|---|---|---|
| 0.30 | Hvidt, Scott K | CONFERENCE REGARDING MOTION IN LIMINE STRATEGY. |
| 4.80 | Hvidt, Scott K | WORK ON DEPOSITIONS. |
| 0.30 | Buzzard, Christine M | DEVELOP STRATEGY AND COORDINATE TASKS FOR EXPERT MOTIONS IN LIMINE WITH R. BATISTA. |
| [redacted] | Buzzard, Christine M | [redacted] |
| [redacted] | Buzzard, Christine M | [redacted] |
| [redacted] | Buzzard, Christine M | [redacted] |
| [redacted] | Parks, Allyson E | [redacted] |

Takagaki, Marc Aaron Y

**Invoice Date: October 7, 2025** **Invoice No. 2025103330**

**Due and Payable Upon Receipt**

| | | |
|---|---|---|
| [redacted] | Batista, Robert A | [redacted] |
| [redacted] | Batista, Robert A | [redacted] |
| 0.70 | Batista, Robert A | VIDEOCONFERENCE WITH EXPERTS TEAM RE DAUBERT MOTIONS. |
| 3.20 | Batista, Robert A | ANALYZE CASE MATERIALS IN PREPARATION FOR DRAFTING MOTIONS IN LIMINE. |
| 10.50 | Simmons, Kevin M | DRAFT EMAIL TO A. FISCHER RE R. WEST DEPOSITION OUTLINE (0.4); WORK ON DEPOSITION OUTLINE FOR R. WEST (0.9); DEFEND DEPOSITION OF H. HAVERICAK (7.5); SUMMARIZE DEPOSITION OF H. HAVERICAK FOR CLIENT (1.7). |
| 0.20 | Simmons, Kevin M | INCORPORATE S. MONTGOMERY, H. HAVERICAK DEPOSITION INTO ORDER OF PROOF (0.2). |
| 0.80 | Cardone, Emily A | REVIEW AND REVISE K. VAN CAULIL DEPOSITION OUTLINE. |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| 3.40 | Cardone, Emily A | REVIEW, REVISE, AND FINALIZE P. ROMANO DEPOSITION EXHIBITS. |
| 0.90 | Kuntz, Andrew V | REVIEW SCALE DOCUMENTS FOR POTENTIAL PRODUCTION. |

| | | |
|---|---|---|
| [redacted] | Kuntz, Andrew V | [redacted] |
| 0.60 | Kuntz, Andrew V | DRAFT CORRESPONDENCE TO LEAPFROG REGARDING DATA MISSING FROM VREDENBURGH REPORT. |
| [redacted] | Talley, Mark C | [redacted] |
| [redacted] | Wolf, Brandon C | [redacted] |
| [redacted] | Grover, Monica | [redacted] |
| [redacted] | Shi, Andrew A | [redacted] |
| [redacted] | Reilly, Kevin J | [redacted] |
| 4.80 | Otoo, Mary D | REVIEW AND ANALYZE EXHIBITS IN PREPARATION FOR LEAH BINDER DEPOSITION. |
| 5.20 | Togias, Iason G | CONFER WITH B. WOLF RE MOTION FOR SUMMARY JUDGMENT (0.3); PREPARE FOR DEPOSITION OF P. ROMANO (1.0); PREPARE FOR DEPOSITION OF A. HARRIS (0.6); COMPOSE MOTION FOR SUMMARY JUDGMENT (3.3). |

| | | |
|---|---|---|
| 5.20 | Fischer, Alexander M | CONFER WITH M. MALONEY AND C. MCCAULEY RE DEPOSITION PREPARATION (2.0); INCORPORATE ALL DOCUMENTS AND REVISE AND FORMAT G. WEST DEPOSITION PREPARATION MATERIALS (3.2). |
| [redacted] | Conway, Christian L | [redacted] |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| [redacted] | Archambeau, Karsyn | [redacted] |
| [redacted] | Archambeau, Karsyn | [redacted] |
| 2.70 | Archambeau, Karsyn | CONTINUE REVISING OUTLINE OF LEAH BINDER DEPOSITION FOR REVIEW BY D. CHUNG. |
| [redacted] | Archambeau, Karsyn | [redacted] |

| | | |
|---|---|---|
| 3.50 | Delwiche, Noah J | ASSIST IN PREPARATIONS FOR L. BINDER DEPOSITION. |
| 0.80 | Wang, Laura Y | PREPARE DOCUMENTS FOR PRODUCTION IN RESPONSE TO LEAPFROG'S REQUESTS FOR PRODUCTION. |
| 3.00 | Wang, Laura Y | CONDUCT LEGAL RESEARCH IN SUPPORT OF LEAPFROG'S PRIVILEGE LOG DEFICIENCY LETTER. |
| 0.40 | Wang, Laura Y | PREPARE MATERIALS IN SUPPORT OF G. WEST DEPOSITION. |
| [redacted] | Carrasco, Sophia E | [redacted] |
| [redacted] | Scott, Spencer E | [redacted] |
| [redacted] | Varela, Eugenia | [redacted] |
| [redacted] | Womack, Lauren E | [redacted] |
| 09/20/25<br>7.00 | Chung, Daniel | PREPARE FOR L. BINDER AND E. CAZARES DEPOSITIONS. |
| 4.80 | Maloney, Mary Beth | REVIEW DEPOSITION TRANSCRIPTS OF CEO FOR RED TEAM PREP (2.8); REVISE LEAH BINDER DEPO OUTLINE (2). |
| 2.50 | Crain, Lee R | REVIEW L. BINDER DEPOSITION OUTLINE. |

| | | |
|---|---|---|
| 0.40 | Hvidt, Scott K | WORK ON NON-PARTY DISCOVERY. |
| 3.60 | Hvidt, Scott K | WORK ON DEPOSITIONS (3.2); DRAFT CORRESPONDENCE TO OPPOSING COUNSEL (.4). |
| [redacted] | Buzzard, Christine M | [redacted] |
| 5.10 | Takagaki, Marc Aaron Y | DRAFT L. BINDER OUTLINE (3.4); STRATEGIZE WITH M.B MALONEY, D. CHUNG, S. HVIDT, AND OTHERS RE: SAME (.7); REVIEW AND ANALYZE L. BINDER EXHIBITS (1.0). |
| 2.50 | Simmons, Kevin M | INCORPORATE S. MONTGOMERY, H. HAVERICAK DEPOSITION INTO ORDER OF PROOF (2.5). |
| 7.60 | Simmons, Kevin M | WORK ON CROSS-EXAMINATION QUESTIONS FOR R. WEST (7.6). |
| [redacted] | Reilly, Kevin J | [redacted] |
| 2.80 | Otoo, Mary D | REVISE LEAH BINDER DEPOSITION OUTLINE. |
| 0.50 | Togias, Iason G | CORRESPOND WITH C. BUZZARD AND B. WOLF RE MOTION FOR SUMMARY JUDGMENT (0.2); CORRESPOND WITH L. CRAIN AND K. REILLY RE DEPOSITION OF M. AUSTIN (0.3). |
| 4.00 | Fischer, Alexander M | REVISE G. WEST DEPOSITION PREPARATION OUTLINE (2.5); REVIEW DEPOSITION TRANSCRIPT OF H. HAVERICAK TO IDENTIFY LINES OF QUESTIONING FOR OTHER CEOS (1.5). |
| 4.50 | Archambeau, Karsyn | CONTINUE REVISING DEPOSITION OUTLINE RE: FEEDBACK FROM S. HVIDT AND L. CRAIN. |

| | | |
|---|---|---|
| 0.80 | Archambeau, Karsyn | REVIEW BOARD PRESENTATIONS AND MATERIALS FOR ADDITIONAL BACKGROUND AND FACTS FOR LEAH BINDER DEPOSITION. |
| | Delwiche, Noah J | |
| 09/21/25 10.00 | Chung, Daniel | PREPARE FOR L. BINDER AND E. CAZARES DEPOSITIONS. |
| | Maloney, Mary Beth | |
| | Yang, Betty X | |
| 1.70 | Crain, Lee R | PREPARE FOR DEPOSITION OF M. AUSTIN (1.2); PREPARE FOR DEPOSITION OF M. VREDENBURGH (.5). |
| 2.50 | Hvidt, Scott K | WORK ON DEPOSITIONS (2.0); DRAFT CORRESPONDENCE TO OPPOSING COUNSEL (.5). |
| 3.10 | Buzzard, Christine M | REVIEW, REVISE, AND DEVELOP STRATEGY FOR FURTHER TEAM REVISIONS TO FACTUAL BACKGROUND PORTION OF MOTION FOR SUMMARY JUDGMENT. |

| | | |
|---|---|---|
| [redacted] | Takagaki, Marc Aaron Y | [redacted] |
| 0.80 | Simmons, Kevin M | PREPARE FOR CEO AND R. WEST DEPOSITION PREPARATION SESSIONS THIS WEEK (0.8). |
| 2.00 | Simmons, Kevin M | INCORPORATE S. MONTGOMERY, H. HAVERICAK DEPOSITION INTO ORDER OF PROOF (2.0). |
| 1.70 | Kuntz, Andrew V | DRAFT CORRESPONDENCE TO LEAPFROG REGARDING OUTSTANDING REQUESTS FOR INFORMATION. |
| [redacted] | Grover, Monica | [redacted] |
| [redacted] | Reilly, Kevin J | [redacted] |
| 1.50 | Otoo, Mary D | ANALYZE LEAPFROG DOCUMENTS FOR DEPOSITION PREPARATION. |

| | | |
|---|---|---|
| [redacted] | Togias, Iason G | [redacted] |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| [redacted] | Archambeau, Karsyn | [redacted] |
| [redacted] | Archambeau, Karsyn | [redacted] |
| [redacted] | Archambeau, Karsyn | [redacted] |
| 5.30 | Archambeau, Karsyn | REVISE OUTLINE FOR DEPOSITION OF LEAH BINDER RE: IMPLEMENTING EDITS FROM D. CHUNG. |
| 0.50 | Wang, Laura Y | PREPARE DOCUMENTS AND OUTLINE IN SUPPORT OF G. WEST DEPOSITION PREPARATION SESSION. |
| 09/22/25 | | |
| 13.00 | Chung, Daniel | PREPARE FOR AND CONDUCT L. BINDER DEPOSITION (6.5); PREPARE FOR E. CAZARES DEPOSITION (6.5). |
| 8.70 | Maloney, Mary Beth | MEETING WITH WITNESSES TO PREPARE FOR DEPOSITIONS (G. WEST, C. MCCAULEY) (4); REVISE DEPOSITIONS OUTLINES AND COMMUNICATIONS WITH TEAM RE SAME (4.7). |
| [redacted] | Yang, Betty X | [redacted] |

| | | |
|---|---|---|
| 7.30 | Crain, Lee R | REVIEW AND REVISE M. AUSTIN DEPO OUTLINE (4); REVIEW L. BINDER DEPO TRANSCRIPT (1.5); ATTENTION TO DISCOVERY ISSUES AND STRATEGY (1.8). |
| 1.30 | Hvidt, Scott K | DRAFT CORRESPONDENCE TO OPPOSING COUNSEL REGARDING DISCOVERY DISPUTES (.7); DRAFT CORRESPONDENCE REGARDING DISCOVERY STRATEGY (.6). |
| [redacted] | Hvidt, Scott K | [redacted] |
| [redacted] | Buzzard, Christine M | [redacted] |
| [redacted] | Buzzard, Christine M | [redacted] |
| [redacted] | Buzzard, Christine M | [redacted] |
| 0.60 | Buzzard, Christine M | REVIEW AND REVISE ORDER OF PROOF DRAFT AND SUGGEST FURTHER EDITS AND AREAS FOR EXPLORATION TO E. DABANKA. |
| [redacted] | Buzzard, Christine M | [redacted] |
| 1.80 | Buzzard, Christine M | REVIEW AND REVISE DRAFT PRIVILEGE LOG MOTION TO COMPEL PREPARED BY A. SHI. |
| 1.10 | Buzzard, Christine M | REVIEW AND REVISE DRAFT SETTLEMENT CONFERENCE MOTION AND ACCOMPANYING PROPOSED ORDER DRAFTED BY B. FLOCH. |

| | | |
|---|---|---|
| [redacted] | Parks, Allyson E | [redacted] |
| 14.60 | Takagaki, Marc Aaron Y | PREPARE FOR L. BINDER DEPOSITION (1.4); ATTEND L. BINDER DEPOSITION (9.5); DRAFT SUMMARY RE: SAME (2.0); FILE PRO HAC VICE (.2); STRATEGIZE RE: EXPERT DEPOSITIONS (.2); TRAVEL RE: L. BINDER DEPOSITION (1.3). |
| 1.20 | Batista, Robert A | COORDINATE STRATEGY FOR MOTIONS IN LIMINE. |
| [redacted] | Batista, Robert A | [redacted] |
| 1.60 | Batista, Robert A | CONDUCT LEGAL RESEARCH FOR DAUBERT MOTIONS. |
| [redacted] | Batista, Robert A | [redacted] |
| 7.20 | Simmons, Kevin M | PREPARE J. HANLON FOR DEPOSITION (5.7); DRAFT EMAILS RE FINALIZING DEFENSIVE DEPOSITIONS (1.3); READ SUMMARY OF L. BINDER DEPOSITION FOR RELEVANCE TO CEO DEPOSITIONS (0.2). |
| 1.20 | Cardone, Emily A | REVIEW AND REVISE ORDER OF PROOF WITH M. DANFORTH EVIDENCE. |
| [redacted] | Cardone, Emily A | [redacted] |

| | | |
|---|---|---|
| [redacted] | Cardone, Emily A | [redacted] |
| 2.90 | Kuntz, Andrew V | DRAFT RESPONSE TO SCALE SUBPOENA. |
| 0.50 | Kuntz, Andrew V | CONFER WITH LOCAL COUNSEL REGARDING DEFENDANT'S DEFICIENT PRIVILEGE LOG. |
| [redacted] | Talley, Mark C | [redacted] |
| [redacted] | Wolf, Brandon C | [redacted] |
| [redacted] | Wolf, Brandon C | [redacted] |
| [redacted] | Grover, Monica | [redacted] |
| [redacted] | Shi, Andrew A | [redacted] |
| [redacted] | Reilly, Kevin J | [redacted] |

| | | |
|---|---|---|
| 12.50 | Garnick, Adam J | READ AND REVIEW ALL MATERIALS FOR VREDENBURGH EXPERT DEPOSITION (3.0); BEGIN DRAFTING DEPOSITION OUTLINE FOR VREDENBURGH (7.0); COORDINATE AND OVERSEE FINAL PRODUCTIONS OF DOCUMENTS AHEAD OF CLOSE OF FACT DISCOVERY (2.5). |
| [redacted] | Otoo, Mary D | [redacted] |
| [redacted] | Jacobs, Peter A | [redacted] |
| 7.60 | Togias, Iason G | COMPOSE 56.1 STATEMENT (4.2); CONFER WITH C. BUZZARD, C. TALLEY, AND B. WOLF RE MOTION FOR SUMMARY JUDGMENT (0.7); CONFER WITH L. CRAIN AND K. REILLY RE DEPOSITION OF M. AUSTIN (0.6); PREPARE FOR DEPOSITION OF M. AUSTIN (2.1). |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| 0.60 | Archambeau, Karsyn | FINALIZE DEPOSITION OUTLINE AND DOCUMENTS FOR LEAH BINDER DEPOSITION. |
| [redacted] | Archambeau, Karsyn | [redacted] |
| 0.60 | Archambeau, Karsyn | PROVIDE REAL-TIME ANALYSIS OF DOCUMENTS AND REVISIONS TO OUTLINE RE: LEAH BINDER DEPOSITION. |

| | | |
|---|---|---|
| 3.80 | Archambeau, Karsyn | BEGIN DRAFTING OUTLINE OF DEPOSITION OF MARK RULE. |
| [redacted] | Archambeau, Karsyn | [redacted] |
| 1.40 | Delwiche, Noah J | EDIT ORDER OF PROOF WITH INSIGHTS FROM KUSH BANERJEE DEPOSITION. |
| 1.30 | Delwiche, Noah J | PREPARE FOR LEAH BINDER DEPOSITION. |
| [redacted] | Wang, Laura Y | [redacted] |
| [redacted] | Wang, Laura Y | [redacted] |
| 2.00 | Wang, Laura Y | PARTICIPATE IN C. MCCAULEY DEPOSITION PREPARATION SESSION WITH M.B. MALONEY. |
| 2.00 | Wang, Laura Y | LEAD G. WEST DEPOSITION PREPARATION SESSION WITH MB MALONEY. |
| [redacted] | Scott, Spencer E | [redacted] |
| [redacted] | Womack, Lauren E | [redacted] |
| [redacted] | Womack, Lauren E | [redacted] |

| | | |
|---|---|---|
| [redacted] | Womack, Lauren E | [redacted] |
| 09/23/25<br>8.50 | Chung, Daniel | PREPARE E. CAZARES FOR DEPOSITION (3.0); REVIEW COURT FILINGS (3.0); REVIEW SOURCE DOCUMENTS (1.5); REVIEW ORDER OF PROOF (1.0). |
| 10.80 | Maloney, Mary Beth | PREPARE FOR DEPOSITION OF CYNTHIA MCCAULEY AND REVISE PREPARE FOR GINA WEST DEPO. |
| [redacted] | Yang, Betty X | [redacted] |
| 2.00 | Crain, Lee R | PREPARE FOR DEPOSITION OF M. AUSTIN, INCLUDING REVIEWING TRANSCRIPT OF P. ROMANO. |
| 9.00 | Hvidt, Scott K | TAKE THE P. ROMANO DEPOSITION. |
| 2.70 | Hvidt, Scott K | WORK ON DEPOSITIONS (2.1); DRAFT CORRESPONDENCE TO OPPOSING COUNSEL (.6). |
| 0.10 | Buzzard, Christine M | PARTICIPATE IN GIBSON SENIOR SYNC STRATEGY CALL. |
| [redacted] | Buzzard, Christine M | [redacted] |
| 1.00 | Buzzard, Christine M | PARTICIPATE IN MEET AND CONFER CALL WITH M. TAKAGAKI, A. KUNTZ, AND LEAPFROG COUNSEL RE: OUTSTANDING DISCOVERY ISSUES. |

| | | |
|---|---|---|
| 0.20 | Buzzard, Christine M | PREPARE FOR MEET AND CONFER CALL WITH LEAPFROG COUNSEL RE: OUTSTANDING DISCOVERY ISSUES. |
| [redacted] | Buzzard, Christine M | [redacted] |
| 0.30 | Buzzard, Christine M | REVIEW AND ANALYZE REVISED DRAFT FROM A. SHI OF MOTION TO COMPEL PRIVILEGE LOG. |
| [redacted] | Parks, Allyson E | [redacted] |
| 8.20 | Takagaki, Marc Aaron Y | STRATEGIZE WITH K. SIMMONS AND L. WANG RE: G. WEST DEPOSITION PREPARATION (.6); STRATEGIZE WITH M. OTOO AND K. ARCHAMBEAU RE: DRAFTING OUTLINE FOR M. RULE DEPOSITION (.1); ATTEND TEAM MEETINGS RE: CASE STATUS AND STRATEGY (.4); CONFER WITH OPPOSING COUNSEL RE: DEPOSITION NOTICE (.1); REVIEW TRANSCRIPT OF J. HANLON DEPOSITION (.5); REVIEW AND ANALYZE L. BINDER NOTEBOOK (.2); CONFER WITH TEAM RE: PRODUCTION OF SAME (.1); REVIEW ARGUMENTS RE: EXCLUSION OF EXPERT M. RULE (.3); REVIEW AND ANALYZE G. WEST DEPOSITION OUTLINE AND EXHIBITS (1.5); REVIEW AND ANALYZE H. HAVERICAK AND S. MONTGOMERY DEPOSITION TRANSCRIPTS (1.0); TRAVEL RELATED TO G. WEST DEPOSITION PREPARATION AND DEPOSITION (2.5); ATTEND MEET AND CONFER WITH OPPOSING COUNSEL (.7); STRATEGIZE WITH A. GARNICK RE: DOCUMENT PRODUCTIONS (.2). |

| | | |
|---|---|---|
| 5.40 | Batista, Robert A | ANALYZE EXPERT REPORTS IN PREPARATION FOR DRAFTING DAUBERT MOTIONS. |
| [redacted] | Batista, Robert A | [redacted] |
| 8.70 | Simmons, Kevin M | PREPARE FOR CEO DEPOSITION AND DEPOSITION PREPARATIONS (0.1); PREPARE C. MCCAULEY FOR DEPOSITION (8.6). |
| 1.10 | Simmons, Kevin M | WORK WITH BRIEFING TEAM ON MOTION IN LIMINE RE CMS STAR RATING (1.1). |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.30 | Cardone, Emily A | REVIEW AND ANALYZE EXPERT GUIDING PRINCIPLES FOR P. ROMANO DEPOSITION. |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Kuntz, Andrew V | [redacted] |
| 1.20 | Kuntz, Andrew V | REVIEW LEAPFROG'S PRIVILEGE LOG FOR DEFICIENCIES. |

| | | |
|---|---|---|
| 1.00 | Kuntz, Andrew V | DRAFT TALKING POINTS FOR MEET AND CONFER WITH LEAPFROG REGARDING DEFICIENT PRIVILEGE LOG. |
| [redacted] | Kuntz, Andrew V | [redacted] |
| 1.20 | Kuntz, Andrew V | CONFER WITH LEAPFROG REGARDING PRIVILEGE LOG DEFICIENCIES. |
| 1.40 | Kuntz, Andrew V | DRAFT CORRESPONDENCE MEMORIALIZING MEETING WITH LEAPFROG REGARDING DEFICIENT PRIVILEGE LOG. |
| [redacted] | Kuntz, Andrew V | [redacted] |
| [redacted] | Wolf, Brandon C | [redacted] |
| [redacted] | Wolf, Brandon C | [redacted] |
| [redacted] | Grover, Monica | [redacted] |
| [redacted] | Shi, Andrew A | [redacted] |
| 6.40 | Reilly, Kevin J | REVISE AUSTIN DEPOSITOIN OUTLINE. |

| | | |
|---|---|---|
| 7.10 | Garnick, Adam J | CONTINUE DRAFTING VREDENBURGH DEPOSITION OUTLINE (5.0); OVERSEE AND COORDINATE FINAL PRODUCTION BEFORE CLOSE OF FACT DISCOVERY (2.1). |
| 2.70 | Otoo, Mary D | DRAFT MARK RULE DEPOSITION OUTLINE. |
| | Otoo, Mary D | |
| 0.70 | Otoo, Mary D | DRAFT CORRESPONDENCE REGARDING MARK RULE DEPOSITION. |
| | Jacobs, Peter A | |
| 12.60 | Togias, Iason G | CONFER WITH TEAM RE CASE STRATEGY (0.2); PREPARE FOR DEPOSITION OF M. AUSTIN (12.4). |
| 8.50 | Fischer, Alexander M | PREPARE E. CAZARES FOR DEPOSITION WITH D. CHUNG AND K. SIMMONS |
| | Dabanka, Elizabeth A | |
| | Archambeau, Karsyn | |

| | | |
|---|---|---|
| [redacted] | Archambeau, Karsyn | [redacted] |
| [redacted] | Archambeau, Karsyn | [redacted] |
| 2.60 | Archambeau, Karsyn | CONTINUE DRAFTING DEPOSITION OUTLINE OF M. RULE. |
| [redacted] | Archambeau, Karsyn | [redacted] |
| [redacted] | Delwiche, Noah J | [redacted] |
| [redacted] | Wang, Laura Y | [redacted] |
| 1.30 | Wang, Laura Y | ADVANCE DOCUMENTS IN SUPPORT OF LEAPFROG'S DOCUMENT REQUESTS. |
| [redacted] | Wang, Laura Y | [redacted] |
| [redacted] | Wang, Laura Y | [redacted] |
| [redacted] | Scott, Spencer E | [redacted] |
| | Womack, Lauren E | |
| [redacted] | Womack, Lauren E | [redacted] |

| | | |
|---|---|---|
| 09/24/25<br>6.50 | Chung, Daniel | PREPARE FOR AND DEFEND E. CAZARES DEPOSITION; REVIEW M. AUSTIN DEPOSITION MATERIALS; INTERNAL CONFERENCES REGARDING DISCOVERY STRATEGY; REVISE DRAFT ORDER OF PROOF; REVIEW DEPOSITION TRANSCRIPTS |
| 10.90 | Maloney, Mary Beth | PREPARE FOR AND DEFEND C. MCCAULEY (8.2); COMMUNICATIONS WITH TEAM RE ADDITIONAL DOCUMENT PRODUCTIONS (.4); COMMUNICATIONS WITH L. CRAIN AND S. HVIDT RE AUSTIN DEPOSITION STRATEGY (.5); COMMUNICATIONS RE G. WEST PREP (.5); PREP FOR G. WEST DEPO (1.3). |
| [redacted] | Yang, Betty X | [redacted] |
| 11.50 | Crain, Lee R | PREPARE FOR DEPOSITION OF M. AUSTIN INCLUDING REVIEWING DOZENS OF DOCUMENTS, REVISING OUTLINE, CONFERRING WITH I. TOGIAS AND K. REILLY. |
| 12.90 | Hvidt, Scott K | WORK ON DEPOSITIONS AND DEPOSITION TASKS. |
| [redacted] | Buzzard, Christine M | [redacted] |
| 0.60 | Buzzard, Christine M | REVIEW, ANALYZE, AND COMMENT ON DRAFT AUSTIN DEPOSITION OUTLINE. |
| [redacted] | Buzzard, Christine M | [redacted] |

| | | |
|---|---|---|
| 9.80 | Takagaki, Marc Aaron Y | REVIEW AND ANALYZE G. WEST DEPOSITION PREPARATION MATERIALS (1.1); ATTEND G. WEST DEPOSITION PREPARATION (8.7). |
| 2.90 | Batista, Robert A | ANALYZE EXPERT REPORTS IN PREPARATION FOR DRAFTING DAUBERT MOTIONS. |
| [redacted] | Batista, Robert A | [redacted] |
| 0.40 | Simmons, Kevin M | DRAFT EMAILS RE PRODUCING FINAL DOCUMENTS (0.3); DRAFT EMAIL TO M.B. MALONEY RE ACTION ITEMS FROM C. MCCAULEY DEPOSITION PREPARATION (0.1). |
| 7.30 | Simmons, Kevin M | PREPARE R. WEST FOR DEPOSITION (6.2); PREPARE FOR DEPOSITION PREPARATION FOR R. WEST (0.2); READ SUMMARY OF RECENT DEPOSITIONS (0.6); DRAFT EMAIL TO E. CAZARES RE LATEST LEAPFROG GRADE (0.3). |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.60 | Cardone, Emily A | REVIEW AND ANALYZE KEY FLORIDA ALLIANCE DOCUMENTS FOR K. VAN CAULIL DEPOSITION. |
| [redacted] | Kuntz, Andrew V | [redacted] |

| | | |
|---|---|---|
| [redacted] | Kuntz, Andrew V | [redacted] |
| 0.80 | Kuntz, Andrew V | REVISE PRIVILEGE LOG FOR ADDITIONAL PRODUCTIONS. |
| 1.40 | Kuntz, Andrew V | DRAFT CORRESPONDENCE WITH OPPOSING COUNSEL REGARDING PRIVILEGE LOGS. |
| [redacted] | Wolf, Brandon C | [redacted] |
| [redacted] | Grover, Monica | [redacted] |
| [redacted] | Shi, Andrew A | [redacted] |
| 1.90 | Reilly, Kevin J | REVISE M. AUSTIN DEPOSITION OUTLINE (1.0); REVISE PROF. HARRIS DEPOSITION OUTLINE (0.9) |
| 12.70 | Garnick, Adam J | CONTINUE DRAFTING AND REVISING EXPERT DEPOSITION OUTLINE FOR VREDENBURGH (7.6); REVIEW AND REVISE PRIVILEGE LOGS (2.5); COORDINATE, FINALIZE, AND SERVE ADDITIONAL DOCUMENT PRODUCTIONS (2.5). |
| 3.30 | Otoo, Mary D | DRAFT MARK RULE DEPOSITION OUTLINE. |
| [redacted] | Jacobs, Peter A | [redacted] |
| 9.80 | Togias, Iason G | PREPARE FOR DEPOSITION OF M. AUSTIN. |

| | | |
|---|---|---|
| 5.10 | Fischer, Alexander M | APPEAR FOR DEPOSITION OF E. CAZARES AS SECOND CHAIR WITH D. CHUNG (4.2); SUMMARIZE DEPOSITION FOR TEAM (.9). |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| [redacted] | Archambeau, Karsyn | [redacted] |
| [redacted] | Archambeau, Karsyn | [redacted] |
| 1.80 | Archambeau, Karsyn | CONTINUE DRAFTING DEPOSITION OUTLINE FOR MARK RULE. |
| 0.90 | Archambeau, Karsyn | DRAFT EMAIL TO OPPOSING COUNSEL RE: DISCOVERY PROTOCOL AND REQUIREMENTS. |
| [redacted] | Archambeau, Karsyn | [redacted] |
| [redacted] | Archambeau, Karsyn | [redacted] |
| [redacted] | Delwiche, Noah J | [redacted] |
| 0.20 | Wang, Laura Y | PREPARE DOCUMENTS IN SUPPORT OF G. WEST DEPOSITION. |
| 1.10 | Wang, Laura Y | ADVANCE DOCUMENTS IN RESPONSE TO LEAPFROG'S REQUESTS FOR PRODUCTION. |
| [redacted] | Womack, Lauren E | [redacted] |

| | | |
|---|---|---|
| [redacted] | Womack, Lauren E | [redacted] |
| 09/25/25<br>4.50 | Chung, Daniel | REVIEW DEPOSITION TRANSCRIPTS; REVISE ORDER OF PROOF; INTERNAL CONFERENCES REGARDING DISCOVERY STRATEGY; REVIEW EXPERT REPORTS; REVIEW SOURCE DOCUMENTS. |
| 9.50 | Maloney, Mary Beth | PREP AND DEFEND GINA WEST AND FOLLOW UP WITH TEAM RE STATUS AND STRATEGY FOR OTHER DEPOSITIONS. |
| [redacted] | Yang, Betty X | [redacted] |
| 12.00 | Crain, Lee R | PREPARE FOR (3) AND TAKE (9) DEPOSITION OF M. AUSTIN. |
| [redacted] | Hvidt, Scott K | [redacted] |
| [redacted] | Hvidt, Scott K | [redacted] |
| 7.50 | Hvidt, Scott K | TAKE NON-PARTY DEPOSITION. |
| [redacted] | Buzzard, Christine M | [redacted] |

| | | |
|---|---|---|
| [redacted] | Buzzard, Christine M | [redacted] |
| [redacted] | Buzzard, Christine M | [redacted] |
| [redacted] | Buzzard, Christine M | [redacted] |
| [redacted] | Buzzard, Christine M | [redacted] |
| [redacted] | Parks, Allyson E | [redacted] |
| 11.80 | Takagaki, Marc Aaron Y | PREPARE FOR G. WEST DEPOSITION (.8); ATTEND G. WEST DEPOSITION (7.7); DRAFT SUMMARY OF G. WEST DEPOSITION (1.6); REVIEW AND ANALYZE M. RULE EXPERT REPORT (.8); STRATEGIZE WITH M. OTOO AND K. ARCHAMBEAU RE: OUTLINE AND EXHIBITS FOR M. RULE DEPOSITION (.1); REVIEW AND ANALYZE OUTLINE FOR M. RULE DEPOSITION (.8). |
| [redacted] | Batista, Robert A | [redacted] |
| 0.30 | Batista, Robert A | ANALYZE CASE MATERIALS IN PREPARATION FOR DRAFTING MOTIONS IN LIMINE AND DAUBERT MOTIONS. |

| | | |
|---|---|---|
| [redacted] | Simmons, Kevin M | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Kuntz, Andrew V | [redacted] |
| [redacted] | Kuntz, Andrew V | [redacted] |
| 1.20 | Kuntz, Andrew V | REVIEW DOCUMENT POPULATION SLATED FOR FINAL PRODUCTION. |
| 0.30 | Kuntz, Andrew V | CONDUCT PRIVILEGE REVIEW OF POTENTIAL DOCUMENT PRODUCTION. |
| 1.10 | Kuntz, Andrew V | REVIEW LEAPFROG'S REVISED PRIVILEGE LOG. |
| [redacted] | Kuntz, Andrew V | [redacted] |

| | | |
|---|---|---|
| [redacted] | Grover, Monica | [redacted] |
| [redacted] | Shi, Andrew A | [redacted] |
| 2.40 | Reilly, Kevin J | REVISE HARRISE DEPOSITION OUTLINE. |
| 6.50 | Garnick, Adam J | REVIEW, COORDINATE, AND SERVE FINAL DOCUMENT PRODUCTIONS AHEAD OF CLOSE OF FACT DISCOVERY (3.0); REVIEW, REVISE, AND SERVE PRIVILEGE LOGS FOR ALL RECENT PRODUCTIONS (2.5); CONTINUE DRAFTING EXPERT DEPOSITION OUTLINE (1.0). |
| 1.60 | Otoo, Mary D | REVISE MARK RULE DEPOSITION OUTLINE. |
| [redacted] | Jacobs, Peter A | [redacted] |
| 11.30 | Togias, Iason G | PREPARE FOR M. AUSTIN DEPOSITION (0.6); CONDUCT M. AUSTIN DEPOSITION (9.0); CONFER WITH L. CRAIN RE M. AUSTIN DEPOSITION (0.6); BEGIN COMPOSING SUMMARY AND ANALYSIS OF M. AUSTIN DEPOSITION (0.8); COORDINATE WITH S. HVIDT AND K. REILLY RE DEPOSITION OF A. HARRIS (0.3). |
| [redacted] | Conway, Christian L | [redacted] |

| | | |
|---|---|---|
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| 0.70 | Archambeau, Karsyn | REVISE DEPOSITION OUTLINE OF MARK RULE RE: INCORPORATING REVISIONS FROM A. PARKS. |
| [redacted] | Archambeau, Karsyn | [redacted] |
| 2.60 | Archambeau, Karsyn | REVISE ORDER OF PROOF RE: LEAH BINDER DEPOSITION. |
| [redacted] | Archambeau, Karsyn | [redacted] |
| [redacted] | Archambeau, Karsyn | [redacted] |
| 1.70 | Wang, Laura Y | ANALYZE LEAPFROG'S PRIVILEGE LOG FOR DEFICIENCIES. |
| [redacted] | Scott, Spencer E | [redacted] |
| [redacted] | Womack, Lauren E | [redacted] |

| | | |
|---|---|---|
| 09/26/25<br>7.00 | Chung, Daniel | INTERNAL CONFERENCES REGARDING DISCOVERY STRATEGY; REVIEW WITNESS LIST AND RELATED MATERIALS; REVIEW SOURCE DOCUMENTS; REVIEW DEPOSITION TRANSCRIPTS; REVISE ORDER OF PROOF; INTERNAL CONFERENCES REGARDING PRE-TRIAL MOTION STRATEGY. |
| 4.20 | Maloney, Mary Beth | MEETINGS WITH CLIENT RE STRATEGY, REVISE CLIENT UPDATE RE DEPOSITIONS, CALLS WITH TEAM RE STRATEGY, REVISE ORDER OF PROOF. |
| [redacted] | Yang, Betty X | [redacted] |
| 5.10 | Crain, Lee R | PREPARE FOR DEPOSITION OF M. VANDENBERGH (3.25); TEAM STRATEGY CALL RE REMEDY AND WITNESS LIST (1); ATTEND CLIENT CALL AND PREPARE FOR THE SAME (.75). |
| 1.20 | Hvidt, Scott K | EXECUTE VARIOUS DISCOVERY STRATEGY TASKS. |
| 3.90 | Hvidt, Scott K | WORK ON HARRIS DEPOSITION. |
| 1.00 | Hvidt, Scott K | WORK WITH TEAM REGARDING STRATEGY. |
| [redacted] | Buzzard, Christine M | [redacted] |
| [redacted] | Buzzard, Christine M | [redacted] |

| | | |
|---|---|---|
| [redacted] | Buzzard, Christine M | [redacted] |
| [redacted] | Buzzard, Christine M | [redacted] |
| [redacted] | Buzzard, Christine M | [redacted] |
| 0.60 | Buzzard, Christine M | DEVELOP STRATEGY TO ADDRESS REMEDY REQUEST ON MOTION FOR SUMMARY JUDGMENT. |
| [redacted] | Parks, Allyson E | [redacted] |
| [redacted] | Takagaki, Marc Aaron Y | [redacted] |

| | | |
|---|---|---|
| [redacted] | Batista, Robert A | [redacted] |
| 1.10 | Batista, Robert A | DRAFT EMAIL PROVIDING RECOMMENDATION ON STRATEGY FOR MOTIONS IN LIMINE. |
| [redacted] | Batista, Robert A | [redacted] |
| [redacted] | Batista, Robert A | [redacted] |
| [redacted] | Simmons, Kevin M | [redacted] |
| 1.10 | Cardone, Emily A | DEVELOP STRATEGY WITH M. MALONEY, L. CRAIN, S. HVIDT, D. CHUNG, A. PARKS, C. BUZZARD, AND M. TAKAGAKI RE WITNESS LIST AND INITIAL DISCLOSURES. |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.60 | Cardone, Emily A | COORDINATE WITH M. GROVER RE P. ROMANO REDACTED EXHIBITS. |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Kuntz, Andrew V | [redacted] |

| | | |
|---|---|---|
| [redacted] | Kuntz, Andrew V | [redacted] |
| [redacted] | Kuntz, Andrew V | [redacted] |
| [redacted] | Wolf, Brandon C | [redacted] |
| [redacted] | Grover, Monica | [redacted] |
| [redacted] | Shi, Andrew A | [redacted] |
| 8.10 | Garnick, Adam J | REVIEW VREDENBURGH PUBLICATIONS AND OTHER DOCUMENTS AHEAD OF DEPOSITION (3.5); CONDUCT LEGAL RESEARCH ON RULE 26 AND OTHER EXPERT DEPOSITION ISSUES (1.0); CONTINUE DRAFTING AND REVISING DEPOSITION OUTLINE (3.5). |
| [redacted] | Otoo, Mary D | [redacted] |
| [redacted] | Otoo, Mary D | [redacted] |
| 6.00 | Otoo, Mary D | REVISE OUTLINE AND EXHIBITS FOR MARK RULE DEPOSITION. |

| | | |
|---|---|---|
| [redacted] | Jacobs, Peter A | [redacted] |
| 8.40 | Togias, Iason G | COMPOSE SUMMARY AND ANALYSIS OF M. AUSTIN DEPOSITION (2.3); PREPARE FOR DEPOSITION OF A. HARRIS (6.1). |
| [redacted] | Conway, Christian L | [redacted] |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| [redacted] | Archambeau, Karsyn | [redacted] |
| [redacted] | Archambeau, Karsyn | [redacted] |
| 1.00 | Archambeau, Karsyn | STRATEGIZE WITH C. BUZZARD, M. TAKAGAKI, R. BATISTA, AND M. OTOO RE: DEPOSITION OF MARK RULE AND MOTION IN LIMINE TO EXCLUDE. |
| 1.00 | Archambeau, Karsyn | ANALYZE CASE LAW RE: EXTENT OF EXPERT DISCLOSURES FOR MATERIALS RELIED UPON FOR A. GARNICK. |

| | | |
|---|---|---|
| 0.50 | Archambeau, Karsyn | ANALYZE CASE LAW RE: PROPER SCOPE OF REBUTTAL EXPERT REPORT FOR MARK RULE DEPOSITION OUTLINE. |
| 0.80 | Archambeau, Karsyn | COLLABORATE WITH M. OTOO AND M. TAKAGAKI RE: REVISIONS TO MARK RULE DEPOSITION OUTLINE. |
| [redacted] | Archambeau, Karsyn | [redacted] |
| 0.20 | Archambeau, Karsyn | COLLABORATE WITH A. GARNICK RE: PREPARING EXHIBITS FOR VREDENBURGH DEPOSITION. |
| 2.40 | Archambeau, Karsyn | REVISE DEPOSITION OUTLINE OF MARK RULE RE: REFINING EXISTING MODULES AND CREATING NEW MODULES. |
| [redacted] | Archambeau, Karsyn | [redacted] |
| [redacted] | Delwiche, Noah J | [redacted] |
| [redacted] | Womack, Lauren E | [redacted] |
| 09/27/25 [redacted] | Chung, Daniel | [redacted] |
| [redacted] | Maloney, Mary Beth | [redacted] |
| 0.60 | Hvidt, Scott K | PREPARE FOR HARRIS DEPOSITION. |

| | | |
|---|---|---|
| 2.40 | Takagaki, Marc Aaron Y | DRAFT OUTLINE FOR M. RULE DEPOSITION (.8); REVIEW AND ANALYZE M. RULE, S. NICHOLSON, AND A. HARRIS EXPERT REPORTS (.9); REVIEW AND ANALYZE EXHIBITS FOR M. RULE DEPOSITION (.5); STRATEGIZE WITH M. OTOO AND K. ARCHAMBEAU RE: PREPARATION FOR M. RULE DEPOSITION (.2). |
| 3.20 | Otoo, Mary D | REVISE MARK RULE DEPOSITION OUTLINE. |
| 2.00 | Togias, Iason G | PREPARE FOR DEPOSITION OF A. HARRIS. |
| 2.30 | Archambeau, Karsyn | REVISE DEPOSITION OUTLINE OF MARK RULE RE: INCORPORATING COMMENTS FROM M. TAKAGAKI. |
| 09/28/25 | | |
| 1.20 | Chung, Daniel | REVISE ORDER OF PROOF; REVIEW DEPOSITION TRANSCRIPTS. |
| 0.40 | Crain, Lee R | CONFER WITH A. GARNICK RE STATUS AND STRATEGY OF EXPERT DEPOSITION. |
| 4.80 | Hvidt, Scott K | PREPARE FOR HARRIS DEPOSITION. |
| [redacted] | Takagaki, Marc Aaron Y | [redacted] |
| [redacted] | Talley, Mark C | [redacted] |
| 2.60 | Reilly, Kevin J | REVISE HARRIS DEPOSITION |

| | | |
|---|---|---|
| 12.60 | Garnick, Adam J | SUBSTANTIALLY REVISE AND CONTINUE DRAFTING DEPOSITION OUTLINE FOR VREDENBURGH (10.5); CONFER WITH L. CRAIN REGARDING DEPOSITION OUTLINE (0.5); CONDUCT FACT RESEARCH AND REVIEW DOCUMENTS FOR EXPERT DEPOSITION (1.5). |
| 3.50 | Otoo, Mary D | REVISE MARK RULE DEPOSITION OUTLINE AND EXHIBITS. |
| [redacted] | Togias, Iason G | [redacted] |
| [redacted] | Archambeau, Karsyn | [redacted] |
| [redacted] | Archambeau, Karsyn | [redacted] |
| 1.20 | Archambeau, Karsyn | CONTINUE DRAFTING QUESTIONS FOR MARK RULE DEPOSITION. |
| 09/29/25 | | |
| 4.50 | Chung, Daniel | REVISE ORDER OF PROOF; REVIEW DEPOSITION TRANSCRIPTS; REVIEW SOURCE DOCUMENTS |
| [redacted] | Maloney, Mary Beth | [redacted] |
| [redacted] | Yang, Betty X | [redacted] |
| 8.90 | Crain, Lee R | PREPARE FOR DEPOSITION OF EXPERT. |
| 2.70 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE NOTES FROM HARRIS DEPOSITION (1.2); WORK ON HARRIS DEPOSITION (1.5). |

| | | |
|---|---|---|
| 10.00 | Hvidt, Scott K | DEPOSE A. HARRIS. |
| [redacted] | Buzzard, Christine M | [redacted] |
| [redacted] | Buzzard, Christine M | [redacted] |
| 4.60 | Buzzard, Christine M | REVIEW AND COMMUNICATE WITH FACT AND BRIEFING TEAM MEMBERS REGARDING FACT GATHERING AND RESULTING ARGUMENTS FOR MOTION FOR SUMMARY JUDGMENT. |
| [redacted] | Parks, Allyson E | [redacted] |
| [redacted] | Takagaki, Marc Aaron Y | [redacted] |
| 0.20 | Batista, Robert A | CONFER WITH D. CHUNG RE LEGAL RESEARCH ON MOTIONS IN LIMINE. |
| 0.60 | Simmons, Kevin M | READ DEPOSITION SUMMARIES (0.2);<br>DRAFT EMAILS RE REVIEWING CEO TRANSCRIPTS FOR ERRATA (0.3);<br>READ C. MCCAULEY DEPOSITION SUMMARY (0.1). |
| 0.40 | Cardone, Emily A | REVIEW AND ANALYZE HARRIS DEPOSITION SUMMARY. |
| 0.50 | Cardone, Emily A | REVIEW AND REVISE ORDER OF PROOF. |

| | | |
|---|---|---|
| [redacted] | Cardone, Emily A | [redacted] |
| 0.70 | Kuntz, Andrew V | REVISE SUMMARY JUDGMENT BRIEF REGARDING LEAPFROG'S DECEPTIVE GRADING PRACTICES. |
| [redacted] | Talley, Mark C | [redacted] |
| [redacted] | Wolf, Brandon C | [redacted] |
| [redacted] | Grover, Monica | [redacted] |
| [redacted] | Shi, Andrew A | [redacted] |
| 9.50 | Reilly, Kevin J | ATTEND A. HARRIS DEPOSITION. |
| 12.50 | Garnick, Adam J | DRAFT, REVISE, AND FINALIZE DEPOSITION OUTLINE AND EXHIBITS FOR VREDENBURGH DEPOSITION (11.5); COORDINATE CREATION OF AND REVIEW DEPOSITION BINDERS (1.0). |
| 0.60 | Otoo, Mary D | DRAFT CORRESPONDENCE REGARDING MARK RULE DEPOSITION. |
| 9.60 | Otoo, Mary D | TAKE THE DEPOSITION MARK RULE. |
| [redacted] | Jacobs, Peter A | [redacted] |

| | | |
|---|---|---|
| 5.80 | Togias, Iason G | REVISE SUMMARY AND ANALYSIS OF M. AUSTIN DEPOSITION (0.9); REVISE ORDER OF PROOF (1.8); COMPOSE DRAFT OF 56.1 STATEMENT (3.1). |
| 1.50 | Fischer, Alexander M | REVISE DRAFT ORDER OF PROOF TO INCLUDE DEPOSITION EVIDENCE FROM E. CAZARES DEPOSITION. |
| [redacted] | Dabanka, Elizabeth A | [redacted] |
| 1.00 | Archambeau, Karsyn | REVIEW LIVE DEPOSITION TRANSCRIPT OF MARK RULE. |
| [redacted] | Archambeau, Karsyn | [redacted] |
| [redacted] | Archambeau, Karsyn | [redacted] |
| 1.20 | Archambeau, Karsyn | REVIEW ORDER OF PROOF AND COMPILE DOCUMENTS CITED IN SAME WITH E. DABANKA. |
| [redacted] | Archambeau, Karsyn | [redacted] |

Archambeau, Karsyn

Carrasco, Sophia E

Carrasco, Sophia E

Carrasco, Sophia E

Carrasco, Sophia E

Carrasco, Sophia E

09/30/25

Fackler, Stephen W

Chung, Daniel

Maloney, Mary Beth

| | | |
|---|---|---|
| [redacted] | Yang, Betty X | [redacted] |
| 11.00 | Crain, Lee R | PREPARE FOR AND TAKE DEPOSITION OF EXPERT. |
| [redacted] | Hvidt, Scott K | [redacted] |
| [redacted] | Hvidt, Scott K | [redacted] |
| 3.50 | Hvidt, Scott K | DRAFT, REVIEW AND REVISE EXPERT DEPOSITION SUMMARY (2.7); DRAFT CORRESPONDENCE REGARDING EXPERT DISCOVERY STRATEGY (.8). |
| 2.80 | Buzzard, Christine M | REVIEW AND PROVIDE SUBSTANTIVE COMMENTS ON DRAFT MOTION FOR SUMMARY JUDGMENT, INCLUDING TO HIGHLIGHT KEY FACTUAL ASSERTIONS SUPPORTING OUR MOTION. |
| [redacted] | Buzzard, Christine M | [redacted] |
| [redacted] | Buzzard, Christine M | [redacted] |
| [redacted] | Buzzard, Christine M | [redacted] |
| [redacted] | Buzzard, Christine M | [redacted] |

| | | |
|---|---|---|
| 2.30 | Buzzard, Christine M | REVIEW AND ANALYZE DEPOSITION TRANSCRIPTS WITH KEY POINTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT. |
| [redacted] | Buzzard, Christine M | [redacted] |
| [redacted] | Buzzard, Christine M | [redacted] |
| [redacted] | Parks, Allyson E | [redacted] |
| [redacted] | Takagaki, Marc Aaron Y | [redacted] |
| 2.10 | Batista, Robert A | DRAFT LIST OF POTENTIAL ARGUMENTS FOR DAUBERT MOTIONS. |
| 0.30 | Batista, Robert A | CONFER WITH LOCAL COUNSEL RE STRATEGY FOR MOTIONS IN LIMINE. |

| | | |
|---|---|---|
| 0.70 | Batista, Robert A | CONDUCT LEGAL RESEARCH RE MOTIONS IN LIMINE. |
| 0.60 | Batista, Robert A | CONFER WITH C. BUZZARD RE STRATEGY FOR MOTIONS IN LIMINE. |
| 0.50 | Simmons, Kevin M | READ SUMMARIES OF RECENT DEPOSITIONS (0.1);<br>ANALYZE DEFENSIVE FACT WITNESS DEPOSITION TRANSCRIPTS (0.4). |
| 2.60 | Simmons, Kevin M | COMMENT ON MOTION FOR SUMMARY JUDGMENT TO RAISE POINTS FROM CEO DEPOSITIONS (2.6). |
| [redacted] | Simmons, Kevin M | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.70 | Cardone, Emily A | REVIEW AND REVISE SUMMARY JUDGMENT MOTION FOR M. DANFORTH EVIDENCE. |
| [redacted] | Cardone, Emily A | [redacted] |
| 0.60 | Cardone, Emily A | REVIEW AND ANALYZE RULE DEPOSITION SUMMARY AND TRANSCRIPT. |

| | | |
|---|---|---|
| [redacted] | Kuntz, Andrew V | [redacted] |
| [redacted] | Talley, Mark C | [redacted] |
| [redacted] | Wolf, Brandon C | [redacted] |
| [redacted] | Grover, Monica | [redacted] |
| [redacted] | Shi, Andrew A | [redacted] |
| [redacted] | Reilly, Kevin J | [redacted] |
| 9.00 | Garnick, Adam J | FINAL PREPARATION FOR VREDENBURGH DEPOSITION (1.5); ATTEND AND PARTICIPATE IN DEPOSITION OF VREDENBURGH (7.5). |
| 0.70 | Otoo, Mary D | DRAFT CORRESPONDENCE REGARDING MARK RULE DEPOSITION. |
| [redacted] | Otoo, Mary D | [redacted] |

| | | |
|---|---|---|
| 1.10 | Otoo, Mary D | DRAFT ANALYSIS OF MARK RULE DEPOSITION. |
| 2.70 | Otoo, Mary D | REVIEW AND ANALYZE MARK RULE TRANSCRIPT FOR MOTION IN LIMINE. |
| | Togias, Iason G | |
| | Fischer, Alexander M | |
| | Conway, Christian L | |
| | Dabanka, Elizabeth A | |
| | Archambeau, Karsyn | |
| 0.70 | Archambeau, Karsyn | COORDINATE WITH M. TAKAGAKI, K. REILLY, AND I. TOGIAS RE: THIRD PARTY PRODUCTIONS AND FOLLOW-UP. |

| | | |
|---|---|---|
| [redacted] | Archambeau, Karsyn | [redacted] |
| 0.10 | Archambeau, Karsyn | COLLECT DOCUMENT FOR SUPPLEMENTAL PRODUCTION FOR M. TAKAGAKI. |
| [redacted] | Archambeau, Karsyn | [redacted] |
| [redacted] | Archambeau, Karsyn | [redacted] |
| 0.90 | Archambeau, Karsyn | REVIEW DRAFT MOTION FOR SUMMARY JUDGMENT RE: EVIDENCE TO RELY ON. |
| [redacted] | Archambeau, Karsyn | [redacted] |
| 0.20 | Delwiche, Noah J | CONFER WITH D. CHUNG RE LEAPFROG'S FINANCES. |
| [redacted] | Delwiche, Noah J | [redacted] |
| [redacted] | Delwiche, Noah J | [redacted] |
| [redacted] | Carrasco, Sophia E | [redacted] |

LEAPFROG DISPUTE
64230-01116

---

Detail Costs/Charges:

Litigation support vendors
09/28/25 [redacted] [redacted]

09/29/25 [redacted] [redacted]

09/29/25 [redacted] [redacted]

Out-of-town travel
09/29/25 [redacted] [redacted]

09/30/25 [redacted] [redacted]

Meals
09/28/25 [redacted] [redacted]

09/29/25 [redacted] [redacted]

| | | |
|---|---|---|
| 09/29/25 | | |
| 09/29/25 | | |
| 09/30/25 | | |
| 09/30/25 | | |
| 09/30/25 | | |

<u>Online research</u>

| | | |
|---|---|---|
| 09/29/25 | 480.00 | WOLF,BRANDON 09/29/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 09/30/25 | 120.00 | BATISTA,ROBERT A 09/30/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 09/30/25 | 360.00 | CONWAY,CHRISTIAN 09/30/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 09/30/25 | 480.00 | SHI,ANDREW 09/30/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |
| 09/30/25 | 840.00 | WOLF,BRANDON 09/30/25 64230-01116 WESTLAW RESEARCH AND PRINTING CHARGES |

<u>Litigation support vendors</u>

| | | |
|---|---|---|
| 09/29/25 | | |

<u>Out-of-town travel</u>

09/09/25

09/10/25

09/10/25

09/11/25

09/11/25

09/12/25

09/12/25

09/15/25 [redacted] [redacted]

09/15/25 [redacted] [redacted]

09/15/25 [redacted] [redacted]

09/16/25 [redacted] [redacted]

09/17/25 [redacted] [redacted]

09/17/25 [redacted] [redacted]

09/17/25

09/19/25

09/19/25

09/24/25

09/27/25

09/27/25

09/28/25

09/29/25

**Invoice Date: October 7, 2025** **Invoice No. 2025103330**

**Due and Payable Upon Receipt**

09/30/25

**GIBSON, DUNN & CRUTCHER LLP**
**200 Park Avenue**
**New York, New York 10166-0193**

**Federal Taxpayer ID** [redacted]

**October 31, 2025**

**Invoice No. 2025107776**

Ms. Nancy Troncalli
Legal Department Cost Control
Tenet HealthSystem
13737 Noel Road
Suite 100
Dallas, TX 75240

**For Services Rendered and Costs/Charges Advanced Through September 30, 2025**

| | | Services Rendered | Costs/ Charges | Totals |
|---|---|---|---|---|
| 64230-01116 | Leapfrog Dispute | $ [redacted] | $ [redacted] | $ [redacted] |
| | **Totals** | $ [redacted] | $ [redacted] | $ [redacted] |
| | **Current Balance Due** | | | $ [redacted] |

**Remit By Wire To:**
Wells Fargo Bank
333 South Grand Avenue
Los Angeles, CA 90071-1515
Name of account: Gibson, Dunn & Crutcher LLP
Account No: [redacted]
ABA No: 121000248
Attn: Treasury Department
*Please include the client number and the proper attorney to notify in the wire instructions.*

**Remit By Mail To:**
Gibson, Dunn & Crutcher LLP
PO Box 840723
Los Angeles, CA 90084-0723

Please enclose the remittance copy of this invoice with your payment in the enclosed Reply Envelope to ensure proper credit.

Please note that payments received after the invoice date are not reflected.
For assistance with your account, please contact us at 213-229-7333 or cbilling@gibsondunn.com.

**Invoice Date: October 31, 2025** **Invoice No. 2025107776**

**Due and Payable Upon Receipt**

**GIBSON, DUNN & CRUTCHER LLP**
**200 Park Avenue**
**New York, New York 10166-0193**

**Federal Taxpayer ID** [redacted]

**October 31, 2025**

**Invoice No. 2025107776**

**REMITTANCE COPY**

**To ensure proper crediting, please send this copy in the enclosed envelope.**

Ms. Nancy Troncalli
Legal Department Cost Control
Tenet HealthSystem
13737 Noel Road
Suite 100
Dallas, TX 75240

**For Services Rendered and Costs/Charges Advanced Through September 30, 2025**

| | | Services Rendered | Costs/ Charges | Totals |
|---|---|---|---|---|
| 64230-01116 | Leapfrog Dispute | $ [redacted] | $ [redacted] | $ [redacted] |
| | **Totals** | $ [redacted] | $ [redacted] | $ [redacted] |
| | **Current Balance Due** | | | $ [redacted] |

**Remit By Wire To:**
Wells Fargo Bank
333 South Grand Avenue
Los Angeles, CA 90071-1515
Name of account: Gibson, Dunn & Crutcher LLP
Account No: [redacted]
ABA No: 121000248
Attn: Treasury Department
*Please include the client number and the proper attorney to notify in the wire instructions.*

**Remit By Mail To:**
Gibson, Dunn & Crutcher LLP
PO Box 840723
Los Angeles, CA 90084-0723

Please enclose the remittance copy of this invoice with your payment in the enclosed Reply Envelope to ensure proper credit.

Please note that payments received after the invoice date are not reflected.
For assistance with your account, please contact us at 213-229-7333 or cbilling@gibsondunn.com.

**Invoice Date: October 31, 2025** **Invoice No. 2025107776**

**Due and Payable Upon Receipt**

Ms. Nancy Troncalli
Legal Department Cost Control
Tenet HealthSystem
13737 Noel Road
Suite 100
Dallas, TX 75240

LEAPFROG DISPUTE
64230-01116

---

| COSTS/CHARGES | | TOTAL |
|---|---|---|
| DEPOSITION FEES | $ | 2,915.00 |
| DOCUMENT RETRIEVAL SERVICE | | 148.20 |
| LODGING | | [redacted] |
| MEALS | | [redacted] |
| MESSENGER AND COURIER EXPENSE | | [redacted] |
| ON-LINE RESEARCH (LEXIS) | | 273.28 |
| OUTSIDE PROCESS SERVER | | [redacted] |
| OUTSIDE SERVICES/CONSULTANTS | | [redacted] |
| SPECIALIZED RESEARCH | | 49.87 |
| TRANSCRIPTS/DIGESTING | | 19,871.00 |
| TRAVEL - AIR & RAIL | | [redacted] |
| TRAVEL - TAXI & OTHER MODES/MILES | | [redacted] |

**Total Costs/Charges** [redacted]

**BALANCE DUE** $ [redacted]

**Invoice Date: October 31, 2025** **Invoice No. 2025107776**

**Due and Payable Upon Receipt**

LEAPFROG DISPUTE
64230-01116

---

Detail Costs/Charges:

<u>Deposition transcripts</u>

| | | |
|---|---|---|
| 09/30/25 | 2,915.00 | VENDOR: VERITEXT LLC INVOICE#: 8671960 DATE: 9/30/2025 DEPOSITION FEES/VIDEO OF KAREN JUPITER. |

<u>Litigation support vendors</u>

| | | |
|---|---|---|
| 09/23/25 | 6.60 | PACER USAGE SEPTEMBER 2025. |
| 09/30/25 | 99.00 | VENDOR: FASTCASE INC INVOICE#: INV-72175 DATE: 9/30/2025 INV.# INV-72175/DOCUMENT RETRIEVAL SERVICE/DOCKET ALARM - 2025 Q3 PACER FEES. |
| 09/30/25 | 42.60 | PACER USAGE SEPTEMBER 2025. |

<u>Out-of-town travel</u>

| | | |
|---|---|---|
| 09/24/25 | [redacted] | [redacted] |
| 09/24/25 | [redacted] | [redacted] |
| 09/24/25 | [redacted] | [redacted] |
| 09/25/25 | [redacted] | [redacted] |

09/29/25 [redacted] [redacted]

09/29/25 [redacted] [redacted]

<u>Meals</u>

09/22/25 [redacted] [redacted]

09/22/25 [redacted] [redacted]

09/22/25 [redacted] [redacted]

09/23/25 [redacted] [redacted]

09/23/25 [redacted] [redacted]

09/23/25 [redacted] [redacted]

09/23/25

09/24/25

09/24/25

09/24/25

09/24/25

09/25/25

09/25/25

09/25/25

09/25/25 [redacted] [redacted]

09/25/25 [redacted] [redacted]

09/28/25 [redacted] [redacted]

09/28/25 [redacted] [redacted]

09/29/25 [redacted] [redacted]

09/29/25 [redacted] [redacted]

09/29/25 [redacted] [redacted]

Delivery service/messengers

09/28/25 [redacted] [redacted]

09/28/25 [redacted] [redacted]

| | | |
|---|---|---|
| 09/28/25 | [redacted] | [redacted] |
| <u>Online research</u> | | |
| 09/22/25 | 273.28 | SCOTT, SPENCER 09/22/25 64230-01116 LEXIS RESEARCH |
| <u>Litigation support vendors</u> | | |
| 09/23/25 | [redacted] | [redacted] |
| <u>Other professionals</u> | | |
| 09/30/25 | [redacted] | [redacted] |
| <u>Online research</u> | | |
| 09/22/25 | 49.87 | TLO USAGE SEPTEMBER 2025. |
| <u>Deposition transcripts</u> | | |
| 09/11/25 | 2,995.50 | VENDOR: MLS PARENT HOLDINGS LLC DBA MAGNA TRIALG INVOICE#: 1662530 DATE: 9/11/2025 TRANSCRIPTS/DIGESTING/CERTIFIED TRANSCRIPT |
| 09/23/25 | 11,405.40 | VENDOR: VERITEXT LLC INVOICE#: 8655455 DATE: 9/23/2025 TRANSCRIPTS/DIGESTING/DEPOSITION OF LAUREN BAILEY |
| 09/30/25 | 5,470.10 | VENDOR: VERITEXT LLC INVOICE#: 8670642 DATE: 9/30/2025 TRANSCRIPTS/DIGESTING/DEPOSITION OF KAREN VAN CAULIL. |
| <u>Out-of-town travel</u> | | |
| 09/11/25 | [redacted] | [redacted] |

09/11/25

09/11/25

09/16/25

09/16/25

09/17/25

09/17/25

09/17/25

09/18/25

09/19/25

| | | |
|---|---|---|
| 09/22/25 | [redacted] | [redacted] |
| 09/22/25 | [redacted] | [redacted] |
| 09/24/25 | [redacted] | [redacted] |
| 09/24/25 | [redacted] | [redacted] |
| 09/24/25 | [redacted] | [redacted] |
| 09/24/25 | [redacted] | [redacted] |
| 09/24/25 | [redacted] | [redacted] |

09/24/25

09/24/25

09/25/25

09/25/25

09/25/25

09/26/25

09/26/25

09/26/25 [redacted] [redacted]

<u>Out-of-town travel</u>
09/05/25 [redacted] [redacted]

09/11/25 [redacted] [redacted]

09/11/25 [redacted] [redacted]

09/18/25 [redacted] [redacted]

09/18/25 [redacted] [redacted]

09/19/25 [redacted] [redacted]

09/21/25 [redacted] [redacted]

| | | |
|---|---|---|
| 09/21/25 | | |
| 09/22/25 | | |
| 09/22/25 | | |
| 09/22/25 | | |
| 09/22/25 | | |
| 09/22/25 | | |
| 09/22/25 | | |
| 09/23/25 | | |

| | | |
|---|---|---|
| 09/23/25 | [redacted] | [redacted] |
| 09/23/25 | [redacted] | [redacted] |
| 09/24/25 | [redacted] | [redacted] |
| 09/24/25 | [redacted] | [redacted] |
| 09/24/25 | [redacted] | [redacted] |
| 09/24/25 | [redacted] | [redacted] |
| 09/24/25 | [redacted] | [redacted] |
| 09/24/25 | [redacted] | [redacted] |

09/24/25

09/24/25

09/24/25

09/24/25

09/24/25

09/24/25

09/24/25

09/25/25

**Invoice Date: October 31, 2025** **Invoice No. 2025107776**

**Due and Payable Upon Receipt**

09/25/25

09/25/25

09/25/25

09/25/25

09/26/25

09/26/25

09/27/25

09/27/25

**Invoice Date: October 31, 2025** **Invoice No. 2025107776**

**Due and Payable Upon Receipt**

| | | |
|---|---|---|
| 09/28/25 | [redacted] | [redacted] |
| 09/28/25 | [redacted] | [redacted] |
| 09/28/25 | [redacted] | [redacted] |
| 09/28/25 | [redacted] | [redacted] |
| 09/28/25 | [redacted] | [redacted] |
| 09/28/25 | [redacted] | [redacted] |
| 09/28/25 | [redacted] | [redacted] |
| 09/28/25 | [redacted] | [redacted] |
| 09/28/25 | [redacted] | [redacted] |

09/28/25

09/29/25

09/29/25

09/29/25

09/29/25

09/29/25

09/29/25

09/29/25

| | | |
|---|---|---|
| 09/29/25 | [redacted] | [redacted] |
| 09/29/25 | [redacted] | [redacted] |
| 09/29/25 | [redacted] | [redacted] |
| 09/29/25 | [redacted] | [redacted] |
| 09/29/25 | [redacted] | [redacted] |
| 09/30/25 | [redacted] | [redacted] |
| 09/30/25 | [redacted] | [redacted] |
| 09/30/25 | [redacted] | [redacted] |

| | | |
|---|---|---|
| 09/30/25 | [redacted] | [redacted] |
| 09/30/25 | [redacted] | [redacted] |
| 09/30/25 | [redacted] | [redacted] |
| 09/30/25 | [redacted] | [redacted] |

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

GOOD SAMARITAN MEDICAL CENTER, INC., DELRAY MEDICAL CENTER, INC., PALM BEACH GARDENS COMMUNITY HOSPITAL, INC. D/B/A PALM BEACH GARDENS MEDICAL CENTER, ST. MARY'S MEDICAL CENTER, INC. AND WEST BOCA MEDICAL CENTER, INC.,

Plaintiffs,

v.

THE LEAPFROG GROUP,

Defendant.

25-CV-80526-MIDDLEBROOKS

**DEFENDANT THE LEAPFROG GROUP'S REPLY IN SUPPORT OF ITS MOTION FOR RECONSIDERATION AND TO ALTER OR AMEND THE JUDGMENT, OR FOR NEW TRIAL**

# TABLE OF CONTENTS

**Page**

INTRODUCTION .......... 1

ARGUMENT .......... 1

I. LEAPFROG'S SAFETY GRADES ARE WITHIN THE HEARTLAND OF THE FIRST AMENDMENT .......... 1

A. Leapfrog Did Not Forfeit Its First Amendment Defense .......... 1

B. Leapfrog's Safety Grades Are Pure Opinion .......... 3

C. Actual Malice Is Required .......... 6

II. FDUTPA DOES NOT APPLY .......... 7

III. THE INJUNCTION IS ITSELF UNCONSTITUTIONAL .......... 8

A. The Injunction Is A Prior Restraint .......... 8

B. The Injunction Compels Speech .......... 10

CONCLUSION .......... 10

## TABLE OF AUTHORITIES

**Page**

**Cases**

*303 Creative LLC v. Elenis*,
600 U.S. 570 (2023) ..... 10

*Alexander v. United States*,
509 U.S. 544 (1993) ..... 10

*Banister v. Davis*,
590 U.S. 504 (2020) ..... 1

*Basulto v. Netflix, Inc.*,
2023 WL 7129970 (S.D. Fla. Sept. 20, 2023) ..... 9

*Berisha v. Lawson*,
973 F.3d 1304 (11th Cir. 2020) ..... 7

*Caribbean Cruise Line, Inc. v. Better Business Bureau of Palm Beach County, Inc.*,
169 So. 3d 164 (Fla. 4th DCA 2015) ..... 2

*Curtis Publishing Co. v. Butts*,
388 U.S. 130 (1967) ..... 6

*FDIC v. Chicago Title Insurance Co.*,
2019 WL 1437873 (N.D. Ill. Mar. 31, 2019) ..... 2

*Grayson v. No Labels, Inc.*,
2023 WL 2919911 (M.D. Fla. Jan. 17, 2023) ..... 9

*Hodge v. Department of Housing & Urban Development*,
862 F.2d 859 (11th Cir. 1989) ..... 1, 8

*Home Performance Alliance v. Better Business Bureau of Western Florida*,
354 So. 3d 1165 (Fla. 2nd DCA 2023) ..... 2

*Humphrey v. FBI*,
2024 WL 867253 (D. Alaska Feb. 29, 2024) ..... 2

*Kinney v. Barnes*,
443 S.W.3d 87 (Tex. 2014) ..... 10

*Krapacs v. Bacchus*,
301 So. 3d 976 (Fla. 4th DCA 2020) ..... 9, 10

*Lucero v. Trosch*,
121 F.3d 591 (11th Cir. 1997) .....9

*Madsen v. Women's Health Center, Inc.*,
512 U.S. 753 (1994) .....9

*McCarthy v. Fuller*,
810 F.3d 456 (7th Cir. 2015) (Sykes, J., concurring) .....10

*Miami Herald Publishing Co. v. Tornillo*,
418 U.S. 241 (1974) .....10

*Michel v. NYP Holdings, Inc.*,
816 F.3d 686 (11th Cir. 2016) .....4

*Milkovich v. Lorain Journal Co.*,
497 U.S. 1 (1990) .....4, 5

*Monsanto Co. v. Geertson Seed Farms*,
561 U.S. 139 (2010) .....8

*ONY, Inc. v. Cornerstone Therapeutics, Inc.*,
720 F.3d 490 (2d Cir. 2013) .....3

*Organization for a Better Austin v. Keefe*,
402 U.S. 415 (1971) .....3, 4

*Sindi v. El-Moslimany*,
896 F.3d 1 (1st Cir. 2018) .....8, 10

*Spurgeon v. Social Security Administration, Commissioner*,
2024 WL 1395258 (Apr. 2, 2024) .....6

*St. Amant v. Thompson*,
390 U.S. 727 (1968) .....7

*State v. Gale Distributors*,
349 So.2d 150 (Fla. 1977) .....7

*State v. Giorgetti*,
868 So.2d 512 (Fla. 2004) .....7

*Torrey v. Infectious Diseases Society of America*,
86 F.4th 701 (5th Cir. 2023) .....3

*Tory v. Cochran*,
544 U.S. 734 (2005) .....9

*Turner v. Wells*,
879 F.3d 1254 (11th Cir. 2018) .......... 5

*United States v. Alvarez*,
567 U.S. 709 (2012) .......... 6, 7

*Zinkand v. Brown*,
478 F.3d 634 (4th Cir. 2007) .......... 2

**Other Authorities**

First Amendment .......... 1, 2, 3, 4, 5, 6, 7, 8, 10

Federal Rule of Civil Procedure 59 .......... 1, 2

Fla. Stat. § 768.295 .......... 8

*Bloomberg ESG Scores* 5 (Dec. 2025),
https://professional.bloomberg.com/globalassets/professional/solutions/sustain
able-finance/scores/bloomberg-esg-scores-methodology.pdf .......... 4

CDP, https://cdn.cdp.net/cdp-
production/cms/guidance_docs/pdfs/000/000/233/original/Scoring-
Introduction.pdf .......... 4

*Complaints*, Better Business Bureau, https://www.bbb.org/process-of-complaints-
and-reviews/complaints .......... 4

Erwin Chemerinsky, *Injunctions in Defamation Cases*, 57 Syracuse L. Rev. 157,
158, 167 (2007) .......... 9

*Public Advocate in Texas Reaches Thousands on Pro-Family Survey Results 3
Senate Hopefuls Respond, 10 Did Not Respond* (Feb. 21, 2014),
https://www.publicadvocateusa.org/news/article.php?article=9247 .......... 4

Rachel Frazin, *ACLU Sends Out Mailer in South Carolina Questioning Biden's
Civil Rights Stances*, The Hill (Sept. 4, 2019) .......... 4

## INTRODUCTION

First Amendment concerns loom large in this case and cry out for resolution before it concludes. These concerns surfaced at the dismissal stage, when Leapfrog contended its Safety Grades are protected opinion. (Dkt. 39 at 11–16.) They recurred on summary judgment, when Leapfrog warned against a "prior restraint on free-speech." (Dkt. 99 at 19.) They came back at trial, where Leapfrog opened by decrying Plaintiffs' attempt "to silence Leapfrog" (Dkt. 204-1 at 39:15–18), and closed by arguing FDUTPA "is not a tool to silence simple speech of a non-profit watchdog group." (Dkt. 204-5 at 43:22–44:4.) Plaintiffs recognized these to be First Amendment arguments, which is why they devoted chunks of their submissions to addressing the prior-restraint problem along with the actual-malice standard. (Dkt. 203 ¶¶ 290, 292; Dkt. 136 ¶ 133.) Now that the First Amendment merits are under a spotlight, however, Plaintiffs run away from them.

Especially problematic are aspects of the Court's injunction. Notably, Plaintiffs did not disclose the full scope of their requested relief, including the sweeping "any similar methodology" clause, until their *post*-trial proposed findings, submitted the same day as Leapfrog's. (*Compare* Dkt. 136 *with* Dkt. 203 ¶¶ 9, 288, 295.) Leapfrog had no opportunity to respond before the Court adopted that formulation. Moreover, only post-injunction did Plaintiffs' counsel begin brandishing the hammer of contempt to chill protected speech that the Court never adjudged to be unlawful—including Leapfrog's truthful observation that certain hospitals declined to participate in its survey, and its *new* program for rating *non*-party ambulatory surgery centers. (Dkt. 219-1, 219-3.) Rule 59 enables the Court to "rectify its own mistakes in the period immediately following its decision," *Banister v. Davis*, 590 U.S. 504, 508 (2020) (citation omitted), and a "continuing decree of injunction directed to events to come is subject always to adaptation as events may shape the need," *Hodge v. Dep't of Hous. & Urban Dev.*, 862 F.2d 859, 862 (11th Cir. 1989) (citation omitted). Given constitutional imperatives that are clear from governing precedent and developments post-trial, this is a paradigmatic case—admittedly, rare—for granting the requested relief.

## ARGUMENT

### I. LEAPFROG'S SAFETY GRADES ARE WITHIN THE HEARTLAND OF THE FIRST AMENDMENT

#### A. Leapfrog Did Not Forfeit Its First Amendment Defense

As an initial matter, Plaintiffs contend that this Court's motion to dismiss ruling finally resolved Leapfrog's constitutional objections, and that the contours of the judgment align. Neither

is correct. The Court's motion to dismiss order drew a clear, principled line: "[C]hallenge[s] to false or misleading statements made about the rating process itself" may be actionable, while pure opinions, like ratings or the "subjective weighing of objective data" upon which they are based, are constitutionally protected. (Dkt. 41 at 5–6.) The judgment, by comparison, veers astray. It does not limit its reach to Leapfrog's "representations about its methodology." (*Id.* at 6.) It instead holds Leapfrog liable for—and flatly prohibits—"assigning a Safety Grade to the Community Hospitals" under "any" methodology that assigns import to nonparticipation. (Dkt. 212 at 40–41.)

Plaintiffs try in vain to harmonize this Court's threshold ruling with the final judgment. According to Plaintiffs, the Court ruled that the First Amendment's protections for pure opinion were categorically "inapplicable" to Leapfrog's "grades and methods." (Opp. at 6–7.) But Plaintiffs overlook this Court's express assumption, which was that "Plaintiffs' action arises from a challenge to Defendant's representations about its methodology," particularly representations "professing that grades are not influenced by a hospital's lack of survey participation." (Dkt. 41 at 6.) Plaintiffs further overlook that the cases cited by this Court involved "false statements about [the Better Business Bureau's] rating process," *Home Performance Alliance v. Better Business Bureau of W. Fla.*, 354 So. 3d 1165, 1167 (Fla. 2nd DCA 2023), and "representations made by BBB, not the opinions it issues," *Caribbean Cruise Line, Inc. v. Better Bus. Bureau of Palm Beach Cnty., Inc.*, 169 So. 3d 164, 167 (Fla. 4th DCA 2015).

Rule 59(e) exists so that courts can correct precisely this sort of inconsistency. *See Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (explaining that Rule 59 "in essence, gives the district court a chance to correct its own mistake if it believes one has been made"). Courts grant Rule 59 motions where a judgment deviates from prior rulings or where a court itself belatedly recognizes an error in its judgment. *See, e.g.*, *FDIC v. Chi. Title Ins. Co.*, 2019 WL 1437873, at *9 (N.D. Ill. Mar. 31, 2019) (granting Rule 59 motion to amend the judgment based on the Court's own prior ruling from which subsequent jury award deviated); *Humphrey v. FBI*, 2024 WL 867253, at *3 (D. Alaska Feb. 29, 2024) (granting Rule 59 motion where "the Court's prior holding [wa]s incorrect" because it failed to consider "controlling precedent"). Nor is this a case where, as Plaintiffs suggest (Opp. at 7), a losing party is trying to relitigate an on-point ruling. Rather, Leapfrog merely urges the Court now to restore the constitutional line it so carefully drew at the threshold—differentiating pure opinion ratings, which are necessarily protected by the First Amendment, from falsifiable factual statements about those ratings, which may be actionable.

Plaintiffs also claim Leapfrog abandoned its position that Leapfrog's Safety Grades themselves are opinion by arguing at trial that Leapfrog's Safety Grades are scientifically justified. (Opp. at 7–8.) Contrary to Plaintiffs' suggestion, however, scientific interpretations of evidence can be laden with subjectivity. "[W]hile statements about contested and contestable scientific hypotheses constitute assertions about the world that are in principle matters of verifiable 'fact,' for purposes of the First Amendment . . . , they are more closely akin to matters of opinion, and are so understood by the relevant scientific communities." *ONY, Inc. v. Cornerstone Therapeutics, Inc.*, 720 F.3d 490, 497 (2d Cir. 2013) (recognizing First Amendment distinction between a claim that data were fabricated and a claim that "inferences drawn from those data were the wrong ones"); *see also Torrey v. Infectious Diseases Soc'y of Am.*, 86 F.4th 701, 705 (5th Cir. 2023). Thus, a speaker can simultaneously maintain that its views are protected opinion and that those views are "scientifically valid" (Opp. at 8). Holding otherwise would, perversely, force public speakers to confess to being *un*scientific before invoking their First Amendment rights.

**B. Leapfrog's Safety Grades Are Pure Opinion**

On the merits, Plaintiffs betray desperation. They now claim their suit is *not* about Leapfrog's *speech*, but only its "*conduct*" in "perpetrating a coercive scheme to extract hospital data." (Opp. at 8 (citation omitted).) Yet Plaintiffs have no answer to Leapfrog's authority squarely holding that "the reach of the First Amendment" extends to "expressions … intended to exercise a coercive impact" and "plainly intended to influence [Plaintiffs'] conduct." (Mot. at 15 (quoting *Org. for a Better Austin v. Keefe*, 402 U.S. 415, 419 (1971)).) Throughout our Nation's history, speakers have been free to criticize and even condemn as they see fit in order to discourage conduct they oppose—that is a defining purpose of the First Amendment and its protection of free expression. The Framers would not have ascribed paramount importance to this right had they *not* envisioned free expression actually changing the *conduct* of those in power.

Assuming that Leapfrog designedly gave lower grades to hospitals that declined to answer the survey *because* they did not answer the survey, that cannot justify denying Leapfrog its First Amendment protections. On this point, Plaintiffs simply substitute the word "blackmail" in lieu of a reasoned argument for muzzling Leapfrog. If Plaintiffs use of their "blackmail" pejorative can jettison First Amendment protections in this case, then a wide spectrum of core protected speech is in peril. It would no less be "blackmail," under Plaintiffs' theory, to "distribute[] leaflets … critical of [a plaintiff's] real estate practices" because he "refused to sign" an agreement not to

"solicit property" in a community. *Org. for a Better Austin*, 402 U.S. at 416-17. It would be "blackmail" for the ACLU to run a campaign "questioning former Vice President Joe Biden's stances on civil rights issues" in the 2020 Democratic Primary in order to "put pressure on the candidate[] to answer [survey] questions."[1] It would be "blackmail" to give candidates "a 0% Pro-Family rating" on a candidate scorecard "seeking to promote traditional marriage" if those candidates "fail[ed] to return their survey."[2] The same holds for an environmental scorecard assigning an automatic "F" for "fail[ing]" to "disclose . . . data"; the Better Business Bureau allocating a "negative impact" on a rating from "[f]ailure to respond" to a complaint; and a Bloomberg ESG "[s]core[]" lowered in consideration of "disclosure of quantitative data as a dimension of performance"—all of that is designed to empower the scoring enterprise, and all of that would be "blackmail" in Plaintiffs' view.[3] Needless to say, Plaintiffs' invented gap in First Amendment protections is nowhere to be found in the Constitution or in caselaw applying it.

Upon addressing Leapfrog's *speech*, Plaintiffs invoke *Michel v. NYP Holdings, Inc.*, 816 F.3d 686 (11th Cir. 2016), and *Milkovich v. Lorain J. Co.*, 497 U.S. 1 (1990), for the proposition that a statement implying objective facts loses First Amendment protection. (Opp. at 9.) But the factual claims that were there cloaked as opinions were "true or false" statements, such as "the assertion that [a performer] was a 'no-show' for the benefit concert," *Michel*, 816 F.3d at 697, or the "that [plaintiff] perjured himself in a judicial proceeding," *Milkovich*, 497 U.S. at 21.

The subjective judgment calls that Leapfrog necessarily makes in measuring performance en route to its Safety Grades are cut from different cloth. Plaintiffs erroneously suggest Leapfrog's Safety Grades imply factual content such as "that physicians at the Community Hospitals do not

---

1 Rachel Frazin, *ACLU Sends Out Mailer in South Carolina Questioning Biden's Civil Rights Stances*, The Hill (Sept. 4, 2019), https://www.huffpost.com/entry/the-aclu-is-reminding-voters-joe-biden-hasnt-taken-stances-on-key-issues_n_5e1b37afc5b6640ec3d5faf6.

2 *Public Advocate in Texas Reaches Thousands on Pro-Family Survey Results 3 Senate Hopefuls Respond, 10 Did Not Respond* (Feb. 21, 2014), https://www.publicadvocateusa.org/news/article.php?article=9247.

3 *Complaints*, Better Business Bureau, https://www.bbb.org/process-of-complaints-and-reviews/complaints; *Scoring Introduction 2023*, CDP, https://cdn.cdp.net/cdp-production/cms/guidance_docs/pdfs/000/000/233/original/Scoring-Introduction.pdf; *Bloomberg ESG Scores* 5 (Dec. 2025), https://professional.bloomberg.com/globalassets/professional/solutions/sustainable-finance/scores/bloomberg-esg-scores-methodology.pdf.

wash their hands." (Opp. at 9.) As this Court specifically noted, however, "[the] imputed Step 2 score is not zero." (Dkt. 212 at 6.) The Safety Grades do not imply the objectively verifiable fact that a hospital either does or does not have a hand hygiene policy (let alone that physicians at the hospital do or do not wash their hands) because providing a non-zero score "giv[es] credit to hospitals for having a . . . Hand Hygiene Policy." (*Id.*) What the Safety Grades do is *subjectively* assess the *quality* of a hospital's hand hygiene policy by placing nonparticipating hospitals at a low, non-zero point on an achievement scale, thereby conveying "Limited Achievement" as compared to participating hospitals. "Limited Achievement" in hand hygiene is not an empirically measurable fact: "limited" reflects a subjective take on the degree of "achievement," another subjective term.

Plaintiffs may disagree with Leapfrog's assessment that nonparticipation is indicative of "Limited Achievement." But the one predicate fact here—that a hospital declined to participate in Leapfrog's survey—is true, and Leapfrog disclosed it. And the evaluative judgment Leapfrog drew from that fact—that non-participation warrants a lower safety score—is precisely the kind of "subjective weighing of objective data" that this Court acknowledged at the motion-to-dismiss stage constitutes protected opinion. (Dkt. 41 at 5.) Plaintiffs identify nothing that might render false either the inference from nonparticipation or the assessment of "Limited Achievement" in safety. Under *Milkovich*, the upshot is complete protection: a statement on a matter of public concern "must be provable as false before there can be liability." 497 U.S. at 19.

Finally, Leapfrog's disclosure of its methodology suffices to vindicate it. Plaintiffs argue that, even if the Safety Grades could otherwise be characterized as opinion, they lose that protection because Leapfrog's readers did not have "existing background knowledge" about Leapfrog's methodology and the methodology was not in "the same publication." (Opp. at 10.) But that misstates the test. "[A] defendant publishes a 'pure opinion' when the defendant makes a comment or opinion based on facts which are set forth in the publication or which are *otherwise known or available to the reader* or listener as a member of the public." *Turner v. Wells*, 879 F.3d 1254, 1262 (11th Cir. 2018) (emphasis added); *see* (Opp. 11 (conceding that "the methodology document" was "*available*").). That standard—which Plaintiffs ignore, after Leapfrog emphasized it repeatedly—depends upon *availability*, not uptake. The First Amendment has never required publishers to demonstrate that readers found or engaged with a disclosure—a rule that would expose commentators, reviewers, and analysts to untold liability depending on how judges and

juries assess their website design and web traffic patterns. Such second-guessing of accurate disclosures is not only anomalous but antithetical to freedom of expression in this context.

**C. Actual Malice Is Required**

Even if Leapfrog's Safety Grades and imputed-value methodology were not protected pure opinion—and they are—the judgment still cannot stand because the Court never made the finding of actual malice that the First Amendment independently requires.[4]

Plaintiffs first suggest that Leapfrog has drawn a "false equivalence" between a modern statutory cause of action and the "common-law speech torts" considered in landmark Supreme Court cases. (Opp. at 14.) But Plaintiffs here are arguing against the U.S. Supreme Court. A statutory tort is not exempt from First Amendment coverage simply because it covers false statements "to gain a material advantage" in the abstract. (Opp. at 14 (quoting *United States v. Alvarez*, 567 U.S. 709, 723 (2012)).) "Instead, content-based restrictions on speech have been permitted, as a general matter, only when confined to the few 'historic and traditional categories of expression long familiar to the bar.'" *Id.* at 717 (quotation marks and brackets omitted). Plaintiffs do not analogize to any such category—the closest they come is their misconceived (and dangerous) analogy to extortion, *see supra* pp. 3–4. And when a plaintiff tries to fit a speech claim within the confines of the First Amendment based on "injury upon honor and reputation through false publication," it must meet the constitutional standards for justifying an exception to the protections that otherwise hold sway: a false statement of fact made with actual malice. *Curtis Pub. Co. v. Butts*, 388 U.S. 130, 135 (1967). Any contrary rule would empower a state to thwart the actual-malice standard just by enacting a new cause of action authorizing suit for negligently caused reputational harms.

No finding of actual malice appears anywhere in the Court's injunction order, nor would the record support one. Plaintiffs contend the Court's findings about Leapfrog's "intentional[]" motives satisfy actual malice (Opp. at 14–15), but they are wrong. Finding that a speaker acted to achieve a commercial or strategic goal, as the Court did here, says nothing about whether that

---

[4] Plaintiffs argue that Leapfrog specifically "forfeited" its "actual-malice argument." (Opp. at 12.) But parties can forfeit only "issues," not "arguments"—and even a "new argument" "inconsistent" with one raised earlier may be made if in service of "the same bottom-line request." *Spurgeon v. Soc. Sec. Admin., Comm'r*, 2024 WL 1395258, at *3 (Apr. 2, 2024). In any event, *Plaintiffs* previously briefed actual malice, recognizing that requirement followed inexorably from Leapfrog's invocation of the First Amendment. (Dkt. 136 ¶ 133.)

speaker harbored subjective doubts about the truth of what it published. Actual malice requires proof specifically that the defendant published "with knowledge that [the statement] was false or with reckless disregard of whether it was false or not." *St. Amant v. Thompson*, 390 U.S. 727, 728 (1968). Reckless disregard demands "sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication"—not merely that the defendant had a punitive or commercial motive. *Id.* at 731. Leapfrog maintained throughout trial that its non-response-bias rationale reflects legitimate scientific reasoning, and the Court's own findings confirm that Leapfrog *believed* its methodology was defensible. (Dkt. 212 at 27–28 & n.8 (noting Leapfrog's view expressed at trial that accounting for non-participation accurately reflects that non-responsive hospitals "decline to participate in the Survey to avoid disclosure of poor safety performance").) A party that subjectively believes in its methodology has not entertained "serious doubts as to the truth" of its publication. *St. Amant*, 390 U.S. at 731. Nor does *Alvarez*, 567 U.S. 709, fill in the gap. There, the plurality reaffirmed that "falsity alone may not suffice to bring the speech outside the First Amendment" and that "[t]he statement must be a knowing or reckless falsehood." *Id.* at 719. Finally, by no means did this Court come anywhere close to finding, as it would need to, that *clear and convincing* evidence established that Leapfrog was speaking with actual malice relative to the truth. *See Berisha v. Lawson*, 973 F.3d 1304, 1312 (11th Cir. 2020).

## II. FDUTPA DOES NOT APPLY

Even if the Court declines to reach Leapfrog's First Amendment arguments directly, it can and should resolve this case on statutory grounds by construing FDUTPA to avoid the serious constitutional questions identified. Plaintiffs argue this argument is forfeited. (Opp. at 15–16.) But the constitutional-avoidance canon is not a freestanding claim requiring independent preservation. Instead, it is a principle of statutory interpretation that courts apply as a matter of their own interpretive "obligat[ion]," *State v. Giorgetti*, 868 So.2d 512, 518 (Fla. 2004), or "duty," *State v. Gale Distribs.*, 349 So.2d 150, 153 (Fla. 1977). Nor are Plaintiffs persuasive in denying any ambiguity. Plaintiffs contend FDUTPA is unambiguous in light of its breadth. The relevant question, however, is not whether FDUTPA is facially ambiguous in the abstract, but whether its application to this particular category of conduct (a nonprofit watchdog's publication of hospital safety grades) is constitutionally problematic. It is, for the reasons explained above. Further, while

denying that vagueness inheres in a broadly worded statute, (Opp. at 16), Plaintiffs cite no authority for categorically exempting a broadly worded statute from the avoidance canon.

A constitutionally sound construction here jumps out. Florida's Legislature has expressly declared that the public policy of this State is to protect the exercise of free speech in connection with public issues. Fla. Stat. § 768.295(1). Applying FDUTPA to a nonprofit's non-commercial publication of evaluative hospital safety grades defies that declared public policy. A court construing FDUTPA's "unfairness" standard in light of that policy, and the serious First Amendment concerns identified above, should conclude that this conduct falls outside the statute's reach. Similarly, FDUTPA's "deceptive" prong, while broadly worded, has never been applied to the editorial judgments of a press organization publishing on a matter of public concern, absent any showing of knowing or reckless falsity. Construing the statute to require at least that showing—as both Plaintiffs and Leapfrog agreed the First Amendment would require if it applies—is a reasonable and available reading that avoids grave constitutional difficulties.

## III. THE INJUNCTION IS ITSELF UNCONSTITUTIONAL

### A. The Injunction Is A Prior Restraint

Plaintiffs are wrong in arguing (Opp. at 17) that Leapfrog never contended that injunctive relief would constitute an impermissible prior restraint. In actuality, Leapfrog so contended at summary judgment, (Dkt. 99 at 19), in opening at trial, (Dkt. 204-1 at 39:15–18), and in closing, (Dkt. 204-5 at 43:22–44-4; *id.* at 43:6–7), where Leapfrog further protested any remedy that might restrain speech, (Dkt. 204-5 at 81:2–3). And Plaintiffs grasped these arguments well enough to devote substantial ink to engaging Leapfrog's prior-restraint theory. (Dkt. 203 ¶¶ 290, 292.)

Regardless, the very fact that an ongoing injunction is at issue would "cut[] in favor of . . . considering inadequately preserved arguments." *Sindi v. El-Moslimany*, 896 F.3d 1, 29 (1st Cir. 2018). After all, "[a]n injunction is a drastic and extraordinary remedy." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010). This Court retains jurisdiction to modify its injunction whenever equitable principles so warrant, *see Hodge*, 862 F.2d at 861–62, and, here, the First Amendment problems became starkest post-trial, when Plaintiffs began wielding the injunction to chill protected speech that the Court never ruled to be unlawful, (Dkt. 219-1, 219-3).

Notably, Plaintiffs are hard pressed to defend the injunction on the merits. They assert that the injunction, including its prohibition on "any similar" future methodologies, is "narrowly drawn" to target conduct found unlawful. (Opp. at 17.) But their reasoning, such as it is, does not

bear scrutiny. According to Plaintiffs, injunctions must reach "any similar" conduct or else be "for naught." (*Id.*) By that logic, the requisite "narrow" injunction would become unbounded, as it would need to extend ever-further lest it be "circumvented." Nor is this injunction tailored towards the potentially actionable aspects of Leapfrog's safety grading; it silences the Safety Grades themselves, instead of targeting statements about the methodology.

Plaintiffs cite *Lucero v. Trosch*, 121 F.3d 591 (11th Cir. 1997), to argue that the injunction is not a prior restraint because it remedies adjudicated unlawful conduct. (Opp. at 18.) But *Lucero* applied *Madsen v. Women's Health Center, Inc.*, 512 U.S. 753 (1994), to a content-neutral injunction regulating the time, place, and manner of protestors' conduct surrounding an abortion clinic—the defendants could "still express their message," albeit while standing farther away. *Lucero*, 121 F.3d at 600, 606. Here, by contrast, the injunction completely prohibits Leapfrog from expressing its substantive views about Plaintiffs' safety performance through the medium of Safety Grades. *Lucero* comes nowhere close to authorizing any such content-based ban.[5]

Plaintiffs also cite *Pittsburgh Press Co. v. Pittsburgh Commission on Human Relations* (Opp. at 18), but that case, unlike this one, concerned an injunction issued by a city commission that lacked the power of contempt to punish noncompliance. 413 U.S. 376, 390 n.14 (1973). When it comes to *court*-issued injunctions, the Supreme Court has bracketed the question whether injunctive relief targeting speech may *ever* be appropriate. *See Tory v. Cochran*, 544 U.S. 734, 736–38 (2005) (summarily vacating injunction and declining to reach merits of whether a permanent injunction is a constitutionally permissible remedy in a defamation case where the plaintiff died post-argument). In any event, courts in this circuit and state subscribe to the conventional view that injunctions proscribing speech based on its content are impermissible prior restraints, "even where liability . . . has been found." *Basulto v. Netflix, Inc.*, 2023 WL 7129970, at *52 (S.D. Fla. Sept. 20, 2023); *see, e.g.*, *Grayson v. No Labels, Inc.*, 2023 WL 2919911, at *5 (M.D. Fla. Jan. 17, 2023); *Krapacs v. Bacchus*, 301 So. 3d 976, 980 (Fla. 4th DCA 2020).

This "traditional rule of Anglo-American law" was applied "with remarkable uniformity" by nineteenth- and twentieth-century American courts and endures to this day across state and federal courts. Erwin Chemerinsky, *Injunctions in Defamation Cases*, 57 Syracuse L. Rev. 157,

---

[5] Plaintiffs omit to note that *Lucero* applied the strict-scrutiny-like standard of *Madsen*—which is the floor, not the ceiling, of constitutional scrutiny that obtains when injunctive relief touches even tangentially upon speech. *Lucero*, 121 F.3d at 605.

158, 167 (2007); *see also McCarthy v. Fuller*, 810 F.3d 456, 466 (7th Cir. 2015) (Sykes, J., concurring). Plaintiffs note that the rule frequently applies in cases involving preliminary injunctions issued "absent a prior determination of illegality." (Opp. at 18–19.) But it applies with equal force in cases involving permanent injunctions, which pose a never-ending restraint on liberty. *Alexander v. United States*, 509 U.S. 544, 550 (1993) (classifying both "[t]emporary restraining orders and permanent injunctions" as "prior restraints"); *see, e.g.*, *Sindi*, 896 F.3d at 30 (permanent injunction following jury trial); *Kinney v. Barnes*, 443 S.W.3d 87, 95, 99 (Tex. 2014) (permanent injunction following trial on the merits); *Krapacs*, 301 So. 3d at 978, 980 (permanent injunction).

**B. The Injunction Compels Speech**

The injunction also violates the First Amendment by compelling Leapfrog to speak contrary to its own views. Plaintiffs argue the corrective disclosure requirements are permissible because they involve commercial speech. (Opp. at 20.) But requiring Leapfrog to declare to its licensees and in its promotional materials that its Safety Grades were "found to be deceptive and unfair" is neither "commercial" nor a neutral recitation of the litigation outcome. It is a court-mandated recantation of Leapfrog's own expert judgments about hospital safety. The *Zauderer* line of cases on which Plaintiffs rely permits compelled disclosure only of factual, uncontroversial information in the commercial advertising context to prevent consumer deception. Here, the required disclosure does not convey a neutral fact about a product being advertised—it compels Leapfrog to denounce its own editorial judgments. That is categorically different from, for example, requiring disclosure of a product's ingredients or a service's material terms. *See 303 Creative LLC v. Elenis*, 600 U.S. 570, 586 (2023). Because Leapfrog's Safety Grades reflect its "exercise of editorial control and judgment" for the benefit of an external audience focused on hospital safety, *Miami Herald Publ'g Co. v. Tornillo*, 418 U.S. 241, 258 (1974), the messaging surrounding them should remain Leapfrog's alone, and the injunction provisions compelling disclosure should be withdrawn.

**CONCLUSION**

For the foregoing reasons, the Court should grant Leapfrog's motion.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of May, 2026, a true and correct copy of the foregoing document was electronically transmitted to all counsel of record via the CM/ECF system.

By: */s/ Jason D. Sternberg*
Jason D. Sternberg
Florida Bar No. 72887
jasonsternberg@quinnemanuel.com

DATED: May 20, 2026

**Respectfully submitted,**

**QUINN EMANUEL URQUHART & SULLIVAN LLP**
By: */s/ Jason D. Sternberg*
Jason D. Sternberg

Derek L. Shaffer (*pro hac vice*)
**QUINN EMMANUEL URQUHART & SULLIVAN LLP**
555 13th Street NW, Suite 600
Washington, D.C. 20004
(202) 538-8123
derekshaffer@quinnemanuel.com

Jason D. Sternberg (Fla. Bar No. 72887)
**QUINN EMMANUEL URQUHART & SULLIVAN LLP**
2601 South Bayshore Drive, 15th Floor
Miami, FL 33133
jasonsternberg@quinnemanuel.com
(305) 439-5008

*Counsel for Defendant The Leapfrog Group*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 9:25-CV-80526-DMM

GOOD SAMARITAN MEDICAL CENTER, INC., et al.,

*Plaintiffs*,

v.

THE LEAPFROG GROUP,

*Defendant*.

**THE COMMUNITY HOSPITALS' RESPONSE IN OPPOSITION TO LEAPFROG'S EXPEDITED RULE 7.1(d) MOTION**

Jeffrey Marcus, Bar # 310890
Michael Pineiro, Bar # 41897
Daniel Rashbaum, Bar # 75084
MARCUS RASHBAUM PINEIRO & MEYERS LLP
2 South Biscayne Boulevard
Suite 2530
Miami, FL 33131
(305) 400-4268
jmarcus@mrpfirm.com
mpineiro@mrpfirm.com
drashbaum@mrpfirm.com

Jeffrey Neiman, Bar # 544469
Brandon S. Floch, Bar # 125218
NEIMAN MAYS FLOCH & ALMEIDA PLLC
100 SE 3rd Avenue
Suite 805
Fort Lauderdale, FL 33394
(954) 462-1200
jneiman@nmfalawfirm.com
bfloch@nmfalawfirm.com

Mary Beth Maloney (*pro hac vice*)
Lee R. Crain (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
(212) 351-4000
mmaloney@gibsondunn.com
lcrain@gibsondunn.com

Daniel P. Chung (*pro hac vice*)
Helgi C. Walker (*pro hac vice*)
Christine M. Buzzard (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
(202) 955-8500
dchung@gibsondunn.com
hwalker@gibsondunn.com
cbuzzard@gibsondunn.com

Sydney Scott (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
811 Main Street #3000
Houston, TX 77002
(346) 718-6600
sascott@gibsondunn.com

Scott K. Hvidt (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
(214) 698-3100
shvidt@gibsondunn.com

*Attorneys for the Community Hospitals*

# TABLE OF CONTENTS

**Page**

INTRODUCTION .......... 1

BACKGROUND .......... 2

ARGUMENT .......... 3

I. The Community Hospitals' Fee Motion Is Timely And Ripe Under Governing Federal Law .......... 3

II. Leapfrog Waived All Substantive Objections To The Fee Request Because It Deliberately Disregarded Local Rule 7.3's Mandatory Conferral Requirements .......... 6

III. Judicial Economy Favors Briefing, A Waiver Ruling, and Resolution of the Fee Motion Now .......... 8

CONCLUSION .......... 10

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Am. Registry, LLC v. Hanaw*,
2015 WL 5687693 (M.D. Fla. Sept. 25, 2015) ....6

*Athos Overseas Ltd. v. YouTube, Inc.*,
2024 WL 3431912 (S.D. Fla. May 2, 2024), *adopted by* 2024 WL 3425763 (S.D. Fla. July 16, 2024) ....4

*Belize Telecom, Ltd. v. Gov't of Belize*,
528 F.3d 1298 (11th Cir. 2008) ....9

*Berk v. Choy*,
607 U.S. 187 (2026) ....2, 5

*Caracol Television, S.A. v. Telemundo Television Studios, LLC*,
2022 WL 17583608 (S.D. Fla. Aug. 4, 2022) ....4

*Carruthers v. Israel*,
274 F. Supp. 3d 1345 (S.D. Fla. 2017) ....7

*Cheshire v. Bank of Am., NA*,
351 F. App'x 386 (11th Cir. 2009) ....5

*In re Chiquita Brands Int'l, Inc. Alien Tort Statute & S'holder Derivative Litig.*,
2024 WL 4932671 (S.D. Fla., Oct. 15, 2024), *adopted by* 2024 WL 4930609 (S.D. Fla. Dec. 2, 2024) ....7

*Citibank (S.D.) N.A. v. Nat'l Arb. Council, Inc.*,
2006 WL 2691528 (M.D. Fla. Sep. 19, 2006) ....6

*Club Madonna, Inc. v. City of Miami Beach*,
2015 WL 5559894 (S.D. Fla. Sep. 22, 2015) ....7

*Derhem v. Bay House Mia. Condo. Ass'n*,
2026 WL 628233 (S.D. Fla. Mar. 6, 2026) ....4, 8

*Elessar v. Verizon Wireless Pers. Commc'ns, LLP*,
2020 WL 6156498 (S.D. Fla. Aug. 26, 2020) ....2, 7, 8

*Fitzgerald v. McNae*,
2025 WL 1546958 (S.D. Fla. May 30, 2025) ....8

*Hanna v. Plumer*,
380 U.S. 460 (1965) ....5

*Herbst v. American Orthodontics Corp.*,
2025 WL 3755394 (S.D. Fla. Jan. 23, 2025) ....5, 6

*Hollingsworth v. Perry*,
558 U.S. 183 (2010).......................................................................................................5

*King Cole Condo. Ass'n v. QBE Ins. Corp.*,
2010 WL 3212091 (S.D. Fla. Aug. 12, 2010).........................................................................9

*M.G.B. Homes, Inc. v. Ameron Homes, Inc.*,
30 F.3d 113 (11th Cir. 1994) .......................................................................................6

*Marjam Supply Co. of Fla., LLC v. Pliteq, Inc.*,
2021 WL 1200422 (S.D. Fla. Mar. 5, 2021).........................................................................4

*Novo Nordisk, Inc. v. Wells Pharm. Network, LLC*,
2025 WL 1018422 (M.D. Fla. Apr. 4, 2025)........................................................................6

*Pretka v. Kolter City Plaza II Inc.*,
2013 WL 7219294 (S.D. Fla. Sep. 11, 2013) ......................................................................8

*Procaps S.A. v. Patheon Inc.*,
157 F. Supp. 3d 1199 (S.D. Fla. 2016) ...........................................................................6

*Sheely v. MRI Radiology Network P.A.*,
2006 WL 8432119 (S.D. Fla. 21, 2006) ...........................................................................4

*Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc.*,
253 F.3d 1332 (11th Cir. 2001) .............................................................................3, 5

*Vanzant v. R.L. Prods., Inc.*,
139 F.R.D. 435 (S.D. Fla. 1991).................................................................................9

*White v. N.H. Dep't of Emp. Sec.*,
455 U.S. 445 (1982).......................................................................................................9

**Statutes**

Fla. Stat. § 501.2105(1)...........................................................................................3, 4

**Other Authorities**

*U.S. Court of Appeals—Median Time Intervals in Months for Civil and Criminal Appeals Terminated on the Merits, by Circuit, During the 12-Month Period Ending September 30, 2025* (Sep. 30, 2025),
https://www.uscourts.gov/sites/default/files/document/jb_b4a_0930.2025.pdf.......................9

**Rules**

Fed. R. Civ. P. 54(d)(2)(B) ...................................................................................3, 5

M.D. Fla. L.R. 7.01 ....................................................................................................6
S.D. Fla. L.R. 7.3 ....................................................................................................1, 3, 6, 8

**INTRODUCTION**

This Court found that Leapfrog's Safety Grades "ha[ve] no scientific basis, unfairly penalize non-participating hospitals, and misrepresent hospital safety," awarded declaratory and injunctive relief, and entered judgment in favor of five community hospitals, each of which proved that its patients, employees, and reputations suffered real harm as a result of Leapfrog's misleading F and D grades. Leapfrog's "expedited" motion now asks this Court to devote still more resources to a dispute of Leapfrog's own making. When the Community Hospitals served their draft fee motion on Leapfrog and sought to schedule the conferral Local Rule 7.3 requires, Leapfrog refused to engage, unilaterally declared the motion "premature," and filed its own competing motion, instead of simply responding to the fee motion where it could have made the same arguments. That choice disregarded Local Rule 7.3, which is designed to resolve or narrow fee disputes efficiently without unnecessary judicial intervention, and imposed an avoidable burden on the Court and the Community Hospitals. This Court need not reward it.

The Community Hospitals diligently followed Local Rule 7.3. They served Leapfrog with their draft fee motion and supporting billing materials. They repeatedly sought in good faith to schedule the required conferral. Only after Leapfrog repeatedly refused to engage with the Rule 7.3 process did the Community Hospitals file their fee motion. The Rule is not ambiguous: it sets the filing deadline, prescribes a mandatory conferral process, requires parties to raise and narrow fee disputes, and expressly provides that fee motions must be filed within sixty days of judgment "*regardless of the prospect or pendency of supplemental review or appellate proceedings*." S.D. Fla. L.R. 7.3(a)(1) (emphasis added). Leapfrog did none of it. It made a deliberate choice to bypass the Rule's requirements entirely. Leapfrog admits that it "declined" to incur the "additional burdens" associated with contesting the so-called "suspect aspects" of the Community Hospitals' attorneys' fee motion and detailed accompanying invoices. ECF 227 at 1 n.1. That is not a timing objection. It is an admission of deliberate non-compliance.

Leapfrog's timing rationale for disregarding Local Rule 7.3 rests on a manufactured conflict between federal and state law that does not exist. FDUTPA does not supply a contrary filing rule. Its exhaustion provision addresses only when a prevailing party may ultimately "receive" fees. It says nothing about when a fee motion must be *filed*, when briefing must occur, or whether this Court may enter rulings—including waiver rulings—while an appeal is pending. Even if FDUTPA could be read to conflict with the federal framework, federal procedure would control.

Under *Berk v. Choy*, 607 U.S. 187 (2026), when a Federal Rule of Civil Procedure is on point, state law yields. Rule 54(d)(2)(B) governs fee-motion timing, and Local Rule 7.3—which expressly requires fee motions to proceed notwithstanding any appeal—supplies the court-ordered framework Rule 54 expressly authorizes.

Leapfrog's motion then does exactly what the Local Rule forbids: it attacks the fee request on the merits, calling the amount "grotesquely inflated" and challenging the number of timekeepers and hours expended. Those are precisely the substantive objections Local Rule 7.3 required Leapfrog to raise with reasonable particularity during conferral. Leapfrog cannot raise belated objections to the fees request, all while discarding the Local Rule as inconvenient. Leapfrog's substantive objections are waived. *Elessar v. Verizon Wireless Pers. Commc'ns, LLP*, 2020 WL 6156498, at *5 (S.D. Fla. Aug. 26, 2020) (Middlebrooks, J.).

For these reasons, denial is warranted. Leapfrog's motion is a transparent effort to preempt the fee motion while avoiding the process Local Rule 7.3 requires. The Court need not await the conclusion of any appeal to find that Leapfrog waived all substantive objections to the Community Hospitals' fee request by refusing to participate in the conferral Local Rule 7.3 mandates.[1]

## BACKGROUND

On April 30, 2025, the Community Hospitals filed this action against Leapfrog asserting a single claim under FDUTPA. Following discovery, dispositive motion practice, and a bench trial, the Court entered judgment in favor of the Community Hospitals on April 6, 2026. *See* ECF 214. The Court found that Leapfrog's Safety Grades were deceptive and unfair under FDUTPA and granted declaratory and injunctive relief. *See* ECF 212. On April 30, 2026, Leapfrog filed a notice of appeal and a motion for reconsideration. *See* ECF 220, 221.

Pursuant to Local Rule 7.3(b), the Community Hospitals, as prevailing parties, served Leapfrog on May 5, 2026, with a draft motion for attorneys' fees and costs and accompanying billing materials. *See* ECF 226-8 at 16–17.[2] The draft motion with accompanying detailed invoices sought recovery of certain attorneys' fees and litigation costs incurred by each of the five

[1] If the Court is inclined to defer the ultimate fee award pending appeal, it can enter the waiver finding, stay collection pending any appeal, and make clear that no further substantive fee briefing will be required if the appeal concludes in the Community Hospitals' favor.

[2] This email exchange was submitted as an exhibit to the Community Hospitals' affidavit in support of its fees motion. A copy of that email exchange has been attached hereto for the Court's reference. *See* Ex. A.

plaintiffs in this action. Counsel for the Community Hospitals subsequently contacted Leapfrog on multiple occasions to schedule the good-faith conferral required by Local Rule 7.3(b). *See id.* at 9–12.

Leapfrog refused to engage in that process. Instead, Leapfrog stated via email that it intended to argue that any fee motion was "premature" under FDUTPA's state-law exhaustion requirement. *Id.* at 8, 13. Leapfrog further proposed that the Community Hospitals treat the motion as a "placeholder" and refrain from litigating it while the appeal proceeded. *Id.* at 15. The Community Hospitals declined, repeatedly emphasizing the Local Rule's requirements. *Id.* at 12.

On May 15, 2026—thirty-nine days after entry of final judgment, following Leapfrog's refusal to confer, and well within Local Rule 7.3's sixty-day deadline—the Community Hospitals filed their motion for attorneys' fees and costs. *See* ECF 225. Later that day, Leapfrog filed an expedited motion asking the Court to summarily deny the fee motion, hold it in abeyance, or convene a status conference to determine the operative procedure and timeline. *See* ECF 227.

## ARGUMENT

### I. The Community Hospitals' Fee Motion Is Timely And Ripe Under Governing Federal Law

Procedural matters in federal courts, including the timing of attorneys' fee motions under Federal Rule of Civil Procedure 54, are governed by federal law. This rule applies even where the statutory source of entitlement to fees arises under state substantive law.

Federal Rule of Civil Procedure 54(d)(2)(B) provides that a motion for attorneys' fees "must" be filed within fourteen days after entry of judgment "[u]nless a statute or court order provides otherwise." As the Eleventh Circuit has held, Local Rule 7.3 constitutes such a "court order" that supersedes Rule 54's default filing framework. *See, e.g.*, *Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc.*, 253 F.3d 1332, 1335 (11th Cir. 2001). Local Rule 7.3 expressly governs attorneys' fee motions in this District and requires them to be filed within sixty days of the judgment or order giving rise to the claim for fees, "*regardless of the prospect or pendency of supplemental review or appellate proceedings*." S.D. Fla. L.R. 7.3(a)(1) (emphasis added). That language controls. The Community Hospitals filed their fee motion within sixty days of judgment, notwithstanding Leapfrog's presumptive appeal. Their motion is thus timely under the governing federal and local rules.

Leapfrog's motion never confronts this point—and does not once cite Local Rule 7.3. Leapfrog instead claims that the Community Hospitals' fee motion is "premature" because state

law—FDUTPA—provides that a prevailing party may not "receive" attorneys' fees until after "judgment in the trial court and exhaustion of all appeals." Fla. Stat. § 501.2105(1). According to Leapfrog, that exhaustion provision falls within Rule 54(d)(2)(B)'s "unless a statute … provides otherwise" carve-out, and therefore overrides Local Rule 7.3's filing deadline. *See* ECF 227 at 3–5. That argument fundamentally misreads the applicability of FDUTPA's exhaustion provision and attempts to create a conflict between federal and state law.

But the two provisions are not in conflict. Federal law provides the procedure for when a motion for attorneys' fees may be *filed*. FDUTPA's exhaustion provision is silent on this point and speaks to when the prevailing party may ultimately recover or "*receive*" its attorneys' fees and costs—after exhaustion of all appeals. Fla. Stat. § 501.2105(1) (emphasis added). That distinction is dispositive. Rule 54(d)(2)(B)'s carve-out applies only where another statute supplies an alternative timing rule for *filing* a fee motion. FDUTPA's exhaustion provision does no such thing. FDUTPA therefore falls outside Rule 54(d)(2)(B)'s carve-out concerning the timeline for filing a fee motion. As described in Section III, *infra*, together the provisions promote judicial economy and preservation of resources by requiring filing and resolution of attorneys' fees issues when the dispute is fresh, but do not require receipt or collection of fees until appeals are exhausted.

Because the statute only conditions when a party may "receive" fees, nothing in FDUTPA prevents the Court from determining entitlement and amount of the fee award while appellate proceedings remain pending. In fact, courts in this District consider and decide FDUTPA fee issues while appeals are pending, *see, e.g. Athos Overseas Ltd. v. YouTube, Inc.*, 2024 WL 3431912, at *2, *12 (S.D. Fla. May 2, 2024), *adopted by* 2024 WL 3425763 (S.D. Fla. July 16, 2024), and they, at minimum, require full briefing on FDUTPA fee motions before deciding whether abeyance is warranted, *see, e.g.*, *Marjam Supply Co. of Fla., LLC v. Pliteq, Inc.*, 2021 WL 1200422, at *1 n.2 (S.D. Fla. Mar. 5, 2021); *Caracol Television, S.A. v. Telemundo Television Studios, LLC*, 2022 WL 17583608, at *2 (S.D. Fla. Aug. 4, 2022).

Nor is the Court prevented from entering a fee award until appeals are exhausted. Rather than deny the motion or suspend briefing, as Leapfrog advocates, the Court could enter a fee award (applying its discretion to any reduction) and stay collections until Leapfrog's appeal is resolved. Courts routinely issue fee awards and stay collections, recognizing the distinction between adjudicating a fee request and allowing collection. *See, e.g.*, *Derhem v. Bay House Mia. Condo. Ass'n*, 2026 WL 628233, at *2 n.3 (S.D. Fla. Mar. 6, 2026) (resolving attorneys' fee motion despite

pending appeal while "stay[ing] the collection of the prevailing party fees until [the] appeal is resolved"); *Sheely v. MRI Radiology Network P.A.*, 2006 WL 8432119, at *2 (S.D. Fla. Aug. 21, 2006) ("While the Court may be inclined to stay collection of costs, the Court will not stay the award of costs."). That same distinction gives full effect to FDUTPA's "receive" language here: the Court may decide the fee motion and stay collection or receipt pending appeal.

Even if the Court were to read in a conflict between Rule 54(d)(2)(B)'s carve-out and FDUTPA's exhaustion provision, as Leapfrog suggests, the Court would still have to decide which of two candidates governs: (1) the framework established by the federal and local rules, or (2) FDUTPA, a state statute. As the Supreme Court held in *Berk v. Choy* earlier this year, "when a Federal Rule of Civil Procedure is on point, a federal court bypasses *Erie*'s [choice-of-law] inquiry altogether." 607 U.S. at 192. Federal procedural laws are directly on point and dictate the outcome here. Rule 54 is a valid Federal Rule. Local Rule 7.3 is a "court order" within the meaning of Rule 54(d)(2)(B), *Tire Kingdom*, 253 F.3d at 1335, and itself "ha[s] 'the force of law,'" *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010); *see also Cheshire v. Bank of Am., NA*, 351 F. App'x 386, 388 (11th Cir. 2009). That Rule is on point as to when a fee motion must be filed in this federal Court. FDUTPA's state-law exhaustion provision therefore cannot override Local Rule 7.3's express directive that fee motions be filed "regardless of the prospect or pendency of supplemental review or appellate proceedings."

Leapfrog seeks to dismiss *Berk* as a mere restatement of *Hanna v. Plumer*, 380 U.S. 460 (1965). ECF 227 at 2–3. But *Berk* meaningfully clarified the doctrine governing conflicts between Federal Rules and state law by making clear that express requirements in the Federal Rules of Civil Procedure impliedly preclude states from adding to or modifying those requirements, even if the state law could be characterized as "substantive." *See* 607 U.S. at 195 n.2, 199. Leapfrog's view that the Supreme Court granted certiorari in *Berk* to merely restate something that has been clear to everyone since 1965 is not a credible position. *Contra* ECF 227 at 3. To the extent pre-*Berk* cases assumed that FDUTPA's exhaustion provision controlled the timing of a federal fee motion without analyzing Rule 54, Local Rule 7.3, and *Erie*/*Hanna*, those cases do not answer the question now presented.

One such case is *Herbst v. American Orthodontics Corp.*, 2025 WL 3755394 (S.D. Fla. Jan. 23, 2025) (Middlebrooks, J.). Aside from pre-dating *Berk*, *Herbst* was decided after appellate proceedings had concluded and without occasion to address whether Rule 54(d)(2)(B) and Local

Rule 7.3 displace FDUTPA's state-law exhaustion provision as a filing rule. Leapfrog's reliance on *M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 30 F.3d 113 (11th Cir. 1994), is similarly misplaced. *M.G.B. Homes* predates *Berk* by decades and did not consider whether Rule 54(d)(2)(B) and a local rule expressly requiring fee motions shortly after judgment, and despite pending appeals, displace FDUTPA's exhaustion language. Significantly, both decisions focused on when fees may be "receive[d]," not when a fee motion must be filed. *See id.* at 114; *Herbst*, 2025 WL 3755394, at *1. That is precisely the distinction on which Leapfrog's carve-out argument fails: FDUTPA conditions the receipt or collection, not the filing.

The Middle District of Florida cases on which Leapfrog relies to support its FDUTPA position are even further afield. *See* ECF 227 at 2–3 (citing *e.g.*, *Citibank (S.D.) N.A. v. Nat'l Arb. Council, Inc.*, 2006 WL 2691528, at *7 (M.D. Fla. Sep. 19, 2006)).[3] Those cases arose in a different procedural regime given the Middle District has no analog to Local Rule 7.3's express directive that fee motions be filed "regardless of the prospect or pendency of supplemental review or appellate proceedings." *Compare* M.D. Fla. L.R. 7.01, *with* S.D. Fla. L.R. 7.3(a)(1). That distinction is critical—and eminently sensible. *See infra* at 9. At most, the Middle District cases show how courts have applied FDUTPA in the *absence* of a local rule like this one. They do not address—and cannot override—the procedural framework that governs fee motions in the Southern District of Florida.[4]

In sum, Local Rule 7.3 governs the filing deadline for fees motion in this District. The Community Hospitals complied with the Rule's requirements. The Community Hospitals' motion is timely, and Leapfrog's contrary arguments are foreclosed by *Berk*, Rule 54, and Local Rule 7.3's express directive that fee motions should proceed notwithstanding pending appeals.

## II. Leapfrog Waived All Substantive Objections To The Fee Request Because It Deliberately Disregarded Local Rule 7.3's Mandatory Conferral Requirements

Local Rule 7.3 governs the process and timing of the Community Hospitals' fee motion. Within that framework, Leapfrog was bound by the conferral process Local Rule 7.3 prescribes. But as Leapfrog concedes, it refused to participate in that process and instead took the hardline

[3] *See also Novo Nordisk, Inc. v. Wells Pharm. Network, LLC*, 2025 WL 1018422, at *3 (M.D. Fla. Apr. 4, 2025); *Am. Registry, LLC v. Hanaw*, 2015 WL 5687693, at *3 (M.D. Fla. Sep. 25, 2015).

[4] Even the Southern District decision Leapfrog relies upon cites the very same *Middle District* cases as Leapfrog does in its motion. *See Procaps S.A. v. Patheon Inc.*, 157 F. Supp. 3d 1199, 1200 (S.D. Fla. 2016).

position that the motion was "premature." ECF 226-8 at 8, 13. The consequence of Leapfrog's conduct is waiver. Leapfrog cannot now raise any substantive objections to entitlement and amount that Local Rule 7.3 required it to raise during conferral. Thus, entering the waiver finding is warranted.

Local Rule 7.3 establishes a mandatory pre-motion process designed to narrow or resolve fee disputes before judicial intervention becomes necessary. The Rule requires the parties to engage in a substantive meet-and-confer process concerning entitlement, hourly rates, billing entries, and related objections before fee litigation proceeds in which the nonmovant is required to provide written objections with reasonable particularity and supporting legal authority. Courts in this District, including this one, strictly enforce Rule 7.3's procedural requirements and find waiver where parties fail to comply with them. *See, e.g.*, *Elessar*, 2020 WL 6156498, at *5 (Middlebrooks, J.) ("By not conferring as required by Local Rule 7.3, [respondent] has waived any objection to [the requested fees]."); *Carruthers v. Israel*, 274 F. Supp. 3d 1345, 1350 n.7 (S.D. Fla. 2017) (Middlebrooks, J.) ("Defendants did not follow the procedures set forth in Local Rule 7.3 in lodging their objections, [which] alone would be a sufficient reason to deny its objections."); *Club Madonna, Inc. v. City of Miami Beach*, 2015 WL 5559894, at *9 (S.D. Fla. Sep. 22, 2015); *In re Chiquita Brands Int'l, Inc. Alien Tort Statute & S'holder Derivative Litig.*, 2024 WL 4932671, at *4–5 (S.D. Fla., Oct. 15, 2024), *adopted by* 2024 WL 4930609 (S.D. Fla. Dec. 2, 2024).

Leapfrog failed to comply with that framework, and its own motion confirms that this refusal was deliberate and flippant. Leapfrog admits that it "declined" to incur the "additional burdens" associated with "contesting all of the suspect aspects" of the Community Hospitals' fee motion. ECF 227 at 1 n.1.[5] That is not compliance with Rule 7.3. It is an admission that Leapfrog knowingly disregarded the substantive conferral process the Rule requires.

Leapfrog's motion only underscores the strategic nature of that choice. While insisting that filing the fee motion is premature, Leapfrog simultaneously launches sweeping attacks on the Community Hospitals' request—calling the fee amount "grotesquely inflated" and challenging the number of timekeepers and hours expended. *See id.* at 1. These are exactly the substantive

[5] Similarly, in Leapfrog's request to extend the deadline for its response to the fee motion, Leapfrog stated it had determined that it would not expend resources on a response while it "awaited [this Court's] ruling on" the instant motion and "has not prepared to respond to the Fee Motion with all necessary rigor." ECF 229 ¶ 2.

objections Local Rule 7.3(b) required Leapfrog to raise in response to the Community Hospitals detailed invoices during the conferral process, and that they could have raised in a response to the fee motion instead of an "expedited" request to cut that process short too. Leapfrog cannot have it both ways. If the request is too premature to file, the merits attacks have no place in Leapfrog's motion. If the merits attacks belong in that motion, Leapfrog was required to raise them—with reasonable particularity, not broad-based attacks—and attempt to narrow them through conferral. Leapfrog's refusal to engage in the conferral process only to raise its objections in a freestanding motion is precisely the conduct that this District forbids. *See, e.g.*, *Fitzgerald v. McNae*, 2025 WL 1546958, at *2 (S.D. Fla. May 30, 2025) (respondent "cannot sidestep the Local Rule's mandatory conferral requirements and reserve her rights to object at a later date").

Implicitly recognizing its own waiver, Leapfrog now asks for a mulligan. In footnote 2, Leapfrog requests the "opportunity to meet and confer specifically on remaining questions of reasonableness" if the Court deems the motion ripe. ECF 227 at 5 n.2. But Leapfrog *already* had the opportunity to meet and confer about the "reasonableness" of the fee request under the plain text of Local Rule 7.3—and it rebuffed the Community Hospitals in favor of standing on its timing argument. If Leapfrog believed the burdens of Rule 7.3 conferral were improper or should be postponed, it could have sought relief from the Court before refusing to participate. It did not. Leapfrog instead made a unilateral decision to pretermit the Local Rule's required process.

Leapfrog should bear the consequences of this choice. The Court can expressly find that Leapfrog waived its objections to the Community Hospitals' request for attorneys' fees. *See Elessar*, 2020 WL 6156498, at *5. Not only is such a waiver finding a natural consequence of Leapfrog's conduct, but it materially advances the efficient resolution of this dispute. That is precisely the efficiency Local Rule 7.3 is designed to secure. The Court need not await the conclusion of any appeal to reach this issue, even if it ultimately decides to hold off a collection order. *See supra* n.1. Leapfrog's deliberate refusal to participate in the mandatory Local Rule 7.3 conferral process warrants a waiver finding now.

## III. Judicial Economy Favors Briefing, A Waiver Ruling, and Resolution of the Fee Motion Now

Even under Leapfrog's theory, there is no need for the extraordinary relief it seeks: summary denial or indefinite suspension of all fee proceedings. The Community Hospitals were required by Local Rule 7.3 to timely file their fee motion regardless of any pending appeal. S.D.

Fla. L.R. 7.3(a)(1). Because the Community Hospitals complied with this Local Rule, the Court retains ample discretion to determine when and how to adjudicate the motion.

As noted above, courts routinely permit fee motions to be filed and fully briefed while appeals remain pending and then determine whether to resolve the motion immediately, defer ruling on particular issues, or hold certain aspects of the motion in abeyance pending appellate review. *See supra* at 4 (collecting FDUTPA cases); *see also Derhem*, 2026 WL 628233, at *2 n.3 (determining fee award but staying collection until after appeal); *Pretka v. Kolter City Plaza II Inc.*, 2013 WL 7219294, at *1 (S.D. Fla. Sep. 11, 2013) (denying plaintiffs' request "to stay resolution of the award of costs and attorney's fees pending the appeal of the judgment entered for [d]efendant"); *Belize Telecom, Ltd. v. Gov't of Belize*, 528 F.3d 1298, 1310 (11th Cir. 2008) ("[W]e leave for the district court to determine whether a stay or a hearing on costs and fees is appropriate, given the pending appeal."). Nothing requires the wholesale abeyance of fee motion briefing that Leapfrog seeks here, and indeed Leapfrog now apparently intends to file a response to the fee motion. *See* ECF 229. And there are substantial practical benefits that counsel in favor of briefing fee issues shortly after judgment.

Proceeding with the Community Hospitals' fee motion now, under Local Rule 7.3, allows the parties to preserve objections, narrow disputes, and develop the record while the litigation remains fresh in the minds of both counsel and the Court. Courts in this District have long understood Local Rule 7.3's purpose "to cause the collateral question of fees to be presented and considered within a reasonable time after resolution of the case's merits, while those are still fresh in the judge's mind." *Vanzant v. R.L. Prods., Inc.*, 139 F.R.D. 435, 438 (S.D. Fla. 1991) (internal quotation marks omitted). The scope of the litigation, the complexity of the issues, the necessity of the work performed, and the reasonableness of the time expended are far easier to evaluate now on the heels of the bench trial than they would be following the exhaustion of appellate proceedings.[6] Delaying fee litigation until that point would require reconstructing the record at substantially greater expenditure of judicial and party resources.

[6] This is particularly true given that civil appeals in the Eleventh Circuit are resolved, on average, more than ten months from the filing of a notice of appeal. *See U.S. Court of Appeals—Median Time Intervals in Months for Civil and Criminal Appeals Terminated on the Merits, by Circuit, During the 12-Month Period Ending September 30, 2025* (Sep. 30, 2025), https://www.uscourts.gov/sites/default/files/document/jb_b4a_0930.2025.pdf.

The Court can go ahead and resolve the fee motion upon the conclusion of the briefing cycle on that motion, allowing the Eleventh Circuit to address all issues in this matter in a single, consolidated appeal. *See, e.g.*, *King Cole Condo. Ass'n v. QBE Ins. Corp.*, 2010 WL 3212091, at *1 (S.D. Fla. Aug. 12, 2010) ("The Court's regular practice … is not to stay matters collateral to a final judgment, principally involving fees or costs issues, to avoid piecemeal appeals to the Eleventh Circuit."); *see also White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 454 (1982) ("[O]f course the district courts generally can avoid piecemeal appeals by promptly hearing and deciding claims to attorney's fees. Such practice normally will permit appeals from fee awards to be considered together with any appeal from a final judgment on the merits.").

If the Court is nonetheless inclined to hold off on the ultimate award pending appeal, deferring the waiver determination on the Community Hospitals' fee motion is not warranted. Entering the waiver ruling now based on the current fee briefing cycle is warranted. The actual fee award can then follow without long-after-the-fact briefing regarding entitlement and reasonableness of fees.

**CONCLUSION**

The Community Hospitals respectfully request that the Court: (1) deny Leapfrog's expedited motion in its entirety; (2) find that Leapfrog waived any substantive objections to the Community Hospitals' fee request because it failed to raise them during the pre-filing conferral process mandated by Local Rule 7.3; and (3) find that the Community Hospital's fee motion is timely and thus resolve it upon the conclusion of the briefing cycle on that motion.

In the alternative, if the Court is inclined to defer the ultimate fee award pending appeal, the Community Hospitals respectfully request that the Court: (1) find that Leapfrog waived all substantive objections to the Community Hospitals' fee request by failing to raise them during the pre-filing conferral process mandated by Local Rule 7.3; (2) stay collection of the fee award pending any appeal; and (3) make clear that no further substantive briefing on the Community Hospitals' fee request will be required if the appeal concludes in the Community Hospitals' favor.

Dated: May 28, 2026

Respectfully submitted,

By: */s/ Jeffrey Marcus*

Jeffrey Marcus, Bar # 310890
Michael Pineiro, Bar # 41897
Daniel Rashbaum, Bar # 75084
MARCUS RASHBAUM PINEIRO & MEYERS LLP
2 South Biscayne Boulevard
Suite 2530
Miami, FL 33131
(305) 400-4268
jmarcus@mrpfirm.com
mpineiro@mrpfirm.com
drashbaum@mrpfirm.com

Jeffrey Neiman, Bar # 544469
Brandon S. Floch, Bar # 125218
NEIMAN MAYS FLOCH & ALMEIDA PLLC
100 SE 3rd Ave.
Suite 805
Fort Lauderdale, FL 33394
(954) 462-1200
jneiman@nmfalawfirm.com
bfloch@nmfalawfirm.com

By: */s/ Mary Beth Maloney*

Mary Beth Maloney (*pro hac vice*)
Lee R. Crain (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
(212) 351-4000
mmaloney@gibsondunn.com
lcrain@gibsondunn.com

Daniel P. Chung (*pro hac vice*)
Helgi C. Walker (*pro hac vice*)
Christine M. Buzzard (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
(202) 955-8500
dchung@gibsondunn.com
hwalker@gibsondunn.com
cbuzzard@gibsondunn.com

Sydney Scott (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
811 Main Street #3000
Houston, TX 77002
(346) 718-6600
sascott@gibsondunn.com

Scott K. Hvidt (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
(214) 698-3100
shvidt@gibsondunn.com

*Attorneys for the Community Hospitals*

# EXHIBIT A

| | |
|---|---|
| **From:** | Scott, Sydney |
| **To:** | Derek Shaffer; bfloch@nmfalawfirm.com; jmarcus@mrpfirm.com; Parks, Allyson; Yang, Betty X.; Buzzard, Christine M.; Chung, Daniel P.; drashbaum@mnrlawfirm.com; Cardone, Emily; Walker, Helgi C.; Reilly, Kevin; Simmons, Kevin M.; Crain, Lee R.; Takagaki, Marc Aaron; Maloney, Mary Beth; Hvidt, Scott K.; mpineiro@mnrlawfirm.com; Kuntz, Andrew V. |
| **Cc:** | Jason Sternberg; David Nabors; jura.zibas@wilsonelser.com; courtney.wood@wilsonelser.com; kavi.modi@wilsonelser.com; kimberly.blair@wilsonelser.com; maxwell.billek@wilsonelser.com; shawna.biggs@wilsonelser.com; thomas.duff@wilsonelser.com |
| **Subject:** | RE: Good Samaritan Med. Ctr., Inc. et al. v. The Leapfrog Group, No. 9:25-cv-80526 (S.D. Fla.) - Draft Motion for Attorney"s Fees and Costs |
| **Date:** | Monday, May 11, 2026 5:20:00 PM |

Counsel,

The Local Rules already prescribe the procedure governing requests for attorney's fees. We oppose any procedure outside those established processes.

Thank you,
Sydney

**Sydney Scott**
Partner

T: +1 346.718.6702 | M: +1 281.728.6747
SAScott@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
811 Main Street Suite 3000, Houston, TX 77002-6117

---

**From:** Derek Shaffer <derekshaffer@quinnemanuel.com>
**Sent:** Monday, May 11, 2026 3:08 PM
**To:** Scott, Sydney <SAScott@gibsondunn.com>; bfloch@nmfalawfirm.com; jmarcus@mrpfirm.com; Parks, Allyson <AParks@gibsondunn.com>; Yang, Betty X. <BYang@gibsondunn.com>; Buzzard, Christine M. <CBuzzard@gibsondunn.com>; Chung, Daniel P. <DChung@gibsondunn.com>; drashbaum@mnrlawfirm.com; Cardone, Emily <ECardone@gibsondunn.com>; Walker, Helgi C. <HWalker@gibsondunn.com>; Reilly, Kevin <KReilly@gibsondunn.com>; Simmons, Kevin M. <KMSimmons@gibsondunn.com>; Crain, Lee R. <LCrain@gibsondunn.com>; Takagaki, Marc Aaron <MTakagaki@gibsondunn.com>; Maloney, Mary Beth <MMaloney@gibsondunn.com>; Hvidt, Scott K. <SHvidt@gibsondunn.com>; mpineiro@mnrlawfirm.com; Kuntz, Andrew V. <AKuntz@gibsondunn.com>
**Cc:** Jason Sternberg <jasonsternberg@quinnemanuel.com>; David Nabors <davidnabors@quinnemanuel.com>; jura.zibas@wilsonelser.com; courtney.wood@wilsonelser.com; kavi.modi@wilsonelser.com; kimberly.blair@wilsonelser.com; maxwell.billek@wilsonelser.com; shawna.biggs@wilsonelser.com; thomas.duff@wilsonelser.com
**Subject:** RE: Good Samaritan Med. Ctr., Inc. et al. v. The Leapfrog Group, No. 9:25-cv-80526 (S.D. Fla.) - Draft Motion for Attorney's Fees and Costs

**This Message Is From an External Sender**
This message came from outside your organization.

Your gloss isn't adding anything, In Leapfrog's respectful view, we've gone as far as is appropriate (likely further) in these circumstances under the Rule 7.3 process. And we've stated our substantive position several times – pellucidly.

As to our forthcoming motion, do the Plaintiffs consent, oppose, or take no position specifically relative to the proposed expedition, requiring a response within two days?

Thanks, and best,

Derek

**Derek Shaffer**
*Partner,*
Quinn Emanuel Urquhart & Sullivan, LLP

555 13th St, NW Suite 600
Washington, D.C. 20004
202-538-8123 Direct
202.538.8000 Main Office Number
202.538.8100 FAX
derekshaffer@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Scott, Sydney <SAScott@gibsondunn.com>
**Sent:** Monday, May 11, 2026 4:01 PM
**To:** Derek Shaffer <derekshaffer@quinnemanuel.com>; bfloch@nmfalawfirm.com; jmarcus@mrpfirm.com; Parks, Allyson <AParks@gibsondunn.com>; Yang, Betty X. <BYang@gibsondunn.com>; Buzzard, Christine M. <CBuzzard@gibsondunn.com>; Chung, Daniel P. <DChung@gibsondunn.com>; drashbaum@mnrlawfirm.com; Cardone, Emily <ECardone@gibsondunn.com>; Walker, Helgi C. <HWalker@gibsondunn.com>; Reilly, Kevin <KReilly@gibsondunn.com>; Simmons, Kevin M. <KMSimmons@gibsondunn.com>; Crain, Lee R. <LCrain@gibsondunn.com>; Takagaki, Marc Aaron <MTakagaki@gibsondunn.com>; Maloney, Mary Beth <MMaloney@gibsondunn.com>; Hvidt, Scott K. <SHvidt@gibsondunn.com>; mpineiro@mnrlawfirm.com; Kuntz, Andrew V. <AKuntz@gibsondunn.com>
**Cc:** Jason Sternberg <jasonsternberg@quinnemanuel.com>; David Nabors <davidnabors@quinnemanuel.com>; jura.zibas@wilsonelser.com; courtney.wood@wilsonelser.com;

kavi.modi@wilsonelser.com; kimberly.blair@wilsonelser.com; maxwell.billek@wilsonelser.com; shawna.biggs@wilsonelser.com; thomas.duff@wilsonelser.com
**Subject:** RE: Good Samaritan Med. Ctr., Inc. et al. v. The Leapfrog Group, No. 9:25-cv-80526 (S.D. Fla.) - Draft Motion for Attorney's Fees and Costs

**[EXTERNAL EMAIL from sascott@gibsondunn.com]**

---

Counsel,

Thank you for making clear Leapfrog's repeated refusal to participate in the Rule 7.3 process. The Community Hospitals will respond to any motion you file in accordance with any applicable rules and deadlines imposed by the Court.

Thank you,
Sydney

**Sydney Scott**
Partner

T: +1 346.718.6702 | M: +1 281.728.6747
SAScott@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
811 Main Street Suite 3000, Houston, TX 77002-6117

---

**From:** Derek Shaffer <derekshaffer@quinnemanuel.com>
**Sent:** Monday, May 11, 2026 2:20 PM
**To:** Scott, Sydney <SAScott@gibsondunn.com>; bfloch@nmfalawfirm.com; jmarcus@mrpfirm.com; Parks, Allyson <AParks@gibsondunn.com>; Yang, Betty X. <BYang@gibsondunn.com>; Buzzard, Christine M. <CBuzzard@gibsondunn.com>; Chung, Daniel P. <DChung@gibsondunn.com>; drashbaum@mnrlawfirm.com; Cardone, Emily <ECardone@gibsondunn.com>; Walker, Helgi C. <HWalker@gibsondunn.com>; Reilly, Kevin <KReilly@gibsondunn.com>; Simmons, Kevin M. <KMSimmons@gibsondunn.com>; Crain, Lee R. <LCrain@gibsondunn.com>; Takagaki, Marc Aaron <MTakagaki@gibsondunn.com>; Maloney, Mary Beth <MMaloney@gibsondunn.com>; Hvidt, Scott K. <SHvidt@gibsondunn.com>; mpineiro@mnrlawfirm.com; Kuntz, Andrew V. <AKuntz@gibsondunn.com>
**Cc:** Jason Sternberg <jasonsternberg@quinnemanuel.com>; David Nabors <davidnabors@quinnemanuel.com>; jura.zibas@wilsonelser.com; courtney.wood@wilsonelser.com; kavi.modi@wilsonelser.com; kimberly.blair@wilsonelser.com; maxwell.billek@wilsonelser.com; shawna.biggs@wilsonelser.com; thomas.duff@wilsonelser.com
**Subject:** RE: Good Samaritan Med. Ctr., Inc. et al. v. The Leapfrog Group, No. 9:25-cv-80526 (S.D. Fla.) - Draft Motion for Attorney's Fees and Costs

Our position is that the meet and confer process has run its course for now, considering that the proposed motion is unripe as a legal matter and wasteful as a practical matter. To the extent your view differs, we think guidance and ruling from the Court are appropriate at this juncture. If the Court, contrary to precedent and its own on-point ruling, proceeds to deem the motion timely and worthy of further treatment at this time, then we can meet and confer further, with Leapfrog respectfully reserving rights to supply additional objections at that time. All of that seems clear enough from my prior email but I'm reiterating it now for the avoidance of any doubt.

Now, as for the meet and confer on Leapfrog's responsive motion, what is your clients' position, please? You seem to have ignored that. Thanks, and best,

Derek

**Derek Shaffer**
*Partner,*
Quinn Emanuel Urquhart & Sullivan, LLP

555 13th St, NW Suite 600
Washington, D.C. 20004
202-538-8123 Direct
202.538.8000 Main Office Number
202.538.8100 FAX
derekshaffer@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Scott, Sydney <SAScott@gibsondunn.com>
**Sent:** Monday, May 11, 2026 3:13 PM
**To:** Derek Shaffer <derekshaffer@quinnemanuel.com>; bfloch@nmfalawfirm.com; jmarcus@mrpfirm.com; Parks, Allyson <AParks@gibsondunn.com>; Yang, Betty X. <BYang@gibsondunn.com>; Buzzard, Christine M. <CBuzzard@gibsondunn.com>; Chung, Daniel P. <DChung@gibsondunn.com>; drashbaum@mnrlawfirm.com; Cardone, Emily <ECardone@gibsondunn.com>; Walker, Helgi C. <HWalker@gibsondunn.com>; Reilly, Kevin <KReilly@gibsondunn.com>; Simmons, Kevin M. <KMSimmons@gibsondunn.com>; Crain, Lee R. <LCrain@gibsondunn.com>; Takagaki, Marc Aaron <MTakagaki@gibsondunn.com>; Maloney, Mary Beth <MMaloney@gibsondunn.com>; Hvidt, Scott K. <SHvidt@gibsondunn.com>; mpineiro@mnrlawfirm.com; Kuntz, Andrew V. <AKuntz@gibsondunn.com>

**Cc:** Jason Sternberg <jasonsternberg@quinnemanuel.com>; David Nabors <davidnabors@quinnemanuel.com>; jura.zibas@wilsonelser.com; courtney.wood@wilsonelser.com; kavi.modi@wilsonelser.com; kimberly.blair@wilsonelser.com; maxwell.billek@wilsonelser.com; shawna.biggs@wilsonelser.com; thomas.duff@wilsonelser.com
**Subject:** RE: Good Samaritan Med. Ctr., Inc. et al. v. The Leapfrog Group, No. 9:25-cv-80526 (S.D. Fla.) - Draft Motion for Attorney's Fees and Costs

**[EXTERNAL EMAIL from sascott@gibsondunn.com]**

---

Counsel,

Thank you for the response. The Community Hospitals intend to proceed with the Rule 7.3 process and the filing of their fee motion. We do not agree that it is premature or should be held in abeyance. For the reasons already explained, we believe proceeding now is procedurally proper and consistent with Rule 54 and Local Rule 7.3. Leapfrog is free to seek whatever relief they believe appropriate from the Court, and we will respond accordingly.

We also do not agree that the Local Rule's mandatory meet-and-confer requirements may be bypassed based on Leapfrog's preliminary "skimming" review of the records or generalized objections to categories of work. The Local Rules contemplate precisely the sort of granular conferral process Leapfrog now seek to avoid, and the existence of objections is not a basis to dispense with that process altogether.

Nor do we agree that meeting and conferring would impose "daunting costs" or otherwise waste resources. To the contrary, the process is intended to narrow disputes, test positions, and potentially avoid unnecessary motion practice. Leapfrog's suggested course only leads to more disputes—an outcome that the Rules are supposed to guard against.

Your email appears to state that Leapfrog will not participate in the mandatory Rule 7.3 conferral process because doing so would supposedly impose "daunting costs" and waste resources. So there is no doubt, please confirm that Leapfrog is taking the position that it will not participate in the mandatory conferral process. If I'm mistaken, please provide your availability for the required meet-and-confer.

Thank you,
Sydney

**Sydney Scott**
Partner

T: +1 346.718.6702 | M: +1 281.728.6747
SAScott@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
811 Main Street Suite 3000, Houston, TX 77002-6117

---

**From:** Derek Shaffer <derekshaffer@quinnemanuel.com>
**Sent:** Monday, May 11, 2026 11:41 AM
**To:** Scott, Sydney <SAScott@gibsondunn.com>; bfloch@nmfalawfirm.com; jmarcus@mrpfirm.com; Parks, Allyson <AParks@gibsondunn.com>; Yang, Betty X. <BYang@gibsondunn.com>; Buzzard, Christine M. <CBuzzard@gibsondunn.com>; Chung, Daniel P. <DChung@gibsondunn.com>; drashbaum@mnrlawfirm.com; Cardone, Emily <ECardone@gibsondunn.com>; Walker, Helgi C. <HWalker@gibsondunn.com>; Reilly, Kevin <KReilly@gibsondunn.com>; Simmons, Kevin M. <KMSimmons@gibsondunn.com>; Crain, Lee R. <LCrain@gibsondunn.com>; Takagaki, Marc Aaron <MTakagaki@gibsondunn.com>; Maloney, Mary Beth <MMaloney@gibsondunn.com>; Hvidt, Scott K. <SHvidt@gibsondunn.com>; mpineiro@mnrlawfirm.com; Kuntz, Andrew V. <AKuntz@gibsondunn.com>
**Cc:** Jason Sternberg <jasonsternberg@quinnemanuel.com>; David Nabors <davidnabors@quinnemanuel.com>; jura.zibas@wilsonelser.com; courtney.wood@wilsonelser.com; kavi.modi@wilsonelser.com; kimberly.blair@wilsonelser.com; maxwell.billek@wilsonelser.com; shawna.biggs@wilsonelser.com; thomas.duff@wilsonelser.com
**Subject:** RE: Good Samaritan Med. Ctr., Inc. et al. v. The Leapfrog Group, No. 9:25-cv-80526 (S.D. Fla.) - Draft Motion for Attorney's Fees and Costs

Counsel:

Thank you for clarifying the status of the contemporaneous fee records. Before you flagged that they were accessible as part of the initial transmission, none of our attorneys had been so aware. It was a paralegal who'd accessed them on our end, and my email observation that we'd "need, at a minimum, the opportunity to review all contemporaneous time records" hadn't drawn a response from you. All that said, our skimming of the records had confirmed our stated concerns that the amount requested isn't anything close to reasonable. It includes, among other things, time spent on issues well removed from any alleged factual misrepresentations about methodology, which, as we've noted, is all that might be actionable consistent with the First Amendment; it also includes time spent on damages claims that never materialized; and likewise includes time spent on a preliminary injunction that was abandoned. The list goes on, and we reserve rights to add to our

granular objections when and if the motion becomes ripe – just as you presumably reserve rights potentially to revisit the request in the wake of further proceedings.

Beyond this, however, there would be no benefit and daunting costs associated with meeting and conferring further. Scrutinizing and contesting all of the many particulars would serve only to waste Leapfrog's precious resources – resources that will not be reimbursed by your clients. Much or all of that may be mooted by ensuing developments, including on appeal. If you want to abandon your request as unreasonable and/or premature, we will be glad to learn that. And we remain willing to stipulate to the request being filed and then held in abeyance. Please let us know if you will agree to that.

If not, and you are insistent on filing your motion before appeals are exhausted, then we will respond by asking the Court summarily to deny the motion, to hold it in abeyance, or to convene a status conference. We will seek that relief on an expedited basis, enabling a ruling before Leapfrog's further opposition to the fee motion comes due. Specifically, we would propose that the Plaintiffs have two days to respond to our short motion, which will reflect the same points we've already previewed. If you remain insistent on filing the fee motion, please let us know your position relative to the motion that we'll be filing on the heels of yours.

We're of course glad to discuss any of the above. Thanks, and best,

Derek

**Derek Shaffer**
*Partner,*
Quinn Emanuel Urquhart & Sullivan, LLP

555 13th St, NW Suite 600
Washington, D.C. 20004
202-538-8123 Direct
202.538.8000 Main Office Number
202.538.8100 FAX
derekshaffer@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is

strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Scott, Sydney <SAScott@gibsondunn.com>
**Sent:** Thursday, May 7, 2026 6:41 PM
**To:** Derek Shaffer <derekshaffer@quinnemanuel.com>; bfloch@nmfalawfirm.com; jmarcus@mrpfirm.com; Parks, Allyson <AParks@gibsondunn.com>; Yang, Betty X. <BYang@gibsondunn.com>; Buzzard, Christine M. <CBuzzard@gibsondunn.com>; Chung, Daniel P. <DChung@gibsondunn.com>; drashbaum@mnrlawfirm.com; Cardone, Emily <ECardone@gibsondunn.com>; Walker, Helgi C. <HWalker@gibsondunn.com>; Reilly, Kevin <KReilly@gibsondunn.com>; Simmons, Kevin M. <KMSimmons@gibsondunn.com>; Crain, Lee R. <LCrain@gibsondunn.com>; Takagaki, Marc Aaron <MTakagaki@gibsondunn.com>; Maloney, Mary Beth <MMaloney@gibsondunn.com>; Hvidt, Scott K. <SHvidt@gibsondunn.com>; mpineiro@mnrlawfirm.com; Kuntz, Andrew V. <AKuntz@gibsondunn.com>
**Cc:** Jason Sternberg <jasonsternberg@quinnemanuel.com>; David Nabors <davidnabors@quinnemanuel.com>; jura.zibas@wilsonelser.com; courtney.wood@wilsonelser.com; kavi.modi@wilsonelser.com; kimberly.blair@wilsonelser.com; maxwell.billek@wilsonelser.com; shawna.biggs@wilsonelser.com; thomas.duff@wilsonelser.com
**Subject:** RE: Good Samaritan Med. Ctr., Inc. et al. v. The Leapfrog Group, No. 9:25-cv-80526 (S.D. Fla.) - Draft Motion for Attorney's Fees and Costs

**[EXTERNAL EMAIL from sascott@gibsondunn.com]**

---

Counsel,

As reflected in our original transmittal, the Community Hospitals already served the supporting billing materials with the draft motion, including hundreds of pages of contemporaneous billing records reflecting the claimed fees. In fact, someone from your office has accessed those records (see attached). And to make it even easier, we are sending you courtesy copies of our fee application (along with the supporting billing records).

Given this compliance, we're not sure what "essential records" Leapfrog believes were withheld. If Leapfrog contends additional materials are required for purposes of the Rule 7.3 process, please identify with specificity what you believe is missing so the parties can address any such issue efficiently during the conferral process.

Your remaining comments appear directed to objections Leapfrog may wish to raise regarding the amount or reasonableness of the requested fees. The Community Hospitals disagree with those assertions, including Leapfrog's characterization of staffing and its position regarding the propriety of proceeding under Rule 7.3 at this stage. Those issues can be addressed during the Rule 7.3 conference and, if necessary, presented to the

Court.

In the meantime, please provide your availability for the Rule 7.3 conference contemplated by the Local Rule.

Thanks,
Sydney

**Sydney Scott**
Partner

T: +1 346.718.6702 | M: +1 281.728.6747
SAScott@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
811 Main Street Suite 3000, Houston, TX 77002-6117

---

**From:** Derek Shaffer <derekshaffer@quinnemanuel.com>
**Sent:** Thursday, May 7, 2026 3:51 PM
**To:** Scott, Sydney <SAScott@gibsondunn.com>; bfloch@nmfalawfirm.com; jmarcus@mrpfirm.com; Parks, Allyson <AParks@gibsondunn.com>; Yang, Betty X. <BYang@gibsondunn.com>; Buzzard, Christine M. <CBuzzard@gibsondunn.com>; Chung, Daniel P. <DChung@gibsondunn.com>; drashbaum@mnrlawfirm.com; Cardone, Emily <ECardone@gibsondunn.com>; Walker, Helgi C. <HWalker@gibsondunn.com>; Reilly, Kevin <KReilly@gibsondunn.com>; Simmons, Kevin M. <KMSimmons@gibsondunn.com>; Crain, Lee R. <LCrain@gibsondunn.com>; Takagaki, Marc Aaron <MTakagaki@gibsondunn.com>; Maloney, Mary Beth <MMaloney@gibsondunn.com>; Hvidt, Scott K. <SHvidt@gibsondunn.com>; mpineiro@mnrlawfirm.com; Kuntz, Andrew V. <AKuntz@gibsondunn.com>
**Cc:** Jason Sternberg <jasonsternberg@quinnemanuel.com>; David Nabors <davidnabors@quinnemanuel.com>; jura.zibas@wilsonelser.com; courtney.wood@wilsonelser.com; kavi.modi@wilsonelser.com; kimberly.blair@wilsonelser.com; maxwell.billek@wilsonelser.com; shawna.biggs@wilsonelser.com; thomas.duff@wilsonelser.com
**Subject:** RE: Good Samaritan Med. Ctr., Inc. et al. v. The Leapfrog Group, No. 9:25-cv-80526 (S.D. Fla.) - Draft Motion for Attorney's Fees and Costs

Are you providing the contemporaneous billing records, as expressly requested? Turnover of those essential records should precede the Rule 7.3 conference. Also, please be advised that any fees you may be incurring and then claiming (from all of the many lawyers whom you're copying) will be facially unreasonable given that (a) overstaffing is evident, (b) you're inexplicably withholding the appropriate record surrounding fees, (c) all of

this skirmishing stands to be mooted, or at least better informed, by further rulings that still lie ahead, and (d) you've not identified any prejudice that plaintiffs could possibly suffer from following our suggested approach, consistent with the express terms of the statute under which you're claiming fees. Best,

Derek

**Derek Shaffer**
*Partner,*
Quinn Emanuel Urquhart & Sullivan, LLP

555 13th St, NW Suite 600
Washington, D.C. 20004
202-538-8123 Direct
202.538.8000 Main Office Number
202.538.8100 FAX
derekshaffer@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Scott, Sydney <SAScott@gibsondunn.com>
**Sent:** Thursday, May 7, 2026 4:44 PM
**To:** Derek Shaffer <derekshaffer@quinnemanuel.com>; bfloch@nmfalawfirm.com; jmarcus@mrpfirm.com; Parks, Allyson <AParks@gibsondunn.com>; Yang, Betty X. <BYang@gibsondunn.com>; Buzzard, Christine M. <CBuzzard@gibsondunn.com>; Chung, Daniel P. <DChung@gibsondunn.com>; drashbaum@mnrlawfirm.com; Cardone, Emily <ECardone@gibsondunn.com>; Walker, Helgi C. <HWalker@gibsondunn.com>; Reilly, Kevin <KReilly@gibsondunn.com>; Simmons, Kevin M. <KMSimmons@gibsondunn.com>; Crain, Lee R. <LCrain@gibsondunn.com>; Takagaki, Marc Aaron <MTakagaki@gibsondunn.com>; Maloney, Mary Beth <MMaloney@gibsondunn.com>; Hvidt, Scott K. <SHvidt@gibsondunn.com>; mpineiro@mnrlawfirm.com; Kuntz, Andrew V. <AKuntz@gibsondunn.com>
**Cc:** Jason Sternberg <jasonsternberg@quinnemanuel.com>; David Nabors <davidnabors@quinnemanuel.com>; jura.zibas@wilsonelser.com; courtney.wood@wilsonelser.com; kavi.modi@wilsonelser.com; kimberly.blair@wilsonelser.com; maxwell.billek@wilsonelser.com; shawna.biggs@wilsonelser.com; thomas.duff@wilsonelser.com
**Subject:** RE: Good Samaritan Med. Ctr., Inc. et al. v. The Leapfrog Group, No. 9:25-cv-80526 (S.D. Fla.) - Draft Motion for Attorney's Fees and Costs

**[EXTERNAL EMAIL from sascott@gibsondunn.com]**

---

Counsel,

We disagree with Leapfrog's position and intend to proceed with the fee motion consistent with the Federal Rules and Local Rule 7.3.

As you know, Local Rule 7.3 expressly contemplates that fee motions will be served and litigated notwithstanding the prospect or pendency of appellate proceedings. The Rule further requires the parties to engage in a substantive conferral process regarding the requested fees and expenses before any filing occurs. That process is now underway.

Accordingly, we do not agree that the motion is "premature," nor do we agree that the Community Hospitals should indefinitely defer the Rule 7.3 process or treat the motion merely as a "placeholder." The Community Hospitals intend to preserve and pursue their rights under the governing rules and statutes.

Your correspondence largely addresses legal arguments you may wish to present to the Court regarding the timing or disposition of the motion. The Community Hospitals preserve all contrary arguments, including those reflected in the draft motion. But regardless of those issues, Rule 7.3 requires the parties to confer regarding the substance of the fee request, and we expect Leapfrog to participate in that process in good faith.

You state that Leapfrog perceives "obvious signs of unreasonableness" with respect to the requested fees and staffing. We therefore assume Leapfrog is prepared to articulate those positions concretely during the Rule 7.3 conferral process, including identifying any specific objections to the fees, expenses, billing judgments, or supporting materials.

Please let us know your availability next week for the Rule 7.3 conference. We will continue to include Kim and Courtney on future correspondence.

Thank you,
Sydney

**Sydney Scott**
Partner

T: +1 346.718.6702 | M: +1 281.728.6747
SAScott@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
811 Main Street Suite 3000, Houston, TX 77002-6117

**From:** Derek Shaffer <derekshaffer@quinnemanuel.com>
**Sent:** Thursday, May 7, 2026 9:59 AM
**To:** Scott, Sydney <SAScott@gibsondunn.com>; bfloch@nmfalawfirm.com; jmarcus@mrpfirm.com; Parks, Allyson <AParks@gibsondunn.com>; Yang, Betty X. <BYang@gibsondunn.com>; Buzzard, Christine M. <CBuzzard@gibsondunn.com>; Chung, Daniel P. <DChung@gibsondunn.com>; drashbaum@mnrlawfirm.com; Cardone, Emily <ECardone@gibsondunn.com>; Walker, Helgi C. <HWalker@gibsondunn.com>; Reilly, Kevin <KReilly@gibsondunn.com>; Simmons, Kevin M. <KMSimmons@gibsondunn.com>; Crain, Lee R. <LCrain@gibsondunn.com>; Takagaki, Marc Aaron <MTakagaki@gibsondunn.com>; Maloney, Mary Beth <MMaloney@gibsondunn.com>; Hvidt, Scott K. <SHvidt@gibsondunn.com>; mpineiro@mnrlawfirm.com; Kuntz, Andrew V. <AKuntz@gibsondunn.com>
**Cc:** Jason Sternberg <jasonsternberg@quinnemanuel.com>; David Nabors <davidnabors@quinnemanuel.com>; jura.zibas@wilsonelser.com; courtney.wood@wilsonelser.com; kavi.modi@wilsonelser.com; kimberly.blair@wilsonelser.com; maxwell.billek@wilsonelser.com; shawna.biggs@wilsonelser.com; thomas.duff@wilsonelser.com
**Subject:** RE: Good Samaritan Med. Ctr., Inc. et al. v. The Leapfrog Group, No. 9:25-cv-80526 (S.D. Fla.) - Draft Motion for Attorney's Fees and Costs

Counsel,

We understand from your draft motion that you will be filing it now as a precautionary matter. That noted, your filing will be premature according to settled law, judicial and party economy, and common sense. To start, there can be no substantive entitlement to fees at this stage under the express terms of FDUTPA, which does not even open the door to an award of attorney's fees until "after judgment in the trial court and *exhaustion of all appeals*." Fla. Stat. 501.2105(1) (emphasis added). Lest there be any doubt, binding precedent holds that, "[t]o award such fees" in federal as well as state court, "the Court must determine if [litigants] were prevailing parties, *and* ensure that all appeals have been exhausted." *Herbst v. Am. Orthodontics Corp.*, 2025 WL 3755394, at *1 (S.D. Fla. Jan. 23, 2025) (Middlebrooks, J.) (emphasis added); *see M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 30 F.3d 113, 115 (11th Cir. 1994).

To the extent your motion suggests that this binding precedent has been abrogated, the suggestion cannot withstand scrutiny. In drawing upon *Berk v. Choy*, you'd lean upon its observation that "a valid Rule of Civil Procedure displaces contrary state law even if the state law would qualify as substantive" under *Erie*. 146 S. Ct. 546, 552 (2026). Similarly, you say that *Berk*'s import is

that it "clarified that, when a valid Federal Rule of Civil Procedure answers the disputed timing question, it governs notwithstanding contrary state law." Draft Mot. 6 n.1. But that rule did not come as news; it has been elementary for at least the last six decades, as taught in first-year civil procedure courses. *See Hanna v. Plumer*, 380 U.S. 460, 471 (1965) ("When a situation is covered by one of the Federal Rules, the question facing the court … [is] only [whether] the Advisory Committee, this Court, and Congress erred in their prima facie judgment that the Rule in question transgresses neither the terms of the Enabling Act nor constitutional restrictions."); *see also Berk*, 146 S. Ct. at 552 (citing *Hanna* for Plaintiffs' proposition). Nor did *Berk* even involve "a disputed timing question," Draft Mot. 6 n.1, let alone one analogous enough to FDUTPA to overrule Eleventh Circuit precedent. It held simply that Rule 8 displaced a state-law requirement to pair a complaint with "evidence of the claim" in the form of an affidavit of merit. 146 S. Ct. at 553. No aspect of the Court's holding or reasoning comes close to displacing the express statutory terms and on-point precedent that control here.

In any event, the controlling precedent enforcing FDUTPA's appeal-exhaustion rule controls is irreproachable. The only rule that you identify as supposedly contrary to FDUTPA is Federal Rule of Procedure 54(d)(2)(B). But that rule does not conflict with FDUTPA at all—most obviously, because it expressly says that a motion for attorney's fees must "be filed no later than 14 days after the entry of judgment" "*[u]nless a statute or court order provides otherwise*." Fed. R. Civ. P. 54(d)(2)(B) (emphasis added). To reiterate, FDUTPA expressly "provides otherwise" by insisting appeals be exhausted before fees may be awarded.

Of course, even setting aside all of the above, the Court separately would have wide discretion to dismiss without prejudice or hold in abeyance the fee motion. For reasons too apparent for us to belabor, that approach would make the utmost sense, without posing any prejudice to Plaintiffs. Otherwise, hashing out all of the potential issues surrounding the more than $10.5 million in fees claimed, even before it is finally known whether and to what extent Plaintiffs will prevail at the end of all appeals, would threaten to waste party and judicial resources. Even setting that aside, there would be compelling reason for Judge Middlebrooks (or, if need be, the Eleventh Circuit) to stay any

fee award until grave First Amendment questions are fully resolved. In that light, too, rushing to litigate fees threatens to waste resources and complicate the proceedings without advancing anyone's interests.

Based on the above, should you file the draft motion or any similar motion, we would urge the Court to deny the motion as premature, per the statutory text and precedent. Happily, we perceive room for a possible compromise: if Plaintiffs agree to treat the motion as a placeholder, without moving forward on it at this stage, we would be willing to stipulate that the motion can be held in abeyance until all appeals are exhausted. That approach, as you acknowledge, would allow you to ensure timeliness and preserve your ability to resume litigating any persisting claim to fees post-appeal. We don't think anyone stands to benefit from prematurely launching into the grueling task of scrutinizing and defending timesheets for reasonableness, particularly given that FDUTPA "contemplates situations in which parties who prevailed at the trial level may be nonprevailing after the appellate process is exhausted." *M.G.B. Homes*, 30 F.3d at 115. Answering for the judgment's First Amendment defects should be enough for now.

If your position differs and you're insisting that all the related issues should be litigated here and now, then we'll need, at a minimum, the opportunity to review all contemporaneous time records for all of the 25 timekeepers whose fees are at issue. For now, however, it should suffice to say that Leapfrog perceives obvious signs of unreasonableness—the extent of the claimed fees, the claimed time, and the number of timekeepers far exceed what could qualify as reasonable in this case. But we would propose to leave those and other issues for another day, once everyone knows with certainty the precise contours of the underlying judgment, assuming we can stipulate along the lines suggested above. Please let us know whether our proposed approach works for Plaintiffs and we'll be at your disposal if you want to talk.

Finally, we at Quinn Emanuel are to field outreaches such as this, but Kim and Courtney remain co-counsel and should also be included.

Thanks, and best,

Derek

**Derek Shaffer**
*Partner,*
Quinn Emanuel Urquhart & Sullivan, LLP

555 13th St, NW Suite 600
Washington, D.C. 20004
202-538-8123 Direct
202.538.8000 Main Office Number
202.538.8100 FAX
derekshaffer@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Scott, Sydney <SAScott@gibsondunn.com>
**Sent:** Tuesday, May 5, 2026 10:33 PM
**To:** Jason Sternberg <jasonsternberg@quinnemanuel.com>; jura.zibas@wilsonelser.com; courtney.wood@wilsonelser.com; Derek Shaffer <derekshaffer@quinnemanuel.com>; kavi.modi@wilsonelser.com; kimberly.blair@wilsonelser.com; maxwell.billek@wilsonelser.com; shawna.biggs@wilsonelser.com; thomas.duff@wilsonelser.com
**Cc:** bfloch@nmfalawfirm.com; jmarcus@mrpfirm.com; Parks, Allyson <AParks@gibsondunn.com>; Yang, Betty X. <BYang@gibsondunn.com>; Buzzard, Christine M. <CBuzzard@gibsondunn.com>; Chung, Daniel P. <DChung@gibsondunn.com>; drashbaum@mnrlawfirm.com; Cardone, Emily <ECardone@gibsondunn.com>; Walker, Helgi C. <HWalker@gibsondunn.com>; Reilly, Kevin <KReilly@gibsondunn.com>; Simmons, Kevin M. <KMSimmons@gibsondunn.com>; Crain, Lee R. <LCrain@gibsondunn.com>; Takagaki, Marc Aaron <MTakagaki@gibsondunn.com>; Maloney, Mary Beth <MMaloney@gibsondunn.com>; Hvidt, Scott K. <SHvidt@gibsondunn.com>; mpineiro@mnrlawfirm.com; Kuntz, Andrew V. <AKuntz@gibsondunn.com>
**Subject:** Good Samaritan Med. Ctr., Inc. et al. v. The Leapfrog Group, No. 9:25-cv-80526 (S.D. Fla.) - Draft Motion for Attorney's Fees and Costs

**[EXTERNAL EMAIL from sascott@gibsondunn.com]**

---

Counsel,

Pursuant to Southern District of Florida Local Rule 7.3(b) and on behalf of the Community Hospitals in the above captioned action, please see attached a draft motion for attorneys' fees along with supporting documentation, including Exhibits A and C available here. The Community Hospitals reserve the right to revise the draft motion and supporting materials, along with the fees and costs claimed, in response to discussions

during the conferral process provided for under the Local Rule.

Please let us know if you consent to electronic service. If you prefer a mailed copy, we would be happy to provide one.

Regards,
Sydney

**Sydney Scott**
Partner

T: +1 346.718.6702 | M: +1 281.728.6747
SAScott@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
811 Main Street Suite 3000, Houston, TX 77002-6117

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the

intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No. 25-CV-80526-MIDDLEBROOKS**

**GOOD SAMARITAN MEDICAL CENTER, INC., DELRAY MEDICAL CENTER, INC., PALM BEACH GARDENS COMMUNITY HOSPITAL, INC. D/B/A PALM BEACH GARDENS MEDICAL CENTER, ST. MARY'S MEDICAL CENTER, INC. AND WEST BOCA MEDICAL CENTER, INC.,**

**Plaintiffs,**

**v.**

**THE LEAPFROG GROUP,**

**Defendant.**
_______________________________________/

**DEFENDANT THE LEAPFROG GROUP'S REPLY IN FURTHER SUPPORT OF ITS *EXPEDITED* MOTION TO SUMMARILY DENY, OR ALTERNATIVELY TO HOLD IN ABEYANCE, PLAINTIFFS' MOTION FOR FEES, OR TO CONVENE A STATUS CONFERENCE**

# TABLE OF CONTENTS

Page

INTRODUCTION ....... 1

ARGUMENT ....... 1

**I. PLAINTIFFS' MOTION IS PREMATURE UNDER FDUTPA AND BINDING CIRCUIT PRECEDENT INTERPRETING IT** ....... 1

**A. Plaintiffs Agree That They Cannot Receive Fees Now** ....... 2

**B. Binding Precedent Requires Summary Denial Or Abeyance** ....... 2

**C. Binding Precedent Is Correct** ....... 3

**D. Judicial Economy Favors Summary Denial Or Abeyance** ....... 5

**II. PLAINTIFFS' CLAIMS FOR ATTORNEYS' FEES AND COSTS ARE FACIALLY UNREASONABLE** ....... 6

**A. Plaintiffs' Fee Claims Are Unreasonably Inflated On Their Face** ....... 6

**B. Plaintiffs' Waiver Argument Fails** ....... 7

CONCLUSION ....... 10

# TABLE OF AUTHORITIES

**Page**

## Cases

*AMG Trade & Dist., LLC v. Nissan N.A., Inc.*,
2019 WL 11583366 (S.D. Fla. Aug. 7, 2019)....................5, 9

*Athos Overseas Ltd. v. YouTube, Inc.*,
2024 WL 3431912 (S.D. Fla. May 2, 2024)....................3

*Berk v. Choy*,
607 U.S. 187 (2026)....................1, 3

*Bluhm v. Wyndham Vacation Ownership, Inc.*,
2023 WL 3121397 (M.D. Fla. Mar. 13, 2023)....................5

*Carruthers v. Israel*,
274 F. Supp. 3d 1345 (S.D. Fla. 2017)....................9

*In re Chiquita Brands Int'l, Inc. Alien Tort Statute & Shareholder Derivative Litig.*,
2024 WL 4932671 (S.D. Fla. Oct. 15, 2024)....................9

*Club Madonna, Inc. v. City of Miami Beach*,
2015 WL 5559894 (S.D. Fla. Sept. 22, 2015)....................9

*Cohen v. Off. Depot, Inc.*,
184 F.3d 1292 (11th Cir. 1999), *vacated in part on other grounds*, 204 F.3d 1069 (11th Cir. 2000)....................3

*Democratic Republic of the Congo v. Air Cap. Grp., LLC*,
2014 WL 12634405 (S.D. Fla. May 8, 2014)....................5

*Elessar v. Verizon Wireless Personal Commc'ns, LLP*,
2020 WL 6156498 (S.D. Fla. Aug. 26, 2020)....................9

*Fitzgerald v. McNae*,
No. 22-CIV-22171, Dkt. 483 (S.D. Fla. Nov. 12, 2025)....................9

*Glass v. United of Omaha Life Ins. Co.*,
33 F.3d 1341 (11th Cir. 1994)....................8

*Gonzalez v. Wal-Mart Stores, Inc.*,
2022 WL 18717046 (M.D. Fla. Dec. 12, 2022)....................6

*Hanna v. Plumer*,
380 U.S. 460 (1965)....................3, 4

*Herbst v. Am. Orthodontics Corp.*,
2025 WL 3755394 (S.D. Fla. Jan. 23, 2025) ....................2

*Hunters Run Prop. Owners Ass'n, Inc. v. Centerline Real Est., LLC*,
2020 WL 9160867 (S.D. Fla. May 26, 2020) ....................5

*Lackey v. Stinnie*,
604 U.S. 192 (2025) ....................4

*M.G.B. Homes, Inc. v. Ameron Homes, Inc.*,
30 F.3d 113 (11th Cir. 1994) ....................1, 2, 4, 6

*Novo Nordisk, Inc. v. Wells Pharmacy Network, LLC*,
2025 WL 1018422 (M.D. Fla. Apr. 4, 2025) ....................4, 6

*Procaps S.A. v. Patheon Inc.*,
157 F. Supp. 3d 1199 (S.D. Fla. 2016) ....................2

*Redstone Funding, LLC v. Kunkel Real Est. Investments, LLC*,
2017 WL 7798641 (S.D. Fla. Mar. 10, 2017) ....................7

*Rockwell Prop. Inc. v. Century Surety Co.*,
2024 WL 5264411 (S.D. Fla. Nov. 20, 2024) ....................8

*Specialized Transp. of Tampa Bay, Inc. v. Nestle Waters N. Am., Inc.*,
2009 WL 1788373 (M.D. Fla. June 22, 2009) ....................5

*Suntree Techs., Inc. v. Ecosense Int'l, Inc.*,
2011 WL 13137984 (M.D. Fla. Oct. 28, 2011) ....................6

*United States v. Kaley*,
579 F.3d 1246 (11th Cir. 2009) ....................3

**Rules/Statutes**

28 U.S.C. § 2071 ....................4

28 U.S.C. § 2072 ....................4

42 U.S.C. § 1988 ....................9

Federal Rule of Civil Procedure 54 ....................2, 4, 5

Federal Rule of Civil Procedure 54(d) ....................5, 9

Federal Rule of Civil Procedure 54(d)(2)(B) ....................4

Fla. Stat. § 501.2105(1) ....................2, 4, 9

S.D. Fla. L.R. 7.3(a) .......... 7, 8

S.D. Fla. L.R. 7.3(b) .......... 8, 9

S.D. Fla. L.R. 7.7 .......... 8

**Other Authorities**

Black's Law Dictionary 1352 (rev. 4th ed. 1968) .......... 4

## INTRODUCTION

Plaintiffs' opposition to Leapfrog's motion underscores why the Court should summarily deny their premature fee motion. While now agreeing that FDUTPA limits when fees may be "receive[d]" (specifically, until after the appellate process concludes), Plaintiffs try to split hairs and differentiate when their motion supposedly is properly "filed." (Dkt. 231 at 1.) But that leaves no good reason, in law or reason, why briefing should barrel forward before the merits ripen. Nor do Plaintiffs come to grips with their prior, unequivocal acknowledgments that "[e]arlier decisions" by the Eleventh Circuit "treated FDUTPA's exhaustion-of-appeals language as controlling." (Dkt. 225 at 6 n.1); *see also M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 30 F.3d 113, 115 (11th Cir. 1994) (squarely holding that FDUTPA "expressly includes the culmination of the appellate process in its definition of a prevailing party").

The Court should summarily deny Plaintiffs' motion. Briefing the fee award before the predicate judgment comes to rest would accomplish nothing other than waste resources and pose the specter of financial ruin for a watchdog nonprofit. Notably, Plaintiffs hardly even try to justify their insistence that briefing nonetheless be completed now. Instead, Plaintiffs opportunistically advance a spurious waiver theory that defies both the record and the express terms of the very rules on which they rely. If the Court does not deny outright Plaintiffs' motion, then it should hold it in abeyance until the conclusion of Leapfrog's appeal—the very compromise Plaintiffs rejected during the conferral process, even though their own cited cases commend it.

## ARGUMENT

### I. PLAINTIFFS' MOTION IS PREMATURE UNDER FDUTPA AND BINDING CIRCUIT PRECEDENT INTERPRETING IT

In their fees motion, Plaintiffs conceded that, when it comes to "the timing of this motion," "[e]arlier decisions"—including binding Eleventh Circuit authority—"treated FDUTPA's exhaustion-of-appeals language as controlling." (Dkt. 225 at 6 n.1.) That authority had been superseded, Plaintiffs claimed, by the Supreme Court's recent decision in *Berk v. Choy*, 607 U.S. 187 (2026). (*Id.*) Leapfrog then refuted that account—explaining that *Berk* is inapplicable here and that the passage Plaintiffs cite does no more than restate the *Erie* doctrine. (Dkt. 227 at 2-3.) Unable to respond on those points, Plaintiffs have pivoted. Now, according to Plaintiffs, there is actually no conflict between FDUTPA and federal law at all—and thus no need to resort to binding Eleventh Circuit precedent, or the *Erie* doctrine, or *Berk*—because FDUTPA supposedly controls only when fees are "receive[d]," not when a motion is "*filed*" and "rule[d]" on. (Dkt. 231 at 1.)

That about-face does not help Plaintiffs. Plaintiffs are right now that FDUTPA bars them from "receiv[ing]" fees before appeals have been exhausted. (Dkt. 231 at 1.) But they were equally right the first time, insomuch as Eleventh Circuit precedent prevents them from seeking fees now because they have not yet "prevail[ed]" post-appeal. *M.G.B. Homes*, 30 F.3d at 115. A motion that should not be granted, as both sides agree, should not be briefed before it can be granted.

**A. Plaintiffs Agree That They Cannot Receive Fees Now**

As a threshold matter, Plaintiffs concede that any *executable* fee award would be premature. Plaintiffs admit that state law allows for a prevailing party to "receive" fees only after exhaustion of all appeals, and on that basis cease perceiving any "conflict" between state and federal law. (Dkt. 231 at 1.) Accordingly, although their motion briefly floats whether this Court would be "inclined to defer the ultimate fee award" (*Id.* at 2 n.1), Plaintiffs concede that no such award can presently be entered and executed. As to that much, Leapfrog agrees.

**B. Binding Precedent Requires Summary Denial Or Abeyance**

As Plaintiffs previously recognized, under "[e]arlier decisions" both in the Eleventh Circuit and in the Southern District of Florida, "FDUTPA's exhaustion-of-appeals language" is "controlling in federal court" as to "the timing of this motion." (Dkt. 225 at 6 n.1.) Plaintiffs were correct then but are wrong now.

As Plaintiffs continue to recognize, Rule 54 expressly calls for the application of state law "where another statute supplies an alternative timing rule for filing a fee motion." (Dkt. 231 at 4 (emphasis omitted).) Although Plaintiffs tie themselves in doctrinal knots, binding precedent controls the proper timing here. The Eleventh Circuit has held that FDUTPA "expressly includes the culmination of the appellate process in its definition of a prevailing party." *M.G.B. Homes*, 30 F.3d at 115. And under FDUTPA, only a "prevailing party" may seek fees. Fla. Stat. § 501.2105(1). So "[t]o award such fees" under FDUTPA, "the Court must … ensure that all appeals have been exhausted." *Herbst v. Am. Orthodontics Corp.*, 2025 WL 3755394, at *1 (S.D. Fla. Jan. 23, 2025) (Middlebrooks, J.). Because Leapfrog's "appeals" have not "been exhausted," no fees may be "award[ed]" at this time. *Id.*; (*see also* Dkt. 225 at 6 n.1 (citing *M.G.B. Homes*, 30 F.3d at 115; *Procaps S.A. v. Patheon Inc.*, 157 F. Supp. 3d 1199, 1200 (S.D. Fla. 2016))). That clear, controlling precedent is no less clear and controlling now than it was when Plaintiffs

acknowledged that it spoke to the proper timing of their fee briefing no less than to their substantive entitlement.[1]

What has changed, apparently, is that Plaintiffs have come to realize that *Berk v. Choy* affords no colorable basis for evading precedent. An "intervening Supreme Court case" does not abrogate prior Eleventh Circuit precedent unless it "actually abrogate[s] or directly conflict[s] with, as opposed to merely weaken[s], the" Eleventh Circuit's prior holding. *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009). Plaintiffs make no serious argument that *Berk* meets that demanding standard. They now say that *Berk* "clarified" that "express requirements" in the Federal Rules cannot be modified "even if the state law could be characterized as 'substantive.'" (Dkt. 231 at 5.) But *Berk*'s generic restatement of the *Erie* doctrine clarified only what was already crystal clear for decades. In truth, the Eleventh Circuit has long adhered to the rule that *Berk* supposedly "clarified": "Under *Hanna,* the proper question to ask is not whether the state law provision is procedural or substantive; instead, the court must ask whether the state law provision conflicts with a federal procedural rule. If it does, the federal procedural rule applies and the state provision does not." *Cohen v. Off. Depot, Inc.*, 184 F.3d 1292, 1296 (11th Cir. 1999), *vacated in part on other grounds*, 204 F.3d 1069 (11th Cir. 2000); (*compare* Dkt. 231 at 5 (same)).[2] That is black-letter law. "When a situation is covered by one of the Federal Rules, the question facing the court … [is] only [whether] the Advisory Committee, this Court, and Congress erred in their prima facie judgment that the Rule in question transgresses neither the terms of the Enabling Act nor constitutional restrictions." *Hanna v. Plumer*, 380 U.S. 460, 471 (1965).

### C. Binding Precedent Is Correct

Even setting aside binding precedent, Plaintiffs' position defies first principles and plain text. Plaintiffs lead by saying that "the timing of attorneys' fees motions" is governed by Federal Rule of Civil Procedure 54. (Dkt. 231 at 3.) But that does not help Plaintiffs because the rule

---

[1] Plaintiffs cite one (1) case in which a court "considere[ed] and decide[d] FDUTPA fee issues while appeals are pending." (Dkt. 231 at 4 (citing *Athos Overseas Ltd. v. YouTube, Inc.*, 2024 WL 3431912, at *2, *12 (S.D. Fla. May 2, 2024).) But that court had good reason to decide the motion then: That case involved $2.8 million in fees for copyright claims and only $72,000 for a FDUTPA claim. *Athos*, 2024 WL 3431912, at *1. That court did not even cite FDUTPA's appeal-exhaustion provision because only a small fraction of the fees implicated FDUTPA.

[2] Although it is true that the Supreme Court did not "grant[] certiorari in *Berk* merely to restate something that has been clear to everyone since 1965" (Dkt. 231 at 5), it is also true that the specific question occasioning the grant was well removed from the general, longstanding rule.

applies "unless *a statute* . . . provides otherwise." Fed. R. Civ. P. 54(d)(2)(B) (emphasis added). Far from supplanting the "statute," therefore, Rule 54 *expressly defers to FDUTPA*. Nor can Plaintiffs argue that the local rule *itself* preempts FDUTPA. The Federal Rules preempt contrary state law under *Erie* because they are issued under the Rules Enabling Act, which gives the Supreme Court "the power to prescribe general rules of practice and procedure" and render "[a]ll laws in conflict with such rules" of "no further force or effect." 28 U.S.C. § 2072(a)-(b); *see Hanna*, 380 U.S. at 471-72. By contrast, the statute authorizing court rules, including local rules of district courts, lacks any such provision. *See* 28 U.S.C. § 2071. And while Rule 54 allows for a court rule to control the timing question by default, it does not preempt state law: To the contrary, its timing rules operate *unless* a "statute" has provided "otherwise." Fed. R. Civ. P. 54(d)(2)(B).

As for Plaintiffs' reading of FDUTPA, it slices the salami too thin. Again, at the outset, Plaintiffs agree that they cannot receive fees unless and until they are a "prevailing party" after all appeals conclude. Instead, they say that although they cannot be awarded fees now, the Court should nonetheless bless a motion being "*filed*," "brief[ed]," and "rul[ed]" on "while an appeal is pending." (Dkt. 231 at 1.) But that makes no sense. As the Eleventh Circuit has held, FDUTPA "expressly includes the culmination of the appellate process in its definition of a prevailing party," not just in determining who may receive fees. *M.G.B.*, 30 F.3d at 115. That conclusion follows directly from the text of FDUTPA. FDUTPA says that a "prevailing party" is one that is "prevailing" "after judgment in the trial court and exhaustion of all appeals." Fla. Stat. § 501.2105(1). A legal term of art, a "prevailing party" is "[t]he party ultimately prevailing when the matter is finally set at rest." *Lackey v. Stinnie*, 604 U.S. 192, 200 (2025) (quoting Black's Law Dictionary 1352 (rev. 4th ed. 1968)); *see also id.* at 206 (party who has won "conclusive, enduring judicial relief"). For purposes of FDUTPA, the matter is not at rest, and a party has not prevailed, before the "exhaustion of all appeals." Fla. Stat. § 501.2105(1).

Deciding the fees motion now, following costly investigation of reams of billing records, would also be wasteful considering that FDUTPA "contemplates situations in which parties who prevailed at the trial level may" end up being "nonprevailing" as FDUTPA uses that term "after the appellate process is exhausted." *M.G.B. Homes*, 30 F.3d at 115. Courts have taken the "plain language of Fla. Stat. § 501.2105(1) at face value and routinely denied motions for attorney's fees (including motions for entitlement to attorney's fees) under FDUTPA without prejudice, subject to renewal, if appropriate, following the conclusion of an appeal." *Novo Nordisk, Inc. v. Wells*

*Pharmacy Network, LLC*, 2025 WL 1018422, at *3 (M.D. Fla. Apr. 4, 2025). Because Rule 54 allows for the Court to "deny the motion without prejudice" in order to "avoid piecemeal resolution of fee disputes," courts ruling under FDUTPA, including in this District, regularly "deny [fee motions] without prejudice and with leave to re-file following the conclusion of [the] appeal." *AMG Trade & Dist., LLC v. Nissan N.A., Inc.*, 2019 WL 11583366, at *1 (S.D. Fla. Aug. 7, 2019) (first quoting Fed. R. Civ. P 54(d), Advisory Committee Notes to the 1993 Amendments; second citation omitted). This Court should do the same as a matter of law. In any event, sound exercise of this Court's discretion would lead to the same result. (*See* Dkt. 227 at 4.)

**D. Judicial Economy Favors Summary Denial Or Abeyance**

Finally, Plaintiffs argue that judicial economy favors Leapfrog and the Court devoting resources now to fully briefing and deciding the fee motion, even though it is still unclear whether and to what extent Plaintiffs will remain the prevailing party. Three outcomes are possible: (1) If this Court grants Leapfrog's pending motion for reconsideration or to alter or amend the judgment, or for new trial, Plaintiffs' fee motion would be mooted; (2) if this Court denies Leapfrog's pending motion, but Leapfrog prevails at the Eleventh Circuit, Plaintiffs' fee motion would similarly be mooted; and (3) even if this Court denies Leapfrog's motion and Leapfrog's appeal is unsuccessful, Plaintiffs may revisit their claimed fees. In any scenario, going through the exercise of briefing and deciding the fee motion now would be premature, inefficient, and a recipe for piecemeal briefing and adjudication. *See Specialized Transp. of Tampa Bay, Inc. v. Nestle Waters N. Am., Inc.*, 2009 WL 1788373, at *1 (M.D. Fla. June 22, 2009) ("If this Court were to resolve the attorney's fees and costs issues while an appeal remains pending, it would likely be asked to repeat the procedure following the appeal. This Court prefers to avoid the piecemeal adjudication of attorney's fees and cost."); *Bluhm v. Wyndham Vacation Ownership, Inc.*, 2023 WL 3121397, at *11 (M.D. Fla. Mar. 13, 2023) (similar).

To argue the contrary, Plaintiffs largely cite cases that either did not concern FDUTPA or whistled past it as peripheral. *See* Part I.B *supra*. But even if Plaintiffs were correct that courts are not *barred* from allowing a FDUTPA fee motion to be briefed while an appeal is pending, the Court would still have *discretion* to conclude, as courts typically do, that judicial economy favors holding the fee motion in abeyance, if not denying it outright. *See, e.g.*, *Democratic Republic of the Congo v. Air Cap. Grp., LLC*, 2014 WL 12634405, at *1 (S.D. Fla. May 8, 2014); *Hunters Run Prop. Owners Ass'n, Inc. v. Centerline Real Est., LLC*, 2020 WL 9160867, at *2 (S.D. Fla. May

26, 2020); *Gonzalez v. Wal-Mart Stores, Inc.*, 2022 WL 18717046, at *2 (M.D. Fla. Dec. 12, 2022). Plaintiffs also argue that Local Rule 7.3 promotes efficiency by enabling adjudication while the case's merits are still fresh in the judge's mind. But FDUTPA reflects the state's different judgment about how best to promote judicial economy in this precise context. As the Eleventh Circuit has acknowledged, failing to wait until the "culmination of the appellate process" to determine prevailing-party status under FDUTPA invites the "perverse result" that "parties who obtain reversals of trial court judgments on appeal could be liable for the attorney's fees of parties who erroneously prevailed in trial court." *M.G.B. Homes*, 30 F.3d at 115.

Finally, Plaintiffs argue it would be preferable to decide fee issues now so that fee issues can be considered alongside the merits by the Eleventh Circuit. But they thereby put the cart before the horse, where a motion remains pending even here for reconsideration or to alter or amend the judgment, and where weighty constitutional questions loom. Regardless, courts flatly reject this argument. *See, e.g.*, *Suntree Techs., Inc. v. Ecosense Int'l, Inc.*, 2011 WL 13137984, at *4 (M.D. Fla. Oct. 28, 2011) ("It does not appear that consideration of the appeal would be better informed if accompanied by a decision on attorneys' fees."); *Novo Nordisk*, 2025 WL 1018422, at *3 (same).

## II. PLAINTIFFS' CLAIMS FOR ATTORNEYS' FEES AND COSTS ARE FACIALLY UNREASONABLE

Even if the Court does not summarily deny Plaintiffs' fee motion as premature, it should reach the same result on the merits. Plaintiffs' eight-figure fee claims against a nonprofit watchdog reflect grossly disproportionate billing and are facially unreasonable. That is reason enough for the Court to exercise its discretion to deny Plaintiffs any fee award. Nor can Plaintiffs' mask the defects in their request by manufacturing a waiver argument.

### A. Plaintiffs' Fee Claims Are Unreasonably Inflated On Their Face

Plaintiffs seek to recover fees for 13,149 hours billed on a single-claim FDUTPA case. That figure is orders of magnitude greater than the time Leapfrog's counsel spent litigating the same case—a figure that itself includes work on claims the hospitals did not win, including their TRO, preliminary injunction, and later-abandoned damages claims. Having disavowed their damages claims as a means of avoiding discovery into their finances and claimed harm, Plaintiffs may not now derive monetary leverage, from rampant overstaffing and inflated billings, so as to imperil the continued existence of a consumer-advocacy nonprofit that monitors their conduct for

the public good. For that reason alone, the Court should summarily deny Plaintiffs' fee motion for reasons that transcend its improper timing.

Plaintiffs' opposition offers no substantive defense of their putative reasonableness. Instead, Plaintiffs try to avoid scrutiny of their fees by advancing the implausible contention that the Court should summarily deem Leapfrog's objections as though they have been waived. That argument comes with irony given that the "failure to respond to an argument" in a motion "results in waiver." *Redstone Funding, LLC v. Kunkel Real Est. Investments, LLC*, 2017 WL 7798641, at *4 n.9 (S.D. Fla. Mar. 10, 2017) (Middlebrooks, J.). As explained below, it is also wrong.

**B. Plaintiffs' Waiver Argument Fails**

Despite professing the importance of adhering to Local Rule 7.3, Plaintiffs argue contrary to the Rule's terms. Rather than stopping at requesting assurance that their fee motion "be [deemed] *filed* and *served* within sixty (60) days" of judgment, S.D. Fla. L.R. 7.3(a) (emphases added), which is all the Rule requires, *see supra*, p. 4, Plaintiffs demand the conclusion of all briefing, followed by summary adjudication, lest Leapfrog be held to have waived. From that it would follow that Leapfrog must either (a) incur the formidable burdens and expense of fighting over $10.5 million in fees claimed, while facing the *further* expense of attempted fee-shifting by the Plaintiffs for their side of that, *plus* the risk of *re*-doing much the same fight in the event that the underlying judgment changes or else (b) waiving all substantive objections to fees. That dilemma, as invented by the Plaintiffs, is anomalous, perverse, and untenable.

Indeed, the Local Rule on which Plaintiffs rely expressly refutes their waiver theory. Again, the Rule by its terms contemplates only that such motions be "filed and served"—not fully briefed or finally adjudicated—within sixty days of judgment. S.D. Fla. L.R. 7.3(a). In light of that, Leapfrog offered a sensible compromise: Plaintiffs could file their motion (which would indisputably accomplish full compliance with the Local Rule) while stipulating to holding in it abeyance until the conclusion of Leapfrog's appeal (which would at least approach satisfying FDUTPA and the circuit precedent interpreting it). Having rejected that commonsense solution, without identifying the slightest prejudice they faced from it, the Plaintiffs are in no position to fault *Leapfrog* for supposedly taking a "hardline position." (Dkt. 231 at 6.) Much less can Plaintiffs paint Leapfrog as the "hardliner" even as they claim absolute entitlement to automated entry of an eight-figure fee.

Furthermore, Plaintiffs ignore the express provision of Local Rule 7.3(a) that authorizes "either party [to] move the Court to determine entitlement *prior* to submission on the issue of *amount*." S.D. Fla. L.R. 7.3(a) (emphases added). Here, Leapfrog explained to Plaintiffs at painstaking length, in reference to on-point caselaw and practical considerations, why it would make practical sense to obtain the Court's guidance before the parties potentially incurred unnecessary burdens and expenses disputing issues of "amount," even where the threshold issue of Plaintiffs' "entitlement" would, by any reading of the law, be highly questionable, at best. If anyone violated the letter and spirit of the Rule, including its admonition that any fee motion "shall not be filed until a *good faith* effort to resolve the motion … has been completed," it was the Plaintiffs who committed the violation. S.D. Fla. 7.3(a) (emphasis added).[3]

Even setting aside Leapfrog's express entitlement under the Local Rules to seek threshold adjudication of the entitlement question, however, the Local Rules require only that parties confer with "*reasonable* particularity." S.D. Fla. L.R. 7.3(b) (emphasis added). And Leapfrog's substantive objections to Plaintiffs' fee requests were more than reasonable under the circumstances. Faced with binding precedent requiring the exhaustion of appeals before the adjudication of FDUTPA fee motions and a Local Rule permitting either party to seek determinations on fee-entitlement issues at the threshold, Leapfrog availed itself of the processes authorized by the Rule, moving for summary denial of the fee motion and "describ[ing] in writing" multiple substantive objections to Plaintiffs' fee claims. *Id.* There was nothing unreasonable about Leapfrog trying to conserve party and judicial resources by requesting an initial ruling on entitlement before scrutinizing thousands of pages of overlarded billings. *See, e.g.*, *Rockwell Prop. Inc. v. Century Surety Co.*, 2024 WL 5264411, at *2 (S.D. Fla. Nov. 20, 2024) (finding that determining entitlement first "would economize judicial and party resources").

In multiple respects, therefore, the Rule itself refutes Plaintiffs' notion that Leapfrog committed any knowing waiver here, let alone one that should cost it $10.5 million in fees. By no fair reading of the record did Leapfrog knowingly abandon a known right, which is what Plaintiffs would need to show. *See Glass v. United of Omaha Life Ins. Co.*, 33 F.3d 1341, 1348-49 (11th

---

[3] Nor is that violation isolated. Even as they pillory Leapfrog for one alleged violation, Plaintiffs yet again flout the rule against "furnish[ing] the Court with copies of correspondence between or among counsel." S.D. Fla. L.R. 7.7; (*see* Dkt. 219-1 (filing correspondence with counsel unrelated to any motion); Dkt. 219-2 (same); Dkt. 219-3 (same); Dkt. 226-8 (filing correspondence with Leapfrog's counsel); Dkt. 231-1 (same).)

Cir. 1994) (holding that no waiver occurred as a matter of law where the defendant "did not knowingly and intentionally waive" the claimed right).

None of Plaintiffs' cases suggests otherwise. In one, Chief Judge Altonaga later endorsed a decision process that contradicts the one that Plaintiffs now propose, ordering the fee motion terminated until the conclusion of an appeal. *See Fitzgerald v. McNae*, No. 22-cv-22171, Dkt. 483 (S.D. Fla. Nov. 12, 2025) ("[T]he Motion for Award of Attorneys' Fees and Costs …, and the Bill of Costs … are TERMED. The Motions are deemed timely filed. Depending on the outcome of the appeal, the Court will direct the Clerk to reinstate the Motions."). And none of Plaintiffs' remaining cases even involved FDUTPA, let alone implicated the threshold timing issue in question here. *See In re Chiquita Brands Int'l, Inc. Alien Tort Statute & Shareholder Derivative Litig.*, 2024 WL 4932671, at *2-3 (S.D. Fla. Oct. 15, 2024) (adjudicating fee claim under charging lien); *Elessar v. Verizon Wireless Personal Commc'ns, LLP*, 2020 WL 6156498, at *3-5 (S.D. Fla. Aug. 26, 2020) (fee claim under offer-of-judgment statute); *Carruthers v. Israel*, 274 F. Supp. 3d 1345, 1349 (S.D. Fla. 2017) (fee claim under consent decree and stipulations); *Club Madonna, Inc. v. City of Miami Beach*, 2015 WL 5559894, at *3-8 (S.D. Fla. Sept. 22, 2015) (fee claim under 42 U.S.C. § 1988).

Plaintiffs' failure to locate a template for their waiver argument is telling. Indeed, it is difficult to overstate their bottom-line ask: Plaintiffs demand an order requiring a nonprofit watchdog to pay an eight-figure fee award *without* considering the merits of the fee claims, *before* the "exhaustion of all appeals" required by the governing statute and binding circuit precedent, Fla. Stat. § 501.2105(1), and *after* the nonprofit has availed itself of the governing Local Rule's express provision permitting it to seek advanced procedural guidance from the Court, S.D. Fla. L.R. 7.3(a). For good reason, that jarring request appears unprecedented here. And Plaintiffs' failure to justify their claimed urgency makes it that much worse. Plaintiffs concede in multiple places that they cannot, in any event, initiate collection proceedings until the exhaustion of Leapfrog's appeal. *See supra*, p. 2. And they struggle (Dkt. 231 at 8-10) even to articulate reasons why their fee motion cannot wait—just as other fee motions under FDUTPA commonly do. *E.g.*, *AMG Trade*, 2019 WL 11583366, at *1.

Whatever path the Court chooses, it should not indulge Plaintiffs' effort to precipitously wipe out a consumer-advocacy nonprofit with a "laudable" mission. (Dkt. 212 at 3.) Even if the Court were not inclined summarily to deny Plaintiffs' fee motion and to adjudicate it before the

exhaustion of Leapfrog's appeal, it should at the very least provide the requested guidance and thereafter afford the parties additional time for a more detailed conferral on the issue.

**CONCLUSION**

The Court should summarily deny Plaintiffs' fee motion, or alternatively, hold it in abeyance pending the exhaustion of all appeals. The Court may also wish to convene a status conference to supply guidance to the parties on the appropriate process and timetable for further addressing Plaintiffs' fee request.

DATED: June 3, 2026

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN LLP

By */s/ Jason D. Sternberg*
Jason D. Sternberg

Derek L. Shaffer (*pro hac vice*)
**QUINN EMMANUEL URQUHART & SULLIVAN LLP**
555 13th Street NW, Suite 600
Washington, D.C. 20005
(202) 538-8123
derekshaffer@quinnemanuel.com

Jason D. Sternberg (Fla. Bar No. 72887)
**QUINN EMMANUEL URQUHART & SULLIVAN LLP**
2601 South Bayshore Drive, 15th Floor
Miami, FL 33133
jasonsternberg@quinnemanuel.com
(305) 439-5008

*Counsel for Defendant The Leapfrog Group*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 3rd day of June, 2026, a true and correct copy of the foregoing document was electronically transmitted to all counsel of record via the CM/ECF system.

By: *<u>/s/ Jason D. Sternberg</u>*
Jason D. Sternberg
Florida Bar No. 72887
jasonsternberg@quinnemanuel.com

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No. 25-CV-80526-MIDDLEBROOKS**

**GOOD SAMARITAN MEDICAL CENTER, INC., DELRAY MEDICAL CENTER, INC., PALM BEACH GARDENS COMMUNITY HOSPITAL, INC. D/B/A PALM BEACH GARDENS MEDICAL CENTER, ST. MARY'S MEDICAL CENTER, INC. AND WEST BOCA MEDICAL CENTER, INC.,**

**Plaintiffs,**

**v.**

**THE LEAPFROG GROUP,**

**Defendant.**
_______________________________________/

**DEFENDANT THE LEAPFROG GROUP'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**

# TABLE OF CONTENTS

Page

INTRODUCTION ....................1

BACKGROUND ....................2

A. Plaintiffs Staff Their Legal Team Disproportionately To Leapfrog's And Exceed The Constitutional Limits Set By The Court's Motion To Dismiss ....................2

B. Plaintiffs Unreasonably Multiply Costs Throughout The Litigation ....................3

C. Leapfrog Challenges The Judgment On First Amendment Grounds Following Plaintiffs' Threats To Initiate Contempt Proceedings ....................5

LEGAL STANDARD ....................6

ARGUMENT ....................6

I. PLAINTIFFS ARE NOT ENTITLED TO FEES OR COSTS ....................6

A. Plaintiffs Are Not Prevailing Parties Under FDUTPA And Their Motion Is Premature As A Matter Of Law ....................7

B. Plaintiffs Should Not Be Awarded Fees Even Assuming They Properly Qualify As Prevailing Parties ....................8

II. PLAINTIFFS' CLAIMED FEES AND COSTS ARE UNREASONABLE ....................15

A. Plaintiffs' Able Local Counsel Was Capable Of Handling This Case, Which Plaintiffs Grossly Overstaffed Compared to Leapfrog ....................16

B. Plaintiffs Seek Fees for Work Related to a Preliminary Injunction and Damages That Are Not Recoverable ....................17

C. Plaintiffs Unreasonably Inflated the Costs of Routine Tasks ....................18

D. The Extent of the Unreasonableness Warrants A Large, Across-the-Board Percentage Reduction ....................19

CONCLUSION ....................20

# TABLE OF AUTHORITIES

**Page**

## Cases

*ACLU of Georgia v. Barnes*,
168 F.3d 423 (11th Cir. 1999) ....................19

*Berk v. Choy*,
607 U.S. 187 (2026)....................7

*Caplan v. All Am. Auto Collision, Inc.*,
36 F.4th 1083 (11th Cir. 2022) ....................6

*CITGO Petroleum Corp. v. Petroleum Logistics Serv. USA, Inc.*,
2022 WL 17718802 (S.D. Fla. Nov. 30, 2022)....................19

*CityPlace Retail, L.L.C. v. Wells Fargo Bank, N.A.*,
2021 WL 3361172 (S.D. Fla. Jan. 12, 2021) ....................16, 18

*Cohen v. Off. Depot, Inc.*,
184 F.3d 1292 (11th Cir. 1999), *vacated in part on other grounds*, 204 F.3d 1069 (11th Cir. 2000)....................7

*Colomar v. Mercy Hosp., Inc.*,
2008 WL 4459383 (S.D. Fla. Sept. 29, 2008), *aff'd*, 335 F. App'x 29 (11th Cir. 2009) ....................11, 12, 13

*FTC v. Corpay, Inc.*,
164 F.4th 807 (11th Cir. 2026) ....................15

*Gonzalez v. Nobregas*,
357 So. 3d 193 (Fla. 3d DCA 2023) ....................6, 8, 10

*Hanna v. Plumer*,
380 U.S. 460 (1965)....................7

*Herbst v. Am. Orthodontics Corp.*,
2025 WL 3755394 (S.D. Fla. Jan. 23, 2025) ....................7, 8, 15

*Home Performance Alliance, Inc. v. Better Bus. Bureau of W. Fla., Inc.*,
354 So. 3d 1165 (Fla. 2d DCA 2023) ....................3

*Humane Society of Broward County, Inc. v. Florida Humane Soc.*,
951 So. 2d 966 (Fla. 4th DCA 2007) ....................8, 10, 13

*Loranger v. Stierheim*,
10 F.3d 776 (11th Cir. 1994) ....................19

*M.G.B. Homes, Inc. v. Ameron Homes, Inc.*,
30 F.3d 113 (11th Cir. 1994) ....................7, 8

*Med-Stop, Inc. v. Vandutch, Inc.*,
2025 WL 3282528 (S.D. Fla. Sept. 24, 2025) ....................17

*Mejia v. Com. Driver's License Sch., Inc.*,
2021 WL 1893065 (S.D. Fla. Feb. 10, 2021) ....................16

*N.Y. Times Co. v. Sullivan*,
376 U.S. 254 (1964)....................9

*Norman v. Hous. Auth. of City of Montgomery*,
836 F.2d 1292 (11th Cir. 1988) ....................17, 18, 19

*Novo Nordisk, Inc. v. Wells Pharmacy Network, LLC*,
2025 WL 1018422 (M.D. Fla. Apr. 4, 2025)....................7

*Otto v. City of Boca Raton*,
2025 WL 2952783 (11th Cir. Oct. 20, 2025)....................6

*Pretka v. Kolter City Plaza II Inc.*,
2014 WL 12300373 (S.D. Fla. Sept. 19, 2014) ....................16

*Publius v. Boyer-Vine*,
237 F. Supp. 3d 997 (E.D. Cal. 2017)....................9

*Taviere v. Precision Motor Cars, Inc.*,
2010 WL 557347 (M.D. Fla. Feb. 12, 2010) ....................13

*Vazquez v. 1052 LLC*,
2016 WL 541432 (S.D. Fla. Feb. 11, 2016) ....................16

*Warren Tech., Inc. v. UL LLC*,
2020 WL 9219127 (S.D. Fla. Dec. 17, 2020)....................14

**Rules/Statutes**

Federal Rule of Civil Procedure 54 ....................7

Federal Rule of Civil Procedure 65 ....................6

Florida Statutes § 501.2105(1)....................7, 8

Local Rule 7.3 ....................15

**Other Authorities**

Jessica Jerreat, *Court Injunction Bars USAGM From Editorial Interference*, VOA News (Nov. 21, 2020), https://www.voanews.com/a/press-freedom_court-injunction-bars-usagm-editorial-interference/6198667.html ....................14

## INTRODUCTION

Plaintiffs, five major local hospitals collectively owned by a publicly traded for-profit corporation, brought this action to muzzle the speech of Leapfrog, a consumer-focused nonprofit watchdog devoted to promoting the safety of patients nationwide. After obtaining a broad injunction that Leapfrog has moved to vacate on First Amendment grounds in the first round of this litigation, Plaintiffs have raced back to court to ram through a $10.5 million attorney's fee award against Leapfrog before it has even had an opportunity to appeal—a right protected by binding state and circuit law alike. That eight-figure amount may be inconsequential for Plaintiffs, whose parent company boasts more than $20 *billion* in annual revenue. For Leapfrog, however, it would represent a financial death sentence—one that would extinguish Leapfrog, along with its lifesaving, constitutionally protected work that has long benefited patients and other stakeholders whose interests far transcend this case.

Plaintiffs' jackbooted effort to pulverize, summarily, their nonprofit opponent turns upside-down Florida's law of unfair trade practices. To begin, Plaintiffs' fee request is premature. The statute requires that Plaintiffs be "the prevailing party" after "exhaustion of all appeals." But Leapfrog's appeal—assuming it proceeds following the Court's resolution of Leapfrog's pending motion to alter or amend the judgment—is far from exhausted. As Leapfrog has explained in its pending, expedited motion for summary denial of Plaintiffs' fee motion (Dkt. 227), the prematurity of Plaintiffs' motion alone warrants that it be denied, or at minimum, held in abeyance.

Timing aside, Plaintiffs' motion should be denied. The motion offends cherished First Amendment values together with Florida public policy. Plaintiffs' requested fee award would destroy a journalistic nonprofit organization that disseminates information of urgent public importance based on its challenged speech about just five local hospitals. That grossly excessive remedy would be punitive towards Leapfrog and *gravely injurious to consumers*. A statute that is meant to protect consumers should not be weaponized at the expense of consumers and the free flow of information and expression on which they rely. This is, therefore, the paradigmatic case on which sound exercise of this Court's discretion should result in the total denial of fees. Straightforward application of the traditional discretionary factors confirms as much.

Finally, even if the Court were to overlook the timing problem and perceive good warrant for some award, Plaintiffs' $10.5-million ask should be massively reduced. Plaintiffs gratuitously overstaffed this case by multiples as compared to Leapfrog, unnecessarily piling a national firm

(complete with multiple offices) atop distinguished local counsel that was fully capable of trying this case on its own. They then compounded that excess by failing entirely to exercise billing restraint, submitting entries for abandoned claims, duplicative work, and inscrutably vague descriptions. As detailed in the accompanying declaration of Paul R. Regensdorf, Esq., Plaintiffs' request is so riddled with overstaffing, duplication, and non-compensable work such that their fee request should be denied entirely or, at minimum, slashed to a fraction of the amount claimed—a conclusion that stands unrebutted, as Plaintiffs chose not to retain a fees expert of their own.

## BACKGROUND

### A. Plaintiffs Staff Their Legal Team Disproportionately To Leapfrog's And Exceed The Constitutional Limits Set By The Court's Motion To Dismiss

Plaintiffs seek more than a year's worth of fees—13,149.20 hours billed by 25 attorneys spanning more than 1,400 pages of legal bills—dating back to December 2024. (Dkt. 226-1 at 5; Dkt. 226-2 at 811.) Plaintiffs' team of local counsel from Marcus Rashbaum Pineiro & Meyers LLP and Neiman Mays Floch & Almeida PLLC was led by Jeffrey Marcus—a partner nationally recognized by Chambers USA. (Dkt. 226-5 at 1.) Plaintiffs also hired Gibson, Dunn & Crutcher LLP, who staffed the case with more than 20 lawyers from multiple offices. (Dkt. 225 at 15.) As Mr. Regensdorf explains, the addition of more than 20 Gibson Dunn attorneys—layered atop a local counsel team that was itself capable of trying this case—was unnecessary and resulted in structural redundancy throughout the billing record. (Regensdorf Report ¶¶ 30-31, 36.)

The earliest entries in Plaintiffs' bills relate to drafting a letter sent from Plaintiffs' parent company, Tenet Healthcare, to Leapfrog and its counsel in January 2025, conveying demands that far exceeded the relief that Plaintiffs—five local Tenet hospitals—obtained in this litigation. Tenet demanded that Leapfrog "remove from its website *all* references to Tenet Hospitals"—not just the Safety Grades, and not just references to Plaintiffs. (DX-931 (emphasis added).) Plaintiffs likewise threatened to assert causes of action that they never brought in this case and to "seek[] damages," which they later disavowed when pressed to prove their damages in discovery. (*Id.*)

Plaintiffs followed up on their threats with a complaint filed on April 30, 2025. (Dkt. 1.) Plaintiffs' original complaint dated April 30, 2025 included a request for preliminary injunctive relief. (Dkt. 1 at 53.) Plaintiffs filed a motion for a preliminary injunction accompanied by 65 exhibits on May 17, 2025. (Dkt. 20.) But Plaintiffs withdrew their request for a preliminary injunction on May 27, 2025 (just ten days after submitting their voluminous filing), citing the Court's decision to set a trial date for January 2026. (Dkt. 34.)

On the other side of the caption, Leapfrog staffed this case with a small, core team of three attorneys (one partner and two associates) from Wilson Elser Moskowitz Edelman & Dicker LLP, who accomplished the lion's share of the work from start to finish. The defense moved to dismiss, including on First Amendment grounds. (Dkt. 39.) The Court denied dismissal on the basis that claims that "challenge false or misleading statements made about the rating process itself" are constitutionally permissible, while claims that challenge the subjective assessments of online ratings services are not. (Dkt. 41 at 5-6; Dkt. 220 at 8); *see Home Performance Alliance, Inc. v. Better Bus. Bureau of W. Fla., Inc.*, 354 So. 3d 1165, 1166 (Fla. 2d DCA 2023). Thereafter, Plaintiffs disregarded that essential distinction by trying to bar Leapfrog from even expressing its constitutionally protected opinions in developing its Safety Grades—not just its representations about the Grades—compounding the cost of the litigation to no good end. (Dkt. 203 at 72-75.)

**B. Plaintiffs Unreasonably Multiply Costs Throughout The Litigation**

Plaintiffs' discovery tactics further ballooned their bills. Plaintiffs made far-ranging discovery requests comprising 46 requests for production and 20 interrogatories. (Blair Dec. ¶ 5.) Leapfrog proposed targeted search terms, but Plaintiffs rejected them as "too narrowly constructed." (*Id.* ¶ 6.) Plaintiffs then proposed counter search terms to which Leapfrog acquiesced. (*Id.*) Plaintiffs further expanded their list of search terms on July 9, 2025, on July 16, 2025, and again on July 18, 2025. (*Id.*)

Plaintiffs' search terms hit upon nearly a million pages of documents, as Leapfrog reported to Plaintiffs on July 18 and again on July 25. (*Id.* ¶ 8.) Yet Plaintiffs responded by urging Leapfrog to produce in haste, which Leapfrog endeavored to do as best it could amidst the delays inherent in producing voluminous data in batches, beginning with RFPs Plaintiffs identified as high priority. *Id.* At that point, Plaintiffs began complaining that the documents produced according to their own search terms were unduly burdensome for Plaintiffs to review. (*Id.* ¶ 9.)[1]

By contrast, when due to respond to *Leapfrog's* discovery requests, Plaintiffs devoted their energies to trying withholding responsive documents. Plaintiffs refused to respond to eight of

[1] Plaintiffs continued compounding the discovery burden through eve of trial when Plaintiffs devoted "substantial additional time" to pressing for information about an alleged change to language on Leapfrog's webpages—information that was found in Lauren Bailey's deposition designations, as played at trial. (Dkt. 225 at 8.) Perplexingly, the issue never even made it into Plaintiffs' final proposed findings of fact and conclusions of law. (Dkt. 203.)

Leapfrog's interrogatories and 19 of Leapfrog's requests for production. (*Id.* ¶ 10.) After initially citing "relevance" objections, Plaintiffs belatedly pivoted to dropping their damages claim—which came as a surprise to Leapfrog after several meet and confers lasting more than an hour apiece where Plaintiffs never previewed the maneuver. (Dkt. 62 Ex. 2.) Plaintiffs then devoted resources to seeking a protective order, necessitating a hearing before Judge Matthewman. (Dkt. 55.) Post-hearing, Plaintiffs agreed to provide additional discovery. (Dkt. 76; *see also* Regensdorf Report ¶ 59.) Plaintiffs also exacerbated costs by marking the vast majority of documents they produced as "confidential." (Blair Dec. ¶ 18.) This included communications between Plaintiffs and Leapfrog. (*Id.*) Because this designation made it nearly impossible for Leapfrog to file Plaintiffs' documents, Leapfrog challenged Plaintiffs' spurious confidentiality designations in emails and meet and confers in late October and early November. (*Id.* ¶ 19.) Only after Leapfrog informed Plaintiffs that it would need to challenge Plaintiffs' excessive confidentiality designations did Plaintiffs finally relent. (*Id.* ¶ 20.)

Just as Plaintiffs abandoned their request for a preliminary injunction midstream, they also abandoned the claim for damages set out in their original complaint. (Dkt. 1 at 53.) Plaintiffs' notice of withdrawal was not filed until August 12, 2025, after both sides had already engaged in substantial damages-related discovery. In addition to seeking to avoid reciprocal discovery, Plaintiffs acknowledged that they decided to drop their damages claim in part because Leapfrog's Answer noted Plaintiffs' failure to mitigate damages and the speculative and remote nature of the claimed damages. (Dkt. 54 at 1.) In a similar vein, Plaintiffs engaged, prepared, and then dropped their branding expert, Thomas Chakurda. (*See* Regensdorf Report ¶¶ 49-51.)

Several of the motions Plaintiffs *did* fully brief were meritless and were denied by the Court in their entirety. This included Plaintiffs' summary judgment motion. (Dkt. 139; *see also* Regensdorf Report ¶ 62.) In denying Plaintiffs' motion for summary judgment, the Court noted Plaintiffs' "problematic interpretation" of FDUTPA as not requiring that an "unfair" practice relate to consumer injury and Plaintiffs' "misplaced" argument that hospitals are consumers under FDUTPA. (Dkt. 139 at 9-10.) Plaintiffs' purported *Daubert* motion seeking to exclude four Leapfrog witnesses was similarly denied, as Plaintiffs' arguments "boil[ed] down more to objections on relevance and/or sufficiency of the evidence grounds" that were better saved for trial. (Dkt. 176 at 1, 3; *see also* Regensdorf Report ¶ 62.)

The parties attended a settlement conference before Magistrate Judge Matthewman in November 2025. (Dkt. 106.) The conference resulted in an impasse, though Judge Matthewman expressly found that "[n]egotiations were held in good faith" at the conference. (*Id.*) Plaintiffs contend that the impasse demonstrates Leapfrog's ostensible refusal to compromise, but omit any mention of their own settlement demands and own decision not to compromise. (Dkt. 225 at 4.)

The case proceeded to a five-day bench trial. At trial, Plaintiffs put on a single unified case that did not differentiate among the five hospitals—just as all prior motion practice and discovery had proceeded with Plaintiffs acting as a unit. Never once did Plaintiffs file separate briefs. (*See* Regensdorf Report ¶ 11.)

The Court ruled for Plaintiffs and entered injunctive relief. (Dkt. 212.)

### C. Leapfrog Challenges The Judgment On First Amendment Grounds Following Plaintiffs' Threats To Initiate Contempt Proceedings

Following the entry of the injunction, Plaintiffs and their parent company, Tenet Healthcare Corporation, wrote several demand letters to Leapfrog. In an April 14, 2026 letter, Plaintiffs alleged Leapfrog's "noncompliance with the Court's recent injunction" based on aspects of Leapfrog's reporting that the Court's injunction order was silent about. (Dkt. 219-1 at 1.) The letter demanded that Leapfrog remove content from its website, including a page noting that hospitals that declined to respond to Leapfrog's survey had "Declined To Respond," and objected to a pop-up stating that "Thousands of hospitals nationwide report to the Leapfrog Hospital Survey to help patients and purchasers make better health care decisions. This hospital did not participate. Ask them why not." (*Id.* at 2-4.) Plaintiffs' letter alleged that Leapfrog was violating the injunction by using its "Declined to Respond" label and accompanying, fully disclosed definition. (*Id.*) The letter further claimed that Leapfrog violated the injunction by opining that facilities that declined to respond "deprived patients of 'critical, life-saving information.'" (*Id.* at 2-3.) Even though the Court's injunction did not restrict Leapfrog's expression on the relevant website—leapfroggroup.org—which does not display Safety Grades at all, Plaintiffs tried to censor Leapfrog's speech as to "all Tenet-owned hospitals," including dozens that were never joined in this case. (*Id.* at 4.) The letter also demanded that "Leapfrog agree that it will not rate or otherwise score any Tenet-owned [Ambulatory Surgical Center (ASC)] facility" as part of a planned ASC public reporting program never addressed by this litigation. (*Id.* at 5.) Based on these asserted violations of the injunction, Plaintiffs threatened to "pursue . . . enforcement measures under Federal Rule of Civil Procedure 65." (*Id.*) When Leapfrog responded by highlighting the

constitutional offensiveness of these threats, Plaintiffs seemed to backtrack while pledging to "continue to carefully monitor" Leapfrog's speech. (Dkt. 219-3 at 3.)

Leapfrog has moved to alter or amend the judgment on First Amendment and constitutional-avoidance grounds. (Dkt. 220.) As a protective measure, Leapfrog also filed a notice of appeal. (Dkt. 221.) Two weeks later, Plaintiffs filed the instant fee motion even as Leapfrog objected to its prematurity citing FDUTPA's appeal-exhaustion requirement and binding Eleventh Circuit precedent interpreting it, as well as the facial unreasonableness of the fees Plaintiffs claim. (Dkt. 231-1.) Leapfrog accordingly filed a separate expedited motion for summary denial of the fee motion or, alternatively, to hold the fee motion in abeyance or convene a status conference. (Dkt. 227.) That expedited motion is now fully briefed and remains pending.

## LEGAL STANDARD

A "fee applicant bears the burden of establishing entitlement to attorney's fees" and the reasonableness of the fees claimed. *Otto v. City of Boca Raton*, 2025 WL 2952783, at *2 (11th Cir. Oct. 20, 2025). FDUTPA "vests the trial court with discretion to award fees and costs" to the prevailing party. *Gonzalez v. Nobregas*, 357 So. 3d 193, 195 (Fla. 3d DCA 2023). District courts likewise have discretion to determine the amount of a reasonable attorney's fee, which they may calculate by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate"—often called the "lodestar method." *Caplan v. All Am. Auto Collision, Inc.*, 36 F.4th 1083, 1089 (11th Cir. 2022) (citation omitted). In applying that method, district courts must "deduct time for excessive or unnecessary hours," "unnecessary motion practice," and unreasonably "litigious" conduct. *Id.* at 1090-91.

## ARGUMENT

### I. PLAINTIFFS ARE NOT ENTITLED TO FEES OR COSTS

Plaintiffs are not entitled to any fees or costs under FDUTPA. Their motion is premature under FDUTPA's express terms and binding circuit precedent. Beyond that, their requested fee award offends First Amendment values and state public policy. And the traditional multi-factor test for evaluating fee claims under FDUTPA weighs strongly against an award. The Court should deny Plaintiffs' motion in its entirety for any or all of these reasons.

### A. Plaintiffs Are Not Prevailing Parties Under FDUTPA And Their Motion Is Premature As A Matter Of Law

For the reasons explained in Leapfrog's motion to summarily deny Plaintiffs' fees motion (Dkt. 227) and reply in support (Dkt. 232), which Leapfrog fully incorporates here, Plaintiffs' motion is premature and defective on that basis alone. As Plaintiffs concede in the instant motion, when it comes to "the timing of this motion," "[e]arlier decisions"—including binding Eleventh Circuit authority—"treated FDUTPA's exhaustion-of-appeals language as controlling." (Dkt. 225 at 6 n.1.) Under Florida Statutes § 501.2105(1), a prevailing party "may" receive a fee award only "after judgment in the trial court and exhaustion of all appeals." (emphasis added). Binding precedent therefore holds that, "[t]o award such fees" in federal as well as state court, "the Court must determine if [litigants] were prevailing parties, and ensure that all appeals have been exhausted." *Herbst v. Am. Orthodontics Corp.*, 2025 WL 3755394, at *1 (S.D. Fla. Jan. 23, 2025) (Middlebrooks, J.) (emphasis added); *see also M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 30 F.3d 113, 115 (11th Cir. 1994). Courts interpret the "plain language of Fla. Stat. § 501.2105(1) at face value and routinely den[y] motions for attorney's fees . . . under FDUTPA without prejudice, subject to renewal, if appropriate, following the conclusion of an appeal." *Novo Nordisk, Inc. v. Wells Pharmacy Network, LLC*, 2025 WL 1018422, at *3 (M.D. Fla. Apr. 4, 2025). Far from displacing FDUTPA's timing provisions, Federal Rule of Civil Procedure 54(d)(2)(B) incorporates them, specifying a default timeline for filing "[u]nless a statute or a court order provides otherwise." Fed. R. Civ. P. 54(d)(2)(B).

Plaintiffs try, but fail, to dispel that authority by invoking a recent Supreme Court case, *Berk v. Choy*, 607 U.S. 187 (2026). Plaintiffs purport to find revelatory *Berk*'s observation "that, when a valid Federal Rule of Civil Procedure answers the disputed timing question, it governs notwithstanding contrary state law. (Dkt. 225 at 6 n.1.) But that merely restates first-year civil procedure doctrine, as long articulated by the Supreme Court and the Eleventh Circuit. *See Hanna v. Plumer*, 380 U.S. 460, 471 (1965); *Cohen v. Off. Depot, Inc.*, 184 F.3d 1292, 1296 (11th Cir. 1999) ("Under *Hanna,* the proper question to ask is not whether the state law provision is procedural or substantive; instead, the court must ask whether the state law provision conflicts with a federal procedural rule. If it does, the federal procedural rule applies and the state provision does not."), *vacated in part on other grounds*, 204 F.3d 1069 (11th Cir. 2000).

Since filing their original motion, Plaintiffs have shifted positions; now, they claim that they need not resort to *Berk* or the *Erie* doctrine, and are correct under existing precedent, because

there is no conflict between federal and state law. (*See* Dkt. 231.) Plaintiffs are right to now concede, contrary to their fees motion, that there is no conflict between federal and state law. But they were correct the first time about what state law requires: As this Court has expressly recognized, FDUTPA controls when fees can be "award[ed]." *Herbst*, 2025 WL 3755394, at *1. That is because, as the Eleventh Circuit has held, FDUTPA "expressly includes the culmination of the appellate process in its definition of a prevailing party." *M.G.B. Homes*, 30 F.3d at 115. And under FDUTPA, only a "prevailing party" may move for fees. Fla. Stat. § 501.2105(1). Because Leapfrog's "appeals" have not "been exhausted," there is not yet any prevailing party whose fees may be sought and "award[ed]" at this time. *Herbst*, 2025 WL 3755394, at *1; (*see also* Dkt. 225 at 6 n.1 (citations omitted)). At a minimum, judicial economy counsels in favor of deciding the motion after the conclusion of appeal.

### B. Plaintiffs Should Not Be Awarded Fees Even Assuming They Properly Qualify As Prevailing Parties

In any event, the motion should be denied whenever it comes. Leapfrog is a consumer-advocacy nonprofit that publishes constitutionally protected speech on issues of urgent public concern. Heaping a substantial fee award atop a broad permanent injunction would undermine—not promote—both the First Amendment and the policy goals enshrined by the Florida Legislature. Moreover, the discretionary factors for FDUTPA fee awards set out in *Humane Society of Broward County, Inc. v. Florida Humane Society*, 951 So. 2d 966 (Fla. 4th DCA 2007), point to the same outcome. The Court thus has ample reason to deny fees on the merits. Mr. Regensdorf, who has lectured extensively on FDUTPA fee awards, likewise concludes that the *Humane Society* factors weigh against any award approaching the claimed amount. (Regensdorf Report ¶¶ 3-8, 78-80.)

#### 1. First Amendment And Public Policy Concerns Alone Warrant Denial Of Any Fee Award

The Court should deny any fee award because any such award would be anathema to both the First Amendment and state public policy as expressed by the Florida Legislature. That is reason enough to deny fees, even setting aside other factors. *See Gonzalez*, 357 So. 3d at 195 (the *Humane Society* factors are "non-exhaustive" and courts "may consider" them).

This Court has recognized that Leapfrog is "a watchdog" nonprofit organization devoted to the "laudable" mission of promoting the "safety, quality and affordability of U.S. health care by using transparency to support informed health care decisions" for patients nationwide. (Dkt. 212 at 3, 29.) That mission is no less laudable, no less urgent, and no less dependent on adequate

financing following the Court's injunction. Even assuming the Court's judgment persists unaltered, the Court's order addressed Leapfrog's publication of Safety Grades as applied to only a small number of local hospitals who decline to report their data in Leapfrog's survey. (*Id.* at 40-41.) Leapfrog's assessments of other hospitals nationwide remain beyond reproach. Those constitutionally protected assessments not only inform consumers but stand to save lives. Yet a fee award—particularly of the size that Plaintiffs now demand—would threaten Leapfrog's very existence and, along with it, Leapfrog's consumer-focused mission. The requested amount of $10.5 million would represent a financial death sentence for Leapfrog; even on Plaintiffs' own account, it exceeds Leapfrog's annual *revenue* (*before* any expenses) by well over a million dollars. (Dkt. 225 at 9-10; *see also* Regensdorf Report ¶¶ 5, 82.)

It would not be a sound exercise of discretion to bankrupt a consumer-advocacy press organization in the name of protecting consumers. "[T]he imposition of attorney's fees and costs is a form of liability, particularly in the First Amendment context, where even their mere potential may have a chilling effect on First Amendment rights." *Publius v. Boyer-Vine*, 237 F. Supp. 3d 997, 1019-20 (E.D. Cal. 2017). Assuming this Court continues to fault specific aspects of Leapfrog's speech about five local hospitals, it by no means follows that the Court should end Leapfrog's vitally important and constitutionally protected work on behalf of patients nationwide. Otherwise, FDUTPA would become a chilling regime under which "would-be critics of official conduct may be deterred from voicing their criticism . . . because of . . . fear of the expense of" litigation. *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 279 (1964).

The Court should decline Plaintiffs' invitation to set that chilling precedent. The injunction permanently restraining Leapfrog's speech—which, Leapfrog respectfully submits, also transgresses constitutionally sacrosanct ground—more than suffices. There is no good reason why this Court should magnify the obvious threat to free expression.

Even louder alarms should be raised by Plaintiffs' studied disregard of acknowledged First Amendment constraints. The Court denied Leapfrog's motion to dismiss on the premise that the First Amendment permits "a challenge to [Leapfrog's] representations about its methodology," but not to the protected opinions of "online grading services," like Leapfrog's, "which often rely on a subjective weighing of objective data." (Dkt. 41 at 5-6.) At trial, however, Plaintiffs blew past that constitutional limit, insisting on an injunction that enjoined publication of the Safety Grades themselves, the imputed-value methodology underlying them, and any similar

methodology—not just factual representations about the methodology. (Dkt. 203 at 72-75; Dkt. 212 at 40-41.) Although Plaintiffs now bid to avoid scrutiny of their overreach based on procedural arguments (Dkt. 223 at 6-8, 12-13, 15-17, 19), those arguments have no place in this context, where the Court is being asked to exercise its discretion contrary to core constitutional constraints.

Worst of all may be Plaintiffs' post-judgment effort to leverage the injunction and the specter of contempt under it to impose a prior restraint. (Dkt. 219-1; Dkt. 219-3.) As meritless and constitutionally foreclosed as Plaintiffs' effort is, it shows they want to amass every conceivable arrow into their censorial quiver. No sooner had the Court entered judgment than the Plaintiffs threatened, *e.g.*, to pursue contempt proceedings against Leapfrog for speech not even plausibly covered by the Court's injunction, including speech about *non-parties* and a ratings program this Court has never addressed. (Dkt. 219-1.) Since then, Plaintiffs have continued threatening Leapfrog in the same vein. The Court should not endorse, enhance or encourage this heavy-handed, censorial campaign.

FDUTPA's text, history, and purpose lead to the same conclusion. FDUTPA does not provide for automatic fee awards; in 1994, the Florida legislature amended the statute to make any award under it discretionary. *Humane Soc.*, 951 So. 2d at 971. That discretion exists for cases like this one. Leapfrog differs profoundly from the typical FDUTPA defendant that has misled its own customers for profit. It is a nonprofit organization whose mission is to *protect* consumers by publishing information vital to their safety and wellbeing. Plaintiffs are blinking reality when they paint the mechanical entry of a discretionary eight-figure fee award against a consumer watchdog as though it is "ordinary." (Dkt. 225 at 5.) In actuality, such an award would be both extraordinary and perverse: Plaintiffs want to use the prospect of bankrupting a consumer-advocacy nonprofit as means to censor and silence its speech, at the grave expense of patients nationwide and also of freedom of speech and of the press. The Court should decline to assist them.

**2. The *Humane Society* Factors Do Not Support A Fee Award**

Alternatively or in addition, the Court should deny fees under the *Humane Society* factors. These "non-exhaustive" factors "include: (1) the scope and history of litigation; (2) the ability to pay fees; (3) whether an award of fees would deter future conduct; (4) the merits of the respective positions of the parties; (5) whether the claim was frivolous, unreasonable, or groundless; (6) whether claims or defenses were raised to frustrate or stall; and (7) whether the claim was brought to resolve a significant issue under FDUTPA." *Gonzalez*, 357 So. 3d at 195 (quoting *Humane*

*Soc.*, 951 So. 2d at 971-72). Here, each factor counsels against fees or is neutral. *See Colomar v. Mercy Hosp., Inc.*, 2008 WL 4459383, at *5 (S.D. Fla. Sept. 29, 2008) (denying fee award under FDUTPA to prevailing-party hospital because the *Humane Society* factors were either neutral or favored non-prevailing party), *aff'd*, 335 F. App'x 29 (11th Cir. 2009).

***Scope and history of the litigation.*** This factor weighs against fees or is, at most, neutral. Responsibility for multiplying the cost of this litigation belongs with Plaintiffs, which staffed this case with more than two dozen billers across three law firms even though local counsel was thoroughly capable of handling the case on its own. The predictable result was a gargantuan tab—$10.5 million in fees purportedly resting on 13,149.20 hours billed, the equivalent of 547 full calendar days and triple the number of hours billed by Leapfrog's core counsel team. Leapfrog should not be forced to bear the resulting, gratuitous costs. (*See also* Regensdorf Report ¶¶ 28-33, 35-39.)

The record and Plaintiffs' own invoices drive the point home. Plaintiffs seek to charge Leapfrog with paying for research on causes of action, like defamation (*see, e.g.*, Dkt. 226-1 at 16, 21-22, 49), that Plaintiffs never pursued, a damages claim they pled and forced Leapfrog to defend against in discovery but then abandoned (Dkt. 54), and a withdrawn motion for preliminary injunction (Dkt. 20). Plaintiffs also filed a series of meritless motions that the Court denied in their entirety—including Plaintiffs' summary judgment motion (Dkt. 139) and their motion to exclude four Leapfrog witnesses (Dkt. 176). (*See* Regensdorf Report ¶¶ 60-62.) Plaintiffs' motion (Dkt. 225) is silent about all of their doomed tactics and filings.

Separately, Plaintiffs' skewed recounting of the litigation history (*id.* at 7-8) obscures Plaintiffs' own culpability in causing the expenditures they lament. Plaintiffs complain about the size of Leapfrog's document productions, but omit that they demanded that Leapfrog apply unreasonably broad search terms while ignoring Leapfrog's warnings that their requested discovery parameters were disproportionate. Plaintiffs contend that Leapfrog served discovery requests too close to the deadline, but omit that they unilaterally postponed the deadline without objection from Leapfrog. Plaintiffs insist that Leapfrog modified language on its website before trial, but ignore that they did not even mention these changes in their post-trial proposed findings and conclusions (Dkt. 203). And Plaintiffs invite the Court to draw the adverse inference that Leapfrog "refused to compromise" (Dkt. 225 at 4) from the parties' impasse at a settlement conference, apparently forgetting Judge Matthewman's express finding that Leapfrog

"negotiat[ed] in good faith" and the fact that Plaintiffs obtained substantially *less* relief at trial than they demanded as part of a settlement. (Dkt. 106; *see also* Dkt. 219-2 (refuting Plaintiffs' contentions that they are entitled to more relief than the injunction affords).)

Plaintiffs' unreasonable and disproportionate legal spend on this case by itself warrants counting the first factor in Leapfrog's favor. At worst, however, the factor is neutral, as it frequently is following hard-fought litigation. *See, e.g.*, *Colomar*, 2008 WL 4459383, at *2 (concluding that factor was neutral where litigation "generat[ed] significant amounts of fees and costs" but "was heavily litigated by all Parties").

***Ability to pay.*** This factor weighs strongly against any award. As explained above, a fee award in the amount Plaintiffs demand would likely wipe out Leapfrog. Plaintiffs' assertion that Leapfrog's $8 million in 2024 revenue confirms its capacity to absorb an even larger fee award (Dkt. 225 at 9) ignores the obvious: an award that exceeds an organization's entire annual revenue is not one that it can be expected to pay.[2] As for Plaintiffs' reliance on Leapfrog's post-judgment fundraising campaign (*id.*), that is equally misplaced and actually cuts against them. A solvent organization with deep reserves would not need to raise funds on an emergency basis after a judgment. Plaintiffs' claim that Leapfrog could pay their attorney's fees does not square with the frugality Leapfrog maintained in litigating this case for a fraction of what Plaintiffs spent.[3] (Blair Dec. ¶ 2.)

Unable to muster a credible argument that Leapfrog can pay their desired award, Plaintiffs attempt to change the subject, contending that Leapfrog should be "blame[d]" for the expenditure of all of Plaintiffs' fees. (Dkt. 225 at 9.) Of course, that argument has no bearing on whether Leapfrog can afford an eight-figure fee. It also defies both the record and common sense. At every turn, Plaintiffs multiplied the scope of the litigation. *See supra*, p. 3-5. Especially when considered alongside Plaintiffs' unjustifiable staffing and billing practices, it is quite clear that Plaintiffs have only themselves to blame for their scorched-earth approach.

---

[2] Leapfrog's most recent, publicly available Form 990 reflects total revenue of approximately $8.85 million, before expenses.

[3] Plaintiffs' motion (Dkt. 225 at 9) references Leapfrog's $5 million primary liability insurance policy. Following the Court's entry of the injunction order, however, Leapfrog was alerted by its insurance broker to an excess liability policy affording an additional $2.5 million in potential coverage, the terms of which have been provided to Plaintiffs in parallel with this filing.

***Deterrence.*** This factor counsels strongly against fees. In the context of a nonprofit press organization engaged in constitutionally protected activity nationwide, deterrence is *disfavored* as both a constitutional and state-law matter. As Plaintiffs concede, Leapfrog already "bear[s] the burden of complying with the Court's injunction" (Dkt. 225 at 10), and Plaintiffs have already shown that the injunction equips them all too well to invoke the threat of contempt proceedings to daunting deterrent effect. (Dkt. 219-1.) In urging the Court to pile on, Plaintiffs give the lie to their argument (Dkt. 225 at 5) that their requested award is not punitive. Plaintiffs also mischaracterize FDUTPA's fee provision as authorizing near-automatic cost shifting. (*See* Dkt. 225 at 10 (arguing that non-prevailing parties "cannot shift the cost of stopping their unlawful conduct onto the" prevailing parties).) Assuming prevailing-party status is satisfied—and it is not here—any award is designedly discretionary, and courts frequently exercise their discretion to deny fees to prevailing parties. *See, e.g.*, *Colomar*, 2008 WL 4459383, at *5; *Taviere v. Precision Motor Cars, Inc.*, 2010 WL 557347, at *5 n.10 (M.D. Fla. Feb. 12, 2010). Moreover, as Mr. Regensdorf observes, there appear to be no other entities—for-profit or nonprofit—operating nationally in the hospital safety evaluation space other than the federal government; Leapfrog appears to be the sole provider of this type of publicly available hospital safety information. A fee award exceeding $10,000,000 against the only participant in that market would not calibrate deterrence—it would eliminate the deterred actor entirely and chill any future entrant from occupying the same public-interest role. (*See* Regensdorf Report ¶¶ 5, 79.)

***Degree of the non-prevailing party's bad faith.*** This factor weighs strongly against an award. Plaintiffs contend otherwise only by misstating the relevant inquiry as being whether the non-prevailing party "lost." (Dkt. 225 at 10.) But this factor does not rehash the prevailing-party question. Rather, the question here is whether "the merits of the respective positions" reflected any "degree of the opposing party's culpability or bad faith." *Humane Soc.*, 951 So. 2d at 971. And Plaintiffs offer no serious argument that this demanding standard is met. They primarily recount issues Leapfrog raised and lost, omitting an abundance of unsuccessful arguments that Plaintiffs made themselves. (Dkt. 225 at 10-11.) Such reasoning cannot carry this factor. *See Colomar*, 2008 WL 4459383, at *4 (finding that factor weighs in favor of non-prevailing party where prevailing party "can point to no meaningful evidence that [its opponent] litigated the action in bad faith, other than reiterating the fact that [it] ultimately prevailed").

Recognizing as much, Plaintiffs retreat to an argument having nothing to do with the conduct of the litigation or the "merits of the respective positions" taken in it by the parties: that Leapfrog's CEO, Leah Binder, published and spoke about Plaintiffs' poor Safety Grades. (Dkt. 225 at 10-11.) But that does not evince bad faith. As reflected in Leapfrog's declaration (Dkt. 215) and pending motion to alter or amend the judgment (Dkt. 220), Leapfrog continues to believe that its Safety Grades reflect justified assessments of hospital safety and that such assessments are constitutionally protected. Plaintiffs' lone case on this score, involving a plaintiff that brought suit for improper "anticompetitive purposes and in bad faith," is vastly afield. *Warren Tech., Inc. v. UL LLC*, 2020 WL 9219127, at *6 (S.D. Fla. Dec. 17, 2020).

***Plaintiffs' bad faith in bringing suit.*** This factor weighs in favor of Leapfrog. As outlined in Leapfrog's motion to amend or alter the judgment (Dkt. 220), Plaintiffs' legal theories of liability violate the First Amendment and exceed the Court's motion-to-dismiss ruling. And Plaintiffs' post-judgment threats of seeking contempt sanctions against Leapfrog for speech transgress even further beyond the confines of this litigation. (Dkt. 219-1.) Plaintiffs' tactics betray a bad-faith, patently unconstitutional effort to censor Leapfrog and impose a prior restraint against its protected expression on matters of public concern. Elsewhere, Plaintiffs' own counsel has agreed that invoking the coercive power of the government to "attempt[] to take control of … journalistic outlets" and "attempt[] to influence or control their reporting content" violates the First Amendment. Jessica Jerreat, *Court Injunction Bars USAGM From Editorial Interference*, VOA News (Nov. 21, 2020), https://www.voanews.com/a/press-freedom_court-injunction-bars-usagm-editorial-interference/6198667.html. One wishes that Plaintiffs' counsel actually practiced what counsel preaches. By no stretch of the imagination should Plaintiffs' unconstitutional campaign now be rewarded (and replenished) with an eight-figure fee award against a nonprofit.

***Defense raised to frustrate or stall.*** This factor weighs in Leapfrog's favor. Although Leapfrog asserted defenses that the Court ultimately did not credit, that is not the same thing as raising defenses for the improper purpose to frustrate or stall. To the contrary, Leapfrog litigated this case on the same expedited schedule that Plaintiffs did and cooperated to meet that demanding schedule with far fewer lawyers than Plaintiffs. Plaintiffs' inflammatory and misleading recounting of Leapfrog's unsuccessful defenses (Dkt. 225 at 11) does not persuade. This factor does not duplicate the prevailing-party inquiry; Plaintiffs must instead show that Leapfrog raised defenses for an improper purpose. They cannot. Plaintiffs' own telling confirms that Leapfrog

judiciously dropped defenses at summary judgment. (*Id.*) And while Plaintiffs accuse Leapfrog of "gamesmanship" for ostensibly modifying its website on "the eve of trial," Plaintiffs ignore that they dropped this issue following trial because it was irrelevant. (*Id.* at 12; *see* Dkt. 203.)

***Significant legal question.*** This factor either weighs against a fee award or is neutral. Struggling to identify a significant *legal* question that the Court resolved at trial, Plaintiffs point to the Eleventh Circuit's decision during the litigation in *FTC v. Corpay, Inc.*, 164 F.4th 807 (11th Cir. 2026). But the Court's analysis of that case in its injunction order underscores the *insignificance* of *Corpay*; the Court spent just one paragraph discussing *Corpay*'s effect on the law, and in the next sentence, determined that its ruling did not depend on *Corpay* anyway. (Dkt. 212 at 19-20.) The most significant legal questions in the case are the First Amendment and constitutional-avoidance arguments that now await further treatment post-trial. (Dkt. 220.) But those arguments derive from the Court's motion-to-dismiss order, decades of First Amendment precedent, and well-established Florida law. (*Id.* at 7-20.) Accordingly, the *Humane Society* factors weigh decisively against awarding fees, and the Court should deny Plaintiffs' motion.

## II. PLAINTIFFS' CLAIMED FEES AND COSTS ARE UNREASONABLE

Even if this Court were to find that Plaintiffs are entitled to fees under FDUTPA, which they are not, their claimed fees would be wildly excessive. "The fee applicant 'bears the burden of . . . documenting the appropriate hours expended and hourly rates.'" *Herbst*, 2025 WL 3755394, at *3 (citation omitted). Plaintiffs cannot meet that burden because the claimed hours expended—13,149.20 hours for 25 attorneys purporting to bill an average of over 525 hours each—are unreasonable on their face and cannot be justified based on Plaintiffs' submitted bills. Leapfrog's expert, Mr. Regensdorf, has reviewed the billing records and identified multiple independently sufficient—and cumulatively overwhelming—defects requiring a substantial reduction. (Regensdorf Report ¶¶ 72-81.) And Leapfrog's arguments against Plaintiffs' outrageous requested award figure are not waived, as Leapfrog has explained in its reply supporting summary denial of Plaintiffs' fee application. To the contrary, Local Rule 7.3 expressly invites "either party [to] move the Court to determine entitlement *prior* to submission on the issue of *amount*." S.D. Fla. L.R. 7.3(a) (emphases added). Nor is there any requirement that such motions be fully briefed, let alone adjudicated; instead, the contemplation is simply that such motions will be "filed and served" within sixty days of judgment and that the parties will confer with "reasonable particularity," as Leapfrog did by any fair reading of the record. (Dkt. 232 at 7-10.)

**A. Plaintiffs' Able Local Counsel Was Capable Of Handling This Case, Which Plaintiffs Grossly Overstaffed Compared to Leapfrog**

Plaintiffs engaged multiple law firms: Gibson, Dunn & Crutcher LLP, a national firm, and local counsel from Marcus Rashbaum Pineiro & Meyers LLP and Neiman Mays Floch & Almeida PLLC. "When more than one attorney represents a party, a court must deduct from the fee award any 'redundant hours.'" *Vazquez v. 1052 LLC*, 2016 WL 541432, at *3 (S.D. Fla. Feb. 11, 2016). Here, hiring a national firm on top of highly competent local counsel was itself redundant.

Plaintiffs' own submissions demonstrate that their local counsel was fully capable of leading this litigation. Jeffrey Marcus—a partner whom Chambers USA has ranked in the top band for litigation (Dkt. 226-5 at 1)—served as a "full member of the trial team," "examined multiple witnesses at trial," and participated in "core trial preparation and strategy." (Dkt. 225 at 17.) Together with his experienced Florida colleagues, Mr. Marcus and local co-counsel devoted approximately 726 hours to the case. If this team was capable of examining witnesses at trial and driving core strategy—as Plaintiffs' own fee motion concedes—the question naturally arises why it was necessary to import a team of national-firm attorneys adding 12,423 hours on top of that. (*See also* Regensdorf Report ¶¶ 31, 36.) And regardless of whether a national firm was necessary in addition to Plaintiffs' able local counsel, Plaintiffs fail to justify deploying ***25*** lawyers in a case involving a single cause of action that was tried to completion in under nine months. Indeed, courts in this district have found far fewer attorneys staffed on a single case to be "excessive." *See, e.g.*, *CityPlace Retail, L.L.C. v. Wells Fargo Bank, N.A.*, 2021 WL 3361172, at *1, *9–10 (S.D. Fla. Jan. 12, 2021) (***17*** lawyers in a dispute under a mortgage loan agreement that involved "almost nineteen months of prolonged litigation" and an "eight-day non-jury trial"); *Pretka v. Kolter City Plaza II Inc.*, 2014 WL 12300373, at *1 (S.D. Fla. Sept. 19, 2014) (***13*** lawyers in a class action case); *Mejia v. Com. Driver's License Sch., Inc.*, 2021 WL 1893065, at *1, *5 n.3 (S.D. Fla. Feb. 10, 2021) (***3*** lawyers in a Fair Labor Standards Act collective action). And here, there is no indication that Plaintiffs took any steps to efficiently allocate tasks across offices and teams, so it appears that at a minimum, each of these 25 lawyers duplicated the time required to get up to speed on the entire case. (Regensdorf Report ¶ 30.)

Plaintiffs' overstaffing is particularly egregious in light of the disproportionality here. Leapfrog—a small nonprofit, watchdog group defending its First Amendment rights in a case with existential stakes—enlisted a core counsel team that expended 4,500 total attorney hours defending this litigation through trial compared with Plaintiffs' 13,149.20. (*See* Blair Decl. ¶ 2.) Plaintiffs

point to no justification for spending nearly three times as many hours as Leapfrog litigating the same case with the same legal issues and record. It is also particularly unfair for Plaintiffs to outgun Leapfrog and then seek to burden Leapfrog with the associated fees. The Court can avoid this inequitable result by—at the very least—reducing Plaintiffs' fee award to more closely align with what Leapfrog spent on this case.

The only justification Plaintiffs offer for their overstaffing is that Plaintiffs represented five hospitals, creating "five separate factual records." (Dkt. 225 at 4.) But Plaintiffs never once filed separate briefs on behalf of separate hospitals. No representation agreements have been produced identifying which subset of lawyers agreed to represent any particular hospital. (*See* Regensdorf Decl. ¶11.) Indeed, Plaintiffs' pro hac vice motions were all made with respect to all Plaintiffs. (*See, e.g.*, Dkt. 9.) And the billing records confirm that every Gibson Dunn invoice submitted to the Court carries a single client-matter number—64230-01116, captioned "Leapfrog Dispute"—covering all five hospitals as a single undifferentiated matter. There are no hospital-specific matter numbers and no hospital-specific billing summaries. The billing records are structured as if this were a single-client case; indeed, the invoices were all billed to the same "client"—"Tenet Health System" in "Dallas, TX." (*See, e.g.*, Dkt. 226-1 at 39.)

Plaintiffs' counsel only introduced the "five hospital" frame after Leapfrog disclosed its own fee figure of $1.75 million in the pretrial stipulation. (Dkt. 129 at 30.) Then, at trial, lead counsel introduced the Gibson Dunn attorneys by assigning each one to a specific hospital. (Dkt. 204-1, Trial Tr. at 3.) But Plaintiffs have not disclosed any trial invoices containing any individual hospital attribution for a given attorney's work. Crediting Plaintiffs' own view that the award should be approximately $2 million per hospital (Dkt. 129 at 30; Dkt. 225 at 1), the *total* award should therefore be no more than $2 million or one-fifth of what Plaintiffs seek.

### B. Plaintiffs Seek Fees for Work Related to a Preliminary Injunction and Damages That Are Not Recoverable

"[I]n determining reasonable hours the district court must deduct time spent on discrete and unsuccessful claims." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988); *see also Med-Stop, Inc. v. Vandutch, Inc.*, 2025 WL 3282528, at *14 (S.D. Fla. Sept. 24, 2025) (cutting fees associated with the preparation of an unsuccessful motion to compel). Here, that requires a reduction to reflect Plaintiffs' hours attributable to their abandoned preliminary injunction, claim for damages, branding expert, and (apparently contemplated) defamation claim. Mr. Regensdorf details these categories of non-compensable work in his report.

(Regensdorf Report ¶¶ 43-51, 65.) Plaintiffs' claimed billing for this work is sizeable. The phrase "preliminary injunction" appears 74 times across the claimed billing entries and "temporary restraining order" appears 27 times. (Regensdorf Report ¶ 45.) Additional entries explicitly referencing the preliminary injunction approach 200 hours. (Dkt. 226-1 at 35-161.) One entry illustrates the absence of billing judgment particularly well: thirty-four days after the preliminary injunction was withdrawn, Kuntz billed 0.90 hours to "Revise draft motion for preliminary injunction." (Regensdorf Report ¶ 46.) No reasonable client would pay for revising a motion withdrawn for over a month, and no adversary should be required to fund it.

Similarly, Plaintiffs' abandoned damages claim generated substantial unrecoverable fees. Though Plaintiffs withdrew the claim on August 12, 2025, it had dominated both parties' discovery through July and August—after expert retention, preparation, and deposition work had already been completed. At least 19 hours of billing entries *explicitly* reference damages, but as Mr. Regensdorf explains, that figure dramatically understates the true total. (Regensdorf Report ¶¶ 48-50.) Plaintiffs likewise retained and then abandoned branding expert Thomas Chakurda only after multiple attorneys billed for preparing him and reviewing his work. (*Id.* ¶ 51.) Finally, Plaintiffs' bills include explicit references to a defamation claim that was never filed. (Regensdorf Report ¶ 65.) That these plainly non-compensable entries survived Plaintiffs' review process casts serious doubt on the diligence of that review across the far larger volume of entries too vague to evaluate independently.

### C. Plaintiffs Unreasonably Inflated the Costs of Routine Tasks

The party requesting fees must exercise "billing judgment" and must exclude hours from its fees motion that would be unreasonable to bill a client, and therefore to one's adversary, "irrespective of the skill, reputation, or experience of counsel." *Norman*, 836 F.2d at 1301. When "a fee applicant seeks to recover fees for the work of multiple attorneys, the fee applicant must show that the attorneys are not unreasonably doing the same work, and are being compensated for the distinct contribution of each lawyer." *CityPlace Retail, L.L.C.*, 2021 WL 3361172, at *9.

A review of the billing entries confirms a consistent pattern of billing multiple attorneys—often three to five on a single day—for the same routine tasks, with no explanation of each attorney's distinct contribution. (Regensdorf Report ¶¶ 52-55.) To take one example at each end of the case: between February and April 2025, five attorneys all billed to "draft, review and revise" the same complaint on overlapping days, with no indication of who was responsible for what.

(Dkt. 226-1 at 23-70.) The March 14 entry for one partner alone spans 8.20 hours. (Dkt. 226-1 at 32.) On December 20, 2025, five associates billed a combined 25.5 hours to drafting or revising proposed findings of fact, with no descriptions indicating the work was divided rather than duplicated: Kuntz billed 4.80 hours, Reilly 6.00 hours, Garnick 7.00 hours, Togias 5.40 hours, and Delwiche 2.30 hours—all on the same task, on the same day. (Dkt. 226-2 at 465-67.) This is not isolated slippage, and it warrants a substantial reduction standing alone. *See Norman*, 836 F.2d at 1301.

As stated *supra* pp. 3-5, Plaintiffs also billed heavily for self-inflicted costs that are not chargeable to Leapfrog: time spent briefing a summary judgment motion and *Daubert* motion the Court denied in their entirety in terms that make clear that Plaintiffs' positions were "misplaced" (Dkt. 139 at 9-10); discovery costs generated by Plaintiffs' own overbroad search terms, which hit nearly a million pages, followed by a dispute Plaintiffs then picked with Leapfrog over the resulting production volume; and a protective order motion Plaintiffs filed to avoid their own damages discovery obligations. (Regensdorf Report ¶¶ 56-59.)

Beyond these systemic problems, the billing records contain specific entries that no reasonable client would pay and that no adversary should be required to reimburse. Entries such as "compose memorandum re legal and factual issues" (Togias, 6.40 hours, Dkt. 226-1 at 135), "calls with clients regarding strategy and status of matter and confer internally re same" (Maloney, 1.00 hour, Dkt. 226-1 at 12), and "prepare for client meeting, including developing themes for trial and overall trial strategy" (Maloney, 3.00 hours, Dkt. 226-1 at 135) provide no meaningful description of the subject matter or document worked on. *ACLU of Georgia v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). Plaintiffs cannot claim entries are reasonable while withholding the information necessary to assess their reasonableness. *Id.*; (Regensdorf Report ¶¶ 63-65).

**D. The Extent of the Unreasonableness Warrants A Large, Across-the-Board Percentage Reduction**

Leapfrog should not be required to audit over 1,400 pages of billing records line by line to demonstrate that the request is inflated. Where, as here, the defects are pervasive, an across-the-board reduction is the most straightforward approach. *See, e.g.*, *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994) ("Where fee documentation is voluminous, . . . an hour-by-hour review is simply impractical and a waste of judicial resources."); *CITGO Petroleum Corp. v. Petroleum Logistics Serv. USA, Inc.*, 2022 WL 17718802, at *6 (S.D. Fla. Nov. 30, 2022) (noting that when overstaffing is apparent, "an across-the-board percentage reduction" is appropriate).

The defects here are numerous and severe. The submission involves over 1,400 pages of billing records that even minimal review demonstrates contain billing for abandoned work, internally duplicated effort, discovery costs inflated by Plaintiffs' own overbroad and ever-expanding demands, and entries so vague they cannot be evaluated. For all the reasons set forth above, Plaintiffs' fee request should be denied in its entirety, or in the alternative, reduced to no more than 20% of Plaintiffs' proposed figure. Reducing Plaintiffs' award to one-fifth of Plaintiffs' requested amount is in line with Plaintiffs' position that a fee award of $2 million per hospital is justified, as this case was in fact litigated as a single unit as if on behalf of a single hospital, not five. (*See* Regensdorf Report ¶¶ 33, 80.)

## CONCLUSION

The Court should deny Plaintiffs' Verified Motion For Attorneys' Fees and Costs (Dkt. 225) in its entirety, or at minimum, hold the motion in abeyance pending the exhaustion of any appeals. In the alternative, the Court should substantially reduce the fee awarded.

DATED: June 8, 2026

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN LLP

By */s/ Jason D. Sternberg*
Jason D. Sternberg

Derek L. Shaffer (*pro hac vice*)
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
555 13th Street NW, Suite 600
Washington, D.C. 20005
(202) 538-8123
derekshaffer@quinnemanuel.com

Jason D. Sternberg (Fla. Bar No. 72887)
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
2601 South Bayshore Drive, 15th Floor
Miami, FL 33133
jasonsternberg@quinnemanuel.com
(305) 439-5008

*Counsel for Defendant The Leapfrog Group*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of June, 2026, a true and correct copy of the foregoing document was electronically transmitted to all counsel of record via the CM/ECF system.

By: *<u>/s/ Jason D. Sternberg</u>*
Jason D. Sternberg
Florida Bar No. 72887
jasonsternberg@quinnemanuel.com

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No. 25– CV– 80526– MIDDLEBROOKS**

**GOOD SAMARITAN MEDICAL CENTER, INC., DELRAY MEDICAL CENTER, INC., PALM BEACH GARDENS COMMUNITY HOSPITAL, INC. D/B/A PALM BEACH GARDENS MEDICAL CENTER, ST. MARY'S MEDICAL CENTER, INC. AND WEST BOCA MEDICAL CENTER, INC.,**

**Plaintiffs,**

**v.**

**THE LEAPFROG GROUP,**

**Defendant.**

______________________________________/

**DECLARATION AND EXPERT REPORT OF**
**PAUL R. REGENSDORF, ESQ.**

## I. INTRODUCTION AND BACKGROUND OF THIS REPORT

1. I was retained by the Defendant The Leapfrog Group ("Leapfrog") to review the billing records, time entries, and supporting materials submitted by Plaintiffs in connection with their Verified Motion for Attorneys' Fees and Costs [Dkts. 225 and 226], and to render my professional opinions regarding the claim for fees, its basis, and the reasonableness of the fees and costs sought.

2. As described more fully in Section II below, I am a frequent lecturer to bar associations – and their member judges and lawyers – on the law and practice governing attorneys' fee determinations in Florida litigation. In the last several years I have given six separate lectures on these issues to the Bar Associations of every major County in the Southern District – Miami–Dade County, Broward County, and Palm Beach County, as well as the Orange County Bar. A foundational principle I teach in those seminars is that litigants must fully understand both the legal basis for any fee award and the conditions and limitations that accompany different fee–shifting frameworks. One such framework that I have encountered as an expert witness in multiple cases, and that figures prominently in my classes, is Florida's Unfair and

Deceptive Trade Practices Act [or FDUTPA as it will be referred to in this Report]. FDUTPA fee claims occupy a unique space in Florida law for several reasons that bear directly on the analysis here.

3. First, as an equitable remedy committed to the sound discretion of the trial judge, the test for neither entitlement nor amount is simply "who prevailed." I am aware that there are motions currently pending before this Court asking it to defer or deny the fee request – in part because FDUTPA, Fla. Stat. §501.2105(1), expressly provides that an award can issue only after trial and the exhaustion of all appeals. As an attorneys' fee expert, I take no position on those motions and present this Declaration only in the event the fees motion ultimately comes before the Court for decision. Second, unlike most fee–shifting statutes, FDUTPA provides no statutory guidance on the equitable factors a trial court should weigh beyond the prevailing–party prerequisite. The controlling authority to date traces to a single intermediate appellate decision: Humane Society of Broward County, Inc. v. Florida Humane Society, 951 So. 2d 966 (Fla. 4th DCA 2007). Federal courts in this District and the Eleventh Circuit have adopted the same framework. See Chow v. Chak Yam Chau, 640

Fed. Appx. 834 (11th Cir. 2015) and Bluegreen Vacations Unlimited, Inc. v. Timeshare Laws, P.A. 2024 U.S. Dist. Lexis 174419 (S.D. Fla. Sept. 25, 2024).

4. Treating that intermediate decision (and the others that follow it) as binding precedent or controlling law, it is important for this Court to realize that Humane Society recognizes a nonexclusive list of seven factors a court may utilize in determining questions relating to FDUTPA fees. Two of those factors are particularly significant to my opinions here.

5. Factor 2 – "the ability of the opposing party to satisfy an award of fees" (beyond its possible application to the question of whether to award any fees, which is outside the scope of this Declaration) squarely implicates Leapfrog's financial standing. As its opposition to the fee motion notes [Opp. at 12 n.2], the annual revenue for Leapfrog is approximately $8,850,000.00. The fee and costs request here exceeds that figure by well over $1,000,000. And of course, that number does not take into effect net or dispositive income. Notwithstanding this financial reality, Plaintiffs seek an award of fees and costs that substantially exceeds Leapfrog's annual revenue. I will return to this factor in the conclusion of this

Declaration. Factor 3 – "whether an award of fees against the opposing party would deter others from acting in similar circumstances" – addresses a concept more closely associated with punitive damages than with ordinary fee–shifting. Nevertheless, because FDUTPA addresses generically inequitable conduct, the factor remains part of the analysis. The entities that an award would seek to deter under this factor are not Leapfrog itself, but other businesses – for–profit or nonprofit – operating in the same commercial space. The difficulty in applying this factor is that, as best I can determine from publicly available information, there **are** no other entities – for–profit or nonprofit – that operate nationally in the hospital safety evaluation space other than the federal government (whose limitations were, as I understand it, a principal reason Leapfrog was created). If no viable alternative to Leapfrog has yet entered this niche market, it is difficult to see how deterrence is advanced or served by a fees–and–costs award exceeding $10,000,000 against the sole provider of this otherwise useful public information – an organization whose revenues fall far below the amount of the award. I will apply this factor as well in the conclusion.

6. Finally, all of these unique factors come into play in a statutory construct created by the Legislature of Florida that was anticipated and implemented largely to level the playing field in consumer transaction, where the aggrieved party was expected to be an individual consumer and the much larger commercial enterprise was expected to be the wrongdoer with the resources to pay. The fee–shifting provision was therefore the Legislature's way of equalizing the differential in resources and making it a fair fight. It was the statutory equivalent of giving David a more effective sling against Goliath.

7. Reality, of course, is more complicated: sometimes the defendant Goliath wins. Hence Humane Society. Worth noting is that the principal case cited by the Court in Humane Society – Rosen v. Rosen, 696 So. 2d 697 (Fla. 1997) – was not a FDUTPA case at all, but rather a dissolution of marriage case in which the Supreme Court held that the financial resources of the parties is the primary factor to be used in resolving fee issues.

8. If Rosen was not cited fortuitously but was intended to anchor the equitable framework in FDUTPA cases, then the

financial resources of the parties have a role in this Court's determinations if fees are awarded.

9. That observation brings me to the parties before this Court. At the very outset of the trial, Ms. Maloney – literally in the first words spoken by any lawyer for the plaintiffs – introduced five separate attorneys, each nominally assigned to one of the five plaintiff hospitals [Dkt. 204–1, Trial Tr. at 3]. This is not unusual in a multiparty case and was somewhat consistent with the joint pretrial stipulation [Dkt 129 at 30]. That stipulation included an estimate of fees incurred through trial at $10,000,000.00 for "the Community Hospitals" and then divided that figure equally by five, ascribing $2,000,000 in fees to each named hospital.

10. To complete the financial–resources analysis Rosen contemplates: according to the American Hospital Directory Good Samaritan Medical Center alone had revenues of almost $3,500,000,000.00, or almost three and a half billion dollars, and St. Mary's Medical Center had revenue of almost $3,900,000,000.00, or almost four billion dollars. There are three additional plaintiff hospitals. On the other side of the ledger sits Leapfrog, with annual revenues of approximately $8,850,000.

11. It also may be relevant to the fees issues in this case to identify the true plaintiff in this case. Despite efforts to assign separate counsel to each hospital and to frame this as five separate client engagements, the case was organized, run, and funded by Tenet Healthcare – the common parent of all five plaintiff hospitals – which reported $21.3 billion in revenue in 2025.[1] The billing records support this conclusion in multiple ways:

1. Every notice of appearance or pro hac vice motion by every attorney was entered for all five plaintiffs collectively, not for any individual hospital.
2. Multiple attorneys nominally assigned to a single hospital routinely appeared in proceedings and handled work for all five plaintiffs interchangeably.
3. At trial the work of each of the five lawyers was never focused on his or her announced client, but instead

[1] Tenet Reports Strong Fourth Quarter and FY 2025 Results; Provides 2026 Financial Outlook (Feb. 11, 2026), https://investor.tenethealth.com/press-releases/press-release-details/2026/Tenet-Reports-Strong-Fourth-Quarter-and-FY-2025-Results-Provides-2026-Financial-Outlook/default.aspx.

changed from day-to-day among whoever was on the stand.

4. No representation agreements have been produced in which any subset of lawyers among the 20 or so Gibson Dunn lawyers who billed on this case agreed to represent any particular hospital.

5. During discovery, testimony from hospital administrators reflected that the decision to file this lawsuit was made above the hospital level. Erik Cazares testified that the decision to file was above his pay grade and was not made by his hospital's governing board. (Cazares Dep., 91:10–92:1.) Sheri Montgomery, when asked who made the decision on whether Good Samaritan should file suit, testified that it was "[m]aybe someone at the corporate office. I'm not sure." (Montgomery Dep., 101:11–15.) This testimony is consistent with the conclusion that the litigation was centrally directed by Tenet, not by the individual hospitals nominally identified as plaintiffs.

6. All time records were maintained on a single client–matter number, with no hospital–specific matter numbers or billing summaries.
7. No attempt was made in time entries or in the bill itself to apportion any time to the separate claim of any one hospital.
8. The periodic bills were addressed to a single client at a mailing address in Dallas, Texas – the headquarters of Tenet Healthcare.

12. Now, there is nothing inherently improper about a corporate parent funding litigation on behalf of its subsidiaries. But when the structure of that arrangement is obscured in the fee application, and when the true plaintiff – a $21.3–billion–revenue corporation – is effectively substituted for five "community hospitals" in a one–count FDUTPA case with no preliminary relief pursued and no damages recovered, those facts are material to the Court's equitable analysis under Humane Society.

13. The records I have reviewed strongly suggest that this litigation was not organized to efficiently and professionally manage a single–count FDUTPA matter for five Palm Beach County

hospitals, but rather was centrally managed to apply maximum pressure on the continued existence of the only nonprofit watchdog in this space. As I explain throughout this Report, the billing records are consistent with that conclusion.

## II. MY QUALIFICATIONS

14. I am a fifty–three–year Florida civil trial and appellate lawyer, who remains active in both areas of practice. My practice has always been centered in, Broward, Palm Beach, and Miami–Dade Counties, but quickly expanded to a civil trial and appellate practice throughout Florida.

15. For over 42 years I practiced with the then largest firms in Florida – Fleming O'Bryan, Akerman, Stearns Weaver Miller, and finally Holland & Knight. With each I was a lead attorney in both that firm's civil litigation and its appellate practices. My practice included trials and appeals in both the state courts of Florida, as well as the federal district courts and courts of appeals. The scope of my civil trial and appellate litigation was broad and varied and regularly involved complex seven–figure cases in most litigation fields – construction, probate, medical malpractice, commercial and contract litigation, insurance, professional liability, health care,

products liability, personal injury, public utility liability, First Amendment and media litigation and others.

16. I have tried over 100 jury trial cases to verdict, as lead counsel, and have directly handled hundreds of review proceedings throughout Florida and beyond, in the District Courts and Supreme Court of Florida, as well as in three United States Circuit Courts of Appeal and the United States Supreme Court.

17. My work throughout my career has predominantly been based on negotiated hourly rates and, as the lead attorney on hundreds of trials and appeals, I supervised 10's if not 100's of other attorneys and paralegals, as well as their periodic bills. The portion of my practice today as an attorneys' fees expert, which is significant, regularly exposes me to the claimed time records and bills of tens or even hundreds of firms of all sizes and lawyers in South Florida and elsewhere. I am fully familiar with the reasonable hourly rates that are negotiated, billed, and then actually ***paid*** by the client in Florida. I regularly review the billed rates from lawyers throughout south Florida and beyond. The significance, of course, is that a reasonable market rate, actually charged and ***paid***, by real clients in the community for comparable work is the rate standard

for a case such as this. It is not a lawyer's believed worth, rack rate, or value, nor is it what other Courts have awarded.

18. When I left large–firm practice in 2015 and moved back to South Florida, in addition to working for my own clients and doing extensive pro bono work with Legal Aid organizations in Florida, I have spent voluminous hours on Florida Bar rules committees, as I have continuously since 1976. I have just finished a six–year term on Civil Rules [having previously left the Rules of General Practice and Judicial Administration Committee.] I headed up the Civil Rules Committee's work on the new Summary Judgment Rule, the new default rule that was just approved, and considering the attorneys' fees rule [1.525]. More recently I headed up the CRPC's initial response to the Workgroup's proposals to rewrite the Civil Rules in the areas of Case Management and discovery, in hopes of speeding them up, from the time of the Court's referral of the issues to the CPRC through the initial rejection of those proposals following oral argument in December of 2022 that I participated in.

19. When I left large firm practice and the many conflicts that necessarily came with large firm practice disappeared, I began

to be asked by lawyers of every stripe from around the state and beyond, on both sides of virtually all types of cases to be a reviewing expert witness on attorneys' fees and other issues. I will and do work for both plaintiffs and defendants, for both fee claimants and fee opponents, for both insureds and insurers, in both commercial and PI cases and Probate matters, on a wide variety of attorneys' fees issues, including prevailing party fees such as this case, charging liens, sanctions fees of all kinds, and attorney–client disputes.

20. Because many lawyers do not closely study the controlling law on attorneys' fee awards, I am frequently invited by major professional organizations to teach neutral CLE seminars on the subject. Recent engagements include:

- A two– session attorneys' fees course for the Miami–Dade County Bar Association's trial section and its lawyers and judges (late 2024).
- Two classes on attorneys' fees for the Broward County Bar Association, updating my 2020 seminar, for lawyers and judges of all stripes (October and November 2023).
- A one–hour course on attorneys' fees for the Palm Beach County Bar Association Probate Law Section.
- A two–hour class on trial and appellate attorneys' fees for the Orange County Bar Association (Orlando area).

21. These classes cover the gamut of important law in the area of attorneys' fees, both in state courts and federal, on virtually all common areas of the law that generate fee claims–contracts, statutes [including condominiums, FDUTPA, and until recently insurance claims].

22. I also author a periodic email/LinkedIn blog on current legal topics for thousands of Florida lawyers and Judges, usually in the area of awarding reasonable attorneys' fees. I publish my opinions statewide, for public comment, with no personal interest in increasing or decreasing fees in any type of case, but rather in providing education in a badly needed, under–educated area of the law. Since I use the same procedures regardless of the case or for which side I have been retained, and since I do not personally benefit from a higher [or a lower] award in any type of case, my opinions are generally sought by lawyers across the spectrum.

23. Because of work on previous Rules Committees and Supreme Court Commissions, I was one of the few lawyers selected by the Supreme Court to be actively involved for over five years in designing and creating the electronic Court System in Florida to mirror the federal system, with email service and efiling, that we all

use every day today in state and federal courts as practicing lawyers and judges.

24. When the Florida Supreme Court finally issued its revised Civil Rules on Case Management and Discovery to go into effect on January 1, 2025, the state ABOTA chapter in Florida and the Broward Chapter asked me to put together a statewide seminar to explain these important rules changes to Florida's lawyers and Judges. Over 7,000 people signed up to hear about these pivotal rules changes last year, with additional viewings available online.

25. I was also asked by the Legal Aid organizations in Florida and by the Public Interest Law Section of the Florida Bar to set up and run a trial skills series of seminars around the state for younger and less experienced pro bono attorneys.

26. I have attached a CV that gives more background into my 53+ years of practice as a trial and appellate lawyer and the key sheet for my objections.

27. In forming my opinions for this case, I have reviewed the following materials: (1) Plaintiffs' Verified Motion for Attorneys' Fees and Costs [Dkt. 225]; (2) the Affidavit of Sydney Scott in support of that motion [Dkt. 226]; (3) the Gibson, Dunn & Crutcher LLP

invoices attached thereto [Dkts. 226– 1, 226– 2, 226– 3]; (4) the briefing and relevant docket entries in the underlying litigation; (5) the transcripts from the depositions of the Plaintiffs' CEOs; (6) the declaration of Kimberley E. Blair, which provided the total number of attorney hours her firm billed and details about the discovery process; and (7) applicable legal standards governing fee–shifting awards in FDUTPA cases in the Eleventh Circuit and the Southern District of Florida.

## III. SUMMARY OF OPINIONS

### A. General Description of overbilling:

28. Based upon my review of the materials described above, it is my professional opinion that the total fee and cost award requested by Plaintiffs – $10,499,880.47 in total, comprising $9,903,527.50 in attorneys' fees and $596,352.97 in costs – is substantially unreasonable and must be drastically reduced. The totals do not reflect a measured, efficient set of billing records that could and should have been presented in this case.

29. There is nothing improper about a Florida business hiring a large international law firm and agreeing to pay that firm's national or international rates. There is similarly nothing improper

about a firm throwing many lawyers into a litigation project so long as the paying client is aware of that excess and readily agrees to pay for it. Their contract for representation should reflect that agreement and, although that or those contracts have not been produced to date, I have assumed that Gibson Dunn's staffing of this case with 20 lawyers was fully agreed to if not encouraged by Tenet.

30. And there is little doubt that the controlling real client in this case was Tenet. All counsel for all plaintiffs appeared and worked interchangeably across all five plaintiffs throughout the case. That structure required every lawyer to maintain broad familiarity with the entire case, creating massive built–in duplication of learning time across the twenty Gibson Dunn attorneys working on what was, at bottom, a single–count piece of litigation. All the while Tenet, through Gibson Dunn, had retained local counsel, as is required for non–Florida lawyers. To fulfil that responsibility, the firms of Marcus Rashbaum Pineiro & Meyers LLP and Neiman Mays Floch & Almeida PLLC were hired. Far from being a mail drop or performing perfunctory roles, Jeff Marcus [an experienced litigator of about 25 years and a former clerk to this

Court] and four of his partners joined the large group of lawyers already or soon to be on board, and took an active part in all pre–trial proceedings and discovery, and as this Court well knows, took a lead role in the actual trial itself.

31. The local counsel team demonstrated to this Court that they had the capacity and capability to handle a case of this type by themselves. And if there is any doubt that the five or so local counsel lawyers could have handled this case on their own, the proof in that pudding is that the defense effort [chiefly out of Chicago with Wilson Elser] was principally staffed and tried with about the same number of lawyers as plaintiffs' local counsel team. Tenet may have wanted to gild the lily with 20 more lawyers, but there was no professional necessity to do so.

32. This overstaffing decision – whether it originated with Tenet or with Gibson Dunn and was ratified by Tenet – is why Florida law is clear that a client's agreement with its own lawyer is the client's business, but when the terms and financial consequences of that agreement are sought to be shifted to the losing party, the court will approve and shift only the reduced amount that was efficiently reasonable and necessary. The Florida

Supreme Court expressed this principle in its leading decision on fee shifting, Florida Patients Compensation Fund v. Rowe, 472 So. 2d 1145 (Fla. 1985), emphasizing that attorneys governed by applicable rules must comply with their duties to work "economically, efficiently, and expeditiously" and to keep good, accurate and contemporaneous records of the reasonable and necessary work done on a case. Id at 1149. But Rowe was not a case dealing with a dispute between a client and its lawyer. It was a fee–shifting case in which the prevailing party wanted the loser to pay. In discussing that fee–shifting process, the Court emphasized that lawyers governed their rules and procedures [like Local Rule 11.1 requires of the lawyers in this case] must comply with their efficiency and timekeeping responsibilities not just for their own clients, but "particularly when someone other than the client may pay the fee."

33. As will be discussed in more detail in the conclusion of this report, and to the extent that the Court uses its discretion to award fees, a reasonable fee award in this case, one that could be shifted, should be limited to no more than 20 percent or one fifth of the total amount claimed, or approximately $2,000,000.

### B. Summary of Specific Deficiencies

34. The fee request is infected by multiple independently sufficient and cumulatively overwhelming defects, which are described in more detail in Sections IV-VI:

1. ***Radical overstaffing.*** Despite the fact that this case involved one claim and was litigated in 8 months, Plaintiffs deployed twenty–five lawyers across three law firms, claiming bills for 13,149.2 hours of work – nearly three times the number of hours required by Leapfrog to litigate the same record. Plaintiffs' own submissions concede that their nationally ranked local counsel was fully capable of leading this case. The addition of more than twenty Gibson Dunn attorneys was unnecessary and unreasonably inflated the fee claim.

2. ***Fees for abandoned work.*** Plaintiffs abandoned their request for a temporary restraining order and preliminary injunction, their claim for monetary damages, and their retained branding expert – yet they continue to seek compensation for the substantial time spent on all of these. Work on relief that was voluntarily withdrawn without benefit to the litigation is not compensable.

3. ***Pervasive multi– attorney duplication.*** From complaint drafting through post–trial briefing, the billing records show excessive numbers of attorneys billing simultaneously to the same tasks on the same days, with no explanation of each attorney's distinct contribution.

4. ***Self– inflicted discovery costs.*** Plaintiffs propounded unreasonably overbroad discovery, initially marked virtually all of their own productions as "confidential" (requiring reproduction), filed a meritless motion for a protective order that was largely rejected, and then complained about the volume of documents produced in response to their own search–term demands. The fees they generated through this conduct are not chargeable to Leapfrog.

5. ***Fees for meritless motions.*** Plaintiffs' motion for summary judgment and Daubert motion were denied in their entirety. Fees attributable to those motions must be reduced or excluded.

6. ***Vague and unreasonable time entries.*** The billing records are replete with entries too vague to evaluate, entries for non–

FDUTPA work (including research on a defamation claim that was never filed), and pervasive redactions that make it impossible to assess whether any billing judgment was actually exercised.

7. ***The "per hospital" narrative is unsupported post– hoc arithmetic.*** The billing records carry a single matter number for all five hospitals with no hospital–specific allocation, and the $2 million–per–hospital framing appeared in Plaintiffs' submissions only after Leapfrog disclosed its own fee figure – not from any pre–existing hospital–specific billing analysis.

## I. OVERVIEW OF BILLING STRUCTURE

35. Before examining the individual defects, it is essential to situate the fee request within the record of the litigation as a whole. That context demonstrates that Plaintiffs – not Leapfrog – bear responsibility for the extraordinary scale of the fees claimed, and that the claimed amounts bear no reasonable relationship to the work actually required to prevail on the single FDUTPA claim at issue.

36. Plaintiffs employed three law firms: Gibson, Dunn & Crutcher LLP, a national firm, staffed with more than twenty lawyers; Marcus Rashbaum Pineiro & Meyers LLP; and Neiman Mays Floch & Almeida PLLC. Plaintiffs' own submissions establish that Jeffrey Marcus – ranked in the top band for litigation by Chambers USA – served as a full member of the trial team, examined multiple witnesses at trial, and participated in core trial preparation and strategy. Together with his experienced colleagues, Mr. Marcus and local co–counsel devoted approximately 726 hours to this matter. If, as Plaintiffs' own fee motion concedes, this team was capable of driving core strategy and examining witnesses at trial, the necessity of importing more than twenty national–firm attorneys adding 12,423 additional hours is not self–evident and has not been explained.

37. As set forth in the Scott Affidavit [Dkt.226, p. 17–18], the total Gibson Dunn fee request is $9,206,790.00, reflecting the following timekeepers and rates:

(1) ***Gibson Dunn Partners (at $975/hr):*** Mary Beth Maloney (473.8 hrs), Daniel P. Chung (623.0 hrs), Lee R. Crain (847.3

hrs), Scott K. Hvidt (878.0 hrs), Sydney Scott (470.6 hrs), Helgi C. Walker (128.7 hrs).

(2) ***Of Counsel (at $800/hr):*** Christine M. Buzzard (888.1 hrs).

(3) ***Gibson Dunn Associates (at $675/hr):*** Robert Batista (498.8 hrs), Emily Cardone (670.2 hrs), Alexander M. Fischer (494.1 hrs), Adam Garnick (834.0 hrs), Andrew Kuntz (563.3 hrs), Mary Otoo (709.4 hrs), Kevin Reilly (663.5 hrs), Kevin Simmons (731.5 hrs), Marc Aaron Takagaki (572.8 hrs), Iason Togias (567.8 hrs).

(4) ***Other Gibson Dunn Associates (at $500/hr):*** Karsyn Archambeau (714.6 hrs), Noah Delwiche (739.2 hrs), Laura Wang (354.8 hrs).

38. Local counsel firms, Marcus Rashbaum Pineiro & Meyers LLP and Neiman Mays Floch & Almeida PLLC, are claimed at $975/hr for partners, except Brandon Floch at $875/hr, totaling $696,737.50.

39. The total combined fee claim is $9,903,527.50. In addition, Plaintiffs seek $596,352.97 in costs, of which $458,929.45 is for online research and $137,423.52 for transcripts.

**C. Billing and staffing deficiencies**

40. As is evident from the billing records in this case, Tenet's attempt to collect approximately $10.5 million is spread over approximately 1448 pages of bills from Gibson Dunn and another 40 pages from Mr. Marcus' firm for a total fees claim of $10,499,880.47.

41. Within the defined and limited time allowed under the local rules – with a 10-day agreed extension – it has been physically impossible for the undersigned, even with assistance, to review all of the voluminous time records claimed. That process has been made even more difficult by the manner of the redactions. Rather than noting redacted passages while leaving surrounding text and data intact, the redacting party blacked out entries margin to margin, eliminating any contextual value that an unredacted surrounding record could have provided. When I counsel fee claimants <u>before</u> their time records are produced, I always instruct them to note all redactions but to preserve all text and data except truly privileged materials. That approach gives reviewing counsel and the Court a meaningful, complete record with which to work. That was simply not done in this case.

42. Counsel for Tenet/the hospitals had approximately **two months** to prepare their time records and fees motion. The undersigned has had effectively less than two weeks to review the entire case and claimed time entries. The following detailed examples fully populate my opinions expressed in this case, both earlier in this report and in the conclusion. It is interesting to note that, while not required by local rule, Tenet/the hospitals could have retained a reviewing fees expert to support its claim but chose not to do so.

## IV. EVIDENCE OF NON– COMPENSABLE OR UNREASONABLE FEES

### A. Fees for Abandoned Claims and Relief: Preliminary Injunction, Damages, and Dropped Expert

43. Among the most glaring defects in the fee application is the inclusion of substantial fees for at least three categories of relief that Plaintiffs pursued, at enormous expense, and then abandoned without benefit to the litigation: the preliminary injunction, the damages claim, and the retained–but–dropped branding expert Thomas Chakurda. Fees incurred in pursuit of claims or relief on which a party did not prevail must be excluded unless the work is inextricably intertwined with the successful claim. Plaintiffs bear

the burden of making that showing. They have not attempted to do so.

### 1. The Temporary Restraining Order and Preliminary Injunction

44. Plaintiffs filed a motion for a preliminary injunction accompanied by sixty–five exhibits on May 17, 2025. The billing records confirm that preparation began months earlier, with entries relating to TRO and preliminary injunction work appearing as early as March 2025 and continuing well after the motion was withdrawn. Plaintiffs withdrew the request on May 27, 2025, just ten days after filing it, citing the trial date as sufficient.

45. The claimed billing for this work is sizeable. The phrase "preliminary injunction" appears seventy–four times across the non-redacted text in the claimed billing entries. "Temporary restraining order" appears twenty–seven times in the non-redacted text. The pattern of multi–attorney billing on these filings is particularly egregious. On May 14, 2025, Maloney billed 6.50 hours to revisions to the preliminary injunction, Crain 3.20 hours, Hvidt 2.40 hours, Reilly 1.3 hours, Togias 3.60 hours, and Cardone 6.50 hours – all to the same filing [Dkt. 226– 1 at 91–93]. On May 15, the same pattern

continued at greater scale: Crain billed 7.50 hours, Hvidt 7.30 hours, Cardone 11.90 hours, and Reilly 6.70 hours, all to the same document [Dkt. 226– 1 at 93–94]. On May 16, Crain billed 7.50 hours, Cardone 2.50 hours, and Reilly 10.20 hours to the same [Dkt. 226– 1 at 95]. That is tens of partner and senior associate hours, across three days, on a single filing that was withdrawn ten days after it was filed.

46. One entry captures the absence of billing judgment that predominates these invoices particularly well: on June 30, 2025 – thirty–four days after the preliminary injunction was withdrawn – Kuntz billed 0.90 hours to "Revise draft motion for preliminary injunction" [Dkt. 226– 1 at 161]. No reasonable client would accept a bill for revising a motion already withdrawn for over a month. No adversary should be required to fund it. This entry, and the broader pattern it illustrates, must be excluded in its entirety.

47. Beyond the *explicit* TRO and PI references, additional entries are almost certainly attributable to the same work but described more generally. All such time should be excluded.

### 2. The Damages Claim

48. Plaintiffs' original complaint sought monetary damages. That claim was not a minor or early–abandoned issue. It persisted through months of full–scale discovery – including expert retention, preparation, and depositions – before Plaintiffs withdrew it on August 12, 2025 [Dkt. 54].

49. As Leapfrog's counsel noted in the Blair Declaration, they "devoted substantial time and attention to Plaintiffs' damages claim." Blair Decl. ¶ 12. Plaintiffs' own discovery billings during that period were likely substantial as well: multiple attorneys engaged in expert preparation, including preparation of Thomas Chakurda as a branding expert. At least 19 hours of Plaintiffs' entries explicitly reference damages on their face [Dkt. 226– 1 at 152, 252, 297, 329, 364, 375, 426; Dkt. 226– 2 at 256, 263]. For example, Togias billed 6.90 hours to researching and composing a memorandum regarding "damages claims" [Dkt. 226– 1 at 152]. Nonetheless, I do not doubt the figure directly referencing damages drastically understates the true total.

### 3. The Dropped Branding Expert

50. Plaintiffs retained Thomas Chakurda as a branding expert in connection with the damages claim. Substantial time was devoted to preparing Mr. Chakurda and to related expert work [Dkt. 226– 1 at 477; Dkt. 226– 2 at 550]. When Plaintiffs withdrew the damages claim, they also dropped Mr. Chakurda. All fees associated with retaining, preparing, and working with an expert who was ultimately not called – in connection with a claim that was ultimately abandoned – are not compensable.

## B. Pervasive Multi– Attorney Duplication on Routine Tasks

51. A fee applicant seeking compensation for multiple attorneys must demonstrate that each attorney made a distinct contribution to the work and that their efforts were not redundant. The billing records here fail that standard comprehensively and consistently, from the first day of engagement through post–trial briefing.

52. The complaint itself was drafted by a rotating cast of lawyers over several weeks: Hvidt, Maloney, Crain, Togias, and Cardone all appear billing to complaint–related work on overlapping

days throughout February, March, and April 2025, with no distinctions between their contributions apparent from the bills [Dkt. 226– 1 at 23–70]. Between March 13 and March 17, 2025, Maloney, Hvidt, and Cardone – three attorneys – all billed to "draft, review and revise" the same complaint on overlapping days [Dkt. 226– 1 at 31–32]. The March 14 entry for Hvidt alone is 8.20 hours [Dkt. 226– 1 at 32]. Adding multiple layers of senior review with no explanation is precisely the billing inefficiency that courts require fee applicants to exclude.

53. This pattern repeated without interruption throughout the case. On June 8, 2025, both Hvidt (1.70 hours) and Cardone (1.40 hours) billed to "draft, review and revise written discovery" and "review and revise requests for production with L. Crain Edits" – the same document, revised by two attorneys with no breakdown of respective contributions [Dkt. 226– 1 at 122]. On December 20, 2025, five associates billed a combined 25.5 hours to drafting or revising findings of fact, with no descriptions indicating the work was divided rather than duplicated: Kuntz billed 4.80 hours, Reilly 6.00 hours, Garnick 7.00 hours, Togias 5.40 hours, and Delwiche 2.30 hours – all on the same task, on the same day, with nothing in

the billing records to indicate what any one of them contributed that the others did not [Dkt. 226– 2 at 465–67]. This is not an isolated occurrence. It is the structural pattern of this engagement from inception to conclusion.

54. No client in the ordinary commercial marketplace would absorb such charges without demanding a full accounting of each attorney's distinct contribution. Requiring Leapfrog to fund redundant senior review piled on top of redundant senior review – across 1,448 pages of billing records and over thirteen thousand hours – is not reasonable.

### C. Self– Inflicted Discovery Costs That Are Not Chargeable to Leapfrog

55. A material portion of Plaintiffs' claimed fees was generated not by legitimate litigation needs but by Plaintiffs' own discovery conduct – conduct that burdened both sides and should not be charged to the opposing party.

56. First, Plaintiffs began discovery by marking the overwhelming majority of the documents they produced as "confidential" – including clearly non–confidential communications between Leapfrog and Plaintiffs and internal hospital

correspondence relating to media requests, branding, and hospital policies with no bearing on trade secrets or other sensitive information. This designation made it nearly impossible to file those documents, forcing Leapfrog to challenge the designations in writing and in meet and confers. Only after Leapfrog indicated it would file a motion did Plaintiffs agree to reproduce their documents without the unjustified confidentiality designations. Plaintiffs' bills for the time they spent managing a confidentiality over designation problem of their own making are not Leapfrog's responsibility.

57. Second, Plaintiffs propounded forty–six requests for production and twenty interrogatories. They rejected Leapfrog's proposed search terms as "too narrowly constructed" and proposed their own counter–terms, which Leapfrog accepted. Plaintiffs then further expanded their terms on July 9, July 16, and again on July 18, 2025. The result was a hit set of nearly one million pages of documents. Leapfrog warned Plaintiffs of this problem on July 18 and again on July 25. Plaintiffs nonetheless pressed for rapid production. Having created the volume, Plaintiffs then complained that reviewing the documents their own search terms generated was "unduly burdensome." (August 7 Email.) The fees Plaintiffs incurred

reviewing documents produced in response to their own overbroad demands – and the fees they incurred disputing Leapfrog's compliance with those demands – are not properly chargeable to Leapfrog.

58. Third, Plaintiffs filed a motion for a protective order to avoid responding to Leapfrog's discovery relating to the damages claim Plaintiffs were then pursuing. But after a hearing before Magistrate Judge Matthewman, Plaintiffs agreed to provide additional discovery [Dkt. 76]. Fees generated litigating a motion Plaintiffs themselves filed and largely lost are not compensable on a fee–shifting claim.

**D. Fees for Wholly Meritless Motions**

59. Plaintiffs filed multiple substantive motions that were denied in their entirety. Courts must deduct time spent on discrete and unsuccessful motions practice. Two motions stand out here.

60. First, Plaintiffs' motion for summary judgment was denied in full. In denying it, the Court noted Plaintiffs' "problematic interpretation" of FDUTPA as not requiring that an "unfair" practice relate to consumer injury and their "misplaced" argument that hospitals are consumers under FDUTPA [Dkt. 139 at 9–10]. These

are not issues on which Plaintiffs had colorable arguments that were simply resolved against them; the Court's language reflects that the positions were substantively weak. The fees Plaintiffs incurred briefing a failed summary judgment motion are not compensable.

61. Plaintiffs' Daubert motion seeking to exclude four Leapfrog witnesses was similarly denied in its entirety. The Court noted that Plaintiffs' arguments "boil[ed] down more to objections on relevance and/or sufficiency of the evidence grounds" better saved for trial [Dkt. 176 at 1, 3]. A Daubert motion that the Court described as not truly Daubert–appropriate should not be charged to the opposing party.

## V. Vague Entries, Pervasive Redactions, and the Absence of Billing Judgment

62. A fee applicant bears the burden of submitting billing records adequate to allow the Court to assess the reasonableness of the claimed hours. The records here fail that standard in two distinct respects: the narrative descriptions are too vague to evaluate, and the pervasive redactions make independent verification of any billing judgment impossible.

### A. Vague Time Entries

63. The billing records are replete with entries providing no meaningful description of the subject matter or document worked on. Entries such as "compose memorandum re legal and factual issues" [Togias, 6.40 hours, Dkt. 226–1 at 135], "calls with clients regarding strategy and status of matter and confer internally re same" [Maloney, 1.00 hour, Dkt. 226–1 at 12], and "prepare for client meeting, including developing themes for trial and overall trial strategy" [Maloney, 3.00 hours, Dkt. 226–1 at 135] provide no basis for evaluation. Because these entries do not identify what document was reviewed, what legal issue was researched, or what strategic decision was made, neither Leapfrog nor the Court can assess whether the time was reasonably incurred on the claim at issue. Such entries must be reduced or excluded.

64. The same absence of billing judgment is reflected in entries that are not vague at all, but that are plainly non–compensable. For example, the billing records contain more than six hours of entries explicitly referencing defamation research [Dkt. 226– 1 at 16, 21, 22, 49] – a cause of action Plaintiffs investigated but never filed. The dollar amount associated with these entries is

not large, but their presence in the application is significant: a fee applicant claiming to have exercised careful billing judgment should not be seeking compensation for research into claims that were never asserted. That these entries survived whatever review process Plaintiffs conducted before submitting their application casts additional doubt on the diligence of that review with respect to the far larger volume of entries that are too vague to evaluate independently.

**B. Pervasive Redactions Preclude Any Meaningful Assessment of Billing Judgment**

65. More broadly, the invoices as submitted are so heavily redacted that it is impossible to conduct any meaningful independent assessment of whether Plaintiffs genuinely exercised billing judgment. Entire time entries – timekeeper, hours, and description all crossed out – appear on virtually every page of the 1,448–page record. This scale of redaction is not consistent with standard practice in fee litigation. Fee applicants routinely redact privileged communications and work product descriptions; that is appropriate. What is not appropriate is redacting complete time

entries en masse in a manner that makes it impossible to determine what work was excluded or why.

66. The practical consequence is that the Court cannot evaluate whether what survives is the product of principled, line–by–line review or simply post–hoc reduction to a more defensible number. Billing judgment is only meaningful if someone can see what was written off and why – whether the excluded time reflected genuinely non–compensable work, or hours that Plaintiffs preferred not to defend. When written–off entries are as numerous and as thoroughly redacted as they are here, there is no basis to conclude that what remains is the product of principled review. A substantial across–the–board reduction is warranted to account for this failure of documentation.

## VI. THE PER– HOSPITAL NARRATIVE IS UNSUPPORTED BY THE BILLING RECORDS

67. Plaintiffs suggested, in their pretrial submissions and at trial, that their fee request can be understood as approximately $2 million per hospital – a framing implying each of the five hospitals was served by a dedicated team whose time can be meaningfully

allocated to that hospital's claims. The billing records do not support that characterization.

68. Every Gibson Dunn invoice submitted to the Court carries a single client–matter number – 64230–01116, captioned "Leapfrog Dispute" – covering all five hospitals as a single undifferentiated matter. There are no hospital–specific matter numbers, no hospital–specific billing summaries, and no entries in the invoices that allocate time to a particular hospital as distinct from the others. The billing records are structured as if this were a single–client case.

69. At trial, lead counsel introduced the Gibson Dunn attorneys by assigning each one to a specific hospital: Marcus for Delray Medical Center, Scott for Palm Beach Gardens, Crain for West Boca, Simmons for St. Mary's, and Hvidt for Good Samaritan. [Dkt. 204– 1, Trial Tr. at 3]. The invoices tell a different story. Those same attorneys appear throughout the billing records working on the same tasks, attending the same conferences, and revising the same documents, with no indication that any attorney's work was directed toward one hospital rather than another. Crain's 847.3 claimed hours, Hvidt's 878.0, and Simmons's 731.5 are

presented in a single undivided block with no hospital attribution [Dkt. 225 at 15].

70. The $2 million per hospital figure is simple arithmetic – the total that the Plaintiffs decided on divided by five – not the product of any hospital–specific accounting. It is also revealing that this framing appeared in Plaintiffs' submissions only after Leapfrog disclosed its own fee figure of $1.75 million in the pretrial stipulation [Dkt. 129 at 30], and that Plaintiffs' write–offs seemingly demonstrate no rhyme or reason – other than that they landed near that number. A post–hoc arithmetic division of an undifferentiated billing record into five equal parts totalling a number Plaintiffs arbitrarily decided on when they heard Leapfrog's fee estimate does not satisfy Plaintiffs' burden of establishing that the claimed hours are properly attributable to compensable work on the claim on which they prevailed.

## VII. OPINION ON THE APPROPRIATE REDUCTION

71. In my professional opinion, and to the extent that fees are awarded, the Community Hospitals' fee request must be reduced to no more than 20 percent of the total amount claimed.

The independent grounds for this reduction are each substantial; cumulatively, they compel it.

72. First, a substantial portion of the claimed hours was devoted to the TRO, preliminary injunction, damages, and abandoned expert – all of which were voluntarily withdrawn without benefit to the litigation.

73. Second, the consistent pattern of three to five attorneys simultaneously billing on the same tasks – without any explanation of divided labor, from complaint drafting through findings of fact – represents the kind of structural redundancy that warrants a substantial across–the–board percentage reduction standing alone.

74. Third, a reduction is needed to account for the fees attributable to self–inflicted discovery costs, meritless motions, defamation research, and other non–FDUTPA work.

75. Fourth, the $458,929.45 in research charges attributed to unidentified timekeepers must be excluded in their entirety.

76. Fifth, the pervasive redactions and vague entries make it impossible to perform a line–by–line audit confirming the reasonableness of what remains, requiring an across–the–board reduction.

77. Sixth, and independently dispositive, when these massive billing irregularities are reviewed by a Court in light of the Humane Society factors, the claimed award becomes even more indefensible. Most notably, factors two and three weigh heavily against any award approaching the amount claimed. Leapfrog's annual revenues are approximately $8,850,000. The fee and cost request of $10,499,880.47 exceeds Leapfrog's entire annual revenue by over 1.5 million dollars. Asking this Court to shift $10.5 million to an organization that takes in less than $9 million per year is not an application of equitable fee–shifting.[2] The equitable factor recognized in Humane Society exists precisely to prevent that outcome.

78. Factor Three – whether an award of fees would deter others from acting in similar circumstances – cuts equally against the full award, and for reasons that go beyond the financial. The entities that a fee award would deter are not Leapfrog itself, but

[2] Plaintiffs note that Leapfrog has a $ 5 million dollar primary liability insurance policy [Dkt. 225 at 9]. It is my understanding, from Leapfrog's briefing, that the potential maximum insurance is limited to $7.5 million dollars. With that said, I have not seen evidence that the insurance policy will actually cover these fees.

other organizations operating in the same space: nonprofits or businesses that might evaluate and publish hospital safety information for the benefit of the public. As best I can determine from publicly available information, there are no such entities – for-profit or non-profit – operating nationally in this space other than the federal government. Leapfrog appears to be the sole provider of this type of publicly available hospital safety information. An award exceeding $10,000,000 against the only participant in that market would not calibrate deterrence – it would destroy the deterred actor entirely, while chilling any future entrant from ever attempting to occupy the same public–interest role. That is not the kind of deterrence FDUTPA's equitable framework is designed to promote.

79. Taken together, these two factors – combined with the billing irregularities identified throughout this Report – compel the conclusion that no reasonable application of the Humane Society framework could support a fee award anywhere near the amount claimed. In my professional judgment, $2,000,000 represents the outer limit of what the equitable factors and the billing record, taken together, could support.

80. As noted above, the undersigned had less than two weeks to review 1,448 pages of heavily and broadly redacted billing records – records that Plaintiffs' counsel had two months to prepare. What is set out in this Report is not the product of a line–by–line audit. It is the product of a necessarily limited overview. And yet, even from that overview, the deficiencies identified above – categorical exclusions for abandoned claims, unidentified researchers, and non–FDUTPA work, compounded by structural problems of overstaffing, duplication, vague entries, and the obliteration of any meaningful billing judgment through pervasive redaction – are each independently significant and cumulatively overwhelming. In my professional experience reviewing fee records across hundreds of cases, when a brief and incomplete review of a billing record reveals problems of this magnitude and this consistency, a thorough review invariably reveals more. The $2,000,000 figure is not a precise calculation – the redactions make precision impossible, and that is Plaintiffs' doing, not mine. It is instead a conservative professional judgment, informed by decades of experience with fee records in this District, that reflects the outer

limit of what I believe the evidence could support as a reasonable and necessary fee in this case.

## VIII. MATERIALS RELIED UPON

81. In forming the opinions expressed in this Report, I have relied upon and reviewed the following materials:

1. Plaintiffs' Verified Motion for Attorneys' Fees and Costs [Dkt. 225].
2. Affidavit of Sydney Scott in Support of Plaintiffs' Verified Motion for Attorneys' Fees and Costs [Dkt. 226].
3. Exhibits A and A–2 to the Scott Affidavit: Gibson, Dunn & Crutcher LLP invoices [Dkt. 226–1; Dkt. 226–2].
4. Exhibit B to the Scott Affidavit: Local counsel invoices from Marcus Rashbaum Pineiro & Meyers LLP and Neiman Mays Floch & Almeida PLLC [Dkt. 226–3].
5. Relevant docket entries and filings in this action.
6. Defendant's Opposition to the Fee Motion and the draft brief supporting it, including Section III thereof.
7. Attorney Declaration of Kimberly E. Blair.
8. Transcripts of the depositions of the Plaintiff hospitals' CEOs.

9. Applicable legal authorities governing attorneys' fee awards under FDUTPA and Eleventh Circuit standards, including authorities cited in Defendant's brief.

10. My own experience as a Florida litigator for over fifty years, including direct familiarity with reasonable attorneys' fee rates in the Southern District of Florida for complex commercial litigation.

I reserve the right to supplement this report upon receipt of any additional materials not yet produced.

I declare under penalty of perjury that the foregoing is true and correct, dated this 8th day of June 2026.

/s/ Paul R. Regensdorf
Paul R. Regensdorf
Attorney at Law PLLC
Fla. Bar Number 152395
3494 SW Forest Hills Court
Palm City, FL, 34990
954-562-9598
paul.regensdorf@prr-law.com
paul.regensdorf@gmail.com

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No. 25-CV-80526-MIDDLEBROOKS**

**GOOD SAMARITAN MEDICAL CENTER, INC., DELRAY MEDICAL CENTER, INC., PALM BEACH GARDENS COMMUNITY HOSPITAL, INC. D/B/A PALM BEACH GARDENS MEDICAL CENTER, ST. MARY'S MEDICAL CENTER, INC. AND WEST BOCA MEDICAL CENTER, INC.,**

**Plaintiffs,**

**v.**

**THE LEAPFROG GROUP,**

**Defendant.**
______________________________________/

# DECLARATION OF KIMBERLEY E. BLAIR

1. I am a Senior Partner at Wilson Elser Moskowitz Edelman & Dicker LLP ("Wilson Elser"), counsel of record for Defendant, The Leapfrog Group ("Leapfrog"), in this action. I have personal knowledge of the facts set forth herein and submit this declaration in support of Leapfrog's Response in Opposition to Plaintiffs' Motion for Attorneys' Fees and Costs.

2. Wilson Elser defended Leapfrog in this litigation from its inception through trial. The core team consisted of three attorneys who performed the lion's share of the work: myself (Kimberly Blair, Senior Partner), Courtney L. Wood (Senior Associate), and Kavi V. Modi (Junior Associate). Together, these three Wilson Elser timekeepers accounted for approximately 3,267 of the total attorney hours billed—roughly 80% of all attorney time on the matter. In total, Wilson Elser billed approximately 4,500 attorney hours in this matter, for total attorney fees of $1,134,304.

3. The attorney fees reflected above represent the amounts Wilson Elser billed to Leapfrog's insurer through the present.

4. Plaintiffs engaged in discovery and litigation tactics that unnecessarily drove up the cost of litigation.

5. In total, Plaintiffs served 46 requests for production between its first and second set of requests.

6. In regard to Leapfrog's document production, Plaintiffs rejected Leapfrog's proposed search terms as too narrowly constructed. Plaintiffs proposed alternative search terms to which Leapfrog acquiesced, but Plaintiffs continued to expand their list of search terms on July 9, July 16, and July 18, 2025.

7. Plaintiffs, in total, demanded 11 pages of expansive search terms for the requests.

8. Plaintiffs' search terms hit upon nearly a million pages of documents, and Leapfrog reported this fact to Plaintiffs on July 18 and again on July 25. Plaintiffs insisted that Leapfrog nonetheless produce the documents rapidly. Leapfrog endeavored to do so as best it could considering the inherent processing time in producing such voluminous discovery, and began with requests for production that Plaintiffs themselves identified as high priority.

9. Nonetheless, Plaintiffs then took the position that the documents produced according to their own search terms were unduly burdensome for them to review.

10. On the other hand, each Plaintiff initially declined to respond to eight of Leapfrog's interrogatories (40 total interrogatories) and nineteen requests for production, citing, among other things, relevance objections.

11. Plaintiffs and Leapfrog met and conferred several times, each lasting over an hour, regarding in-part Plaintiffs refusal to respond to certain interrogatories and requests for production.

It was Leapfrog's position that the requested discovery was relevant in light of the allegations pled in Plaintiffs' complaint while it was Plaintiffs position that such discovery was, *inter alia,* irrelevant in-part because Plaintiffs filed a notice withdrawing their request for monetary damages.

12. This change in position surprised Leapfrog, which had devoted substantial time and attention to Plaintiffs' damages claim and had previously received no indication that Plaintiffs might drop the claim.

13. It was therefore Leapfrog's position that it would not withdraw certain discovery requests unless Plaintiffs amended their complaint to withdraw various allegations. Plaintiffs declined to amend their complaint and instead filed a motion for protective order.

14. Plaintiffs' motion for protective order sought, *inter alia,* to exclude five (5) of Leapfrog's interrogatories and ten (10) requests for production.

15. On August 26, 2025, the motion for protective order was heard for oral argument before Magistrate Judge Matthewman. Plaintiffs also presented an *ore tenus* motion for leave to amend the complaint, which was unopposed by Leapfrog, and granted by Magistrate Judge Matthewman.

16. Following the filing of the amended complaint, the parties reached an agreement regarding the discovery disputes. Plaintiffs' motion for protective order was granted to the extent agreed to by the parties and other denied as moot.

17. However, when Plaintiffs initially produced their documents nearly every document was produced with a "confidential" designation. For example, Plaintiffs even produced communications between Leapfrog and each Plaintiff with a "confidential" designation.

18. Such designations substantially increased the administrative burden on Leapfrog for filing Plaintiffs' documents, including as exhibits in support of Leapfrog's motion for summary

judgment. Leapfrog accordingly challenged Plaintiffs' improper confidentiality designations in email correspondence and during meet and confers in October and November 2025.

19. After Leapfrog expended resources challenging these designations, Plaintiffs relented and reproduced many documents without confidentiality designations.

Executed on June 8, 2026 Signed: Signed by: Kimberly E. Blair 02924EA55BD94E3...

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 25-CV-80526-MIDDLEBROOKS

GOOD SAMARITAN MEDICAL CENTER, INC., et al.,

Plaintiffs,

v.

THE LEAPFROG GROUP,

Defendant.
_______________________________________/

**ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION**

THIS CAUSE comes before the Court upon Defendant's Motion for Reconsideration and to Alter or Amend the Judgment, or for New Trial, filed on April 30, 2026 (DE 220). The Motion is fully briefed. (DE 223; DE 228). For the reasons stated, the Motion is denied.

On March 6, 2026, I entered an Order following Bench Trial, finding in favor of Plaintiffs as to their only Count alleging that Defendant violated the Florida Deceptive and Unfair Trade Practices Act (FDUTPA). Fla. Stat. § 501.201 *et seq*. (DE 212). I entered Final Judgment on April 3, 2026. (DE 214). The record indicates that Defendant has chosen to appeal that decision. (DE 221). Simultaneously, Defendant seeks reconsideration of my findings with respect to their First Amendment defense.

The central contention advanced by the Defendant is that the injunction entered against them transgresses the guardrails set forth by the First Amendment. (DE 220 at 15). The Defendant first argues that the Safety Grades and their Methodology are protected pure opinions. (*Id.* at 14). Second, Defendant argues that actual malice is required before enjoining the Defendant's speech. (*Id.* at 20). Third, Defendant suggests that the injunction amounts to an unconstitutional prior restraint and unconstitutionally compels speech. (*Id.* at 24).

Federal Rule of Civil Procedure 59(e) authorizes motions to alter or amend a judgment within 28 days of the judgment when a party seeks "reconsideration of matters properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whitney*, 489 U.S. 169, 174 (1989). The grounds for Rule 59(e) relief include newly discovered evidence or clear errors of law or fact. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). Rule 59(a)(1)(B) allows for a motion for a new nonjury trial if "the verdict … will result in a miscarriage of justice" or "is against the clear weight of the evidence." *Jenkins v. Anton*, 922 F.3d 1257, 1264 & n.7 (11th Cir. 2019) (alteration in original and citation omitted).

Upon review, none of Defendant's arguments are convincing. As an initial matter Defendant identifies no newly discovered evidence, no intervening change in law, and no manifest error in the Court's factual findings. I find this to be particularly true with respect to Plaintiff's prior-restraint and compelled speech arguments, both of which the court had adequate opportunity to consider when inviting the Defendant to argue its position on the scope of the injunction. (DE 223 at 24, 26).

Instead, Defendant attempts to relitigate factual and legal findings concerning the methodology and resultant penalty by characterizing them as "subjective assessments" and guising their misleading assessments as "pure opinion." (DE 220 at 16). With respect to Defendant's "pure opinion" contention, I agree with the Plaintiffs that Defendant's approach at trial diverges from the arguments it now presents. At trial, the Defendant attempted to characterize its methodology as sound and objective. As I noted in my Order following the Bench Trial, "[w]hether the scores are 'technically or materially true is not persuasive' when the material implication of Leapfrog's representations is that it constitutes a full and accurate representation of patient safety." (DE 212 at 21 (citing *F.T.C. v. Peoples Credit First, LLC*, 244 F. App'x 942 at 2 (11th Cir. 2007)). On various occasions, the Defendant did not represent that their speech constituted opinion, but instead

constituted known data. Third, as discussed at the motion to dismiss stage, Defendant's grades and methods would enjoy First Amendment protection if they were, indeed, "not readily capable of being proven false" or were "pure opinion." (DE 41 at 5). I held then and continue to hold that FDUTPA claims are not barred when they involve "false or misleading statements about the rating process itself," including false statements that "mislead consumers" about how the ratings they consume are calculated and what they represent. (*Id.*). As the Plaintiffs note, "[a]rbitrarily calling something an 'opinion' does not make it so when the statement 'implies a knowledge of facts which lead to the conclusion.'" (DE 223 at 15, 16 (citing *Milkovich v. Lorain J. Co.*, 497 U.S. 1, 18)).

With respect to the Defendant's actual malice argument, I find that Defendant has forfeited this issue. "[T]o preserve a claim, argument, theory, or defense," the defendant "must first clearly present it to the district court … in such a way as to afford the district court an opportunity to recognize and rule on it." *Juris v. Inamed Corp.*, 685 F.3d 1294, 1325 (11th Cir. 2012) (cleaned up). At no point did Defendant raise arguments concerning actual malice, and yet, Defendant now pivots to point out to the Court that "no finding of actual malice appears anywhere in the Court's injunction order." (DE 228 at 11). Instead, Defendant suggests that a "new argument inconsistent with one raised earlier may be made if in service of the same bottom-line request." (DE 228 at 11, n. 4). Yet, Defendant attempts to take this principle to an entirely new level. Certainly, it is plausible that a court may assess the record for evidence under the new and inconsistent argument, but that is because the record evidence may nevertheless support such a finding under a different route. Here, however, Defendant's actual malice proposition requires a specialized showing, which it did not attempt to make, and then further attempts to characterize the obvious dearth in the record as to actual malice as a flaw in the Court's adjudication.

Having carefully considered the Parties' submissions, the record, and applicable law, I find

that Defendant has failed to demonstrate that reconsideration of my prior ruling is warranted. Accordingly, it hereby **ORDERED AND ADJUDGED** that Defendant's Motion for Reconsideration and to Alter or Amend the Judgment, or for New Trial (DE 220) is **DENIED**.

**SIGNED** in Chambers in West Palm Beach Florida, this 17 day of June, 2026.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc. Counsel of Record

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 25-CV-80526-MIDDLEBROOKS

GOOD SAMARITAN MEDICAL CENTER, INC., et al.,

Plaintiffs,

v.

THE LEAPFROG GROUP,

Defendant.
_________________________________/

**ORDER ON PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**

THIS CAUSE comes before the Court upon Plaintiffs' Motion for Attorneys' Fees, filed on May 15, 2026 (DE 225), and the Defendant's Motion to Summarily Deny or Alternatively Hold in Abeyance Plaintiffs' Motion for Attorneys' Fees, filed on the same day (DE 227). On March 6, 2026, I entered an Order following Bench Trial, finding in favor of Plaintiffs as to their only Count alleging that Defendant violated the Florida Deceptive and Unfair Trade Practices Act (FDUTPA). Fla. Stat. § 501.201 *et seq*. (DE 212). I entered Final Judgment on April 3, 2026. (DE 214). Defendant has appealed that decision. (DE 221).

As exhibited in the briefing on Defendant's Motion, the Parties disagree on whether the Plaintiffs' Motion was timely filed. Plaintiffs filed their Motion in accordance with Local Rule 7.3, which mandates that a motion for attorneys' fees be "filed and served within sixty (60) days of the entry of the final judgment regardless of … appellate proceedings." Defendants, on the other hand, contend that the Motion is premature by virtue of FDUTPA's statutory language permitting a prevailing party to receive fees "after judgment in the trial court and exhaustion of all appeals." Fla. Stat. § 501.2105(1). Nevertheless, I find that this dispute need not be resolved because, in the interest of conserving valuable judicial resources and in the interest of efficiency, the Parties'

dispute regarding attorney fees is best resolved *after* the appeal has concluded. Accordingly, it hereby **ORDERED AND ADJUDGED** that:

1. Plaintiffs' Motion for Attorneys' Fees (DE 225) is **DENIED WITHOUT PREJUDICE** and Plaintiffs may re-file their Motion, if appropriate, upon the conclusion of the appeal.
2. Defendant's Motion to Summarily Deny or Alternatively Hold in Abeyance Plaintiffs' Motion for Attorneys' Fees (DE 227) is **DENIED AS MOOT**.

**SIGNED** in Chambers in West Palm Beach Florida, this 17 day of June, 2026.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc.

Counsel of Record